**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re:<br><br>Prime Core Technologies Inc.,<br><br>                    Debtor.<br><br>Tax I.D. No. 86-1755317 | | Chapter 11<br><br>Case No. 23-11161 (JKS) |
| In re:<br><br>Prime Trust, LLC,<br><br>                    Debtor.<br><br>Tax I.D. No. 81-2236823 | | Chapter 11<br><br>Case No. 23-11162 (JKS) |
| In re:<br><br>Prime IRA, LLC,<br><br>                    Debtor.<br><br>Tax I.D. No. 84-3138436 | | Chapter 11<br><br>Case No. 23-11164 (JKS) |
| In re:<br><br>Prime Digital LLC,<br><br>                    Debtor.<br><br>Tax I.D. No. 84-2264528 | | Chapter 11<br><br>Case No. 23-23-11168 (JKS) |

**MOTION OF DEBTORS FOR**
**ENTRY OF ORDER (I) DIRECTING JOINT ADMINISTRATION**
**OF RELATED CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Prime Core Technologies Inc. and certain of its affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby move (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") granting the relief described below. In support thereof, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The legal predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1005 and 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3.      The Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with the Motion in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**BACKGROUND**

**I.      The Chapter 11 Cases**

4.      On August 14, 2023 (the "Petition Date"), each Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). Through this Motion, the Debtors are requesting that these Chapter 11 Cases be jointly administered.

5.      The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6.      To date, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has not appointed an official committee in these Chapter 11 Cases, nor has any trustee or examiner been appointed.

**RELIEF REQUESTED**

7.      The Debtors seek entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A,** (a) directing the joint administration of these Chapter 11 Cases for procedural purposes only, and (b) granting related relief.

8.      In furtherance of the foregoing, the Debtors request that the official caption to be used by all parties on all pleadings and other filings in the jointly-administered cases be as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |

[1]   The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are:  Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA, LLC (8436); and Prime Digital LLC (4528). Prime Trust, LLC's service address is 330 South Rampart Blvd., Suite 260, Las Vegas, NV 89145.

9.      The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

10.      The Debtors also request that the Court make a separate docket entry on the docket of each of the Debtors, other than Prime Core Technologies Inc., to reflect joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of:  Prime Core Technologies Inc., Case No. 23-11161 (5317); Prime Trust, LLC, Case No. 23-11162 (6823); Prime IRA, LLC, Case No. 23-11164 (8436); and Prime Digital LLC, Case No. 23-11168 (4528). **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 23-11161 (JKS).**

11.      For the reasons set forth herein, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates, creditors, and other parties in interest and therefore should be granted.

**BASIS FOR RELIEF**

12.     Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtor entities are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Accordingly, the Bankruptcy Code and the Bankruptcy Rules authorize the Court to grant the relief requested herein.

13.     Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these Chapter 11 Cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Local Rule 1015-1.

14.     The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these Chapter 11 Cases will affect all of the Debtors. Not administering these Chapter 11 Cases jointly would result in each of the Debtors having its own case docket and, consequently, numerous duplicative filings for each issue that would then be served upon separate, but overlapping, service lists. This duplication would unnecessarily overburden the Clerk of this Court (the "Clerk") and the Debtors and would otherwise result in

the unnecessary expenditure of estate resources. Further, joint administration will avoid confusion, whilst allowing the U.S. Trustee and all parties in interest to monitor these Chapter 11 Cases with greater ease and efficiency.

15.     Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these Chapter 11 Cases. Accordingly, the Debtors submit that the joint administration of these Chapter 11 Cases is in the best interests of their estates, their creditors, and all other parties in interest.

16.     Further, courts in this district have routinely granted relief similar to the relief requested herein. *See, e.g., Yellow Corporation*, No. 23-11069 (CTG) (Bankr. D. Del. Aug. 9, 2023), Docket No. 169; *In re MediaMath Holdings, Inc.*, No. 23-10882 (LLS) (Bankr. D. Del. July 6, 2023), Docket No. 28; *In re The Rockport Company, LLC*, No. 23-10774 (BLS) (Bankr. D. Del. June 16, 2023), Docket No. 45; and *In re GigaMonster Networks, LLC*, No. 23-10053 (JKS), (Bankr. D. Del. Jan. 18, 2023), Docket No. 35.

## NOTICE

17.     The Debtors will provide notice of the Motion to: (a) the U.S. Trustee; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) the Internal Revenue Service; (d) the Securities and Exchange Commission; (e) the United States Attorney's Office for the District of Delaware; (f) the state attorneys general for all states in which the Debtors conduct business; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. As this Motion is seeking "first day" relief, the Debtors will service

copies of this Motion and any order entered in respect to this Motion as required by Local Rule

9013-1(m). The Debtors submit that no other or further notice is required.

## NO PRIOR REQUEST

18.     No prior request for the relief sought in this Motion has been made to this or any

other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated:  August 15, 2023
         Wilmington, Delaware

**MCDERMOTT WILL & EMERY LLP**

*/s/ Maris J. Kandestin*

Maris J. Kandestin (No. 5294)
1007 North Orange Street, 10th Floor
Wilmington, Delaware 19801
Telephone:  (302) 485-3900
Facsimile:  (302) 351-8711
Email:         mkandestin@mwe.com

-and-

Darren Azman (*pro hac vice motion to be filed*)
Joseph B. Evans (*pro hac vice motion to be filed*)
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone:  (212) 547-5400
Facsimile:  (646) 547-5444
Email:         dazman@mwe.com
                   jbevans@mwe.com

-and-

Gregg Steinman (*pro hac vice motion to be filed*)
333 SE 2nd Avenue, Suite 5400
Miami, Florida 33131
Telephone:  (305) 358-3500
Facsimile:  (305) 347-6500
Email:         gsteinman@mwe.com

*Proposed Counsel to the Debtors and Debtors in Possession*