## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Joint Administration Requested) |

### DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF STRETTO, INC. AS CLAIMS AND NOTICING AGENT EFFECTIVE AS OF THE PETITION DATE

Prime Core Technologies Inc. and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby move (the "Section 156(c) Application") for entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief described below. In support thereof, the Debtors rely on the *Declaration of Jor Law, Interim Chief Executive Officer and President of Prime Core Technologies Inc., et al., in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"),[2] filed concurrently herewith, and the *Declaration of Sheryl Betance in Support of the Application of Debtors for Entry of an Order Authorizing the Employment and Retention of Stretto, Inc. as Claims and Noticing Agent Effective as of the Petition Date* (the "Betance Declaration"), attached hereto as **Exhibit B**. The administrative services to be provided by Stretto, Inc. ("Stretto") are fully described in that certain engagement letter between the Debtors and Stretto dated August 8, 2023 (the "Engagement Agreement"), a copy of which is

---

[1]  The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are:  Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 330 South Rampart Blvd., Suite 260, Las Vegas, NV 89145.

[2]  Capitalized terms used but not otherwise defined in this Section 156(c) Application shall have the meanings ascribed to them in the First Day Declaration.

attached hereto as **Exhibit C** and incorporated herein by reference. In further support of the

Section 156(c) Application, the Debtors respectfully represent as follows.

**JURISDICTION AND VENUE**

1.      The United States Bankruptcy Court for the District of Delaware (this "Court")

has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the

Amended Standing Order of Reference from the United States District Court for the District of

Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue

of these cases and the Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The legal predicates for the relief requested herein are section 156(c) of title 28 of

the United States Code, section 105(a) of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

Rule 2002-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States

Bankruptcy Court for the District of Delaware (the "Local Rules"), and the Court's *Protocol for*

*the Employment of Claims and Noticing Agents Under 28 U.S.C. § 156(c)*, instituted by the

Office of the Clerk of the Bankruptcy Court (the "Clerk") on February 1, 2012 (the "Claims

Agent Protocol").

3.      The Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry

of a final order by the Court in connection with the Application in the event that it is later

determined that the Court, absent consent of the parties, cannot enter final orders or judgments in

connection herewith consistent with Article III of the United States Constitution.

**BACKGROUND**

I.      **The Chapter 11 Cases**

4.      On August 14, 2023 (the "Petition Date"), each Debtor commenced a case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Debtors have requested that these Chapter 11 Cases be jointly administered.

5.      The Debtors continue to manage their properties as debtors and debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6.      To date, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has not appointed an official committee in these Chapter 11 Cases, nor has any trustee or examiner been appointed.

7.      Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases, is set forth in the First Day Declaration, which is incorporated by reference as if fully set forth herein.

**STRETTO'S QUALIFICATIONS**

8.      Stretto is a chapter 11 administrator comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. Stretto's professionals have experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Stretto's professionals have acted as official claims and noticing agent in many large bankruptcy cases in this district and in other districts nationwide. Stretto has developed efficient and cost-effective methods to handle the voluminous mailings associated with the noticing and claims processing portions of chapter 11 cases to ensure the efficient, orderly and fair treatment of creditors, equity security holders, and all parties in interest.

Stretto's active and former cases include:  *In re iMedia Brands, Inc.*, Case No. 23-10852 (KBO) (Bankr. D. Del. July 3, 2023); *In re Peer Street, Inc.*, Case No. 23-10815 (LSS) (Bankr. D. Del. June 28, 2023); *In re Lunya Co.*, Case No. 23-10783 (BLS) (Bankr D. Del. June 22, 2023); *In Internap Holding LLC*, Case No. 23-10529 (CTG) (Bankr. D. Del. May 2, 2023); *In re Pear Therapeutics, Inc.*, Case No. 23-10429 (TMH) (Bankr. D. Del. Apr. 12, 2023); *In re AmeriMark Interactive, LLC*, Case No. 23-10438 (TMH) (Bankr D. Del. Apr. 13, 2023); *In re Codiak BioSciences, Inc.*, Case No. 23-10350 (MFW) (Bankr. D. Del. Mar. 29, 2023); *In re Ryze Renewables II, LLC*, Case No. 23-10289 (BLS) (Bankr. D. Del. Mar. 11, 2023); *In re Allegiance Coal USA Ltd.*, Case No. 23-10234 (CTG) (Bankr. D. Del. Mar. 9, 2023); and *In re AD1 Urban Palm Bay, LLC*, Case No. 23-10074 (KBO) (Bankr. D. Del. Mar. 27, 2023).

