## EXHIBIT B

**Betance Declaration**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF SHERYL BETANCE IN
SUPPORT OF APPLICATION OF DEBTORS FOR ENTRY OF AN ORDER
AUTHORIZING THE EMPLOYMENT AND RETENTION OF STRETTO, INC.
AS CLAIMS AND NOTICING AGENT EFFECTIVE AS OF THE PETITION DATE**

Pursuant to 28 U.S.C. § 1746, I, Sheryl Betance, declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Senior Managing Director of Corporate Restructuring at Stretto, Inc. ("Stretto"), a chapter 11 administrative services firm with offices at 410 Exchange, Ste. 100, Irvine, CA 92602. Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2. This declaration (this "Declaration") is made in support of the *Application of Debtors for Entry of an Order Authorizing the Employment and Retention of Stretto, Inc. as Claims and Noticing Agent Effective as of the Petition Date*, to which this declaration is attached (the "Section 156(c) Application").[2]

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 330 South Rampart Blvd., Suite 260, Las Vegas, NV 89145.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Section 156(c) Application.

## QUALIFICATIONS

3.  Stretto is a chapter 11 administrator comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. Stretto's professionals have experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Stretto's professionals have acted as official claims and noticing agent in many large bankruptcy cases in this district and in other districts nationwide. Stretto has developed efficient and cost-effective methods to handle the voluminous mailings associated with the noticing and claims processing portions of chapter 11 cases to ensure the efficient, orderly and fair treatment of creditors, equity security holders, and all parties in interest. Stretto's active and former cases include: *In re iMedia Brands, Inc.*, Case No. 23-10852 (KBO) (Bankr. D. Del. July 3, 2023); *In re Peer Street, Inc.*, Case No. 23-10815 (LSS) (Bankr. D. Del. June 28, 2023); *In re Lunya Co.*, Case No. 23-10783 (BLS) (Bankr D. Del. June 22, 2023); *In Internap Holding LLC*, Case No. 23-10529 (CTG) (Bankr. D. Del. May 2, 2023); *In re Pear Therapeutics, Inc.*, Case No. 23-10429 (TMH) (Bankr. D. Del. Apr. 12, 2023); *In re AmeriMark Interactive, LLC*, Case No. 23-10438 (TMH) (Bankr D. Del. Apr. 13, 2023); *In re Codiak BioSciences, Inc.*, Case No. 23-10350 (MFW) (Bankr. D. Del. Mar. 29, 2023); *In re Ryze Renewables II, LLC*, Case No. 23-10289 (BLS) (Bankr. D. Del. Mar. 11, 2023); *In re Allegiance Coal USA Ltd.*, Case No. 23-10234 (CTG) (Bankr. D. Del. Mar. 9, 2023); and *In re AD1 Urban Palm Bay, LLC*, Case No. 23-10074 (KBO) (Bankr. D. Del. Mar. 27, 2023).

## SERVICES TO BE RENDERED

4.  As agent and custodian of Court records pursuant to 28 U.S.C. § 156(c), Stretto will perform, at the request of the Office of the Clerk of the Bankruptcy Court (the "Clerk"), the

noticing and claims-related services specified in the Section 156(c) Application and the Engagement Agreement, and, at the Debtors' request, any related administrative, technical, and support services as specified in the Section 156(c) Application and the Engagement Agreement. In performing such services, Stretto will charge the Debtors the rates set forth in the Engagement Agreement, which rate structure is attached as **Exhibit C** to the Section 156(c) Application.

5. Stretto represents, among other things, the following:

(a) Stretto is not a creditor of the Debtors;

(b) Stretto will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in these Chapter 11 Cases;

(c) By accepting employment in these Chapter 11 Cases, Stretto waives any rights to receive compensation from the United States government in connection with these Chapter 11 Cases;

(d) In its capacity as the Claims and Noticing Agent in these Chapter 11 Cases, Stretto will not be an agent of the United States and will not act on behalf of the United States;

(e) Stretto will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these Chapter 11 Cases;

(f) Stretto is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14) with respect to the matters upon which it is to be engaged;

(g) In its capacity as Claims and Noticing Agent in these Chapter 11 Cases, Stretto will not intentionally misrepresent any fact to any person;

(h) Stretto shall be under the supervision and control of the Clerk's office with respect to the receipt and recordation of claims and claim transfers;

(i) Stretto will comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

(j) None of the services provided by Stretto as Claims and Noticing Agent in these Chapter 11 Cases shall be at the expense of the Clerk's office.

