## EXHIBIT A

**Proposed Interim Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Joint Administration Requested) |
| | **Re: Docket No.** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) MAINTAIN EXISTING INSURANCE POLICIES AND PAY ALL INSURANCE OBLIGATIONS ARISING THEREUNDER, (B) CONTINUE TO PAY CERTAIN BROKERAGE FEES, (C) RENEW, SUPPLEMENT, MODIFY, OR PURCHASE INSURANCE COVERAGE, AND (D) MAINTAIN THEIR SURETY BOND PROGRAM, (II) AUTHORIZING BANKS TO HONOR RELATED CHECKS AND TRANSFERS, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for entry of this interim order (the "Order") and a final order (i) authorizing the Debtors to continue to (a) maintain and administer prepetition insurance policies and revise, extend, renew, supplement, or change such policies, as needed, (b) pay or honor obligations arising under or in connection with their insurance policies, including prepetition obligations arising in the ordinary course of business, if any, (c) continue to pay certain brokerage fees, and (d) maintain their Surety Bond Program and (ii) authorizing the Banks to honor related checks and transfers; and (iii) granting related relief, all as more fully set forth in the Motion, and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 330 South Rampart Blvd., Suite 260, Las Vegas, NV 89145.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

*Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases and this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein, and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** on an interim basis as set forth herein.

2. The final hearing on the Motion is set for _____ __, 2023 at __:__ a.m./p.m. (prevailing Eastern Time). Any objections or responses to the entry of the proposed Final Order shall be filed with the Court and served on the following no later 4:00 p.m. (prevailing Eastern Time) on _____, 2023: (a) Prime Trust, LLC 330 South Rampart Blvd., Suite 260, Las Vegas, NV 89145 (Attn: Jor Law); (b) proposed counsel to the Debtors, McDermott Will & Emery LLP (i) 1007 North Orange Street, 10th Floor, Wilmington, Delaware 19801 (Attn: Maris J. Kandestin (mkandestin@mwe.com)), (ii) One Vanderbilt Avenue, New York, New York 10017-3852 (Attn: Darren Azman (dazman@mwe.com)) and (iii) 333 SE 2nd

Avenue, Suite 5400, Miami, Florida 33131 (Attn: Gregg Steinman (gsteinman@mwe.com)); (c) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Joseph Cudia (joseph.cudia@usdoj.gov)); and (d) any statutory committee appointed in these Chapter 11 Cases. If no objections to entry of the Final Order are filed and served, the Court may enter such Final Order without further notice or hearing.

3. The Debtors are authorized, but not directed, to maintain the Insurance Policies and to pay all prepetition Insurance Obligations arising under or in connection with the Insurance Policies as such Insurance Obligations become due, including obligations related to any renewal or extension under the Insurance Policies, in an aggregate amount not to exceed $18,000 in the aggregate on an interim basis.

4. The Debtors are authorized, in their sole discretion, to continue, renew, supplement, modify, or enter into new Insurance Policies and Surety Bonds in the ordinary course of business and honor all postpetition obligations arising thereunder, including any premiums and any additional collateral postings.

5. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

6. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests

that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with the relief granted herein.

7. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Interim Order shall create any rights in favor of or enhance the status of any claim held by any party in interest.

8. The requirements of Bankruptcy Rule 6003 are satisfied.

9. Nothing in this Order nor any actions taken hereunder: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to Bankruptcy Code section 365 or an admission as to the validity of any claim against the Debtors or their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors or their estates; (c) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party; (d) shall be construed as a promise to pay a claim or continue any applicable program postpetition, which decision shall be in the sole discretion of the Debtors; or (e) shall create, or is intended to create, any rights in favor of, or enhance the status of any claim held by, any person. Any payment made pursuant to this Order is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

10. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof and notice of the Motion as provided therein shall be deemed good and sufficient pursuant to the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

11.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and such notice satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

12.      The Debtors are authorized, but not directed, to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13.      This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.