**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 21** |

**INTERIM ORDER (I) AUTHORIZING DEBTORS TO PAY CERTAIN**
**PREPETITION TAXES AND FEES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for entry of this interim order (the

"Order") and a final order (i) authorizing the Debtors, in their sole discretion, to (a) remit and

pay certain Taxes and Fees accrued prior to the Petition Date that will become payable during the

pendency of these Chapter 11 Cases, including any penalties and interest thereon, to the Taxing

Authorities and (b) remit and pay any Assessments that may become payable in the ordinary

course of business; (ii) authorizing the Banks to honor all related checks and electronic payment

requests; and (iii) granting related relief, all as more fully set forth in the Motion; and upon

consideration of the First Day Declaration; and this Court having jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the

United States District Court for the District of Delaware dated February 29, 2012; and this Court

having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court

having found that venue of these cases and this proceeding is proper in this district pursuant to

28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion

---

[1]   The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification
number are:  Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime
Digital, LLC (4528). The Debtors' service address is 330 South Rampart Blvd., Suite 260, Las Vegas, NV 89145.

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

and opportunity for a hearing on the Motion were appropriate under the circumstances and no

other notice need be provided; and this Court having reviewed the Motion and having heard the

statements in support of the relief requested therein at a hearing before this Court

(the "Hearing"); and this Court having determined that the legal and factual bases set forth in the

Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the

proceedings had before this Court; and after due deliberation and sufficient cause appearing

therefor, it is **HEREBY ORDERED THAT:**

    1.    The Motion is **GRANTED** on an interim basis as set forth herein.

    2.    The final hearing on the Motion is set for September 19, 2023 at 10:00 a.m.

(prevailing Eastern Time). Any objections or responses to the entry of the proposed Final Order

shall be filed with the Court and served on the following no later 4:00 p.m. (prevailing Eastern

Time) on September 12, 2023: (a) Prime Trust, LLC 330 South Rampart Blvd., Suite 260, Las

Vegas, NV 89145 (Attn: Jor Law); (b) proposed counsel to the Debtors, McDermott Will &

Emery LLP (i) 1007 North Orange Street, 10th Floor, Wilmington, Delaware 19801 (Attn: Maris

J. Kandestin (mkandestin@mwe.com)), (ii) One Vanderbilt Avenue, New York, New York

10017-3852 (Attn: Darren Azman (dazman@mwe.com)) and (iii) 333 SE 2nd Avenue, Suite

5400, Miami, Florida 33131 (Attn:  Gregg Steinman (gsteinman@mwe.com)); (c) the United

States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35,

Wilmington, Delaware 19801 (Attn: Joseph Cudia (joseph.cudia@usdoj.gov)); and (d) any

statutory committee appointed in these Chapter 11 Cases. If no objections to entry of the Final

Order are filed and served, the Court may enter such Final Order without further notice or

hearing.

3.      The Debtors are authorized, but not required to, in their sole discretion, remit and pay the Taxes and Fees; *provided*, that payments for amounts that arose before the Petition Date shall not exceed $75,000.00 on an interim basis, absent further order of the Court; *provided, further, however*, that in no event shall the Debtors pay any Taxes or Fees before such amounts are due and payable, and this Order shall not be deemed to allow the Debtors to accelerate the payment of any amounts for any Taxes or Fees that may be due and owing by the Debtors.

4.      The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

5.      The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

6.      Nothing in this Order nor any actions taken hereunder:  (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to Bankruptcy Code section 365 or an admission as to the validity of any claim against the Debtors or their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors or their estates; (c) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party; (d) shall be construed as a promise to

pay a claim or continue any applicable program postpetition, which decision shall be in the discretion of the Debtors; or (e) shall create, or is intended to create, any rights in favor of, or enhance the status of any claim held by, any person. Any payment made pursuant to this Order is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

7.       Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof and notice of the Motion as provided therein shall be deemed good and sufficient pursuant to the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

8.       Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and such notice satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

9.       The Debtors are authorized, but not directed, to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Dated: August 25th, 2023**
**Wilmington, Delaware**

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE