## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |
|  | **Re: Docket No. 15** |

**INTERIM ORDER (I) AUTHORIZING DEBTORS TO FILE A CONSOLIDATED
CREDITOR MATRIX AND TOP 50 CREDITORS LIST; (II) AUTHORIZING
REDACTION OF CERTAIN PERSONALLY IDENTIFIABLE INFORMATION; (III)
AUTHORIZING THE DEBTORS TO SERVE CERTAIN PARTIES BY ELECTRONIC
MAIL; (IV) APPROVING CERTAIN NOTICE PROCEDURES; AND (V) GRANTING
RELATED RELIEF PROCEDURES, AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (this "Order")

(a) authorizing the Debtors to file a consolidated matrix and list of their top 50 creditors on a

consolidated basis, (b) authorizing the Debtors to redact certain personally identifiable

information from all filings on this Court's public docket, (c) authorizing the Debtors to serve

certain parties by electronic mail, (d) approving certain notice procedures, and (e) granted related

relief, all as more fully set forth in the Motion; and upon consideration of the First Day

Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334 and the *Amended Standing Order of Reference* from the United States District Court for the

District of Delaware, dated February 29, 2012; and the matter being a core proceeding within the

meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District

---

[1]   The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification
      number are:  Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and
      Prime Digital, LLC (4528). The Debtors' service address is 330 South Rampart Blvd., Suite 260, Las Vegas,
      NV 89145.

[2]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final

order consistent with Article III of the United States Constitution; and due and sufficient notice

of the Motion having been given under the particular circumstances; and it appearing that no

other or further notice is necessary; and it appearing that the relief requested in the Motion is in

the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and

after due deliberation thereon; and good and sufficient cause appearing therefor; it is **HEREBY**

**ORDERED THAT**

1.      The Motion is **GRANTED** on an interim basis as set forth herein.

2.      The final hearing on the Motion is set for September 19, 2023 at 10:00 a.m.

(prevailing Eastern Time). Any objections or responses to the entry of the proposed Final Order

shall be filed with the Court and served on the following no later 4:00 p.m. (prevailing Eastern

Time) on September 12, 2023: (a) Prime Trust, LLC 330 South Rampart Blvd., Suite 260, Las

Vegas, NV 89145 (Attn: Jor Law); (b) proposed counsel to the Debtors, McDermott Will &

Emery LLP (i) 1007 North Orange Street, 10th Floor, Wilmington, Delaware 19801 (Attn: Maris

J. Kandestin (mkandestin@mwe.com)), (ii) One Vanderbilt Avenue, New York, New York

10017-3852 (Attn: Darren Azman (dazman@mwe.com)) and (iii) 333 SE 2nd Avenue, Suite

5400, Miami, Florida 33131 (Attn:  Gregg Steinman (gsteinman@mwe.com)); (c) the United

States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35,

Wilmington, Delaware 19801 (Attn: Joseph Cudia (joseph.cudia@usdoj.gov)); and (d) any

statutory committee appointed in these Chapter 11 Cases. If no objections to entry of the Final

Order are filed and served, the Court may enter such Final Order without further notice or

hearing.

3.      The requirements of Local Rule 1007-2(a) and Local Rule 2002-1(f)(v) that

separate mailing matrices be submitted for each Debtor are waived and the Debtors are authorized to submit a Consolidated Creditor Matrix; *provided*, *however*, that if any of the Chapter 11 Cases convert to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor shall file and provide its own separate creditor mailing matrix.

4.      The Debtors shall serve the Notice of Commencement via e-mail on (a) customers that (i) have not designated a mailing address under Bankruptcy Rule 2002(g)(1) or 5003(e), (ii) have not expressly requested to be served hard copies by mail, and (iii) have a valid e-mail address on file with the Debtors; and (b) non-customer individual creditors that (i) have not designated a mailing address under Bankruptcy Rule 2002(g)(1) or Rule 5003(e), (ii) have not expressly requested to be served hard copies by mail; and (c) have a valid e-mail address on file with the debtors, but no physical address information.  The Debtors shall serve all other creditors via regular mail. The Debtors shall also publish the Notice of Commencement as soon as reasonably practicable on the website maintained by the Clams and Noticing Agent.

5.      The service requirements of Bankruptcy Rule 2002(g) hereby are modified to permit e-mail service to (i) customers that (a) have not designated a mailing address under Bankruptcy Rule 2002(g)(1) or 5003(e); (b) have not expressly requested to be served hard copies by mail, and (c) have a valid e-mail address on file with the Debtors; and (ii) non-customer creditors that (a) have not designated a mailing address under Bankruptcy Rule 2002(g)(l) or 5003(e); (b) have not expressly requested to be served hard copies by mail and (c) have a valid e-mail address on file with the Debtors, but no physical address information.

6.      The Debtors are authorized to redact the names, addresses and e-mail addresses of their customers from any Public Filings.

7.      Notwithstanding anything to the contrary in the order relating to the appointment

3

of the Claims and Noticing Agent, or any Local Rules or Bankruptcy Rules, the Claims and Noticing Agent is authorized to (a) suppress from the Claims Register the names, addresses, and e-mail addresses of the Debtors' customers, and (b) file affidavits of service without disclosing the names, addresses, or e-mail addresses of the Debtors' customers; *provided* that the Claims and Noticing Agent shall serve the Debtors' customers and creditors at their actual addresses and e-mail addresses, as necessary.

8.      The Debtors shall provide unredacted copies of all Public Filings that include redactions made pursuant to this Order upon request to (a) the U.S. Trustee, counsel to the U.S. Securities and Exchange Commission, and any trustee, examiner, and official committee appointed in these Chapter 11 Cases, and (b) upon further order of the Court, any other party.

9.      To the extent a party in interest files a document on the docket in these Chapter 11 Cases that is required to be served on creditors whose information is under seal pursuant to this Order, such party in interest should contact counsel for the Debtors who shall work in good faith, with the assistance of their Claims and Noticing Agent, to effectuate the service on such party's behalf.

10.     Notwithstanding the above, the Debtors shall file any Public Filings without redacting the name, address, e-mail address or phone number of any creditor who has been appointed by the U.S. Trustee to any official committee of unsecured creditors. For the avoidance of doubt, the U.S. Trustee may provide the name, address, e-mail address or phone number of any creditor of any official committee of unsecured in any pleadings filed in these Chapter 11 Cases following the appointment of any such committee without redaction.

11.     Nothing in this Order prohibits any customer, creditor, or equity holder from voluntarily identifying itself in connection with these Chapter 11 Cases, or voluntarily disclosing

4

any of their contact information. In addition, nothing in this Order exempts any customer,

creditor, or equity holder from compliance with Bankruptcy Rule 2019.

      12.    Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and

enforceable immediately upon entry hereof and notice of the Motion as provided therein shall be

deemed good and sufficient pursuant to the requirements of Bankruptcy Rule 6004(a) and

the Local Rules.

      13.    Notice of the Motion as provided therein shall be deemed good and sufficient

notice of such Motion and such notice satisfies the requirements of Bankruptcy Rule 6004(a) and

the Local Rules.

      14.    The Debtors are authorized, but not directed, to take all actions necessary to

effectuate the relief granted in this Order in accordance with the Motion.

      15.    The Court shall retain jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, or enforcement of this Order.


**Dated: August 25th, 2023**
**Wilmington, Delaware**

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE

5