**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 17** |

**INTERIM ORDER (I)(A) APPROVING DEBTORS'
PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT
FOR FUTURE UTILITY SERVICES, (B) APPROVING DEBTORS' PROPOSED
PROCEDURES FOR RESOLVING ADDITIONAL ASSURANCE REQUESTS,
AND (C) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING,
OR DISCONTINUING SERVICES, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for entry of an interim order (the

"Order") and a Final Order (a) (i) approving the Debtors' proposed form of adequate assurance

of payment for future utility services to utility companies (the "Utility Providers"), (ii) approving

the Debtors' proposed procedures for resolving requests for adequate assurance in substantially

the form proposed in this Order (the "Adequate Assurance Procedures"), and (iii) prohibiting

the Utility Providers from altering, refusing, or discontinuing services, and (b) granting related

relief, all as more fully set forth in the Motion; and upon consideration of the First Day

Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334 and the *Amended Standing Order of Reference* from the United States District Court for the

District of Delaware, dated February 29, 2012; and the matter being a core proceeding within the

---

[1]    The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are:  Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 330 South Rampart Blvd., Suite 260, Las Vegas, NV 89145.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District

being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final

order consistent with Article III of the United States Constitution; and due and sufficient notice

of the Motion having been given under the particular circumstances; and it appearing that no

other or further notice is necessary; and it appearing that the relief requested in the Motion is in

the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and

after due deliberation thereon; and good and sufficient cause appearing therefor; it is **HEREBY**

**ORDERED THAT**

1.      The Motion is **GRANTED** on an interim basis as set forth herein.

2.      The final hearing on the Motion is set for September 19, 2023 at 10:00 a.m.

(prevailing Eastern Time). Any objections or responses to the entry of the proposed Final Order

shall be filed with the Court and served on the following no later 4:00 p.m. (prevailing Eastern

Time) on September 12, 2023: (a) Prime Trust, LLC 330 South Rampart Blvd., Suite 260, Las

Vegas, NV 89145 (Attn: Jor Law); (b) proposed counsel to the Debtors, McDermott Will &

Emery LLP (i) 1007 North Orange Street, 10th Floor, Wilmington, Delaware 19801 (Attn: Maris

J. Kandestin (mkandestin@mwe.com)), (ii) One Vanderbilt Avenue, New York, New York

10017-3852 (Attn: Darren Azman (dazman@mwe.com)) and (iii) 333 SE 2nd Avenue, Suite

4500, Miami, Florida 33131 (Attn: Gregg Steinman (gsteinman@mwe.com)); (c) the United

States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35,

Wilmington, Delaware 19801 (Attn: Joseph Cudia (joseph.cudia@usdoj.gov)); and (d) any

statutory committee appointed in these Chapter 11 Cases. If no objections to entry of the Final

Order are filed and served, the Court may enter such Final Order without further notice or

hearing.

3.      The Debtors are authorized, but not directed, to pay on a timely basis, in accordance with their prepetition practices, all undisputed invoices for Utility Services rendered by the Utility Providers to the Debtors after the Petition Date.

4.      The Debtors will, within 14 days after entry of this Order, place a deposit equal to approximately two (2) weeks of the Debtors' average monthly cost of Utility Services, $105,000.00 (the "Utility Deposit") into a segregated account (the "Utility Deposit Account") for the benefit of each Utility Provider (the "Proposed Adequate Assurance"). The Proposed Adequate Assurance shall not be subject to any liens.

5.      The Proposed Adequate Assurance constitutes "adequate assurance of payment" for purposes of Bankruptcy Code section 366 and comprises the Utility Deposit and the Debtors' ability to pay for future utility services in the ordinary course of business.

6.      The following Adequate Assurance Procedures for any Utility Provider not satisfied with the Proposed Adequate Assurance to request additional adequate assurance (an "Additional Assurance Request") are approved on an interim basis:

    a)  Within 48 hours after the date of entry of the Interim Order, the Debtors will cause to be served by first class mail a copy of the Interim Order to the Utility Providers on the Utility Provider List.

    b)  If a Utility Provider is not satisfied with the Proposed Adequate Assurance and seeks additional adequate assurance of payment, it must serve an Additional Assurance Request upon (i) proposed counsel to the Debtors, McDermott Will & Emery LLP (a) 1007 North Orange Street, 10th Floor, Wilmington, Delaware 19801 (Attn: Maris J. Kandestin (mkandestin@mwe.com)), (b) One Vanderbilt Avenue, New York, New York 10017-3852 (Attn:  Darren Azman (dazman@mwe.com)) and (c) 333 SE 2nd Avenue, Suite 4500, Miami, Florida 33131 (Attn:  Gregg Steinman (gsteinman@mwe.com)); (ii) counsel to any official committee appointed in the Chapter 11 Cases; and (iii) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (collectively, the "Adequate Assurance Notice Parties") so that it is received on or before 4:00 p.m. (prevailing Eastern time) on the day that is fourteen (14) days following entry of this Order.

