IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Obj. Deadline: Sep. 12, 2023 at 4:00 p.m. ET**<br>**Hrg. Date: Sep. 19, 2023 at 10:00 a.m. ET** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO (I) REJECT UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY, EFFECTIVE AS OF AUGUST 31, 2023; (II) ABANDON *DE MINIMIS* PROPERTY IN CONNECTION THEREWITH; AND (III) GRANTING RELATED RELIEF**

Prime Core Technologies Inc. and certain of its affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby move (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting the relief described below. In support thereof, the Debtors rely upon the *Declaration of Jor Law, Interim Chief Executive Officer and President of Prime Core Technologies Inc., et al., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 14] (the "First Day Declaration").[2] In further support of the Motion, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 330 South Rampart Blvd., Suite 260, Las Vegas, NV 89145.

[2] Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the First Day Declaration.

*Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.  The legal predicates for the relief requested herein are sections 365(a) and 554(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3.  The Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with the Motion in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

**A.   The Chapter 11 Cases**

1.  On August 14, 2023 (the "Petition Date"), each Debtor commenced a case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). These cases have been jointly administered for procedural purposes only.

2.  The Debtors continue to manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

3.  To date, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has not appointed an official committee in these Chapter 11 Cases, nor has any trustee or examiner been appointed.

4.      Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases, is set forth in the First Day Declaration, which is incorporated by reference as if fully set forth herein.

## II.     The Rejected Lease

5.      The Debtors and their advisors have conducted an in-depth analysis of the value of the Debtors' lease (the "Rejected Lease") with Great Wash Park LLC (the "Landlord") for the premises located at 330 S. Rampart Boulevard, Las Vegas, Nevada 89145 (the "Leased Premises") in order to determine whether, in the Debtors' business judgment, the Rejected Lease should be rejected. The Debtors have determined that the Rejected Lease, which the Debtors pay more than $110,000.00 per month to maintain, is prohibitively expensive and is of little or no value to the Debtors' estates. As such, the Debtors believe that rejection of the Rejected Lease is in the best interests of the Debtors' estates, creditors, and stakeholders.

6.      The Debtors previously used the Leased Premises for office space in connection with their business activities. The Debtors currently operate their businesses on almost an entirely remote basis, and thus, do not require such a large footprint to serve their business needs.  As such, the Debtors are in the process of relocating their headquarters to a much smaller and less expensive space. On or before August 31, 2023, the Debtors will vacate the Leased Premises and turn the keys to the premises over to the Landlord.[3] Accordingly, the Leased Premises currently serve no purpose and rejection of the Rejected Lease is in the best interests of the Debtors' estates, creditors, and stakeholders.

---

[3]   Prior to the Petition Date, the Debtors remitted to the Landlord the rent payment due under the Rejected Lease for the month of August.

3

### III. The Abandoned Property

7. The Debtors intend to remove and sell any valuable personal property from the Leased Premises to maximize the value of the Debtors' estates.[4] To the extent that any personal property, equipment, furniture, or fixtures remain at the Leased Premises that cannot be sold, the Debtors have determined that such property (the "Abandoned Property") is of inconsequential value to their estates, or the cost of removing and storing such property exceeds its value to the Debtors' estates. Accordingly, the Debtors have determined that abandoning the Abandoned Property is in the best interests of their estates, creditors, and stakeholders.

### RELIEF REQUESTED

8. The Debtors seek entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing the Debtors to (i) reject the Rejected Lease *effective as of* the August 31, 2023, and (ii) abandon the Abandoned Property, and (b) granting related relief.

### BASIS FOR RELIEF

**I. Rejection of the Rejected Lease Constitutes a Sound Exercise of the Debtors' Reasonable Business Judgment.**

9. Bankruptcy Code section 365(a) provides that a debtor, "subject to the court's approval, may assume or reject any . . . executory contract or unexpired lease of the debtor." The purpose behind Bankruptcy Code section 365(a) is "to permit the trustee or debtor-in-possession to use valuable property of the estate and to renounce title to and abandon burdensome property." *In re Republic Airways Holdings Inc.*, 547 B.R. 578, 582 (Bankr. S.D.N.Y. 2016) (quoting *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993)); *see also In re Exide Techs.*, 607 F.3d 957, 967 (3d Cir. 2010) (Abro, J., concurring) ("Courts may use § 365 to free a [debtor] from burdensome duties that hinder its reorganization");

---

[4] The Debtors will separately seek Court approval to sell personal property at the Leased Premises.

4

*see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 528 (1984) ("[T]he authority to reject an executory contract is vital to the basic purpose to a Chapter 11 reorganization, because rejection can release the debtor's estate from burdensome obligations that can impede a successful reorganization.").

