**EXHIBIT B**

**Redline**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket ~~No~~Nos. 16 & 48 |

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF STRETTO, INC. AS CLAIMS AND NOTICING AGENT EFFECTIVE AS OF THE PETITION DATE

Upon the application (the "Section 156(c) Application")[2] of the Debtors for entry of this order (the "Order") authorizing the Debtors to employ and retain Stretto as Claims and Noticing Agent, all as more fully set forth in the Section 156(c) Application, and upon consideration of the First Day Declaration; and upon consideration of the Betance Declaration and the *Supplemental Declaration of Sheryl Betance in Support of Application of Debtors for Entry of an Order Authorizing the Employment and Retention of Stretto, Inc. as Claims and Noticing Agent Effective as of the Petition Date* [Docket No. 48] (the "Supplemental Betance Declaration"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and the matter being a core proceeding within the meaning to 28 U.S.C. § 157(b)(2); venue of this proceeding and Section 156(c) Application in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 330 South Rampart Blvd., Suite 260, Las Vegas, NV 89145.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Section 156(c) Application.

consistent with Article III of the United States Constitution; and due and sufficient notice of the Section 156(c) Application having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Section 156(c) Application is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby it is **HEREBY ORDERED THAT**

1. The Section 156(c) Application is **GRANTED** as set forth herein.

2. The Debtors are authorized, but not directed, pursuant to section 156(c) of title 28 of the United States Code, Bankruptcy Code section 105(a), Bankruptcy Rule 2002, and Local Rule 2002-1(f) to retain and employ Stretto as Claims and Noticing Agent effective as of the Petition Date under the terms of the Engagement Agreement, and Stretto is authorized and directed to noticing services and to receive, maintain, record, and otherwise administer the proofs of claim filed in these Chapter 11 Cases (if any), and all related tasks, all as described in the Application.

3. Stretto shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these Chapter 11 Cases (if any) and is authorized and directed to maintain official claims registers for each of the Debtors, to provide public access to every proof of claim (if any), and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

4. Stretto is authorized and directed to provide an electronic interface for filing proofs of claim and to obtain a post office box or address for the receipt of proofs of claim.

DM_US 199000607-2.121647.0011DM_US 199000607-3.121647.0011

5. Stretto is authorized to take such other action to comply with all the duties set forth in the Application and this Order.

6. The Debtors are authorized to compensate Stretto in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Stretto and the rates charged for each, and to reimburse Stretto for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Stretto to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

7. Stretto shall comply with all requests of the Clerk and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c).

8. Stretto may apply its advance to all prepetition invoices, which advance shall be replenished to the original advance amount, and, thereafter, Stretto may hold its advance under the Engagement Agreement during the Chapter 11 Cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

9. Stretto shall maintain records of all Services showing dates, categories of Services, fees charged, and expenses incurred. With respect to services provided prior to the effective date of a chapter 11 plan in these Chapter 11 Cases, Stretto, shall serve monthly invoices on the Debtors, U.S. Trustee, counsel for the Debtors, counsel for any official committee monitoring the expenses of the Debtors, and any party in interest who specifically requests service of the monthly invoices.

10.     The parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Engagement Agreement or monthly invoices; *provided* that the parties may seek resolution of the matter from the Court if resolution is not achieved.

11.     Pursuant to Bankruptcy Code section 503(b)(1)(A), the fees and expenses of Stretto under this Order shall be an administrative expense of the Debtors' estates.

~~12.     The Debtors shall indemnify Stretto under the terms of the Engagement Agreement, as modified pursuant to this Order.~~

~~13.     Stretto shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Agreement for services other than the Services provided under the Engagement Agreement, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court.~~

~~14.     Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of or enhance the status of any claim held by any party in interest.~~

~~15.     The requirements of Bankruptcy Rule 6003 are satisfied.~~

12.     ~~16.~~ Notwithstanding anything to the contrary in the Section 156(c) Application, the Betance Declaration, or the Engagement Agreement, the Debtors are authorized to indemnify and hold harmless Stretto and its affiliates, their respective shareholders, principals, managers, members, and employees (collectively, the "Indemnified Parties"), subject to the following conditions.

        a     Subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, and shall indemnify Stretto for any claims arising from, related to or in connection with the services to be provided by Stretto as specified in the Engagement Agreement, but not for any claims arising from, related to or in connection with Stretto's post-petition

>> performance of any other services other than those in connection with the engagement, unless such post-petition services and indemnification therefore are approved by this Court; and

