# **EXHIBIT A**

**Bid Procedures Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Prime Core Technologies Inc., *et al.*,[1]<br><br>                            Debtors. | Chapter 11<br><br>Case No. 23-11161 (JKS)<br><br>(Jointly Administered)<br><br>**Re: Docket No.** |

**ORDER (I) APPROVING BIDDING PROCEDURES FOR THE SALE OF ALL OR SUBSTANTIALLY ALL OF DEBTORS' ASSETS, (II) AUTHORIZING THE DEBTORS TO ENTER INTO ONE OR MORE STALKING HORSE AGREEMENTS, (III) APPROVING BID PROTECTIONS, (IV) SCHEDULING AN AUCTION AND RELATED DATES THERETO, (V) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (VI) APPROVING CONTRACT ASSUMPTION AND ASSIGNMENT PROCEDURES, AND (VII) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (i) approving the Bid Procedures substantially in the form attached to this Order as **Exhibit 1** (the "Bid Procedures"), (ii) approving certain Bid Protections and authorizing the Debtors in their discretion to select one or more bidders to act as Stalking Horse Bidders and enter into Stalking Horse Agreements, (iii) scheduling the Auction and related bid deadlines, (iv) approving the Transaction Notice substantially in the form attached to this Order as **Exhibit 2**, (v) approving the Assumption and Assignment Procedures, including the form and manner of Cure Notice attached to this Order as **Exhibit 3**, and (vi) granting related relief, all as more fully set forth in the Motion; and the Court

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 330 South Rampart Blvd., Suite 260, Las Vegas, NV 89145.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the Bid Procedures, as applicable.

having reviewed the evidence in support of the Motion; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "<u>Hearing</u>"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the Motion having been withdrawn with prejudice or overruled on the merits at the Hearing; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**THE COURT FINDS**:[3]

    A.    <u>Jurisdiction and Venue</u>. The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334, and venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

    B.    <u>Bases for Relief</u>. The bases for the relief requested in the Motion are Bankruptcy Code sections 105, 363, 365, 503, and 507 and Bankruptcy Rules 2002(a)(2), 6004, 6006, 9007, and 9014 and Bankruptcy Local Rule 9013-1.

    C.    <u>Notice of the Bid Procedures Motion</u>. Good and sufficient notice of the Motion, the Bid Procedures, and the relief sought in the Motion has been given under the circumstances, and no other or further notice is required except as set forth herein and in the Bid Procedures. The notice of the Motion and of the Hearing is reasonable and sufficient in light of the circumstances and nature of the relief requested in the Motion, and no other or further notice of the Motion or the Hearing is necessary. A reasonable and fair opportunity to object to the

---

[3] The findings of fact and conclusions of law herein constitute the Court's findings of fact and conclusions of law for the purposes of Bankruptcy Rule 7052 made applicable pursuant to Bankruptcy Rule 9014. To the extent any findings of facts are conclusions of law, they are adopted as such.

Motion and the relief granted in this Order has been afforded under the circumstances.

   D.  <u>Bid Procedures</u>. The Debtors have articulated good and sufficient reasons for authorizing and approving the Bid Procedures, which are fair, reasonable, and appropriate under the circumstances and designed to maximize value for the benefit of the Debtors' estates, their creditors, and other parties in interest. The Debtors, with the assistance of their advisors, are engaged in a fulsome marketing and transaction process to solicit and develop the highest or otherwise best offer for the Debtors' Equity or some or all of the Debtors' Assets. The Bid Procedures are designed to build on that marketing and transaction process following entry of this Order.

   E.  <u>Bid Protections</u>.  In the case of one or more Stalking Horse Bidders, subject to the noticing requirements and objection procedures set forth in this Order, the Bid Protections (i) are an actual and necessary cost and expense of preserving the Debtors' estates within the meaning of Bankruptcy Code sections 503(b) and 507(a)(2), (ii) are commensurate to the real and material benefits conferred upon the Debtors' estates by the Stalking Horse Bidder(s), and (iii) are fair, reasonable, and appropriate, including in light of the commitments that have been made and the efforts that have been and will be expended by the Stalking Horse Bidder(s). The Bid Protections are necessary to induce the Stalking Horse Bidder(s) to pursue the Transaction and to be bound by the Stalking Horse Agreement.

