# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Prime Core Technologies Inc., *et al.*,[1]<br><br>                                   Debtors. | Chapter 11<br><br>Case No. 23-11161 (JKS)<br><br>(Jointly Administered)<br><br>**Hearing Date: N/A**<br>**Objection Deadline: N/A** |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER SHORTENING NOTICE OF HEARING ON THE DEBTORS' MOTION TO APPROVE BIDDING PROCEDURES FOR THE SALE OF ALL OF THE DEBTORS' EQUITY OR ALL OR SUBSTANTIALLY ALL OF DEBTORS' ASSETS

Prime Core Technologies Inc. and certain of its affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby move (the "Motion to Shorten") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), shortening notice of the *Debtors' Motion for Entry of (a) an Order (I) Approving Bidding Procedures for the Sale of All of the Debtors' Equity or All Substantially All of Debtors' Assets, (II) Authorizing the Debtors to Enter Into One or More Stalking Horse Agreements, (III) Approving Bid Protections, (IV) Scheduling an Auction and Related Dates Thereto, (V) Approving the Form and Manner of Notice Thereof, (VI) Approving Contract Assumption and Assignment Procedures, and (VII) Granting Related Relief* (the "Bid Procedures Motion").[2] In support thereof, the Debtors rely upon the *Declaration of Jor Law, Interim Chief Executive Officer and President of Prime Core Technologies Inc., et al., in Support*

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA, LLC (8436); and Prime Digital LLC (4528). The Debtors' service address is 330 South Rampart Blvd., Suite 260, Las Vegas, NV 89145.

[2] The Bid Procedures Motion is incorporated by reference as if fully set forth herein.

*of Chapter 11 Petitions and First Day Motions* [Docket No. 14] (the "First Day Declaration").[3] In further support of the Motion to Shorten, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider the Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion to Shorten in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.  The legal predicates for the relief requested herein are sections 102 and 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 6004-1 and 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3.  The Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with the Motion to Shorten in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

4.  On August 14, 2023 (the "Petition Date"), each Debtor commenced a case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). These cases have been jointly administered for procedural purposes only.

---

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Bid Procedures Motion or the First Day Declaration, as applicable.

5. The Debtors continue to manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6. On August 29, 2023, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to Bankruptcy Code section 1102 (the "Committee") [Docket No. 51]. The Committee is comprised of the following unsecured creditors: (a) Yousef Abbasi; (b) Allsectech, Inc.; (c) DMG Blockchain Solutions, Inc.; (d) Net Cents Technology, Inc.; (e) Polaris Ventures; (f) Stably Corporation; and (g) Austin Ward.

7. Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases, is set forth in the First Day Declaration, which is incorporated by reference as if fully set forth herein.

8. Contemporaneously with this Motion to Shorten, the Debtors filed the Bid Procedures Motion, pursuant to which the Debtors seek entry of an order (the "Bid Procedures Order"):

   a. approving the procedures in connection with the sale or sales (collectively, the "Sale Transaction") of all or substantially all of the Debtors' assets (the "Assets") or any portion thereof or 100% of the equity interests in the reorganized Debtors (the "Equity") through a stock purchase transaction (an "Equity Transaction," and together with a Sale, a "Transaction") substantially in the form attached to the Bid Procedures Order as Exhibit 1 (the "Bid Procedures");

   b. approving certain bid protections and authorizing the Debtors, in their discretion, and after consultation with the Committee, to select one or more bidders to act as stalking horse bidders (each, a "Stalking Horse Bidder") and, if a Sale Transaction, enter into purchase agreements or, if an Equity Transaction, agree to terms of a chapter 11 plan (the "Plan") with such Stalking Horse Bidder(s) (each such agreement, a "Stalking Horse Agreement");

   c. scheduling related bid deadlines and an auction (the "Auction");

    d. approving the form and manner of notice thereof substantially in the form attached to the Bid Procedures Order as Exhibit 2 (the "Transaction Notice"); and

    e. approving procedures (the "Assumption and Assignment Procedures") related to the assumption and assignment of certain of the Debtors' executory contracts and unexpired leases (the "Assumed Contracts"), and certain related notice, including the form and manner of cure notice substantially in the form attached to the Bid Procedures Order as Exhibit 3 (the "Cure Notice").

