**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Prime Core Technologies Inc., *et al.*,[1]<br><br>                             Debtors. | Chapter 11<br><br>Case No. 23-11161 (JKS)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: Sep. 12, 2023 at 4:00 p.m. ET**<br>**Hrg. Date: Sep. 19, 2023 at 10:00 a.m. ET** |

**DEBTORS' MOTION FOR ENTRY OF ORDER (I) ESTABLISHING**
**BAR DATES TO FILE PROOFS OF CLAIM; (II) APPROVING**
**FORM AND MANNER FOR FILING PROOFS OF CLAIM;**
**(III) APPROVING FORM AND MANNER OF NOTICE**
**OF BAR DATES; AND (IV) GRANTING RELATED RELIEF**

Prime Core Technologies Inc. and certain of its affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby move (the "Motion") for entry of an order (the "Bar Date Order"), substantially in the form attached hereto as **Exhibit A**, (i) establishing bar dates by which creditors must file proofs of claim against the Debtors, (ii) approving procedures with respect to the form and manner for filing proofs of claim, (iii) approving the form and notice with respect to the bar dates, and (iv) granting related relief. In support thereof, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware,

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.     The legal predicates for the relief requested herein are sections 105(a), 501, 502, 503, and 1111(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 1009-2 and 2002-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3.     The Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with the Motion in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

5.     On August 14, 2023 (the "Petition Date"), each Debtor commenced a case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). These cases have been jointly administered for procedural purposes only.

4.     The Debtors continue to manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6.     On August 29, 2023, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to Bankruptcy Code section 1102 (the "Committee") [Docket No. 51]. The Committee is comprised of the following unsecured creditors: (a) Yousef Abbasi; (b) Allsectech, Inc.; (c) DMG Blockchain Solutions, Inc.; (d) Net Cents Technology, Inc.; (e) Polaris Ventures; (f) Stably Corporation; and (g) Austin Ward.

7.  Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases, is set forth in the Debtors rely upon the *Declaration of Jor Law, Interim Chief Executive Officer and President of Prime Core Technologies Inc., et al., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 14], which is incorporated by reference as if fully set forth herein.

8.  Pursuant to Local Rule 1007-1(b), the deadline for the Debtors to file their Schedules (collectively, the "Schedules") and Statements of Financial Affairs is September 11, 2023 (as may be extended, the "Schedules Deadline").

## RELIEF REQUESTED

5.  By the Motion, the Debtors respectfully request that the Court enter a Bar Date Order in substantially the same form as attached hereto as **Exhibit A**:

    (a)  establishing 4:00 p.m. (prevailing Eastern Time) on the date that is 21 calendar days following the Debtors' filing of their Schedules as the deadline by which all persons and entities,[2] other than governmental units,[3] holding a claim[4] against the Debtors arising prior to the Petition Date, including claims arising under Bankruptcy Code section 503(b)(9), must file a proof of claim (a "Proof of Claim") with respect to such claim (the "General Bar Date");

    (b)  establishing February 10, 2024 at 4:00 p.m. (prevailing Eastern Time), as the deadline by which governmental units (each, a "Governmental Unit") holding a claim against the Debtors arising prior to the Petition Date must file a Proof of claim with respect to such claim (the "Governmental Bar Date");

    (c)  establishing **the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 4:00 p.m. (prevailing Eastern Time) on the date this is 21 days from which the Debtors provide notice of an amendment or supplement to the Schedules** as the deadline by which claimants holding claims

---

[2]  As used herein, the terms "person" and "entity" shall have the meanings set forth in Bankruptcy Code sections 101(41) and 101(15), respectively.

[3]  As used herein, the term "governmental unit" shall have the meaning set forth in Bankruptcy Code section 101(27).

[4]  As used herein, the term "claim" shall have the meaning set forth in Bankruptcy Code section 101(5).

  affected by such amendment or supplement must file a Proof of Claim with respect to such claim (the "Amended Schedules Bar Date");

(d) establishing **the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 4:00 p.m. (prevailing Eastern Time) on the date this is 21 days following service of an order authorizing the rejection of an executory contract or unexpired lease** as the deadline by which claimants asserting Claims resulting from the Debtors' rejection of an executory contract or unexpired lease must file a Proof of Claim with respect to such claim (the "Rejection Damages Bar Date," and together with the General Bar Date, the Amended Schedules Bar Date, and the Governmental Bar Date, the "Bar Dates");

(e) approving the proposed procedures set forth herein for filing Proofs of Claim;

(f) approving the Debtors' proposed model Proof of Claim form (the "Proof of Claim Form"), substantially in the form attached to the proposed Bar Date Order as *Exhibit 1*;

(g) approving the proposed procedures set forth herein for providing notice o f the Bar Dates, including (i) the form of notice substantially in the form attached to the proposed Bar Date Order as *Exhibit 2* (the "Bar Date Notice"), and the form of publication notice with respect to the Bar Dates in substantially in the form attached to the proposed Bar Date Order as *Exhibit 3*; and

(h) granting related relief.

**I.** **Establishment of Bar Dates**

  6. Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in chapter 11 cases and provides in relevant part that: "[t]he court shall fix and for cause shown may extend the time within which proofs of claim . . . may be filed." Fed. R. Bankr. P. 3003(c)(3). Bankruptcy Rule 3003(c)(2) also provides that "any creditor who fails to [file a proof of claim by the bar date fixed by the court] shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." Fed. R. Bankr. P. 3003(c)(2). Section 502(b)(9) of the Bankruptcy Code provides that the "claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide." 11 U.S.C. § 502(b)(9). Additionally,

Local Rule 2002-1(e) provides that "[i]n all cases under chapter 11, the debtor may request a bar date for the filing of proofs of claim or interest." Bankr. D. Del. L.R. 2002-1(e).

7. Further, although Bankruptcy Rule 2002(a)(7) generally provides that all parties-in-interest must receive, at a minimum, twenty-one (21) days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), neither the Bankruptcy Code, the Bankruptcy Rules, nor the Local Rules specify a time by which proofs of claim must be filed in chapter 11 cases (other than Bankruptcy Code section 502(b)(9), which provides that governmental units shall have a minimum of 180 days after the entry of the order for relief to file proofs of claim). The Court has authority to grant the relief requested in this Motion in furtherance of Bankruptcy Rule 3003 and under Bankruptcy Code section 105(a), which empowers bankruptcy courts to enter "any order, process, or judgment that is necessary or appropriate" to carry out the provisions of the Bankruptcy Code. 11 U.S.C. § 105(a).

8. Here, the Debtors propose to give all creditors at least 21 days' notice of the Bar Dates. The Debtors also intend to file their Schedules at least 19 days in advance of the proposed General Bar Date. Creditors will therefore have ample time to review the Schedules and their own records and file Proofs of Claim if necessary. In addition, the Debtors propose to set the Governmental Bar Date as the date which is 180 days from the Petition Date. The Debtors respectfully submit that the proposed Bar Dates and the procedures set forth below (the "Procedures") will provide the Debtors' creditors adequate notice and ample opportunity to prepare and file Proofs of Claim.

A. **General Bar Date**

9. The Debtors request that the Court establish 4:00 p.m. (prevailing Eastern Time) on the date that is 21 calendar days following the filing of the Schedules as the General Bar Date.

The General Bar Date would be the date by which any person or entity (including individuals, partnerships, corporations, joint ventures, trusts, but not including Governmental Units) must file a Proof of Claim in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including secured claims, unsecured priority claims, unsecured non-priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code against the Debtor, so that such Proofs of Claim are actually received by Stretto, Inc. (the "<u>Claims Agent</u>" or "<u>Stretto</u>") on or before the General Bar Date, unless such person's or entity's claim falls within one of the exceptions set forth in this Motion.

### B. Governmental Bar Date

10. Bankruptcy Code section 502(b)(9) provides, in relevant part, that "a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the [Bankruptcy Rules] may provide … ." 11 U.S.C. § 502(b)(9). The Debtors propose to establish February 10, 2024 at 4:00 p.m. (prevailing Eastern Time), as the Governmental Bar Date. The Governmental Bar Date would apply to all Governmental Units holding claims against the Debtors, including secured, unsecured priority, and unsecured non-priority claims, that arose prior to the Petition Date, including Governmental Units with claims against the Debtors for unpaid taxes, regulatory or licensing fees, whether such claims arose from prepetition tax years or periods or prepetition transaction to which the Debtors were a party. All Governmental Units holding such claims against the Debtors would be required to file Proofs of Claim so that such Proofs of Claims are actually received by the Claims Agent on or before the Governmental Bar Date.

### C. Amended Schedules Bar Date

11. In the event the Debtors amend or supplement their Schedules, the Debtors request that the Court establish the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 4:00 p.m. prevailing Eastern Time), on the date that is 21 days from the date on which the Debtors provides notice of the amendment or supplement to the Schedules, as the deadline on or before which claimants holding claims affected by such amendment or supplement must file Proofs of Claim with respect to such claims, so that such Proofs of Claim are actually received by the Claims Agent on or before the Amended Schedules Bar Date.

### D. Rejection Damages Bar Date

12. The Debtors request that the Court establish the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 4:00 p.m. (prevailing Eastern Time) on the date that is 21 days following service of an order approving the rejection of any executory contract or unexpired lease of the Debtors, as the deadline on or before which claimants holding claims for damages arising from such rejection must file Proofs of Claim with respect to such rejection, so that such Proofs of Claim are actually received by the Claims Agent on or before the Rejection Damages Bar Date. Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a Proof of Claim for such amounts on or before the General Bar Date, the Governmental Bar Date, or the Amended Schedules Bar Date, as applicable.

II.     **Procedures for Filing Proofs of Claim**

    A.     **Parties Required to File Proofs of Claim**

13.     Except as otherwise set forth herein, the Debtors propose that the following persons or entities (including, without limitation, each individual, partnership, joint venture, limited liability company, corporation, estate, trust, or governmental unit) asserting a claim against the Debtors arising prior to the Petition Date be required to file Proofs of Claim on or before the applicable Bar Date:

    (a) any person or entity whose claim against the Debtors is not listed in the Debtors' Schedules, or is listed as "contingent," "unliquidated," or "disputed," if such entity desires to participate in these Chapter 11 Cases or share in any distribution in these Chapter 11 Cases;

    (b) any person or entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a different classification or amount other than that identified in the Schedules; and

    (c) any person or entity that believes that its claim against the Debtors is or may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

    B.     **Parties Not Required to File Proofs of Claim**

14.     The Debtors propose that the following persons and entities whose claims would otherwise be subject to a Bar Date shall not be required to file Proofs of Claim pursuant to the Bar Date Order:

    (a)     Any claim that is listed in the Debtors' Schedules (i) that is not listed as "contingent," "unliquidated," or "disputed," and (ii) the claimant does not disagree with the amount, nature, and priority as set forth in the Schedules;

    (b)     Any claim as which the holder has already filed a Proof of Claim against the Debtors' estates in a form substantially similar to the Proof of Claim Form attached to the Bar Date Order as *Exhibit 1*;

    (c)     Any claim that has been paid in full by the Debtors;

    (d)     Any claim for which different specific deadlines have previously been fixed by this Court;

(e)       Any claim allowable under Bankruptcy Code sections 503(b)(1) through (b)(8) and 507(a)(2) as an administrative expense;

(f)       Any claim held by one Debtor against another Debtor;

(g)       Any claim that asserts an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred units, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; *provided, however*, that, if any holder asserts such a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), such holder must file a Proof of Claim on or before the applicable Bar Date pursuant to the Procedures;

(h)       Any claim previously allowed or paid pursuant to an order of the Court; or

(i)       Any claim held by a person or entity that is not required to file a Proof of Claim pursuant to an order of this Court.

**C.**       **Requirements for Preparing and Submitting Proofs of Claim**

15.       The Debtors have prepared, and request that the Court approve, the Proof of Claim Form attached as *Exhibit 1* to the proposed Bar Date Order, which the Debtors have modified to allow creditors to assert claims under Bankruptcy Code section 503(b)(9), as well as to require holders of claims based on cryptocurrency to list the number of units of each type of cryptocurrency held in lieu of denominating these amounts in United States dollars.

16.       With respect to preparing and submitting a Proof of Claim Form, the Debtors propose that each Proof of claim be required to conform to the following:

(a)       Proofs of Claim must substantially conform to the Proof of Claim Form attached to the proposed Bar Date Order as *Exhibit 1*;

(b)       Proofs of Claim must (i) be written in the English language; (ii) be denominated in lawful currency of the United States (using the exchange rate, if applicable, as of the Petition Date), or, if based on cryptocurrency, in the type and number of units of such cryptocurrency; (iii) specify by name and case number the Debtors' Chapter 11 Case; (iv) set forth with specificity the legal and factual basis for the alleged claim; (v) include supporting documentation for the claim or an explanation as to why such documentation is not available; and (vi) be signed by the claimant or, if the

(c) Proofs of Claim must be filed (i) electronically through the Claim Agent's website for these Chapter 11 Cases (https://cases.stretto.com/primetrust) by following instructions for filing proofs of claims electronically; (ii) by delivering the original Proof of Claim by regular mail, overnight delivery, courier, or hand delivery to Prime Core Technologies Inc., *et al.*, Claims Processing Center, c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602;

(d) A Proof of Claim shall be deemed timely filed only if it is actually received by the Claims Agent as set forth in subparagraph (c) above, in each case, on or before the applicable Bar Date; and

(e) Proofs of Claim will not be accepted if submitted by facsimile, telecopy, or electronic mail transmission.

### D. Effect of Failure to File Proof of Claim Form

17. Pursuant to Bankruptcy Rule 3003(c)(2), the Debtors request that any person or entity that is required to file a Proof of Claim Form in the form and manner specified in the Bar Date Order, but fails to do so on or before the applicable Bar Date, (a) be forever barred, estopped, and enjoined from asserting such claim against the Debtors, their estates, or the property of the estates, or thereafter filing a Proof of Claim Form with respect thereto in the Chapter 11 Cases; (b) will not, with respect to such claim, be treated as a creditor of the Debtors for the purpose of voting upon any plan in these proceedings; and (c) will not receive or be entitled to receive any payment or distribution of property from the Debtors or their estates with respect to such claim.

### III. Proposed Procedures for Providing Notice of Bar Dates

18. Pursuant to Bankruptcy Rules 2002(a)(7), (f), and (l), the Debtors propose to provide notice of the Bar Dates as follows:

(a) Within 2 business days of entry of the Bar Date Order, the Debtors will commence service of the Bar Date Notice, together with a Proof of Claim

Form, substantially in the form attached to the Bar Date Order as **Exhibit 2**, upon:

i. the U.S. Trustee;

ii. proposed Counsel for the Committee;

iii. all known creditors and other known holders of potential claims against the Debtors' estates;

iv. all counterparties to executory contracts and unexpired leases at the addressed stated therein;

v. all parties to pending litigation against the Debtors as of the Petition Date;

vi. all parties who requested service pursuant to Bankruptcy Rule 2002;

vii. the Internal Revenue Service, the United States Attorney's Office for the District of Delaware, and all applicable Governmental Units;

viii. all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

ix. all regulatory authorities that regulate the Debtors' businesses, including licensing authorities;

x. and such additional persons and entities deemed appropriate by the Debtors.

xi. all known persons and entities holding potential prepetition claims and equity interests against the Debtors,[5] in accordance with the *Interim Order (I) Authorizing Debtors to File a Consolidated Creditor Matrix and Top 50 Creditors List; (II) Authorizing Redaction of Certain Personally Identifiable Information; (III) Authorizing the Debtors to Serve Certain Parties by Electronic Mail; (IV) Approving Certain Notice Procedures; and (V) Granting Related Relief Procedures, and (V) Granting Related Relief* [Docket No. 39].

(b) In addition, no later than five (5) days after entry of the Bar Date Order, the Debtors intend to provide notice of the Bar Dates to unknown creditors by causing a notice, substantially in the form attached to the Bar Date

---

[5] The Bar Date Order, Bar Date Notice, and Proof of Claim Form also will be accessible on Stretto's website: https://cases.stretto.com/primetrust.

    Order as *Exhibit 3* (the "Publication Notice"), to be published once in the national edition of either *The Wall Street Journal*, *The New York Times*, or *USA Today*.

  (c)  The Debtors shall post the Proof of Claim Form and the Bar Date Notice on the website established by the Claims Agent for the Debtors' case: https://cases.stretto.com/primetrust.

  19.  The Bar Date Notice and Publication Notice will: (a) set forth the Bar Dates; (b) advise creditors under what circumstances they must file a Proof of Claim Form under Bankruptcy Rules 3002(c)(2) and 3003(c)(3) or an order of the Court, as applicable; (c) alert creditors to the consequences of failing to timely file a Proof of Claim Form on account of a prepetition claim; (d) set forth the addresses to which Proof of Claim Forms must be submitted; (e) notify creditors of the Procedures with respect to completing a Proof of Claim Form; and (f) notify parties where they can find further information with respect to the Debtors' Chapter 11 Cases. The Debtors submit that the Bar Date Notice will provide creditors with sufficient notice of the Bar Dates in accordance with Bankruptcy Rule 2002(a)(7).

  20.  Further, the Publication Notice will serve to notify (a) those creditors to whom no other notice was sent and who are unknown or not reasonably ascertainable by the Debtor, (b) known creditors with addresses unknown by the Debtors, and (c) creditors with potential claims unknown by the Debtors. The Publication Notice will is substantially similar to the Bar Date Notice and will only omit provisions that are not applicable or not absolutely necessary, for cost savings purposes only. The Debtors propose to publish the Publication Notice, with any necessary modifications for ease of publication, once in the national edition of either *The Wall Street Journal*, *The New York Times*, or *USA Today*, subject to applicable publication deadlines, no later than 5 days after entry of the Bar Date Order. The Debtors submit that the Bar Date Notice will provide creditors with sufficient notice of the Bar Dates in accordance with Bankruptcy Rule 2002(l).

**BASIS FOR RELIEF**

    a. **The Bar Dates and Proposed Procedures for Filing Proofs of Claim Are Reasonable and Appropriate**

21.    Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed R. Bankr. P. 3003(c)(3). Although Bankruptcy Rule 2002(a)(7) generally provides that all parties in interest must receive, at a minimum, twenty-one (21) days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), neither the Bankruptcy Code, the Bankruptcy Rules, nor the Local Rules specify a time by which proofs of claim must be filed in chapter 11 cases (other than section 502(b)(9) of the Bankruptcy Code relating to Governmental Units).

22.    Establishing a bar date allows a debtor to expeditiously determine and evaluate the liabilities of the estate. The absence of such a deadline, in contrast, would prolong creditor uncertainty, increase the costs and expenses incurred by the debtor in connection with a potential claims reconciliation process, and delay or even derail the claims process, thus undercutting one of the principal purposes of bankruptcy law—"secur[ing] within a limited period the prompt and effectual administration and settlement of the debtor's estate. *See Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995).

23.    The Debtors submit that the Procedures described herein provide creditors with sufficient notice and opportunity and a clear process for submitted Proofs of Claim and are thus designed to achieve administrative and judicial efficiency. The Procedures achieve an appropriate balance between providing comprehensive notice and clear instructions with respect to the submission of Proofs of Claim and minimizing delays and minimizing the strain on the Debtors' limited liquidity.

### b. The Proposed Procedures Are Reasonably Calculated to Provide Due and Proper Notice

24. Bankruptcy Rule 2002(a)(7) requires that the Debtors provide claimants at least twenty-one (21) days' notice by mail of the Bar Dates pursuant to Bankruptcy Rule 3003(c). In addition, Bankruptcy Rule 2002(l) provides that the Court may order notice by publication if it finds that notice by mail is impractical or it is desirable to supplement other notice. Bankruptcy Rule 9008 also provides that the Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication.

25. The Debtor proposes to mail the Bar Date Notice to its known creditors, and to rely on the Publication Notice to give notice to any unknown creditors. In conjunction with the setting of the Bar Dates, the Debtors must ensure that interested parties receive appropriate notice of such Bar Dates. To determine the adequacy of notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors. *See Chemetron Corp.*, 72 F.3d at 345-46. As the Third Circuit explained in *Chemetron*, "[k]nown creditors must be provided with actual written notice of a debtor's bankruptcy filing and claims bar date. For unknown claimants, notification by publication will generally suffice." *Id.* at 346 (citations omitted). A "known" creditor is one whose identity is either known or is "reasonably ascertainable by the debtor." *Id.* (citing *Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988)). An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]." *Chemetron*, 71 F.3d at 346 (citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 317 (1950)) (alteration in original).

26. In defining the efforts required to identify "known" creditors, the Third Circuit stated:

> Precedent demonstrates that what is required is not a vast, open-ended investigation . . . . The requisite search instead focuses on the debtor's own books and records. Efforts beyond a careful examination of these documents are generally not required. Only those claimants who are identifiable through a diligent search are "reasonably ascertainable" and hence "known" creditors.

*Chemetron*, 72 F.3d at 346-47 (citations omitted). As for the particular efforts a debtor must exert to identify known creditors, "[w]hether a creditor received adequate notice of a bar date 'depends upon the facts and circumstances of a given case.'" *In re Grand Union Co.*, 204 B.R. 864, 871 (Bankr. D. Del. 1997) (citing *Oppenheim, Appel, Dixon & Co. v. Bullock (In re Robintech, Inc.)*, 863 F.2d 393, 396 (5th Cir. 1989)).

27. The Debtors submit that the proposed notice procedures satisfy the *Chemetron* standard. The Debtors have identified those persons and entities that are known to the Debtors to hold claims against the Debtors or are likely to be potential holders of claims, and all such persons and entities will be served with the Bar Date Notice as set forth herein.

28. The Procedures described herein provide creditors with both sufficient notice and opportunity to file a Proof of Claim Form. Indeed, the proposed procedures are designed to achieve the twin goals of providing comprehensive notice and clear instructions to creditors on the one hand, and allowing the Chapter 11 Cases to move forward promptly and efficiently on the other hand. Further, the proposed Procedures are consistent with applicable case law and practice. *See, e.g., Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 317 (1950) (notice is required to parties whose names and addresses are "reasonably ascertainable"); *Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988) (if names and addresses are available, notice must be mailed, whereas publication notice is allowed if it is not "reasonably possible or

practicable to give more adequate warning").[6] Where a creditor is known to the debtor, due process requires that the debtor take reasonable steps, such as direct mailing, to provide actual notice of the deadline for submitting proofs of claim. However, where a creditor is unknown to the debtor, due process requires only that the debtor take reasonable steps, such as notice by publication, to provide constructive notice of the deadline for submitting proofs of claim. *See, e.g., In re Enron Corp.*, No. 01-16034, 2006 WL 898031, at *4 (Bankr. S.D.N.Y. Mar. 29, 2006) ("[D]ebtor must send actual notice of the bar date to any known creditor, while constructive notice is generally sufficient with an unknown creditor.").

29.     In addition, in the event the Debtors amend or supplement the Schedules subsequent to the date on which the Debtor serves the Bar Date Notice, the Debtor proposes to give notice of any such amendment or supplement to the holders of affected claims whereby such holders will have no less than 21 days from the notice date to file Proofs of Claim with respect to their claims. Similarly, in the event the Debtors reject an executory contract or unexpired lease, the Debtors propose that holders of claims arising from such rejection, if any, shall be required to file Proofs of Claim on account of such rejection by the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 4:00 p.m. (prevailing Eastern Time), on the date that is 21 days following service of an order approving such rejection.

30.     Accordingly, the Debtors submit that approval of the Bar Dates and the proposed procedures for filing Proof of Claim Forms and the form, manner, and sufficiency of notice of

---

[6] *See, e.g.*, *In re Pear Therapeutics, Inc., et al.*, Case No. 23-10429 (TMH) (Bankr. D. Del. June 16, 2023) [Docket No. 254]; *In re Virgin Orbit Holdings, Inc., et al.*, Case No. 23-10405 (KBO) (Bankr. D. Del. April 26, 2023) [Docket No. 147]; *In re GigaMonster Networks, LLC et al.*, Case No. 23-10051 (JKS) (Bankr. D. Del. April 18, 2023) [Docket No. 328]; *In re Clovis Oncology, Inc., et al.*, Case No. 23-11292 (JKS) (Bankr. D. Del. Jan. 19, 2023) [Docket No. 224]; *In re Ruby Pipeline, L.L.C.*, Case No. 22-10278 (CTG) (Bankr. D. Del. June 23, 2023) [Docket No. 229].

such procedures is proper and in the best interests of the Debtors, their estates, and all parties-in-interest.

31.     Based on the foregoing, the Debtors submit that the relief requested herein is necessary and appropriate, and is in the best interests of the Debtors, their estates, creditors, and stakeholders, and should be granted.

## RESERVATION OF RIGHTS

32.     Nothing contained herein is intended to be or shall be construed as (a) an admission as to the validity of any claim or any lien against the Debtors or any of their property; (b) an agreement or obligation to pay any claims; (c) a waiver of any claims or causes of action that may exist against any creditor or interest holder; (d) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim; or (e) an approval, assumption, or rejection of any agreement, contract, program, policy, or lease under Bankruptcy Code section 365. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' right to dispute such claim subsequently, including with respect to any claim listed on the Schedules. To the extent the Debtors dispute any claim listed on the Schedules and such claim is not already listed as "disputed," "contingent," or "unliquidated," the Debtors reserve their rights to amend and supplement their Schedules as appropriate. Further, the Debtor reserves the right to seek a further order of this Court to establish a deadline by which holders of claims not subject to the Bar Dates (for example, postpetition claims) must file Proofs of Claim against the Debtors' estates.

## **NOTICE**

33. The Debtors will provide notice of the Motion to: (a) the U.S. Trustee; (b) counsel to the Committee; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice is required. The Debtors submit that no other or further notice is required.

## **NO PRIOR REQUEST**

34. No previous request for the relief sought herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Bar Date Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: September 5, 2023<br>Wilmington, Delaware | **MCDERMOTT WILL & EMERY LLP**<br><br>*/s/ Maris J. Kandestin*<br>Maris J. Kandestin (No. 5294)<br>1000 N. West Street, Suite 1400<br>Wilmington, Delaware 19801<br>Telephone:  (302) 485-3900<br>Facsimile:  (302) 351-8711<br>Email:  mkandestin@mwe.com<br><br>-and-<br><br>Darren Azman (admitted *pro hac vice*)<br>Joseph B. Evans (admitted *pro hac vice*)<br>One Vanderbilt Avenue<br>New York, New York 10017-3852<br>Telephone:  (212) 547-5400<br>Facsimile:  (646) 547-5444<br>Email:  dazman@mwe.com<br>         jbevans@mwe.com<br><br>-and-<br><br>Gregg Steinman (admitted *pro hac vice*)<br>333 SE 2nd Avenue, Suite 5400<br>Miami, Florida 33131<br>Telephone:  (305) 358-3500<br>Facsimile:  (305) 347-6500<br>Email:  gsteinman@mwe.com<br><br>*Proposed Counsel for the Debtors and Debtors in Possession* |