**<u>EXHIBIT A</u>**

**Bar Date Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No.** |

## ORDER (I) ESTABLISHING BAR DATES TO FILE PROOFS OF CLAIM; (II) APPROVING FORM AND MANNER FOR FILING PROOFS OF CLAIM; (III) APPROVING FORM AND MANNER OF NOTICE OF BAR DATES; AND (IV) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above captioned debtors and debtors in possession (the "Debtors") for entry of an order (this "Order"), pursuant to Bankruptcy Code sections 501, 502 and 503, Bankruptcy Rules 2002, 3002, and 3003, and Local Rules 2002-1(e) and 3003-1: (i) establishing bar dates by which creditors must file proofs of claim against the Debtors, (ii) approving procedures with respect to the form and manner for filing proofs of claim, (iii) approving the form and notice with respect to the bar dates, and (iv) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider this Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper

---

[1]    The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are:  Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order

consistent with Article III of the United States Constitution; and due and sufficient notice of the

Motion having been given under the particular circumstances; and it appearing that no other or

further notice is necessary; and it appearing that the relief requested in the Motion is in the best

interests of the Debtors, their estates, their creditors, and other parties-in-interest; and after due

deliberation thereon; and good and sufficient cause appearing therefor; it is

**HEREBY ORDERED THAT**

1.   The Motion is **GRANTED** to the extent set forth herein.

2.   Unless otherwise provided herein, the following Bar Dates are hereby established

in these Chapter 11 Cases:

   (a)   **4:00 p.m. (prevailing Eastern Time) on the date that is 21 calendar days following the Debtors' filing of their Schedules** shall be the deadline by which each person or entity (including individuals, partnerships, corporations, joint ventures, and trusts, but not including governmental units (as defined in section 101(27) of the Bankruptcy Code, "Governmental Units")) to file a Proof of Claim in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including, for the avoidance of doubt, secured claims, priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code, against the Debtor (the "General Bar Date");

   (b)   **February 10, 2024 at 4:00 p.m. (prevailing Eastern Time)**, shall be the deadline by which Governmental Units must file a Proof of Claim with (each, a "Governmental Unit") holding a claim against the Debtors arising prior to the Petition Date must file a Proof of Claim in respect of a prepetition claim (the "Governmental Bar Date");

   (c)   **The later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 4:00 p.m. (prevailing Eastern Time) on the date this is 21 days from which the Debtors provide notice of an amendment or supplement to the Schedules** shall be the deadline by which claimants holding claims affected by such amendment or supplement must file a Proof of Claim with respect to such claim (the "Amended Schedules Bar Date"); and

   (d)   **The later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 4:00 p.m. (prevailing Eastern Time) on the date this**

**is 21 days following service of an order authorizing the rejection of an executory contract or unexpired lease** shall be the deadline by which claimants asserting claims resulting from the Debtors' rejection of an executory contract or unexpired lease must file a Proof of Claim with respect to such claim (the "Rejection Damages Bar Date," and together with the General Bar Date, the Amended Schedules Bar Date, and the Governmental Bar Date, the "Bar Dates").

3.      The (a) Proof of Claim Form, substantially in the form attached hereto as **Exhibit 1**; (b) the Bar Date Notice, substantially in the form annexed hereto as **Exhibit 2**; and the Publication Notice, substantially in the form annexed hereto as **Exhibit 3**, are approved.

4.      Except as otherwise set forth herein, the following persons and entities holding or wishing to assert the claims against the Debtors that arose prior to the Petition Date shall be required to file Proofs of Claim on or before the applicable Bar Date:

(a)    any person or entity whose claim against the Debtors is not listed in the Debtors' Schedules, or is listed as "contingent," "unliquidated," or "disputed," if such entity desires to participate in these Chapter 11 Cases or share in any distribution in these Chapter 11 Cases;

(b)    any person or entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a different classification or amount other than that identified in the Schedules; and

(c)    any person or entity that believes that its claim against the Debtors is or may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

5.      Notwithstanding anything in this Order, Proofs of Claim need not be filed on or prior to the Bar Dates as to the following types of claims:

(a)    any claim that is listed in the Debtors' Schedules (i) that is not listed as "contingent," "unliquidated," or "disputed," and (ii) the claimant does not disagree with the amount, nature, and priority as set forth in the Schedules;

(b)    any claim as which the holder has already filed a Proof of Claim against the Debtors' estates in a form substantially similar to the Proof of Claim Form attached hereto as **Exhibit 1**;

(c)    any claim that has been paid in full by the Debtors;

3

(d)  any claim for which different specific deadlines have previously been fixed by this Court;

(e)  any claim allowable under Bankruptcy Code sections 503(b)(1) through (b)(8) and 507(a)(2) as an administrative expense;

(f)  any claim held by one Debtor against another Debtor;

(g)  any claim that asserts an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred units, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; *provided, however*, that, if any holder asserts such a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), such holder must file a Proof of Claim on or before the applicable Bar Date pursuant to the Procedures;

(h)  any claim previously allowed or paid pursuant to an order of the Court; or

(i)  any claim held by a person or entity that is not required to file a Proof of Claim pursuant to an order of this Court.

6.    Except as otherwise set forth herein, each entity that asserts a claim against the Debtor that arose before the Petition Date shall be required to file a Proof of Claim. The following Procedures with respect to preparing and filing of Proofs of Claim are hereby established:

(a)  Proofs of Claim must substantially conform to the Proof of Claim Form attached hereto as **Exhibit 1**;

(b)  Proofs of Claim must (i) be written in the English language; (ii) be denominated in lawful currency of the United States (using the exchange rate, if applicable, as of the Petition Date) or, if based on cryptocurrency, in the type and number of units of such cryptocurrency; (iii) specify by name and case number the Debtors' Chapter 11 Case; (iv) set forth with specificity the legal and factual basis for the alleged claim; (v) include supporting documentation for the claim or an explanation as to why such documentation is not available; and (vi) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant under penalty of perjury;

(c)  Proofs of Claim must be filed (i) electronically through the Claim Agent's website for these Chapter 11 Cases (https://cases.stretto.com/primetrust) by following instructions for filing proofs of claims electronically; (ii) by

delivering the original Proof of Claim by regular mail, overnight delivery, courier, or hand delivery to Prime Core Technologies Inc., *et al.*, Claims Processing Center, c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602;

(d)     A Proof of Claim shall be deemed timely filed only if it **is actually received** by the Claims Agent as set forth in subparagraph (c) above, in each case, on or before the applicable Bar Date; and

(e)     Proofs of Claim will not be accepted if submitted by facsimile, telecopy, or electronic mail transmission.

7.      Pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim who is required to timely file a Proof of Claim on or before the applicable Bar Date as provided herein, but fails to do so, shall not be treated as a creditor with respect to such claim for the purposes of voting on a chapter 11 plan and distribution in the chapter 11 case on account of such claim unless otherwise ordered by the Court.

8.      Pursuant to Bankruptcy Rules 2002(a)(7), (f), and (l), the Debtors shall provide notice of the Bar Dates in accordance with the following Procedures:

(a)     Within 2 business days of entry of the Bar Date Order, the Debtors will commence service of the Bar Date Notice, together with a Proof of Claim Form, substantially in the form attached hereto as **Exhibit 2**, upon:

   i.     the U.S. Trustee;

   ii.    proposed Counsel for the Committee;

   iii.   all known creditors and other known holders of potential claims against the Debtors' estates;

   iv.    all counterparties to executory contracts and unexpired leases at the addressed stated therein;

   v.     all parties to pending litigation against the Debtors as of the Petition Date;

   vi.    all parties who requested service pursuant to Bankruptcy Rule 2002;

| | vii. | the Internal Revenue Service, the United States Attorney's Office for the District of Delaware, and all applicable Governmental Units; |

        viii.    all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

         ix.    all regulatory authorities that regulate the Debtors' businesses, including licensing authorities;

          x.    and such additional persons and entities deemed appropriate by the Debtors.

         xi.    all known persons and entities holding potential prepetition claims and equity interests against the Debtors,[3] in accordance with the Interim Matrix Order.

(b)    No later than five (5) days after entry of the Bar Date Order, the Debtors shall provide notice of the Bar Dates to unknown creditors by causing a notice, substantially in the form attached to the Bar Date Order as *Exhibit 3* (the "Publication Notice"), to be published once in the national edition of either *The Wall Street Journal*, *The New York Times*, or *USA Today*.

(c)    The Debtors shall post the Proof of Claim Form and the Bar Date Notice on the website established by the Claims Agent for the Debtors' case: https://cases.stretto.com/primetrust.

    9.    The proposed notice is fair and reasonable and will provide good, adequate, and sufficient notice of the Bar Dates and the Procedures for filing Proofs of Claim under the circumstances of these Chapter 11 Cases, and is hereby approved.

    10.    Nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules or otherwise.

---

[3]    The Bar Date Order, Bar Date Notice, and Proof of Claim Form also will be accessible on Stretto's website: https://cases.stretto.com/primetrust.

11.     Entry of this Order is without prejudice to the rights of the Debtors to seek a further order of this Court fixing the date by which holders of claims not subject to the Bar Dates established herein must file such claims against the Debtors.

12.     The Debtors and the Claims Agent are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

13.     Nothing in the Motion or this Order, nor the Debtors' implementation of the relief granted in this Order, shall constitute (a) an admission of the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute or object to any claim, whether filed or scheduled, on any ground; (c) a waiver of the Debtors' right to dispute or assert offsets against or defenses to any claim, whether filed or scheduled, as to amount, nature, classification, characterization, status, or otherwise; (d) a prohibition of the Debtors from taking any other action with respect to a prepetition claim; or (e) a promise by the Debtors to pay any alleged claim.

14.     Nothing contained herein shall limit, abridge, or otherwise affect the Debtors' right to request that the Court fix a date by which the holder of a claim that is specifically excluded from the requirements to file such a claim by this Order must file a proof of claim.

15.     The provisions of this Order apply to all claims (except as otherwise set forth herein) of whatever character against the Debtors or their property, whether they are secured or unsecured, entitled or not entitled to priority, liquidated or unliquidated, or fixed or contingent.

16.     Nothing in this Order shall be construed as (a) an admission as to the validity of any claim or any lien against the Debtors or any of their property; (b) an agreement or obligation to pay any claims; (c) a waiver of any claims or causes of action that may exist against any creditor or interest holder; (d) a waiver of the Debtors' or any appropriate party in interest's

7

rights to dispute any claim; or (e) an approval, assumption, or rejection of any agreement, contract, program, policy, or lease under Bankruptcy Code section 365.

17.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.