**Exhibit 2**

**Bar Date Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |

### NOTICE OF BAR DATES FOR FILING PROOFS OF CLAIM

**TO: ALL PERSONS OR ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES:**

| DEBTOR | CASE NO. |
|---|---|
| Prime Core Technologies Inc. | 23-16111 (JKS) |
| Prime Trust, LLC | 23-11162 (JKS) |
| Prime IRA LLC | 23-11164 (JKS) |
| Prime Digital, LLC | 23-11168 (JKS) |

On August 14, 2023 (the "Petition Date"), the above-listed debtor entities (the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court"). On [•], 2023, the Court entered an order [Docket No. [•]] (the "Bar Date Order")[2] establishing the following Bar Dates:

i. **4:00 p.m. (prevailing Eastern Time) on the date that is 21 calendar days following the Debtors' filing of their Schedules** as the deadline by which each person or entity (including individuals, partnerships, corporations, joint ventures, and trusts, but not including governmental units (as defined in section 101(27) of the Bankruptcy Code, "Governmental Units")) must file a proof of claim (each, a "Proof of Claim") in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including, for the avoidance of doubt, secured claims, priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code, against the Debtor (the "General Bar Date");

ii. **February 10, 2024 at 4:00 p.m. (prevailing Eastern Time)**, as the deadline by which Governmental Units must file a Proof of Claim in respect of a prepetition claim against the Debtors (the "Governmental Bar Date");

iii. **The later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 4:00 p.m. (prevailing Eastern Time) on the date this is 21 days from which the Debtors provide notice of an amendment or supplement to the Schedules** as the deadline by which claimants holding

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Bar Date Order.

claims affected by such amendment or supplement must file a Proof of Claim with respect to such claim (the "Amended Schedules Bar Date"); and

iv. **The later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 4:00 p.m. (prevailing Eastern Time) on the date this is 21 days following service of an order authorizing the rejection of an executory contract or unexpired lease** as the deadline by which claimants asserting claims resulting from the Debtors' rejection[3] of an executory contract or unexpired lease must file a Proof of Claim with respect to such claim (the "Rejection Damages Bar Date," and together with the General Bar Date, the Amended Schedules Bar Date, and the Governmental Bar Date, the "Bar Dates")

You may be a creditor of the Debtors.

**If you have questions concerning the filing or processing of Proofs of Claim, you may contact the Stretto, Inc., Debtors' Claims Agent, Stretto, at (888) 533-4753 (toll free in the U.S.) or +1 (303) 536-6996 (International callers), or PrimeCoreInquiries@stretto.com.  Neither the staff of the Clerk of the Court (the "Clerk"), the Office of the U.S. Trustee, nor Stretto can provide you with legal advice.**

## INSTRUCTIONS

**1.   WHO MUST FILE A PROOF OF CLAIM**

Except as otherwise set forth herein, the following entities holding claims against the Debtor arising prior to the Petition Date MUST file Proofs of Claim on or before the applicable Bar Date:

(a) any person or entity whose claim against the Debtors is not listed in the Debtors' Schedules, or is listed as "contingent," "unliquidated," or "disputed," if such entity desires to participate in these Chapter 11 Cases or share in any distribution in these Chapter 11 Cases;

(b) any person or entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a different classification or amount other than that identified in the Schedules; and

(c) any person or entity that believes that its claim against the Debtors is or may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

**2.   WHO NEED NOT FILE A PROOF OF CLAIM**

Proofs of claim need not be filed on or prior to the Bar Dates as to the following types of claims:

(a) any claim that is listed in the Debtors' Schedules (i) that is not listed as "contingent," "unliquidated," or "disputed," and (ii) the claimant does not disagree with the amount, nature, and priority as set forth in the Schedules;

---

[3]   For the avoidance of doubt, a party to an executory contract or unexpired lease who asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a Proof of Claim for such amounts on or before the General Bar Date, the Governmental Bar Date, or the Amended Schedules Bar Date, as applicable, unless an exception identified in this Notice applies.

(b) any claim as which the holder has already filed a Proof of Claim against the Debtors' estates in a form substantially similar to the Proof of Claim Form;[4]

(c) any claim that has been paid in full by the Debtors;

(d) any claim for which different specific deadlines have previously been fixed by this Court;

(e) any claim allowable under Bankruptcy Code sections 503(b)(1) through (b)(8) and 507(a)(2) as an administrative expense;

(f) any claim held by one Debtor against another Debtor;

(g) any claim that asserts an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred units, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; *provided, however*, that, if any holder asserts such a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), such holder must file a Proof of Claim on or before the applicable Bar Date pursuant to the Procedures;

(h) any claim previously allowed or paid pursuant to an order of the Court; or

(i) any claim held by a person or entity that is not required to file a Proof of Claim pursuant to an order of this Court.

**The fact that you have received this Notice does not mean that you have claim or that the Debtors or the Court believe that you have a claim against the Debtors. You should not file a Proof of Claim if you do not have a claim against the Debtors.**

**3.    INSTRUCTIONS FOR FILING PROOFS OF CLAIM**

Except as otherwise set forth herein, each entity that asserts a claim against the Debtor that arose before the Petition Date MUST file a Proof of Claim.

**The following procedures with respect to preparing and filing of Proofs of Claim will apply:**

(a) Proofs of Claim must substantially conform to the Proof of Claim Form;

(b) Proofs of Claim must (i) be written in the English language; (ii) be denominated in lawful currency of the United States (using the exchange rate, if applicable, as of the Petition Date), or, if based on cryptocurrency, in the type and number of units of such cryptocurrency; (iii) specify by name and case number the Debtors' Chapter 11 Case; (iv) set forth with specificity the legal and factual basis for the alleged claim; (v) include supporting documentation for the claim or an explanation as to why such documentation is not available; and (vi) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant under penalty of perjury;

---

[4] The Proof of Claim Form can be found at https://cases.stretto.com/primetrust or by emailing your request to PrimeCoreInquiries@stretto.com.

(c) Proofs of Claim must be filed (i) electronically through the Claim Agent's website for these Chapter 11 Cases (https://cases.stretto.com/primetrust) by following instructions for filing proofs of claims electronically; (ii) by delivering the original Proof of Claim by regular mail, overnight delivery, courier, or hand delivery to

> **Prime Core Technologies Inc.,** *et al.*
> **Claims Processing Center**
> **c/o Stretto, Inc.**
> **410 Exchange, Suite 100**
> **Irvine, CA 92602**

(d) A Proof of Claim shall be deemed timely filed only if it **is actually received** by the Claims Agent as set forth in subparagraph (c) above, in each case, on or before the applicable Bar Date; and

(e) Proofs of Claim **will not** be accepted if submitted by facsimile, telecopy, or electronic mail transmission.

Do **not** file your Proof of Claim Form with the Clerk.

4. **CONSEQUENCES OF FAILURE TO TIMELY FILE PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

**PURSUANT TO THE BAR DATE ORDER AND BANKRUPTCY RULE 3003(C)(2), ABSENT FURTHER ORDER OF THE COURT, ANY PERSON OR ENTITY THAT IS REQUIRED TO FILE A PROOF OF CLAIM FORM IN THE FORM AND MANNER SPECIFIED IN THE BAR DATE ORDER AND THAT FAILS TO DO SO ON OR BEFORE THE APPLICABLE BAR DATE: (I) SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, THEIR ESTATES, OR THE PROPERTY OF THE ESTATES; (II) SHALL NOT, WITH RESPECT TO SUCH CLAIM, BE TREATED AS A CREDITOR OF THE DEBTORS FOR THE PURPOSE OF VOTING UPON ANY PLAN IN THESE PROCEEDINGS; AND (III) SHALL NOT RECEIVE OR BE ENTITLED TO RECEIVE ANY PAYMENT OR DISTRIBUTION OF PROPERTY FROM THE DEBTORS OR THEIR SUCCESSORS OR ASSIGNS WITH RESPECT TO SUCH CLAIM.**

5. **THE DEBTORS' SCHEDULES, ACCESS THERETO, AND CONSEQUENCES OF AMENDMENT THEREOF**

You may be listed as the holder of a claim against the Debtor in the Debtors' Schedules of Assets and Liabilities (the "Schedules"). If you agree with the nature, amount, and status of your claim as listed in the Debtor's Schedules and if your claim is not listed in the Schedules as "disputed," "contingent," or "unliquidated," you need not file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the Bar Date in accordance with the procedures set forth in this Notice. Copies of the Schedules may be examined by interested parties on the Court's electronic docket for the Debtor's chapter 11 case, which is posted (i) free of charge at the website established by Stretto for the Debtors' cases at https://cases.stretto.com/primetrust, and (ii) for a fee on the Court's website at https://www.deb.uscourts.gov/. (A login and password to the Court's Public Access to Electronic Court Records are required to access the information on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Copies of the Schedules also may be examined between the hours of 8:00 a.m. and 5:00 p.m. (Eastern Time) Monday through Friday at the Office of the Clerk of the Bankruptcy Court, 824 North Market Street, 3rd Floor, Wilmington, DE 19801. Copies of the

Debtors' Schedules also may be obtained by written request to the Debtors' Claims Agent, Stretto, at the address and telephone number set forth below:

> **Prime Core Technologies Inc.,** *et al.*
> **Claims Processing Center**
> **c/o Stretto, Inc.**
> **410 Exchange, Suite 100**
> **Irvine, CA 92602**
> **(888) 533-4753 (toll free)**
> **+1 (303) 536-6996 (international)**

In the event that the Debtors amend or supplement their Schedules subsequent to the entry of the Bar Date Order, the Debtors shall give notice of any amendment or supplement to the holders of claims affected by such amendment or supplement, and such holders must file a Proof of Claim by the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, and (b) 4:00 p.m. (prevailing Eastern Time) on the date that is 21 days from the date on which the Debtors provide notice of an amendment or supplement to the Schedules, and such deadline shall be contained in any notice of such amendment or supplement of the Schedules provided to the holders of claims affected thereby.

**6.    RESERVATION OF RIGHTS**

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

**A holder of a possible claim against the Debtors should consult an attorney if such holder has any questions regarding this Notice, including whether the holder should file a Proof of Claim.**

Dated: [•], 2023                                                                                               **BY ORDER OF THE COURT**
       Wilmington, Delaware

| MCDERMOTT WILL & EMERY LLP | | |
|---|---|---|
| Maris J. Kandestin (No. 5294)<br>1000 N. West Street, Suite 1400<br>Wilmington, Delaware 19801<br>Telephone: (302) 485-3900<br>Facsimile: (302) 351-8711<br>Email: mkandestin@mwe.com | Darren Azman<br>Joseph B. Evans<br>One Vanderbilt Avenue<br>New York, New York 10017-3852<br>Telephone: (212) 547-5400<br>Facsimile: (646) 547-5444<br>Email: dazman@mwe.com<br>           jbevans@mwe.com | Gregg Steinman<br>333 SE 2nd Avenue, Suite 5400<br>Miami, Florida 33131<br>Telephone: (305) 358-3500<br>Facsimile: (305) 347-6500<br>Email: gsteinman@mwe.com |
| *Proposed Counsel to the Debtors and Debtors in Possession* | | |