**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Prime Core Technologies Inc., *et al.*,[1]<br><br>                              Debtors. | Chapter 11<br><br>Case No. 23-11161 (JKS)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: Sep. 12, 2023 at 4:00 p.m. ET**<br>**Hrg. Date: Sep. 19, 2023 at 10:00 a.m. ET** |

**DEBTORS' MOTION FOR ENTRY OF ORDER
ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Prime Core Technologies Inc. and certain of its affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby move (the "Motion"), pursuant to sections 105 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), establishing procedures for interim compensation and reimbursement of expenses for chapter 11 professionals and committee members. In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The legal predicates for the relief requested herein are Bankruptcy Code sections 105, 330, and 331, Bankruptcy Rule 2016, and Local Rule 2016-2.

3. The Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with the Motion in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**BACKGROUND**

**I.    The Chapter 11 Cases**

4. On August 14, 2023 (the "Petition Date"), each Debtor commenced a case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). These cases have been jointly administered for procedural purposes only.

5. The Debtors continue to manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6. On August 29, 2023, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to Bankruptcy Code section 1102 (the "Committee") [Docket No. 51]. The Committee is comprised of the following unsecured creditors: (a) Yousef Abbasi; (b) Allsectech, Inc.; (c) DMG

Blockchain Solutions, Inc.; (d) Net Cents Technology, Inc.; (e) Polaris Ventures; (f) Stably Corporation; and (g) Austin Ward.

7. Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases, is set forth in the *Declaration of Jor Law, Interim Chief Executive Officer and President of Prime Core Technologies Inc., et al., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 14], which is incorporated by reference as if fully set forth herein.

## II. Retention of Professionals

8. The Debtors require the assistance of various professionals to enable them to navigate the chapter 11 process successfully. Accordingly, the Debtors will shortly file applications to retain the following professionals pursuant to Bankruptcy Code section 327 (together, the "Debtors' Professionals"): (a) McDermott Will & Emery LLP, as general restructuring counsel; (b) Stretto, Inc., as administrative agent; (c) M3 Advisory Partners, LP, as financial advisor; and (d) Galaxy Digital Partners, LLC, as investment banker. The Debtors also may retain other professionals pursuant to Bankruptcy Code section 327 during the course of the Chapter 11 Cases if and when the need arises. Moreover, the Debtors anticipate that the Committee will file applications to retain professionals (the "Committee Professionals," and together with the Debtors' Professionals, the "Retained Professionals").

## III. Proposed Compensation Procedures

9. The Debtors believe that establishing orderly procedures for payment of the Retained Professionals will streamline the administration of these Chapter 11 Cases and promote efficiency for the Court, the U.S. Trustee, and other parties-in-interest. A streamlined process for

fee applications is in the best interests of the Debtors because it will facilitate efficient review of, and enable parties to more effectively monitor, the Retained Professionals' fees and expenses incurred in connection with these Chapter 11 Cases.

10.     Accordingly, the Debtors request that the Court authorize and establish procedures for the interim compensation and reimbursement of Retained Professionals on terms comparable to procedures approved in other chapter 11 cases in this District. Specifically, the Debtors propose that, except as otherwise provided in an order of the Court authorizing the retention of a particular Retained Professional, Retained Professionals be permitted to seek interim payment of compensation and reimbursement of expenses in accordance with the following compensation procedures (the "Compensation Procedures"):

A.      **Monthly Fee Applications**

(a)     On or after the 20th day of each calendar month following the month for which compensation is sought, each Retained Professional seeking interim allowance of its fees and expenses may file with the Court an application, which will include the relevant time entries and expense details for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (a "Monthly Fee Application"). A Retained Professional shall not receive payment pursuant to a Monthly Fee Application until the Retained Professional's retention has been approved by the Court. The Retained Professionals' first Monthly Fee Applications will cover the period from the Petition Date through August 31, 2023.

(b)     Each Retained Professional that files a Monthly Fee Application will serve a copy of such Monthly Fee Application on the following parties by email (collectively, the "Fee Notice Parties"):

(i)     the Debtors, 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135, Las Vegas, NV 89145 (Attn: Jor Law);

(ii)    proposed counsel to the Debtors, McDermott Will & Emery LLP, 1000 N. West Street, Suite 1400, Wilmington, DE 19801 (Attn: Maris J. Kandestin), and One Vanderbilt Avenue, New York, NY 10017 (Attn: Darren Azman; Joseph B. Evans), and 333 SE 2nd Avenue, Suite 5400, Miami, FL 33131 (Attn: Gregg Steinman);

    (iii)    proposed counsel to the Committee, Brown Rudnick LLP, 7 Times Square, New York, NY 10036 (Attn: Robert Stark; Bennett Silverberg); and

    (iv)    the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Joseph Cudia).

(c)    Any Retained Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application that includes a request for compensation earned or expenses incurred during previous months. All Monthly Fee Applications will comply with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court.

(d)    The deadline to object to any Monthly Fee Application is 4:00 p.m. (prevailing Eastern Time) on the 14th day (or the next business day, if such day is not a business day) following the date on which the Monthly Fee Application is served (the "Objection Deadline").

(e)    To object to a Retained Professionals' Monthly Fee Application, the objecting party must (a) file with the Court a written objection (an "Objection") on or before the Objection Deadline; and (b) serve the Objection upon the affected Retained Professional and each of the Fee Notice Parties by email. Thereafter, the objecting party and the Retained Professional will attempt to resolve the Objection on a consensual basis.

(f)    Upon the expiration of the Objection Deadline, a Retained Professional may file a certificate of no objection (a "CNO") with the Court with respect to any fees and expenses not subject to an Objection. After a Retained Professional files a CNO with the Court, the Debtors will promptly pay the Retained Professional 80 percent (80%) of the fees and 100 percent (100%) of the expenses requested in the applicable Monthly Fee Application that are not subject to an Objection.

(g)    If a portion of the fees and expenses requested in a Monthly Fee Application is subject to an Objection and the parties are unable to reach a consensual resolution, the Retained Professional may either (a) file with the Court a response to the Objection, together with a request for payment of any portion of the amounts subject to the Objection; or (b) forego payment of the amount subject to such Objection until the next hearing to consider interim or final fee applications, at which time the Court will adjudicate any unresolved Objections. If the parties reach a consensual resolution, the Debtors will promptly pay 80 percent (80%) of the fees and 100 percent (100%) of the agreed-upon expenses.

**B.**    **Interim Fee Applications**

(a)    Unless and until a chapter 11 plan of reorganization or liquidation has become effective, at three-month intervals, each Retained Professional may file with the

        Court an application (an "<u>Interim Fee Application</u>") for interim approval and allowance of compensation and reimbursement of expenses sought by such Retained Professional in its Monthly Fee Applications, including any amounts requested in Monthly Fee Applications but yet unpaid, filed during the preceding interim period (each such period, an "<u>Interim Fee Period</u>"). The initial Interim Fee Period will include the period from the Petition Date through October 31, 2023.

(b) Retained Professionals may file their applicable Interim Fee Applications on or before the 30th day following the end of each Interim Fee Period, or the next business day if such day is not a business day.

(c) The Interim Fee Application will include a brief description identifying the following:

    (i) the Monthly Fee Applications that are the subject of the request;

    (ii) the amount of fees and expenses requested;

    (iii) the amount of fees and expenses paid to date or subject to an Objection;

    (iv) the deadline for parties to file objections to the Interim Fee Application (such objections, the "<u>Additional Objections</u>"); and

    (v) any other information requested by the Court or required by the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules.

(d) Objections to any Interim Fee Application shall be filed with the Court on or before 4:00 p.m. (prevailing Eastern Time) on the 21st day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application, and served by email upon the affected Retained Professional and each of the Fee Notice Parties.

(e) The Debtors may request that the Court schedule a hearing on Interim Fee Applications at least once every three months or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may approve and allow an Interim Fee Application without a hearing.

(f) Each Retained Professional will serve its Interim Fee Application upon the Fee Notice Parties by email. Each Retained Professional will serve, via first class mail, a notice of hearing on its Interim Fee Application on all parties that have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002. No further notice is necessary.

(g) A pending Objection to compensation or reimbursement of a Retained Professional will not disqualify the Retained Professional from future compensation or reimbursement.

(h) Neither (a) the payment of, or the failure to pay, in whole or in part, any interim compensation and reimbursement to a Retained Professional nor (b) the filing of, or failure to file, an Objection will bind any party-in-interest or the Court with respect to the final allowance of any compensation of fees for services rendered or reimbursement of expenses incurred by a Retained Professional. All fees and expenses paid to Retained Professionals under these Compensation Procedures are subject to disgorgement until final allowance by the Court.

(i) Any member of the Committee may submit statements of expenses (excluding the fees and expenses of an individual Committee member's third-party counsel or any other third-party advisors) and supporting vouchers and receipts to the Committee's counsel, which counsel will collect and submit the Committee members' requests for reimbursement in accordance with the Compensation Procedures; *provided* that payment of such expenses is not authorized to the extent that such authorization does not exist under the Bankruptcy Code, applicable Third Circuit law, the Bankruptcy Rules, the Local Rules, or the procedures and practices of the Court.

## RELIEF REQUESTED

11. The Debtors seek entry of the Proposed Order substantially in the form attached hereto as **Exhibit A** establishing procedures for interim compensation for services rendered and reimbursement of expenses incurred by attorneys and other professionals that will be retained pursuant to Bankruptcy Code sections 327 or 1103 and are required to file applications for compensation pursuant to Bankruptcy Code sections 330 and 331, on terms that satisfy the requirements of Bankruptcy Rule 2016 and Local Rule 2016-2. Specifically, the Debtors request that the payment of fees and reimbursement of expenses of Retained Professionals be structured in accordance with the Compensation Procedures set forth herein.

## BASIS FOR RELIEF

12. The Bankruptcy Code authorizes compensating the Retained Professionals and establishing the Compensation Procedures. Bankruptcy Code section 330(a)(1) provides that "the court may award . . . a professional person employed under section 327 or 1103—(A) reasonable compensation for actual, necessary services rendered . . . and, (B) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Bankruptcy Rule 2016(a) provides that any

application seeking such compensation or reimbursement shall set forth a "detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amount requested." Fed. R. Bankr. P. 2016(a).

13. With respect to the Court's review of any such application, Bankruptcy Code section 330(a)(3) provides as follows:

> [T]he court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A) the time spent on such services;
>
> (B) the rates charges for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

14. In addition, the Bankruptcy Code provides for allowance and disbursement of professional compensation on an interim basis. Under Bankruptcy Code section 331, all Retained Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits. Specifically, Bankruptcy Code section 331 provides as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if

> the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331. Absent an order of the Court, Bankruptcy Code section 331 limits payment of fees and expenses to Retained Professionals rendering services in the Chapter 11 Cases to three times per year.

15. Bankruptcy section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Courts may use their discretionary authority under Bankruptcy Code section 105(a) because, while Bankruptcy Code section 331 "expresses the normal rule that interim fee applications may be filed only once every 120 days, it expressly permits the Court, in appropriate circumstances, to permit fee applications to be filed more often." *In re Mariner Post-Acute Network, Inc.*, 257 B.R. 723, 727 (Bankr. D. Del. 2000). Accordingly, "[c]ourts have generally recognized that in large cases it is appropriate to allow payment of professionals more frequently." *Id*. (citations omitted).

16. The amount of time and effort that will be required of the Retained Professionals to execute the Debtors' chapter 11 strategy successfully justifies the approval of the Compensation Procedures. The Compensation Procedures are necessary to ensure that Retained Professionals are fairly and timely compensated for their services in the Chapter 11 Cases and are not forced to bear undue financial burden or risk caused by delays in payment. *See id*. at 727–28 ("it is likely that the professionals appointed under section 327 are investing huge quantities of time, and therefore receiving payments only once every four months may impose an intolerable burden on them . . .") (internal quotations omitted). Absent streamlined compensation procedures, the professional fee application and review process could be exceptionally

9

burdensome on the Court, the U.S. Trustee, Debtors, the Retained Professionals, the Committee, and other parties.

17. In contrast to the four-month default period under Bankruptcy Code section 331, the foregoing proposed Compensation Procedures provide for monthly review, enabling the Debtors to monitor closely the costs of administering the Chapter 11 Cases, effectively monitor the Debtors' limited liquidity, and implement efficient cash management procedures. Moreover, the Compensation Procedures also will allow the Court and the key parties-in-interest to monitor the reasonableness and necessity of the compensation and reimbursement sought by the Retained Professionals. Based upon the foregoing, the Debtors submit that the relief requested herein is necessary, appropriate, and in the best interests of the Debtors' estates, creditors, and all parties-in-interest, and therefore should be approved.

## **NOTICE**

18. The Debtors will provide notice of the Motion to: (a) the U.S. Trustee; (b) counsel to the Committee; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice is required.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: September 5, 2023
Wilmington, Delaware

**MCDERMOTT WILL & EMERY LLP**

*/s/ Maris J. Kandestin*
Maris J. Kandestin (No. 5294)
1000 N. West Street, Suite 1400
Wilmington, Delaware 19801
Telephone: (302) 485-3900
Facsimile: (302) 351-8711
Email: mkandestin@mwe.com

-and-

Darren Azman (admitted *pro hac vice*)
Joseph B. Evans (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Facsimile: (646) 547-5444
Email: dazman@mwe.com
jbevans@mwe.com

-and-

Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 5400
Miami, Florida 33131
Telephone: (305) 358-3500
Facsimile: (305) 347-6500
Email: gsteinman@mwe.com

*Proposed Counsel to the Debtors and Debtors in Possession*