**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Obj. Deadline: TBD**<br>**Hr'g Date: TBD**[2] |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING
THE DISCLOSURE STATEMENT ON AN INTERIM BASIS FOR
SOLICITATION PURPOSES ONLY; (II) ESTABLISHING PROCEDURES
FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT
OR REJECT THE PLAN; (III) APPROVING THE FORM OF BALLOT AND
SOLICITATION PACKAGES; (IV) ESTABLISHING THE VOTING RECORD DATE;
(V) SCHEDULING A COMBINED HEARING FOR FINAL APPROVAL OF THE
ADEQUACY OF INFORMATION IN THE DISCLOSURE STATEMENT AND
CONFIRMATION OF THE PLAN; AND (VI) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (the "Debtors") respectfully move

(this "Motion") as follows:

**RELIEF REQUESTED**

1.      By this Motion, the Debtors seek entry of an order, substantially in the form

attached hereto as **Exhibit A** (the "Conditional Approval Order"):

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, Nevada 89135.

[2]      Contemporaneously herewith, the Debtors are filing the *Debtors' Motion for Entry of an Order Shortening Notice of Hearing on Debtors' Motion for Entry of an Order (I) Approving the Disclosure Statement on an Interim Basis for Solicitation and Tabulation of Votes to Accept or Reject the Plan; (III) Approving the Form of Ballot and Solicitation Packages; (IV) Establishing the Voting Record Date; (V) Scheduling a Combined Hearing for Final Approval of the Adequacy of Information in the Disclosure Statement and Confirmation of the Plan; and (VI) Granting Related Relief*, through which the Debtors are seeking a hearing on or before September 22, 2023 with respect to the Debtors' request for, among other things, approval of the Disclosure Statement on an interim basis and for solicitation purposes only.

    a.    approving the *Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to Joint Chapter 11 Plan of Reorganization for Prime Core Technologies Inc. and Its Affiliated Debtors* [Docket No. 93] (as amended, supplemented, or otherwise modified from time to time, according to its terms, the "<u>Disclosure Statement</u>") on an interim basis and for solicitation purposes only;

    b.    establishing procedures for the solicitation and tabulation of votes to accept or reject the *Joint Chapter 11 Plan of Reorganization for Prime Core Technologies Inc. and Its Affiliated Debtors* [Docket No. 92] (as amended, supplemented, or otherwise modified from time to time, according to its terms, the "<u>Plan</u>");[3]

    c.    approving the form of ballots, solicitation packages, and related notices;

    d.    establishing the voting record date of September 22, 2023 (the "<u>Voting Record Date</u>");

    e.    scheduling a hearing to consider (i) approval of the Disclosure Statement on a final basis as having adequate information pursuant to Bankruptcy Code section 1125, and (ii) confirmation of the Plan pursuant to Bankruptcy Code section 1129 (the "<u>Confirmation Hearing</u>"); and

    f.    granting related relief.

2.    The Debtors propose the following deadlines related to the solicitation and confirmation of the Plan:

| Proposed Timetable[4] | |
| --- | --- |
| **Event** | **Date** |
| Deadline to Object to Solicitation Procedures and Conditional Approval of Disclosure Statement | September 15, 2023, at 4:00 p.m. (ET) |
| Conditional Approval Hearing | September 22, 2023 |
| Voting Record Date | September 22, 2023 |
| Deadline to Publish Notice of Confirmation Hearing | September 24, 2023 |
| Solicitation Date | September 28, 2023 |
| Deadline to File Rule 3018 Motions | October 16, 2023, at 4:00 p.m. (ET) |

---

[3]    Capitalized terms used but not defined herein are defined in the Disclosure Statement or the Plan, as applicable.

[4]    All hearing dates subject to the availability of the Court.

| | |
|---|---|
| Confirmation Objection Deadline | October 23, 2023, at 4:00 p.m. (ET) |
| Deadline to Object to Rule 3018 Motions | October 23, 2023, at 4:00 p.m. (ET) |
| Voting Deadline | October 23, 2023, at 4:00 p.m. (ET) |
| Deadline to File Voting Affidavit | October 26, 2023, at 4:00 p.m. (ET) |
| Deadline to File Declarations, Brief, in Support of Confirmation, Replies in Support of Rule 3018 Motions | October 26, 2023, at 4:00 p.m. (ET) |
| Confirmation Hearing | October 30, 2023 |

3.       The related exhibits annexed to the Conditional Approval Order and cited throughout this Motion are as follows:

| Exhibit | Number |
|---|---|
| Confirmation Hearing Notice | **Exhibit 1** |
| Class 3A Ballot (Prime Core General Unsecured Claims) | **Exhibit 2-A** |
| Class 3B Ballot (Prime Trust General Unsecured Claims) | **Exhibit 2-B** |
| Class 3C Ballot (Prime IRA General Unsecured Claims) | **Exhibit 2-C** |
| Class 3D Ballot (Prime Digital General Unsecured Claims) | **Exhibit 2-D** |
| Class 4 Ballot (Convenience Claims) | **Exhibit 2-E** |
| Notice of Non-Voting Status | **Exhibit 3** |
| Publication Notice | **Exhibit 4** |

## **JURISDICTION**

4.       This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding under

28 U.S.C. § 157(b). Venue of these cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The Debtors consent, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6.      The statutory bases for the relief requested herein are sections 105, 1125, 1126, 1128, and 1145 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002(b), 3001, 3003, 3016, 3017, 3018, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 3017-2.

## BACKGROUND

7.      On August 14, 2023 (the "Petition Date"), the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). These cases have been jointly administered for procedural purposes only.

8.      The Debtors continue to manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

9.      On August 29, 2023, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee") in these Chapter 11 Cases [Docket No. 51]. The Committee is comprised of the following unsecured creditors: (a) Yousef Abbasi; (b) Allsectech, Inc.; (c) DMG Blockchain Solutions, Inc.; (d) Net Cents Technology, Inc.; (e) Polaris Ventures; (f) Stably Corporation; and (g) Austin Ward. No trustee or examiner has been appointed in these cases.

10.     Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, the reasons for and objectives of these Chapter 11 Cases, and the facts and circumstances supporting the relief requested herein is set forth in the Disclosure Statement and the Plan, each of which the Debtors are filing contemporaneously herewith, as well as the *Declaration of Jor Law, Interim Chief Executive Officer and President of Prime Core Technologies Inc., et al., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 14], each of the foregoing being incorporated by reference as if fully set forth herein.

## BASIS FOR RELIEF

**A.     The Disclosure Statement Should be Conditionally Approved for Solicitation Purposes**

11.     Bankruptcy Code section 1125 requires that a disclosure statement approved by the court contain "adequate information" prior to a debtor's solicitation of acceptances or rejections of a chapter 11 plan. *See* 11 U.S.C. § 1125(b). Specifically, Bankruptcy Code section 1125(a)(1) states, in relevant part:

> "Adequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1). The primary purpose of a disclosure statement is to provide all material information that creditors and interest holders affected by a proposed plan need to make an informed decision regarding whether to vote for the plan. *See, e.g., Century Glove, Inc. v. First Am. Bank of N.Y.*, 860 F.2d 94, 100 (3d Cir. 1988) ("[Section] 1125 seeks to guarantee a

minimum amount of information to the creditor asked for its vote."). It must, as a whole, provide

information that is sufficiently detailed, so far as reasonably practicable, to permit an informed

judgment by impaired creditors entitled to vote on the plan. *See Krystal Cadillac-Oldsmobile*

*GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 322 (3d Cir. 2003); *In re Ryan Operations*

*G.P. v. Santiam- Midwest Lumber Co.*, 81 F.3d 355, 362 (3d Cir. 1996); *In re Autobacs Strauss,*

*Inc.*, 473 B.R. 525, 584 (Bankr. D. Del. 2012). Essentially, the Disclosure Statement "must

clearly and succinctly inform the average unsecured creditor what it is going to get, when it is

going to get it, and what contingencies there are to getting its distribution." *In re Ferretti*, 128

B.R. 16, 19 (Bankr. D.N.H. 1991).

12.     "Adequate information" is a flexible standard, based on the facts and

circumstances of each case. 11 U.S.C. § 1125(a)(1); *see also Oneida Motor Freight, Inc. v.*

*United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125

we discern that adequate information will be determined by the facts and circumstances of each

case."); *In re Monroe Well Serv., Inc.*, 80 B.R. 324, 330 (Bankr. E.D. Pa. 1987) (noting that the

adequate information standard "is flexible on a case-by-case basis, [and] governs the disclosure

that must be provided in all reorganization cases, whether involving a public or private

corporation, or a partnership or an individual debtor").

13.     Courts within the Third Circuit acknowledge that determining what constitutes

"adequate information" for the purpose of satisfying Bankruptcy Code section 1125 resides

within the broad discretion of the court. *See, e.g., Monroe Well Serv.*, 80 B.R. at 331 ("It is clear

that Congress intended for bankruptcy judges to exercise a great deal of discretion when

considering the 'adequacy of information' provided by a disclosure statement."); *In re Phoenix*

*Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001) ("The general language of the statute

and its surrounding legislative history make clear that '[t]he determination of what is adequate information is subjective and made on a case by case basis. This determination is largely within the discretion of the bankruptcy court.'"); *In re Lisanti Foods, Inc.*, 329 B.R. 491, 507 (D.N.J. 2005) ("Case law points out that [the adequate information standard] is an intentionally flexible standard as adequacy is determined on a case-by-case basis.").

14.     In determining whether a disclosure statement contains adequate information, courts generally examine a list of factors, including, but not limited to, whether the disclosure statement contains the following types of information, as applicable:

a.     the circumstances that give rise to the filing of the bankruptcy petition(s);

b.     an explanation of the available assets and their value;

c.     the anticipated future of the debtor(s);

d.     the source of the information provided in the disclosure statement;

e.     a disclaimer, which typically indicates that no statements or information concerning the debtor or its assets or securities are authorized, other than those set forth in the disclosure statement;

f.     the condition and performance of the debtor while in chapter 11;

g.     information regarding claims against the estate;

h.     a liquidation analysis setting forth the estimated return that creditors would receive under chapter 7;

i.     the accounting and valuation methods used to produce the financial information in the disclosure statement;

j.     information regarding the future management of the debtor, including the amount of compensation to be paid to any insiders, directors, and/or officers of the debtor;

k.     a summary of the plan of reorganization or liquidation;

l.     an estimate of all administrative expenses;

m.     the collectability of any accounts receivable;

n.      any financial information, valuations, or *pro forma* projections that would be relevant to creditors' determinations of whether to accept or reject the plan;

o.      information relevant to the risks being taken by the creditors and interest holders;

p.      the actual or projected value that can be obtained from avoidable transfers;

q.      the existence, likelihood, and possible success of non-bankruptcy litigation;

r.      the tax consequences of the plan; and

s.      the relationship of the debtor with its affiliates.

*See, e.g.*, *In re Scioto Valley Mortg. Co.*, 88 B.R. 168, 170–71 (Bankr. S.D. Ohio 1988); *see also In re Oxford Homes, Inc.*, 204 B.R. 264, 269 n. 17 (Bankr. D. Me. 1997) (using a similar list). Such a list is not meant to be comprehensive and a debtor is not required to provide all the information on the list. Rather, the bankruptcy court must decide what is appropriate in each case in light of the particular facts and circumstances present. *See Ferretti*, 128 B.R. at 18–19 (adopting a similar list); *see also Phoenix Petroleum*, 278 B.R. at 393 (making use of a similar list but cautioning that "no one list of categories will apply in every case") (citations omitted).

15.     The Disclosure Statement provides "adequate information" to allow Holders of Claims in Classes 3A, 3B, 3C, 3D, and 4 (collectively, the "Voting Classes") to make informed decisions about whether to vote to accept or reject the Plan. Specifically, the Disclosure Statement contains information that courts consider "adequate information," including:

a.      Information concerning the Debtors' business operations, organizational structure, and existing capital structure (Article IV);

b.      Key events leading to the commencement of the Debtors' Chapter 11 Cases (Article IV(E));

c.      An overview of the major events that occurred during the course of these Chapter 11 Cases, including an overview of the Bid Procedures and the Committee's Investigation (Article V);

8

d.    An overview of the Plan, including a summary of the classification and treatment of all classes of Claims and Interests, the means for implementation of the Plan, and the provisions governing distributions under the Plan (Article VI);

e.    Risk factors affecting the Plan (Article VII);

f.    Tax consequences of the Plan (Article VIII);

g.    A Liquidation Analysis (as defined in the Disclosure Statement) as an analysis of the alternatives to confirmation and consummation of the Plan to a hypothetical liquidation under chapter 7 of the Bankruptcy Code (Exhibit B);

h.    A summary of voting procedures and requirements under the Plan (Article IX); and

i.    A summary of the Bankruptcy Code requirements for confirmation of the Plan (Article X).

16.    The Debtors respectfully submit that the Disclosure Statement complies with Bankruptcy Code section 1125. However, through this Motion, the Debtors seek conditional approval of the Disclosure Statement for solicitation purposes only. At the Conditional Approval Hearing, the Debtors will demonstrate on a conditional basis that the information set forth in the Disclosure Statement contains "adequate information" within the meaning of Bankruptcy Code section 1125. Accordingly, the Debtors respectfully request that the Court enter the Conditional Approval Order approving, among other things, the Disclosure Statement on a conditional basis and the solicitation and noticing procedures set forth herein.

**B.    Approval of Confirmation Hearing and Objection Deadline**

17.    Bankruptcy Rule 2002(b) provides that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees not less than 28 days' notice by mail of the time fixed (1) for filing objections and the hearing to consider approval of a disclosure statement . . .; [and] (2) for filing objections and the hearing to consider confirmation of a . . . chapter 11. . .plan." Fed. R. Bankr. B. 2002(b). Similarly, Bankruptcy Rule

3017(c) provides that, on or before the approval of a disclosure statement, a court "may fix a date for the hearing on confirmation." Bankruptcy Code section 105 expressly authorizes the Court to "issue an order . . . that . . . provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan." 11 U.S.C. § 105(d)(2)(B)(vi). In addition, Local Rule 3017-2(a) sets forth certain non-exclusive circumstances under which a combined hearing is ordinarily permissible. Here, the Debtors propose to proceed under Local Rule 3017-2 because:

a.   The Debtors intend to either: (i) sell all or substantially all of their assets pursuant to Bankruptcy Code section 363; (ii) enter into a reorganization transaction through which 100% of the equity in the reorganized company would be acquired; or (iii) conduct an orderly wind-down and liquidation of the Debtors' estates.

b.   All of the Debtors' Voting Classes are comprised of general unsecured creditors.

c.   The Debtors are not currently operating and any prolonged stay in chapter 11 will only harm creditors and increase administrative expenses.

d.   The Debtors' strained liquidity requires immediate resolution in chapter 11 to avoid further harm to creditors.

e.   A combined hearing to confirm the Plan and approve the Disclosure Statement on a final basis provides the most efficient means to conclude these Chapter 11 Cases.

18.   Accordingly, the Debtors respectfully request that a hearing to consider confirmation of the Plan and approval of the Disclosure Statement on a final basis be set for **October 30, 2023, at 11:00 a.m. (prevailing Eastern Time), subject to the Court's availability**. The Debtors' proposed date for the Confirmation Hearing will provide creditors and parties in interest with more than 28 days' notice of the Confirmation Hearing in accordance with Bankruptcy Rules 2002(b) and 3017(a). The Debtors submit that a combined hearing will streamline and expedite the confirmation process, which will inure directly to the benefit of all

stakeholders by accelerating the implementation of the Disclosure Statement and limiting the amount of time the Debtors remain in chapter 11.

19.     Courts in this district have approved expedited consideration of disclosure statements on an interim basis and accelerated confirmation schedules under appropriate circumstances. *See, e.g.*, *In re Space Case, Inc. (f/k/a Masten Space Systems, Inc.)*, Case No. 22-10657 (BLS) (Bankr. D. Del. July 28, 2022) (confirming disclosure statement and plan fifty-six (56) days after filing combined plan and disclosure statement); *In re Redwood Liquidating Co. (f/k/a Genapsys, Inc.)*, Case No. 22-10621 (BLS) (Bankr. D. Del. July 11, 2022) (confirming disclosure statement and plan fifty-nine (59) days after filing combined plan and disclosure statement); *In re Express Jet Airline LLC*, Case No. 22-10787 (MFW) (Bankr. D. Del. Aug. 23, 2022) (confirming disclosure statement and plan sixty (60) days after filing combined plan and disclosure statement).

20.     The Debtors further request that objections to approval of the Disclosure Statement on a final basis and confirmation of the Plan, respectively, if any, shall (a) be in writing, (b) comply with the Bankruptcy Rules and the Local Rules, and (c) be filed with the Court and served so that they are received by no later than **October 23, 2023, at 4:00 p.m. (prevailing Eastern Time)** upon the following parties: (a) proposed counsel to the Debtors, McDermott Will & Emery LLP (i) 1000 N. West Street, Suite 1400, Wilmington, Delaware 19801, (Attn: Maris J. Kandestin (mkandestin@mwe.com)), (ii) One Vanderbilt Avenue, New York, New York 10017-3852 (Attn: Darren Azman (dazman@mwe.com)), and (iii) 333 SE 2nd Avenue, Suite 5400, Miami, Florida 33131 (Attn: Gregg Steinman (gsteinman@mwe.com)); (b) proposed counsel to the Committee, Brown Rudnick LLP, 7 Times Square, New York, NY 10036 (Attn: Robert Stark (rstark@brownrudnick.com)); Bennett Silverberg

(bsilverberg@brownrudnick.com)); and (c) the United States Trustee for the District of

Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Joseph

F. Cudia (joseph.cudia@usdoj.gov)).

21.     Pursuant to Local Rule 3017-2(b)(iv), provided that the Confirmation Hearing

Notice and Notice of Non-Voting Status (as each are defined below) are served by October 1,

2023, all parties in interest will receive timely notice of the deadline to object to final approval of

the adequacy of the Disclosure Statement and confirmation of the Plan in accordance with

Bankruptcy Rule 2002(b).

22.     The Debtors further request that they and any party supporting final approval of

the Disclosure Statement and confirmation of the Plan be permitted to, in their discretion, file a

reply to any objections and/or declarations in support of the Disclosure Statement and Plan no

later than **October 26, 2023, at 4:00 p.m. (prevailing Eastern Time)**.

**C.     Approval of the Confirmation Hearing Notice, Forms of Ballots, Notice of Non-Voting Status, and Publication Notice**

23.     Pursuant to the Disclosure Statement and the Plan, the Debtors have created

eleven separate classes of claims (each, a "Class" or "Class of Claims or Interests"). A table

listing each such Class follows:

| Class | Claim or Interest | Impairment | Voting Rights |
|-------|-------------------|------------|---------------|
| 1 | Secured Tax Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 2 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 3A | Prime Core General Unsecured Claims | Impaired | Entitled to Vote |
| 3B | Prime Trust General Unsecured Claims | Impaired | Entitled to Vote |
| 3C | Prime IRA General Unsecured Claims | Impaired | Entitled to Vote |
| 3D | Prime Digital General Unsecured Claims | Impaired | Entitled to Vote |

| 4 | Convenience Claims | Impaired | Entitled to Vote |
|---|---|---|---|
| 5 | Section 501(b) Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 6 | Intercompany Claims | Unimpaired / Impaired | Not Entitled to Vote (Presumed to Accept) |
| 7 | Intercompany Interests | Unimpaired / Impaired | Not Entitled to Vote (Presumed to Accept) |
| 8 | Existing Equity Interests | Impaired | Not Entitled to Vote (Deemed to Reject) |

### *(i)      Confirmation Hearing Notice*

24.      All Holders of Claims or Interests (each, a "Holder") included in a Class entitled to vote on the Plan will be served with a copy of the notice of the confirmation hearing (the "Confirmation Hearing Notice"), which is attached to the Conditional Approval Order as **Exhibit 1**. The Debtors will commence service of the Confirmation Hearing Notice no later than **two business days following entry of this Conditional Approval Order**, or as soon as reasonably practical thereafter. Further, the Debtors propose that they will also serve the Confirmation Hearing Notice on the following parties, among others: (i) the U.S. Trustee; (ii) proposed counsel to the Committee; and (iii) any party entitled to notice pursuant to Bankruptcy Rule 2002.

### *(ii)     Forms of Ballots*

25.      In accordance with Bankruptcy Rules 3017(d) and 3018(c), the Debtors propose that they distribute, via mail in paper or electronic form (i.e., flash-drive) or via email,[5] to Holders entitled vote on the Plan an appropriate form of ballot attached to the Conditional Approval Order as **Exhibits 2-A**, **2-B**, **2-C**, **2-D**, and **2-E** (each, a "Ballot" and collectively, the "Ballots"). The Ballots are substantially similar to Official Form No. 314 but have been modified

---

[5]      Flash-drives will only be provided to Holders of Claims in Voting Classes that receive the Solicitation Package by mail (not email).

to be consistent with the specific provisions of the Disclosure Statement, the Plan, and the facts

of these Chapter 11 Cases. The instructions for completion of the Ballots are included in each

Ballot and are summarized in Article IX of the Disclosure Statement. The Debtors propose that

the appropriate form of Ballots be distributed to the Holders in the Voting Classes.

26.     The Debtors respectfully submit that the proposed Ballots are appropriately

tailored to the Plan and comply with Bankruptcy Rules 3017 and 3018. Accordingly, by this

Motion, the Debtors request that the Court approve the proposed Ballots.

### (iii)     *Notice of Non-Voting Status*

27.     The Voting Classes are the only classes entitled to receive a Ballot to vote to

accept or reject the Plan. Holders in Classes 1, 2, 6, and 7 (the "Unimpaired Classes") are

presumed to have accepted the Plan pursuant to Bankruptcy Code section 1126(f), and Holders

in Classes 5 and 8 (together with the Unimpaired Classes, the "Non-Voting Classes") are

conclusively deemed to have rejected the Plan pursuant to Bankruptcy Code section 1126(g).

28.     Accordingly, in lieu of the Solicitation Packages, the Debtors propose to mail to

Holders in the Non-Voting Classes  a notice substantially in the form attached to the Conditional

Approval Order as **Exhibit 3** (the "Notice of Non-Voting Status"). The Debtors will commence

service of the Notice of Non-Voting Status no later than **two business days following entry of**

**the Conditional Approval Order**, or as soon as reasonably practical thereafter.

### (iv)     *Publication Notice*

29.     The Debtors additionally propose to publish a notice (the "Publication Notice"),

substantially in the form annexed to the Conditional Approval Order as **Exhibit 4**, in *The Wall*

*Street Journal*, *The New York Times*, or *USA Today* within five (5) business days before the

Solicitation Date (defined below), or as soon as reasonably practical thereafter. The Debtors

believe that the Publication Notice will provide sufficient notice of, among other things, the entry

of the Conditional Approval Order, the Voting Deadline, the Confirmation Objection Deadline, and the Confirmation Hearing to parties who did not otherwise receive notice thereof by mail or electronic mail.

**D.      Approval of the Solicitation Packages for Voting Classes**

30.      Bankruptcy Rule 3017(d) specifies the materials to be distributed to Holders for purposes of soliciting votes and providing adequate notice of the hearing on confirmation of a plan:

> Upon approval of a disclosure statement,—except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders—the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
>
> (1) the plan or a court-approved summary of the plan;
>
> (2) the disclosure statement approved by the court;
>
> (3) notice of the time within which acceptances and rejections of the plan may be filed; and
>
> (4) any other information as the court may direct, including any court order approving the disclosure statement or a court-approved summary of the opinion.
>
> In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Bankruptcy Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan . . . .

Fed. R. Bankr. P. 3017(d).

31.      In accordance with Bankruptcy Rule 3017(d), and as set forth above, the Debtors propose that, no later than **five (5) business days after entry of the Conditional Approval Order** (or as soon as reasonably practical thereafter) (the "Solicitation Date"), the following

materials may be mailed or emailed by Bankruptcy Management Solutions, Inc. d/b/a Stretto ("Stretto" or the "Claims Agent") in accordance with the *Interim Order (I) Authorizing Debtors to File Consolidated Creditor Matrix and Top 50 Creditors List; (II) Authorizing Redaction of Certain Personally Identifiable Information; (III) Authorizing the Debtors to Serve Certain Parties by Electronic Mail; (IV) Approving Certain Notice Procedures; and (V) Granting Related Relief* [Docket No. 39] (the "Privacy Protection Order") to all Holders in the Voting Classes (collectively, the "Solicitation Package"): (a) the Confirmation Hearing Notice; (b) the Disclosure Statement and Plan; (c) a copy of the Conditional Approval Order (without exhibits); (d) an appropriate Ballot; (e) the Notice of Non-Voting Status; and (f) any other materials as the Court may direct. Copies of the documents provided in the Solicitation Package also may be downloaded and/or viewed (i) free of charge by all parties in interest at the website maintained by the Claims Agent at https://cases.stretto.com/primetrust/, or by contacting the Claims Agent via email at PrimeCoreInquiries@stretto.com, and (ii) for a fee on the Court's website at https://www.deb.uscourts.gov/. (A login and password to the Court's Public Access to Electronic Court Records are required to access the information on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Copies of the documents provided in the Solicitation Package also may be examined between the hours of 8:00 a.m. and 5:00 p.m. (prevailing Eastern Time) Monday through Friday at the Office of the Clerk of the Bankruptcy Court, 824 North Market Street, 3rd Floor, Wilmington, DE 19801.

32.     For purposes of serving the Solicitation Packages, the Debtors are authorized to rely on the address information compiled, updated, and maintained by the Claims Agent as of the Voting Record Date. The Debtors and the Claims Agent are not required to conduct any additional research for updated addresses based on undeliverable Solicitation Packages.

E.      **Approval of Voting Record Date and Voting Deadline.**

33.     Bankruptcy Rule 3017(d) provides that, for purposes of soliciting votes to confirm a plan, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." Fed. R. Bankr. P. 3017(d)(4). Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes. Additionally, Bankruptcy Rule 3017(c) provides that before approving the disclosure statement, the Court must fix a time within which the holders of claims and interests may accept or reject a plan and may fix a date for the hearing on confirmation of a plan. *See* Fed. R. Bankr. P. 3017(c).

34.     The Debtors respectfully request that the Court establish **September 22, 2023**, as the Voting Record Date for the purposes of determining which Holders are entitled to receive a Ballot to vote to accept or reject the Plan and **October 23, 2023, at 4:00 p.m. (prevailing Eastern Time)** as the Voting Deadline.[6]

35.     The Debtors propose that, with respect to any transferred Claim, the transferee shall be entitled to receive a Solicitation Package and, if the holder of such Claim is entitled to vote with respect to the Plan, the transferee may cast a Ballot on account of such Claim *only if*, (i) all actions necessary to effectuate the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date or (ii) the transferee files by the Voting Record Date, (a) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (b) a sworn statement of the transferor supporting the validity of the transfer.

---

[6]     The Debtors request that the Court establish the Voting Record Date for voting purposes only and that the Voting Record Date shall not affect who is entitled to receive distributions under the Plan.

36. The Debtors request that, after the Debtors distribute Solicitation Packages to holders of Claims entitled to vote on the Plan, the Court require that all Holders of Claims entitled to vote on the Plan complete, execute, and return their Ballots so that they are actually received by the Claims Agent, on or before the Voting Deadline, *provided, that*, the Debtors may extend the Voting Deadline in their reasonable discretion and without further order of the court.

## F.    Approval of Voting Procedures

37. The Debtors request that Holders of Claims in the Voting Classes be permitted to submit Ballots by mail, courier, or hand delivery to Stretto as indicated in the form of the Debtors request that the Court establish the Voting Record Date for voting purposes only and that the Voting Record Date shall not affect who is entitled to receive distributions under the Plan. Ballot attached to the Conditional Approval Order as **Exhibits 2-A, 2-B, 2-C, 2-D**, and **2-E**. However, the Debtors also request authorization for the electronic, online transmission of Class 3A, 3B, 3C, 3D, and 4 Ballots through the Claims Agent's customized balloting portal (the "E-Ballot Portal")[7] available at the Debtors' restructuring website maintained by the Claims Agent: https://cases.stretto.com/primetrust/. Instructions for electronic, online transmission of Class 3A, 3B, 3C, 3D, and 4 Ballots through the E-Ballot Portal will be set forth on such website. The Debtors further request that the encrypted Ballot data and the audit trail created by such submission shall become part of the record of any Ballot submitted in this manner and the

---

[7]    Online voting through portals similar to those the Claims Agent will make available on its website have routinely been approved in other chapter 11 cases in this District and should be approved here. *See, e.g., In re TPC Group, Inc.*, Case No. 22-10493 (CTG) (Bankr. D. Del. Sept. 27, 2022) [Docket No. 855]; *In re Patriot Nat'l, Inc.*, Case No. 18-10189 (KG) (Bankr. D. Del. Mar. 14, 2018) [Docket No. 381]; *In re Magnum Hunter Res. Corp.*, Case No. 15-152533 (KG) (Bankr. D. Del. Feb. 26, 2017) [Docket No. 671]; *In re RCS Capital Corp.*, Case No. 16-10223 (MFW) (Bankr. D. Del. Mar. 21, 2016) [Docket No. 361]; *In re Altegrity, Inc.*, Case No. 15-10226 (LSS) (Bankr. D. Del. May 15, 2015) [Docket No. 529]. *In re Clovis Oncology, Inc.*, Case No. 22-11292 (JKS) (Bankr. D. Del. June 16, 2023) [Docket No. 904].

electronic signature of holders of Claims in Classes 3A, 3B, 3C, 3D, and 4 submitting a Ballot

through the E-Ballot Portal will be immediately legally valid and effective.

38.     Upon completion of balloting, the Claims Agent will certify the amount and

number of allowed Claims in the Voting Classes accepting or rejecting the Plan with the

assistance of the Debtors and case professionals. The Debtors will file such certification (the

"Voting Affidavit") with the Court on or before **October 26, 2023, at 4:00 p.m. (prevailing**

**Eastern Time)**. The Debtors may waive any defects or irregularities as to any particular Ballot at

any time, either before or after the close of voting, and any such waivers shall be documented in

the Voting Affidavit. To assist in the solicitation process, the Debtors request that the Claims

Agent be authorized, but not required, to contact parties that submit incomplete or otherwise

deficient Ballots to make a reasonable effort to cure such deficiencies. Unless waived, any

defects or irregularities in connection with completion or delivery of Ballots must be cured on or

before the Voting Deadline or within such other time as the Debtors (or the Court) determines.

The Debtors further request that neither the Debtors nor the Claims Agent be under any duty to

provide notification of defects or irregularities with respect to completion or delivery of Ballots

nor will any of them incur any liability for failure to provide such notification. Delivery of such

defective Ballots will not be deemed to have been made until such irregularities have been cured

or waived.

39.     The Debtors propose that the following procedures be utilized in tabulating the

votes to accept or reject the Plan (the "Voting Procedures"):

   a.     The amount of Class 3A (Prime Core General Unsecured Claims), Class
          3B (Prime Trust General Unsecured Claims), Class 3C (Prime IRA
          General Unsecured Claims), Class 3D (Prime Digital General Unsecured
          Claims), and Class 4 (Convenience Claims) for voting purposes only shall
          be established based on the amount of the applicable positions held by

such Holder, as of the Voting Record Date, as evidenced by (a) the Schedules and (b) the Claims Register.

b.      Unless otherwise provided in these Voting Procedures, a Claim will be deemed temporarily allowed for voting purposes only in an amount equal to (i) the liquidated, non-contingent, undisputed amount of such Claim as set forth in the Debtors' Schedules of Assets and Liabilities (including all amendments thereto, the "Schedules") if no Proof of Claim has been timely filed in respect of such Claim; or (ii) if a Proof of Claim has been timely filed in respect of such Claim, the liquidated, non-contingent, and undisputed amount set forth in such Proof of Claim.

c.      If a Claim is deemed allowed by the Plan, an order of the Court, or a written agreement between the holder of a Claim and the Debtors, such Claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth therein.

d.      If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim will be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution (unless otherwise specified in such order).

e.      If a Claim, for which a Proof of Claim has been timely filed, has not been disallowed and is not subject to a pending objection or adversary proceeding as of the Voting Record Date, is for unknown or undetermined amounts, or is wholly unliquidated or contingent (as determined on the face of the Claim or after a reasonable review of the supporting documentation by the Claims Agent) and such Claim has not been Allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, in the amount of $1.00.

f.      Proofs of Claim filed in the amount of $0.00 will not be entitled to vote.

g.      If the Debtors have served an objection or request for estimation as to a Claim by no later than October 11, 2023, such Claim will be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and manner as set forth in such objection, or as ordered by the Court.

h.      If the holder of a Claim identifies a Claim amount on its Ballot that is different than the amount otherwise calculated in accordance with the Voting Procedures, the Claim will be temporarily allowed for voting purposes in the lesser of the two amounts.

i.      If a Proof of Claim has been amended by a later Proof of Claim that is filed on or prior to the Voting Record Date, and the original Proof of

Claim is not subject to an objection or motion to estimate such claim, the later filed amending Claim shall be entitled to vote in a manner consistent with these Voting Procedures, and the earlier filed Claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended Claim. Except as otherwise ordered by the Court, any amendments to Proofs of Claim after the Voting Record Date shall not be considered for purposes of these Voting Procedures.

j.    Except as otherwise ordered by the Court, any Ballots received after the Voting Deadline will not be counted absent the consent of the Debtors (in their reasonable discretion).

k.    Any Ballot that does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan, will not be counted. Ballots partially rejecting and partially accepting the Plan will not be counted.

l.    Any Ballot that is illegible or contains insufficient information to permit the identification of the holder of a Claim will not be counted.

m.    Any Ballot purportedly cast by a person or entity that does not hold a Claim in a Class entitled to vote to accept or reject the Plan will not be counted.

n.    Whenever a Holder casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the latest-dated Ballot timely received will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots.

o.    If a Holder simultaneously casts Ballots that are voted inconsistently, all such inconsistent Ballots will not be counted.

p.    Each Holder will be deemed to have voted the entire amount of its Claim as set forth on the Ballot.

q.    For purposes of the numerosity requirement of Bankruptcy Code section 1126(c), separate Claims held by a single Holder in a particular Class may be aggregated as if such creditor held one Claim against the Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan. Holders may not split their vote within a Class—thus, each holder of a Claim will be required to vote all of its Claims within the Class either to accept or reject the Plan.

r.    Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Classes shall be permitted to vote on account of a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims.

21

s.    All Ballots must contain a signature from the entity submitting the Ballot. Any unsigned Ballot will not be counted; *provided*, *however*, for the avoidance of doubt, Ballots for Classes 3A, 3B, 3C, 3D, and 4 submitted via the Claims Agent's E-Ballot Portal, will be deemed to contain a signature.

t.    Any Ballot transmitted to the Claims Agent by telecopy, facsimile, e-mail, or other electronic means of transmission (except the Claims Agent's E-Ballot Portal) will not be counted.

u.    The method of delivery of Ballots to the Claims Agent is at the risk of each holder of a Claim, and such delivery will be deemed made only when the original Ballot is <u>actually received</u> by the Claims Agent.

v.    If a Ballot is executed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity on behalf of a holder of a Claim, such person will be required to indicate such capacity when signing and may be required, at the Debtors' or the Claims Agent's discretion, to submit proper evidence satisfactory to the Debtors or the Claims Agent to so act on behalf of the holder of a Claim.

w.    Any Holder who has delivered a valid Ballot voting on the Plan may withdraw or change such vote solely in accordance with Bankruptcy Rule 3018(a).

x.    Subject to any contrary order of the Court, the Debtors reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot at any time, either before or after the Voting Deadline, and any such waivers shall be documented in the vote tabulation certification prepared by the Claims Agent.

y.    Unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline or within such time as the Court determines, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

z.    Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor will any of them incur any liability for failure to provide such notification.

40.    The Debtors respectfully submit that the Voting Procedures, including the process by which Holders in the Voting Classes can cast their Ballots via electronic means, will establish

a fair and equitable voting process, particularly given the right of parties to seek temporary allowance of their Claims on some other basis, as described in greater detail below. Accordingly, the Debtors seek the Court's approval of such proposed procedures.

**G.      Approval of Plan Supplement**

41.      Local Rule 3016-2 requires that a "plan proponent file any plan supplement on or before seven (7) days prior to the earlier of (a) the deadline for submission of ballots to vote to accept or reject a plan, or (b) the deadline to object to confirmation of a plan," unless the Court orders otherwise. The Debtors propose that the deadline for filing the supplement to the Plan (the "Plan Supplement") be **October 16, 2023, at 4:00 p.m. (prevailing Eastern Time)**, which is seven (7) days before the Voting Deadline, provided that the Debtors may amend, supplement, or otherwise modify the Plan Supplement prior to the Confirmation Hearing and/or in accordance with the Plan.

**H.      Procedures for Temporary Allowance of Claims**

42.      The Debtors propose that any Holder that seeks temporary allowance of its Claim for voting purposes or to challenge the temporary allowance of its Claim for voting purposes based on the Voting Procedures must file a motion pursuant to Bankruptcy Rule 3018(a) for an order temporarily allowing its Claim or allowing its Claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "Rule 3018 Motion") and serve the Rule 3018 Motion on the Debtors so that it is received no later than **October 16, 2023, at 4:00 p.m. (prevailing Eastern Time)** (the "Rule 3018(a) Motion Deadline"). The Debtors (and, with respect to filing a response, any party in interest) will then: (i) have until **October 23, 2023, at 4:00 p.m. (prevailing Eastern Time)** to file and serve any objections to Rule 3018 Motions; (ii) have until **October 26, 2023, at 4:00 p.m. (prevailing Eastern Time)** to file and serve any replies to Rule 3018 Motions; and (iii) have until **October 30, 2023,** to coordinate with the Court

to adjudicate and resolve all pending Rule 3018 Motions prior to the Confirmation Hearing. In accordance with Bankruptcy Rule 3018, the Debtors further propose that any Ballot submitted by a Holder that files a Rule 3018 Motion will be counted solely in accordance with the Voting Procedures and other applicable provisions contained herein unless and until the underlying Claim is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing or by agreement with the Debtors.

## NON-SUBSTANTIVE MODIFICATIONS

43.     The Debtors request authorization to make non-substantive changes to the Disclosure Statement, the Plan, Confirmation Hearing Notice, Solicitation Packages, Notice of Non-Voting Status, Ballots, Publication Notice, and related documents without further order of the Court, including changes to correct typographical and grammatical errors, if any, changes to reflect ongoing negotiations that do not materially reduce the recoveries to creditors, and to make conforming changes to the Disclosure Statement and Plan, and any other materials in the Solicitation Packages before distribution thereof.

## NOTICE

44.     The Debtors will provide notice of the Motion to: (a) the U.S. Trustee; (b) proposed counsel to the Committee; and (c) any party entitled to notice pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice is required.

WHEREFORE, the Debtors respectfully request entry of the Conditional Approval Order, attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as is just and proper.

Dated: September 9, 2023
   Wilmington, Delaware

Respectfully submitted,

**MCDERMOTT WILL & EMERY LLP**

*/s/ Maris J. Kandestin*
Maris J. Kandestin (No. 5294)
1000 N. West Street, Suite 1400
Wilmington, Delaware 19801
Telephone: (302) 485-3900
Facsimile: (302) 351-8711
Email: mkandestin@mwe.com

-and-

Darren Azman (admitted *pro hac vice*)
Joseph B. Evans (admitted *pro hac vice*)
J. Greer Griffith (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Facsimile: (646) 547-5444
Email: dazman@mwe.com
   jbevans@mwe.com
   ggriffith@mwe.com

-and-

Gregg Steinmann (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 5400
Miami, Florida 33131
Telephone: (305) 358-3500
Facsimile: (305) 347-6500
Email: gsteinman@mwe.com

-and-

R. Jacob Jumbeck (admitted *pro hac vice*)
Rebecca E. Trickey (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, Illinois 60606-0029

Telephone:  (312) 372-2000
Facsimile:  (312) 984-7700
Email: jjumbeck@mwe.com
   rtrickey@mwe.com

*Proposed Counsel to the Debtors and Debtors in Possession*