**<u>Exhibit 1</u>**

**Confirmation Hearing Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Prime Core Technologies Inc., *et al.*,[1]<br><br>                           Debtors. | Chapter 11<br><br>Case No. 23-11161 (JKS)<br><br>(Jointly Administered)<br><br>**Obj. Deadline:**<br>**Hr'g Date:** |

**NOTICE OF ORDER (I)APPROVING THE DISCLOSURE STATEMENT ON AN INTERIM BASIS FOR SOLICITATION PURPOSES ONLY; (II) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN; (III) APPROVING THE FORM OF BALLOT AND SOLICITATION PACKAGES; (IV) ESTABLISHING THE VOTING RECORD DATE; (V) SCHEDULING A COMBINED HEARING FOR FINAL APPROVAL OF THE ADEQUACY OF INFORMATION IN THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN**

**PLEASE TAKE NOTICE THAT:**

1. *Approval of Disclosure Statement*. On September [●], 2023, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") held a hearing (the "Conditional Approval Hearing") at which it approved on a conditional basis the *Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to Joint Chapter 11 Plan of Reorganization for Prime Core Technologies Inc. and Its Affiliated Debtors* [Docket No. 93] (as amended, supplemented or otherwise modified from time to time, according to its terms, the "Disclosure Statement") of Prime Core Technologies Inc. and its affiliated debtors in the above-captioned chapter 11 cases (collectively, the "Debtors"), and thereafter entered an order (the "Conditional Approval Order") with respect thereto. The Conditional Approval Order, among other things, authorizes the Debtors to solicit votes to accept the *Joint Chapter 11 Plan of Reorganization for Prime Core Technologies Inc. and Its Affiliated Debtors* filed on September 8, 2023 [Docket No. 92] (as amended, supplemented or otherwise modified from time to time, according to its terms, the "Plan").

2. **Confirmation Hearing.** A hearing to consider the confirmation of the Plan (the "Confirmation Hearing") has been scheduled for **October 30, 2023, at [●] (prevailing Eastern Time)** before the Honorable J. Kate Stickles, United States Bankruptcy Judge, in the Bankruptcy Court. The Confirmation Hearing may be adjourned or continued from time to time by the Bankruptcy Court without further notice other than by a Court announcement providing for such adjournment or continuation on its

---

[1]     The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, Nevada 89135.

1

agenda. The Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing.

3. ***Voting Record Date.*** Holders in Classes 3A, 3B, 3C, 3D, and 4 (the "Voting Classes"), as of the Voting Record Date, who are otherwise eligible to vote as of September 22, 2023 (the "Voting Record Date") shall be entitled to vote to accept or reject the Plan.

4. ***Voting Deadline.*** All votes to accept or reject the Plan must be actually received by the Debtors voting and tabulation agent, Bankruptcy Management Solutions, Inc. d/b/a Stretto ("Stretto" or the "Claims Agent"), by (a) first-class mail (using the reply envelope provided herewith or otherwise), (b) overnight courier, or (c) hand delivery to Prime Core Technologies Inc., *et al*. Claims Processing, c/o Stretto, 410 Exchange, Suite 100, Irving, CA 92602. In addition, Ballots will be accepted if properly completed through the online balloting portal maintained by the Claims Agent (the "E-Ballot Portal") by no later than **October 23, 2023, at 4:00 (prevailing Eastern Time)** (the "Voting Deadline"). Any failure to follow the voting instructions included with your Ballot may disqualify your Ballot and your vote.

5. ***Parties in Interest Not Entitled to Vote.*** Holders of Secured Tax Claims, Other Priority Claims, Section 501(b) Claims, Intercompany Claims, Intercompany Interests, and Existing Equity Interests are not entitled to vote on the Plan and will not receive a Ballot. If you disagree with the amount set forth by the Debtors for your Claim in the Schedules or if you have filed a proof of claim and disagree with either (a) the Debtors' objection to your Claim and believe that you should be entitled to vote on the Plan or (b) the Debtors' classification or request for estimation of your Claim and believe that you should be entitled to vote on the Plan in a different amount or class, then you must serve on the parties identified in paragraph 8 below and file with the Bankruptcy Court a motion (a "Rule 3018(a) Motion") for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") temporarily allowing your claim in a different amount or in a different class for purposes of voting to accept or reject the Plan. All Rule 3018(a) Motions must be filed on or before **October 16, 2023, at 4:00 p.m. (prevailing Eastern Time)**. Rule 3018(a) Motions that are not timely filed and served in the manner set forth above shall not be considered. As to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will be counted as provided in the Order except as may be otherwise ordered by the Bankruptcy Court. Creditor's may contact Stretto (i) by writing to Prime Core Technologies Inc. Ballot Processing Center, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; (ii) by email to PrimeCoreInquiries@stretto.com with a reference to "Prime Core Technologies Inc. Solicitation" in the subject line; or (iii) by telephone at +1-303-356-6996 (International) or (888)-533-6996 (U.S./Canada Toll- Free) to receive an appropriate ballot for any Claim for which a Proof of Claim has been timely filed and a Rule 3018(a) Motion has been granted.

6. ***Objections to Confirmation.*** The deadline to object or respond to confirmation of the Plan is **October 23, 2023, at 4:00 p.m. (prevailing Eastern Time)** (the "Plan Objection Deadline").

7. ***Form and Manner of Objections to Confirmation***. Objections and responses, if any, to confirmation of the Plan, must: (i) be in writing; (ii) comply with the Bankruptcy Rules and the Local Rules; and (iii) be filed with the Court and served upon the following parties: (a) proposed counsel to the Debtors, McDermott Will & Emery LLP (i) 1000 N. West Street, Suite 1400, Wilmington, Delaware 19801, (Attn: Maris J. Kandestin (mkandestin@mwe.com)), (ii) One Vanderbilt Avenue, New York, New York 10017-3852 (Attn: Darren Azman (dazman@mwe.com)), and (iii) 333 SE 2nd Avenue, Suite 5400, Miami, Florida 33131 (Attn: Gregg Steinman (gsteinman@mwe.com)); (b) proposed counsel to the Committee, Brown Rudnick LLP, 7 Times Square, New York, NY 10036 (Attn: Robert Stark (rstark@brownrudnick.com; Bennett Silverberg (bsilverberg@brownrudnick.com)); and (c) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington,

Delaware 19801 (Attn: Joseph F. Cudia (joseph.cudia@usdoj.gov)), no later than the Plan Objection Deadline.

8. **IF AN OBJECTION TO THE PLAN IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO THE PLAN OR THE ADEQUACY THEREOF AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

*Additional Information.* Any Party in interest wishing to obtain information about the solicitation procedures or copies of the Disclosure Statement, the Plan, or other Solicitation Materials should contact the Claims Agent: (i) by accessing the Debtors' restructuring website maintained by the Claims Agent at https://cases.stretto.com/primetrust/; (ii) by writing to Prime Core Technologies Inc. Ballot Processing Center, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; (c) by email to PrimeCoreInquiries@stretto.com with a reference to "Prime Core Technologies Inc. Solicitation" in the subject line; or (d) by telephone at +1-303-356-6996 (International) or (888)-533-6996 (U.S./Canada Toll- Free); or for a fee via PACER at http://ecf.deb.uscourts.gov.

**NOTICE REGARDING CERTAIN RELEASE,
EXCULPATION, AND INJUNCTION PROVISIONS IN PLAN**

**If you (i) vote to accept the Plan, (ii) do not vote either to accept or to reject the Plan and do not opt out of granting the releases set forth in the Plan, (iii) vote to reject the Plan but do not opt out of granting the releases set forth in the Plan, or (iv) were given notice of the opportunity to opt out of granting the releases set forth in the Plan but did not opt out, you shall be deemed to have consented to the releases contained in Article 10 of the Plan.**

10.4 *Releases by the Debtors.*

**Notwithstanding anything in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party[2] is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably, and forever released by each of the Debtors, their respective Estates, and any Person seeking to exercise the rights of any of the Debtors or their Estates (including any successors to any of the Debtors or their Estates or any estate representatives appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code), in each case, on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Persons who may purport to assert any Cause of Action, derivatively, by, through, for, or because of any of the foregoing Persons, from any and all Claims and Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or non-contingent, in law, equity, contract, tort or otherwise, that any of the Debtors, their Estates, the Reorganized Debtors, the Plan Trust, or the**

---

[2] "Released Parties" means, subject to the outcome of the Debtors' investigation, collectively, in each case in its capacity as such: (a) the Debtors; (b) if applicable, the Reorganized Debtors; (c) the Creditors' Committee, and each of the members thereof, solely in their capacity as such; (d) each of the Released Professionals; (e) if applicable, the Purchaser and each of its Related Parties; (f) if applicable, the Plan Sponsor and each of its Related Parties; and (g) each current and former Affiliate of each Entity in clause (a) through the following clause (h); and (h) each Related Party of each Entity in clause (a) through clause (g); *provided*, *however*, that if (i) the Asset Purchase Agreement is terminated, the Purchaser and each of its Related Parties shall not be "Released Parties" under the Plan or (ii) the Plan Sponsorship Agreement is terminated, the Plan Sponsor and each of its Related Parties shall not be "Released Parties" under the Plan.

3

**Wind-Down Trust, as applicable, or any successors to or representatives of the foregoing appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, would have been legally entitled to assert in their own right (whether individually or collectively) or that any holder of any Claim against or any Interest in, any of the Debtors could have asserted on behalf of any of the Debtors, the Reorganized Debtors, their Estates, the Plan Trust, or the Wind-Down Trust, as applicable based on, relating to, or in any manner arising from, in whole or in part, any of the Debtors (including the capital structure, management, ownership, or operations thereof), any Security of any of the Debtors, the subject matter of, or the transactions or events giving rise to, any such Claim, Cause of Action or Interest, the business or contractual arrangements between any Debtor and a Released Party, any of the Debtors' restructuring efforts, any Avoidance Actions held by any of the Debtors or their Estates, any intercompany transactions performed by any of the Debtors, the Chapter 11 Cases (including the Filing thereof and any relief obtained by the Debtors therein), the formulation, preparation, dissemination, negotiation, or Filing of the Plan (including the Plan Supplement), the Disclosure Statement, the Bid Procedures Order (and the procedures approved thereby), any Definitive Document, any Plan Transaction, or any other contract, instrument, release, or other agreement or document (including any legal opinion requested by any Person regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order with respect to the Plan in lieu of such legal opinion) created or entered into, whether before or during the Chapter 11 Cases, in connection with the Filing of the Debtors' Chapter 11 Cases, the Bid Procedures Order, the Disclosure Statement, the Plan (including, for the avoidance of doubt, the Plan Supplement), any Plan Transaction, any Definitive Document, the solicitation of votes with respect to the Plan, the pursuit of Confirmation of the Plan, the pursuit of Consummation of the Plan, and the administration implementation of the Plan, and the administration and the implementation of the Plan, including the issuance or distribution of Securities or any other property pursuant to the Plan, or any other act or omission, transaction, agreement, event, or other occurrence related or relating to any of the foregoing taking place on or before the Effective Date other than Claims and liabilities resulting therefrom arising out of or relating to any act or omission of a Released Party that constitutes actual fraud, willful misconduct, or gross negligence, in each case, solely to the extent determined by a Final Order of a court of competent jurisdiction. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date Claims or obligations of any Person under the Plan, the Confirmation Order with respect to the Plan, any Plan Transaction, any Definitive Document, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to section 1123(b) of the Bankruptcy Code and Bankruptcy Rule 9019, of the releases described in this Article 10.4 by the Debtors, which includes by reference each of the related provisions and definitions contained in this Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in this Article 10.4 is: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good-faith settlement and compromise of such Causes of Action; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) a sound exercise of the Debtors' business judgment; and (7) except to the extent contemplated by Article 6.7 and Article 6.8 of the Plan, a bar to any Debtor, the Reorganized Debtor, the Plan Trust, or the Wind-Down Trust, as applicable, or their respective Estates asserting any Cause of Action related thereto, of any kind, against any of the Released Parties or their property. Notwithstanding anything to the contrary contained herein, nothing in the Plan shall release, waive, or otherwise limit the rights, duties, or obligations of, if applicable, the Purchaser under the Asset Purchase Agreement or the Plan Sponsor under the Plan Sponsorship Agreement.**

10.5    *Releases by Holders of Claims and Interests.*

**Except as otherwise expressly set forth in the Plan or the Confirmation Order, on and after the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably and forever, released by each Releasing Party[3] from any and all Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or non-contingent, in law, equity, contract, tort, or otherwise, including any derivative claims asserted on behalf of the Debtors, that such Person would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, any of the Debtors (including the capital structure, management, ownership, or operation thereof), any security of any of the Debtors or any of the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the assertion or enforcement of rights and remedies against any of the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions held by any of the Debtor(s) or their Estates, intercompany transactions between or among an Debtor and another Debtor, the formulation, preparation, dissemination, negotiation, or Filing of the Chapter 11 Cases, the Bid Procedures Order, Disclosure Statement, the Plan (including, for the avoidance of doubt, the Plan Supplement), any Definitive Document, any Plan Transaction contemplated by the Plan, any contract, instrument, release, or other agreement or document created or entered into, whether before or during the Chapter 11 Cases, in connection with the Filing of the Debtors' Chapter 11 Cases, the Bid Procedures Order, the Disclosure Statement, the Plan (including, for the avoidance of doubt, the Plan Supplement), any Plan Transaction, any Definitive Document, the solicitation of votes with respect to the Plan, the pursuit of Confirmation of the Plan, the pursuit of Consummation of the Plan, and the administration implementation of the Plan. Notwithstanding anything to the contrary to the foregoing, the release set forth above does not release any post-Effective Date obligations of any Person under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan. Moreover, the foregoing release shall have no effect on the liability of, or any Causes of Action against, any Entity that results from any act or omission that is determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence.**

10.6    *Exculpation.*

**Effective as of the Effective Date, to the fullest extent permissible under applicable law and without affecting or limiting either the Debtor release or the third party release, and except as otherwise**

---

[3]    "Releasing Parties" means collectively, and in each case, solely in their respective capacities as such: (a) the Released Parties; (b) all Holders of Claims and Interests that are deemed to accept this Plan; (c) all Holders of Claims who (i) vote to accept or reject the Plan or (ii) abstains from voting and, in the case of either (i) or (ii), does not opt out of the voluntary release contained in Article 10.5 of the Plan by checking the "opt out" box on the ballot, and returning it in accordance with the instructions set forth thereon, indicating that they opt not to grant the releases provided in the Plan; (d) Holders of Claims or Interests that are deemed to reject this Plan and do not either (y) timely file with the Bankruptcy Court an objection to the releases set forth in Article 10.5 of this Plan by the deadline established to file objections to this Plan or (z) returns the opt-out notice and returning it in accordance with the instructions set forth thereon; and (e) with respect to any Person or entity in the foregoing clauses (a) through (d), the Related Party of such Person or Entity solely in their capacity as such; *provided*, *however*, that if (i) the Asset Purchase Agreement is terminated, the Purchaser and each of its Related Parties shall not be "Releasing Parties" under the Plan and (ii) the Plan Sponsorship Agreement is terminated, the Plan Sponsor and each of its Related Parties shall not be "Releasing Parties" under the Plan.

5

**specifically provided in the Plan, no Exculpated Party[4] shall have or incur, and each Exculpated Party is exculpated from any Cause of Action for any act or omission arising on or after the Petition Date and prior to the Effective Date based on the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation or filing, or consummation of the Disclosure Statement, the Bid Procedures Order, the Plan, any Definitive Document, any Plan Transaction, any contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the Plan or any Plan Transaction, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation of the Plan, the administration of the Chapter 11 Cases, the administration and implementation of the Plan, including the issuance of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement (including, for the avoidance of doubt, providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion), except for Causes of Action related to any act or omission that is determined in a Final Order of a court of competent jurisdiction to have constituted actual fraud, willful misconduct, malpractice, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.**

**The Exculpated Parties have, and upon Consummation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, of the exculpations set forth in this <u>Article 10.6</u>.**

      10.7    *Injunction.*

(a)    **Upon entry of the Confirmation Order, all Holders of Claims and Interests and other parties in interest, along with their respective present or former employees, members, managers, agents, officers, directors, principals, and affiliates, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan in relation to any Claim extinguished, or released pursuant to the Plan.**

(b)    **Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court or as agreed to by the Debtors and a Holder of a Claim against or Interest in the Debtors, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether or not proof of such Claims or Interests has been filed and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, along with their**

---

[4] "<u>Exculpated Parties</u>" means, collectively, and in each case in its capacity as such: (a) each of the Debtors; (b) the Special Committee, and each of the members thereof, solely in their capacity as such; (c) the Creditors' Committee, and each of the members thereof, solely in their capacity as such; (d) each of the Released Professionals; (e) all directors, officers, and Persons employed by each of the Debtors and their Affiliates serving in such capacity on or after the Petition Date but before the Effective Date; (f) the Plan Trust; (g) the Plan Administrator; (h) the Wind-Down Trust, (i) the Wind-Down Trustee; and (j) the Distribution Agent.

6

respective present or former employees, members, managers, agents, officers, directors, principals, and affiliates are permanently enjoined, on and after the Effective Date, solely with respect to any Claims, Interests, and Causes of Action that will be or are extinguished, or released pursuant to the Plan from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors, the Reorganized Debtors, the Plan Trust, or the Wind-Down Trust, as applicable, or the property of any of the Debtors, the Reorganized Debtors, the Plan Trust, or the Wind-Down Trust, as applicable; (ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtors, the Reorganized Debtors, the Plan Trust, or the Wind-Down Trust, as applicable; or the property of any of the Debtors, the Reorganized Debtors, the Plan Trust, or the Wind-Down Trust, as applicable; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors, the Reorganized Debtors, the Plan Trust, or the Wind-Down Trust, as applicable, or the property of any of the Debtors, the Reorganized Debtors, the Plan Trust, or the Wind-Down Trust, as applicable; (iv) asserting any right of setoff, directly or indirectly, against any obligation due from the Debtors, the Reorganized Debtors, the Plan Trust, or the Wind-Down Trust, as applicable, or against property or interests in property of any of the Debtors, the Reorganized Debtors, the Plan Trust, or the Wind-Down Trust, as applicable except as contemplated or allowed by the Plan; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.

(c)     By accepting distributions pursuant to the Plan, each Holder of an Allowed Claim or Interest extinguished, or released pursuant to the Plan shall be deemed to have affirmatively and specifically consented to be bound by the Plan, including, without limitation, the injunctions set forth in this **Article 10.7**.

(d)     The injunctions in this **Article 10.7** shall extend to any successors of the Debtors, the Reorganized Debtors, the Plan Trust, and the Wind-Down Trust, as applicable, and their respective property and interests in property.

Dated: September 8, 2023
Wilmington, Delaware

**MCDERMOTT WILL & EMERY LLP**

| Maris J. Kandestin (No. 5294) | Darren Azman | Gregg Steinman |
|---|---|---|
| 1000 N. West Street, Suite 1400 | Joseph B. Evans | 333 SE 2nd Avenue, Suite 5400 |
| Wilmington, DE 19801 | One Vanderbilt Avenue | Miami, Florida 33131 |
| Telephone: (302) 485-3900 | New York, New York 10017-3852 | Telephone: (305) 358-3500 |
| Facsimile: (302) 351-8711 | Telephone: (212) 547-5400 | Facsimile: (305) 347-6500 |
| Email: mkandestin@mwe.com | Email: dazman@mwe.com | Email: gsteinman@mwe.com |
| | jbevans@mwe.com | |

*Proposed Counsel to the Debtors and Debtors in Possession*