## Exhibit 3

**Notice of Non-Voting Status**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Obj. Deadline:**<br>**Hr'g Date:** |

## NOTICE OF NON-VOTING STATUS AND CONFIRMATION HEARING

On September 8, 2023, the above-captioned debtors and debtors in possession (the "Debtors") filed (a) the *Joint Chapter 11 Plan of Reorganization for Prime Core Technologies Inc. and Its Affiliated Debtors* [Docket No. 92] (as amended, supplemented or otherwise modified from time to time, according to its terms, the "Plan") and (b) the *Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to Joint Chapter 11 Plan of Reorganization for Prime Core Technologies Inc. and Its Affiliated Debtors* [Docket No. 93] (as amended, supplemented or otherwise modified from time to time, according to its terms, the "Disclosure Statement"). The Disclosure Statement summarizes the Debtors' Plan and has been approved on a conditional basis by order of the United States Bankruptcy Court for the District of Delaware (the "Court") [Docket No. ●] (the "Conditional Approval Order") for use by the Debtors in soliciting acceptances or rejections of the Plan from holders of Impaired Claims entitled to receive distributions under the Plan.

**UNDER THE TERMS OF THE PLAN, YOUR CLAIM(S) AGAINST AND/OR INTEREST(S) IN THE DEBTORS IS (ARE) NOT ENTITLED TO VOTE ON THE PLAN. CLAIMS IN CLASSES 1, 2, 6 AND 7 ARE UNIMPAIRED AND CONCLUSIVELY PRESUMED TO ACCEPT THE PLAN. CLAIMS AND INTERESTS IN CLASSES 5 AND 8 ARE IMPAIRED AND DEEMED TO REJECT THE PLAN. IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM OR INTEREST YOU SHOULD CONTACT THE CLAIMS AGENT BY (A) WRITING TO PRIME CORE TECHNOLOGIES INC., *ET AL.* CLAIMS PROCESSING CENTER, C/O STRETTO, 410 EXCHANGE, SUITE 100, IRVINE, CA 92602; (B) BY EMAIL AT PRIMECOREINQUIRIES@STRETTO.COM WITH A REFERENCE TO "PRIME CORE TECHNOLOGIES INC." IN THE SUBJECT LINE; or (C) BY TELEPHONE AT +1-303-536-6996 (INTERNATIONAL) OR (888) 533-4753 (U.S./CANADA TOLL-FREE).**

**YOU WILL NOT BE SERVED WITH A COPY OF THE CONDITIONAL APPROVAL ORDER, THE DISCLOSURE STATEMENT AND THE PLAN**. Copies of the Disclosure Statement, the Plan, and the Conditional Approval Order may be obtained free of charge from Bankruptcy Management Solutions, Inc. d/b/a Stretto ("Stretto" or the "Claims Agent") (a) by accessing the Debtors'

---

[1]    The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, Nevada 89135.

restructuring website at https://cases.stretto.com/primetrust/; (b) by writing to Prime Core Technologies Inc., *et al.* Claims Processing Center, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; (c) by email at PrimeCoreInquiries@stretto.com with a reference to "Prime Core Technologies Inc." in the subject line; or (d) by telephone at +1-303-536-6996 (International) or (888) 533-4753 (U.S./Canada Toll-Free); or for a fee via PACER at http://ecf.deb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE THAT EXHIBIT 1 ATTACHED HERETO SETS FORTH THE INJUNCTION, EXCULPATION AND RELEASE PROVISIONS SET FORTH IN ARTICLE 10 OF THE PLAN.**

**PLEASE TAKE FURTHER NOTICE THAT, UPON CONFIRMATION OF THE PLAN, ANY NON-VOTING PARTY DEEMED TO REJECT THE PLAN WILL BE DEEMED TO HAVE CONSENTED TO THE RELEASE PROVISIONS SET FORTH IN ARTICLE 10 OF THE PLAN, AS PROVIDED IN EXHIBIT 1 HERETO, <u>UNLESS SUCH PARTY FILES AN OBJECTION TO, OR COMPLETES AND RETURNS THE OPT-OUT NOTICE BELOW TO THE CLAIMS AGENT, WITH RESPECT TO THE RELEASE PROVISIONS SET FORTH IN ARTICLE 10 OF THE PLAN BY THE OBJECTION DEADLINE (AS DEFINED BELOW).</u> ANY SUCH NON-VOTING PARTY THAT OBJECTS TO, OR SUBMITS AN OPT-OUT FORM AS OUTLINED BELOW, THE RELEASE PROVISIONS SET FORTH IN ARTICLE 10 OF THE PLAN WILL BE CONDITIONALLY DEEMED TO OPT OUT OF SUCH RELEASE PROVISIONS; PROVIDED THAT THE DEBTORS RESERVE THE RIGHT TO REPLY TO SUCH OBJECTION ON THE BASIS THAT THE PARTY SHOULD BE DEEMED TO GRANT THE RELEASE.**

A hearing to consider final approval of the adequacy of information contained in the Disclosure Statement pursuant to Bankruptcy Code section 1125 and confirmation of the Plan pursuant to Bankruptcy Code section 1129 is scheduled to take place on **October 30, 2023, at [●] p.m. (prevailing Eastern Time)** before the Honorable J. Kate Stickles (the "Confirmation Hearing"), but may be continued from time to time without further notice other than the announcement of the adjourned date(s) at the Confirmation Hearing or any continued hearing or as indicated in any agenda of matters scheduled for hearing filed with the Court.

The deadline for filing objections to final approval of the Disclosure Statement or confirmation of the Plan is **October 23, 2023, at 4:00 p.m. (prevailing Eastern Time)**. Any objection must, (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local Rules, and (iii) be filed with the Court and served upon the following parties: (a) proposed counsel to the Debtors, McDermott Will & Emery LLP (i) 1000 N. West Street, Suite 1400, Wilmington, Delaware 19801, (Attn: Maris J. Kandestin (mkandestin@mwe.com)), (ii) One Vanderbilt Avenue, New York, New York 10017-3852 (Attn: Darren Azman (dazman@mwe.com)), and (iii) 333 SE 2nd Avenue, Suite 5400, Miami, Florida 33131 (Attn: Gregg Steinman (gsteinman@mwe.com)); (b) proposed counsel to the Committee, Brown Rudnick LLP, 7 Times Square, New York, NY 10036 (Attn: Robert Stark (rstark@brownrudnick.com; Bennett Silverberg (bsilverberg@brownrudnick.com)); and (c) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Joseph F. Cudia (joseph.cudia@usdoj.gov)).

<u>**Binding Nature of the Plan:**</u>

**If confirmed, the Plan will bind all Holders to the maximum extent permitted by applicable law, whether or not such Holder will receive or retain any property or**

> **interest in property under the Plan, has filed a Proof of Claim in these cases, or failed to vote to accept or reject the Plan or voted to reject the Plan.**

<u>**Optional: Release Opt-Out**</u>

**If you choose to opt-out of the release provisions set forth in Article 10 of the Plan and as set forth on <u>Exhibit 1</u> hereto, you must file an objection to such provisions with the Bankruptcy Court or complete the information below, check the box to opt-out, and return this Notice to the Claims Agent via U.S. first-class mail to Prime Core Technologies Inc.,** *et al.* **Claims Processing Center, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602 by the Voting Deadline.**

☐     By Checking this box, you elect to opt-out of the release provisions set forth in Article 10 of the Plan.

Name: _____     Class: _____     Amount of Claim:_____

| | | |
|---|---|---|
| **Dated:    September [•], 2023** <br> **          Wilmington, Delaware** <br><br> **Respectfully submitted,** | | |
| **MCDERMOTT WILL & EMERY LLP** | | |
| Maris J. Kandestin (No. 5294) <br> 1000 N. West Street, Suite 1400 <br> Wilmington, Delaware 19801 <br> Telephone: (302) 485-3900 <br> Facsimile: (302) 351-8711 <br> Email: mkandestin@mwe.com | Darren Azman <br> Joseph B. Evans <br> One Vanderbilt Avenue <br> New York, New York 10017-3852 <br> Telephone: (212) 547-5400 <br> Facsimile: (646) 547-5444 <br> Email: dazman@mwe.com <br>          jbevans@mwe.com | Gregg Steinman <br> 333 SE 2nd Avenue, <br> Suite 5400 <br> Miami, Florida 33131 <br> Telephone: (305) 358-3500 <br> Facsimile: (305) 347-6500 <br> Email: <br> gsteinman@mwe.com |
| *Proposed Counsel to the Debtors and Debtors in Possession* | | |

**Exhibit 1**

**Injunction, Exculpation and Release Provisions**

10.5     ***Releases by Holders of Claims and Interests.***

**Except as otherwise expressly set forth in the Plan or the Confirmation Order, on and after the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably and forever, released by each Releasing Party from any and all Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or non-contingent, in law, equity, contract, tort, or otherwise, including any derivative claims asserted on behalf of the Debtors, that such Person would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, any of the Debtors (including the capital structure, management, ownership, or operation thereof), any security of any of the Debtors or any of the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the assertion or enforcement of rights and remedies against any of the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions held by any of the Debtor(s) or their Estates, intercompany transactions between or among an Debtor and another Debtor, the formulation, preparation, dissemination, negotiation, or Filing of the Chapter 11 Cases, the Bid Procedures Order, Disclosure Statement, the Plan (including, for the avoidance of doubt, the Plan Supplement), any Definitive Document, any Plan Transaction contemplated by the Plan, any contract, instrument, release, or other agreement or document created or entered into, whether before or during the Chapter 11 Cases, in connection with the Filing of the Debtors' Chapter 11 Cases, the Bid Procedures Order, the Disclosure Statement, the Plan (including, for the avoidance of doubt, the Plan Supplement), any Plan Transaction, any Definitive Document, the solicitation of votes with respect to the Plan, the pursuit of Confirmation of the Plan, the pursuit of Consummation of the Plan, and the administration implementation of the Plan.  Notwithstanding anything to the contrary to the foregoing, the release set forth above does not release any post-Effective Date obligations of any Person under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.  Moreover, the foregoing release shall have no effect on the liability of, or any Causes of Action against, any Entity that results from any act or omission that is determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence.**

10.6    *Exculpation.*

Effective as of the Effective Date, to the fullest extent permissible under applicable law and without affecting or limiting either the Debtor release or the third party release, and except as otherwise specifically provided in the Plan, no Exculpated Party shall have or incur, and each Exculpated Party is exculpated from any Cause of Action for any act or omission arising on or after the Petition Date and prior to the Effective Date based on the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation or filing, or consummation of the Disclosure Statement, the Bid Procedures Order, the Plan, any Definitive Document, any Plan Transaction, any contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the Plan or any Plan Transaction, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation of the Plan, the administration of the Chapter 11 Cases, the administration and implementation of the Plan, including the issuance of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement (including, for the avoidance of doubt, providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion), except for Causes of Action related to any act or omission that is determined in a Final Order of a court of competent jurisdiction to have constituted actual fraud, willful misconduct, malpractice, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.

The Exculpated Parties have, and upon Consummation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, of the exculpations set forth in this Article 10.6.

10.7    *Injunction.*

(a)    Upon entry of the Confirmation Order, all Holders of Claims and Interests and other parties in interest, along with their respective present or former employees, members, managers, agents, officers, directors, principals, and affiliates, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan in relation to any Claim extinguished, or released pursuant to the Plan.

(b)    Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court or as agreed to by the Debtors and a Holder of a Claim against or Interest in the Debtors, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether or not proof of such Claims or Interests has been filed and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, along with their respective present or former employees, members, managers, agents, officers, directors, principals, and affiliates are permanently enjoined, on and after the Effective Date, solely with respect to any Claims, Interests, and Causes of Action that will be or are extinguished, or released pursuant to the

Plan from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors, the Reorganized Debtors, the Plan Trust, or the Wind-Down Trust, as applicable, or the property of any of the Debtors, the Reorganized Debtors, the Plan Trust, or the Wind-Down Trust, as applicable; (ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtors, the Reorganized Debtors, the Plan Trust, or the Wind-Down Trust, as applicable; or the property of any of the Debtors, the Reorganized Debtors, the Plan Trust, or the Wind-Down Trust, as applicable; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors, the Reorganized Debtors, the Plan Trust, or the Wind-Down Trust, as applicable, or the property of any of the Debtors, the Reorganized Debtors, the Plan Trust, or the Wind-Down Trust, as applicable; (iv) asserting any right of setoff, directly or indirectly, against any obligation due from the Debtors, the Reorganized Debtors, the Plan Trust, or the Wind-Down Trust, as applicable, or against property or interests in property of any of the Debtors, the Reorganized Debtors, the Plan Trust, or the Wind-Down Trust, as applicable except as contemplated or allowed by the Plan; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.

(c)    By accepting distributions pursuant to the Plan, each Holder of an Allowed Claim or Interest extinguished, or released pursuant to the Plan shall be deemed to have affirmatively and specifically consented to be bound by the Plan, including, without limitation, the injunctions set forth in this **Article 10.7**.

(d)    The injunctions in this **Article 10.7** shall extend to any successors of the Debtors, the Reorganized Debtors, the Plan Trust, and the Wind-Down Trust, as applicable, and their respective property and interests in property.