**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |
|  | **Obj. Deadline: N/A**<br>**Hr'g Date: N/A** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER SHORTENING NOTICE OF
HEARING ON DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE
DISCLOSURE STATEMENT ON AN INTERIM BASIS FOR SOLICITATION PURPOSES
ONLY; (II) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION
OF VOTES TO ACCEPT OR REJECT THE PLAN; (III) APPROVING THE FORM OF
BALLOT AND SOLICITATION PACKAGES; (IV) ESTABLISHING THE VOTING
RECORD DATE; (V) SCHEDULING A COMBINED HEARING FOR FINAL APPROVAL
OF THE ADEQUACY OF INFORMATION IN THE DISCLOSURE STATEMENT AND
CONFIRMATION OF THE PLAN; AND (VI) GRANTING RELATED RELIEF**

Prime Core Technologies Inc. and certain of its affiliates and subsidiaries, as debtors and

debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby

move (the "Motion to Shorten") for entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Proposed Order"), (i) shortening the notice and objection periods with respect to

the *Debtors' Motion for Entry of an Order (I) Approving the Disclosure Statement on an Interim*

*Basis for Solicitation Purposes Only; (II) Establishing Procedures for Solicitation and Tabulation*

*of Votes to Accept or Reject the Plan; (III) Approving the Form of Ballot and Solicitation*

*Packages; (IV) Establishing the Voting Record Date; (V) Scheduling a Combined Hearing for*

*Final Approval of the Adequacy of Information in the Disclosure Statement and Confirmation of*

*the Plan; and (VI) Granting Related Relief* (the "Solicitation Procedures Motion") filed

---

[1]     The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification
number are:  Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA, LLC (8436); and Prime
Digital LLC (4528). The Debtors' service address is 330 South Rampart Blvd., Suite 260, Las Vegas, NV 89145.

contemporaneously herewith, (ii) setting the date for the hearing to consider approval of the

Solicitation Procedures Motion, including approval of the Disclosure Statement on a conditional

basis, no later than September 22, 2023 (subject to Court availability) (the "Conditional Approval

Hearing"), (iii) permitting parties to file objections, if any, prior to or at the Solicitation Hearing,

and (iv) waiving the requirements of Local Rule 9006-1(c).[2]   In support of the Motion to Shorten,

the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.       The United States Bankruptcy Court for the District of Delaware (the "Court") has

jurisdiction to consider the Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference* from the United States District Court for the District of

Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of

these cases and the Motion to Shorten in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.       The legal predicates for the relief requested herein are sections 102 and 105 of title

11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 9006 of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 3017-1 and 9006-1 of the Local

Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District

of Delaware (the "Local Rules").

3.       The Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of

a final order by the Court in connection with the Motion to Shorten in the event that it is later

determined that the Court, absent consent of the parties, cannot enter final orders or judgments in

connection herewith consistent with Article III of the United States Constitution.

---

[2]    The terms used but not otherwise defined in this Motion shall have the meaning ascribed to them in the Solicitation Procedures Motion.

**BACKGROUND**

I.     **General Background**

4.     On August 14, 2023 (the "<u>Petition Date</u>"), each Debtor commenced a case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "<u>Chapter 11 Cases</u>"). These cases have been jointly administered for procedural purposes only.

5.     The Debtors continue to manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6.     On August 29, 2023, the Office of the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>") appointed an official committee of unsecured creditors pursuant to Bankruptcy Code section 1102 (the "<u>Committee</u>") [Docket No. 51]. The Committee is comprised of the following unsecured creditors: (a) Yousef Abbasi; (b) Allsectech, Inc.; (c) DMG Blockchain Solutions, Inc.; (d) Net Cents Technology, Inc.; (e) Polaris Ventures; (f) Stably Corporation; and (g) Austin Ward.

7.     Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases, is set forth in the *Declaration of Jor Law, Interim Chief Executive Officer and President of Prime Core Technologies Inc., et al., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 14] (the "<u>First Day Declaration</u>"), which is incorporated by reference as if fully set forth herein.

II.    **The Debtors' Liquidity Constraints**

8.     As set forth in the First Day Declaration, the Debtors are not currently operating and have limited liquidity. To accommodate the Debtors' liquidity constraints, the Debtors have filed

expedited bid procedures.[3] It is likewise necessary for the Debtors to seek expedited consideration

of the Solicitation Procedures Motion to preserve value for creditors, avoid unnecessary

administrative costs, and promptly exit chapter 11.

**III.    The Solicitation Procedures Motion**

9.    Contemporaneously herewith, the Debtors filed the Plan, the Disclosure Statement,

and the Solicitation Procedures Motion, pursuant to which the Debtors seek entry of an order (the

"Conditional Approval Order"):

    a.    approving the *Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to Joint Chapter 11 Plan of Reorganization for Prime Core Technologies Inc. and Its Affiliated Debtors* [Docket No. 93] (as amended, supplemented or otherwise modified from time to time, according to its terms, the "Disclosure Statement") on an interim basis and for solicitation purposes only;

    b.    establishing procedures for the solicitation and tabulation of votes to accept or reject the *Joint Chapter 11 Plan of Reorganization for Prime Core Technologies Inc. and Its Affiliated Debtors* [Docket No. 92] (as amended, supplemented or otherwise modified from time to time, according to its terms, the "Plan");[4]

    c.    approving the form of ballots, solicitation packages, and related notices;

    d.    establishing the voting record date of September 22, 2023 (the "Voting Record Date");

    e.    scheduling a hearing to consider (i) approval of the Disclosure Statement on a final basis as having adequate information pursuant to Bankruptcy Code section 1125, and (ii) confirmation of the Plan pursuant to Bankruptcy Code section 1129 (the "Confirmation Hearing"); and

    f.    granting related relief.

10.    The Debtors believe that the Plan, which provides different pathways towards an

exit from chapter 11 pending the outcome of the sale process, is the most efficient means to

conclude these Chapter 11 Cases. The Debtors seek to minimize the accrual of administrative

---

[3]    *See* Docket Nos. 55-56 (requesting shortened notice to consider approval of the Debtors' proposed bid procedures).

expenses, conserve resources, and promptly move forward with the solicitation process and a

hearing to approve the Disclosure Statement on a final basis and confirm the Plan. Accordingly, the

Debtors seek to shorten notice of the Solicitation Procedures Motion.

## **RELIEF REQUESTED**

11.    The Debtors seek entry of the Proposed Order, substantially in the form attached

hereto as **<u>Exhibit A</u>** (a) shortening the notice period with respect to the Solicitation Procedures

Motion, (b) setting the date for the Conditional Approval Hearing no later than September 22, 2023

(subject to Court availability), (c) permitting parties to file objections, if any, prior to or at the

Conditional Approval Hearing, and (d) granting such other relief as the Court deems just and

proper.

## **BASIS FOR RELIEF**

12.    Pursuant to Local Rule 9006-1(c)(i), ". . . all motion papers shall be filed and served

in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date." Del.

Bank. L.R. 9006-1(c)(i). Local Rule 9006-1(c)(i) also provides that "voting procedures motions . . .

must be filed at least twenty-one (21) days prior to the hearing date." *Id*. Further, Local Rule 9006-

1(c)(ii) requires that, "[w]here a motion is filed and served in accordance with Local Rule 9006-

1(c)(i) less than twenty-one days prior to the hearing date, the deadline for objection(s) shall be

seven (7) days before the hearing date" and, "[t]o the extent a motion is filed and served . . . at least

twenty-one (21) days prior to the hearing date . . . the movant may establish any objection deadline

that is no earlier than fourteen (14) days after the date of service and no later than seven (7) days

before the hearing date." Del. Bank. L.R. 9006-1(c)(ii). Bankruptcy Rule 9006(c)(1) and Local

Rule 9006-1(e), however, state that the Court may shorten the foregoing time periods "for cause

shown" or for "exigencies justifying shortened notice." Fed. R. Bankr. P. 9006(c); Del. Bankr. L.R.

9006-1(e).

13.     Moreover, Bankruptcy Rule 9006 states that time periods set by the Bankruptcy Rules may be reduced "for cause shown." Fed. R. Bank. P. 9006(c)(1). When considering whether time periods should be shortened for "cause," Third Circuit states that courts should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Phila. Newspapers, LLC*, 690 F.3d 161, 171–72 (3d Cir. 2012) (noting the commonality of such motions "[g]iven the accelerated time frame of bankruptcy proceedings"). Local Rule 9006-1(e) likewise provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

14.     Sufficient cause exists here to shorten the notice period with respect to the Solicitation Procedures Motion. Moreover, the Debtors believe that shortened notice is in the best interests of the Debtors' estates, their creditors, and all parties in interest. As discussed in the First Day Declaration, the Debtors have been subject to a Cease and Desist Order issued by the Nevada Financial Institutions Division since on or about June 21, 2023. As such, the Debtors have not been operating for months and entered chapter 11 without any operating revenue or income streams, and with limited liquidity.

15.     To preserve the resources of their estates, the Debtors are proposing to commence an expedited process for obtaining conditional approval of the Disclosure Statement for solicitation purposes only, followed by confirmation of the Plan and approval of the Disclosure Statement on a final basis within the timeframe set forth in the Solicitation Procedures Motion. Expeditious confirmation of the Plan will minimize the Debtors' ongoing restructuring expenses and potentially allow more funds to be available for creditors. To accommodate the expedited timeline, the Debtors seek relief to shorten the notice period with respect to the Solicitation Procedures Motion.

16.     Moreover, the Debtors do not believe that any parties will be prejudiced by shortened notice because the Debtors are not seeking approval of the Disclosure Statement on a

final basis or confirmation of the Plan. The Debtors are only seeking interim approval of the

Disclosure Statement. If the proposed Plan confirmation timeline is approved, parties in interest

will have sufficient notice of the hearing and objection deadlines with respect to approval of the

Disclosure Statement on a final basis and confirmation of the Plan. Indeed, if the Court approves

the relief in the Solicitation Procedures Motion, including scheduling a Confirmation Hearing to

consider approval of the Disclosure Statement on a final basis and confirmation of the Plan on

October 30, 2023, the Debtors intend to commence solicitation immediately. Thus, parties in

interest will have at least 28 days' notice of the Confirmation Hearing.

17.    Moreover, Holder of Claims in the Voting Classes will not be prejudiced by the

relief requested herein. *See, e.g., Century Glove, Inc., v. First Am. Bank of N.Y.*, 860 F.2d 94 (3d

Cir. 1988) ("[Section] 1125 seeks to guarantee a minimum amount of information to the creditor

asked for its vote."); *see also In re Hercules Offshore, Inc.*, 565 B.R. 732 (Bankr. D. Del. 2016) ("I

find that the Disclosure Statement provides those creditors entitled to vote with adequate

information."); *In re Indianapolis Downs, LLC*, 486 B.R. 286, 293 (Bankr. D. Del. 2013) ("When

[a] plan is filed with the Court, it is accompanied by a disclosure statement that is intended to

provide stakeholders with 'adequate information' to permit . . . them [to make] an informed

decision to vote for or against a proposed plan."). The expedited timeline for interim approval of

the Disclosure Statement for solicitation purposes only is designed to limit ongoing administrative

and restructuring expenses, thereby maximizing potential recoveries to parties comprising the

Voting Classes. As such, granting the relief requested herein benefits the Holders of Claims entitled

to vote on the Plan.

18.    Courts within the Third Circuit have shortened the notice periods for solicitation

motions similar to the Solicitation Procedures Motion at issue here for cause shown. *See*, *e.g.*, *In re

Bed Bath & Beyond, Inc.*, Case No. 23-13359 (Bankr. D.N.J. July 24, 2023) [Docket No. 1473]

(shortening notice of hearing to eleven days); *In re Expressjet Airlines LLC*, Case No. 22-10787 (MFW) (Bankr. D. Del. Oct. 25, 2022) [Docket No. 202] (shortening notice of hearing to seventeen days); *In re Legacy EJY Inc.*, Case No. 22-10580 (JKS) (Bankr. D. Del. Oct. 17, 2022) [Docket No. 509] (shortening notice of hearing to twelve days); *In re L'Occitane, Inc.*, Case No. 21-10632 (MBK) (Bankr. D.N.J. July 9, 2021) [Docket No. 389] (shortening notice of hearing to five days); *In re Modell's Sporting Goods, Inc*., Case No. 20-14179 (VFP) (Bankr. D.N.J. Sep. 21, 2020) [Docket No. 729] (shortening notice of hearing to twenty days); *In re CTE 1 LLC*, Case No. 19-30256 (VFP) (Bankr. D.N.J. May 4, 2020) [Docket No. 372] (shortening notice of hearing to thirteen days).

## CERTIFICATION PURSUANT TO LOCAL RULE 9006-1(e)

19.     The Debtors contacted the U.S. Trustee and the Committee regarding the relief requested in this Motion to Shorten pursuant to Local Rule 9006-1(e).  As of the time of the filing of this Motion to Shorten, neither the U.S. Trustee, nor the Committee had formed an opinion with respect to the Debtors' request to shorten notice The Debtors will keep the Court apprised of the U.S. Trustee and the Committee's position with respect to the Motion to Shorten following the filing hereof.

## NOTICE

20.     The Debtor will provide notice of the Motion to Shorten to: (a) the U.S. Trustee; (b) proposed counsel to the Committee; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice is required.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated:  September 9, 2023
   Wilmington, Delaware

**MCDERMOTT WILL & EMERY LLP**

*/s/ Maris J. Kandestin*
Maris J. Kandestin (No. 5294)
1000 N. West Street, Suite 1400
Wilmington, Delaware 19801
Telephone:  (302) 485-3900
Facsimile:  (302) 351-8711
Email:      mkandestin@mwe.com

-and-

Darren Azman (admitted *pro hac vice*)
Joseph B. Evans (admitted *pro hac vice*)
J. Greer Griffith (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone:  (212) 547-5400
Facsimile:  (646) 547-5444
Email:      dazman@mwe.com
            jbevans@mwe.com
            ggriffith@mwe.com

-and-

Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 5400
Miami, Florida 33131
Telephone:  (305) 358-3500
Facsimile:  (305) 347-6500
Email:      gsteinman@mwe.com

-and-

R. Jacob Jumbeck (admitted *pro hac vice*)
Rebecca E. Trickey (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, Illinois 60606-0029
Telephone:  (312) 372-2000
Facsimile:  (312) 984-7700
Email:      jjumbeck@mwe.com
            rtrickey@mwe.com

*Proposed Counsel to the Debtors and Debtors in Possession*