# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 55 |

**DECLARATION OF ALBERT CHAO IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF (A) AN ORDER (I) APPROVING BIDDING PROCEDURES FOR THE SALE OF ALL OF THE DEBTORS' EQUITY OR ALL OR SUBSTANTIALLY ALL OF DEBTORS' ASSETS, (II) AUTHORIZING THE DEBTORS TO ENTER INTO ONE OR MORE STALKING HORSE AGREEMENTS, (III) SCHEDULING AN AUCTION AND RELATED DATES THERETO, (IV) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (V) APPROVING CONTRACT ASSUMPTION AND ASSIGNMENT PROCEDURES, AND (VI) GRANTING RELATED RELIEF; (B) AN ORDER AUTHORIZING AND APPROVING (I) SALE FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, (II) ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS AND LEASES, AND (III) <u>GRANTING RELATED RELIEF</u>**

I, Albert Chao, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1.  I am a Managing Director at Galaxy Digital Partners LLC ("<u>Galaxy</u>"), an investment banking firm, with offices at 300 Vesey Street, New York, NY 10282. I have worked at Galaxy since 2019. Prior to Galaxy, I have worked in investment banking roles within the financial institutions groups at both Barclays and Keefe, Bruyette & Woods covering companies across the banking, specialty finance, and financial technology sectors. Galaxy is the leading financial services firm focused exclusively on digital assets, web3, and blockchain technologies.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 330 South Rampart Blvd., Suite 260, Las Vegas, NV 89145.

Galaxy provides full-service independent investment banking services within the crypto and digital asset space utilizing extensive experience in both the crypto and more traditional finance industries. Galaxy was engaged by the Debtors in August 2023 to provide investment banking services. Galaxy has represented various digital asset companies in, among other things, capital raises, mergers and acquisitions, and direct and bridge financing, including Bitstamp, Blockdaemon, CoreWeave, Genesis Volatility, among others.

2. I submit this Declaration in support of the *Debtors' Motion for Entry of an Order (I) Approving Bidding Procedures for the Sale of All of the Debtors' Equity or All Substantially All of Debtors' Assets, (II) Authorizing the Debtors to Enter Into One or More Stalking Horse Agreements, (III) Approving Bid Protections, (IV) Scheduling an Auction and Related Dates Thereto, (V) Approving the Form and Manner of Notice Thereof, (VI) Approving Contract Assumption and Assignment Procedures, and (VII) Granting Related Relief* [Docket No. 55] (the "Bid Procedures Motion").[2]

3. Except as otherwise indicated, all statements set forth in this declaration (the "Declaration") are based on my personal knowledge of the Debtors' marketing process and Bid Procedures, my discussions with the Debtors' senior management, other members of the Galaxy team, and the Debtors' other advisors, and my review of relevant documents or my opinion based upon my experience. If called upon to testify, I would testify competently to the facts set forth herein.

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Bid Procedures Motion or the First Day Declaration, as applicable.

### I. The Debtors' Assets

4.  The Debtors' business consists of a bundle of digital asset infrastructure tools that are unique to the cryptocurrency industry. This package of tools and services are too difficult, cost-prohibitive, or time intensive for companies in the crypto industry to attain. By offering these assets for sale, the Debtors are presenting third parties with a unique opportunity to bring technology, products or services that they ordinarily would purchase from the Debtors in-house, thereby elevating their offerings, broadening their customer base and potentially providing significant value to their businesses.

### II. The Prepetition Sale Process

5.  As set forth in the First Day Declaration, prior to Galaxy's engagement by the Debtors, J.V.B. Financial Group, LLC, acting through its Cohen & Company Capital Markets division ("Cohen"), commenced work on behalf of the Debtors as their financial advisor with respect to a third party transaction. As a result of those efforts, the Debtors received several proposals. Ultimately, however, no transaction was consummated.

### III. The Postpetition Marketing Process

6.  Since the Petition Date, Galaxy has (a) contacted various market participants, financial investors, strategic investors, and lenders, to assess potential market interest in the Debtors and their Assets, and (b) fielded inbound interest in the Debtors and their Assets from interested parties. As of the date hereof, Galaxy has contacted approximately 470 potential bidders, and has entered into (or is in the process of entering into) Confidentiality Agreements with over twenty parties. Galaxy has also populated a data room and continues to provide additional information to potential bidders. Moreover, Galaxy is in the process of scheduling

management presentations for potential bidders, and developing a process for introducing potential bidders to relevant regulatory bodies.

### IV. The Bid Procedures

7. I believe that the Bid Procedures provide the Debtors with significant flexibility that will position the Debtors to conduct a value-maximizing sale and marketing process. ***First***, the Bid Procedures allow interested parties to submit bids on all or substantially all of the Debtors' Assets and for subsets of the Debtors' Assets, as well as bids in the form of a reorganization transaction to acquire 100% of the Debtors' Equity, or a merger or other combination with one or more Successful Bidders. I believe this will preserve flexibility for the Debtors to consider and package multiple types of bids and is most likely to generate the greatest level of interest in the assets and achieve the highest or otherwise best value for the Debtors' estates.

***Second***, the Bid Procedures permit the Debtors to select one or more parties to act as a Stalking Horse Bidder. Additionally, as set forth in the Bid Procedures, in connection therewith, subject to further Court approval, the Debtors are seeking to (a) provide a break-up fee for a Stalking Horse Bidder in an amount not to exceed 3% of the Purchase Price and (b) reimburse the reasonable and documented out-of-pocket fees and expenses of such Stalking Horse Bidder in an aggregate amount not to exceed $750,000. I believe that providing the Debtors with the ability to select one or more Stalking Horse Bidders is beneficial to the Debtors' estates because, among other reasons, a Stalking Horse Bidder would establish a floor for further bidding that may increase the consideration offered and thereby encourage a more competitive bidding process. Further, I believe that the proposed Bid Protections will assist the Debtors in attracting a

Stalking Horse Bidder, which could enhance the Debtors' ability to maximize the value of the Sale for the benefit of their estates.

8. A critical component of the Debtors' Bid Procedures is the proposed timeline. As discussed in the First Day Declaration, the Debtors have been subject to a Cease and Desist Order issued by the Nevada Financial Institutions Division since on or about June 21, 2023. As such, the Debtors have not been operating for months and entered chapter 11 without any operating revenue or income streams, and with limited liquidity. Given the Debtors' liquidity position, I believe the proposed timeline is necessary and appropriate, and should facilitate an open, orderly, and efficient process for the solicitation and evaluation of bids. I believe the timeline allows sufficient time to conduct a process for a value-maximizing transaction.

*[Remainder of page left intentionally blank]*

6

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: September 11, 2023    /s/ Albert Chao
                  By: Albert Chao
              Title: Managing Director
                  Galaxy Digital Partners, LLC