**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>PRIME CORE TECHNOLOGIES, INC, *et al.*[1],<br><br><br><br><br>Debtors. | Chapter 11<br><br>Case No. 23-11161 (JKS)<br><br>(Jointly Administered)<br><br>Re: D.I. 15<br><br>Hearing Date: Sept. 19, 2023 at 10:00 a.m. ET<br><br>Objection Deadline: Sept. 14, 2023 at 12 p.m. ET for UST |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED CREDITOR MATRIX AND TOP 50 CREDITORS LIST; (II) (C) AUTHORIZING REDACTION OF CERTAIN PERSONALLY IDENTIFIABLE INFORMATION; (III) AUTHORIZING THE DEBTORS TO SERVE CERTAIN PARTIES BY ELECTRONIC MAIL; (IV) APPROVING CERTAIN NOTICE PROCEDURES; AND (V) GRANTING RELATED RELIEF**

Andrew R. Vara, the United States Trustee for Regions 3 and 9 ("U. S. Trustee"), through his counsel,

files this objection (the "Objection") to the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors*

*to File a Consolidated Creditor Matrix and Top 50 Creditors List; (II) Authorizing Redaction of Certain*

*Personally Identifiable Information; (III) Authorizing the Debtors to Serve Certain Parties by Electronic*

*Mail; (IV) Approving Certain Notice Procedures; and (V) Granting Related Relief* [D.I. 15] (the "Motion")

and in support of his Objection, states:

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 330 South Rampart Blvd., Suite 260, Las Vegas, NV 89145

## PRELIMINARY STATEMENT

1.       The U.S. Trustee objects to the Motion to the extent Debtors seek authority to redact the names of any natural person.  The request is unsupported by law and fact and, therefore, should be denied.

2.       The U.S. Trustee also objects to the Motion to the extent that the Debtors seek authority to serve parties by electronic mail that have not specifically consented to same, in writing. There is no support in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure to dispense with U.S. Mail service of all notices in chapter 11 cases due to the cost of same.

## JURISDICTION, VENUE, AND STANDING

3.       This Court has jurisdiction over the above-captioned cases pursuant to 28 U.S.C. § 1334.  Venue of the cases is proper in this District pursuant to 28 U.S.C. § 1408(1).

4.       Pursuant to 28 U.S.C. § 586, the U. S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the U. S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U. S. Trustee as a "watchdog").

5.       Pursuant to 11 U.S.C. § 307, the U. S. Trustee has standing to be heard with regard to this Objection.

**FACTUAL BACKGROUND**

6.      The above-captioned Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court on August 14, 2023 (the "Petition Date").

7.      On August 29, 2023, the U.S. Trustee appointed an official committee of unsecured creditors.

8.      The Debtors filed the Motion on the Petition Date.  The Debtors requested, *inter alia,* that they be allowed to seal "all personally identifiable information in Public Filings pursuant to 11 U.S.C. § 107(c)." Mot. ¶ 23.

9.      The Debtors also requested "authority to serve creditors by e-mail, where an email account is available to the Debtors." *Id.* ¶ 27.

10.     On August 25, 2023, the Court granted the Motion on an interim basis. [D.I. 39] (the "Interim Order").  Subject to entry of a final order, the Debtors were permitted to redact the names, addresses and email addresses of their customers from any Public Filings." [Int. Ord. ¶ 6].

11.     Further, pursuant to the Interim Order, the service requirements of Bankruptcy Rule 2002(g) were "modified to permit e-mail service to (i) customers that (a) have not designated a mailing address under Bankruptcy Rule 2002(g)(1) or 5003(e); (b) have not expressly requested to be served hard copies by mail and (c) have a valid e-mail address on file with the Debtors, but no physical address information." *Id.* ¶5.

**ARGUMENT**

12.     Rule 1007(a)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") requires that a debtor in a voluntary case "file with the petition a list containing the name and address of each entity included or to be included on Schedules D, E/F, G and H as prescribed

by the Official Forms." Rule 1007-2(a) of the Local Rules of Bankruptcy Procedure (the "Local Rules") provides that "[i]n all voluntary cases, the debtor shall file with the petition a list containing the name and complete address of each creditor in such format as directed by the Clerk's Office Procedures." Del. Bankr. L.R. 1007-2(a). Bankruptcy Rule 1007(a)(3) requires that "in a chapter 11 reorganization case, unless the court orders otherwise, the debtors shall file within 14 days after entry of the order for relief a list of the debtor's equity security holders of each class showing the number and kind of interests registered in the name of each holder, and the last known address of place of business of each holder."

13.     Notwithstanding the general right of public access to judicial records,[2] codified by section 107(a) of the Bankruptcy Code, the Court may authorize limited exceptions to a debtor's disclosure requirements – like Bankruptcy Rule 1007(a)(1) -- in order to protect information that legitimately requires confidential treatment because its disclosure would create an undue risk of identity theft or other unlawful injury to the individual or the individual's property. *See* 11 U.S.C. § 107(c).

14.     In seeking to apply any such exception, however, the burden is on the moving party to show "that the interest in secrecy outweighs the presumption in favor of access." *See In re Continental Airlines,* 150 B.R. 334, 340 (D. Del. 1993).

15.     Section 107(c) provides in relevant part:

(1)     The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information *would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:*

---

[2] *See generally Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 591 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.").

(A) Any *means of identification (as defined in section 1028(d) of title 18)* contained in a paper filed, or to be filed, in a case under this title.

(B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c) (emphasis added).

16.    Section 1028(d)(7) of title 18 provides that the term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any:

(A) name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number;

(B) unique biometric data, such as fingerprint, voice print, retina or iris image, or other unique physical representation;

(C) unique electronic identification number, address, or routing code; or

(D) telecommunication identifying information or access device (as defined in section 1029(e)).

17.    The Debtors have not fulfilled their burden of proof under Bankruptcy Code § 107(c).  As that statute is applied in these cases, for the Court to exercise its discretion to protect the names of individuals, the Debtors must furnish evidence and make a concrete showing that filing their names "*would* create" an "*undue* risk" of identity theft or other unlawful injury to those employees or their property.  11 U.S.C. § 107(c) (emphasis added).

**A. The Debtors Have Not Established Grounds to Redact Names of Customers Who Are Natural Persons, or Any Information of Customers Who Are Corporate Entities, Under Section 107(c) of the Bankruptcy Code.**

18.    The Debtors have not set forth any facts demonstrating that disclosure of individual names would create any risk, let along any undue risk, of identity theft or other unlawful injury. Rather, the Debtors merely speculate that "[a]bsent such relief, individuals will be unnecessarily rendered more susceptible to identity theft and could jeopardize the safety of individuals." Mot. ¶ 20.  The Debtors provide as an example one incident that took place in another bankruptcy case in

this District in 2017.  However, the cited example, and most of the Debtors' other cited cases involved disclosure of names and addresses or combining names and email addresses together. The Debtors have failed to demonstrate how disclosure of individual names alone would create an undue risk of injury.  *See In re Celsius Network LLC*, 644 B.R. 276, 295 (Bankr. S.D.N.Y. 2022) ("[t]he Court remains unconvinced, beyond speculation, that the disclosure of names alone (without email or physical addresses) presents an imminent risk of harm.").  Additionally, corporate entities who are customers do not have "personally identifiable information" and, by extension, their names, addresses, and other contact information should not be sealed.

19.     In the Motion, the Debtors merely hypothesize, without citing to evidence, that there is merely a possibility of ordinary risk.  Such hypothesizing simply does not suffice to fulfill the Debtors' heavy burden of proof under § 107(c).  *See Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 144-45 (2d Cir. 2016) ("'Broad and general findings' and 'conclusory assertion[s]' are insufficient to justify deprivation of public access to the record, . . . 'specific, on-the-record findings' are required.") (*quoting United States v. Erie Cty.*, 763 F.3d 235, 243 (2d Cir. 2014) (internal quotations omitted).

20.     If there is a subset of the Debtors' creditors who need special protection, such as minors or, separately, individuals who have obtained orders of protection, relief can be narrowly tailored to protect such individuals without preventing the public and parties in interest from accessing information in what is an inherently public process.  *See, e.g., In re PGHC Holdings, Inc., et al.,* Case No. 18-12537-MFW (Bankr. D. Del. Nov. 30, 2018) (providing that, "the Debtors shall file the Creditor Matrix with the home addresses of current and former employees to the extent maintained in the ordinary course in the Debtors' books and records, *provided, however*,

that the Debtors are authorized to redact the addresses of current and former employees who are known to the Debtors to be under the age of 18 as of the date of this Order.").

**B. Bankruptcy Rule 9036 Requires Specific Written Consent for E-mail Service.**

21.     Bankruptcy Rule 2002 provides for service of notices to parties in interest "by mail." Fed. R. Bankr. P. 2002(a), (b). Bankruptcy Rule 9036 applies "whenever these rules require or permit sending a notice or serving a paper by mail or other means." Fed. R. Bankr. P. 9036(a). Rule 9036 allows the clerk of court to "serv[e] [parties in interest] by electronic means that the recipient consented to in writing, including by designating an electronic address for receipt of notices." Fed. R. Bankr. P. 9036(b)(2); Del. Bankr. L.R. 9036-1(b). The authority granted the clerk under Bankruptcy Rule 9036(b) ostensibly extends to entities performing the work of a clerk's office under the Bankruptcy Code and/or the Bankruptcy Rules, such as a claims agent.  It does not apply to papers served in accordance with Rule 7004. Fed. R. Bankr. P. 9036(e).  Entities other than the clerk are limited to serving papers via the Court's electronic filing system.  Fed. R. Bankr. P. 9036(c).

22.     Here, the Debtors propose to "instruct the Claims and Noticing Agent to serve the individuals at their personal addresses or e-mail addresses. . ." Mot. ¶ 22.  Absent from the Motion is any evidence, or even a statement that any of the parties proposed to be served by e-mail have consented in writing to electronic service of notice, as required. Further, the Debtors propose e-mail service to those parties that "have not expressly requested to be served hard copies by mail." Int. Ord. ¶ 5.  The Rules requires the opposite: affirmative consent to electronic service. Fed. R. Bankr. P. 9036(b).

23.     This Court routinely handles matters with thousands of creditors. While service via e-mail may be faster and more cost efficient, the Debtors should be required to comply with the

Bankruptcy Rules to ensure that notice is served in the proper manner. The same justifications for e-mail service presented in the Motion exist to a greater or lesser degree in every case. Electronic mail has been in existence for over 50 years and has been in widespread use since at least 1993, with the introduction of Microsoft Outlook. Samuel Gibbs, *How did email grow from messages between academics to a global epidemic?,* THE GUARDIAN, Mar. 7, 2016, https://www.theguardian.com/technology/2016/mar/07/email-ray-tomlinson.   Surely Congress and rulemaking authorities have had enough time to designate electronic service as an approved form of service if they believed it was appropriate.

## <u>CONCLUSION</u>

WHEREFORE, the U.S. Trustee respectfully requests that the Court, consistent with this Objection, (i) deny the final relief requested with regards to (x) redaction of names of customers who are natural persons, (y) redaction of all identifying information of customers who are corporate entities, and (z) service of notice to customers via email and (ii) grant any such other and further relief that the Court deems just and proper.

Dated: September 14, 2023
    Wilmington, Delaware

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**

By:  /s/ *Joseph F. Cudia*
    Joseph F. Cudia
    Trial Attorney
    United States Department of Justice
    Office of the United States Trustee
    J. Caleb Boggs Federal Building
    844 King Street, Suite 2207, Lockbox35
    Wilmington, Delaware 19801
    Phone: (302) 573-6492
    Fax:    (302) 573-6497
Email: joseph.cudia@usdoj.gov