IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Prime Core Technologies Inc., *et al.*,[1]<br><br>                     Debtors. | Chapter 11<br><br>Case No. 23-11161 (JKS)<br><br>(Jointly Administered)<br><br>Related to D.I. 20 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF BMO BANK N.A. TO DEBTORS' MOTION FOR FINAL ORDER (I) AUTHORIZING DEBTORS TO (A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT SYSTEM, AND (B) MAINTAIN EXISTING BANK ACCOUNTS AND BUSINESS FORMS AND HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO; (II) AUTHORIZING THE DEBTORS TO (A) CONTINUE TO PERFORM INTERCOMPANY TRANSACTIONS AND (B) GRANTING ADMINISTRATIVE EXPENSE STATUS FOR POSTPETITION INTERCOMPANY CLAIMS; (III) EXTENDING THE TIME FOR THE DEBTORS TO COMPLY WITH REQUIREMENTS SET FORTH IN 11 U.S.C. § 345(B); AND (IV) GRANTING RELATED RELIEF**

NOW COMES BMO Bank N.A. (the "Bank" or "BMO"), by and through its undersigned counsel, and in support of its Reservation of Rights and Limited Objection to Debtors' Motion for Entry of Final Order (I) Authorizing Debtors to (A) Continued to Operate Their Cash Management System, and (B) Maintain Existing Bank Accounts and Business Forms and Honor Certain Prepetition Obligations Related Thereto; (II) Authorizing the Debtors to (A) Continue to Perform Intercompany Transactions and (B) Granting Administrative Expense Status for Post-petition Intercompany Claims; (III) Extending the Time for the Debtors to Comply with Requirements Set Forth in 11 U.S.C. § 345(b); and (IV) Granting Related Relief (Docket No. 20, the "Cash Management Motion"), respectfully states as follows:

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 330 South Rampart Blvd., Suite 260, Las Vegas, NV 89145.

1

I.   **FACTUAL BACKGROUND**

1.   The Debtors filed their voluntary petitions under Chapter 11 of the United States Bankruptcy Code on August 14, 2023 (the "Petition Date").

2.   On August 24, 2023, the Debtors also filed the Cash Management Motion.

3.   As set forth in the Cash Management Motion, BMO is the primary cash management bank for Debtors.

4.   On August 25, 2023, the Court granted the Cash Management Motion on an interim basis. (D.I. 42, the "Interim Cash Management Order").

II.   **THE BANK'S OBJECTIONS AND RESERVATION OF RIGHTS WITH RESPECT TO THE CASH MANAGEMENT MOTION**

5.   At present, BMO objects to the proposed final Cash Management Order because BMO requires further clarity as to: (1) the proposed Final Cap; (2) the Debtors' position as to the payment of certain costs and expenses incurred and paid in the ordinary course and/or pursuant to the Debtors' agreements with BMO; (3) the Debtors' position as to BMO's proposed language regarding the mechanism of providing such payments; and (4) BMO's entitlement to an administrative expense claim should the Debtors fail to pay cash management expenses as required.

6.   In particular, BMO requests the inclusion of the following language, which is standard in cash management orders but to date has not been agreed to by Debtors:

> The Banks are authorized to "charge back," offset, expense or deduct from any of the Debtor's accounts any amounts incurred by the Banks resulting from the Cash Management System, returned checks or other returned items, including, but not limited to, dishonored checks, wire transfers, drafts, ACH Payments (credits or debits) or other electronic funds transfers or debits and any and all obligations, chargebacks, returns, liabilities, costs, charges, fees or expenses incurred by the Banks that result from ordinary course transactions under the Cash Management System (collectively, the "**Cash Management Expenses**").

7. At a minimum, the Banks are entitled to a form of order that confirms the Banks will not be in violation of the automatic stay in taking the actions referenced above in Paragraph 6, which outline the various ways that the Banks may effectuate ordinary course transactions relating to the Debtors' Cash Management System.

8. Counsel for BMO provided comments to counsel for the Debtors on September 5, 2023; however, Debtors' counsel did not inform counsel for BMO that the Debtors had an objection to BMO's proposed language until September 12, 2023. In the limited time provided, counsel for BMO has attempted without success to resolve the Cash Management Motion with counsel for the Debtors, necessitating this Objection. BMO accordingly also reserves its rights to supplement this objection as may be required after further conversations with Debtors' counsel.

### III.   CONCLUSION

9. BMO objects as set forth herein and reserves its rights to supplement this objection as may be required after further conversations with Debtors' counsel.

Dated: September 13, 2023

Respectfully submitted,

Dated: September 13, 2023         GELLERT SCALI BUSENKELL & BROWN, LLC

*/s/ Ronald S. Gellert*
Ronald S. Gellert (DE 4259)
Bradley P. Lehman (DE 5921)
1201 N. Orange St., Ste. 300
Wilmington, Delaware 19801
Telephone: (302) 425-5800
Facsimile:  (302) 425-5814
rgellert@gsbblaw.com
blehman@gsbblaw.com

*Counsel for BMO Bank N.A.*

OF COUNSEL:

Mia D'Andrea (*pro hac vice application forthcoming*)
dandrea@chapman.com
CHAPMAN AND CUTLER LLP
320 S. Canal Street
Chicago, Illinois 60606
(312) 845-3000