**Exhibit C**

**Wyse Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| Prime Core Technologies Inc., *et al.*, | ) Case No. 23-11161 (JKS) |
| Debtors.[1] | ) (Jointly Administered) |

**DECLARATION OF MICHAEL WYSE IN SUPPORT OF APPLICATION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MCDERMOTT WILL & EMERY LLP AS COUNSEL, PURSUANT TO BANKRUPTCY CODE SECTION 327(a), BANKRUPTCY RULES 2014(a) AND 2016, AND LOCAL RULE 2014-1, EFFECTIVE AS OF THE PETITION DATE**

I, Michael Wyse, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a member of the special restructuring committee of the Debtors (the "Special Committee"), which, among other things, has decision-making sole authority with respect to these Chapter 11 Cases.

2. I submit this declaration (the "Declaration") in support of the *Application of the Debtors for Entry of an Order Authorizing the Retention and Employment of McDermott Will & Emery LLP as Counsel, Pursuant to Bankruptcy Code section 327(a), Bankruptcy Rules 2014(b) and 2016, and Local Rule 2014-1, Effective as of the Petition Date* (the "Application").[2]

3. This Declaration is provided pursuant to the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Counsel in*

---

[1] The debtors in these Chapter 11 Cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). Prime Trust, LLC's service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

[2] Capitalized terms used but not defined herein have the meanings given to such terms in the First Day Declaration.

*Larger Chapter 11 Cases Effective as of June 11, 2013* (the "Revised UST Guidelines"). Except as otherwise noted, all facts in this Declaration are based on my personal knowledge of the matters set forth herein, information gathered from my review of relevant documents, and information supplied to me by McDermott.

4. The Debtors recognize that a comprehensive review process is necessary when selecting and managing chapter 11 counsel to ensure that bankruptcy professionals are subject to the same client-driven market forces, scrutiny, and accountability as professionals in non-bankruptcy engagements.

5. To that end, the review process utilized by the Debtors here assessed potential counsel based on their expertise in the cryptocurrency industry, particularly as it relates to chapter 11 proceedings. Using this review process, the Debtors solicited recommendations from their other advisors who evaluated several firms to serve as potential bankruptcy counsel.

6. In or around July 2023, the Debtors interviewed and retained McDermott based on the interview, McDermott's experience in chapter 11 cryptocurrency cases, and McDermott's general restructuring practice expertise, both out-of-court and under chapter 11 of the Bankruptcy Code. More specifically, McDermott is familiar with the Debtors' business operations and many of the potential legal issues that may arise in the context of these Chapter 11 Cases. I believe that McDermott is both well qualified and uniquely able to represent the Debtors in these Chapter 11 Cases in an efficient and timely manner.

**Rate Structure**

7. McDermott has informed the Debtors that its rates for bankruptcy representations are comparable to the rates McDermott charges for non-bankruptcy representations. As discussed below, I can confirm that the rates McDermott charged the Debtors in the prepetition period are the same as the rates McDermott will charge the Debtors in the postpetition period.

**Cost Supervision**

8. The Debtors will closely monitor the fees of all professionals to be retained by the Debtors in connection with these Chapter 11 Cases. McDermott has worked with the Debtors and their other professionals to develop a cash forecast and fee estimate for these Chapter 11 Cases. The Debtors and McDermott recognize that in the course of a large chapter 11 case like these Chapter 11 Cases, it is possible that there may be a number of unforeseen fees and expenses that will need to be addressed by the Debtors and McDermott. The Debtors recognize that it is their responsibility to monitor closely the billing practices of their counsel to ensure the fees and expenses paid by the estate remain consistent with the Debtors' expectations and the exigencies of the Chapter 11 Cases. The Debtors will continue to review the statements that McDermott regularly submits.

9. As they did prepetition, the Debtors will continue to bring discipline, predictability, client involvement, and accountability to the counsel fees and expenses reimbursement process.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: September 14, 2023
      New York, New York

*Michael Wyse*
Mike Wyse, Solely in his Capacity as a Member of the Debtors' Special Restructuring Committee