## Exhibit B

**Ashe Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Prime Core Technologies Inc., *et al.*, | ) | Case No. 23-11161 (JKS) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF MICHAEL ASHE IN SUPPORT OF**
**APPLICATION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING**
**THE EMPLOYMENT AND RETENTION OF GALAXY DIGITAL PARTNERS LLC AS**
**INVESTMENT BANKER TO THE DEBTORS AND DEBTORS-IN-POSSESSION,**
**EFFECTIVE AS OF THE PETITION DATE, (II) APPROVING THE TERMS OF THE**
**GALAXY ENGAGEMENT LETTER, (III) WAIVING CERTAIN TIME-KEEPING**
**REQUIREMENTS PURSUANT TO LOCAL RULE 2016-2(h), AND (IV) GRANTING**
**RELATED RELIEF**

I, Michael Ashe, declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the following is true and correct to the best of my knowledge and belief:

1.      I am the Head of Investment Banking at Galaxy Digital Partners LLC ("Galaxy"), an investment bank firm, with offices at 300 Vesey Street, New York, NY 10282, and am authorized to execute this declaration on behalf of Galaxy.

2.      I have served as the Head of Investment Banking at Galaxy since 2020. Prior to joining Galaxy, I worked at Oppenheimer & Co. for six years and helped lead emerging and industrial technology investment banking there. Before joining Oppenheimer, I spent seven years working in divisions of CitiGroup, including within Equity Capital Markets, Structured Finance, and Strategy & Planning.

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

3.      I submit this declaration in support of the *Application of the Debtors for Entry of an Order (I) Authorizing the Employment and Retention of Galaxy Digital Partners LLC as Investment Banker to the Debtors and Debtors-in-Possession, Effective as of the Petition Date, (II) Approving the Terms of the Galaxy Engagement Letter, (III) Waiving Certain Time-Keeping Requirements Pursuant to Local Rule 2016-2(h), and (IV) Granting Related Relief* (the "Application").[2]

4.      Unless stated otherwise, I have personal knowledge of the facts set forth in this declaration.

## RETENTION OF GALAXY

5.      Galaxy is the leading financial services firm focused exclusively on digital assets, web3, and blockchain technologies. Galaxy offers institutional-grade expertise and access to a broad range of digital asset products, including digital asset trading, derivatives, structured products, financing, capital markets, and M&A advisory services. Galaxy has represented various digital asset companies in, among other things, capital raises, mergers and acquisitions, and direct and bridge financing, including Bitstamp, Blockdaemon, CoreWeave, Genesis Volatility, among others.

## SCOPE, TERMS, AND CONDITIONS OF EMPLOYMENT

6.      Galaxy has agreed to provide investment banking services to the Debtors in these Chapter 11 Cases, pursuant to the terms and conditions set forth in the Engagement Letter.

7.      A true and correct copy of the Engagement Letter is attached to the Proposed Order as **Exhibit 1** and is incorporated herein by reference.

---

[2]    Capitalized terms used but not defined herein have the meanings given to such terms in the Application.

8.      Pursuant to the terms and conditions of the Engagement Letter and subject to the Court's approval, Galaxy intends to (as set forth below): (a) charge a Monthly Restructuring Fee plus a Financing Fee or Transaction Fee that is contingent upon the occurrence of a specified type of transaction (as set forth below) plus a Minimum Fee (if applicable) and; (b) be reimbursed for its reasonable out-of-pocket expenses.

    (i)      **Monthly Restructuring Fee**. The Debtors will pay Galaxy a non-refundable cash fee of $25,000 per month for the first three months of the Chapter 11 Cases and $100,000 per month thereafter (each, a "Monthly Restructuring Fee").

    (ii)     **Transaction Fee**. If a Sale or Restructuring is consummated, the Debtors will pay Galaxy a one-time cash fee (a "Transaction Fee") equal to $5% of the Transaction value.

    (iii)    **Financing Fee**. If a Financing is consummated, the Debtors will pay Galaxy a fee in the amount equal to (a) 7.00% of all gross proceeds from the issuance of any Instruments sold to New Investors in the Financing and (b) 4.00% of all gross proceeds from the issuance of any Instruments sold to Existing Investors in the Financing.

    (iv)     **Minimum Fee**. Notwithstanding any other provision of the Engagement Letter or any other agreement or understanding between the Debtors and Galaxy, in the event of either a liquidation or a restructuring of the Debtors, the Debtors agree and undertake to pay Galaxy a fee no less than $2 million (the "Minimum Fee").

9.      In addition to the Monthly Restructuring Fee and, if applicable, the Transaction Fee and Post-Emergence Fees, Galaxy will seek reimbursement for its reasonable out-of-pocket expenses incurred from time to time in connection with providing services to the Debtors.

10.     The Debtors shall, upon Galaxy's request and in accordance with applicable orders of this Court, reimburse Galaxy for such reasonable, out-of-pocket expenses with the Debtors' written consent (which consent shall not be unreasonably withheld, conditioned or delayed).

11.     The terms and conditions set forth in the Engagement Letter are consistent with the terms and conditions Galaxy charges other clients, regardless of their location.

12.     The fee structure is appropriate and not significantly different from (a) the terms and conditions Galaxy charges for other similar types of representations and (b) the terms and conditions that other comparable investment bankers would charge to do work substantially similar to the work Galaxy will perform in these Chapter 11 Cases.

13.     In addition to the fee structure, the Engagement Letter provides the Debtors will indemnify Galaxy, which agreement is a material component of the terms and conditions pursuant to which Galaxy is willing to provide services to the Debtors.

14.     Notwithstanding the foregoing, the Engagement Letter provides that the Debtors shall not be liable to any Indemnified Person for any loss, damage, cost, expense, liability or claim that has been determined by a court of competent jurisdiction in a final judgment no longer subject to appeal or review to have resulted primarily from the bad faith, gross negligence or willful misconduct of such Indemnified Person.

15.     Galaxy's restructuring expertise, capital markets knowledge, financing skills, knowledge and experience within the Debtors' industry, and mergers and acquisition capabilities, some or all of which may be required by the Debtors during these Chapter 11 Cases, justify the terms and conditions set forth in the Engagement Letter.

16.     The terms and conditions set forth in the Engagement Letter are reasonable and fairly compensate Galaxy given, among other things: (a) Galaxy may be foreclosed from pursuing other alternative engagement opportunities, in order to ensure the availability of all necessary professional resources for the Debtors; (b) the numerous issues which can currently be anticipated in providing services to the Debtors in these Chapter 11 Cases; (c) Galaxy's

commitment to the variable level of time and effort necessary to provide the services necessary for the Debtors' successful navigation of these Chapter 11 Cases; (d) the expertise and capabilities of Galaxy that will be required in providing services to the Debtors in these Chapter 11 Cases; and (e) the market rate for Galaxy's services of the nature being provided to the Debtors, whether in-court or out-of-court.

17.     Moreover, the terms and conditions set forth in the Engagement Letter take into consideration Galaxy's and the Debtors' understanding that: (a) additional issues and developments, not currently anticipated, may arise and have an impact upon the services to be rendered by Galaxy, and may result in substantially more work and/or services being performed by Galaxy than is anticipated at this time; and (b) as a result of such unanticipated issues and/or developments, the results of Galaxy's services may also be substantially more beneficial to the Debtors than already anticipated.

18.     Galaxy's services cannot be measured simply by reference to the hours worked by Galaxy's professionals and accordingly, Galaxy has included as a condition to providing services to the Debtors in these Chapter 11 Cases that such retention be authorized and approved in accordance with, and pursuant to, Bankruptcy Code section 328(a), such that Galaxy's compensation will not be subject to the standard of review provided in Bankruptcy Code section 330; *provided* that Galaxy has agreed that the U.S. Trustee may still object to Galaxy's fees and expenses under Bankruptcy Code section 330 as set forth in the Application.

19.     Galaxy has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with the Chapter 11 Cases, other than as permitted pursuant to Bankruptcy Code section 504.

## GALAXY'S DISINTERESTEDNESS

20.    (a) Other than its representation in connection with these Chapter 11 Cases, Galaxy has no connection with the Debtors, (b) Galaxy does not represent and has not represented, any entity other than the Debtors in the Chapter 11 Cases, (c) Galaxy does not have any connection with the Debtors' creditors, the U.S. Trustee, any person employed by the Office of the U.S. Trustee, any other party in interest, or their respective attorneys and accountants, (d) Galaxy and its professionals are not creditors, equity or security holders, or insiders of any of the Debtors, (e) neither Galaxy nor any of its professionals is or was, within two years of the Petition Date, a director, officer or employee of any of the Debtors, and (f) neither Galaxy nor any of its professionals hold or represent an interest materially adverse to any of the Debtors, their estates or any class of creditors or equity holders by reason of any direct or indirect relationship to, connection with, or interest in any of the Debtors, or for any other reason. To reach this conclusion, Galaxy obtained from the Debtors and/or their representatives the names of individuals and entities that may be parties in interest in the Chapter 11 Cases, exclusive of Galaxy (the "Potential Interested Parties"), which list of Potential Interested Parties is attached hereto as **Schedule 1**, and Galaxy compared each of the Potential Interested Parties to names that Galaxy maintains in its client database and circulated the list of Potential Interested Parties to all of its professionals, who were required to disclose any actual or potential conflicts of interest as part of Galaxy's normal conflicts screening process.

21.    Senior professionals at Galaxy then reviewed the names of each of the Potential Parties in Interest and Galaxy compared the names on the list with its records concerning current and former clients and key parties in interest with respect to those current and former clients. Known connections between former or recent clients of Galaxy and the Potential Parties in

Interest were compiled for purposes of preparing this Declaration. These connections are listed in **Schedule 2** annexed hereto

22.     To the best of my knowledge and belief, I am unaware of any current investment banking engagements of Galaxy by the Potential Interested Parties. Given Galaxy's size and the breadth of its client base, it is possible that Galaxy may now or in the future be retained by one or more of the Potential Interested Parties in unrelated matters without my knowledge. To the extent that Galaxy discovers any, or enters into any new, material relationship with Potential Interested Parties, Galaxy will supplement this declaration.

23.     Based upon information available to me at this time, I believe Galaxy is a "disinterested person," pursuant to Bankruptcy Code section 101(14), and that Galaxy does not hold or represent an interest adverse to the Debtors or their estates.

24.     No promises have been received by Galaxy or any member, associate, or other employee of Galaxy as to payment or compensation in connection with the Chapter 11 Cases, other than in accordance with the Bankruptcy Code, Bankruptcy Rules, Local Rules and U.S. Trustee Fee Guidelines.

25.     Other than with members and employees of Galaxy, Galaxy has no agreement with any other entity to share with such entity any compensation received by Galaxy.

26.     Consistent with the U.S. Trustee Fee Guidelines, I state as follows:

   a.     Galaxy has not agreed to a variation of its standard or customary billing arrangements for this engagement;

   b.     Galaxy has not varied any of its fees based on the geographic location of the Chapter 11 Cases; and

   c.     Galaxy was retained by the Debtors pursuant to the Engagement Letter, and the (i) material terms of the prepetition engagement are the same as the terms described in the Application and this declaration and (b) the fees have not changed.

7

27.     This declaration constitutes the statement of Galaxy, pursuant to Bankruptcy Code sections 328(a), 329, and 504 and Bankruptcy Rules 2014(a) and 2016(b).

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: September 14, 2023
       New York, New York

By: */s/ Michael Ashe*
Michael Ashe
Title: Head of Investment Banking
Galaxy Digital Partners LLC

**<u>Schedule 1 to Ashe Declaration</u>**

**List of Potential Interested Parties**

**Debtors**

Prime Core Technologies Inc.
Prime Trust, LLC
Prime IRA LLC
Prime Digital, LLC

**Debtors' Predecessors and Related Entities**

Banq., Inc.
Issuances Inc.
Finovation Systems, LLC
JumpStart Securities, LLC
FundAmerica, LLC
Secure Digital Notes B.T.
Secure Cash Sweep B.T.

**Current and Former Officers & Directors and Board of Managers**

Amanda Ortega
Anthony Botticella
Bob Zhao
Bond Nthenge
Brad Epstein
Brent Beeman
David Ko
David Pigott
Desta Getachew
Dmitry Dakhnovsky
Elizabeth Bildner
Erin Holloway
Eugene Lao
George Georgiades
George Thomas Lewis Brandl
J. Max Jiles
Jeffrey Smits
Jennifer Blanco
Joe Capone
John Zelazny
Jon P. Jiles
Jor Law
Kevin Lehtiniitty
Kristin Smith
Mary Kate Baker
Matt Parrella

Melissa Bonner
Melissa Ryken Westhoff
Michael Garrett
Michael Julian
Michael Smith
Nicole Yates
Nicoleta Purcell
Nirvana Patel
Noah Green
Patty Wang
Philip D. LaChapelle
Ren Riley
Rob Desroches
Robb Balaban
Robert List
Rodrigo Vicuna
Roger Wang
Russel Doolittle
Sara Xi
Scott Purcell
Scott Trainor
Stephen Cheng
Jim Wimberly
Thomas Gonser
Thomas Pageler
Timothy Bowman
Whitney White
Yunan (Jeffrey) Ren
Zane Busteed
Aja Heise
Tiago Requeijo

**Equity Holders (Holders of 1% or More of Common Equity as of Petition Date)**

10T DAE Expansion Fund, LP
10T Fund A, LP
10T Fund, LP
Akkadian Ventures V, LP
Brue2Ventures, LLC
Clearvoyance Holdings
**Equity Holders cont'd**

Commerce Ventures III, L.P.
Deborah G Jiles Trust
Fidelity Information Services, LLC

Fin VC Horizons II, LP – Series VIII
GateCap Ventures II LP
GateCap Ventures LP
Gateway VCA 0521, LLC
Harvest Growth Capital III LLC
Justin R. Law Irrevocable Trust Dated
October 22, 2021
Kraken Ventures Fund I LP
Lawrence Sue Kok Law and Fui Ming
Thian, Co-Trustees of the 2021
Lawrence Sue Kok Law and Fui Ming
Thian, Co-Trustees of the 2021 Jaden T.
Law Irrevocable Trust Dated October 22,
2021
Mercato Traverse Prime Core Co-Invest,
LLC
Mercato Traverse SPV 2, A Series of
Mercato Coinvestments, LLC
Mercato Partners Traverse IV QP, L.P.
Mercato Partners Traverse IV, L.P.
The Ko Family Trust
UGH II Affiliates II, LLC
N9 Advisors, LLC
Nevcaut Ventures Fund I, LP
OKC USA Holding Inc.
Palindrome Master Fund LP
Quantum Partners LP
Senior Comfort Corp
Seven Peaks Ventures Fund II, LP
SPV – Prime Core, LLC
STCAP Partners I, L.P.
The J. Max Jiles Trust
The Ko Family Trust UGF II Affiliates II,
LLC
Timus Capital, LLC
Triton Venture Capital Prime Trust Fund I
LP
University Growth Fund II, LP
William Blair MB Investments, LP – PCTI
2022 Series

**Bankruptcy Professionals and Ordinary Course Professionals**

Ankura (f/k/a Chartwell Compliance) (MTL
Maintenance)
Cooley LLP
Cahill Gordon & Reindel LLP
Saltzman Mugan Dushoff, PLLC
K&L Gates LLP
Innovest
Goodwin Procter LLP
Crowell Moring
Fisher & Phillips LLP
LTL Attorneys LLP
Hyland Law PLLC
Robert Half
M3 Partners, LP
Galaxy Digital, Ltd.
Stretto
J.S. Held LLC
JVB Financial Group, LLC

**Banks, Bondholders, and Other Lenders**

Anchorage Digital
BMO Harris Bank, N.A.
Cross River Bank
Homium Inc.
J.P. Morgan Asset Management Inc.
JXN, LLC
Metatech Operating Company LLC
Lexicon Bank
Piermont Bank, N.A.
Western Alliance
Switch Reward Card DAO, LLC

**Insurers, Insurance Agents, and Sureties**

Allegheny Casualty Company
Alpha Surety – A Gallagher Company
Brian Nelson
Heather Vaughn
Philadelphia Insurance Company

**Litigation Counterparties**

Const LLC
Cynthia Edwards
Austin Ward
David Krevat
Nabil Mohamad
All MTL State Regulators
US DOJ Subpoena
NY DFS Enforcement
NY FID Audit

**Major Suppliers and Vendors**

Amazon Web Services, Inc. (AWS)
Fireblocks, Inc.
Microsoft Azure Inc.
Robert Half International, Inc.
Deel, Inc.
SoftServe, Inc.
Kori Boxdell
Electric Solidus, Inc. (d/b/a Swan Bitcoin)
Okcoin USA, Inc.

**Top 50 Creditors**

450 Investments
Allsec Technologies Limited
BAM Trading Services, Inc.
Beam Networks (Eco)
BKR International KB
Individual Name Redacted
Individual Name Redacted
Individual Name Redacted
CoinFLEX US LLC
CoinMetro OU
Const LLC
Cresent Financial Inc.
Dapper Labs Inc.
Individual Name Redacted
Individual Name Redacted
Individual Name Redacted
GCEX Holding Limited
Individual Name Redacted
Gth-Trade Group KFT
Individual Name Redacted

**Top 50 Creditors cont'd**

Individual Name Redacted
Individual Name Redacted
Individual Name Redacted
Individual Name Redacted
Individual Name Redacted
Kado Software, Inc.
Individual Name Redacted
Individual Name Redacted
Individual Name Redacted
Individual Name Redacted
Individual Name Redacted
Individual Name Redacted
Plutus Lending LLC
Individual Name Redacted
Reliz Ltd
Individual Name Redacted
Individual Name Redacted
Individual Name Redacted
Individual Name Redacted
Securitize, Inc.
Individual Name Redacted
Shima Capital Management LLC
Socure Inc.
Individual Name Redacted
TrustToken, Inc.
Individual Name Redacted
Vorka USA Corp.
Wonderpro Limited
Individual Name Redacted

**Taxing and Other Governmental Authorities**

State of Alaska
State of Arizona
State of Arkansas
State of Connecticut
State of Delaware
State of Georgia
State of Hawaii
State of Idaho
State of Iowa
State of Kansas
State of Louisiana

**Taxing and Other Governmental Authorities cont'd**

State of Maine
State of Maryland
State of Massachusetts
State of Michigan
State of Minnesota
State of Mississippi
State of Nebraska
State of Nevada
State of New Jersey
State of New Mexico
State of New York
State of North Carolina
State of North Dakota
State of Ohio
State of Rhode Island
State of South Carolina
State of South Dakota
State of Texas
State of Vermont
State of West Virginia
Washington D.C.

**Members of the Creditors' Committee**

Yousef Abbasi
DMG Blockchain Solutions, Inc.
NetCents Technology, Inc.
Polaris Ventures
Stably Corporation
Austin Ward
Allsectech, Inc.

**Bankruptcy Judges for the District of Delaware, U.S. Trustee's Office Trustees and key staff for the District of Delaware, and Clerks of Court for the District of Delaware**

The Honorable John T. Dorsey
The Honorable Ashley M. Chan
The Honorable Karen B. Owens
The Honorable Chief Judge Laurie Selber Silverstein

**Court Personnel cont'd**

The Honorable Mary F. Walrath
The Honorable Craig T. Goldblatt
The Honorable Brendan L. Shannon
The Honorable J. Kate Sickles
The Honorable Thomas M. Horan
Angelique Okita
Benjamin Hackman
Christine Green
Claire Brady
David Buchbinder
Denis Cooke
Diane Giordano
Dion Wynn
Edith A. Serrano
Hannah M. McCollum
Holly Dice
James R. O'Malley
Jane Leamy
Jeffrey Heck
Joseph Cudia
Joseph McMahon
Juliet Sarkessian
Karen Starr
Lauren Attix
Linda Casey
Linda Richenderfer
Marquietta Lopez
Michael Panacio
Michael West
Nyanquoi Jones
Ramona Harris
Ramona Vinson
Richard Schepacarter
Rosa Sierra-Fox
Shakima L. Dortch
Stacey Drechsler
Stephen Grant
T. Patrick Tinker
Timothy J. Fox, Jr.
Una O'Boyle

**<u>Schedule 2 to Ashe Declaration</u>**

Galaxy (and its financial advisory affiliates) has been engaged within the last three years or is currently engaged by the following Potential Parties in Interest (or one or more of their affiliates, as the case may be) in matters unrelated to these chapter 11 cases (including where the Potential Party in Interest was only a member of an official or an ad hoc creditor committee or an equity committee):

<u>Vendors:</u>

- Cooley LLP
- McDermott Will & Emery LLP
- Cahill Gordon & Reindell
- Goodwin Procter LP
- Crowell Moring
- Amazon Web Services, Inc. (AWS)
- Fireblocks, Inc.
- Deel, Inc.
- Microsoft Azure Inc.
- OkCoin USA, Inc.
- Cross River Bank

<u>Taxing Authorities</u>

- State of Alaska
- State of Arizona
- State of Arkansas
- State of Connecticut
- State of Delaware
- State of Georgia
- State of Hawaii
- State of Idaho
- State of Iowa
- State of Kansas
- State of Louisiana
- State of Maine
- State of Maryland
- State of Massachusetts
- State of Michigan
- State of Minnesota
- State of Mississippi
- State of Nebraska
- State of Nevada
- State of New Jersey
- State of New Mexico
- State of New York

- State of North Carolina
- State of North Dakota
- State of Ohio
- State of Rhode Island
- State of South Carolina
- State of South Dakota
- State of Texas
- State of Vermont
- State of West Virginia
- Washington D.C.