**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*, | Case No. 23-11161 (JKS) |
| Debtors.[1] | (Jointly Administered) |
|  | **Obj. Deadline: Sept. 28, 2023 at 4:00 p.m. (ET)** |
|  | **Hrg. Date: October 5, 2023 at 2:00 p m. (ET)** |

**APPLICATION OF THE DEBTORS FOR ENTRY OF AN ORDER
APPOINTING STRETTO, INC. AS ADMINISTRATIVE AGENT,
EFFECTIVE AS OF THE PETITION DATE**

Prime Core Technologies Inc. and certain of its affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby file this application (the "Application"), seeking entry of an order, substantially in the form attached hereto **Exhibit A** (the "Proposed Order"), appointing Stretto, Inc. ("Stretto") as administrative agent ("Administrative Agent") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), effective as of August 14, 2023, in accordance with the terms and conditions set forth in that certain Engagement Agreement between the Debtors and Stretto effective as of August 8, 2023.  In support of this Application, the Debtors submit the *Declaration of Sheryl Betance, Senior Managing Direct of Corporate Restructuring at Stretto, Inc., in Support of Stretto's Retention as Administrative Agent to the Debtors* (the "Betance Declaration"), attached hereto as **Exhibit B**.

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 330 South Rampart Blvd., Suite 260, Las Vegas, NV 89145.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 327(a), 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3. The Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final judgment or order by the Court with respect to this Application to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

4. On August 14, 2023, (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These cases have been jointly administered for procedural purposes only.

5. On August 24, 2023, the Debtors filed an application [Docket No. 16] (the "Section 156(c) Application") seeking an order appointing Stretto as claims and noticing agent in

these Chapter 11 Cases pursuant to 28 U.S.C. §156(c). On August 29, 2023, the Court entered an

order approving the Section 156(c) Application [Docket No. 54] (the "Section 156(c) Order").

The Debtors believe that administration of these Chapter 11 Cases will require Stretto to perform

duties outside the scope of the Section 156(c) Order.

6.      On August 29, 2023, the United States Trustee for the District of Delaware (the

"U.S. Trustee") appointed the official committee of unsecured creditors (the "Committee"),

pursuant to Bankruptcy Code section 1102.  *See* Docket No. 51. The Committee is comprised of

the following unsecured creditors: (a) Yousef Abbasi; (b) Allsectech, Inc.; (c) DMG Blockchain

Solutions, Inc.; (d) Net Cents Technology, Inc.; (e) Polaris Ventures; (f) Stably Corporation; and

(g) Austin Ward.

7.      Additional information regarding the Debtors and these Chapter 11 Cases,

including the Debtors' business operations, capital structure, financial condition, and the reasons

for and objectives of these Chapter 11 Cases, is set forth in the *Declaration of Jor Law, Interim*

*Chief Executive Officer and President of Prime Core Technologies Inc., et al., in Support of*

*Chapter 11 Petitions and First Day Motions* [Docket No. 14], which is incorporated by reference

as if fully set forth herein.

## STRETTO'S QUALIFICATIONS

8.      The Debtors believe that Stretto is well-qualified to serve in the capacity as

Administrative Agent and that Stretto's retention is in the best interests of the Debtors' estates,

creditors, and other parties in interest in these Chapter 11 Cases. Stretto is comprised of leading

industry professionals with significant experience in both the legal and administrative aspects of

large, complex chapter 11 cases. Stretto has substantial experience in matters of similar size and

complexity, and it has acted as the official claims and noticing agent and/or administrative agent

in many large bankruptcy cases in this district and other districts across the country. Some of Stretto's active and former cases in this district include: *In re iMedia Brands, Inc.*, Case No. 23-10852 (KBO) (Bankr. D. Del. July 3, 2023); *In re Internap Holding LLC*, Case No. 23-10529 (CTG) (Bankr. D. Del. May 26, 2023); *In re AmeriMark Interactive, LLC*, Case No. 23-10438 (TMH) (Bankr. D. Del. May 8, 2023); *In re Allegiance Coal USA Ltd.*, Case No. 23-10234 (CTG) (Bankr. D. Del. Apr 10, 2023); *In re Ryze Renewables II, LLC*, Case No. 23-10289 (BLS) (Bankr. D. Del. Apr. 11, 2023); *In re AD1 Urban Palm Bay, LLC*, Case No. 23-10074 (KBO) (Bankr. D. Del. Mar. 27, 2023); *In re Quanergy Systems, Inc.*, Case No. 22-11305 (CTG) (Bankr. D. Del. Jan. 11, 2023); *In re Sears Authorized Hometown Stores, LLC*, Case No. 22-11303 (BLS) (Bankr. D. Del. Jan. 5, 2023); *In re Fast Radius, Inc.*, Case No. 22-11051 (JKS) (Bankr. D. Del. Dec. 7, 2022); *In re Clarus Therapeutics Holdings, Inc.*, Case No. 22-10845 (MFW) (Bankr. D. Del. Nov. 29, 2022); and *In re Phoenix Services Topco, LLC*, Case No. 22-10906 (MFW) (Bankr. D. Del. Oct. 25, 2022).

## SERVICES TO BE PROVIDED

9.     Pursuant to the engagement agreement (the "Engagement Agreement"), which is attached hereto as **Exhibit C**, the Debtors seek to retain Stretto to provide, among other things, the following bankruptcy administration services (the "Services", if and to the extent requested:

(a)     Assist with, among other things, solicitation, balloting, and tabulation of votes; prepare any related reports, as required in support of confirmation of a chapter 11 plan;

(b)     Prepare an official ballot certification and, if necessary, testify in support of the ballot tabulation results;

(c)     Assist with the preparation of the Debtors' schedules of assets and liabilities and statements of financial affairs, and gather data in conjunction therewith;

(d)     Provide a confidential data room;

(e)     Manage and coordinate any distributions pursuant to a chapter 11 plan, if designated as distribution agent under such plan; and

(f)     Provide such other solicitation, balloting and other administrative services described in the Engagement Agreement, but not included in the Section 156(c) Application, as may be requested from time to time by the Debtors, the Court or the Office of the Clerk of the Court.

## PROFESSIONAL COMPENSATION

10.     The fees Stretto will charge in connection with providing Services to the Debtors are set forth in the Engagement Agreement.  The Debtors respectfully submit that Stretto's rates are competitive and comparable to the rates its competitors charge for similar services.  Indeed, the Debtors conducted a review and competitive comparison of other firms and reviewed the rates of other firms before selecting Stretto as Administrative Agent.  The Debtors believe Stretto's rates are more than reasonable given the quality of Stretto's services and its professionals' bankruptcy expertise.  Additionally, Stretto will seek reimbursement from the Debtors for reasonable expenses in accordance with the terms of the Engagement Agreement.

11.     Prior to the Petition Date, the Debtors provided Stretto an advance in the amount of $25,000. Pursuant to the Section 156(c) Order, Stretto was authorized to apply the advance to all prepetition invoices, and thereafter, to have the advance replenished to the original advance amount and to hold the advance under the Engagement Agreement during these Chapter 11 Cases as security for the payment of fees and expenses incurred under the Engagement Agreement.  However, Stretto will not apply the advance to any fees and expenses incurred as Administrative Agent to the Debtors unless and until such fees and expenses have been approved by the Court in accordance with the proposed order granting this Application.

12.     Stretto intends to apply to the Court for allowance of compensation and reimbursement of expenses incurred on and after the Petition Date in connection with the Services it provides as Administrative Agent pursuant to the Engagement Agreement. Stretto

will comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the

Local Rules, and any orders entered in these Chapter 11 Cases regarding professional

compensation and reimbursement of expenses.

13.     Additionally, under the terms of the Engagement Agreement, the Debtors have

agreed to indemnify, defend, and hold harmless Stretto and its members, directors, officers,

employees, representatives, affiliates, consultants, subcontractors, and agents under certain

circumstances specified in the Engagement Agreement, except in circumstances resulting solely

from Stretto's gross negligence, willful misconduct, or as otherwise provided in the Engagement

Agreement. The Debtors believe that such an indemnification obligation is customary,

reasonable, and necessary to retain the services of an Administrative Agent in these Chapter 11

Cases.

<u>**DISINTERESTEDNESS**</u>

14.     Stretto has conducted a conflicts analysis to determine whether it has any

relationships with the creditors and parties in interest provided by the Debtors, and, to the best of

the Debtors' knowledge, information, and belief, and except as disclosed in the Betance

Declaration, Stretto is a "disinterested person" within the meaning of Bankruptcy Code section

101(14), as required by Bankruptcy Code section 327(a), and does not hold or represent any

interest materially adverse to the Debtors' estates in connection with any matter on which it

would be employed.

15.     Stretto believes that it does not have any relationships with creditors or parties in

interest in these Chapter 11 Cases that would present a disqualifying conflict of interest. To the

extent that Stretto discovers any connection with any interested party or enters into any new

relationship with any interested party, Stretto will promptly supplement its disclosure to the

Bankruptcy Court.

## **BASIS FOR RELIEF**

16.　　Bankruptcy Code section 327(a) provides that a debtor, subject to Bankruptcy

Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other
> professional persons, that do not hold or represent an interest adverse to the estate,
> and that are disinterested persons, to represent or assist the [debtor] in carrying out
> the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

17.　　Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm]
> to be employed, the reasons for the selection, the professional services to be
> rendered, and proposed arrangement for compensation, and, to the best of the
> applicant's knowledge, all of the [firm's] connections with the debtor, creditors,
> any other party in interest, their respective attorneys and accountants, the U.S.
> Trustee, or any person employed in the office of the U.S. Trustee.

Fed. R. Bankr. P. 2014.

18.　　In addition, Local Rule 2014-1 requires an entity seeking approval of employment

under Bankruptcy Code section 327(a) to file a motion, supporting affidavit, and proposed order,

all of which have been satisfied by this Application, the Betance Declaration, and the Proposed

Order.

19.　　The Debtors respectfully request that Stretto's retention as Administrative Agent

be made effective as of the Petition Date so that Stretto may be compensated for the services

performed prior to approval of this Application.  Stretto has provided services to the Debtors in

advance of approval of this Application in anticipation that its retention would be approved

effective as of the Petition Date.  The Debtors submit that these circumstances warrant

retroactive approval.  Moreover, the Debtors believe that no parties in interest will be prejudiced

by the granting of the retroactive effectiveness of Stretto's employment because Stretto has provided, and will continue to provide, valuable services to the Debtors' estates in the covered period. For the reasons set forth herein, the Debtors believe that the retention of Stretto is in the best interests of the Debtors, their estates, creditors, and other parties in interest in these Chapter 11 Cases, and, therefore, should be granted.

## NOTICE

20.     The Debtors will provide notice of this Application to the following parties or their respective counsel: (a) the U.S. Trustee; (b) proposed counsel for the Committee; and (c) any party that requests service pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice need be given.

## NO PRIOR REQUEST

21.     No prior request for the relief sought in this Application has been made to this or any other court.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the

relief requested herein and such other relief as the Court deems just and appropriate.

Dated: September 14, 2023
Wilmington, Delaware

Michael Wyse

Name:  Mike Wyse
Solely in his Capacity as a Member of the
Debtors' Special Restructuring Committee