# EXHIBIT A

**Revised Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 75** |

## ORDER ESTABLISHING PROCEDURES FOR
## INTERIM COMPENSATION AND REIMBURSEMENT
## OF EXPENSES OF PROFESSIONALS

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (this "Order") establishing procedures for interim compensation and reimbursement of the expenses of professionals, all as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

estates, their creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is **HEREBY ORDERED THAT**

    1.    The Motion is **GRANTED** as set forth herein.

    2.    Except as otherwise provided in an order of this Court authorizing the retention of a Retained Professional, Retained Professionals may seek interim payment of compensation and reimbursement of expenses in accordance with the following Compensation Procedures:

    **A.**    **Monthly Fee Applications**

(a)    Each calendar month following the month for which compensation is sought, each Retained Professional seeking interim allowance of its fees and expenses may file with the Court an application, which will include the relevant time entries and expense details for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (a "Monthly Fee Application"). A Retained Professional shall not receive payment pursuant to a Monthly Fee Application until the Retained Professional's retention has been approved by the Court. The Retained Professionals' first Monthly Fee Applications will cover the period from the Petition Date through August 31, 2023.

(b)    Each Retained Professional that files a Monthly Fee Application will serve a copy of such Monthly Fee Application on the following parties by email (collectively, the "Fee Notice Parties"):

    (i)    the Debtors, 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135, Las Vegas, NV 89145 (Attn: Jor Law);

    (ii)    proposed counsel to the Debtors, McDermott Will & Emery LLP, 1000 N. West Street, Suite 1400, Wilmington, DE 19801 (Attn: Maris J. Kandestin), and One Vanderbilt Avenue, New York, NY 10017 (Attn: Darren Azman; Joseph B. Evans), and 333 SE 2nd Avenue, Suite 5400, Miami, FL 33131 (Attn: Gregg Steinman);

    (iii)    proposed counsel to the Committee, Brown Rudnick LLP, 7 Times Square, New York, NY 10036 (Attn: Robert Stark; Bennett Silverberg); and

    (iv)    the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Joseph Cudia).

(c)    Any Retained Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee

       Application that includes a request for compensation earned or expenses incurred during previous months. All Monthly Fee Applications will comply with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court.

(d)    The deadline to object to any Monthly Fee Application is 4:00 p.m. (prevailing Eastern Time) on the 21st day (or the next business day, if such day is not a business day) following the date on which the Monthly Fee Application is served (the "<u>Objection Deadline</u>").

(e)    To object to a Retained Professionals' Monthly Fee Application, the objecting party must (a) file with the Court a written objection (an "<u>Objection</u>") on or before the Objection Deadline; and (b) serve the Objection upon the affected Retained Professional and each of the Fee Notice Parties by email. Thereafter, the objecting party and the Retained Professional will attempt to resolve the Objection on a consensual basis.

(f)    Upon the expiration of the Objection Deadline, a Retained Professional may file a certificate of no objection (a "<u>CNO</u>") with the Court with respect to any fees and expenses not subject to an Objection. After a Retained Professional files a CNO with the Court, the Debtors will promptly pay the Retained Professional 80 percent (80%) of the fees and 100 percent (100%) of the expenses requested in the applicable Monthly Fee Application that are not subject to an Objection.

(g)    If a portion of the fees and expenses requested in a Monthly Fee Application is subject to an Objection and the parties are unable to reach a consensual resolution, the Retained Professional may either (a) file with the Court a response to the Objection, together with a request for payment of any portion of the amounts subject to the Objection; or (b) forego payment of the amount subject to such Objection until the next hearing to consider interim or final fee applications, at which time the Court will adjudicate any unresolved Objections. If the parties reach a consensual resolution, the Debtors will promptly pay 80 percent (80%) of the fees and 100 percent (100%) of the agreed-upon expenses.

**B.    Interim Fee Applications**

(a)    Unless and until a chapter 11 plan of reorganization or liquidation has become effective, at three-month intervals, each Retained Professional may file with the Court an application (an "<u>Interim Fee Application</u>") for interim approval and allowance of compensation and reimbursement of expenses sought by such Retained Professional in its Monthly Fee Applications, including any amounts requested in Monthly Fee Applications but yet unpaid, filed during the preceding interim period (each such period, an "<u>Interim Fee Period</u>"). The initial Interim Fee Period will include the period from the Petition Date through October 31, 2023.

3

(b) Retained Professionals may file their applicable Interim Fee Applications on or before the 30th day following the end of each Interim Fee Period, or the next business day if such day is not a business day.

(c) The Interim Fee Application will include a brief description identifying the following:

    (i) the Monthly Fee Applications that are the subject of the request;

    (ii) the amount of fees and expenses requested;

    (iii) the amount of fees and expenses paid to date or subject to an Objection;

    (iv) the deadline for parties to file objections to the Interim Fee Application (such objections, the "<u>Additional Objections</u>"); and

    (v) any other information requested by the Court or required by the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules.

(d) Objections to any Interim Fee Application shall be filed with the Court on or before 4:00 p.m. (prevailing Eastern Time) on the 21st day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application, and served by email upon the affected Retained Professional and each of the Fee Notice Parties.

(e) The Debtors may request that the Court schedule a hearing on Interim Fee Applications at least once every three months or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may approve and allow an Interim Fee Application without a hearing.

(f) Each Retained Professional will serve its Interim Fee Application upon the Fee Notice Parties by email. Each Retained Professional will serve, via first class mail, a notice of hearing on its Interim Fee Application on all parties that have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002. No further notice is necessary.

(g) A pending Objection to compensation or reimbursement of a Retained Professional will not disqualify the Retained Professional from future compensation or reimbursement.

(h) Neither (a) the payment of, or the failure to pay, in whole or in part, any interim compensation and reimbursement to a Retained Professional nor (b) the filing of, or failure to file, an Objection will bind any party-in-interest or the Court with respect to the final allowance of any compensation of fees for services rendered or reimbursement of expenses incurred by a Retained Professional. All fees and expenses paid to Retained Professionals under these Compensation Procedures are subject to disgorgement until final allowance by the Court.

(i) Any member of the Committee may submit statements of expenses (excluding the fees and expenses of an individual Committee member's third-party counsel or any other third-party advisors) and supporting vouchers and receipts to the Committee's counsel, which counsel will collect and submit the Committee members' requests for reimbursement in accordance with the Compensation Procedures; *provided* that payment of such expenses is not authorized to the extent that such authorization does not exist under the Bankruptcy Code, applicable Third Circuit law, the Bankruptcy Rules, the Local Rules, or the procedures and practices of the Court.

(j) In each Interim Fee Application and Final Fee Application, all attorneys who have been or are hereafter retained pursuant to sections 327 or 1103 of the Bankruptcy Code, unless such attorney is employed and retained pursuant to the OCP Motion and is not required to file fee applications in accordance with the terms thereof, (a) shall apply for compensation for professional services rendered and for reimbursement of expenses incurred in connection with these Chapter 11 Cases in compliance with Bankruptcy Code sections 330 and 331 and the applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court, and (b) will make a reasonable effort to comply with the requests from the Office of the United States Trustee for the District of Delaware for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013.

(k) The Debtor shall include all payments made to Professionals in accordance with the Compensation Procedures in their monthly operating report, identifying the amount paid to each of the Professionals.

3. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

4. The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

5. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.