## **EXHIBIT A**

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 74** |

**ORDER (I) ESTABLISHING BAR DATES TO FILE PROOFS OF**
**CLAIM; (II) APPROVING FORM AND MANNER FOR FILING**
**PROOFS OF CLAIM; (III) APPROVING FORM AND MANNER OF**
**NOTICE OF BAR DATES; AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above captioned debtors and debtors in

possession (the "Debtors") for entry of an order (this "Order"), pursuant to Bankruptcy Code

sections 501, 502 and 503, Bankruptcy Rules 2002, 3002, and 3003, and Local Rules 2002-1(e)

and 3003-1: (i) establishing bar dates by which creditors must file proofs of claim against the

Debtors, (ii) approving procedures with respect to the form and manner for filing proofs of

claim, (iii) approving the form and notice with respect to the bar dates, and (iv) granting related

relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider this

Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

*Standing Order of Reference* from the United States District Court for the District of Delaware,

dated February 29, 2012; and the matter being a core proceeding within the meaning of 28

U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are:  Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order

consistent with Article III of the United States Constitution; and due and sufficient notice of the

Motion having been given under the particular circumstances; and it appearing that no other or

further notice is necessary; and it appearing that the relief requested in the Motion is in the best

interests of the Debtors, their estates, their creditors, and other parties-in-interest; and after due

deliberation thereon; and good and sufficient cause appearing therefor; it is

**HEREBY ORDERED THAT**

1.      The Motion is GRANTED to the extent set forth herein.

2.      Unless otherwise provided herein, the following Bar Dates are hereby established

in these Chapter 11 Cases:

(a)     **4:00 p.m. (prevailing Eastern Time) on the date that is 21 calendar days following the Debtors' filing of their Schedules** shall be the deadline by which each person or entity (including individuals, partnerships, corporations, joint ventures, and trusts, but not including governmental units (as defined in section 101(27) of the Bankruptcy Code, "Governmental Units")) to file a Proof of Claim in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code), against the Debtor (the "General Bar Date");

(b)     **4:00 p.m. (prevailing Eastern Time) on the date that is 30 calendar days following entry of the Bar Date Order** shall be the deadline by which claimants asserting an administrative expense claim pursuant to sections 503(b) or 507(a) of the Bankruptcy Code (an "Administrative Expense Claim") must file an Administrative Expense Claim with the Court (the "Administrative Expense Claims Bar Date") for Administrative Expense Claims arising between August 14, 2023, and September 15, 2023;

(c)     **February 10, 2024 at 4:00 p.m. (prevailing Eastern Time)**, shall be the deadline by which Governmental Units must file a Proof of Claim with (each, a "Governmental Unit") holding a claim against the Debtors arising prior to the Petition Date must file a Proof of Claim in respect of a prepetition claim (the "Governmental Bar Date");

(d)     **The later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 4:00 p.m. (prevailing Eastern Time) on the date this is 21 days from which the Debtors provide notice of an amendment or supplement to the Schedules** shall be the deadline by which claimants

holding claims affected by such amendment or supplement must file a Proof of Claim with respect to such claim (the "Amended Schedules Bar Date"); and

(e) **The later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 4:00 p.m. (prevailing Eastern Time) on the date this is 21 days following service of an order authorizing the rejection of an executory contract or unexpired lease** shall be the deadline by which claimants asserting claims resulting from the Debtors' rejection of an executory contract or unexpired lease must file a Proof of Claim with respect to such claim (the "Rejection Damages Bar Date," and together with the General Bar Date, the Administrative Expense Claims Bar Date, the Amended Schedules Bar Date, and the Governmental Bar Date, the "Bar Dates").

3.       The (a) Proof of Claim Form (Official Bankruptcy Form 410), substantially in the form attached hereto as **Exhibit 1**; (b) the Bar Date Notice, substantially in the form annexed hereto as **Exhibit 2**; (c) the form of notice substantially in the form annexed hereto as **Exhibit 3** (the "Administrative Expense Claims Bar Date Notice"); and (d) the Publication Notice, substantially in the form annexed hereto as **Exhibit 4**, are approved.

4.       Except as otherwise set forth herein, the following persons and entities holding or wishing to assert the claims against the Debtors that arose prior to the Petition Date shall be required to file Proofs of Claim on or before the applicable Bar Date:

(a)    any person or entity whose claim against the Debtors is not listed in the Debtors' Schedules, or is listed as "contingent," "unliquidated," or "disputed," if such entity desires to participate in these Chapter 11 Cases or share in any distribution in these Chapter 11 Cases;

(b)    any person or entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a different classification or amount other than that identified in the Schedules; and

(c)    any person or entity that believes that its claim against the Debtors is or may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

5.       Notwithstanding anything in this Order, Proofs of Claim need not be filed on or prior to the Bar Dates as to the following types of claims:

3

(a)    any claim that is listed in the Debtors' Schedules (i) that is not listed as "contingent," "unliquidated," or "disputed," and (ii) the claimant does not disagree with the amount, nature, and priority as set forth in the Schedules;

(b)    any claim as which the holder has already filed a Proof of Claim against the Debtors' estates in a form substantially similar to the Proof of Claim Form (Official Bankruptcy Form 410) attached hereto as **Exhibit 1**;

(c)    any claim that has been paid in full by the Debtors;

(d)    any claim for which different specific deadlines have previously been fixed by this Court;

(e)    any claim held by one Debtor against another Debtor;

(f)    any claim that asserts an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred units, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; *provided, however*, that, if any holder asserts such a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), such holder must file a Proof of Claim on or before the applicable Bar Date pursuant to the Procedures;

(g)    any claim previously allowed or paid pursuant to an order of the Court; or

(h)    any claim held by a person or entity that is not required to file a Proof of Claim pursuant to an order of this Court.

6.    Except as otherwise set forth herein, each entity that asserts a claim against the Debtor that arose before the Petition Date shall be required to file a Proof of Claim. The following Procedures with respect to preparing and filing of Proofs of Claim are hereby established:

(a)    Proofs of Claim must substantially conform to the Proof of Claim Form (Official Bankruptcy Form 410) attached hereto as **Exhibit 1**;

(b)    Proofs of Claim must (i) be written in the English language; (ii) be denominated in lawful currency of the United States (using the exchange rate, if applicable, as of the Petition Date), or, if based on cryptocurrency, in the type and number of units of such cryptocurrency; (iii) specify by name and case number the Debtors' Chapter 11 Case; (iv) set forth with specificity the legal and factual basis for the alleged claim; (v) include supporting documentation for the claim or an explanation as to why such

documentation is not available; and (vi) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant under penalty of perjury;

(c)     Proofs of Claim must be filed (i) electronically through the Claim Agent's website for these Chapter 11 Cases (https://cases.stretto.com/primetrust) by following instructions for filing proofs of claims electronically; (ii) by delivering the original Proof of Claim by regular mail, overnight delivery, courier, or hand delivery to Prime Core Technologies Inc., *et al.*, Claims Processing Center, c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602;

(d)     A Proof of Claim shall be deemed timely filed only if it **is actually received** by the Claims Agent as set forth in subparagraph (c) above, in each case, on or before the applicable Bar Date; and

(e)     Proofs of Claim will not be accepted if submitted by facsimile, telecopy, or electronic mail transmission.

7.      Pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim who is required to timely file a Proof of Claim on or before the applicable Bar Date as provided herein, but fails to do so, shall not be treated as a creditor with respect to such claim for the purposes of voting on a chapter 11 plan and distribution in the chapter 11 case on account of such claim unless otherwise ordered by the Court.

8.      Pursuant to Bankruptcy Rules 2002(a)(7), (f), and (l), the Debtors shall provide notice of the Bar Dates in accordance with the following Procedures:

(a)     Within 2 business days of entry of the Bar Date Order, the Debtors will commence service of the Bar Date Notice, together with a Proof of Claim Form, substantially in the form attached hereto as **Exhibit 2**, and the Administrative Expense Claims Bar Date Notice, upon:

   i.      the U.S. Trustee;

   ii.     proposed Counsel for the Committee;

   iii.    all known creditors and other known holders of potential claims against the Debtors' estates;

   iv.     all counterparties to executory contracts and unexpired leases at the addressed stated therein;

     v.     all parties to pending litigation against the Debtors as of the Petition Date;

     vi.     all parties who requested service pursuant to Bankruptcy Rule 2002;

     vii.     the Internal Revenue Service, the United States Attorney's Office for the District of Delaware, and all applicable Governmental Units;

     viii.     all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

     ix.     all regulatory authorities that regulate the Debtors' businesses, including licensing authorities;

     x.     all current employees and all former employees who left the Debtors' employ within the two years prior to the Petition Date whose addresses are known by the Debtors;

     xi.     such additional persons and entities deemed appropriate by the Debtors; and

     xii.     all known persons and entities holding potential prepetition claims and equity interests against the Debtors,[3] in accordance with the Interim Matrix Order.

    (a)    No later than five (5) days after entry of the Bar Date Order, the Debtors shall provide notice of the Bar Dates to unknown creditors by causing a notice, substantially in the form attached to the Bar Date Order as *Exhibit 4* (the "Publication Notice"), to be published once in the national edition of either *The Wall Street Journal*, *The New York Times*, or *USA Today*.

    (b)    The Debtors shall post the Proof of Claim Form and the Bar Date Notice on the website established by the Claims Agent for the Debtors' case: https://cases.stretto.com/primetrust.

    9.    The proposed notice is fair and reasonable and will provide good, adequate, and sufficient notice of the Bar Dates and the Procedures for filing Proofs of Claim under the circumstances of these Chapter 11 Cases, and is hereby approved.

---

[3]    The Bar Date Order, Bar Date Notice, and Proof of Claim Form also will be accessible on Stretto's website: https://cases.stretto.com/primetrust.

10.     The Debtors are authorized to make non-substantive revisions to the Bar Date Notice, the Administrative Expense Claims Bar Date Notice, and the Publication Notice, without further order of the Court.

11.     Nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules or otherwise.

12.     Entry of this Order is without prejudice to the rights of the Debtors to seek a further order of this Court fixing the date by which holders of claims not subject to the Bar Dates established herein must file such claims against the Debtors.

13.     The Debtors and the Claims Agent are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

14.     Nothing in the Motion or this Order, nor the Debtors' implementation of the relief granted in this Order, shall constitute (a) an admission of the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute or object to any claim, whether filed or scheduled, on any ground; (c) a waiver of the Debtors' right to dispute or assert offsets against or defenses to any claim, whether filed or scheduled, as to amount, nature, classification, characterization, status, or otherwise; (d) a prohibition of the Debtors from taking any other action with respect to a prepetition claim; or (e) a promise by the Debtors to pay any alleged claim.

15.     Nothing contained herein shall limit, abridge, or otherwise affect the Debtors' right to request that the Court fix a date by which the holder of a claim that is specifically excluded from the requirements to file such a claim by this Order must file a proof of claim.

16.     The provisions of this Order apply to all claims (except as otherwise set forth herein) of whatever character against the Debtors or their property, whether they are secured or unsecured, entitled or not entitled to priority, liquidated or unliquidated, or fixed or contingent.

17.     Nothing in this Order shall be construed as (a) an admission as to the validity of any claim or any lien against the Debtors or any of their property; (b) an agreement or obligation to pay any claims; (c) a waiver of any claims or causes of action that may exist against any creditor or interest holder; (d) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim; or (e) an approval, assumption, or rejection of any agreement, contract, program, policy, or lease under Bankruptcy Code section 365.

18.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

## <u>Exhibit 1</u>

**Proof of Claim Form**

**(Official Bankruptcy Form 410)**

**Fill in this information to identify the case:**

Name of Debtor & Case Number:

☐     Prime Core Technologies Inc. (Case No. 23-11161)

☐     Prime Trust, LLC (Case No. 23-11162)

☐     Prime IRA LLC (Case No. 23-11164)

☐     Prime Digital, LLC (Case No. 23-11168)

**United States Bankruptcy Court for the District of Delaware**

Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of administrative expenses arising under 11 U.S.C. §503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| **Part 1:** | **Identify the Claim** |
| --- | --- |

| | | |
| --- | --- | --- |
| 1. | **Who is the current creditor?** | Name of the current creditor (the person or entity to be paid for this claim) _____ <br><br> Other names the creditor used with the debtor _____ |
| 2. | **Has this claim been acquired from someone else?** | ☐ No <br> ☐ Yes. From whom? _____ |

| | | | |
| --- | --- | --- | --- |
| 3. | **Where should notices and payments to the creditor be sent?** <br><br> Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
| | | Name _____ <br><br> Number    Street _____ <br><br> City      State      ZIP Code <br><br> Contact phone _____ <br><br> Contact email _____ | Name _____ <br><br> Number    Street _____ <br><br> City      State      ZIP Code <br><br> Contact phone _____ <br><br> Contact email _____ |
| | | Uniform claim identifier for electronic payments in chapter 13 (if you use one): <br><br> __ __ __ __ __ — __ __ __ __ __ — __ __ __ __ __ — __ __ __ __ __ | |

| | | |
| --- | --- | --- |
| 4. | **Does this claim amend one already filed?** | ☐ No <br> ☐ Yes. Claim number on court claims registry (if known) _____      Filed on _____ <br>                                                       MM   / DD   / YYYY |
| 5. | **Do you know if anyone else has filed a proof of claim for this claim?** | ☐ No <br> ☐ Yes. Who made the earlier filing? _____ |

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| 6. | Do you have any number you use to identify the debtor? | ☐ No |
|---|---|---|
| | | ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |

7a. How much is the claim?   $_____   Does this amount include interest or other charges?

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

7b. List the number of each type of coin held in your account as of the date the case was filed.

| | | |
|---|---|---|
| ARPA Chain_____ | Celo_____ | Global Business System Token_____ |
| Balancer_____ | Celo Dollar_____ | GMO Japanese Yen_____ |
| Band Protocol_____ | Celsius_____ | Goerli USDC_____ |
| DuDe Peoples Money_____ | ChiliZ_____ | Graph Token_____ |
| Quant_____ | Circuits of Value_____ | Harmony ONE_____ |
| $USDCDrop.com_____ | Civic_____ | Hedera Hashgraph_____ |
| Tether USD_____ | Co2Bit Carbon Token_____ | HEX_____ |
| 1INCH_____ | CoinFlex Vote Token_____ | Hillstone.Finance_____ |
| 7EVEN Utility Token_____ | Compound_____ | HOLO_____ |
| Aave Interest Bearing DAI_____ | Compound DAI_____ | Hong Kong Token_____ |
| Aave Interest Bearing ETH_____ | Compound Ether_____ | HyFi_____ |
| Aave Interest Bearing TUSD_____ | Compound USD Coin_____ | IDEX Token_____ |
| AAVE Token_____ | Compound Wrapped BTC_____ | Internet of Things 5th-Generation_____ |
| Adventure Gold_____ | Cosmos Hub_____ | Inverse Finance_____ |
| AGX Coin_____ | COTI_____ | IoTeX_____ |
| AGX COIN (AVAX)_____ | Crescent Network_____ | JiuLove_____ |
| Alchemix_____ | Crypto Perx_____ | Kard Coin_____ |
| Alchemy Pay_____ | Crypto20_____ | Keep Token_____ |
| Algorand_____ | cTether_____ | Kusama_____ |
| Amber_____ | Curve DAO Token_____ | Kyber Network_____ |
| AMP Token_____ | Dai_____ | Kyber Network Crystal v2_____ |
| Ampleforth_____ | Dalarnia_____ | LCX_____ |
| Ampleforth Governance_____ | DAO Maker_____ | Lendingblock_____ |
| Andrey Voronkov Ventures Promo_____ | Dash_____ | LINK_____ |
| Ankr Network_____ | Decentraland_____ | Litecoin_____ |
| API3_____ | DeFi Pulse Index_____ | Livepeer_____ |
| Arbitrum_____ | DerivaDAO_____ | LODE Token_____ |
| Audius_____ | DigitalBits_____ | Loopring_____ |
| Augur_____ | Digitalbits_____ | Lottery Tickets_____ |
| AUX Coin_____ | Dogecoin_____ | Lumens_____ |
| Aux Coin_____ | Drep_____ | Maker_____ |
| Avalanche_____ | dYdX Token_____ | Marlin POND_____ |
| Aventus_____ | eCash_____ | MATH_____ |
| Axie Infinity Shard_____ | Ellipsis_____ | Matic_____ |
| B21 Token_____ | Enjin Coin_____ | Matic Gas Token_____ |
| BADGER_____ | EOS_____ | Matic Token_____ |
| Bancor_____ | Ethereum_____ | MCO2_____ |
| Basic Attention Token_____ | Ethereum Classic Test_____ | Melon_____ |
| Binance Beacon ETH_____ | Ethereum Name Service_____ | Mero Currency_____ |
| Binance Coin_____ | EURST_____ | MIR Protocol_____ |
| Binance USD_____ | Fake USDC Token_____ | Monavale_____ |
| Binance-Peg Filecoin_____ | Fantom_____ | MonkeyCoin_____ |
| Binance-Peg Tether_____ | FingerPrint_____ | MultiVAC_____ |
| Binance-Peg USD Coin_____ | FLEX Coin_____ | MyNeighborAlice_____ |
| Bitcoin_____ | flexUSD_____ | NEAR Protocol_____ |
| Bitcoin Cash_____ | Frax_____ | Numeraire_____ |
| Bitcoin SV_____ | FTX Token_____ | OK Blockchain_____ |
| Bitfinex LEO Token_____ | FXtrading_____ | OmiseGO_____ |
| BitRewards_____ | Gala_____ | Optimistic Ethereum_____ |
| Bluzelle_____ | Gala V2_____ | Orchid_____ |
| Carbon USD_____ | Game.com_____ | PancakeSwap Token_____ |
| Cardano_____ | Gemini Dollar_____ | PARSIQ_____ |
| Cartesi Token_____ | Gitcoin_____ | Pax Dollar_____ |
| CelerToken_____ | Glo Dollar_____ | Paxos Standard_____ |

| | | |
|---|---|---|
| Perpetual Protocol | Tether (Omni) | USDC (Avalanche) |
| PlayDapp | Tether USD | USDK |
| Polkadot | Silverway | Tezos | Wrapped Bitcoin |
| PolkastarterToken | Solana | Toucan Protocol | Wrapped ROSE _Wormhole |
| Power Ledger | SPELL | TRIBE | Wrapped RVN |
| Project Galaxy | Spera | Tron | Wrapped UST Token |
| Qubit | Stable Coin USD | TrueUSD | XRP |
| Radicle | StableUSD | Tuition Coin Polygon | XY Oracle |
| Rai Reflex Index | StaFi | UKR Chain | Yearn Finance |
| Rarible | Storj | UMA | ZRX |
| Recover Value USD | SUPER | Unbanked Token | Zytara USD |
| REN | SushiToken | Uniswap | Other |
| Request | SushiToken (Solana) | USD Coin | |
| RNDR | Switch | USD Coin (Fantom) | |
| Sai Stablecoin v1.0 (SAI) | Synthetix Network Token | USD Coin (Polygon) | |
| SAND | Terra Classic Luna | USD Coin (Solana) | |
| Sense | Terra Classic USD | USD Coin (Stellar) | |
| Shaggy Coin | Terra Luna 2.0 | | |

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

❑ No
❑ Yes. The claim is secured by a lien on property.

**Nature of property:**

❑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
❑ Motor vehicle
❑ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____
**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line **7**.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%
❑ Fixed
❑ Variable

**10. Is this claim based on a lease?**

❑ No
❑ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

❑ No
❑ Yes. Identify the property: _____

| | | | Amount entitled to priority |
|---|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No | | |
| | ☐ Yes. *Check one:* | | |
| | | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No | | |
| | ☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within twenty (20) days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | | $_____ |

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐  I am the creditor.
☐  I am the creditor's attorney or authorized agent.
☐  I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐  I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
MM  /  DD  /  YYYY

_____
Signature

Print the name of the person who is completing and signing this claim:

Name  _____
First name          Middle name          Last name

Title  _____

Company  _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _____
Number      Street

_____
City          State      ZIP Code

Contact phone  _____          Email  _____

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                          12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or go to https://cases.stretto.com/primetrust

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured  claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Do not file these instructions with your form.**

**Exhibit 2**

**Bar Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |

**NOTICE OF BAR DATES FOR FILING PROOFS OF CLAIM**

**TO: ALL PERSONS OR ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF THE
FOLLOWING DEBTOR ENTITIES:**

| DEBTOR | CASE NO. |
|---|---|
| Prime Core Technologies Inc. | 23-16111 (JKS) |
| Prime Trust, LLC | 23-11162 (JKS) |
| Prime IRA LLC | 23-11164 (JKS) |
| Prime Digital, LLC | 23-11168 (JKS) |

On August 14, 2023 (the "Petition Date"), the above-listed debtor entities (the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court"). On [•], 2023, the Court entered an order [Docket No. [•]] (the "Bar Date Order")[2] establishing the following Bar Dates:

i. **4:00 p.m. (prevailing Eastern Time) on the date that is 21 calendar days following the Debtors' filing of their Schedules** as the deadline by which each person or entity (including individuals, partnerships, corporations, joint ventures, and trusts, but not including governmental units (as defined in section 101(27) of the Bankruptcy Code, "Governmental Units")) must file a proof of claim (each, a "Proof of Claim") in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including, for the avoidance of doubt, secured claims, priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code, against the Debtor (the "General Bar Date");

ii. **4:00 p.m. (prevailing Eastern Time) on the date that is 30 calendar days following the effective date of the Debtors' chapter 11 plan** shall be the deadline by which claimants asserting an administrative expense claim arising between August 14, 2023 and September 15, 2023, pursuant to sections 503(b) or 507(a) of the Bankruptcy Code (an "Administrative Expense Claim") must file an Administrative Expense Claim with the Court (the "Administrative Expense Claims Bar Date");

---

[1]    The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Bar Date Order.

iii. **February 10, 2024 at 4:00 p.m. (prevailing Eastern Time)**, as the deadline by which Governmental Units must file a Proof of Claim in respect of a prepetition claim against the Debtors (the "<u>Governmental Bar Date</u>");

iv. **The later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 4:00 p.m. (prevailing Eastern Time) on the date this is 21 days from which the Debtors provide notice of an amendment or supplement to the Schedules** as the deadline by which claimants holding claims affected by such amendment or supplement must file a Proof of Claim with respect to such claim (the "<u>Amended Schedules Bar Date</u>"); and

v. **The later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 4:00 p.m. (prevailing Eastern Time) on the date this is 21 days following service of an order authorizing the rejection of an executory contract or unexpired lease** as the deadline by which claimants asserting claims resulting from the Debtors' rejection[3] of an executory contract or unexpired lease must file a Proof of Claim with respect to such claim (the "<u>Rejection Damages Bar Date</u>," and together with the General Bar Date, the Amended Schedules Bar Date, and the Governmental Bar Date, the "<u>Bar Dates</u>")

You may be a creditor of the Debtors.

**If you have questions concerning the filing or processing of Proofs of Claim, you may contact the Stretto, Inc., Debtors' Claims Agent, Stretto, at (888) 533-4753 (toll free in the U.S.) or +1 (303) 536-6996 (International callers), or PrimeCoreInquiries@stretto.com.  Neither the staff of the Clerk of the Court (the "Clerk"), the Office of the U.S. Trustee, nor Stretto can provide you with legal advice.**

## INSTRUCTIONS

### 1.      WHO MUST FILE A PROOF OF CLAIM

Except as otherwise set forth herein, the following entities holding claims against the Debtor arising prior to the Petition Date MUST file Proofs of Claim on or before the applicable Bar Date:

(a)   any person or entity whose claim against the Debtors is not listed in the Debtors' Schedules, or is listed as "contingent," "unliquidated," or "disputed," if such entity desires to participate in these Chapter 11 Cases or share in any distribution in these Chapter 11 Cases;

(b)   any person or entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a different classification or amount other than that identified in the Schedules; and

(c)   any person or entity that believes that its claim against the Debtors is or may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

---

[3]     For the avoidance of doubt, a party to an executory contract or unexpired lease who asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a Proof of Claim for such amounts on or before the General Bar Date, the Governmental Bar Date, or the Amended Schedules Bar Date, as applicable, unless an exception identified in this Notice applies.

2.      **WHO NEED NOT FILE A PROOF OF CLAIM**

Proofs of claim need not be filed on or prior to the Bar Dates as to the following types of claims:

(a)   any claim that is listed in the Debtors' Schedules (i) that is not listed as "contingent," "unliquidated," or "disputed," and (ii) the claimant does not disagree with the amount, nature, and priority as set forth in the Schedules;

(b)   any claim as which the holder has already filed a Proof of Claim against the Debtors' estates in a form substantially similar to the Proof of Claim Form (Official Bankruptcy Form 410);[4]

(c)   any claim that has been paid in full by the Debtors;

(d)   any claim for which different specific deadlines have previously been fixed by this Court;

(e)   any claim held by one Debtor against another Debtor;

(f)   any claim that asserts an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred units, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; *provided, however*, that, if any holder asserts such a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), such holder must file a Proof of Claim on or before the applicable Bar Date pursuant to the Procedures;

(g)   any claim previously allowed or paid pursuant to an order of the Court; or

(h)   any claim held by a person or entity that is not required to file a Proof of Claim pursuant to an order of this Court.

**The fact that you have received this Notice does not mean that you have claim or that the Debtors or the Court believe that you have a claim against the Debtors. You should not file a Proof of Claim if you do not have a claim against the Debtors.**

3.      **INSTRUCTIONS FOR FILING PROOFS OF CLAIM**

Except as otherwise set forth herein, each entity that asserts a claim against the Debtor that arose before the Petition Date MUST file a Proof of Claim.

**The following procedures with respect to preparing and filing of Proofs of Claim will apply:**

(a)   Proofs of Claim must substantially conform to the Proof of Claim Form;

(b)   Proofs of Claim must (i) be written in the English language; (ii) be denominated in lawful currency of the United States (using the exchange rate, if applicable, as of the Petition Date), or, if based on cryptocurrency, in the type and number of units of such cryptocurrency; (iii) specify by name and case number the Debtors' Chapter 11 Case; (iv) set forth with specificity the legal and factual basis for the alleged claim; (v) include supporting documentation for the

---

[4]      The Proof of Claim Form can be found at https://cases.stretto.com/primetrust or by emailing your request to PrimeCoreInquiries@stretto.com.

claim or an explanation as to why such documentation is not available; and (vi) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant under penalty of perjury;

(c) Proofs of Claim must be filed (i) electronically through the Claim Agent's website for these Chapter 11 Cases (https://cases.stretto.com/primetrust) by following instructions for filing proofs of claims electronically; (ii) by delivering the original Proof of Claim by regular mail, overnight delivery, courier, or hand delivery to

> **Prime Core Technologies Inc.,** *et al.*
> **Claims Processing Center**
> **c/o Stretto, Inc.**
> **410 Exchange, Suite 100**
> **Irvine, CA 92602**

(d) A Proof of Claim shall be deemed timely filed only if it **is actually received** by the Claims Agent as set forth in subparagraph (c) above, in each case, on or before the applicable Bar Date; and

(e) Proofs of Claim **will not** be accepted if submitted by facsimile, telecopy, or electronic mail transmission.

Do **not** file your Proof of Claim Form with the Clerk.

**4.      CONSEQUENCES OF FAILURE TO TIMELY FILE PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

**PURSUANT TO THE BAR DATE ORDER AND BANKRUPTCY RULE 3003(C)(2), ABSENT FURTHER ORDER OF THE COURT, ANY PERSON OR ENTITY THAT IS REQUIRED TO FILE A PROOF OF CLAIM FORM IN THE FORM AND MANNER SPECIFIED IN THE BAR DATE ORDER AND THAT FAILS TO DO SO ON OR BEFORE THE APPLICABLE BAR DATE: (I) SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, THEIR ESTATES, OR THE PROPERTY OF THE ESTATES; (II) SHALL NOT, WITH RESPECT TO SUCH CLAIM, BE TREATED AS A CREDITOR OF THE DEBTORS FOR THE PURPOSE OF VOTING UPON ANY PLAN IN THESE PROCEEDINGS; AND (III) SHALL NOT RECEIVE OR BE ENTITLED TO RECEIVE ANY PAYMENT OR DISTRIBUTION OF PROPERTY FROM THE DEBTORS OR THEIR SUCCESSORS OR ASSIGNS WITH RESPECT TO SUCH CLAIM.**

**5.       THE DEBTORS' SCHEDULES, ACCESS THERETO, AND CONSEQUENCES OF AMENDMENT THEREOF**

You may be listed as the holder of a claim against the Debtor in the Debtors' Schedules of Assets and Liabilities (the "Schedules"). If you agree with the nature, amount, and status of your claim as listed in the Debtor's Schedules and if your claim is not listed in the Schedules as "disputed," "contingent," or "unliquidated," you need not file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the Bar Date in accordance with the procedures set forth in this Notice. Copies of the Schedules may be examined by interested parties on the Court's electronic docket for the Debtor's chapter 11 case, which is posted (i) free of charge at the website established by Stretto for the Debtors' cases at https://cases.stretto.com/primetrust, and (ii) for a fee on the Court's website at https://www.deb.uscourts.gov/. (A login and password to the Court's Public Access to Electronic Court

Records are required to access the information on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Copies of the Schedules also may be examined between the hours of 8:00 a.m. and 5:00 p.m. (Eastern Time) Monday through Friday at the Office of the Clerk of the Bankruptcy Court, 824 North Market Street, 3rd Floor, Wilmington, DE 19801. Copies of the Debtors' Schedules also may be obtained by written request to the Debtors' Claims Agent, Stretto, at the address and telephone number set forth below:

> **Prime Core Technologies Inc.,** *et al.*
> **Claims Processing Center**
> **c/o Stretto, Inc.**
> **410 Exchange, Suite 100**
> **Irvine, CA 92602**
> **(888) 533-4753 (toll free)**
> **+1 (303) 536-6996 (international)**

In the event that the Debtors amend or supplement their Schedules subsequent to the entry of the Bar Date Order, the Debtors shall give notice of any amendment or supplement to the holders of claims affected by such amendment or supplement, and such holders must file a Proof of Claim by the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, and (b) 4:00 p.m. (prevailing Eastern Time) on the date that is 21 days from the date on which the Debtors provide notice of an amendment or supplement to the Schedules, and such deadline shall be contained in any notice of such amendment or supplement of the Schedules provided to the holders of claims affected thereby.

**6.      RESERVATION OF RIGHTS**

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

---

**A holder of a possible claim against the Debtors should consult an attorney if such holder has any questions regarding this Notice, including whether the holder should file a Proof of Claim.**

---

Dated: [•], 2023                                                  **BY ORDER OF THE COURT**
        Wilmington, Delaware

| MCDERMOTT WILL & EMERY LLP | | |
|---|---|---|
| Maris J. Kandestin (No. 5294) | Darren Azman | Gregg Steinman |
| 1000 N. West Street, Suite 1400 | Joseph B. Evans | 333 SE 2nd Avenue, Suite 5400 |
| Wilmington, Delaware 19801 | One Vanderbilt Avenue | Miami, Florida 33131 |
| Telephone: (302) 485-3900 | New York, New York 10017-3852 | Telephone: (305) 358-3500 |
| Facsimile: (302) 351-8711 | Telephone: (212) 547-5400 | Facsimile: (305) 347-6500 |
| Email: mkandestin@mwe.com | Facsimile: (646) 547-5444 | Email: gsteinman@mwe.com |
| | Email: dazman@mwe.com | |
| | jbevans@mwe.com | |
| *Proposed Counsel to the Debtors and Debtors in Possession* | | |

## **Exhibit 3**

**Administrative Expense Claims Bar Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |

**NOTICE OF BAR DATES FOR ADMINISTRATIVE EXPENSE CLAIMS**

**TO: ALL PERSONS OR ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF THE
FOLLOWING DEBTOR ENTITIES:**

| DEBTOR | CASE NO. |
|---|---|
| Prime Core Technologies Inc. | 23-16111 (JKS) |
| Prime Trust, LLC | 23-11162 (JKS) |
| Prime IRA LLC | 23-11164 (JKS) |
| Prime Digital, LLC | 23-11168 (JKS) |

On August 14, 2023 (the "Petition Date"), the above-listed debtor entities (the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court"). On [•], 2023, the Court entered an order [Docket No. [•]] (the "Bar Date Order")[2] establishing [•] as the last date and time for each person to file an administrative expense claim based on claims against the Debtors arising under Bankruptcy Code sections 363, 364(c)(1), 365, or 503(b) (the "Administrative Expense Claims Bar Date") in respect of any postpetition claim (as defined in Bankruptcy Code section 101(5)) arising between August 14, 2023 and September 15, 2023 against the Debtors.

The Administrative Claims Expense Bar Date and the procedures set forth below for filing an Administrative Expense Claim (the "Procedures") apply to all claims against the Debtors that arose or accrued after August 14, 2023 (the "Petition Date"), through and including the date of this notice. The Administrative Expense Claims Bar Date applies to all such Administrative Expense Claims whether or not such Administrative Expense Claims continue to accrue after the date of this notice.

Under Bankruptcy Code section 101(5) and as used in this notice, the word "claim" means a right to (a) a payment, whether such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

---

[1]   The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

[2]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Bar Date Order.

1.    **WHAT IS AN ADMINISTRATIVE EXPENSE CLAIM**

As used herein, the term "Administrative Expense Claim" means a claim allowable under Bankruptcy Code sections 503(b) and/or 507(a) from the Petition Date arising between August 14, 2023 and September 15, 2023, including claims asserted under section 503(b)(9), *provided, however*, that such Administrative Expense Claims shall not include claims for the fees and expenses of professionals retained in these Chapter 11 Cases or professionals requesting compensation pursuant to sections 326, 327, 328, 330, 331, 363, and 503(b) of the Bankruptcy Code.

2.    **WHAT TO FILE**

A creditor may seek payment of an Administrative Expense Claim only through either a written application or a written motion filed with the Court.

IF YOU ARE ASSERTING AN ADMINISTRATIVE EXPENSE CLAIM AGAINST MORE THAN ONE DEBTOR, SEPARATE APPLICATIONS OR MOTIONS MUST BE FILED AGAINST EACH SUCH DEBTOR.  A LIST OF THE NAMES OF THE DEBTORS AND THEIR CASE NUMBERS IS SET FORTH ABOVE.

3.    **WHEN AND WHERE TO FILE**

Any Administrative Expense Claim must be filed with the Court and delivered by first-class mail, overnight delivery, or hand delivery to Debtors' counsel at the appropriate addresses below, so as to be received on or before the Administrative Expense Claims Bar Date:

(a)    McDermott Will & Emery LLP
c/o Maris J. Kandestin
1000 N. West Street, Suite 1400
Wilmington, DE 19801;

(b)    McDermott Will & Emery LLP
c/o Darren Azman and Joseph B. Evans
One Vanderbilt Avenue
New York, NY 10017; and

(c)    McDermott Will & Emery LLP
c/o Gregg Steinman
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131

4.    **WHO NEED NOT FILE AN ADMINISTRATIVE EXPENSE CLAIM**

You do not need to file an Administrative Expense Claim on or before the Administrative Expense Claims Bar Date if you are:

(a)    a person or entity that has already filed an Administrative Expense Claim against the Debtors;

(b)    a person whose claim has been paid in full;

(c)    a holder of a claim that heretofore has been allowed by an order of the Court;

(d)  a holder of a claim for which a separate deadline to file a Proof of Claim has been fixed by the Court;

(e)  a person that has already filed a Proof of Claim against the Debtors in these Chapter 11 Cases in a form substantially similar to Official Bankruptcy Form 410; or

(f)  a professional retained under the Bankruptcy Code.

This notice may be sent to many persons that have had some relationship with or have done some business with the Debtors, but that may not have an administrative expense claim against the Debtors. The fact that you have received this notice does not mean that you have an administrative expense claim against the Debtors or that the Court or the Debtors believe that you have an administrative expense claim against the Debtors.

**5.    CONSEQUENCES OF FAILURE TO TIMELY FILE AN ADMINISTRATIVE EXPENSE CLAIM BY THE ADMINISTRATIVE EXPENSE CLAIMS BAR DATE**

**ANY HOLDER OF AN ADMINISTRATIVE EXPENSE CLAIM THAT FAILS TO TIMELY FILE AN APPLICATION OR MOTION FOR THE ALLOWANCE OF AN ADMINISTRATIVE EXPENSE CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH ALLEGED CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CHAPTER 11 CASES AND FOR PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH ALLEGED CLAIM.**

**6.    RESERVATION OF RIGHTS**

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

**A holder of a possible claim against the Debtors should consult an attorney if such holder has any questions regarding this Notice, including whether the holder should file a Proof of Claim.**

Dated: [•], 2023                              **BY ORDER OF THE COURT**
    Wilmington, Delaware

| MCDERMOTT WILL & EMERY LLP | | |
|---|---|---|
| Maris J. Kandestin (No. 5294) | Darren Azman | Gregg Steinman |
| 1000 N. West Street, Suite 1400 | Joseph B. Evans | 333 SE 2nd Avenue, Suite 5400 |
| Wilmington, Delaware 19801 | One Vanderbilt Avenue | Miami, Florida 33131 |
| Telephone: (302) 485-3900 | New York, New York 10017-3852 | Telephone: (305) 358-3500 |
| Facsimile: (302) 351-8711 | Telephone: (212) 547-5400 | Facsimile: (305) 347-6500 |
| Email: mkandestin@mwe.com | Facsimile: (646) 547-5444 | Email: gsteinman@mwe.com |
| | Email: dazman@mwe.com | |
| | jbevans@mwe.com | |
| *Proposed Counsel to the Debtors and Debtors in Possession* | | |

**<u>Exhibit 4</u>**

**Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |

## NOTICE OF BAR DATES FOR FILING PROOFS OF CLAIM

**PLEASE TAKE NOTICE THAT:**

**TO: ALL PERSONS OR ENTITLES WHO MAY HAVE CLAIMS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES:**

| DEBTOR | CASE NO. |
|---|---|
| Prime Core Technologies Inc. | 23-16111 (JKS) |
| Prime Trust, LLC | 23-11162 (JKS) |
| Prime IRA LLC | 23-11164 (JKS) |
| Prime Digital, LLC | 23-11168 (JKS) |

On August 14, 2023 (the "Petition Date"), the above-listed debtor entities (the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court"). On [•], 2023, the Court entered an order [Docket No. [•]] (the "Bar Date Order")[2] establishing the following Bar Dates:

i.   **4:00 p.m. (prevailing Eastern Time) on the date that is 21 calendar days following the Debtors' filing of their Schedules** as the deadline by which each person or entity (including individuals, partnerships, corporations, joint ventures, and trusts, but not including governmental units (as defined in section 101(27) of the Bankruptcy Code, "Governmental Units")) must file a proof of claim (each, a "Proof of Claim") in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtor (the "General Bar Date");

ii.  **4:00 p.m. (prevailing Eastern Time) on the date that is 30 calendar days following entry of the Bar Date Order** shall be the deadline by which claimants asserting an administrative expense claim arising between August 14, 2023 and September 15, 2023, pursuant to sections 503(b) or 507(a) of the Bankruptcy Code (an "Administrative Expense Claim") must file an Administrative Expense Claim with the Court (the "Administrative Expense Claims Bar Date")."

---

[1]   The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

[2]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Bar Date Order.

iii.  **February 10, 2024 at 4:00 p.m. (prevailing Eastern Time)**, as the deadline by which Governmental Units must file a Proof of Claim in respect of a prepetition claim against the Debtors (the "Governmental Bar Date");

iv.  **The later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 4:00 p.m. (prevailing Eastern Time) on the date this is 21 days from which the Debtors provide notice of an amendment or supplement to the Schedules** as the deadline by which claimants holding claims affected by such amendment or supplement must file a Proof of Claim with respect to such claim (the "Amended Schedules Bar Date"); and

v.  **The later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 4:00 p.m. (prevailing Eastern Time) on the date this is 21 days following service of an order authorizing the rejection of an executory contract or unexpired lease** as the deadline by which claimants asserting claims resulting from the Debtors' rejection[3] of an executory contract or unexpired lease must file a Proof of Claim with respect to such claim (the "Rejection Damages Bar Date," and together with the General Bar Date, the Amended Schedules Bar Date, and the Governmental Bar Date, the "Bar Dates").

You may be a creditor of the Debtors.

**If you have questions concerning the filing or processing of Proofs of Claim, you may contact the Stretto, Inc., Debtors' Claims Agent, Stretto, at (888) 533-4753 (toll free in the U.S.) or +1 (303) 536-6996 (International callers), or PrimeCoreInquiries@stretto.com.  Neither the staff of the Clerk of the Court (the "Clerk"), the Office of the U.S. Trustee, nor Stretto can provide you with legal advice.**

All Proofs of Claim must (i) be written in the English language; (ii) be denominated in lawful currency of the United States (using the exchange rate, if applicable, as of the Petition Date), or, if based on cryptocurrency, in the type and number of units of such cryptocurrency; (iii) specify by name and case number the Debtors' Chapter 11 Case; (iv) set forth with specificity the legal and factual basis for the alleged claim; (v) include supporting documentation for the claim or an explanation as to why such documentation is not available; and (vi) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant under penalty of perjury.

Proofs of Claim must be filed (i) electronically through the Claim Agent's website for these Chapter 11 Cases (https://cases.stretto.com/primetrust) by following instructions for filing proofs of claims electronically; (ii) by delivering the original Proof of Claim by regular mail, overnight delivery, courier, or hand delivery to **Prime Core Technologies Inc.,** *et al.,* **Claims Processing Center, c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602**.

A Proof of Claim shall be deemed timely filed only if it **is actually received** by the Claims Agent as set forth in subparagraph (c) above, in each case, on or before the applicable Bar Date.  Proofs of Claim **will not** be accepted if submitted by facsimile, telecopy, or electronic mail transmission. Do **not** file your Proof of Claim Form (Official Bankruptcy Form 410) with the Clerk.

---

[3]  For the avoidance of doubt, a party to an executory contract or unexpired lease who asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a Proof of Claim for such amounts on or before the General Bar Date, the Governmental Bar Date, or the Amended Schedules Bar Date, as applicable, unless an exception identified in this Notice applies.

Proof of Claim Forms must be delivered to Stretto, so that such forms are **actually received** by Stretto by the applicable Bar Date, at the following addresses:

**Absent further order of the Court, any person or entity that is required to file a Proof of Claim Form in the form and manner specified in the Bar Date Order and that fails to do so on or before the applicable Bar Date: (i) shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors, their estates, or the property of the estates; (ii) shall not, with respect to such claim, be treated as a creditor of the Debtors for the purpose of voting upon any plan in these proceedings; and (iii) shall not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim.**

**Questions concerning this Notice should be directed to Stretto at (888) 533-4753 (toll free in the U.S.) or +1 (303) 536-6996 (International callers), or PrimeCoreInquiries@stretto.com. Please note that Stretto's staff is not permitted to give legal advice.**

**A holder of a possible claim against the Debtors should consult an attorney if such holder has any questions regarding this Notice, including whether the holder should file a Proof of Claim.**

Dated: [•], 2023                                          **BY ORDER OF THE COURT**
         Wilmington, Delaware

| MCDERMOTT WILL & EMERY LLP | | |
|---|---|---|
| Maris J. Kandestin (No. 5294) 1000 N. West Street, Suite 1400 Wilmington, Delaware 19801 Telephone: (302) 485-3900 Facsimile: (302) 351-8711 Email: mkandestin@mwe.com | Darren Azman Joseph B. Evans One Vanderbilt Avenue New York, New York 10017-3852 Telephone: (212) 547-5400 Facsimile: (646) 547-5444 Email: dazman@mwe.com             jbevans@mwe.com | Gregg Steinman 333 SE 2nd Avenue, Suite 5400 Miami, Florida 33131 Telephone: (305) 358-3500 Facsimile: (305) 347-6500 Email: gsteinman@mwe.com |
| *Proposed Counsel to the Debtors and Debtors in Possession* | | |

4