# **EXHIBIT A**

**Revised Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Prime Core Technologies Inc., *et al.*,[1]<br><br>                                       Debtors. | Chapter 11<br><br>Case No. 23-11161 (JKS)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 19 & 34** |

**FINAL ORDER (I) AUTHORIZING DEBTORS TO (A) PAY PREPETITION WAGES AND (B) PAY EXPENSES ARISING UNDER EMPLOYEE BENEFITS PROGRAMS AND PAY RELATED ADMINISTRATIVE OBLIGATIONS, (II) AUTHORIZING BANKS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for entry of an Interim order and this final order (this "Order") (a) authorizing the debtors to (i) pay Prepetition Employee Obligations and related expenses arising under or related to Employee Benefits Programs and (ii) continue their Employee Benefits Programs in effect as of the date hereof (and as may be amended, renewed, replaced, modified, revised, supplemented, and/or terminated from time to time in the ordinary course of business) and pay related administrative obligations, (b) authorizing Banks to honor and process related checks and electronic transfers, and (c) granting related relief all as more fully set forth in the Motion; and upon consideration of the First Day Declaration and the Interim Order entered on August 25, 2023; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the matter

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are:  Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is **HEREBY ORDERED THAT**

    1.    The Motion is **GRANTED** on a final basis as set forth herein.

    2.    Upon entry of this Order, the Debtors are authorized, but not directed, to pay and/or honor (including to any third parties that provide or aid in the monitoring, processing or administration of the Prepetition Employee Obligations), in their sole discretion, the Prepetition Employee Obligations up to $639,600.00 on a final basis as set forth in the chart below; *provided*, *however*, that notwithstanding any other provision of this Order, no payments to any Employee shall exceed the amounts set forth in Bankruptcy Code sections 507(a)(4) and 507(a)(5).

| RELIEF SOUGHT | INTERIM AMOUNT | FINAL AMOUNT |
| --- | --- | --- |
| **Compensation, Payroll, and Expenses** | | |
| Unpaid Wages | -- | -- |
| Unpaid Independent Contractor Obligations | $80,000.00 | $150,000.00 |
| Unpaid Director Compensation | -- | -- |
| Employee Withholdings | $55,000.00 | $90,000.00 |
| Severance Payments | $1,000.00 | $1,000.00 |
| Payroll Costs | $5,000.00 | $8,000.00 |
| Employee Expenses | $15,000.00 | $15,000.00 |

| | | |
|---|---|---|
| **Total Compensation, Payroll, and Expenses:** | $156,000.00 | $264,000.00 |
| **Employee Benefits** | | |
| Health Care Benefits | $10,000.00 | $10,000.00 |
| Furlough Expenses | -- | $360,000.00 |
| Workers' Compensation Program | $600.00 | $600.00 |
| Retirement Plans | $1,000.00 | $5,000.00 |
| Paid and Unpaid Leave | -- | -- |
| **Total Employee Benefits:** | $11,600.00 | $375,600.00 |
| **Overall Total:** | $167,600.00 | $639,600.00 |

3. Subject to paragraph 2 of this Order, the Debtors are authorized, but not directed, in their sole discretion, to honor and continue the Employee Benefits Programs that were in effect as of the Petition Date; *provided*, *however*, that such relief shall not constitute or be deemed an assumption or an authorization to assume any of such Employee Benefits Programs under Bankruptcy Code section 365(a).

4. The Debtors are authorized, but not directed, in their sole discretion, to continue the Workers' Compensation Program and make any payments related thereto, including payment of any fees associated with the Workers' Compensation Program and any workers' compensation claim amounts, to the extent that the Debtors determine, in their sole discretion, that such actions are in the best interests of their estates.

5. The Debtors are authorized, but not directed, in their sole discretion, to (a) continue utilizing third parties in connection with the Employee Benefits Programs as described in the Motion and to pay or caused to be paid such claims as and when such obligations are due and (b) pay prepetition amounts owing in the ordinary course of business to third parties in connection with the Employee Benefits Programs; *provided*, *however*, that the Debtors shall seek

court approval, upon a motion on notice, of any modification that would implicate any portion of Bankruptcy Code section 503(c).

6. The Debtors are authorized to forward any unpaid amounts on account of Employee Withholdings to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' prepetition practices and policies.

7. The banks and financial institutions on which checks were drawn or electronic payment requests made for payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

8. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of the Chapter 11 Cases with respect to the relief granted herein.

9. Nothing in the Motion or this Order or the relief granted (including any actions taken or payments made by the Debtors pursuant thereto) shall be construed as (a) authority to assume or reject any executory contract or unexpired lease of real property, or as a request for the same; (b) an admission as to the validity, priority, or character of any claim or other asserted right or obligation, or a waiver or other limitation on the Debtors' ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (c) a promise or requirement to pay any claim or other obligation; or (d) granting third-party-beneficiary status,

bestowing any additional rights on any third party, or being otherwise enforceable by any third party.

10. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested in the Motion is necessary to avoid immediate and irreparable harm.

11. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

12. The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and such notice satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

14. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof and notice of the Motion as provided therein shall be deemed good and sufficient pursuant to the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

15. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.