## EXHIBIT A

**Revised Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Prime Core Technologies Inc., *et al.*,[1]<br><br>                                 Debtors. | Chapter 11<br><br>Case No. 23-11161 (JKS)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 15 & 39** |

**ORDER (I) AUTHORIZING DEBTORS TO FILE
A CONSOLIDATED CREDITOR MATRIX AND TOP 50 CREDITORS LIST;
(II) AUTHORIZING REDACTION OF CERTAIN PERSONALLY IDENTIFIABLE
INFORMATION; (III) AUTHORIZING THE DEBTORS TO SERVE CERTAIN
PARTIES BY ELECTRONIC MAIL; (IV) APPROVING CERTAIN NOTICE
PROCEDURES; AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (this "Order") (a) authorizing the Debtors to file a consolidated matrix and list of their top 50 creditors on a consolidated basis, (b) authorizing the Debtors to redact certain personally identifiable information from all filings on this Court's public docket, (c) authorizing the Debtors to serve certain parties by electronic mail, (d) approving certain notice procedures, and (e) granted related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and *the Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is **HEREBY ORDERED THAT**

1. The Motion is **GRANTED** as set forth herein.

2. The requirements of Local Rule 1007-2(a) and Local Rule 2002-1(f)(v) that separate mailing matrices be submitted for each Debtor are waived and the Debtors are authorized to submit a Consolidated Creditor Matrix; *provided*, *however*, that if any of the Chapter 11 Cases convert to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor shall file and provide its own separate creditor mailing matrix.

3. The Debtors shall serve the Notice of Commencement via e-mail on (a) customers that (i) have not designated a mailing address under Bankruptcy Rule 2002(g)(1) or 5003(e), (ii) have not expressly requested to be served hard copies by mail, and (iii) have a valid e-mail address on file with the Debtors; and (b) non-customer individual creditors that (i) have not designated a mailing address under Bankruptcy Rule 2002(g)(1) or Rule 5003(e), (ii) have not expressly requested to be served hard copies by mail, and (iii) have a valid e-mail address on file with the debtors, but no physical address information. The Debtors shall serve all other creditors via regular mail. The Debtors shall also publish the Notice of Commencement as soon as reasonably practicable on the website maintained by the Clams and Noticing Agent.

4. The service requirements of Bankruptcy Rule 2002(g) hereby are modified to

permit e-mail service to (a) customers that (i) have not designated a mailing address under Bankruptcy Rule 2002(g)(1) or 5003(e); (ii) have not expressly requested to be served hard copies by mail, and (iii) have a valid e-mail address on file with the Debtors; and (b) non-customer creditors that (i) have not designated a mailing address under Bankruptcy Rule 2002(g)(l) or 5003(e); (ii) have not expressly requested to be served hard copies by mail and (iii) have a valid e-mail address on file with the Debtors, but no physical address information.

5. Notwithstanding paragraphs 3 and 4 of this Final Order, to the extent that an e-mail address is returned as undeliverable and the Debtors are unable to locate an alternative, working e-mail address, the Debtors shall serve such parties at the physical mailing address that the Debtors have on file, if any, by first-class mail, overnight courier, or hand delivery, as appropriate.

6. The Debtors are authorized to redact the names, addresses and e-mail addresses of their customers from any Public Filings; *provided, however*, that the Debtors shall not redact the foregoing information of their non-individual trade creditors or large, institutional aggregator customers (collectively, the "Exempted Creditors").

7. Notwithstanding anything to the contrary in the order relating to the appointment of the Claims and Noticing Agent, or any Local Rules or Bankruptcy Rules, the Claims and Noticing Agent is authorized to (a) suppress from the Claims Register the names, addresses, and e-mail addresses of the Debtors' non-Exempted Creditors, and (b) file affidavits of service without disclosing the names, addresses, or e-mail addresses of the Debtors' Non-Exempted Creditors.

8. The Debtors shall provide unredacted copies of all Public Filings that include redactions made pursuant to this Order upon request to (a) the U.S. Trustee, counsel to the

Committee, counsel to the U.S. Securities and Exchange Commission, and any trustee or examiner, and (b) upon further order of the Court, any other party.

9. To the extent a party in interest files a document on the docket in these Chapter 11 Cases that is required to be served on creditors whose information is under seal pursuant to this Order, such party in interest should contact counsel for the Debtors who shall work in good faith, with the assistance of their Claims and Noticing Agent, to effectuate the service on such party's behalf.

10. Notwithstanding the above, the Debtors shall file any Public Filings without redacting the name, address, e-mail address, or phone number of any creditor who has been appointed by the U.S. Trustee to the Committee. For the avoidance of doubt, the U.S. Trustee may provide the name, address, e-mail address or phone number of any creditor sitting on the Committee in any pleadings filed in these Chapter 11 Cases without redaction.

11. A status conference with respect to the Motion and this Final Order shall take place on December 19, 2023 at 10:00 a.m. (prevailing Eastern Time).

12. Nothing in this Order prohibits any customer, creditor, or equity holder from voluntarily identifying itself in connection with these Chapter 11 Cases, or voluntarily disclosing any of their contact information. In addition, nothing in this Order exempts any customer, creditor, or equity holder from compliance with Bankruptcy Rule 2019.

13. The Debtors are authorized, but not directed, to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

14. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.