**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Prime Core Technologies Inc., *et al.*,[1]<br><br>                              Debtors. | Chapter 11<br><br>Case No. 23-11161 (JKS)<br><br>(Jointly Administered)<br><br>Re: Docket Nos.: 20, 42 & 165 |

**FINAL ORDER (I) AUTHORIZING DEBTORS TO (A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT SYSTEM, AND (B) MAINTAIN EXISTING BANK ACCOUNTS AND BUSINESS FORMS AND HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO; (II) AUTHORIZING THE DEBTORS TO (A) CONTINUE TO PERFORM INTERCOMPANY TRANSACTIONS AND (B) GRANTING ADMINISTRATIVE EXPENSE STATUS FOR POSTPETITION INTERCOMPANY CLAIMS; (III) EXTENDING THE TIME FOR THE DEBTORS TO COMPLY WITH REQUIREMENTS SET FORTH IN 11 U.S.C. § 345(b); AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for entry of an interim and final order (the "Order") (a) authorizing, but not directing, the Debtors, in their sole discretion, to (i) continue to operate their existing Cash Management System; and (ii) maintain existing bank accounts and business forms and honor certain prepetition obligations related thereto, including payment of the Bank Claims; (b) authorizing, but not directing, the Debtors to (i) continue to engage in Intercompany Transactions through their existing Cash Management System consistent with historical practice and (ii) grant administrative expense status for postpetition Intercompany Claims; (c) extending the time for the Debtors to comply with the deposit and

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

investment requirements set forth by Bankruptcy Code section 345(b), to the extent necessary; and (d) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration and the *Interim Order (I) Authorizing Debtors to (A) Continue to Operate Their Cash Management System, and (B) Maintain Existing Bank Accounts and Business Forms and Honor Certain Prepetition Obligations Related Thereto; (II) Authorizing the Debtors to (A) Continue to Perform Intercompany Transactions and (B) Granting Administrative Expense Status for Postpetition Intercompany Claim; (III) Extending the Time for the Debtors to Comply With Requirements Set Forth in 11 U.S.C. § 345(b)*; and (IV) Granting Related Relief, entered on August 25, 2023 [Docket No. 42]; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the matter being core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby it is **HEREBY ORDERED THAT**

    1.      The Motion is **GRANTED** on a final basis as set forth herein.

    2.      The Debtors are authorized, but not directed to: (a) maintain and continue operating the Cash Management System and honor any prepetition obligations related thereto; (b) designate, maintain, and continue to use any or all of their existing Bank Accounts as

identified on **Exhibit 1** hereto, in the names and with the account numbers existing immediately before the Petition Date; (c) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, wire transfers, and other debits; (d) treat their prepetition Bank Accounts for all purposes as debtor in possession accounts; (e) open new debtor in possession bank accounts or close existing accounts, *provided* that (i) any new account is with a bank that has executed (or is willing to execute) a Uniform Depository Agreement ("UDA") with the U.S. Trustee, and (ii) the Debtors provide five business days' advance notice to the U.S. Trustee and any statutory committee(s) appointed in the Chapter 11 Cases of the opening or closing of an account, and *provided further* that any account opened by any of the Debtors on or after the Petition Date at any Bank shall, for purposes of this Final Order, be deemed a Bank Account as if it had been listed on **Exhibit 1** hereto and entitled to the relief granted herein; and (f) pay the Bank Fees and Bank Claims (including any prepetition amounts); *provided further* that the Debtors' prepetition obligations related to the Cash Management System shall not exceed $16,000.00 in the aggregate on a final basis (the "Final Cap").

3.     The Debtors are further authorized, but not directed, to continue to use, in their present form, all Business Forms as well as pre-printed checks and other documents related to the Bank Accounts existing immediately before the Petition Date without alteration and without the designation "Debtors in Possession" imprinted upon them; *provided*, *however*, that once the Debtors' existing check stock has been used, the Debtors shall use reasonable efforts, when reordering checks, to include the designation "Debtors in Possession" and the jointly administered bankruptcy case number on such checks; *provided, further,* that, with respect to checks which the Debtors print themselves, the Debtors shall include the designation "Debtors in

Possession" and the jointly administered bankruptcy case number on such checks within ten business days of entry of this Final Order.

4. The Debtors are further authorized, but not directed, to maintain and use the Bank Accounts in the same manner and with the same account numbers, styles, and document forms as those employed prior to the Petition Date, including, without limitation: (a) to deposit funds in, and withdraw funds from, the Bank Accounts by all usual means, including checks, wire transfers, ACH transfers, drafts, electronic fund transfers, and other debits or items presented, issued, or drawn on the Bank Accounts, (b) to pay ordinary course Bank Claims in connection with the Bank Accounts, including any Bank Claims arising prior to the Petition Date, and (c) to perform their obligations under the documents and agreements governing the Bank Accounts, including without limitation, any prepetition Cash Management System agreements or treasury services agreements, in each case subject to the terms of each applicable deposit account control agreement.

5. Subject to Paragraph 8 and the Final Cap in all respects, BMO Bank N.A. is authorized to "charge back", offset, expense, deduct, or debit the Debtors' Bank Accounts at BMO Bank N.A. in the ordinary course of business and without further order of the Court on account of (a) all checks drawn on the Debtors' Bank Accounts that were cashed at BMO Bank N.A.'s counters or exchanged for cashier's or official checks by the payees thereof prior to the Petition Date; (b) all Bank Fees, Bank and Processor Charges, costs and amounts incurred by BMO Bank N.A. resulting from the Cash Management System; (c) returned checks or other returned items, including, but not limited to, dishonored checks, wire transfers, drafts, ACH Payments (credits or debits) or other electronic funds transfers; (d) debits and any and all obligations, chargebacks, returns, liabilities, costs, charges, or expenses incurred by BMO Bank

N.A. that result from ordinary course transactions under the Cash Management System; and (e) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to BMO Bank N.A. as to service charges for the maintenance of the Cash Management System. Notwithstanding anything set forth in this Final Order to the contrary, nothing in this Final Order shall be construed as granting BMO Bank N.A. (x) authority to automatically debit its attorneys' fees from the Debtors' Bank Accounts, or (y) an allowed administrative priority or superpriority claim under the Bankruptcy Code; *provided* that, the rights of BMO Bank N.A. to assert claims against the Debtors' estates on or before any applicable bar dates established in these Chapter 11 Cases are expressly preserved.

6. The U.S. Trustee Guidelines are hereby modified such that the Debtors are not required to: (a) close all existing bank accounts and open new debtor in possession accounts or (b) establish specific bank accounts for tax payments.

7. The Banks are authorized to debit the Debtors' Bank Accounts in the ordinary course of business and without further order of the Court on account of (a) all checks drawn on the Debtors' accounts that were cashed at the Banks' counters or exchanged for cashier's or official checks by the payees thereof prior to the Petition Date; (b) all Bank Fees and costs in connection with any checks or other items deposited in one of the Debtors' accounts with such Bank prior to the Petition Date, which have been dishonored or returned unpaid for any reason, to the same extent the Debtors were responsible for such items prior to the Petition Date; and (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as to service charges for the maintenance of the Cash Management System. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in

replacement of any checks or fund transfer requests that have been (i) dishonored as a consequence of the Chapter 11 Cases and (ii) authorized by an order of this Court.

8.     Notwithstanding anything to the contrary in this Final Order, the Debtors shall not use or transfer funds, except as otherwise required by Bankruptcy Code section 345, from Customer Accounts to honor any prepetition obligations or pay any postpetition obligations absent further order of the Court. All parties' rights are reserved regarding whether and to what extent any funds or other property are held by a Debtor in trust or constitute property of the Debtors' estates.

9.     The Debtors are authorized, but not directed, to enter into, engage in, and continue to perform under the Intercompany Transactions in the ordinary course of business and in compliance with past practices by and among the Debtors. The Debtors shall maintain accurate, current, and detailed records with respect to all transfers between and disbursements from Bank Accounts, including, but not limited to, all Intercompany Transactions by and among the Debtors, so that they may be readily ascertained, traced, and properly recorded on intercompany accounts.

10.     All Intercompany Claims arising after the Petition Date shall be accorded administrative expense status in accordance with Bankruptcy Code sections 503(b)(1) and 507(a)(2).

11.     Notwithstanding anything to the contrary in this Final Order, the Debtors are not authorized to make Intercompany Transactions with non-Debtor entities.

12.     The existing deposit agreements between the Debtors and the Banks shall continue to govern the postpetition cash management relationship between the Debtors and the Banks and all of the provisions of such agreements, including, without limitation, the termination

and fee provisions, shall remain in full force and effect. Except as otherwise set forth herein, the Debtors and the Banks may, without further order of the Court, agree and implement changes to the Cash Management System and procedures in the ordinary course of business, including the opening and closing of Bank Accounts as permitted by this Final Order.

13. Subject to the terms of this Final Order, and only to the extent sufficient funds are available in each applicable Bank Account, all of the Banks at which the Bank Accounts are maintained are authorized to continue to service and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course, and to receive, process, honor, and pay any and all checks, drafts, credit card payments, election payments, and wire transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be without any duty of further inquiry and without liability for following the Debtors' instructions.

14. Subject to the provisions of this Final Order, the Banks are authorized to and shall rely on the representations of the Debtors as to which disbursements are authorized to be honored or dishonored, whether or not such disbursements are dated, drawn, or issued prior to, on, or subsequent to the Petition Date, and whether or not the Banks believe the payment is authorized by an order of the Court. The Banks shall not be deemed in violation of this Final Order and shall have no liability for relying on such representations by the Debtors or honoring any disbursement that is subject to this Final Order either (a) at the direction of the Debtors to honor such prepetition disbursement, (b) in the good faith belief that this Court has authorized such prepetition disbursement to be honored, or (c) as a result of an innocent mistake made despite implementation of reasonable item-handling procedures. To the extent that the Debtors direct that any disbursement be dishonored or the Banks inadvertently dishonor any

disbursements, the Debtors may issue replacement disbursements consistent with the orders of this Court.

15. The Banks are further authorized to (a) honor the Debtors' directions with respect to the opening or closing of any Bank Account, and (b) accept and hold, or invest, the Debtors' funds in accordance with the Debtors' instructions, and the Banks shall have no liability to any party for relying on such representations or instructions. To the extent any other order is entered by this Court authorizing the Banks to honor checks, drafts, ACH transfers, or other electronic funds transfers or any other withdrawals made, drawn, or issued in payment of prepetition claims, the obligation to honor such items shall be subject to this Final Order.

16. The Debtors are authorized, but not directed, to, subject to the Final Cap: (a) pay undisputed prepetition amounts outstanding as of the Petition Date, if any, owed in the ordinary course to the Banks as service charges for the maintenance of the Cash Management System and (b) reimburse the Banks for any claims arising before or after the Petition Date in connection with checks deposited with the Banks that have been dishonored or returned as a result of insufficient funds in the Bank Accounts in the ordinary course of business, to the same extent the Debtors were responsible for such items prior to the Petition Date.

17. The Debtors shall serve a copy of this Final Order on the Banks as soon as possible, and upon any bank at which the Debtors open a new bank account, immediately upon the opening of such new account.

18. In connection with the ongoing use of their Cash Management System, the Debtors shall continue to maintain records with respect to all transfers of cash so that all transactions may be readily ascertained, traced, recorded properly, and distinguished between prepetition and post-petition transactions. The Debtors and the Banks may agree, without further

order of this Court, to implement any changes to the Cash Management System and procedures in the ordinary course of business and not inconsistent with this Final Order that they deem appropriate in their sole discretion, including, without limitation, closing any of the Bank Accounts or opening new bank accounts as set forth herein.

19. Notwithstanding the Debtors' use of a consolidated cash management system, the Debtors shall calculate quarterly fees payable under 28 U.S.C. § 1930(a)(6) based on the disbursements of (or on behalf of) each Debtor regardless of which entity actually makes such disbursements.

20. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of the Chapter 11 Cases with respect to the relief granted herein.

21. Nothing in the Motion or this Final Order or the relief granted (including any actions taken or payments made by the Debtors pursuant thereto) shall be construed as (a) authority to assume or reject any executory contract or unexpired lease of real property, or as a request for the same; (b) an admission as to the validity, priority, or character of any claim or other asserted right or obligation, or a waiver or other limitation on the Debtors' ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (c) a promise or requirement to pay any claim or other obligation; or (d) granting third-party-beneficiary status, bestowing any additional rights on any third party, or being otherwise enforceable by any third party.

22. Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be effective and enforceable immediately upon entry hereof.

23. The Debtors are authorized to take all actions necessary to implement the relief granted in this Final Order.

24. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.

Dated: September 20th, 2023
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE