**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Prime Core Technologies Inc., *et al.*,[1]<br><br>                      Debtors. | Chapter 11<br><br>Case No. 23-111161 (JKS)<br><br>(Jointly Administered) |

## SCHEDULES OF ASSETS AND LIABILITIES FOR PRIME IRA LLC (CASE NO. 23-11164)

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA, LLC (8436); and Prime Digital LLC (4528). Prime Trust, LLC's service address is 330 South Rampart Blvd., Suite 260, Las Vegas, NV 89145.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Prime Core Technologies Inc. ("Prime Core") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), are filing their respective *Schedules of Assets and Liabilities* (each, a "Schedule" and, collectively, the "Schedules") and Statements of Financial Affairs (each, a "Statement" or "SOFA" and, collectively, the "Statements" or "SOFAs") with the United States Bankruptcy Court for District of Delaware (the "Bankruptcy Court") pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

Timothy Bowman, Chief Financial Officer of the Debtors, has signed each set of Schedules and Statements.  Mr. Bowman has been authorized to sign the Schedules and Statements by the special restructuring committee of the Debtors (the "Special Committee").  In reviewing and signing the Schedules and Statements, Mr. Bowman has necessarily relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' legal and financial advisors. Mr. Bowman has not (and could not have) personally verified the accuracy of each such statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and respective creditor contact information.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made commercially reasonable efforts to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. For the avoidance of doubt, the Debtors hereby reserve all of their rights, including to amend and/or supplement the Schedules and Statements, as may be necessary or appropriate. The Debtors and their agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are:  Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Drive, #03-153, Las Vegas, NV 89135.

completeness of the data that is provided herein and will not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law. In no event will the Debtors or their agents, attorneys, and/or financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages. Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or otherwise assert offsets or defenses to any claim reflected on the Schedules and Statements as to amount, liability, classification, identity of Debtor or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Furthermore, nothing contained in the Schedules, Statements, or the Notes shall constitute a waiver of any of the Debtors' rights or an admission with respect to these Chapter 11 Cases (as defined below), including, but not limited to, liability for any claims, any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts and leases, assumption or rejection of contracts and leases under the provisions of chapter 3 of the Bankruptcy Code, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code, or any other relevant applicable laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements except as may be required by applicable law.

These global notes and statement of limitations, methodology, and disclaimers regarding the Debtors' Schedules and Statements (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements. The Global Notes are in addition to the specific notes set forth below with respect to particular Schedules and Statements (the "Specific Notes" and, together with the Global Notes, the "Notes"). These Notes should be referred to, and referenced in connection with, any review of the Schedules and Statements.

Disclosure in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

2

**The Schedules, Statements, and Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of any of the Debtors.**

## Global Notes and Overview of Methodology

1. **Description of the Chapter 11 Cases**.  On August 14, 2023 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").   The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  On August 25, 2023, the Bankruptcy Court entered an order authorizing the joint administration of the cases pursuant to Bankruptcy Rule 1015(b).  *See* Docket No. 33.  On August 29, 2023, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to Bankruptcy Code section 1102(a)(1) (the "Committee").  *See* Docket Nos. 49 and 51. Except as otherwise noted, the information provided herein is reported as of the close of the Petition Date.  Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases, is set forth in the *Declaration of Jor Law, Interim Chief Executive Officer and President of Prime Core Technologies Inc., et al., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 14].

2. **Reservation of Rights**.  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist. The Debtors reserve all rights to: (i) amend and/or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including the right to amend the Schedules and Statements with respect to the description, designation, or Debtor against which any claim against a Debtor ("Claim")[2] is asserted; (ii) dispute or otherwise assert offsets, setoffs, or other defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; (iii) subsequently designate any Claim as "disputed," "contingent," or "unliquidated"; or (iv) object to the extent, validity, enforceability, priority, or avoidability of any Claim (regardless of whether of such Claim is designated in the Schedules and Statements as "disputed," "contingent," or "unliquidated"). Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of (a) liability or (b) amounts due or owed, if any, in each case, by the Debtor against which the Claim is listed or against any of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' Chapter 11 Cases, including, without limitation, issues involving or defenses against Claims, substantive consolidation, defenses, statutory or equitable subordination, and/or

---

[2] For purposes of these Global Notes, the term Claim shall have the meaning set forth in Bankruptcy Code section 101(5).

3

causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation or rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

3.     **No Admission**. Nothing contained in the Schedules and Statements is intended as, or should be construed as, an admission or stipulation as to the validity of any Claim against any Debtor, any assertion made therein or herein, or a waiver of any Debtor's rights to dispute any Claim or assert any cause of action or defense against any party.

4.     **Recharacterization**. The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. Nevertheless, due to the complexity of the Debtors' business, the Debtors may not have accurately characterized, classified, categorized, or designated certain items and/or may have omitted certain items. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or lease listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

5.     **Classifications**. Listing (i) a Claim on Schedule D as "secured," (ii) a Claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty, or a waiver of the Debtors' rights to recharacterize or reclassify such Claim or contract or to setoff such Claims.

6.     **Estimates and Assumptions**. The preparation of the Schedules and Statements required the Debtors to make commercially reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results could differ from such estimates.

7.     **Causes of Action**. Despite reasonable efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all rights with respect to any causes of action (including avoidance actions), controversy, right of setoff, crossclaim, counterclaim, or recoupment, and any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed,

4

secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law they may have (collectively, "Causes of Action"), and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any such Claims, Causes of Action, or avoidance actions or in any way prejudice or impair the assertion of such Claims or Causes of Action.

8.    **Intellectual Property Rights**. Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

9.    **Cryptocurrency**. Certain of the Debtors' assets are cryptocurrencies. Cryptocurrencies are unique assets. The regulatory regime concerning cryptocurrency is uncertain domestically and internationally. The United States has a particularly uncertain state and federal regulatory regime. Federal and state regulators have become increasingly aggressive in pursuing enforcement actions concerning cryptocurrency which could reduce the value of any particular cryptocurrency. The Debtors make no representations or admissions concerning whether any of the cryptocurrencies held by Prime are "securities," "commodities," "money," or "funds" under any potentially applicable regulatory regime. There has not yet been a determination as to whether cryptocurrency and/or fiat currency held on the Debtors' platform is property of the Debtors' estate pursuant to Bankruptcy Code section 541, and the Debtors reserve all rights to amend and/or supplement the Schedules and Statements as they deem appropriate in this regard.

10.    **Insiders**. The Debtors have attempted to include all payments made on or within 12 months before the Petition Date to any individual or entity deemed an "insider." As to each Debtor, an individual or entity is designated as an "insider" for the purposes of the Schedules and Statements if such individual or entity, based on the totality of the circumstances, has at least a controlling interest in, or exercises sufficient authority over, the Debtor so as to unqualifiedly dictate corporate policy and the disposition of corporate assets. Certain of the individuals or entities identified as insiders may not have been insiders for the entirety of the 12-month period before the Petition Date, but the Debtors have included them herein out of an abundance of caution. The listing or omission of a party as an insider for purposes of the Schedules and Statements is for informational purposes and is not intended to be, nor should it be, construed as an admission that those parties are insiders for purpose of Bankruptcy Code section 101(31). Information regarding the individuals or entities listed as insiders in the Schedules and Statements may not be used for: (a) purposes of determining (i) control of the Debtors; (ii) the extent to which any individual or entity exercised management responsibilities or functions; (iii) corporate decision-making authority over the Debtors; or (iv) whether such individual or entity could successfully argue that it is not an insider under applicable law, including the Bankruptcy Code and

5

federal securities laws, or with respect to any theories of liability; or (b) any other purpose. Furthermore, the listing or omission of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved.

11. **Methodology**.

    a. **Basis of Presentation**.  For financial reporting purposes, the Debtors historically have prepared consolidated financial statements, which include financial information for the Debtors.  The Schedules and Statements are unaudited and reflect the Debtors' reasonable efforts to report certain financial information of each Debtor on a stand-alone, unconsolidated basis.  These Schedules and Statements neither purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP") in the United States or International Accepted Accounting Principles ("IFRS"), nor are they intended to be fully reconciled with the financial statements of each Debtor prepared under GAAP or IFRS. Therefore, combining the assets and liabilities set forth in the Schedules and Statements would result in amounts that are substantially different from financial information that would be prepared on a consolidated basis under GAAP or IFRS. For financial reporting purposes, prior to the Petition Date, the Debtors prepared financial statements on a consolidated basis. Unlike the consolidated financial statements, the Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each separate Debtor. Moreover, given, among other things, the uncertainty surrounding the valuation, collection, and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, it is not an admission that the Debtor was solvent as of the Petition Date or at any time before the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, it is not an admission that the Debtor was insolvent at the Petition Date or any time before the Petition Date. For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise value. The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment. The Debtors attempted to attribute the assets and liabilities, certain required financial information, and various cash disbursements to the applicable Debtor entity.  However, because the Debtors' accounting systems, policies, and practices were developed for consolidated reporting purposes, rather than reporting by individual legal entity, it is possible that not all assets, liabilities, or amounts of cash disbursements have been recorded with the correct legal entity on the Schedules and Statements.  Accordingly, the Debtors reserve all rights to supplement and/or amend the Schedules and Statements in this regard.

    b. **Reporting Date**.  The reported asset values in Schedules A and B, with the exception of estimated cash balances, reflect the Debtors' asset values as of August 14, 2023 (the "Reporting Date").  Estimated cash balances presented in Schedule A reflect bank balances as of the close of business on August 14, 2023.  Liability values presented in

6

Schedules D, E, and F are as of the Petition Date, adjusted for authorized **payments** under the First Day Orders (as defined below).

c.  **Confidential Information**.  Certain confidential information of the Debtors' current and former employees (collectively, the "Employees") and certain of the Debtors' current and former customers (collectively, the "Redacted Customers") has been redacted pursuant to the *Final Order (I) Authorizing Debtors to File a Consolidated Creditor Matrix and Top 50 Creditors List, (II) Authorizing Redaction of Certain Personally Identifiable Information, (III) Authorizing the Debtors to Serve Certain Parties by Electronic Mail, (IV) Approving Certain Notice Procedures, and (V) Granting Related Relief* [Docket No. 168] (the "Privacy Protection Order").  Redacted Customers have been scheduled utilizing a unique, individualized Employee or Redacted Customer identification number, as applicable (each, a "Identification Code") assigned to each applicable Employee or Redacted Customer by the Debtors. With respect to Redacted Customers, the Identification Code is not the same as the customer account number of such Customer that existed prior to the filing of these Chapter 11 Cases. The Debtors will provide notice of an Employee's or Redacted Customer's Identification Code by email to the email on file for such customer.

Additionally, there may be instances where certain information is redacted due to the nature of an agreement between a Debtor and a third party.  Such redactions will be limited to only what is necessary to protect the Debtor or the applicable third party. The Debtors may also be authorized or required to redact certain information from the public record pursuant to orders of the Court sealing or otherwise protecting such information from public disclosure. All such redacted information shall be made available as directed by orders of the Court or to the individual customer, creditor, or contract counterparty scheduled, as applicable.

d.  **Duplication**.  Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Statements and Schedules. To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

e.  **Valuation Generally**. In certain instances, current market valuations for certain assets are neither maintained by, nor readily available to, the Debtors. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values. Market values may vary, sometimes materially, from net book values. The Debtors believe that it would be an inefficient use of estate assets for the Debtors to obtain the current market values of their property. Accordingly, the Debtors have indicated in the Schedules and Statements that the values of certain assets and liabilities are undetermined or unknown.

The Debtors are currently marketing certain assets for sale pursuant to those certain Court-approved bidding procedures. *See Order (A) Approving Bid Procedures for the Sale of All or Substantially all of the Debtors' Assets, (II) Authorizing the Debtors to Enter Into One or More Stalking Horse Agreements, (II) Scheduling an Auction and*

*Related Dates Thereto, (IV) Approving the Form and Manner of Notice Thereof, (V) Approving Contract Assumption and Assignment Procedures, and (VI) Granting Related Relief* [Docket No. 118]. Accordingly, the current or fair value of those assets may be determined in connection with the sales processes. As noted herein, amounts ultimately realized from the sale process may vary materially from net book value.

Certain other assets, such as investments in subsidiaries and other intangible assets, are listed at undetermined amounts, as the net book values may differ materially from fair market values. Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material. Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth in the Schedules and Statements. In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

In addition, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value. The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset. Given, among other things, the current market valuation of certain assets and the valuation and nature of certain liabilities, nothing in the Schedules and Statements shall be, or shall be deemed to be, an admission that any Debtor was solvent or insolvent as of the Petition Date.

f. **Property and Equipment**. The Debtors' office property leases are set forth on Schedule G. Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to same. On August 28, 2023, the Debtors filed the *Debtors' Motion For Entry of an Order Authorizing the Debtors to (I) Reject Unexpired Lease of Nonresidential Real Property, Effective as of August 31, 2023; (II) Abandoning de Minimis Property in Connection Therewith; and (III) Granting Related Relief* [Docket No. 47] (the "Lease Rejection Motion"). Property abandoned by the Debtors under the Lease Rejection Motion has been included in the Schedules.

g. **Allocation of Liabilities**. The Debtors, in consultation with their advisors, have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors reserve the right to amend and/or supplement the Schedules and Statements as they deem appropriate in this regard.

h. **Undetermined Amounts**. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

8

i.  **Unliquidated Claim Amounts**. Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

j.  **Totals**. All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

k.  **Cryptocurrency**. Cryptocurrency values presented utilize market prices as of 12:00 a.m. UTC on the Petition Date. Changes in valuation relate to conversions, liquidations, collections received in-kind and periodic mark to market adjustments.  Actual net realizable value may vary significantly. The Debtors make no representations or admissions concerning the status of cryptocurrency as a "security" under any state, federal, or local domestic or international statute, including United States federal securities laws and reserve all rights to amend and/or supplement the Schedules and Statements as they deem appropriate in this regard.

l.  **Payment of Prepetition Claims Pursuant to First Day Orders**.  Following the Petition Date, the Bankruptcy Court entered various orders (the "First Day Orders") authorizing, but not directing, the Debtors to, among other things, pay certain prepetition: (i) service fees and charges assessed by the Debtors' banks; (ii) insurance obligations; (iii) employee wages, salaries, and related items (including, employee benefit programs, staffing agency payments, and independent contractor obligations); and (iv) taxes and regulatory fees. *See* Docket Nos. 34, 37, 38, 42, 147, 148, 154, 157, and 170.  Where the Schedules and Statements list creditors and set forth the Debtors' scheduled amounts attributable to such claims, such scheduled amounts reflect balances owed as of the Petition Date.  To the extent any adjustments are necessary for payments made on account of such claims following the Petition Date pursuant to the First Day Orders, such adjustments have been included in the Schedules and Statements unless otherwise noted on the applicable Schedule or Statement.  The Debtors reserve the right to update the Schedules and Statements to reflect payments made pursuant to the First Day Orders that may not be represented in the attached Schedules and Statements.

m.  **Other Paid Claims**.  To the extent the Debtors reach any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable by all parties, subject to Bankruptcy Court approval if necessary.  To the extent the Debtors pay any of the Claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment of such liabilities.

n. **Intercompany Receivables and Payables**. Receivables and payables among the Debtors are not reported on Schedule A/B; *however*, certain intercompany claims are reported on Schedule E/F per the Debtors' books and records. Intercompany loan amounts scheduled may include accrued and unpaid interest. The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission or conclusion of the Debtors' regarding the allowance, classification, validity, or priority of such amount or characterization of such balances as debt, equity, or otherwise. For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including with respect to the characterization of intercompany claims, loans, and notes.

o. **Guarantees and Other Secondary Liabilities**.   The Debtors have exercised reasonable efforts to locate and identify guarantees in their executory contracts, unexpired leases, and other such agreements, and do not believe that any such liabilities exist. The Debtors may have inadvertently omitted guarantees embedded in their contractual agreements and may identify additional guarantees as they continue their review of their books and records and contractual agreements. The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if additional guarantees are identified.

p. **Excluded Assets and Liabilities**. The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including without limitation, and accrued salaries and employee benefit accrual. In addition, and as set forth above, the Debtors may have excluded amounts for which the Debtors have paid or have been granted authority to pay pursuant to the First Day Orders or other order that may be entered by the Bankruptcy Court. Additionally, certain immaterial or *de minimis* assets and liabilities may have been excluded.

q. **Fiat Currency**. Unless otherwise indicated, all amounts are reflected in U.S. dollars. The Debtors' methodology and assumptions regarding the calculation of the U.S. dollar-value of cryptocurrency holdings is set forth in greater detail in the Note pertaining to Schedule A/B, Question 77.

r. **Setoffs**. The Debtors may incur certain setoffs and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, charge-backs and other bank fees, returns, warranties, and other disputes between the Debtors and their customers and/or suppliers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Schedules, unless otherwise indicated therein.

s. **Customer Account Adjustments**. Any of the Debtors' customers who, as of the Petition Date, had cryptocurrency on the Debtors' platform are listed in redacted form

on Schedule E/F, as noted in more detail below. A customer's cryptocurrency holdings listed in the Schedules may not accurately reflect such customer's cryptocurrency holdings as of the Petition Date due to certain ordinary course reconciliation practices.

t.  **Contingent Assets**. The Debtors believe that they may possess certain Claims and Causes of Action against various parties. Additionally, the Debtors may possess contingent claims in the form of various avoidance actions they could commence under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws. The Debtors, despite reasonable efforts, may not have identified and/or set forth all of their Causes of Action against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all of their rights with respect to any Claims, Causes of Action, or avoidance actions they may have, and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions, or Causes of Action or in any way prejudice or impair the assertion of such claims. For the avoidance of doubt, the Debtors reserve all rights to seek disallowance of any claim, including pursuant to Bankruptcy Code section 502(d) where an entity from which property is recoverable under Bankruptcy Code sections 542, 543, 550, or 553, unless such entity has paid the amount or turned over such property to the Debtors.  Additionally, prior to the Petition Date, each Debtor, as plaintiff, may have commenced various lawsuits in the ordinary course of its business against third parties seeking monetary damages.  The Debtors reserve all rights to revise, amend, supplement, and/or adjust their Schedules and Statements, including with respect to claim amounts, description, classification, and designation.

u.  **Executory Contracts**. Although the Debtors made diligent efforts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G. The Debtors have excluded nondisclosure agreements entered into in connection with these Chapter 11 Cases to avoid any potential breach of such nondisclosure agreements.

v.  **Fiscal Year**.  Each Debtor's fiscal year ends on or about December 31.

w.  **Claims of Third-Party Related Entities**. While the Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations to same. Therefore, to the extent that the Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered as disputed, whether or not they are designated as such.

x. **Umbrella or Master Agreements**. Contracts listed in the Schedules and Statements may be umbrella or master agreements ("Umbrella Agreements") that cover relationships with some or all of the Debtors, and many of the Debtors' agreements with their customers (collectively, the "Customers") fall under master service agreements (the "Master Service Agreements, and together with Umbrella Agreements, the "Master Agreements"). Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor that signed the original Master Agreement. The Master Agreements have been listed in Schedule G, but do not reflect any decision by the applicable Debtor as to whether or not such agreements are executory in nature. Further, the Debtors have not made a determination as to whether or not any agreements that fall under any such Master Agreements are executory in nature, including, without limitation, the agreements between the applicable Debtor entity and the Company's integrator or end-user customers (the "Customer Agreements"). Therefore, and given the volume of Customers and, theretofore, Customer Agreements, the Debtors have not listed the Customer Agreements on Schedule G.

y. **Credits and Adjustments**. The Claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may either (i) not reflect credits, allowances, or other adjustments due from such creditors to the Debtors or (ii) be net of accrued credits, allowances, or other adjustments that are actually owed by a creditor to the Debtors on a postpetition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and vendor payments, if applicable. The Debtors reserve all of their rights with regard to such credits, allowances, or other adjustments, including, but not limited to, the right to modify the Schedules, assert claims objections and/or setoffs with respect to the same, or apply such allowances in the ordinary course of business on a postpetition basis.

z. **Solvency**. Given the exclusion of intercompany balances and the uncertainty surrounding the collection, valuation and ownership of certain assets, including, among other things, net operating losses or other tax attributes, and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, nothing in the Schedules or Statement shall constitute an admission that the Debtors were solvent as of the Petition Date or at any time before the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, nothing in the Schedules or Statement shall constitute an admission that such Debtor was insolvent as of the Petition Date or at any time before the Petition Date. For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise value or solvency. The Debtors reserve all rights with respect to these issues.

aa. **Payments**. The financial affairs and business of the Debtors are complex. Prior to the Petition Date, the Debtors maintained a cash management and disbursement system in the ordinary course of their businesses, as described in the Cash Management Motion. Although efforts have been made to attribute open payable amounts to the correct legal entity, the Debtors reserve the right to modify or amend their Schedules and Statements

12

to attribute such payment to a different legal entity, if appropriate.  Payments made by third parties on behalf of the Debtors have been excluded from the Schedules and Statements.

bb. **Totals**.  All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements and exclude items identified as "unknown" or "undetermined."  If there are unknown or undetermined amounts, the actual totals may be materially different from the listed totals.  Where a claim or other amount is marked as "unliquidated," but the Debtors also report a dollar value, such dollar value may indicate only the known or determined amount of such claim or amount, the balance of which is unliquidated.

### Specific Notes

1. ### Specific Disclosures with Respect to the Debtors' Schedules

   a. **Schedules A/B, Questions 1 and 2 – Cash and Cash Equivalents; Cash on Hand**. Details with respect to the Debtors' cash management system and bank accounts are provided in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Continue to Operate Their Cash management System and (B) Maintain Existing Bank Accounts and Business Forms and Honor Prepetition Obligations Related Thereto; (II) Authorizing the Debtors to (A) Continue to Perform Intercompany Transactions and (B) Granting Administrative Expense Status for Postpetition Intercompany Claims; (III) Extending the Time for the Debtors to Comply with Requirements Set Forth in 11 U.S.C. § 345(b); and (IV) Granting Related Relief* [Docket No. 20] (the "Cash Management Motion"), and any orders of the Bankruptcy Court granting the relief requested in the. The Debtors do not hold any physical cash. Accordingly, cash-on-hand held as of the Petition Date is disclosed on Schedule A/B, Question 3 in connection with cash held in the Debtors' bank accounts.

   b. **Schedule A/B, Question 3 – Checking, Savings, Money Market, or Financial Brokerage Accounts**. Amounts listed are as of the Petition Date for the corresponding Debtor and reflect the actual bank balance, not the net book value.  Foreign currencies listed in Question 3 were converted to USD using the following FX conversion rates as of August 14, 2023:

| | |
|---|---|
| 1.00 USD | 0.7430 CAD |
| 1.00 USD | 0.6488 AUD |
| 1.00 USD | 145.4370 JPY |
| 1.00 EUR | 1.0910 USD |
| 1.00 GBP | 1.2685 USD |

   For the avoidance of doubt, unless otherwise indicated, the bank accounts and cash balances set forth on Schedule A/B, Question 3 do not include cash held in the "for the benefit of" accounts.  There has not yet been a determination as to whether

13

cryptocurrency and/or fiat currency held on the Debtors' platform is property of the Debtors' estate pursuant to Bankruptcy Code section 541, and the Debtors reserve all rights to amend and/or supplement the Schedules and Statements as they deem appropriate in this regard.  Prime Trust holds a trust account on behalf of the "Prime Trust, LLC TTEE The Wang 2018 Irrevocable Trust U/A." This account is included in Schedule A/B, Question 3, and has a balance of $3,585,265.21 in various public securities and fiat USD as of August 31, 2023. The Debtors hold a money market account at JP Morgan, invests in the 100% US Treasury Securities Money Market Fund. One of the Debtors' bank accounts serves as collateral with respect to the Nevada Trust Charter held by Prime Trust.

c. **Schedule A/B, Question 7 – Deposits**. In the ordinary course of business, the Debtors maintain collateralized security bonds in connection with certain of their charters and money transmission and other licenses.

d. The Debtors are required to make deposits from time to time with various vendors and other service providers in the ordinary course of business. The Debtors have exercised reasonable efforts to report the current value of any deposits. The Debtors may have inadvertently omitted deposits and conversely may have reported deposits that are no longer outstanding. The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if deposits are incorrectly identified.

e. **Schedule A/B, Part 7 – Office Furniture, Fixtures, and Equipment**. Office furniture, fixtures and equipment have been reported at the net book value, which may materially differ from the current fair market of the related assets.  As noted above, property abandoned by the Debtors pursuant to the Lease Rejection Order is listed in the Schedules or Statements.

f. **Schedule A/B, Question 8 – Prepayments**. The Debtors are required to make prepayments from time to time on account of executory contracts, leases, insurance policies, taxes, and rent as part of the ordinary course of business. The Debtors have exercised reasonable efforts to identify any prepayments. The Debtors may have inadvertently omitted certain prepayments and conversely may have reported prepayments for which services have already been provided. The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if prepayments are incorrectly identified.

g. **Schedule A/B, Part 9 – Real Property**.  The Debtors own no real property.

h. **Schedule A/B, Questions 10 & 11 – Accounts Receivable**. The Debtors are in the process of evaluating their receivables including the collectability of such receivables. Receivables have been reported at net book value, which includes allowance for doubtful accounts. The Debtors did not perform a full assessment of the collectability of receivables in conjunction with the preparation of the Schedules. Therefore, the amount ultimately recovered may vary materially from the amount reported herein.

DM_US 199613942-6.121647.0012

i. **Schedule A/B, Question 13 – Investments**. Investments in consolidated subsidiaries have been listed with an undetermined value where indicated. The Debtors do not believe that any book value is indicative of the value of such assets and have not obtained a fair market valuation of the assets. Other investments have been reported at the funded amount or recorded cost per books and records, which may be materially different from the current fair market value of the investment. Additional detail regarding certain investments can be found in the Notes for Statement 25 and/or Schedule A/B, Question 3.

j. **Schedule A/B, Question 62 – Licenses**. In connection with their money service business, the Debtors maintain certain charters, money transmitter and other licenses.

k. **Schedule A/B, Question 65 – Goodwill**. All of the Debtors' goodwill was written off of the Debtors' balance sheet prior to the Petition Date.

l. **Schedule A/B, Question 72 – Tax Refunds and Unused Net Operating Losses (NOLs)**. The Debtors' current accounting entries remain subject to completion and review of tax compliance procedures and audit processes. Completed and audited accounting entries may indicate that net operating losses and general business credit carryforwards are available to offset taxable income or reduce the tax liability for the Debtors for the year ending on December 31, 2021. The Debtors hereby reserve their right to amend or supplement Schedule A/B, Question 72 upon completion and audit of tax compliance procedures and financial statements. The Debtors may have the ability to claim NOLs for subsequent years, but such amounts cannot be quantified at this time.

m. **Schedule A/B, Question 74-75 – Causes of Action**. Despite reasonable efforts, the Debtors may not have identified and/or set forth all of their Causes of Action (filed or potential) against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all rights with respect to any Causes of Action, and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any such Claims, Causes of Action, or avoidance actions or in any way prejudice or impair the assertion of such Claims or Causes of Action.

n. **Schedule A/B, Question 77 – Other Property**. Schedule A/B, Question 77 lists the cryptocurrency, or digital tokens supported by the Debtors' platform based on a publicly accessible blockchain. The current value shown is the market value in USD as of the Petition Date. The cryptocurrency listed includes the cryptocurrency held in the 98f wallet. All figures set forth in Schedule A/B, Question 77 are preliminary, unreviewed, and unaudited and are subject to final adjustments following, *inter alia*, completion of quarterly and year-end close procedures. In calculating the fair market value as to the Debtors' cryptocurrency assets, the following table sets forth the rate of

conversion to U.S. dollars based upon the type of cryptocurrency held as of 12:00 a.m. UTC on the Petition Date.[3]

| CRYPTOCURRENCY | | CONVERSION RATE | VALUE AS OF PETITION DATE |
|---|---|---|---|
| AUDIO | Audius | $0.19 | $62,002,108.33 |
| ETH | Ethereum | $1,841.60 | $43,952,804.86 |
| BTC | Bitcoin | $29,348.52 | $8,771,564.98 |
| USDC | USD Coin | $1.00 | $1,156,094.49 |
| FLEXUSD | flexUSD | $0.28 | $329,371.30 |
| GALA2 | Gala V2 | $0.23 | $268,133.83 |
| BSV | Bitcoin SV | $35.71 | $248,574.23 |
| LTC | Litecoin | $81.88 | $66,391.37 |
| LUNA2 | Terra Luna 2.0 | $0.56 | $40,021.35 |
| USDC_AVAX | USD Coin (Avalanche) | $1.00 | $39,023.65 |
| XLM_USDC_5F3T | USD Coin (Stellar) | $1.00 | $28,288.67 |
| BCH | Bitcoin Cash | $229.10 | $24,347.76 |
| XEC | eCash | $0.00 | $22,408.76 |
| SOL | Solana | $24.89 | $20,442.64 |
| TUSD | TrueUSD | $1.00 | $19,795.47 |
| RVUSD_ETH_ZV32 | Recover Value USD | $0.09 | $14,570.11 |
| ATOM_COS | Cosmos Hub | $8.53 | $14,368.84 |
| SOL_USDC_PTHX | USD Coin (Solana) | $1.00 | $13,676.69 |
| ZYTARAUSD | Zytara USD | $1.00 | $9,976.00 |
| ADA | ADA (Cardano) | $0.29 | $8,809.49 |
| MATIC | Matic Token (Ethereum) | $0.68 | $8,398.98 |
| XLM | Stellar | $0.14 | $6,548.00 |
| DOGE | Doge Coin | $0.07 | $4,693.06 |
| LINK | Chainlink | $7.39 | $4,068.76 |
| ESH | Switch | $0.01 | $3,511.24 |
| 7UT | 7EVEN Utility Token | $0.00 | $2,837.11 |
| SNX | Synthetix Network Token | $2.48 | $2,816.31 |
| GUSD | Gemini USD | $0.99 | $2,218.46 |
| CEL | Celsius | $0.16 | $1,545.19 |
| DAI | Dai | $1.00 | $1,499.20 |
| SAI | Sai Stableco | $8.23 | $1,071.10 |
| ENJ | Enjin Coin | $0.29 | $957.61 |
| COMP | Compound Token | $55.50 | $887.39 |
| XRP | XRP (Ripple) | $0.63 | $809.58 |
| FLEX | FLEX Coin | $6.85 | $722.98 |
| UNI | Uniswap | $6.23 | $643.48 |
| BNB_BSC | BNB Smart Chain | $239.91 | $516.77 |
| EOS | EOS | $0.72 | $486.43 |
| SPRA | Spera | $0.00 | $472.56 |

---

[3]   Fiat values are based on observed market pricing as of the petition date. In some cases, observed market prices may not be indicative of realizable cash value in the event of a sale given market depth and liquidity for these assets.

| BAT | Basic Attn. | $0.21 | $318.04 |
|---|---|---|---|
| USDT_BSC | Binance-Peg Tether (BSC) | $1.00 | $302.29 |
| ZRX | 0x | $0.22 | $257.77 |
| MC | Monkeycoin | $0.39 | $231.60 |
| MKR | Maker | $1,233.32 | $231.15 |
| YFI | Yearn Finance | $6,257.12 | $221.19 |
| DOT | Polkadot | $4.98 | $183.43 |
| ALGO | Algorand | $0.11 | $170.29 |
| FTM | Fantom | $0.24 | $169.05 |
| CELO | Celo | $0.50 | $164.72 |
| CELR | Celer Network | $0.01 | $132.97 |
| USDS | StableUSD | $1.00 | $119.08 |
| MATIC_POLYGON | Matic Gas Token (Polygon) | $0.68 | $103.05 |
| DASH | Dash | $31.68 | $93.15 |
| SHIB | SHIBA INU | $0.00 | $77.80 |
| PAX | PAX Dollar | $1.00 | $61.70 |
| MANA | Decentraland | $0.37 | $56.25 |
| CUSDC | Celer USD | $0.02 | $54.32 |
| LRC | Loopring | $0.22 | $33.65 |
| HBAR | Hedera Hashgraph | $0.07 | $33.39 |
| DYDX | dYdX | $2.16 | $28.13 |
| POS_USDT_POLY | (PoS) Tether USD (Polygon) | $1.00 | $25.53 |
| AAVE | Aave Token | $65.41 | $20.95 |
| AXS | Axie Infinity Shard | $5.80 | $20.66 |
| BNT | Bancor | $0.48 | $18.23 |
| CVC | Civic | $0.09 | $16.88 |
| STORJ | Storj | $0.29 | $14.49 |
| USDC_POLYGON | USDC (Polygon) | $1.00 | $13.87 |
| SUSHI | Sushi Token | $0.78 | $13.78 |
| CHZ | Chiliz (ETH) | $0.07 | $12.84 |
| XDB | DigitalBits | $0.00 | $11.32 |
| UST_ETH | Terra USD | $0.01 | $11.21 |
| HYFI | hyfi.token | $0.05 | $7.84 |
| ACH | Alchemy Pay | $0.02 | $7.14 |
| XTZ | Tezos | $0.80 | $3.87 |
| LODE_AVAX_74OH | LODE Token | $3.79 | $3.79 |
| ALCX | Alchemix | $13.28 | $2.76 |
| OXT | Orchid | $0.07 | $2.46 |
| RNDR | Render Token | $1.71 | $2.13 |
| ARPA | ARPA Token | $0.05 | $1.82 |
| WBTC | Wrapped BTC | $29,379.86 | $1.76 |
| TRIBE | Tribe | $0.29 | $1.56 |
| TERRA_USD | TERRA USD | $0.02 | $1.47 |
| BIT | BitDAO | $0.47 | $1.40 |
| POND | Marlin POND | $0.01 | $1.38 |
| KEEP | Keep Token | $0.11 | $1.26 |
| BLZ | Bluzelle | $0.09 | $1.25 |
| MTV | Multivac | $0.00 | $1.23 |
| GTC | Gitcoin | $1.17 | $1.17 |

| SUPER | SuperFarm | $0.10 | $1.16 |
|---|---|---|---|
| POWR | Power Ledger | $0.16 | $1.15 |
| QNT | Quant | $100.97 | $1.11 |
| ANKR | Ankr Network | $0.02 | $1.06 |
| KNC | Kyber Network Crystal v2 | $0.68 | $0.93 |
| IDEX | IDEX Token | $0.05 | $0.92 |
| MLN | Melon | $17.93 | $0.86 |
| TRX | Tron | $0.08 | $0.83 |
| COTI | COTI Token | $0.05 | $0.82 |
| BUSD | Binance USD | $1.00 | $0.80 |
| API3 | API3 | $1.18 | $0.72 |
| BCT | Toucan Protocol: Base Carbon Tonne (Polygon) | $0.71 | $0.71 |
| RAD | Radicle | $1.62 | $0.68 |
| AGX_AVAX_WOIF | AGX Coin | $0.66 | $0.65 |
| BAND | BandToken | $1.19 | $0.64 |
| BAL | Balancer | $4.26 | $0.64 |
| AMPL | Ampleforth Governance | $1.09 | $0.53 |
| HEX | HEX | $0.01 | $0.52 |
| SPELL | Spell Token | $0.00 | $0.50 |
| HSF | Hillstone.Fi... | $0.48 | $0.48 |
| KSM | Kusama | $23.65 | $0.42 |
| UMA | UMA Voting Token v1 | $1.62 | $0.28 |
| DUDE_POLYGON_UBJO | DuDe Peoples Money (metalbacked money) (Polygon) | $0.00 | $0.21 |
| CRE | CarryToken | $0.00 | $0.06 |
| AUX_AVAX_2QSM | AUX Coin | $0.06 | $0.06 |
| SHEESHA_BEP20 | Sheesha Fina | $5.27 | $0.05 |
| TST | TestToken | $0.01 | $0.01 |
| CPRX | Crypto Perx | $0.00 | $0.00 |
| LND | Lendingblock | $0.00 | $0.00 |
| QBT | QBT | $0.00 | $0.00 |
| SLV | Silverway | $0.00 | $0.00 |
| GALA | Gala V1 | $0.00 | $0.00 |
| TUIT_POLYGON_5L1B | Tuition Coin | $0.00 | $0.00 |
| B21 | B21 Token | $0.00 | $0.00 |
| CFV | CoinFLEX Vote Token | $0.00 | $0.00 |
| $ USDC... | $ USDCDrop.c | $0.00 | $0.00 |
| JL | JiuLove | $0.00 | $0.00 |
| SHAG | Shaggy Coin | $0.00 | $0.00 |
| TIX | Lottery Tick | $0.00 | $0.00 |
| FXT | FXtrading | $0.00 | $0.00 |
| MRO | Mero Currenc | $0.00 | $0.00 |
| FGP | Fingerprint | $0.00 | $0.00 |
| UKR | UKR Chain | $0.00 | $0.00 |
| AVVP | Andrey Voron | $0.00 | $0.00 |
| Amber | Amber | $0.00 | $0.00 |
| BNB_ERC20 | BNB (ERC20) - Deprecated | $0.00 | $0.00 |

| ETH-OPT | Optimistic Ethereum | $0.00 | $0.00 |
| ETH_BSC | Binance-Peg Ethereum (BSC) | $0.00 | $0.00 |
| ETH-AETH | Ethereum (Arbitrum) | $0.00 | $0.00 |
| IOT5 | Internet of Things 5th-Generation | $0.00 | $0.00 |
| UKR | UKR Chain | $0.00 | $0.00 |

**Schedules E/F**.  The claims listed on Schedules E/F arose and were incurred on various dates.  A determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive.  Accordingly, no such dates are included for each claim listed on Schedules E/F.  To the best of the Debtors' knowledge, all claims listed on Schedules E/F arose or were incurred before the Petition Date.

**Part 1**.  Claims owing to various taxing authorities to which the Debtors potentially may be liable, and which the Debtors have received notice of liability from such taxing authorities, are reported on Part 1.  Certain of such claims, however, may be subject to ongoing audits and/or the claims will be satisfied in the ordinary course during the Chapter 11 Cases pursuant to authority granted to the Debtors in the relevant First Day Orders.  Therefore, the Debtors have listed all such claims as "contingent," "unliquidated," and "disputed," pending final resolution of ongoing audits or other outstanding issues.

**Part 2**.  The Debtors have exercised their reasonable efforts to list all liabilities on Part 2 of each applicable Debtor's Schedule.  As a result of the Debtors' consolidated operations, however, Part 2 for each Debtor should be reviewed for a complete understanding of the unsecured claims against the Debtors.

The Debtors reserve their right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule E/F of any Debtor.  In addition, the Debtors reserve their right to dispute or challenge any priority asserted with respect to any liabilities listed on Schedule E/F.  The Debtors have made reasonable efforts to include all unsecured creditors on Part 2 including, but not limited to, trade creditors, customers, landlords, utility companies, consultants, and other service providers.  The Debtors, however, believe that there may be instances where creditors have yet to provide proper invoices for prepetition services.

Part 2 contains information regarding pending litigation involving the Debtors.  To the extent that litigation involving a particular Debtor has been identified, such information is included on that Debtor's Schedule E/F.  Unknown amounts for potential claims are listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules.

The Debtors have made reasonable attempts to identify legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits including the review of available books and records, conducting lien searches, conducting searches of court and judicial records in relevant jurisdictions, and otherwise reviewing publicly available information. Despite the efforts conducted to identify all such actions, it is likely that there are other ending actions not yet identified or reported herein. The Debtors reserve all rights to revise, amend, supplement and/or adjust Schedule E/F in this regard. Additionally, certain lawsuits alleging prepetition conduct have

been filed after the Petition Date. Such lawsuits are likely in violation of the automatic stay pursuant to section 362 of the Bankruptcy and are not included in the Debtor' responses. Schedule E/F does not include threatened litigation involving the Debtors. Schedule E/F does not include any demand letters the Debtors may have received.

Part 2 does not include certain balances including deferred liabilities, accruals, or reserves.  Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP.  Such accruals primarily represent estimates of liabilities and do not represent specific claims as of the Petition Date.

The claims of individual creditors may not reflect credits and/or allowances due from creditors to the applicable Debtor.  The Debtors reserve all of their rights with respect to any such credits and/or allowances, including the right to assert objections and/or setoffs or recoupments with respect to same.

The Bankruptcy Court has authorized the Debtors to pay, in their discretion, certain unsecured claims pursuant to the First Day Orders.  To the extent practicable, each Debtor's Schedule E/F is intended to reflect the balance as of the Petition Date, adjusted for postpetition payments made under the First Day Orders.  Each Debtor's Schedule E/F may reflect some of such Debtor's payment of certain claims pursuant to the First Day Orders, and, to the extent an unsecured claim has been paid or may be paid, it is possible such claim is not included on Schedule E/F.  Certain Debtors may pay additional claims listed on Schedule E/F during the Chapter 11 Cases pursuant to the First Day Orders and other orders of the Bankruptcy Court and the Debtors reserve all of their rights to update Schedule E/F to reflect such payments or to modify the claims register to account for the satisfaction of such claims.  Additionally, Schedule E/F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that have been, or may be, rejected.

**Schedule G**.  Although reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases (collectively, the "Agreements"), the Debtors' review process of the Agreements is ongoing and inadvertent errors, omissions, or over-inclusion may have occurred.  The Debtors may have entered into various other types of Agreements in the ordinary course of their businesses, such as indemnity agreements, supplemental agreements, amendments/letter agreements, and confidentiality agreements which may not be set forth in Schedule G.

Contracts listed in the Schedules and Statements may be Umbrella Agreements that cover relationships with some or all of the Debtors, and many of the Debtors' agreements with their Customers fall under Master Service Agreements.  Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor that signed the original Master Agreement.  The Master Agreements have been listed in Schedule G, but do not reflect any decision by the applicable Debtor as to whether or not such agreements are executory in nature.  Further, the Debtors have not made a determination as to whether or not any agreements that fall under any such Master Agreements are executory in nature, including, without limitation, the Customer Agreements between the applicable Debtor entity and the Company's Customers.  Therefore, and given the volume of Customers and, theretofore, Customer Agreements, the Debtors have not listed the Customer Agreements on Schedule G.

Certain confidentiality, non-disclosure, and non-compete agreements, the Debtors' insurance contracts, and employee termination agreements, are excluded from Schedule G. Exclusion of these agreements from Schedule G shall not be construed as a determination that such agreements are or are not executory in nature.

Certain of the Agreements listed on Schedule G may consist of several parts, including exhibits, addenda, appendices, amendments, restatements, waiver, letters, and other documents that may not be listed on Schedule G or that may be listed as a single entry, in which case, the single entry shall be deemed to include all related and ancillary documents.

Schedule G may be amended at any time to add any omitted Agreements. Likewise, the listing of an Agreement on Schedule G does not constitute an admission that such Agreement is an executory contract or unexpired lease or that such Agreement was in effect on the Petition Date or is valid or enforceable. The Agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, and other documents, instruments, and agreements which may not be listed on Schedule G.

Any and all of the Debtors' rights, claims, and causes of action with respect to the Agreements listed on Schedule G are hereby reserved and preserved, and as such, the Debtors hereby reserve all of their rights to (i) dispute the validity, status, or enforceability of any Agreements set forth on Schedule G, (ii) dispute or challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim, including, but not limited to, the Agreements listed on Schedule G, and (iii) amend or supplement such Schedule as necessary.

Certain of the Agreements listed on Schedule G may have been entered into by or on behalf of more than one of the Debtors. Additionally, the specific Debtor obligor(s) to certain of the Agreements could not be specifically ascertained in every circumstance. In such cases, the Debtors have made reasonable efforts to identify the correct Debtor's Schedule G on which to list the Agreement.

**Schedule H**. The Debtors are party to various agreements which were executed by multiple Debtors. No claim set forth on the Schedules and Statements of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other Debtors or non-Debtors. Due to their voluminous nature, and to avoid unnecessary duplication, the Debtors have not included on Schedule H debts for which more than one Debtor may be liable if such debts were already reflected on Schedule E/F or Schedule G for the respective Debtors subject to such debt. To the extent these Notes include notes specific to Schedules D-G, such Notes also apply to the co-Debtors listed in Schedule H. The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

**Specific Disclosures with Respect to the Statements**

**Statement 1**. Gross revenue reflects revenue achieved by each Debtor over the relevant periods and does not take into account eliminations or adjustments that might be applied through

consolidation accounting. The Debtors' fiscal year ends on December 31 of each year. Year-to-date revenue is reported for the 8-month period ended August 14, 2023.

**Statement 3**. As described in the Cash Management Motion, the Debtors utilize their integrated, centralized cash management system to collect, concentrate, and disburse funds generated by their operations. The obligations of the Debtors are primarily paid by and through Prime Trust, LLC and Prime Digital, LLC notwithstanding that certain obligations may be obligations of one or more of the Debtors as described in the Cash Management Motion. Statement Question 3 also includes details regarding certain cryptocurrency transactions, including coin withdrawals, coin transfers, and other transactions on a gross basis, in order to provide a transparent transaction history. The Debtors recognize that not all listed transactions are directly responsive to Statement Question 3, however they believe that presenting the transaction history provides the most accurate view.

The payments disclosed in Statement 3 are based on payments made by the Debtors with payment dates from May 16, 2023 through August 14, 2023. The actual dates that cash cleared the Debtors' Bank Accounts were not considered. The Debtors' accounts payable system does not include the corresponding payment clear dates and compiling this data would have required a significant manual review of individual bank statements. It is expected, however, that many payments included in Statement 3 have payment clear dates that are the same as payment dates (*e.g.*, wires and other forms of electronic payments).

Payments listed in Statement 3 that were made by Prime Trust on behalf of other Debtor entities are listed solely in Statement 3 for Prime Trust.

The response to Statement 3 includes disbursements listed on Statements 4, 9, and 11. Amounts still owed to creditors will appear on the Schedules for each Debtor, as applicable.

The amounts listed in Statement 3 reflect the Debtors' disbursements netted against any check level detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement 3.

**Statement 4**. For purposes of the Schedules and Statements, the Debtors utilized the definition of "insider" as set forth in section 101(31) of the Bankruptcy Code. The payroll-related amounts shown in response to this question for any salary, bonus, or additional compensation are gross amounts that do not include reductions for amounts including employee tax or benefit withholdings. The Debtors also issue corporate-paid credit cards and reimburse direct business expenses incurred by insiders. Such business expenses also are included in Statement 4. Home addresses for directors, employees, and former employees identified as insiders have not been included in the Statements for privacy reasons, and as permitted under the Privacy Protection Order. Amounts still owed to creditors will appear on the Schedules for each of the Debtors, as applicable.

Pursuant to the Debtors' cash management system, payments made to various parties may be made from a single Debtor on behalf of one or more Debtor entities. The Debtors have only listed each payment on the response to Statement 4 for the Debtor entity that disbursed the payment. The payments disclosed in Statement 4 are based on payments made by the Debtors with payment dates from August 15, 2022 through August 14, 2023. The actual dates that cash cleared the

Debtors' Bank Accounts were not considered.  The Debtors' accounts payable system does not include the corresponding payment clear dates and compiling this data would have required a significant manual review of individual bank statements.  It is expected, however, that many payments included in Statement 4 have payment clear dates that are the same as payment dates (*e.g.*, wires and other forms of electronic payments).

With respect to intercompany transfers, given the volume of transfers and nature of noncash accounting adjustments, it would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to separate and list such claims on an individual basis.  Rather, the Debtors have provided intercompany balances as of the Petition Date on the Schedules for each Debtor, as applicable.

Payments listed in Statement 4 that were made by Prime Trust on behalf of other Debtor entities are listed solely in Statement 4 for Prime Trust.

The inclusion of a party as an "insider" is not intended to be, nor should be, construed as a legal characterization of such party as an "insider" and does not act as an admission of any fact, claim, right, or defense, and any such rights, Claims, and defenses are hereby expressly reserved.

**Statement 6**.  *See* Global Note 11(r) for setoffs.

**Statement 7**.  The Debtors have made reasonable attempts to identify legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits including the review of available books and records, conducting lien searches, conducting searches of court and judicial records in relevant jurisdictions, and otherwise reviewing publicly available information. Despite the efforts conducted to identify all such actions, it is likely that there are other ending actions not yet identified or reported herein. The Debtors reserve all rights to revise, amend, supplement and/or adjust Question 7 in this regard. Additionally, certain lawsuits alleging prepetition conduct have been filed after the Petition Date. Such lawsuits are likely in violation of the automatic stay pursuant to section 362 of the Bankruptcy Code and, in any event, are not responsive to Statement Question 7 and, as such, are not included in the Debtor' responses. SOFA 7 does not include threatened litigation involving the Debtors.  Schedule E/F does not include any demand letters the Debtors may have received.

**Statement 11**.  Although the services of any entity who provided a Debtor with consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date were provided for the benefit of all the Debtors, the payments for such services were made by Prime Trust and are therefore listed on Prime Trust's response to Statement 11.

Additional information regarding the Debtors' retention of professional service firms is more fully described in individual retention applications and related orders.

**Statement 16**.  *See* Global Note 11(c) with respect to personally identifiable information of the Debtors' Employees and Reacted Customers.

**Statement 21**.  There has not yet been a determination as to whether certain cryptocurrency and/or fiat held in any custody accounts are general unsecured claims or property of the estate, and the Debtors reserve all rights with respect to any such determination.

**Statement 25**.  Statement 25 lists the Debtors' interest in Banq Inc. ("Banq").  Banq filed for chapter 11 in the United States Bankruptcy Court for the District of Nevada on June 13, 2023.  *See In re Banq Inc.*, Case No. 23-12378 (NMC) (Bankr. D. Nev.).  On June 27, 2023, Banq filed a list of equity security holders in connection with its chapter 11 case, which lists Prime Trust's percentage ownership in Banq as 1.6%.  *See id.*, at Docket No. 42.  In the ordinary course, interests held by Prime Trust are transferred to Prime Core.  For purposes of Statement 25, any such interests are reported on the Schedules and Statements of Prime Core Technologies Inc., including the Debtors' interest in Banq.  Statement 25 also lists the Debtors' interest in Issuance Inc.  As of July 23, 2021, the Debtors had a 2.79% ownership interest in Issuance Inc. on a fully-diluted basis. The Debtors are in the process of obtaining the current fair market value and percentage of ownership in Issuance Inc. the Debtors hold a money market account at JP Morgan, invests in the 100% US Treasury Securities Money Market Fund.

**Statement 26**.  In the ordinary course of business, the Debtors provided, or may have provided, financial statements and related information to various entities, including as described below.

Prime Trust is required to submit quarterly Money Service Business (MSB) Call Reports (the "Call Reports") to maintain its money transmitter licenses (the "MTLs").  The Call Reports contain a summary of Prime Trust's financial statements.  Prime Trust complies with the Call Reports and, with the assistance of Ankura (f/k/a Chartwell Compliance), submits the Call Reports through the Nationwide Mortgage Licensing System (NMLS) Uniform Authorized Agent Reporting (UAAR) process. This process allows Prime Trust to submit one Call Report to multiple regulatory agencies in the states in which Prime Trust holds MTLs.  In addition, as part of the MTL approval process, some states request financial information from Prime Trust.  The Debtors are not able to determine which state regulatory bodies may or may not have requested and/or received financial information.  In Statement 26, Prime Trust has included the primary regulatory bodies in the states in which it maintains MTLs or has attempted to obtain an MTL, as well as the Nevada Financial Institutions Division, which issued Prime Trust's Nevada Trust Charter.  Additionally, Prime Trust is a FinCEN-registered Money Services Business.

In connection with establishing banking relationships, Prime Trust may have been required to provide financial statements to current, former, or prospective banking institutions. The Debtors are unable to determine which banks may or may not have requested and received the financial statements. A listing of the Debtors' current banking partners can be found in the Cash Management Motion and a list of the Debtors' banking partners over the past 12 months is included in Statement 18.

In connection with their prepetition capital raises, the Debtors may have provided financial statements to current, former, or prospective shareholders. The Debtors are unable to determine which investors or potential investors requested and/or received such information.

**Statement 30**.  Any and all known disbursements to insiders have been listed in response to Statement 4.

**Statement 31**.  Various Debtor limited liability companies (each, an "LLC") are disregarded for tax purposes.  Income generated by an LLC is consolidated at a higher reporting unit level.

<center>

***END OF GLOBAL NOTES***

**SCHEDULES AND STATEMENTS BEGIN ON THE FOLLOWING PAGE**

</center>

DM_US 199613942-6.121647.0012

**Fill in this information to identify the case:**

Debtor name: **Prime IRA LLC**

United States Bankruptcy Court for the: **District of Delaware**

Case number: **23-11164**

☐ **Check if this is an amended filing**

Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

**1. Schedule A/B: Assets - Real and Personal Property** (Official Form 206A/B)

1a. **Real property:**
　　Copy line 88 from Schedule A/B ............................................................. $0.00

1b. **Total personal property:**
　　Copy line 91A from Schedule A/B ............................................................ $0.00

1c. **Total of all property:**
　　Copy line 92 from Schedule A/B .............................................................. $0.00

**2. Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D ............ $0.00

**3. Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

3a. **Total claim amounts of priority unsecured claims:**
　　Copy the total claims from Part 1 from line 5a of Schedule E/F .............................. $0.00

3b. **Total amount of claims of nonpriority amount of unsecured claims:**
　　Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F ............. $0.00

**4. Total Liabilities**
Lines 2 + 3a + 3b ............................................................................ $0.00

**Fill in this information to identify the case:**

Debtor name: Prime IRA LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 23-11164

☐ **Check if this is an amended filing**

## Official Form 206A/B

## Schedule A/B: Assets — Real and Personal Property 12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1:    Cash and Cash Equivalents

**1. Does the debtor have any cash or cash equivalents?**

☑ No. Go to Part 2.

☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

**2. Cash on hand**

2.1 _____ | $0.00

**3. Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account #

3.1 _____ | _____ | _____ | $0.00

**4. Other cash equivalents** *(Identify all)*

4.1 _____ | $0.00

**5. Total of Part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80. | $0.00

### Part 2:    Deposits and prepayments

**6. Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.

☐ Yes. Fill in the information below.

**7. Deposits, including security deposits and utility deposits**
Description, including name of holder of deposit

| | Current value of debtor's interest |
|---|---|
| 7.1 | $0.00 |

**8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
Description, including name of holder of prepayment

| | |
|---|---|
| 8.1 | $0.00 |

**9. Total of Part 2**

Add lines 7 through 8. Copy the total to line 81.                                                          $0.00

---

**Part 3:   Accounts receivable**

**10. Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**11. Accounts receivable**

| | | | | |
|---|---|---|---|---|
| 11a. | 90 days old or less: | ___ face amount ___ − ___ doubtful or uncollectible accounts ___ | = ........ ➜ | $0.00 |
| 11b. | Over 90 days old: | ___ face amount ___ − ___ doubtful or uncollectible accounts ___ | = ........ ➜ | $0.00 |

**12. Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.                         $0.00

---

**Part 4:   Investments**

**13. Does the debtor own any investments?**

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14. Mutual funds or publicly traded stocks not included in Part 1**
Name of fund or stock:

| | | |
|---|---|---|
| 14.1 | | $0.00 |

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**
Name of entity:                  % of ownership:

| | | | |
|---|---|---|---|
| 15.1 | | | $0.00 |

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

16.1 _____    _____    $0.00

**17. Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.                                              $0.00

**Part 5:    Inventory, excluding agriculture assets**

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| 19.1 | | | | $0.00 |
| **20. Work in progress** | | | | |
| 20.1 | | | | $0.00 |
| **21. Finished goods, including goods held for resale** | | | | |
| 21.1 | | | | $0.00 |
| **22. Other inventory or supplies** | | | | |
| 22.1 | | | | $0.00 |

**23. Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.                                             $0.00

**24. Is any of the property listed in Part 5 perishable?**

☐ No

☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes    Book value _____    Valuation method _____    Current value _____

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 6:**    **Farming and fishing-related assets (other than titled motor vehicles and land)**

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | | | |
| 28.1 | | | $0.00 |
| **29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish | | | |
| 29.1 | | | $0.00 |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| 30.1 | | | $0.00 |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| 31.1 | | | $0.00 |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| 32.1 | | | $0.00 |

**33. Total of Part 6**

Add lines 28 through 32. Copy the total to line 85.

$0.00

**34. Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

       ☐ No

       ☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes    Book value _____    Valuation method _____    Current value _____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 7:    Office furniture, fixtures, and equipment; and collectibles

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. Office furniture** | | | |
| 39.1 | | | $0.00 |
| **40. Office fixtures** | | | |
| 40.1 | | | $0.00 |
| **41. Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 41.1 | | | $0.00 |
| **42. Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 | | | $0.00 |

**43. Total of Part 7**

Add lines 39 through 42. Copy the total to line 86.                                              $0.00

**44. Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 8:    Machinery, equipment, and vehicles

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 | | | $0.00 |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 | | | $0.00 |

**49. Aircraft and accessories**

49.1

$0.00

**50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

50.1

$0.00

**51. Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

$0.00

**52. Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 9:  Real Property

**54. Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 | | | | $0.00 |

**56. Total of Part 9.**

Add the current value of all lines in question 55 and entries from any additional sheets. Copy the total to line 88.

$0.00

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 10:  Intangibles and intellectual property

**59. Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1 | | | $0.00 |
| **61. Internet domain names and websites** | | | |
| 61.1 | | | $0.00 |
| **62. Licenses, franchises, and royalties** | | | |
| 62.1 | | | $0.00 |
| **63. Customer lists, mailing lists, or other compilations** | | | |
| 63.1 | | | $0.00 |
| **64. Other intangibles, or intellectual property** | | | |
| 64.1 | | | $0.00 |
| **65. Goodwill** | | | |
| 65.1 | | | $0.00 |

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

| | $0.00 |
|---|---|

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☐ No

☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Part 11: | **All other assets** |
|---|---|

**70. Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☑ No. Go to Part 12.

☐ Yes. Fill in the information below.

|  |
| --- |
| **Current value of debtor's interest** |

**71. Notes receivable**

Description (include name of obligor)

71.1

|                          | total face amount | doubtful or uncollectible amount | = ➔ | $0.00 |

**72. Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

72.1

Tax year _____   $0.00

**73. Interests in insurance policies or annuities**

73.1

$0.00

**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

74.1

$0.00

Nature of Claim _____

Amount requested _____

**75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1

$0.00

Nature of Claim _____

Amount requested _____

**76. Trusts, equitable or future interests in property**

76.1

$0.00

**77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership

77.1

$0.00

**78. Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.

| $0.00 |

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 12:    Summary**

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80. Cash, cash equivalents, and financial assets.** Copy line 5, Part 1. | $0.00 | |
| **81. Deposits and prepayments.** Copy line 9, Part 2. | $0.00 | |
| **82. Accounts receivable.** Copy line 12, Part 3. | $0.00 | |
| **83. Investments.** Copy line 17, Part 4. | $0.00 | |
| **84. Inventory.** Copy line 23, Part 5. | $0.00 | |
| **85. Farming and fishing-related assets.** Copy line 33, Part 6. | $0.00 | |
| **86. Office furniture, fixtures, and equipment; and collectibles.** Copy line 43, Part 7. | $0.00 | |
| **87. Machinery, equipment, and vehicles.** Copy line 51, Part 8. | $0.00 | |
| **88. Real property.** Copy line 56, Part 9. | ➔ | $0.00 |
| **89. Intangibles and intellectual property..** Copy line 66, Part 10. | $0.00 | |
| **90. All other assets.** Copy line 78, Part 11. | $0.00 | |
| **91. Total. Add lines 80 through 90 for each column** | 91a. $0.00 | 91b. $0.00 |

**92. Total of all property on Schedule A/B.** Lines 91a + 91b = 92.    $0.00

**Fill in this information to identify the case:**

Debtor name: Prime IRA LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 23-11164

☐ Check if this is an amended filing

## Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

**Be as complete and accurate as possible.**

**Part 1:    List Creditors Who Have Claims Secured by Property**

**1. Do any creditors have claims secured by debtor's property?**

☑ No. Check this box and submit page 1 of this form to the court with debtor`s other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in the information below.

**2. List creditors who have secured claims.**If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | *Column A* **Amount of Claim** Do not deduct the value of collateral. | *Column B* **Value of collateral that supports this claim** |
|---|---|---|---|
| 2.1 | **Describe debtor's property that is subject to the lien:** | $0.00 | |
| **Date debt was incurred?** | | | |
| **Last 4 digits of account number** | **Describe the lien** | | |
| **Do multiple creditors have an interest in the same property?** ☐ No ☐ Yes. Specify each creditor, including this creditor, and its relative priority. | **Is the creditor an insider or related party?** ☐ No ☐ Yes **Is anyone else liable on this claim?** ☐ No ☐ Yes. Fill out Schedule H: Codebtors(Official Form 206H) **As of the petition filing date, the claim is:** Check all that apply. ☐ Contingent ☐ Unliquidated ☐ Disputed | | |

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**          $0.00

Debtor  Prime IRA LLC
        Name

Case number *(if known)* 23-11164

| Part 2: | List Others to Be Notified for a Debt That You Already Listed |

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| 3.1 | | |

**Fill in this information to identify the case:**

Debtor name: Prime IRA LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 23-11164

☐ Check if this is an amended filing

Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---|---|

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☐ No. Go to Part 2.

☑ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  | Total claim | Priority amount |
|---|---|---|

**2.1**

Arizona Department of Revenue
Attn: Customer Care
PO Box 29086
Phoenix, AZ 85038

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( 8 )

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
Taxes

**Is the claim subject to offset?**
☑ No
☐ Yes

Total claim: Undetermined
Priority amount: Undetermined

**2.2**

Arkansas Secretary of State
500 Woodlane St, State Capitol, Suite 256
Little Rock, AR 72201

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( 8 )

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
Taxes

**Is the claim subject to offset?**
☑ No
☐ Yes

Total claim: Undetermined
Priority amount: Undetermined

**2.3**

City of Aurora
15151 E Alameda Pkwy
Aurora, CO 80012

_____
**Date or dates debt was incurred**

_____
**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( __8__ )

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
Taxes

**Is the claim subject to offset?**
☑ No
☐ Yes

Undetermined          Undetermined

**2.4**

Connecticut Department of Revenue Services
450 Columbus Blvd
Hartford, CT 06103

_____
**Date or dates debt was incurred**

_____
**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( __8__ )

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
Taxes

**Is the claim subject to offset?**
☑ No
☐ Yes

Undetermined          Undetermined

**2.5**

DC Office of Tax and Revenue
1101 4th St SW #270
Washington, DC 20024

_____
**Date or dates debt was incurred**

_____
**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( __8__ )

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
Taxes

**Is the claim subject to offset?**
☑ No
☐ Yes

Undetermined          Undetermined

**2.6**

Georgia Dept. of Revenue
PO Box 740387
Atlanta, GA 30374

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( 8 )

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
Taxes

**Is the claim subject to offset?**
☑ No
☐ Yes

Undetermined                    Undetermined

**2.7**

Illinois Department of Revenue
Willard Ice Building, 101 W Jefferson St
Springfield, IL 62629

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( 8 )

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
Taxes

**Is the claim subject to offset?**
☑ No
☐ Yes

Undetermined                    Undetermined

**2.8**

Internal Revenue Service
Box 7704
San Francisco, CA 94120

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( 8 )

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
Taxes

**Is the claim subject to offset?**
☑ No
☐ Yes

Undetermined                    Undetermined

**2.9**

Iowa Department of Revenue
1305 E Walnut St, 4th Floor
Des Moines, IA 50319

_____
**Date or dates debt was incurred**

_____
**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( _8_ )

**As of the petition filing date, the claim is:**
*Check all that apply.*

☑ Contingent

☑ Unliquidated

☑ Disputed

**Basis for the claim:**
Taxes

**Is the claim subject to offset?**

☑ No

☐ Yes

Undetermined     Undetermined

**2.10**

Kansas Department of Revenue
1883 W 21st St
Wichita, KS 67203

_____
**Date or dates debt was incurred**

_____
**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( _8_ )

**As of the petition filing date, the claim is:**
*Check all that apply.*

☑ Contingent

☑ Unliquidated

☑ Disputed

**Basis for the claim:**
Taxes

**Is the claim subject to offset?**

☑ No

☐ Yes

Undetermined     Undetermined

**2.11**

Lower Merion Township
75 E Lancaster Ave
Ardmore, PA 19003

_____
**Date or dates debt was incurred**

_____
**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( _8_ )

**As of the petition filing date, the claim is:**
*Check all that apply.*

☑ Contingent

☑ Unliquidated

☑ Disputed

**Basis for the claim:**
Taxes

**Is the claim subject to offset?**

☑ No

☐ Yes

Undetermined     Undetermined

2.12

Michigan Department of Treasury - Collection Services
Bureau
PO Box 30199
Lansing, MI 48909

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured
claim:**
11 U.S.C. § 507(a) ( 8 )

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
Taxes

**Is the claim subject to offset?**
☑ No
☐ Yes

Undetermined          Undetermined

2.13

Minnesota Department of Revenue
600 Robert St N
St Paul, MN 55101

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured
claim:**
11 U.S.C. § 507(a) ( 8 )

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
Taxes

**Is the claim subject to offset?**
☑ No
☐ Yes

Undetermined          Undetermined

2.14

Mississippi Department of Revenue
500 Clinton Center Dr
Clinton, MS 39056

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured
claim:**
11 U.S.C. § 507(a) ( 8 )

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
Taxes

**Is the claim subject to offset?**
☑ No
☐ Yes

Undetermined          Undetermined

2.15

Nevada Department of Taxation
Attn: Commerce Tax Remittance
PO Box 51180
Los Angeles, CA 90051-5480

**As of the petition filing date, the claim is:**
*Check all that apply.*

☑ Contingent

☑ Unliquidated

☑ Disputed

Undetermined            Undetermined

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( 8 )

**Basis for the claim:**
Taxes

**Is the claim subject to offset?**

☑ No

☐ Yes

2.16

New Mexico Taxation & Revenue Department
PO Box 25127
Santa Fe, NM 87504

**As of the petition filing date, the claim is:**
*Check all that apply.*

☑ Contingent

☑ Unliquidated

☑ Disputed

Undetermined            Undetermined

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( 8 )

**Basis for the claim:**
Taxes

**Is the claim subject to offset?**

☑ No

☐ Yes

2.17

NJ Division of Employer Accounts
PO Box 059
Trenton, NJ 08625

**As of the petition filing date, the claim is:**
*Check all that apply.*

☑ Contingent

☑ Unliquidated

☑ Disputed

Undetermined            Undetermined

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( 8 )

**Basis for the claim:**
Taxes

**Is the claim subject to offset?**

☑ No

☐ Yes

2.18

| | | | |
|---|---|---|---|
| North Carolina Department of Revenue<br>3500 Latrobe Dr, Ste 300<br>Charlotte, NC 28211 | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed | Undetermined | Undetermined |
| **Date or dates debt was incurred** | **Basis for the claim:**<br>Taxes | | |
| **Last 4 digits of account number** | | | |
| **Specify Code subsection of PRIORITY unsecured claim:**<br>11 U.S.C. § 507(a) ( **8** ) | **Is the claim subject to offset?**<br>☑ No<br>☐ Yes | | |

2.19

| | | | |
|---|---|---|---|
| Office of State Tax Commissioner<br>600 E. Boulevard Ave., Dept. 127<br>Bismarck, ND 58505 | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed | Undetermined | Undetermined |
| **Date or dates debt was incurred** | **Basis for the claim:**<br>Taxes | | |
| **Last 4 digits of account number** | | | |
| **Specify Code subsection of PRIORITY unsecured claim:**<br>11 U.S.C. § 507(a) ( **8** ) | **Is the claim subject to offset?**<br>☑ No<br>☐ Yes | | |

2.20

| | | | |
|---|---|---|---|
| Ohio Department of Taxation<br>4485 Northland Ridge Blvd<br>Columbus, OH 43229 | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed | Undetermined | Undetermined |
| **Date or dates debt was incurred** | **Basis for the claim:**<br>Taxes | | |
| **Last 4 digits of account number** | | | |
| **Specify Code subsection of PRIORITY unsecured claim:**<br>11 U.S.C. § 507(a) ( **8** ) | **Is the claim subject to offset?**<br>☑ No<br>☐ Yes | | |

2.21

PA Department of Revenue
PO Box 280431
Harrisburg, PA 17128

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( 8 )

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
Taxes

**Is the claim subject to offset?**
☑ No
☐ Yes

Undetermined                Undetermined

2.22

South Carolina Department of Revenue
300 A Outlet Pointe Blvd
Columbia, SC 29210

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( 8 )

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
Taxes

**Is the claim subject to offset?**
☑ No
☐ Yes

Undetermined                Undetermined

2.23

State of California
c/o Withholding Services and Compliance MS-F182
Franchise Tax Board
PO Box 942867
Sacramento, CA 94267

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( 8 )

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
Taxes

**Is the claim subject to offset?**
☑ No
☐ Yes

Undetermined                Undetermined

2.24

State of Delaware
820 N French St
Carvel State Office Building
Wilmington, DE 19801

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( 8 )

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
Taxes

**Is the claim subject to offset?**
☑ No
☐ Yes

Undetermined                Undetermined

2.25

State of Massachusetts
Attn: Massachusetts Western Regional Office
1 Federal St Building 103-2
Springfield, MA 01105

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( 8 )

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
Taxes

**Is the claim subject to offset?**
☑ No
☐ Yes

Undetermined                Undetermined

2.26

Texas Comptroller of Public Accounts
PO Box 149348
Austin, TX 78714

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( 8 )

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
Taxes

**Is the claim subject to offset?**
☑ No
☐ Yes

Undetermined                Undetermined

2.27

Virginia Department of Taxation
PO Box 1498
Richmond, VA 23218

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( _8_ )

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
Taxes

**Is the claim subject to offset?**
☑ No
☐ Yes

___Undetermined___    ___Undetermined___

2.28

West Virginia Tax Division
PO Box 2389
Charleston, WV 25328

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( _8_ )

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
Taxes

**Is the claim subject to offset?**
☑ No
☐ Yes

___Undetermined___    ___Undetermined___

**Part 2:    List All Creditors with NONPRIORITY Unsecured Claims**

**3. List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | Amount of claim |
|---|---|

3.1

**Date or dates debt was incurred**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**
☐ No
☐ Yes

___$0.00___

Debtor Prime IRA LLC
Name

Case number *(If known)* 23-11164

---

**Part 3:** List Others to Be Notified About Unsecured Claims

---

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| 4.1 | Line | |
| | ☐ Not listed. Explain | |

---

**Part 4:** Total Amounts of the Priority and Nonpriority Unsecured Claims

---

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | Total of claim amounts |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $0.00 |
| 5b. **Total claims from Part 2** | 5b. | $0.00 |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $0.00 |

**Fill in this information to identify the case:**

Debtor name: Prime IRA LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 23-11164

☐ Check if this is an amended filing

Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

**Schedule G:**    **Executory Contracts and Unexpired Leases**

**1. Does the debtor have any executory contracts or unexpired leases?**

☑ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☐ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|

2.1  **State what the contract or lease is for and the nature of the debtor's interest**
_____
**State the term remaining**
_____
**List the contract number of any government contract**
_____

_____

**Fill in this information to identify the case:**

Debtor name: Prime IRA LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 23-11164

☐ **Check if this is an amended filing**

## Official Form 206H

## Schedule H: Codebtors

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Does the debtor have any codebtors?**

☑ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☐ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G*.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| Name | Mailing Address | Name | Check all schedules that apply: |
| 2.1 | | | ☐ D |
| | | | ☐ E/F |
| | | | ☐ G |

**Fill in this information to identify the case:**

Debtor name: Prime IRA LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 23-11164

☐ Check if this is an amended filing

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☑ *Schedule H: Codebtors* (Official Form 206H)
- ☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a _____ declaration

I declare under penalty of perjury that the foregoing is true and correct.

| 9/22/2023 | /s/ Timothy Bowman |
|---|---|
| Executed on | Signature of individual signing on behalf of debtor |
| | Timothy Bowman |
| | Printed name |
| | Chief Financial Officer |
| | Position or relationship to debtor |