**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |

**NOTICE OF BAR DATES FOR ADMINISTRATIVE EXPENSE CLAIMS**

**TO: ALL PERSONS OR ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES:**

| DEBTOR | CASE NO. |
|---|---|
| Prime Core Technologies Inc. | 23-11161 (JKS) |
| Prime Trust, LLC | 23-11162 (JKS) |
| Prime IRA LLC | 23-11164 (JKS) |
| Prime Digital, LLC | 23-11168 (JKS) |

On August 14, 2023 (the "Petition Date"), the above-listed debtor entities (the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court"). On September 19, 2023, the Court entered an order [Docket No. 164] (the "Bar Date Order")[2] establishing October 22, 2023 as the last date and time for each person to file an administrative expense claim based on claims against the Debtors arising under Bankruptcy Code sections 363, 364(c)(1), 365, or 503(b) (the "Administrative Expense Claims Bar Date") in respect of any postpetition claim (as defined in Bankruptcy Code section 101(5)) arising between August 14, 2023 and September 15, 2023 against the Debtors.

The Administrative Claims Expense Bar Date and the procedures set forth below for filing an Administrative Expense Claim (the "Procedures") apply to all claims against the Debtors that arose or accrued after August 14, 2023 (the "Petition Date"), through and including the date of this notice. The Administrative Expense Claims Bar Date applies to all such Administrative Expense Claims whether or not such Administrative Expense Claims continue to accrue after the date of this notice.

Under Bankruptcy Code section 101(5) and as used in this notice, the word "claim" means a right to (a) a payment, whether such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether such right to an

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Bar Date Order.

equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

1. **WHAT IS AN ADMINISTRATIVE EXPENSE CLAIM**

As used herein, the term "Administrative Expense Claim" means a claim allowable under Bankruptcy Code sections 503(b) and/or 507(a) from the Petition Date arising between August 14, 2023 and September 15, 2023, including claims asserted under section 503(b)(9), *provided, however*, that such Administrative Expense Claims shall not include claims for the fees and expenses of professionals retained in these Chapter 11 Cases or professionals requesting compensation pursuant to sections 326, 327, 328, 330, 331, 363, and 503(b) of the Bankruptcy Code.

2. **WHAT TO FILE**

A creditor may seek payment of an Administrative Expense Claim only through either a written application or a written motion filed with the Court.

IF YOU ARE ASSERTING AN ADMINISTRATIVE EXPENSE CLAIM AGAINST MORE THAN ONE DEBTOR, SEPARATE APPLICATIONS OR MOTIONS MUST BE FILED AGAINST EACH SUCH DEBTOR.  A LIST OF THE NAMES OF THE DEBTORS AND THEIR CASE NUMBERS IS SET FORTH ABOVE.

3. **WHEN AND WHERE TO FILE**

Any Administrative Expense Claim must be filed with the Court and delivered by first-class mail, overnight delivery, or hand delivery to Debtors' counsel at the appropriate addresses below, so as to be received on or before the Administrative Expense Claims Bar Date: (a) McDermott Will & Emery LLP, c/o Maris J. Kandestin, 1000 N. West Street, Suite 1400, Wilmington, DE 19801; (b) McDermott Will & Emery LLP, c/o Darren Azman, Joseph B. Evans, and Greer Griffith, One Vanderbilt Avenue, New York, NY 10017; and (c) McDermott Will & Emery LLP, c/o Gregg Steinman, 333 SE 2nd Avenue, Suite 4500, Miami, FL 33131.

4. **WHO NEED NOT FILE AN ADMINISTRATIVE EXPENSE CLAIM**

You do not need to file an Administrative Expense Claim on or before the Administrative Expense Claims Bar Date if you are:

(a) a person or entity that has already filed an Administrative Expense Claim against the Debtors;

(a) a person whose claim has been paid in full;

(b) a holder of a claim that heretofore has been allowed by an order of the Court;

(c) a holder of a claim for which a separate deadline to file a Proof of Claim has been fixed by the Court;

(d) a person that has already filed a Proof of Claim against the Debtors in these Chapter 11 Cases in a form substantially similar to Official Bankruptcy Form 410; or

(e) a professional retained under the Bankruptcy Code.

This notice may be sent to many persons that have had some relationship with or have done some business with the Debtors, but that may not have an administrative expense claim against the Debtors. The fact that you have received this notice does not mean that you have an administrative expense claim against the Debtors or that the Court or the Debtors believe that you have an administrative expense claim against the Debtors.

**5.    CONSEQUENCES OF FAILURE TO TIMELY FILE AN ADMINISTRATIVE EXPENSE CLAIM BY THE ADMINISTRATIVE EXPENSE CLAIMS BAR DATE**

**ANY HOLDER OF AN ADMINISTRATIVE EXPENSE CLAIM THAT FAILS TO TIMELY FILE AN APPLICATION OR MOTION FOR THE ALLOWANCE OF AN ADMINISTRATIVE EXPENSE CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH ALLEGED CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CHAPTER 11 CASES AND FOR PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH ALLEGED CLAIM.**

**6.    RESERVATION OF RIGHTS**

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

**A holder of a possible claim against the Debtors should consult an attorney if such holder has any questions regarding this Notice, including whether the holder should file a Proof of Claim.**

Dated: September 22, 2023              **BY ORDER OF THE COURT**

   Wilmington, Delaware

| MCDERMOTT WILL & EMERY LLP | | |
|---|---|---|
| Maris J. Kandestin (No. 5294)<br>1000 N. West Street, Suite 1400<br>Wilmington, Delaware 19801<br>Telephone: (302) 485-3900<br>Facsimile: (302) 351-8711<br>Email: mkandestin@mwe.com | Darren Azman<br>Joseph B. Evans<br>Greer Griffith<br>One Vanderbilt Avenue<br>New York, New York 10017-3852<br>Telephone: (212) 547-5400<br>Facsimile: (646) 547-5444<br>Email: dazman@mwe.com<br>       jbevans@mwe.com<br>       ggriffith@mwe.com | Gregg Steinman<br>333 SE 2nd Avenue, Suite 4500<br>Miami, Florida 33131<br>Telephone: (305) 358-3500<br>Facsimile: (305) 347-6500<br>Email: gsteinman@mwe.com |
| *Proposed Counsel to the Debtors and Debtors in Possession* | | |