## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>PRIME CORE TECHNOLOGIES INC., *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>) <br>) Case No. 23-11161 (JKS)<br>) <br>) (Jointly Administered)<br>) <br>) <u>Hearing Date</u>:<br>) October 18, 2023, at 2:00 p.m. (ET)<br>) <br>) <u>Objection Deadline</u>:<br>) October 11, 2023, at 4:00 p.m. (ET) |

**APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT
AND RETENTION OF BROWN RUDNICK LLP AS COUNSEL FOR
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PRIME
CORE TECHNOLOGIES INC., ET AL., *NUNC PRO TUNC* TO AUGUST 31, 2023**

The Official Committee of Unsecured Creditors (the "Committee") of Prime Core Technologies Inc., and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned cases (the "Cases"), hereby submits this application (the "Application") for entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing and approving the retention and employment of Brown Rudnick LLP ("Brown Rudnick") as counsel to the Committee in connection with these Cases, effective as of August 31, 2023, pursuant to sections 328 and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of the Application, the Committee submits the declaration of Robert J. Stark (the "Stark Declaration"), a partner of Brown Rudnick, attached hereto as **Exhibit B** and

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). Prime Trust, LLC's service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

incorporated herein by reference.  In further support of the Application, the Committee respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

## BACKGROUND

3. On August 14, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.

4. The Debtors continue to manage and operate their businesses as debtors-in-possession under sections 1107 and 1108 of the Bankruptcy Code.  No Trustee or examiner has been requested or appointed in these Cases.

5. On August 29, 2023, the Office of the United States Trustee (the "U.S. Trustee") filed the *Notice of Appointment of Official Committee of Unsecured Creditors* (the "Appointment Notice") [Docket No. 51].

6. On August 31, 2023, the Committee selected Brown Rudnick to serve as its counsel.

## SERVICES TO BE RENDERED

7. In its role as counsel to the Committee, Brown Rudnick will be responsible for representing the Committee in all aspects of these Cases, including all aspects of bankruptcy

litigation and overall case strategy. The professional services to be provided by Brown Rudnick to the Committee include, but are not limited to, the following:

a. assisting, advising, and representing the Committee in its meetings, consultations and negotiations with the Debtors and other parties in interest regarding the administration of these Cases;

b. assisting, advising, and representing the Committee in understanding its powers and its duties under the Bankruptcy Code and the Bankruptcy Rules and in performing other services as are in the interests of those represented by the Committee;

c. assisting with the Committee's review of the Debtors' Schedules of Assets and Liabilities, Statement of Financial Affairs and other financial reports prepared by or on behalf of the Debtors;

d. assisting the Committee's investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtors and its affiliates, including certain transactions preceding the bankruptcy filing and the formation of the Debtors;

e. assisting and advising the Committee regarding the identification and prosecution of estate claims and causes of action;

f. assisting and advising the Committee in its review and analysis of, and negotiations with the Debtors and any counterparties related to, any potential sale or restructuring transactions;

g. reviewing and analyzing all applications, motions, complaints, orders, and other pleadings filed with the Court by the Debtors or third parties, and advising the Committee as to their propriety and, after consultation with the Committee, taking any appropriate action;

h. preparing necessary applications, motions, answers, orders, reports, and other legal papers on behalf of the Committee, and pursuing or participating in contested matters and adversary proceedings as may be necessary or appropriate in furtherance of the Committee's duties, interest, and objectives;

i. representing the Committee at hearings held before the Court and communicating with the Committee regarding the issues raised, and the decisions of the Court;

j. assisting, advising, and representing the Committee in connection with the review of filed proofs of claim and reconciliation of or objections to such proofs of claim and any claims estimation proceedings;

k. assisting, advising, and representing the Committee in their participation in the negotiation, formulation, and drafting of a plan of reorganization/liquidation;

l. assisting, advising, and representing the Committee with respect to its communications with the general creditor body regarding significant matters in these Cases;

m. responding to inquiries from individual creditors as to the status of, and developments in, these Cases; and

n. providing such other services to the Committee as may be necessary in these Cases or any related proceedings.

8. The Committee has informed Brown Rudnick, and Brown Rudnick understands, that the Committee is planning on filing retention applications for other professionals in these Cases. In particular, the Committee determined it was in creditors' best interest to retain Womble Bond Dickinson (US) LLP, as its Delaware co-counsel, and Province LLC, as its financial advisor.

**PROFESSIONAL FEES AND COMPENSATION**

9. Subject to this Court's approval, and in accordance with sections 330 and 331 of the Bankruptcy Code and any orders of the Court, Brown Rudnick will charge for its legal services as counsel to the Committee on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, and for its actual, reasonable and necessary out-of-pocket disbursements incurred in connection therewith, as set forth in the Stark Declaration. The current hourly rates of Brown Rudnick professionals are in the following ranges:[2]

| **Professional** | **Rate Per Hour** |
|---|---|
| Partners | $750 - $2,250 |
| Counsel | $290 - $2,575 |
| Associates | $420 - $975 |
| Paralegals | $425 - $530 |

---

[2] As set forth in the Stark Declaration, pursuant to its ordinary practice, Brown Rudnick generally revises its rates on an annual basis. In the event that Brown Rudnick increases its standard hourly rates in its ordinary course of business during its retention in these Cases, prior to any increases to the rates set forth in this Application taking effect, Brown Rudnick shall provide ten (10) calendar days' notice to the Committee, the Debtors, and the U.S. Trustee, and shall file a notice of the increase of its standard hourly rates with the Court.

10. The Committee is advised that Brown Rudnick intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the applicable Bankruptcy Rules, the Local Rules, the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed Under United States Code by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 149], and further orders of this Court. Brown Rudnick will maintain detailed records of fees and expenses incurred in connection with the rendering of the professional services described above, in accordance with applicable rules and guidelines.

11. Consistent with Brown Rudnick's policy with respect to its other clients, Brown Rudnick will charge for all other services provided and for any other charges and disbursements incurred in the rendition of services. These charges and disbursements include, but are not limited to, business meals, photocopies, courier service, computer assisted research, docket and court filing fees, mail and express mail charges, messenger charges, document processing, telecommunications, travel, court reporting charges, and any other non-ordinary overhead expense such as overtime for secretarial personnel and other staff and any other incidental costs advanced by Brown Rudnick specifically for the representation of the Committee, in a manner and at rates consistent with charges made generally to Brown Rudnick's other clients. Photocopies and similar copies will be billed at a reduced rate of $0.10 per page.

12. Brown Rudnick has further advised the Committee that it intends to seek compensation for all time and expenses associated with the preparation of this Application to retain Brown Rudnick and related documents, and the preparation of monthly, interim, or final fee applications for Brown Rudnick. It will not bill for the defense of any fee applications. Brown

Rudnick agrees to charge non-working travel time at 50% of the non-working travel time actually incurred.

13. Brown Rudnick has agreed to accept as compensation such sums as may be allowed by the Court, including on the basis of the professional time spent, the rates charged for such services, the necessity of such services to the administration of the Debtors' estates, the reasonableness of the time within which the services were performed in relation to the results achieved, and the complexity, importance, and nature of the problems, issues or tasks addressed in these Cases.

14. Brown Rudnick has no agreement with any other entity to share any compensation received, nor will any be made.

## BROWN RUDNICK'S DISINTERESTEDNESS

15. The Committee has reviewed the Stark Declaration, including the "connections" to these Cases disclosed therein, as such term is used in Bankruptcy Rule 2014(a).

16. Notwithstanding any such connections, the Committee believes that Brown Rudnick is "disinterested," as that term is defined in section 101(14) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates with respect to the matters for which Brown Rudnick is to be employed, as required by section 328(c) of the Bankruptcy Code.

17. To the extent that issues arise that would cause the Committee to be adverse to any of Brown Rudnick's clients such that it would not be appropriate for Brown Rudnick to represent the Committee with respect to such matters, the Committee will engage conflicts counsel with respect to those matters.

18. Other than as described herein, insofar as Brown Rudnick has been able to ascertain, other than in connection with these Cases, neither Brown Rudnick nor any partner,

counsel or associate of Brown Rudnick, has any connection (connection being defined as a familial or professional relationship) with the Debtors, their creditors, or any other interested party herein, or their respective attorneys or accountants, or the United States Trustee or any person employed in the Office of the United States Trustee.

19. Brown Rudnick is conducting a continuing inquiry into matters that would affect its disinterested status. In the event additional disclosure is necessary, Brown Rudnick will promptly file a supplemental declaration with this Court setting forth any facts and circumstances relevant thereto.

## RELIEF REQUESTED

20. By this Application, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, pursuant to Bankruptcy Code sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the Committee to retain and employ Brown Rudnick as counsel in these Cases. The Committee seeks to retain Brown Rudnick effective as of August 31, 2023, the date the Committee selected Brown Rudnick as proposed counsel.

## BASIS FOR RELIEF

21. The Committee selected Brown Rudnick because of its extensive experience and knowledge of complex Chapter 11 matters, and believes Brown Rudnick is well qualified to represent the Committee in these Cases. For example, and as more fully described in the Stark Declaration, Brown Rudnick has represented official and unofficial committees and other prominent parties in many of the most complex and prominent Chapter 11 bankruptcy cases in recent years, including cases in this jurisdiction.

**NOTICE**

22.     Notice of this Application has been provided to (a) the Debtors; (b) counsel to the Debtors; (c) the U.S. Trustee; and (d) all parties requesting notices pursuant to Bankruptcy Rule 2002.  The Committee respectfully submits that no further notice is necessary under the circumstances.

**CONCLUSION**

WHEREFORE, for the reasons set forth in this Application and in the annexed Stark Declaration, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, authorizing the employment and retention of Brown Rudnick as counsel to the Committee effective as of August 31, 2023, and granting the Committee such other and further relief as may be just and proper.

Dated: September 27, 2023

Respectfully Submitted,

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

*/s/   Ruairi Donnelly*
Ruairi Donnelly on behalf of Polaris Ventures

*Co-Chair of the Official Committee of Unsecured Creditors*