## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Prime Core Technologies Inc., *et al.*,[1]<br><br>                              Debtors. | Chapter 11<br><br>Case No. 23-11161 (JKS)<br><br>**Obj. Deadline: Oct. 11, 2023 at 4 p.m. (ET)**<br>**Hearing Date: Oct. 18, 2023 at 2 p.m. (ET)** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING
THE DEBTORS TO RETAIN AND COMPENSATE PROFESSIONALS UTILIZED IN
THE ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF**

Prime Core Technologies Inc. and certain of its affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby move (the "Motion"), pursuant to sections 105(a), 327, 328, and 363 of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (a) authorizing the Debtors to retain and compensate the OCPs (as defined below) on a postpetition basis in accordance with the procedures set forth herein (the "OCP Procedures"), without the need for each OCP to file formal applications for retention and compensation; and (b) granting related relief. In support thereof, the Debtors respectfully represent as follows:

### JURISDICTION AND VENUE

1.  The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #04-153, Las Vegas, NV 89135.

*Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases and this Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

2.      The legal predicates for the relief requested herein are sections 105(a), 327, 328, and 363 of title 11 of the Bankruptcy Code.

3.      The Debtors confirm their consent, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with the Motion in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

I.      **The Chapter 11 Cases**

4.      On August 14, 2023 (the "Petition Date"), each Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). These cases have been jointly administered for procedural purposes only.

5.      The Debtors continue to manage their properties as debtors and debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6.      On August 29, 2023, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to Bankruptcy Code section 1102 (the "Committee") [Docket No. 51]. The Committee is comprised of the following unsecured creditors: (a) Yousef Abbasi; (b) Allsectech, Inc.; (c) DMG Blockchain Solutions, Inc.; Net Cents Technology, Inc.; (e) Polaris Ventures; (f) Stably Corporation; and (g) Austin Ward.

7. Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases, is set forth in the *Declaration of Jor Law, Interim Chief Executive Officer and President of Prime Core Technologies Inc., et al, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 14], which is incorporated by reference as if fully set forth herein.

## II.     The Ordinary Course Professionals

8. The Debtors employ various attorneys, accountants, auditors, consultants, tax professionals, and other professionals in the ordinary course of their businesses (such professionals, collectively, the "OCPs"). The OCPs provide services for the Debtors in a variety of matters unrelated to these Chapter 11 Cases, including specialized legal services, accounting services, and tax services. A nonexclusive list of the Debtors' current OCPs (the "OCP List") is annexed as **Annex 2** to the Proposed Order.[2]

9. The Debtors submit that the continued employment and compensation of the OCPs is in the best interests of the Debtors' estates, their creditors, and other parties in interest. The OCPs have significant knowledge, expertise, and familiarity with the Debtors and their businesses. Although the Debtors anticipate that the OCPs will wish to continue to represent the Debtors during these Chapter 11 Cases, many would not be in a position to do so if the Debtors were not able to compensate them on a regular basis. And, without such knowledge, expertise, and familiarity that the OCPs have, the Debtors undoubtedly would incur additional and unnecessary expenses in educating and retaining replacement professionals. Accordingly, the

---

[2] The Debtors reserve the right to retain additional OCPs from time to time during these Chapter 11 Cases, as the need arises, by filing a list or lists of such additional professionals and complying with the notice requirements set forth in the OCP Procedures.

Debtors' estates and their creditors are best served by avoiding any disruption in the professional services that the OCPs provided prior to the Petition Date. Moreover, in light of the number of OCPs, and the significant costs associated with the preparation of employment applications for professionals who will receive relatively modest fees, the Debtors submit that it would be impractical, inefficient, and costly for the Debtors and their legal advisors to prepare and submit individual applications and proposed retention orders for each OCP.

10. Although some of the OCPs may hold unsecured claims against the Debtors in connection with services rendered to the Debtors prepetition, the Debtors do not believe that any of the OCPs has an interest materially adverse to the Debtors, their creditors, or other parties in interest.

11. Accordingly, the Debtors request that the Court approve the following OCP Procedures for the retention and payment of the OCPs:

    a.    Within 28 days of the later of (i) the date of entry of the Proposed Order or (ii) the date on which an OCP commences work for the Debtors, such OCP shall cause a declaration of disinterestedness, substantially in the form annexed as **Annex 1** to the Proposed Order (each, a "Declaration of Disinterestedness"), to be filed with the Court and served upon: (A) proposed counsel to the Debtors, McDermott Will & Emery LLP, 1000 N. West Street, Suite 1400, Wilmington, DE 19801 (Attn: Maris J. Kandestin), and One Vanderbilt Avenue, New York, New York 10017 (Attn: Darren Azman; Joseph B. Evans; Greer Griffith), and 333 SE 2nd Avenue, Suite 4500, Miami, Florida 33131 (Attn: Gregg Steinman); (B) proposed counsel to the Committee, Brown Rudnick LLP, 7 Times Square, New York, NY 10036 (Attn: Robert Stark; Bennett Silverberg); (C) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: Joseph Cudia); and (D) any party that requests service pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). Each OCP shall periodically update its

          Declaration of Disinterestedness to the extent necessary to reflect new facts or circumstances relevant to its retention.

b.      The Notice Parties shall have 14 days after the date of filing of each OCP's Declaration of Disinterestedness (the "Objection Deadline") to object to the retention of such OCP. The objecting party shall file any such objection and serve such objection upon the Notice Parties and the respective OCP on or before the Objection Deadline. If any such objection cannot be resolved within 14 days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date that is no less than 14 days from that date or on a date otherwise agreeable to the parties. The Debtors shall not be authorized to retain and compensate such OCP until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.

c.      If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular OCP, the Debtors shall be authorized to: (i) retain such OCP as of the date such OCP commenced providing services to the Debtors; and (ii) compensate such OCP as set forth below.

d.      The Debtors shall be authorized to pay, without formal application to the Court by any OCP, 100% of fees and expenses to each of the OCPs retained by the Debtors pursuant to the OCP Procedures upon submission to the Debtors of a reasonably detailed billing statement indicating the nature of the services rendered and expenses incurred, calculated in accordance with such OCP's standard billing practices (without prejudice to the Debtors' normal right to dispute any such billing statements), for services rendered after the Petition Date; *provided* that fees paid to an OCP may not exceed the respective cap for such OCP (as set forth on the schedule annexed as **Annex 2** to the Proposed Order) per month on average over a rolling three month period (the "OCP Cap"). The OCP Caps may be increased by mutual agreement between the Debtors and the U.S. Trustee; *provided* that the Debtors shall file a notice with the Court and submit notice to the Notice Parties of any such agreed increase.

e.      To the extent that fees payable to any OCP exceed the applicable OCP Cap, the applicable OCP shall file a fee application (a "Fee Application") with the Court for the amount in excess of the applicable OCP Cap in accordance with Bankruptcy Code sections 330 and 331, the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), the Local Rules, the fee guidelines

    promulgated by the Office of the U.S. Trustee (unless the U.S. Trustee agrees otherwise), and any applicable orders of the Court.

  f. Beginning with the quarter ending December 31, 2023, and for each quarter thereafter during which these Chapter 11 Cases are pending, the Debtors shall within 30 days thereof file with the Court and serve on the Notice Parties a statement with respect to each OCP paid during the immediately preceding quarterly period (the "Quarterly Statement"). Each Quarterly Statement shall include: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported quarter; and (iii) a general description of the services rendered by that OCP.

  g. The Debtors reserve the right to retain additional OCPs from time to time during these Chapter 11 Cases by: (i) including such OCPs on an amended version of the OCP List that is filed with the Court and served on the Notice Parties; and (ii) having such OCPs comply with the OCP Procedures.

## RELIEF REQUESTED

12.  The Debtors seek entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing the Debtors to retain and compensate the OCPs on a postpetition basis in accordance with the OCP Procedures set forth herein without the need for each OCP to file formal applications for retention and compensation; and (b) granting related relief.

13.  For the reasons set forth herein, the Debtors submit that the relief requested is in the best interests of the Debtors, their estates, creditors, and other parties in interest and therefore should be granted.

## BASIS FOR RELIEF

14.  Bankruptcy Code section 327 requires court approval for the employment of "professional persons" retained to represent or perform services for the estate. In determining whether an entity is a "professional" within the meaning of Bankruptcy Code section 327 and, therefore, must be retained by express approval of the court, courts generally consider whether

such entity is involved in the actual reorganization effort, rather than a debtor's ongoing business operations. *See, e.g., Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.),* 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) ("[T]he phrase 'professional persons,' as used in § 327(a), is a term of art reserved for those persons who play an intimate role in the reorganization of a debtor's estate."). In making this determination, courts often consider the following factors in determining whether an entity is a "professional" within the meaning of Bankruptcy Code section 327:

   a. whether the entity controls, manages, administers, invests, purchases, or sells assets that are significant to the debtor's reorganization;

   b. whether the entity is involved in negotiating the terms of a plan of reorganization;

   c. whether the entity's employment is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

   d. whether the entity is given discretion or autonomy to exercise its own professional judgment in some part of the administration of the debtor's estate;

   e. the extent of the entity's involvement in the administration of the debtor's estate; and

   f. whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

*See, e.g., In re First Merchs. Acceptance Corp.,* No. 97-1500 (JJF), 1997 WL 873551, at *3 (D. Del. Dec. 15, 1997) (listing factors); *see also In re Am. Tissue, Inc.,* 331 B.R. 169, 174 (Bankr. D. Del. 2005) (applying the *First Merchs.* factors and holding that litigation consulting firm was not a "professional" for section 327 purposes); *In re Riker Indus., Inc.,* 122 B.R. 964, 973 (Bankr. N.D. Ohio 1990) (not requiring Bankruptcy Code Section 327 approval of the fees of a management and consulting firm that performed only "routine administrative functions" and

whose "services were not central to [the] bankruptcy case"); *In re Fretheim,* 102 B.R. 298, 299 (Bankr. D. Conn. 1989) (only those professionals involved in the "administration of the debtor's estate," rather than debtor's ongoing business, require approval under Bankruptcy Code section 327). The foregoing factors must be considered as a whole when determining if an entity is a "professional" within the meaning of Bankruptcy Code section 327. None of the factors alone is dispositive. *See First Merchs.,* 1997 WL 873551, at *3 ("In applying these factors, the Court stresses that no one factor is dispositive and that the factors should be weighed against each other and considered in toto.").

15. Upon consideration of all the factors, and because the OCPs will not be involved in the administration of these Chapter 11 Cases, the Debtors do not believe that the OCPs are "professionals" requiring formal retention under Bankruptcy Code section 327. Instead, the OCPs will provide services in connection with the Debtors' businesses, which services are ordinarily provided by non-bankruptcy professionals and which will inure to the benefit of the estates and creditors in that the efforts of the OCPs will help preserve value, in furtherance of the Debtors' restructuring goals. Nevertheless, to provide clarity and an opportunity for oversight, the Debtors seek the relief requested herein to establish clear mechanisms for retention and compensation of the OCPs pursuant to the OCP Procedures and thereby avoid any subsequent controversy with respect thereto.

16. The Debtors respectfully submit that: (a) the retention of the OCPs as provided herein is reasonably necessary to preserve value and help further the Debtors' goals in these Chapter 11 Cases; (b) expenses for the OCPs will be monitored closely by the Debtors; and (c) the OCPs will not perform substantial bankruptcy-related services without filing an application with the Court for separate retention as a non-ordinary course professional.

17.     Moreover, in light of the number of OCPs and the significant costs associated with the preparation of retention applications for professionals who will receive relatively modest fees, the Debtors submit that it would be impractical, inefficient, and extremely costly for the Debtors and their legal advisors to prepare and submit individual applications and proposed retention orders for each OCP. Therefore, the Debtors submit that it is in the best interests of all creditors and parties in interest to retain the OCPs in accordance with the OCP Procedures and avoid any disruption in the professional services that are required to help preserve value and further the Debtors' goals in these Chapter 11 Cases.

18.     Although some of the OCPs may hold unsecured claims against the Debtors in connection with services rendered to the Debtors prepetition, the Debtors do not believe that any of the OCPs have an interest materially adverse to the Debtors, their creditors, or other parties in interest. In any event, the OCP Procedures include a requirement that each OCP file a Declaration of Disinterestedness before an OCP can be compensated.

19.     The relief requested herein is commonly granted by courts in this district. *See, e.g., In re Medly Health Inc.*, No. 22-111257 (KBO) (Bankr. D. Del. Jan. 9, 2023) [Docket No. 264] (approving comparable OCP procedures); *In re Clovis Oncology, Inc.*, No. 22-11292 (JKS) (Bankr. D. Del. Jan. 18, 2023) [Docket No. 216] (same); *In re MD Helicopters, Inc.*, No. 22-10263 (KBO) (Bankr. D. Del. Apr. 20, 2022) [Docket No. 181] (same); *In re AeroCentury Corp.*, No. 21-10636 (JTD) (Bankr. D. Del. May 19, 2021) [Docket No. 141] (same); *In re TECT Aerospace Group Holdings, Inc.*, No. 21-10670 (KBO) (Bankr. D. Del. May 5, 2021) [Docket

No. 133] (same); *In re Anna Holdings, Inc.,* No. 19-12551 (CSS) (Bankr. D. Del. Jan. 7, 2020) [Docket No. 193] (same).[3]

20. For the reasons set forth herein, the Debtors respectfully submit that the relief requested is in the best interest of the Debtors, their estates, creditors, stakeholders, and other parties in interest, and therefore should be granted.

## NOTICE

21. The Debtors will provide notice of this Motion to: (a) the U.S. Trustee; (b) proposed counsel to the Committee; (c) the OCPs; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice is required.

---

[3] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

| | |
|---|---|
| Dated:  September 27, 2023<br>Wilmington, Delaware | **MCDERMOTT WILL & EMERY LLP**<br><br>*/s/ Maris J. Kandestin*<br>Maris J. Kandestin (No. 5294)<br>1000 N. West Street, Suite 1400<br>Wilmington, Delaware 19801<br>Telephone:  (302) 485-3900<br>Facsimile:   (302) 351-8711<br>Email:          mkandestin@mwe.com<br><br>-and-<br><br>Darren Azman (admitted *pro hac vice*)<br>Joseph B. Evans (admitted *pro hac vice*)<br>J. Greer Griffith (*admitted pro hac* vice)<br>One Vanderbilt Avenue<br>New York, New York 10017-3852<br>Telephone:  (212) 547-5400<br>Facsimile:   (646) 547-5444<br>Email:          dazman@mwe.com<br>                    jbevans@mwe.com<br>                    ggriffith@mwe.com<br><br>-and-<br><br>Gregg Steinman (admitted *pro hac vice*)<br>333 SE 2nd Avenue, Suite 4500<br>Miami, Florida 33131<br>Telephone:  (305) 358-3500<br>Facsimile:   (305) 347-6500<br>Email:          gsteinman@mwe.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |