# EXHIBIT A

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No.** |

## ORDER (I) AUTHORIZING THE DEBTORS TO RETAIN
## AND COMPENSATE PROFESSIONALS UTILIZED IN THE
## ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (this "Final Order")
(a) authorizing the Debtors to retain and compensate professionals utilized in the ordinary course
of business, and (b) granting related relief, all as more fully set forth in the Motion; and the Court
having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended
Standing Order of Reference* from the United States District Court for the District of Delaware,
dated February 29, 2012; and the matter being a core proceeding within the meaning of 28
U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper
pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order
consistent with Article III of the United States Constitution; and due and sufficient notice of the
Motion having been given under the particular circumstances; and it appearing that no other or
further notice is necessary; and it appearing that the relief requested in the Motion is in the best
interests of the Debtors, their estates, their creditors, and other parties in interest; and after due

---

[1]  The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification
number are:  Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and
Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #04-153, Las Vegas, NV
89135.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

deliberation thereon; and good and sufficient cause appearing therefor; it is **HEREBY**

**ORDERED THAT**

1.    The Motion is **GRANTED** on a final basis as set forth herein.

2.    The Debtors are authorized, but not directed, to retain and compensate the

professionals identified on the OCP List (collectively, the "OCPs"), attached hereto as **Annex 2**,

in the ordinary course of business pursuant to the following OCP Procedures:

   a.    Within 28 days of the later of (i) the date of entry of this Order or (ii) the date on which an OCP commences work for the Debtors, such OCP shall cause a declaration of disinterestedness, substantially in the form annexed as **Annex 1** hereto (each, a "Declaration of Disinterestedness"), to be filed with the Court and served upon: (A) proposed counsel to the Debtors, McDermott Will & Emery LLP, 1000 N. West Street, Suite 1400, Wilmington, DE 19801 (Attn: Maris J. Kandestin), and One Vanderbilt Avenue, New York, New York 10017 (Attn: Darren Azman; Joseph B. Evans; Greer Griffith), and 333 SE 2nd Avenue, Suite 4500, Miami, Florida 33131 (Attn: Gregg Steinman); (B) proposed counsel to the Committee, Brown Rudnick LLP, 7 Times Square, New York, NY 10036 (Attn: Robert Stark; Bennett Silverberg); (C) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: Joseph Cudia); and (D) any party that requests service pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). Each OCP shall periodically update its Declaration of Disinterestedness to the extent necessary to reflect new facts or circumstances relevant to its retention.

   b.    The Notice Parties shall have 14 days after the date of filing of each OCP's Declaration of Disinterestedness (the "Objection Deadline") to object to the retention of such OCP. The objecting party shall file any such objection and serve such objection upon the Notice Parties and the respective OCP on or before the Objection Deadline. If any such objection cannot be resolved within 14 days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date that is no less than 14 days from that date or on a date otherwise agreeable to the parties. The Debtors shall not be authorized to retain and compensate such OCP until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.

c.      If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular OCP, the Debtors shall be authorized to: (i) retain such OCP as of the date such OCP commenced providing services to the Debtors; and (ii) compensate such OCP as set forth below.

d.      The Debtors shall be authorized to pay, without formal application to the Court by any OCP, 100% of fees and expenses to each of the OCPs retained by the Debtors pursuant to the OCP Procedures upon submission to the Debtors of a reasonably detailed billing statement indicating the nature of the services rendered and expenses incurred, calculated in accordance with such OCP's standard billing practices (without prejudice to the Debtors' normal right to dispute any such billing statements), for services rendered after the Petition Date; *provided* that fees paid to an OCP may not exceed the respective cap for such OCP (as set forth on the schedule annexed as **Annex 2** hereto) per month on average over a rolling three month period (the "OCP Cap"). The OCP Caps may be increased by mutual agreement between the Debtors and the U.S. Trustee; *provided* that the Debtors shall file a notice with the Court and submit notice to the Notice Parties of any such agreed increase.

e.      To the extent that fees payable to any OCP exceed the applicable OCP Cap, the applicable OCP shall file a fee application (a "Fee Application") with the Court for the amount in excess of the applicable OCP Cap in accordance with Bankruptcy Code sections 330 and 331, the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), the Local Rules, the fee guidelines promulgated by the Office of the U.S. Trustee (unless the U.S. Trustee agrees otherwise), and any applicable orders of the Court.

f.      Beginning with the quarter ending December 31, 2023, and for each quarter thereafter during which these Chapter 11 Cases are pending, the Debtors shall within 30 days thereof file with the Court and serve on the Notice Parties a statement with respect to each OCP paid during the immediately preceding quarterly period (the "Quarterly Statement"). Each Quarterly Statement shall include: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported quarter; and (iii) a general description of the services rendered by that OCP.

g.      The Debtors reserve the right to retain additional OCPs from time to time during these Chapter 11 Cases by: (i) including such OCPs on an amended version of the OCP List that is filed with the Court

3

and served on the Notice Parties; and (ii) having such OCPs
comply with the OCP Procedures.

3.      The Debtors are authorized to supplement the OCP List as necessary to add or

remove OCPs, from time to time in their sole discretion, without the need for any further hearing

and without the need to file individual retention applications for newly added OCPs. In such

event, the Debtors shall file the amended OCP List with this Court and serve such list on the

Notice Parties. Each additional OCP listed in the OCP List shall file with this Court and serve a

Declaration of Disinterestedness on the Notice Parties as provided in the OCP Procedures. If no

objections are filed within 14 days to any such additional OCP's Declaration of

Disinterestedness, then retention of such OCPs shall be deemed approved by this Court pursuant

to this Final Order without a hearing or further order.

4.      Nothing contained herein shall affect the Debtors' or any appropriate party in

interest's ability to dispute any invoice submitted by an OCP, and nothing contained herein shall

preclude the Debtors from seeking authority to pay any OCP in an amount greater than the OCP

Cap, subject to the rights of any party in interest to oppose any such request.

5.      This Final Order shall not apply to any professional retained by the Debtors

pursuant to a separate order of the Court.

6.      Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be effective and

enforceable immediately upon entry hereof.

7.      The Debtors are authorized, but not required, to take all actions necessary to

implement the relief granted in this Final Order.

4

8.     The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.