IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Prime Core Technologies, Inc. *et al[1]*., | ) | Case No. 23-11161 (JKS) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

## OBJECTION OF COINBITS, INC. TO DEBTORS' CURE NOTICE

Coinbits, Inc., ("Coinbits"), by its undersigned counsel, hereby files this objection (the "Objection") to the *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* (Docket # 166) (the "Cure Notice").

## BACKGROUND

1. Coinbits is the oldest operating bitcoin-only onramp – providing digital asset investing technology to thousands of users for the management of their Bitcoin holdings ("BTC"). Prime Trust LLC, one of the Debtors ("Prime Trust"), was a well respected trust company and held itself out as maintaining the money transmitter licenses and wallet technology necessary to provide trust services for Coinbits' users. Since the end of June, Coinbits has been unable to service its users and collect business revenue from normal business operations – incurring substantial costs, including reengineering costs.

2. On August 14, 2023 (the "Petition Date"), the above-captioned debtors and debtors-in-possession filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code"). Immediately prior to the Petition Date, commencing in late

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). Prime Core Technologies Inc.'s service address is 330 South Rampart Blvd., Suite 260, Las Vega, Nevada 89144.

June 2023, the Debtors were placed into receivership in Nevada (the "Nevada Receivership"). The purpose of the Nevada Receivership was to provide an accounting and a return of cryptocurrency held in trust by the Debtors.

3.      Coinbits, by and through its counsel, appeared in the Nevada Receivership, together with other parties in interest, and participated in the August 8th hearing regarding authorization to form a special committee to file these Cases.  At this hearing, there was testimony provided that, although there had not been a forensic analysis at that time, a forensic analysis would be done promptly regarding what happened to customer cryptocurrency. Furthermore, the Receiver testified that providing an accounting and returning cryptocurrency to customers was the Debtors' top priority.

4.      Unfortunately, Coinbits and its users, are still unable to access their BTC, which, upon information and belief, were unaffected by any issues associated with replacing other cryptocurrencies (ETH) and fiat locked in legacy wallets.  Based upon, (i) the Debtors' use of Fireblocks wallet infrastructure and (ii) the intent of the parties, BTC should be identifiable and available for distribution to holders of BTC.  Accordingly, Coinbits and its users are faced with the daunting task of compelling the return of their property and damages resulting therewith.

5.      Coinbits is a provider of digital asset investing technology so it is a party to an API Technology Agreement ("Agreement") with Prime Trust.  In addition, Coinbits maintains a custodial account with Prime Trust - <u>as does every one of its thousands of users</u>.

6.       Line 141 of the Cure Notice states that Prime Trust is a party to a "Vendor Agreement" with  "Coinbits Business" with a cure claim of $0.00.  Coinbits, is filing this response, assuming that this is us and that the Vendor Agreement is a collection of agreements

and representations that include the Agreement but <u>does not include</u> any custodial account as to which Coinbits is either a User or an Agent (the "Agreements").

7. With that assumption, Prime Trust is holding a $49,555.24 ACH Reserve under the Agreements.

**OBJECTION**

8. Any assumption and assignment of the Lease must be conditioned on the Debtors' compliance with the requirements of section 365 of the Bankruptcy Code, including but not limited to, paying all amounts due and owing through the effective date of the assumption and assignment.

9. Coinbits objects as it is entitled to the return or the benefit of the ACH Reserve.

10. Furthermore, the Proposed Cure Amount does not account for attorney fees that have been incurred by the Coinbits and which are expected to be incurred and which are reimbursable pursuant to the terms of the Agreements. These amounts are currently unliquidated because as of the date hereof Coinbits cannot be certain whether the Agreements will be assumed and assigned and when such assumption and assignment will occur. The correct cure amount should include all attorneys' fees and costs to which it is entitled under the Agreement.

11. Accordingly, any order that is entered establishing cure amounts must require that Prime Trust cure any additional defaults that may occur prior to the effective date of any assumption and assignment, and provide for defaults that relate to the pre-assumption and assignment period.

12. Due to the lack of a forensic analysis and the retention of control over property rights, nothing herein shall waive Coinbits' other unliquidated damages and it reserves all of its rights to supplement this Objection.

WHEREFORE, for all of the foregoing reasons, Coinbits respectfully requests that any order entered that establishes cure amounts with respect to the Agreements is consistent with the Objection and relief requested herein, and that the Court grant Coinbits such other and further relief as is necessary and/or just.

Date: September 28, 2023

/s/ David M. Neumann
David M. Neumann (0068747)
*dneumann@meyersroman.com*
Meyers, Roman, Friedberg & Lewis
28601 Chagrin Blvd., Suite 600
Cleveland, Ohio 44122
Telephone: 216-831-0042
Fax: 216-831-0542

*Counsel for Coinbits, Inc.*

**CERTIFICATE OF SERVICE**

   I, David M. Neumann, hereby certify that on the 28th day of September 2023, a copy of the foregoing Objection of Coinbits, Inc. to Debtors' Cure Notice was filed electronically and sent to the parties through the Court's Electronic Case Filing Service. Furthermore, pursuant to the terms of Docket Number 166, the following parties are also being served by electronic mail:

mkandestin@mwe.com
dazman@mwe.com
gsteinman@mwe.com
michael.ashe@galaxy.com
albert.chao@galaxy.com
alwyn.clarke@galaxy.com
joseph.cudia@usdoj.gov
rstark@brownrudnick.com
bsilverberg@brownrudnick.com
don.detweiler@wbdus.com
elazar.kosman@wbd-us.com
ddunn@provincefirm.com
jberman@provincefirm.com
jdong@provincefirm.com

             /s/ *David M. Neumann*
             *Counsel for Coinbits, Inc.*