# EXHIBIT A

**Revised Order**

Case 23-11161-JKS    Doc 222-1    Filed 09/29/23    Page 1 of 5

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| Prime Core Technologies Inc., *et al.*, | ) Case No. 23-11161 (JKS) |
|  | ) |
| Debtors.[1] | ) (Jointly Administered) |
|  | ) |
|  | ) **Re: Docket No. 124** |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MCDERMOTT WILL & EMERY LLP AS COUNSEL, PURSUANT TO BANKRUPTCY CODE SECTION 327(a), BANKRUPTCY RULES 2014(a) AND 2016, AND LOCAL RULE 2014-1, EFFECTIVE AS OF THE PETITION DATE**

Upon the Application (the "Application")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Order") authorizing the retention and employment of McDermott Will & Emery LLP ("McDermott") as counsel to the Debtors effective as of the Petition Date, pursuant to Bankruptcy Code section 327(a), Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1; and this Court having reviewed the Application, the Azman Declaration, and the Wyse Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and *the Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court being satisfied, based on the representations made in the Application and the Azman Declaration,

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

[2] Capitalized terms used but not defined herein have the meanings given to such terms in the Application.

that (a) McDermott does not hold or represent an interest adverse to the Debtors' estates and (b) McDermott is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, creditors, and other parties in interest; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and the Court having reviewed the Application; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is approved, as set forth herein.

2. Pursuant to Bankruptcy Code section 327(a), Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, the Debtors are authorized to retain and employ McDermott as counsel to the Debtors in the Chapter 11 Cases effective as of the Petition Date, in accordance with the Application and this Order, to perform the services described in the Application.

3. McDermott shall apply for compensation and professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with Bankruptcy Code sections 330 and 331 and applicable provisions of the Bankruptcy Rules, the Local Rules, and such other procedures as may be fixed by order of this Court. McDermott shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Counsel in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with the Application and the interim and final fee applications to be filed by the McDermott in these Chapter 11 Cases.

4. McDermott shall first apply the Retainer to all prepetition invoices and, thereafter, any remaining balance of the Retainer shall be held by McDermott as security throughout the Chapter 11 Cases, and shall apply any retainer remaining at the time of its final fee application in satisfaction of compensation and reimbursement awarded with respect to such application.

5. Prior to applying any increases in its hourly rates beyond the rates set forth in the Application, McDermott shall provide ten days' notice of any such increases to the Debtors, the U.S. Trustee, and the Committee. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided for in Bankruptcy Code section 330, and this Court retains the right to review any rate increase pursuant to Bankruptcy Code section 330.

6. McDermott shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in the Chapter 11 Cases.

7. The Debtors and McDermott are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

8. Notwithstanding anything to the contrary in the Application, the Azman Declaration, or this Order, McDermott shall not seek reimbursement of any fees or costs of its counsel arising from the prosecution or defense of any of McDermott's fee applications in these Chapter 11 Cases.

9. Notwithstanding anything in the Application, the Azman Declaration or the Wyse Declaration to the contrary, McDermott shall, to the extent that McDermott uses the services of independent contractors, subcontractors, or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in these cases, (i) pass through the cost of each of such Contractors to the Debtors at the same rate that McDermott pays the Contractors; (ii) seek

reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for McDermott; and (iv) file with this Court disclosures pertaining to such as required by Bankruptcy Rule 2014.

10. To the extent the Application, the Azman Declaration, or the Wyse Declaration is inconsistent with this Order, the terms of this Order shall govern.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.