9.      By appointing Stretto as the claims and noticing agent (the "Claims and Noticing Agent") in these Chapter 11 Cases, the distribution of notices and the processing of claims will be expedited. Furthermore, Stretto's appointment would relieve the Clerk of the administrative burden of processing what may be an overwhelming number of proofs of claim.

## SERVICES TO BE PROVIDED

10.      This application pertains only to the work to be performed by Stretto under the Clerk's delegation of duties permitted by 28 U.S.C. § 156(c) and Local Rule 2002-1(f). Any work to be performed by Stretto outside of this scope is not covered by this application or by any order granting approval hereof. Specifically, Stretto will perform the following tasks (collectively, the "Services"), as necessary, in its role as Claims and Noticing Agent, as well as all quality control relating thereto:

a        Prepare and serve required notices and documents in these Chapter 11 Cases in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Debtors and/or the Court, including (i) notice of the commencement of these Chapter 11 Cases and the initial meeting of creditors

under Bankruptcy Code § 341(a), (ii) notice of any claims bar date, (iii) notices of transfers of claims, (iv) notices of objections to claims and objections to transfers of claims, (v) notices of any hearings on a disclosure statement and confirmation of the Debtors' plan or plans of reorganization, including under Bankruptcy Rule 3017(d), (vi) notice of the effective date of any plan, and (vii) all other notices, orders, pleadings, publications and other documents as the Debtors or Court may deem necessary or appropriate for an orderly administration of these Chapter 11 Cases;

b      Maintain an official copy of the Debtors' schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules"), listing the Debtors' known creditors and the amounts owed thereto;

c      Maintain (i) a list of all potential creditors, equity holders, and other parties-in-interest and (ii) a "core" mailing list consisting of all parties described in Bankruptcy Rule 2002(i), (j), and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010; update and make said lists available upon request by a party-in-interest or the Clerk;

d      Furnish a notice to all potential creditors of the last date for filing proofs of claim and a form for filing a proof of claim, after such notice and form are approved by the Court, and notify said potential creditors of the existence, amount, and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in cases where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

e      Maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received;

f      Maintain an electronic platform for purposes of filing proofs of claim;

g      For all notices, motions, orders, or other pleadings or documents served, prepare and file, or cause to be filed with the Clerk, an affidavit or certificate of service within seven business days of service which includes (i) either a copy of the notice served or the docket number(s) and title(s) of the pleading(s) served, (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (iii) the manner of service, and (iv) the date served;

h      Process all proofs of claim received, including those received by the Clerk, check said processing for accuracy, and maintain the original proofs of claim in a secure area;

i      Maintain the official claims register for each Debtor (collectively, the "Claims Registers") on behalf of the Clerk; upon the Clerk's request, provide the Clerk with certified, duplicate unofficial Claims Registers; and specify in the Claims Registers the following information for each claim docketed:  (i) the claim number assigned; (ii) the date received; (iii) the name and address of the claimant

and agent, if applicable, who filed the claim; (iv) the amount asserted; (v) the asserted classification(s) of the claim (e.g., secured, unsecured, priority, etc.); (vi) the applicable Debtor; and (vii) any disposition of the claim;

j     Provide public access to the Claims Registers, including complete proofs of claim with attachments, if any, without charge;

k     Implement necessary security measures to ensure the completeness and integrity of the Claims Registers and the safekeeping of the original claims;

l     Record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

m     Relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of Stretto, not less than weekly;

n     Upon completion of the docketing process for all claims received to date for each case, turn over to the Clerk copies of the Claims Registers for the Clerk's review (upon the Clerk's request);

o     Monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the claims register and any service or mailing lists, including to identify and eliminate duplicative names and addresses from such lists;

p     Identify and correct any incomplete or incorrect addresses in any mailing or service lists (to the extent such information available);

q     Assist in the dissemination of information to the public and respond to requests for administrative information regarding these Chapter 11 Cases as directed by the Debtors or the Court, including through the use of a case website and/or call center;

r     If these Chapter 11 Cases are converted to cases under chapter 7 of the Bankruptcy Code, contact the Clerk's office within three days of notice to Stretto of entry of the order converting the cases;

s     Thirty days prior to the close of these Chapter 11 Cases, to the extent practicable, request that the Debtors submit to the Court a proposed order dismissing Stretto as Claims and Noticing Agent and terminating its services in such capacity upon completion of its duties and responsibilities and upon the closing of these Chapter 11 Cases;

t     Within seven days of notice to Stretto of entry of an order closing these Chapter 11 Cases, provide to the Court the final version of the Claims Registers as of the date immediately before the close of the Chapter 11 Cases; and

u      At the close of these Chapter 11 Cases, (i) box and transport all original documents, in proper format, as provided by the Clerk's office, to (A) the Federal Archives Record Administration, or (B) any other location requested by the Clerk's office, and (ii) docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

11.     The Claims Registers shall be open to the public for examination without charge during regular business hours and on a case-specific website maintained by Stretto.

### PROFESSIONAL COMPENSATION

12.     The Debtors respectfully requests that the undisputed fees and expenses incurred by Stretto in the performance of the above Services be treated as administrative expenses of the Debtors' Chapter 11 Cases pursuant to 28 U.S.C. § 156(c) and Bankruptcy Code section 503(b)(1)(A) and be paid in the ordinary course of business without further application to or order of the Court. Stretto agrees to maintain records of all Services showing dates, categories of Services, fees charged, and expenses incurred, and to serve monthly invoices on the Debtors, the U.S. Trustee, counsel for the Debtor, counsel for any official committee of unsecured creditors, and any party-in-interest who specifically requests service of the monthly invoices. If any dispute arises relating to the Engagement Agreement or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute; if resolution is not achieved, the parties may seek resolution of the matter from the Court.

13.     Prior to the Petition Date, the Debtors provided Stretto an advance in the amount of $25,000.00. Stretto seeks to first apply the advance to all prepetition invoices, and thereafter, to have the advance replenished to the original advance amount, and thereafter, to hold the advance under the Engagement Agreement during these Chapter 11 Cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

14.     Additionally, under the terms of the Engagement Agreement, the Debtors have agreed to indemnify, defend and hold harmless Stretto and its members, officers, employees,

representatives and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from Stretto's gross negligence or willful misconduct or as otherwise provided in the Engagement Agreement or Proposed Order. The Debtors believe that such an indemnification obligation is customary, reasonable and necessary to retain the services of a Claims and Noticing Agent in these Chapter 11 Cases.

## STRETTO'S DISINTERESTEDNESS

15.     Although the Debtors do not propose to employ Stretto under Bankruptcy Code section 327 pursuant to this Section 156(c) Application (such retention will be sought by separate application), Stretto has nonetheless reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest provided by the Debtors, and except as disclosed in the Betance Declaration, Stretto has represented that it neither holds nor represents any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

16.     Moreover, in connection with its retention as the Claims and Noticing Agent, Stretto represents in the Betance Declaration, among other things, that:

a     Stretto is not a creditor of the Debtors;

b     Stretto will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in these Chapter 11 Cases;

c     By accepting employment in these Chapter 11 Cases, Stretto waives any rights to receive compensation from the United States government in connection with these Chapter 11 Cases;

d     In its capacity as the Claims and Noticing Agent in these chapter 11 cases, Stretto will not be an agent of the United States and will not act on behalf of the United States;

e     Stretto will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these Chapter 11 Cases;

f        Stretto is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14) with respect to the matters upon which it is to be engaged;

g        In its capacity as Claims and Noticing Agent in these Chapter 11 Cases, Stretto will not intentionally misrepresent any fact to any person;

h        Stretto shall be under the supervision and control of the Clerk's office with respect to the receipt and recordation of claims and claim transfers;

i        Stretto will comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

j        None of the services provided by Stretto as Claims and Noticing Agent in these Chapter 11 Cases shall be at the expense of the Clerk's office.

17.      Stretto has agreed that, if it is retained, it will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

## NO DUPLICATION OF SERVICES

18.      The Debtors intend that the Services of Stretto will complement, and not duplicate, the services being rendered by other professionals retained in the Chapter 11 Cases. Stretto understands that the Debtors have retained and may retain additional professionals during the term of the engagement and will work cooperatively with such professionals to integrate any respective work conducted by the professionals on behalf of the Debtors.

## RELIEF REQUESTED[3]

19.      The Debtors seek entry of the Proposed Order substantially in the form attached hereto authorizing the Debtors to employ Stretto as the Claims and Noticing Agent in the Debtors' Chapter 11 Cases effective as of the Petition Date, including assuming full responsibility for the distribution of notices and the maintenance, processing and docketing of proofs of claim filed in these Chapter 11 Cases. The Debtors' selection of Stretto to act as the

---

[3]    The Debtors do not propose to employ Stretto under Bankruptcy Code section 327 pursuant to this Application. The Debtors seek authority to retain Stretto under Bankruptcy Code section 327 by separate application.

Claims and Noticing Agent has satisfied the Court's Claims Agent Protocol in that the Debtors have obtained and reviewed engagement proposals from two other court-approved claims and noticing agents to ensure selection through a competitive process.

20.     Moreover, the Debtors submit, based on all engagement proposals obtained and reviewed, that Stretto's rates are competitive and reasonable given Stretto's quality of services and expertise. The terms of Stretto's retention are set forth in the Engagement Agreement. The Debtors are seeking approval of Stretto's retention solely on the terms and provisions as set forth in this Application and the Proposed Order attached hereto.

21.     By separate application, the Debtors will seek authorization to retain and employ Stretto as administrative agent in these Chapter 11 Cases pursuant to Bankruptcy Code section 327(a) because the administration of these Chapter 11 Cases will require Stretto to perform duties outside the scope of 28 U.S.C. § 156(c).

22.     For the reasons set forth herein, the Debtors submit that the relief requested is in the best interest of the Debtors, their estates, creditors and other parties in interest and therefore should be granted.

## BASIS FOR RELIEF

23.     Bankruptcy Rule 2002 generally governs what notices must be given to creditors and other parties in interest in bankruptcy cases. *See* Fed. R. Bankr. P. 2002(f). Under Bankruptcy Rule 2002, the Court may direct that some person other than the Clerk of the Court give notice of the various matters described below. *See* Fed. R. Bankr. P. 2002.

24.     Section 156(c) of title 28 of the United States Code, which governs the staffing and expenses of bankruptcy courts, authorizes the Court to use "facilities" or "services" other than the Clerk's Office for administration of bankruptcy cases. It states:

> Any court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the costs of such facilities or services are paid for out of the assets of the estate and are not charged to the United States. The utilization of such facilities or services shall be subject to such conditions and limitations as the pertinent circuit council may prescribe.

28 U.S.C. § 156(c).

25.     In addition, Local Rule 2002-1(f) provides:

> Upon motion of the debtor or trustee . . . at any time without notice or hearing, the Court may authorize the retention of a notice and/or claims clerk under 28 U.S.C. § 156(c). In all cases with more than 200 creditors or parties in interest listed on the creditor matrix, unless the Court orders otherwise, the debtor shall file such motion on the first day of the case or within seven (7) days thereafter. The notice and/or claims clerk shall comply with the Protocol for the Employment of Claims and Noticing Agents under 28 U.S.C. § 156(c) (which can be found on the Court's website) and shall perform the claims and noticing services.

Del. Bankr. L.R. 2002-1(f).

26.     Further, Bankruptcy Code section 105(a) empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

27.     Accordingly, Bankruptcy Rule 2002 and section 156(c) of title 28 of the United States Code empower the Court to use outside agents and facilities for claims, noticing, and administrative purposes, provided that the Debtors' estates pay the cost of such services. Additionally, Bankruptcy Code section 105(a) provides the Court with the power to appoint Stretto as the Claims and Noticing Agent in these Chapter 11 Cases, effective as of the Petition Date.

28.     Although the Debtors have not yet filed their Schedules, it reasonably anticipates there will be tens of thousands of creditors or parties in interest to be noticed. In view of the

11

number of anticipated claimants, the Debtors submit that the appointment of a claims and

noticing agent is required by Local Rule 2002-1(f) and is otherwise in the best interests of both

the Debtors' estates and their creditors.

### COMPLIANCE WITH CLAIMS AND NOTICING AGENT PROTOCOL

29.     This application complies with the Claims Agent Protocol, in that the Debtors

have obtained and reviewed engagement proposals from at least two other Court-approved

claims and noticing agents to ensure selection through a competitive process. Moreover, the

Debtors submit, based on all engagement proposals obtained and reviewed, that Stretto's rates

are competitive and reasonable given Stretto's quality of services and expertise.

30.     To the extent that there is any inconsistency between this application, the order

granting the relief in the Section 156(c) Application, and the Engagement Agreement, the order

granting relief in the application shall govern.

### THE REQUIREMENTS OF BANKRUPTCY RULE 6003 ARE SATISFIED

31.     Bankruptcy Rule 6003 provides that the relief requested in this Section 156(c)

Application may be granted if the "relief is necessary to avoid immediate and irreparable harm."

Fed. R. Bankr. P. 6003. As described above, the Debtors require the services of Stretto in order

to operate during these Chapter 11 Cases. For this reason and those set forth above, the Debtors

respectfully submit that Bankruptcy Rule 6003(b) has been satisfied and the relief requested

herein is necessary to avoid immediate and irreparable harm to the Debtors and their estates.

### WAIVER OF BANKRUPTCY RULES 6004(A) AND 6004(H)

32.     To implement the foregoing successfully, the Debtors seek a waiver of the notice

requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use,

sale, or lease of property under Bankruptcy Rule 6004(h).

## NOTICE

33.      The Debtors will provide notice of this Section 156(c) Application to:  (a) the

U.S. Trustee; (b) the holders of the 50 largest unsecured claims against the Debtors (on a

consolidated basis); (c) the Internal Revenue Service; (d) the Securities and Exchange

Commission; (e) the United States Attorney's Office for the District of Delaware; (f) the state

attorneys general for all states in which the Debtors conduct business; (g) the Claims and

Noticing Agent; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.

As this Motion is seeking "first day" relief, the Debtors will service copies of this Section 156(c)

Application and any order entered in respect to this Section 156(c) Application as required by

Local Rule 9013-1(m). The Debtors submit that no other or further notice is required.

WHEREFORE, the Debtors respectfully request that this Court enter the Proposed Order,

substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and

such other and further relief as may be just and proper.


Dated:  August 24, 2023                    */s/ Jor Law*
                                           Jor Law
                                           Interim Chief Executive Officer and President
                                           Prime Core Technologies Inc., *et al.*