6. Stretto will take reasonable efforts to ensure that the Services of Stretto will complement, and not duplicate, the services being rendered by other professionals retained in the Chapter 11 Cases. Stretto understands that the Debtors have retained and may retain additional professionals during the term of the engagement and will work cooperatively with such professionals to integrate any respective work conducted by the professionals on behalf of the Debtors.

7. Although the Debtors do not propose to retain Stretto under Bankruptcy Code section 327 pursuant to the Application (such retention will be sought by separate application), I caused to be submitted for review by our conflicts system the names of potential parties-in-interest (the "Potential Parties in Interest") in these Chapter 11 Cases. A list of Potential Parties in Interest was provided by the Debtors and included, among other parties, the Debtors, non-Debtor affiliates, current and former directors and officers of the Debtors, significant stockholders, the Debtors' largest unsecured creditors on a consolidated basis, the U.S. Trustee and persons employed in the office of the U.S. Trustee, and other parties. The Potential Parties in Interest list was compared to an internal database that includes, among others, Stretto's parent entities, affiliates, and subsidiaries. Stretto's internal database also includes Stone Point Capital LLC ("Stone Point"), its funds, and each such fund's respective portfolio companies as set forth in the list most recently provided to Stretto by Stone Point's internal compliance department (the "Stone Point Searched Parties"). The results of the conflict check were compiled and reviewed by Stretto professionals under my supervision. At this time, and as set forth in further detail herein, Stretto is not aware of any connection that would present a disqualifying conflict of interest. Should Stretto discover any new relevant facts or connections bearing on the matters

4

described herein during the period of its retention, Stretto will use reasonable efforts to promptly file a supplemental declaration.

8. To the best of my knowledge, and based solely upon information provided to me by the Debtors, and except as provided herein, neither Stretto, nor any of its professionals, has any materially adverse connection to the Debtors, their creditors or other relevant parties. Stretto has and will continue to represent clients in matters unrelated to these Chapter 11 Cases. In addition, in matters unrelated to these Chapter 11 Cases, Stretto and its personnel have and will continue to have relationships personally or in the ordinary course of business with certain vendors, professionals, financial institutions, and other parties in interest that may be involved in the Debtors' Chapter 11 Cases. Stretto may also provide professional services to entities or persons that may be creditors or parties in interest in these Chapter 11 Cases, which services do not directly relate to, or have any direct connection with, these chapter 11 cases or the Debtors. Based upon a review of the Potential Parties in Interest:

- The list of Potential Parties in Interest identifies Western Alliance Bank, one of Stretto's bank vendors, as having a banking relationship with the Debtors. However, to the best of my knowledge, such relationship is materially unrelated to these Chapter 11 Cases.

- Additionally, the list of Potential Parties in Interest includes entities, as set forth on Annex 1 attached hereto, which are current, former or potential defendants to avoidance actions brought under the Bankruptcy Code by clients of Stretto Recovery Services. However, to the best of my knowledge, such relationships are materially unrelated to these Chapter 11 Cases.

9. To the best of my knowledge, none of Stretto's employees are related to bankruptcy judges in the District of Delaware, the United States Trustee for Region 3, or any attorney known by Stretto to be employed in the Office of the United States Trustee serving the District of Delaware.

10. Certain of Stretto's professionals were partners of or formerly employed by firms that are providing or may provide professional services to parties in interest in these Chapter 11 Cases. Except as may be disclosed herein, these professionals did not work on any matters involving the Debtors while employed by their previous firms. Moreover, these professionals were not employed by their previous firms when these Chapter 11 Cases were filed. To the best of my knowledge, none of Stretto's professionals were partners of, or formerly employed within the last three years by firms that are Potential Parties in Interest or that have filed a notice of appearance in these Chapter 11 Cases.

11. Stretto and its personnel in their individual capacities regularly utilize the services of law firms, investment banking and advisory firms, accounting firms, and financial advisors. Such firms engaged by Stretto or its personnel may appear in chapter 11 cases representing the Debtors or parties in interest. To the best of my knowledge, Stretto does not currently utilize the services of any law firms, investment banking and advisory firms, accounting firms, or financial advisors who have been identified as Potential Parties in Interest or who have filed a notice of appearance in these Chapter 11 Cases.

12. In April 2017, Stretto was acquired by the Trident VI Funds managed by private equity firm Stone Point. Stone Point is a financial services-focused private equity firm based in Greenwich, Connecticut. The firm has raised and managed nine private equity funds – the

Trident Funds – with aggregate committed capital of approximately $40 billion. Stone Point targets investments in the global financial services industry and related sectors.

13. The following disclosure is made out of an abundance of caution in an effort to comply with the Bankruptcy Code and Bankruptcy Rules. Stretto has searched the names of the Debtors and the names of the Potential Parties in Interest against the Stone Point Searched Parties. Based solely on the foregoing search, Stretto has determined that neither the Trident VI Funds, Stone Point nor the Stone Point Searched Parties have been identified on the Potential Parties in Interest list in these Chapter 11 Cases as of the date hereof and to the best of its knowledge, that there are no material connections that require disclosure. To the extent Stretto learns of any material connections between Stone Point's funds or investments included in the above-described conflicts search and the Debtors, Stretto will promptly file a supplemental disclosure. Stretto may have had, may currently have, or may in the future have business relationships unrelated to the Debtors with one or more Stone Point entities including, among others, portfolio companies of Stone Point.

14. From time to time, Stretto partners or employees personally invest in mutual funds, retirement funds, private equity funds, venture capital funds, hedge funds and other types of investment funds (the "Investment Funds"), through which such individuals indirectly acquire a debt or equity security of many companies, one of which may be one of the Debtors or their affiliates, often without Stretto's or its personnel's knowledge. Each Stretto partner or employee generally owns substantially less than one percent of such Investment Fund, does not manage or otherwise control such Investment Fund and has no influence over the Investment Fund's decision to buy, sell, or vote any particular security. Each Investment Fund is generally operated as a blind pool, meaning that when the Stretto partners or employees make an investment in the

particular Investment Fund, he, she or they do not know what securities the blind pool Investment Fund will purchase or sell, and have no control over such purchases or sales.

15. From time to time, Stretto partners or employees may personally directly acquire a debt or equity security of a company that may be one of the Debtors or their affiliates. Stretto has a policy prohibiting its partners and employees from using confidential information that may come to their attention in the course of their work. In this regard, subject to the foregoing, all Stretto partners and employees are barred from trading in securities with respect to matters in which Stretto is retained. Subject to the foregoing, upon information and belief, and upon reasonable inquiry through email survey of Stretto's employees, Stretto does not believe that any of its partners or employees own any debt or equity securities of a company that is a Debtor or of any of its affiliates.

16. To the best of my knowledge, Stretto (a) does not hold or represent an interest adverse to the Debtors' estates; (b) is a "disinterested person" that (i) is not a creditor, an equity security holder, or an insider, (ii) is not and was not, within two years before the Petition Date, a director, officer, or employee of any of the Debtors, and (iii) does not have an interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Dated: August 24, 2023        /s/ Sheryl Betance
                              Sheryl Betance
                              Senior Managing Director
                              Stretto, Inc.
                              410 Exchange, Ste. 100
                              Irvine, California 92602

**Annex 1**

Amazon Web Services Inc.
BMO Harris Bank N.A.
Comptroller of Maryland
Delaware Secretary of State
Idaho State Tax Commission
Louisiana Department of Revenue and Taxation
Massachusetts Department of Revenue
Microsoft
Mississippi Department Of Revenue
Nebraska Department of Revenue
Nevada Department of Taxation
New York State Department of Taxation and Finance
North Carolina Department of Revenue
Ohio Department of Taxation
Robert Half International
Robert Half International
South Carolina Department of Revenue
State of Connecticut
State of Michigan
State of Texas
State of West Virginia