3

c) Each Additional Assurance Request must (a) be made in writing, (b) set forth the amount and form of additional assurance of payment requested, (c) set forth the type of Utility Services, any account numbers, and the location for which Utility Services are provided, (d) include a summary of the Debtors' payment history to such Utility Provider relevant to the affected account(s), including whether the Utility Provider holds any deposits or other security, and if so, in what amount, and (e) set forth why the Utility Provider believes the Proposed Adequate Assurance is insufficient. A Utility Provider may make an Additional Assurance Request at any time during the pendency of these Chapter 11 Cases.

d) Upon the Debtors' receipt of an Additional Assurance Request, the Debtors shall promptly negotiate with the requesting Utility Provider and resolve its Additional Assurance Request.

e) Should the Debtors be unable to reach a mutual resolution with respect to an Additional Assurance Request, the Debtors shall, upon reasonable notice, request a hearing before the Court to determine the adequacy of assurance of payment (the "Adequate Assurance Dispute") pursuant to Bankruptcy Code section 366(c)(3).

f) Any Utility Provider that makes an Additional Assurance Request is prohibited from altering, refusing, or discontinuing service, including as a result of unpaid charges for prepetition services, pending resolution of such Additional Assurance Request by agreement or order of this Court.

g) The Debtors may, in their sole discretion, resolve any Additional Assurance Request by mutual agreement with the requesting Utility Provider without further notice to the Court or any other party in interest and may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of future payment, including, but not limited to, a cash deposit, prepayment, letter of credit, or other forms of security, without further order of the Court to the extent that the Debtors believe that such additional assurance is reasonable in the exercise of their business judgment, and the Debtors may, by mutual agreement with the objecting Utility Provider and without further order of the Court, reduce the Utility Deposit by an amount not exceeding the requesting Utility Provider's estimated two-week utility expense.

h) Upon the closure of one of the Debtors' locations and the discontinuance of the Utility Services associated therewith, or the termination of Utility Services independent thereof, the Debtors may, in their sole discretion and without further order of the Court, reduce the Utility Deposit by an amount not exceeding, for each of the Utility Services being discontinued, the amount of the Utility Deposit then attributable to the applicable Utility Provider; *provided* that for any Utility Provider for which the Utility Deposit is reduced, the Debtors shall have paid such Utility Provider in full for any outstanding

4

post-petition Utility Services before reducing the Adequate Assurance Deposit.

i)   Should the Debtors initiate new Utility Services the Debtors may, in their sole discretion and without further order of the Court, increase the Utility Deposit by an amount not exceeding, for each of the new Utility Services initiated, the costs attributable to those Utility Services.

7.      The Debtors are authorized, in their sole discretion, to amend **Exhibit C** attached to the Motion to add or remove any Utility Provider, and this Order shall apply to any such Subsequently Identified Utility Provider that is added to such schedule and served with this Order. Any such amended schedule shall be filed with the Court. The Debtors shall serve a copy of this Order on any Subsequently Identified Utility Provider, along with an amended **Exhibit C**, and such Subsequently Identified Utility Provider shall be permitted to make an Additional Assurance Request according to the procedures set forth herein.

8.      Pending entry of the Final Order and pending resolution of any Additional Assurance Request, the Utility Providers, including the Subsequently Identified Utility Providers, shall be prohibited from: (a) discriminating against the Debtors; (b) altering, refusing, or discontinuing service to the Debtors; or (c) requiring payment of a deposit or receipt or any other security for continued service other than the Utility Deposit, as a result of the Debtors' bankruptcy filings or any outstanding prepetition invoices.

9.      For the avoidance of doubt, the terms of this Order, including the Adequate Assurance Procedures, shall apply in accordance with its terms to each Utility Provider, notwithstanding any customary business practices, policies, internal operating procedures, or state or local laws or regulations to the contrary. Any Utility Provider that believes its customary business practices, policies, internal operating procedures, or state or local laws or regulations forbid it from accepting the Proposed Adequate Assurance or entitle it to additional adequate

assurance shall make an Additional Assurance Request or file an Objection in accordance with this Order.

10.    Nothing herein constitutes a finding that any entity is or is not a Utility Provider hereunder or under Bankruptcy Code section 366, whether or not such entity is listed on **Exhibit C** attached to the Motion, and the Debtors reserve all rights and defenses with respect thereto.

11.    Any party receiving payment from the Debtors is authorized to rely upon the representations of the Debtors as to which payments are authorized by this Order.

12.    The banks and financial institutions on which checks were drawn or electronic payment requests made for payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

13.    The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of the Chapter 11 Cases with respect to the relief granted herein.

14.    Nothing in the Motion or this Order or the relief granted (including any actions taken or payments made by the Debtors pursuant thereto) shall be construed as (a) authority to assume or reject any executory contract or unexpired lease of real property, or as a request for the same; (b) an admission as to the validity, priority, or character of any claim or other asserted right or obligation, or a waiver or other limitation on the Debtors' ability to contest the same on

6

any ground permitted by bankruptcy or applicable non-bankruptcy law; (c) a promise or requirement to pay any claim or other obligation; or (d) granting third-party-beneficiary status, bestowing any additional rights on any third party, or being otherwise enforceable by any third party.

15.    The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested in the Motion is necessary to avoid immediate and irreparable harm.

16.    Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

17.    The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

18.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Dated: August 25th, 2023**
**Wilmington, Delaware**

**J. KATE STICKLES**
**UNITED STATES BANKRUPTCY JUDGE**