10. The standard applied to determine whether the rejection of an executory contract or unexpired lease should be authorized is the "business judgment" standard. *See Grp. of Institutional Inv'rs, Inc. v. Chi., Milwaukee, St. Paul & Pac. R.R.*, 318 U.S. 523, 550 (1943) (noting that "the question whether a lease should be rejected . . . is one of business judgment"); *see also In re Bildisco*, 682 F.2d 72, 79 (3d Cir. 1982), aff'd, 465 U.S. 513 ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); *accord In re HQ Glob. Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003).

11. In applying the business judgment standard, bankruptcy courts give substantial deference to a debtor's decision to assume or reject leases. *See, e.g.*, *Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36, 39-40 (3d Cir. 1989) (affirming the rejection of a service agreement as a sound exercise of the debtor's business judgment when the bankruptcy court found that such rejection would benefit the debtors' estate); *In re Caribbean Petroleum Corp.*, 444 B.R. 263, 268 (Bankr. D. Del. 2010) (quoting *In re Trans World Airlines, Inc.,* 261 B.R. 103, 121 (Bankr. D. Del. 2001) ("[A] debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of bad faith, or whim or caprice.").

12. Upon finding that a debtor has exercised its sound business judgment, courts regularly approve a request to reject under Bankruptcy Code section 365(a). *See Bildisco*, 465 U.S. at 523 (1984) (recognizing the "business judgment" standard used to approve rejection of executory contracts); *In re Penn Traffic Co.*, 524 F.3d 373, 383 (2d Cir. 2008) (same).

13. As set forth above, the Debtors believe that rejection of the Rejected Lease is a sound exercise of their business judgment and is in the best interest of their estates, creditors, and stakeholders in these Chapter 11 Cases.

14. As noted above, the Debtors' employees and independent contractors work almost exclusively on a remote basis, and, as a result, the Debtors no longer require the amount of space that the Rejected Leases affords to them. The Debtors are in the process of relocating to a space that more appropriately fits their business needs. In light of the foregoing, the Debtors have concluded that the cost of maintaining the Rejected Lease outweighs any value that the Rejected Lease could possibly generate for the Debtors' estates.

15. Further, the Debtors believe that without rejection, the Rejected Lease will continue to burden the Debtors' estates with substantial administrative expenses at a critical time when the Debtors are making a concerted effort to maximize the value of the Debtors' estates and preserve capital. Rejecting the Rejected Lease will help ease the Debtors' cash burn and increase the Debtors' liquidity.

16. Accordingly, the Debtors respectfully request that the Court authorize the rejection of the Rejected Lease pursuant to Bankruptcy Code section 365.

## II. Retroactive Rejection of the Rejected Lease is Appropriate Under the Facts and Circumstances

17. Bankruptcy Code section 365 does not restrict a bankruptcy court from applying rejection retroactively. *See In re Jamesway Corp.*, 179 B.R. 33, 37 (S.D.N.Y. 1995) (stating that section 365 does not include "restrictions as to the manner in which the court can approve rejection"); *see also In re CCI Wireless, LLC*, 297 B.R. 133, 138 (D. Colo. 2003) (noting that section 365 "does not prohibit the bankruptcy court from allowing the rejection . . . to apply retroactively"). Courts have held that a bankruptcy court may, in its discretion, authorize rejection

retroactively to a date prior to entry of an order authorizing such rejection where the balance of equities favors such relief. *See In re Thinking Machs. Corp.*, 67 F.3d 1021, 1028-29 (1st Cir. 1995) (stating "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively"); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (stating "the court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a)"); *CCI Wireless*, 297 B.R. at 140 (holding that a "court has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject"); *BP Energy Co. v. Bethlehem Steel Corp.*, 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) ("We cannot conclude . . . that a bankruptcy court's assignment of a retroactive rejection date falls outside of its authority when the balance of the equities favors this solution."); *see also In re At Home Corp.*, 392 F.3d 1064, 1065-66 (9th Cir. 2004) (holding "that a bankruptcy court may approve retroactively the rejection of an unexpired nonresidential lease").

18. In *In re Namco Cybertainment, Inc.*, the Court stated that retroactive rejection of an unexpired lease was permissible, provided: (a) the premises (and the keys thereto) were surrendered with an unequivocal statement of abandonment to the Landlord; (b) the motion was served on the Landlord; (c) the official committee consented to the requested relief; and (d) the debtor waived its right to withdraw the motion. No. 98-173 (PJW) (Bankr. D. Del. Feb. 6, 1998); *see also TW, Inc. v. Angelastro (In re TW, Inc.)*, No. 03-10785, 2004 WL 115521, at *2 (D. Del. Jan. 14, 2004) (upholding bankruptcy court ruling denying rejection of leases nunc pro tunc to the petition date when the debtor had not surrendered possession prior to the petition date).

19. In this instance, the balance of the equities favors approval of the rejection of the Rejected Lease as of August 31, 2023. Without such relief as to the Rejected Lease, the Debtors

will potentially incur unnecessary administrative expenses that provide no benefit to the estates. *See* 11 U.S.C. § 365(d)(3). Further, the Landlord will not be unduly prejudiced if the rejection is deemed effective as of August 31, 2023. Possession of the Leased Premises, including the turnover of keys, will be delivered to the Landlord on, or prior to, such date, with an unequivocal and irrevocable statement of surrender and abandonment of the Leased Premises. Contemporaneously with the filing of this Motion, the Debtors will cause notice of this Motion to be served on the Landlord via overnight mail, thereby allowing the Landlord sufficient opportunity to respond accordingly. As of the date of the filing of this Motion, no official committee of unsecured creditors has been appointed. To the extent the U.S. Trustee forms an official committee, the Debtors will seek such committee's consent to the relief requested herein upon appointment and prior to any hearing on this Motion. The Debtors also unequivocally waive their right to withdraw this Motion.

20. Courts in this jurisdiction have approved relief similar to that requested herein. *See, e.g., In re Town Sports International, LLC*, No. 20-12168 (CSS) (Bankr. D. Del. Oct. 16, 2020) (authorizing rejection of unexpired leases effective as of the rejection date); *In re Bluestem Brands, Inc.*, No. 20-10566 (MFW) (Bankr. D. Del. Apr. 15, 2020) (authorizing rejection of unexpired leases effective as of the rejection date); *In re Forever 21, Inc*., No. 19-12122 (KG) (Bankr. D. Del. Oct. 28, 2019) (authorizing rejection of unexpired leases nunc pro tunc to the petition date); *In re PES Holdings, LLC*, No. 19-11626 (KG) (Bankr. D. Del. Sept. 19, 2019) (authorizing rejection of unexpired leases and executory contract nunc pro tunc to the specific dates); *In re Charming Charlie Holdings, Inc*., No. 17-12906 (CSS) (Bankr. D. Del. Jan. 10, 2018) (authorizing rejection of unexpired leases nunc pro tunc to specified date); *In re Samson Resources Corporation*, No. 15-11934) (CSS) Bankr. D. Del. Sept. 2, 2016) (same); *In re Dex Media, Inc*. No. 16-11200 (KG)

(Bankr. D. Del. June 8, 2016) (authorizing rejection of unexpired leases and executory contracts nunc pro tunc to petition date).

**III.    The Court Should Approve the Abandonment of the *de minimis* Personal Property at the Leased Premises.**

21.    Bankruptcy Code section 554(a) provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." The right to abandon property is virtually unfettered, unless (a) abandonment of the property will contravene laws designed to protect public health and safety or (b) the property poses an imminent threat to the public's welfare. *See In re Midlantic Nat'l Bank*, 474 U.S. 494, 501 (1986). Neither of these limitations is relevant under the instant facts.

22.    The Debtors believe that the costs of moving, retrieving, or storing the Abandoned Property would far outweigh any benefit to their estates. Therefore, it is in the best interests of the Debtors' estates to abandon the Abandoned Property. Furthermore, the Court should authorize the Landlord to dispose of the Abandoned Property in its sole and absolute discretion without liability to any third party claiming an interest in such property.

## THE REQUIREMENTS OF BANKRUPTCY RULE 6003 ARE SATISFIED

23.    Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003. As described above, any delay in rejecting the Rejected Lease may result in the incurrence of administrative expenses that would substantially diminish or impair the Debtors' efforts in these Chapter 11 Cases to preserve and maximize the value of their estates. For this reason and those set forth above, the Debtors respectfully submit that Bankruptcy Rule 6003(b) has been satisfied and

the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors and their estates.

**RESERVATION OF RIGHTS**

24.     Nothing in this Motion or any order granting the relief requested in this Motion, and no action take pursuant to the relief requested or granted (including any payment made in accordance with any such order):  (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to Bankruptcy Code section 365, an admission as to the executory nature of any agreement, or the basis for or the validity of any claim against the Debtors or their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors or their estates; (c) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party; (d) shall be construed as a promise to pay a claim or continue any applicable program postpetition, which decision shall be in the sole discretion of the Debtors; (e) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (f) an admission to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action, or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law. Any payment made pursuant to an order of the Court granting the relief requested herein is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## NOTICE

25.      The Debtors will provide notice of the Motion to: (a) the U.S. Trustee; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) the Landlord; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice is required.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: August 28, 2023
        Wilmington, Delaware

**MCDERMOTT WILL & EMERY LLP**

*/s/ Maris J. Kandestin*
Maris J. Kandestin (No. 5294)
1000 N. West Street, Suite 1400
Wilmington, Delaware 19801
Telephone: (302) 485-3900
Facsimile: (302) 351-8711
Email: mkandestin@mwe.com

-and-

Darren Azman (admitted *pro hac vice*)
Joseph B. Evans (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Facsimile: (646) 547-5444
Email: dazman@mwe.com
       jbevans@mwe.com

-and-

Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 5400
Miami, Florida 33131
Telephone: (305) 358-3500
Facsimile: (305) 347-6500
Email: gsteinman@mwe.com

*Proposed Counsel for the Debtors and Debtors in Possession*