> b. The Debtors shall have no obligation to indemnify Stretto, or provide contribution or reimbursement to Stretto, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Stretto's actual fraud, breach of fiduciary duty, if any, gross negligence, willful misconduct, self-dealing, or ~~fraud~~bad faith; (ii) for a contractual dispute in which the Debtors allege the breach of Stretto's contractual obligations ~~if~~unless the Court determines that indemnification, contribution, or reimbursement would ~~not~~ be permissible pursuant to ~~applicable law~~ *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination ~~under~~as to the exclusions set forth in clauses (i) ~~or~~and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which Stretto should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order~~.~~; and

17. ~~To the extent applicable in the Engagement Agreement, all requests by Stretto for the payment of indemnification shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Agreement and is reasonable under the circumstances of the litigation, dispute, or settlement in respect of which indemnity is sought. In no event shall Stretto be indemnified for its actions in these Chapter 11 Cases for their own gross negligence or willful misconduct. All parties in interest shall retain the right to object to any demand by Stretto for indemnification, contribution, or reimbursement.~~

18. ~~The limitation of liability provision in paragraph 10 of the Engagement Agreement is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.~~

> c. ~~19.~~ If, before the earlier of (~~a~~i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal), or (~~b~~ii) the entry of an order closing these

~~chapter~~Chapter 11 ~~cases~~Cases, Stretto believes that it is entitled to the payment of any amounts by the Debtors on account of the ~~Debtors'~~ indemnification, contribution~~,~~ and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including without limitation the advancement of defense costs, Stretto must therefore file an application ~~therefor~~ in this Court, and the Debtors may not pay any such amounts to Stretto before the entry of an order by this Court approving the payment. This ~~paragraph~~subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Stretto for indemnification, contribution, or reimbursement, and not ~~a provision limiting~~to limit the duration of the Debtors' obligation to indemnify Stretto.  All parties in interest shall retain the right to object to any ~~demand~~application by Stretto ~~for indemnification, contribution,~~ or any other Indemnified Party for indemnification, contribution, or reimbursement.

13.     The limitation of liability provision in paragraph 10 of the Engagement Agreement is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

14.     ~~20.~~ In the event Stretto is unable to provide the services set out in this Order, Stretto will immediately notify the Clerk and the Debtors' counsel and, upon approval of this Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and the Debtors' counsel.

15.     ~~21.~~ Stretto shall not cease providing claims processing services during these Chapter 11 Cases for any reason, including nonpayment, without an order of this Court; provided, however, that Stretto may seek such an order on expedited notice by filing a request with this Court with notice of such request to be served on the Debtors, the U.S. Trustee, and any official committee of creditors appointed in this case.

16.     ~~22.~~ After entry of an order terminating Stretto's services as the Claims and Noticing Agent, upon the closing of these Chapter 11 Cases, or for any other reason, Stretto shall

be responsible for preparing all proofs of claim to be archived with the Federal Archives Record Administration, if applicable.

17.  ~~23.~~ The Debtors may submit a separate retention application, pursuant to 11 U.S.C. § 327 and/or any applicable law, for work that is to be performed by Stretto but is not specifically authorized by this Order.

~~24.  Notwithstanding any term in the Engagement Agreement to the contrary (including with regard to paragraph 15 of the Engagement Agreement), the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.~~

18.  ~~25.~~ In the event of any inconsistency between the Engagement Agreement, the 156(c) Application, and the Order, the Order shall govern.

19.  The requirements of Bankruptcy Rule 6003 are satisfied.

20.  ~~26.~~ Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof and notice of the Application as provided therein shall be deemed good and sufficient pursuant to the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

21.  ~~27.~~ Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and such notice satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

22.  ~~28.~~ The Debtors and Stretto are authorized to take all actions necessary to implement the relief granted in this Order in accordance with the Section 156(c) Application.

23.  ~~29.~~ The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Document comparison by Workshare Compare on Tuesday, August 29, 2023 11:59:03 AM

| Input: | |
|---|---|
| Document 1 ID | iManage://imanageus.mwe.com/DM_US/199000607/2 |
| Description | #199000607v2<imanageus.mwe.com> - Prime Trust - Order Approving Motion to Retain Claim Agent |
| Document 2 ID | iManage://imanageus.mwe.com/DM_US/199000607/3 |
| Description | #199000607v3<imanageus.mwe.com> - Prime Trust - Order Approving Motion to Retain Claim Agent |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---:|
| | Count |
| Insertions | 46 |
| Deletions | 48 |
| Moved from | 4 |
| Moved to | 4 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 102 |