   F.  <u>Assumption and Assignment Procedures</u>. The Cure Notice is reasonably calculated to provide counterparties to the Assumed Contracts to be assumed, assumed and assigned, or transferred with proper notice of the intended assumption, assumption and assignment, or transfer of their Assumed Contracts, any cure amounts, and the Assumption and Assignment Procedures, and no other or further notice of such intention, the cure amounts, or

the Assumption and Assignment Procedures shall be required.

G. <u>Transaction Notice</u>. The Transaction Notice is reasonably calculated to provide all interested parties with timely and proper notice of the Auction, including the date, time, and place of the Auction (if one is held) and the Bid Procedures and certain dates and deadlines related thereto, and no other or further notice of the Auction shall be required.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED**:

1. All objections, statements, and reservations of rights to the relief granted herein that have not been withdrawn with prejudice, waived, or settled are overruled and denied on the merits with prejudice.

**I.    Approved Process Timeline.**

2. The following dates and deadlines regarding the Transaction are hereby established, subject to the right of the Debtors, to modify the following dates provided notice is given in accordance with the terms of this Order:

| Date[4] | Event |
|---|---|
| **At or prior to the Bid Procedures Hearing** | Bid Procedures Motion Objection Deadline |
| **September 8, 2023 at [●]:[●]0 [●].m.** | Bid Procedures Hearing |
| **Within three business days after entry of Bid Procedures Order** | Deadline to File Transaction Notice |
| **Within three business days after entry of Bid Procedures Order** | Deadline to File Assumption and Assignment Notice |
| **September 25, 2023** | Deadline to Submit Stalking Horse Bid |
| **September 26, 2023** | Deadline to Designate Stalking Horse Bidder(s) if Selected by Debtors, after consultation with the Committee |
| **September 29, 2023 at 4:00 p.m.** | Deadline to Object to Stalking Horse Bidder(s) Designation |
| **October 2, 2023 at 4:00 p.m.** | Cure/Assignment Objection Deadline |
| **October 5, 2023** | Deadline to Submit Qualified Bids |
| **October 10, 2023 at 10:00 a.m.** | Auction (as necessary) |
| **Promptly after Auction** | Deadline to File Notice of Successful Bidder(s) and Backup Bidder(s) |

---

[4]    All times are prevailing Eastern time.

| | |
|---|---|
| **October 12, 2023 at 4:00 p.m.** | Adequate Assurance Objection Deadline |
| | If a Sale Transaction, Deadline to Object to Transaction(s) |
| **October 13, 2023** | If a Sale Transaction, Sale Hearing |
| **TBD** | If an Equity Transaction, the Deadline to Object to Plan Confirmation |
| **TBD** | If an Equity Transaction, the Confirmation Hearing |

3. ***Successful Bidder***.  Following the Auction (if any), the Debtors will promptly file with the Court a notice (the "<u>Notice of Successful Bidder</u>") that will inform the Court of the results of the Auction. In the event that, in accordance with the Bid Procedures, no Auction is conducted and the Stalking Horse Bidder(s) (if any) is/are named the Successful Bidder, the Debtors will file a notice to that effect, which will constitute the Notice of Successful Bidder. The Notice of Successful Bidder will identify: (i) the Successful Bidder(s); (ii) the amount and form of consideration to be paid by the Successful Bidder(s); (iii) the liabilities to be assumed by the Successful Bidder(s); and (iv) the Potential Assumed Contracts to be assumed by the Debtors and assigned or transferred to the Successful Bidder(s), or the Debtors' rights and interests therein sold and transferred to the Successful Bidder(s), as the case may be, in connection with the Transaction(s). If a Sale Transaction, the list of Assumed Contracts may be modified at any time until the closing of the Transaction. If an Equity Transaction, the list of Assumed Contracts may be modified as set forth in the Plan. The Notice of Successful Bidder will also include similar information relating to the Back-Up Bidder(s) and the Back-Up Bid(s). In addition, the Debtors will attach to the Notice of Successful Bidder: (i) if a Sale Transaction, the Sale Order(s) approving the Sale Transaction (s) to the Successful Bidder(s) (as necessary); (ii) a copy of the Transaction Agreement(s) entered into by the Debtors and the Successful Bidder(s) following the Auction; and (iii) any additional information or documentation relevant to the Successful Bid(s). The Debtors will file the Notice of Successful Bidder on the docket for

these Chapter 11 Cases as promptly as is reasonably practicable after the Auction.

**II.     The Bid Procedures.**

4.     The Bid Procedures, which are incorporated by reference as though fully set forth herein, are hereby approved, and the Debtors are authorized to solicit bids and conduct an Auction, if necessary, on the terms set forth in the Bid Procedures. The Bid Procedures shall govern the submission, receipt, and analysis of all bids, and any party desiring to submit a bid on the Debtors' Equity or some or all of the Debtors' Assets must do so strictly in accordance with the terms of the Bid Procedures and this Order. The Debtors are authorized to take all actions as are reasonably necessary or appropriate to implement the Bid Procedures.

5.     Each bidder participating at an Auction (if any) shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the Transaction, as set forth in the Bid Procedures, and an Auction (if any) shall be transcribed or recorded.

6.     Pursuant to the Bid Procedures, the Debtors may (a) determine which Qualified Bid is the highest or otherwise best offer for the Equity or applicable Assets, (b) at any time prior to entry of an Order of the Court approving the applicable Successful Bid, reject any Bid (other than the Stalking Horse Agreement, if any) that the Debtors determine is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code or the Bid Procedures, or (iii) contrary to the best interests of the Debtors' estates and their creditors, and (c) prior to conclusion of an Auction (if any) impose such other terms and conditions upon Qualified Bidders as the Debtors determine to be in the best interests of the Debtors' estates in the Chapter 11 Cases.

7.     If the Auction is cancelled, then the Debtors shall file a notice with the Court of such election within two (2) business days of the determination of such election by the Debtors.

If a Sale Transaction, the deadline to object to the Transaction shall be **October 12, 2023, at 4:00 p.m.** (prevailing Eastern Time). If an Equity Transaction, the deadline to object to the Transaction will be the deadline to object to the Plan, which will be set at a later date.

8. Other than any Bid Protections approved for the Stalking Horse Bidder (if any) in accordance with the procedures set forth in this Order, no person or entity shall be entitled to any expense reimbursement, breakup fees, "topping," termination, or other similar fee or payment, and by submitting a bid, such person or entity is deemed to have waived their right to request or to file with this Court any request for expense reimbursement or any fee of any nature in connection with such bid, whether by virtue of Bankruptcy Code section 503(b) or otherwise.

**III.    Approval of Procedures for Selection of Stalking Horse Bidder and Bid Protections.**

9. The Debtors are authorized to enter into a Stalking Horse Agreement, which may provide for payment of the Bid Protections, as set forth in the Bid Procedures, subject to notice and entry of an order approving the selection of the Stalking Horse Bidder as set forth herein.

10. In the event that the Debtors designate a Stalking Horse Bidder and seek to enter into a Stalking Horse Agreement on or prior to September 26, 2023, at 4:00 p.m. (prevailing Eastern Time) (the "Stalking Horse Supplement Deadline"), the Debtors shall file a supplement to the Motion (the "Stalking Horse Supplement") seeking approval of the same, and serve the Stalking Horse Supplement by email, where available, or otherwise by first class mail, with no less than three (3) business days' notice of the objection deadline (the "Stalking Horse Objection Deadline") to: (a) the U.S. Trustee; (b) the Committee; and (c) those parties who have requested notice of all pleadings filed in the Chapter 11 Cases pursuant to Bankruptcy

Rule 2002 (collectively, the "Stalking Horse Notice Parties") with no further notice being required. After such notice and absent timely objection, the Debtors may submit an order to the Court under certification of counsel approving the selection of such Stalking Horse Bidder(s) and the Bid Protections. If and to the extent necessary, the Debtors shall be entitled to set an expedited hearing on any objection to the designation of the Stalking Horse Bidder promptly following the expiration of any Stalking Horse Objection Deadline, subject to the availability of the Court.

**IV.    The Assumption and Assignment Procedures**

11.    The following Assumption and Assignment Procedures regarding the assumption and assignment of the Assumed Contracts proposed to be assumed by the Debtors and assigned to a Successful Bidder are approved:

(a)    **Cure Notice**. Within five business days after entry of the Bid Procedures Order, the Debtors will file the Cure Notice identifying the potential Assumed Contracts (such list, the "Cure Schedule"), and serve such notice on all Assumed Contract counterparties. The Cure Schedule attached to the Cure Notice served on each counterparty shall: (i) identify potential Assumed Contracts; (ii) identify the Debtor counterparty to such potential Assumed Contracts; (iii) list the proposed cure amounts, if any, that the Debtors believe must be paid to cure all defaults outstanding under each potential Assumed Contract (the "Cure Amounts") as of such date; (iv) include a statement that assumption and assignment of such potential Assumed Contracts is not required or guaranteed; and (v) inform such contract counterparty of the requirement to file any Cure/Assignment Objection (as defined below) by the Cure/Assignment Objection Deadline (as defined below). Service of the Cure Notice, including the Cure Schedule, upon a counterparty does not constitute an admission that a particular potential Assumed Contract is an executory contract or unexpired lease, or confirm that the Debtors are required to assume and/or assign such contract or lease.

(b)    **Cure and Assignment Objections**. A contract counterparty with any potential Assumed Contract listed on the Cure Schedule must file any objections to a proposed Cure Amount (a "Cure Objection") and/or any other objections to the assumption and assignment or transfer of any of the potential Assumed Contract (an "Assignment Objection") by

8

        **October 2, 2023 at 4:00 p.m. (prevailing Eastern Time)** (the "Cure/Assignment Objection Deadline"). Any Cure Objection and/or Assignment Objection must: (i) be in writing; (ii) comply with the applicable provisions of the Bankruptcy Rules, the Bankruptcy Local Rules, and any order governing the administration of these Chapter 11 Cases; (iii) state with specificity the nature of the objection and, if the Cure Objection pertains to the proposed Cure Amounts, state the cure amount alleged to be owed to the objecting contract counterparty, together with any applicable and appropriate documentation in support thereof; (iv) include complete contact information for such contract counterparty (including address, telephone number, and email address); and (v) be filed with the Court and served upon the Objection Notice Parties[5] prior to the Cure/Assignment Objection Deadline; *provided* that the Debtors may modify the Cure/Assignment Objection Deadline with respect to any Contract Counterparty upon consultation with the Stalking Horse Bidder (if any) or the Successful Bidder, as applicable, by email confirmation.

(c)     **Adequate Assurance Objections.** A contract counterparty with any potential Assumed Contract listed on the Cure Schedule must file any objections to, as applicable, the Stalking Horse Bidder's or Successful Bidder's proposed form of adequate assurance of future performance (an "Adequate Assurance Objection" and, together with Cure Objections and Assignment Objections, "Contract Objections") no later than **October 12, 2023 at 4:00 p.m. (prevailing Eastern Time)**.

(d)     **Effects of Filing a Cure Objection**. A properly filed Contract Objection will reserve such objecting party's rights against the Debtors only with respect to the assumption and assignment or transfer of the potential Assumed Contract at issue, and/or objection to the accompanying Cure Amounts, as set forth in the Contract Objection, but will not constitute an objection to the remaining relief requested in the Motion.

(e)     **Dispute Resolution**. Any Contract Objection that remains unresolved after the Sale Hearing shall be heard at such later date as may be agreed upon by the parties or fixed by the Court. To the extent that any Contract Objection cannot be resolved by the parties, any potential Assumed Contract subject to such Contract Objection shall be assumed and assigned or transferred only upon satisfactory resolution of the Contract Objection, to be determined in the Successful Bidder's reasonable discretion. To the extent a Contract Objection remains unresolved, the potential Assumed Contract may be conditionally assumed and assigned, subject to the consent of the Successful Bidder, pending a resolution of

---

[5] The Objection Notice Parties are (i) the United States Trustee for the Southern District of Delaware; (ii) counsel to the Committee; (iii) counsel to any Stalking Horse Bidder (if any); and (iv) persons who have filed a request for notice pursuant to Bankruptcy Rule 2002.

the Contract Objection after notice and a hearing. If a Contract Objection is not satisfactorily resolved, the Successful Bidder may determine that such Contract should not be an Assumed Contract, in which case the Successful Bidder will not be responsible for any Cure Amounts in respect of such contract. Notwithstanding the foregoing, if a Contract Objection is solely a Cure Objection (any such objection, a "Cure Dispute"), the applicable potential Assumed Contract may be assumed by the Debtors and assigned to the Successful Bidder provided that the cure amount the contract counterparty asserts is required to be paid under Bankruptcy Code section 365(b)(1)(A) and (B) (or such lower amount as agreed to by the contract counterparty) is deposited in a segregated account by the Debtors pending the Court's adjudication of the Cure Dispute or the parties' consensual resolution of the Cure Dispute.

(f) **Supplemental Cure Notice**. If the Debtors discover potential Assumed Contract inadvertently omitted from the Cure Notice or the Successful Bidder identifies other potential Assumed Contract that it desires to assume or assume and assign in connection with the Transaction, the Debtors may, after consultation with the Successful Bidder, at any time before the closing of the Transaction (if a Sale Transaction) or as set forth in the Plan (if an Equity Transaction), supplement the Cure Notice with previously omitted potential Assumed Contracts or modify a previously filed Cure Notice, including by modifying the previously stated Cure Amounts associated with any potential Assumed Contract (the "Supplemental Cure Notice").

(g) **Objection to the Supplemental Cure Notice**. Any contract counterparty listed on a Supplemental Cure Notice may file an objection (a "Supplemental Cure/Assignment Objection") only if such objection is to the proposed assumption or assumption and assignment or transfer of the applicable potential Assumed Contract or the proposed Cure Amounts, if any. All Supplemental Cure/Assignment Objections must: (i) be in writing; (ii) comply with the applicable provisions of the Bankruptcy Rules, the Bankruptcy Local Rules, and any order governing the administration of these Chapter 11 Cases; (iii) state with specificity the nature of the objection and, if the Supplemental Cure/Assignment Objection pertains to the proposed Cure Amounts, state the cure amount alleged to be owed to the objecting contract counterparty, together with any applicable and appropriate documentation in support thereof; (iv) include complete contact information for such contract counterparty (including address, telephone number, and email address); and (v) be filed no later than 5:00 p.m. (prevailing Eastern Time) on the date that is the later of (x) seven days following the date of service of such Supplemental Cure Notice and (y) the Cure/Assignment Objection Deadline (the "Supplemental Cure/Assignment Objection Deadline"); *provided* that the Debtors may modify the Supplemental Cure/Assignment Objection Deadline with respect to any contract

10

  counterparty upon consultation with the Stalking Horse Bidder or the Successful Bidder, as applicable, by email confirmation.

(h) **Dispute Resolution of Supplemental Cure Objection**. If a contract counterparty files a Supplemental Cure/Assignment Objection in a manner that is consistent with the requirements set forth above, and the parties are unable to consensually resolve the dispute, the Debtors shall seek an expedited hearing before the Court to determine the Cure Amounts, if any, and approve the assumption or transfer of the relevant potential Assumed Contracts. If there is no such objection, then the Sale Order shall constitute an order of the Court fixing the Cure Amounts and approving the assumption and assignment or transfer of any potential Assumed Contracts listed on a Supplemental Cure Notice, subject to such potential Assumed Contract's designation as an Assumed Contract. Notwithstanding the foregoing, if a Supplemental Cure/Assignment Objection relates solely to a Cure Dispute, the applicable potential Assumed Contracts may be assumed by the Debtors and assigned to the Successful Bidder provided that the cure amount the contract counterparty asserts is required to be paid under Bankruptcy Code section 365(b)(1)(A) and (B) (or such lower amount as agreed to by the Contract Counterparty) is deposited in a segregated account by the Debtors pending the Court's adjudication of the Cure Dispute or the parties' consensual resolution of the Cure Dispute.

**(i)** **No Cure Objections**. If there are no Contract Objections or Supplemental Cure/Assignment Objections, or if a contract counterparty does not file and serve a Contract Objection or a Supplemental Cure/Assignment Objection in a manner that is consistent with the requirements set forth above, and absent a subsequent order of the Court establishing an alternative Cure Amount, (i) the Cure Amounts, if any, set forth in the Cure Notice (or Supplemental Cure Notice) shall be controlling, notwithstanding anything to the contrary in any potential Assumed Contract or any other document, and (ii) the contract counterparty will be deemed to have consented to the assumption, assumption and assignment, or transfer of the potential Assumed Contract and the Cure Amounts, if any, and will be forever barred from objecting to the assumption, assumption and assignment, or transfer of such potential Assumed Contract and rights thereunder, including the Cure Amounts, if any, and from asserting any other claims related to such potential Assumed Contracts against the Debtors or the Successful Bidder, or the property of any of them.

12. Any objection to the ability of the Successful Bidder to provide adequate assurance of future performance with respect to any Assumed Contract must be filed with the Court no later than **October 12, 2023 at 4:00 p.m. (prevailing Eastern Time)**.

13. The inclusion of a potential Assumed Contract on a Cure Notice or Supplemental Cure Notice will not (a) obligate any Debtor to assume, assume and assign, and/or transfer such potential Assumed Contract listed thereon nor obligate the Stalking Horse Bidder or any other Successful Bidder to take assignment of such potential Assumed Contract; or (b) constitute any admission or agreement of the Debtors that such potential Assumed Contract is an executory contract or unexpired lease. Only those potential Assumed Contracts that are included on a schedule of assumed and assigned contracts attached to the definitive agreement of the Successful Bidder (including amendments or modifications to such schedules in accordance with such agreement)—*i.e.* the Assumed Contracts— will be assumed and assigned or transferred to the Successful Bidder.

## V.    Transaction Notice and Related Relief.

14. The Transaction Notice, substantially in the form attached hereto as **Exhibit 2**, is hereby approved. Within three business days after entry of this Order, the Debtors shall serve the Bid Procedures and the Transaction Notice upon (a) the U.S. Trustee; (b) counsel to the Committee; (c) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (d) any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d). In addition, within three business days after entry of this Order, (i) the Debtors will publish the Transaction Notice, with any modifications necessary for ease of publication, on the case-specific website maintained by Stretto to provide notice to any other potential interested parties, and (ii) will serve the Cure Notice upon the Objection Notice Parties and the applicable contract counterparties.

15. Nothing in this Order or the Bid Procedures shall be deemed a waiver of any rights, remedies, or defenses that any party (including the Debtors, the Stalking Horse Bidder, or

any other prospective purchaser) has or may have under applicable bankruptcy and non-bankruptcy law or any rights, remedies or defenses of the Debtors with respect thereto, including seeking relief from the Court with regard to the Auction, the Bid Procedures, the Transaction, and any related items (including, if necessary, to seek an extension of the Bid Deadline).

16. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

17. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

18. The requirements set forth in Bankruptcy Local Rule 9013-1 and the Procedures for Complex Chapter 11 Cases in the District of Delaware are satisfied by the contents of the Motion.

19. Notwithstanding Bankruptcy Rule 6004(h) and 6006, to the extent applicable, this Order shall be immediately effective and enforceable upon entry hereof.

20. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.