## RELIEF REQUESTED

10. The Debtors seek entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A** (a) shortening the notice period with respect to the Bid Procedures Motion, (b) setting the date for the hearing to consider approval of the Bid Procedures and related relief no later than September 8, 2023 (the "Bid Procedures Hearing"), (c) permitting parties to file objections, if any, prior to or at the Bid Procedures Hearing, (d) granting such other relief as the Court deems just and proper.

## BASIS FOR RELIEF

11. Bankruptcy Rule 2002 provides that a debtor shall give "all creditors and indenture trustees at least 21 days' notice by mail of . . . (2) a proposed use, sale, or lease of property of the estate other than in the ordinary course of business unless the court for cause shown shortens the time or directs another method of giving notice." Fed. R. Bankr. P. 2002(a). Additionally, Local Rule 6004-1(c) provides that a motion to approve bidding and auction procedures shall be filed not less than twenty-one (21) days prior to a hearing thereon. Del. Bankr. L.R. 6004-1(c). Further, Local Rule 9006-1(c)(ii) provides, "the deadline for objection(s) shall be no later than seven (7) days before the hearing date." Del. Bank. L.R. 9006-1(c)(ii).

12. Pursuant to Bankruptcy Code section 102(1), the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances. 11 U.S.C. § 102(1). Bankruptcy Code section 105(a) provides that the Court

4

"may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. *Id.* at § 105(a).

13. Further, Bankruptcy Rule 9006 provides that bankruptcy courts may order time periods set by the Bankruptcy Rules to be reduced "for cause shown." Fed. R. Bank. P. 9006(c)(1). In exercising such discretion, courts should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Phila. Newspapers, LLC*, 690 F.3d 161, 171–72 (3d Cir. 2012) (noting the commonality of such motions "[g]iven the accelerated time frame of bankruptcy proceedings"). Local Rule 9006-1(e) likewise provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

14. Specifically with respect to motions seeking approval of bidding procedures, Local Rule 6004-1(c) similarly provides that a debtor can seek to shorten notice thereof. *See* Del. Bankr. L.R. 6004-1(c). Consistent with these rules, this Court has shortened the notice periods for bid procedures motions where the debtor shows cause. *See, e.g., In re Amerimark Interactive, LLC*, Case No. 23-10348 (TMH) (Bankr. D. Del. Apr. 13, 2023) [Docket No. 54] (shortening notice of bidding procedures hearing by seven days); *In re NewAge, Inc.*, Case No. 22-10819 (LSS) (Bankr. D. Del. Sep. 2, 2022) [Docket No. 48] (shortening notice of bidding procedures hearing by three days); *In re Knotel, Inc.*, Case No. 21-10146 (MFW) (Bankr. D. Del. Feb. 3, 2021) [Docket No. 64] (shortening notice of bidding procedures hearing to eight days); *In re Renovate America, Inc.*, Case No. 20-13172 (LSS) (Bankr. D. Del. Dec. 24, 2020) [Docket No. 40] (shortening notice of bidding procedures hearing by four days); *In re Rudy's Barbershop Holdings, LLC*, Case. No. 20-10746 (LSS) (Bankr. D. Del. April 7, 2020) [Docket No. 35] (shortening notice of bidding procedures hearing by nine days); *In re Techniplas, LLC*, Case No.

20-11049 (LSS) (Bankr. D. Del. May 8, 2020) [Docket No. 84] (shortening notice of bidding procedures hearing by seven days); *In re GCX Limited*, Case No. 19-12031 (CSS) (Bankr. D. Del. Sept. 17, 2019) [Docket No. 60] (shortening notice of bidding procedures hearing by eleven days); *In re Fred's, Inc.*, Case No. 19-11984 (CSS) (Bankr. D. Del. Sept. 17, 2019) [Docket No. 114] (shortening notice of bidding procedures hearing by eleven days); *In re Terra Via Holdings, Inc.*, Case No. 17-11655 (CSS) (Bankr. Del. Aug. 3, 2017) [Docket No. 53] (shortening notice of bidding procedures hearing by two days); *NSC Wholesale Holdings LLC*, No. 18-12394 (KJC) (Bankr. Del. Oct. 26, 2018) [Docket No. 45] (shortening notice of bidding procedures hearing to eight days).

15. For the reasons set forth below, based on sufficient cause exists to shorten notice with respect to the Bid Procedures Motion in light of the facts and circumstances of these Chapter 11 Cases.

16. As discussed in the First Day Declaration, one of the Debtors' goals in these Chapter 11 Cases is to effectuate a sale of all of the Debtors' Equity or all or substantially all of their Assets under Bankruptcy Code section 363. The Debtors have been subject to a Cease and Desist Order issued by the Nevada Financial Institutions Division since on or about June 21, 2023. As such, the Debtors have not been operating for months and entered chapter 11 without any operating revenue or income streams and with limited liquidity. In short, the Debtors cannot afford to undertake a lengthy sale process.

17. Further, the Debtors and their professionals do not believe that a longer marketing and sale process is necessary to maximize value in these Chapter 11 Cases. As discussed in the First Day Declaration, the Debtors conducted a prepetition marketing process and, although such process ultimately failed, the Debtors believe that sufficient interest in either an Equity

Transaction or a Sale Transaction exists, and that certain parties identified during their prepetition marketing efforts, as well as new parties, will come forward to participate in the sale process on the timeline set forth in the Bid Procedures Motion.

18. Further, the Debtors have retained Galaxy Digital Partners LLC ("Galaxy"), a leading financial advisory services firm in the cryptocurrency space, as their investment banker in these Chapter 11 Cases. With the help of Galaxy, the Debtors have commenced a second marketing and sale process to solicit interest for consummating an Equity Transaction or a Sale Transaction or Equity Transaction.

19. For similar reasons, the Debtors and their professionals believe that shortening notice of the Bid Procedures Motion to allow it to be heard on nine days' notice is necessary and appropriate under the circumstances. As the Court is aware, bid procedures establish the "rules of the game" for a sale process. Having Court-approved bid procedures in place provides potential bidders with both assurances that they are operating on a level playing field according to rules applicable to all bidders, and certainty as to what is required to participate in the process. Therefore, the Debtors believe these Chapter 11 Cases and the contemplated sale process will be best served by the establishment of bidding and auction procedures as soon as possible.

20. Finally, no party will be prejudiced by approval of the Bid Procedures. The Debtors are only seeking approval of procedures, not a Transaction, at the Bid Procedures Hearing. Parties in interest will still have time and opportunity to come forward and raise Transaction objections should any be necessary. Conversely, the Debtors will be severely prejudiced by a protracted sale process as it will unnecessarily increase administrative costs and otherwise tax the Debtors' strained liquidity. Such an outcome will only serve to cause detriment to the Debtors' estates, creditors, and stakeholders.

21. For these reasons, the Debtors respectfully submit that allowing the Bid Procedures Motion to be considered on shortened notice at a hearing on or before September 8, 2023, is reasonable and appropriate under the circumstances.

### CERTIFICATION PURSUANT TO LOCAL RULE 9006-1(e)

22. The Debtors contacted the U.S. Trustee regarding the relief requested in this Motion to Shorten pursuant to Local Rule 9006-1(e). The U.S. Trustee has indicated its opposition to the relief requested on the basis that the Committee has not had adequate opportunity to review. Further, although the U.S. Trustee appointed the Committee, at the time of filing, the Debtors were unaware whether the Committee had selected counsel, and thus, were unable to confer with the Committee in advance of the filing. The Debtors will confer with Committee counsel once selected, and will otherwise keep the Court apprised of the U.S. Trustee's position with respect to the Motion to Shorten following the filing of this Motion to Shorten.

### NOTICE

23. The Debtor will provide notice of the Motion to Shorten to: (a) the U.S. Trustee; (b) the Committee; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice is required.

*[Remainder of page intentionally left blank].*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: August 30, 2023<br>Wilmington, Delaware | **MCDERMOTT WILL & EMERY LLP**<br><br>*/s/ Maris J. Kandestin*<br>Maris J. Kandestin (No. 5294)<br>1000 N. West Street, Suite 1400<br>Wilmington, Delaware 19801<br>Telephone: (302) 485-3900<br>Facsimile: (302) 351-8711<br>Email: mkandestin@mwe.com<br><br>-and-<br><br>Darren Azman (admitted *pro hac vice*)<br>Joseph B. Evans (admitted *pro hac vice*)<br>One Vanderbilt Avenue<br>New York, New York 10017-3852<br>Telephone: (212) 547-5400<br>Facsimile: (646) 547-5444<br>Email: dazman@mwe.com<br>jbevans@mwe.com<br><br>-and-<br><br>Gregg Steinman (admitted *pro hac vice*)<br>333 SE 2nd Avenue, Suite 5400<br>Miami, Florida 33131<br>Telephone: (305) 358-3500<br>Facsimile: (305) 347-6500<br>Email: gsteinman@mwe.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |