# EXHIBIT A

**Revised Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Prime Core Technologies Inc., *et al.*, | ) | Case No. 23-11161 (JKS) |
|  | ) |  |
| Debtors.¹ | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re Docket No. 127** |

**ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF M3 ADVISORY PARTNERS, LP AS FINANCIAL ADVISOR FOR THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "Application")² of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for an order (this "Order"), pursuant to Bankruptcy Code sections 327(a), 328(a), 329, and 330, Rules 2014(a) and 2016 of the Bankruptcy Rules, and Rules 2014-1 and 2016-1 of the Local Rules, authorizing the Debtors to retain and employ M3 Advisory Partners, LP ("M3") as their financial advisor effective as of the Petition Date, in accordance with the terms and conditions set forth in the Engagement Letter; and the Court having reviewed the Application and the Winning Declaration, and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157(b) and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that the Court may enter a final order

---

¹ The Debtors in these Chapter 11 Cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

² Capitalized terms used herein but not otherwise defined shall have the meanings given to them in the Application.

consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Winning Declaration that (i) M3 does not hold or represent an interest adverse to the Debtors' estates and (ii) M3 is a "disinterested person" within the meaning of Bankruptcy Code section 101(14) and as required by Bankruptcy Code section 327(a); and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court, if any (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, **it is HEREBY ORDERED THAT**:

1. The Application is granted and approved to the extent set forth herein.

2. Pursuant to Bankruptcy Code section 327(a), Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, the Debtors, as debtors in possession, are authorized to employ and retain M3 as their financial advisor, effective as of the Petition Date, on the terms set forth in the Engagement Letter.

3. M3 is authorized to provide the Debtors with the professional services as described in the Application.

4. M3 shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases, as set forth in the Application, in compliance with Bankruptcy Code sections 330 and 331 and the applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.

5. Notwithstanding anything to the contrary in the Engagement Letter, the Application, or the Winning Declaration, the indemnification provisions are hereby modified as follows:

   i. No Indemnitee (as that term is defined in the Engagement Letter) shall be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by this Court;

   ii. The Debtors shall have no obligation to indemnify any Indemnitee, or provide contribution or reimbursement to any Indemnitee, for any claim or expense to the extent it is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from the Indemnitee's gross negligence, bad faith, fraud, or willful misconduct; (ii) for a contractual dispute in which the Debtors allege breach of an Indemnitee's contractual obligations, unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Company*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) hereof to be a claim or expense for which the Indemnitee should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter, as modified by this Order; and

   iii. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing the Chapter 11 Cases, an Indemnitee believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation, the advancement of defense costs, the Indemnitee must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Indemnitee y before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time

3

under which this Court shall have jurisdiction over any request for fees and expenses by any Indemnitee for indemnification, contribution, and/or reimbursement, and is not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, the Indemnitees. All parties in interest shall retain the right to object to any demand by any Indemnitee for indemnification, contribution, and/or reimbursement.

6. M3 is authorized without further order of the Court to reserve and apply amounts from the prepetition Retainer that would otherwise be applied toward payment of post-petition fees and expenses as are necessary and appropriate to compensate and reimburse M3 for fees or expenses incurred on or prior to the Petition Date consistent with its ordinary course billing practices.

7. In the event that, during the pendency of the Chapter 11 Cases, M3 seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in M3's fee applications and such invoices and time records shall be in compliance with Rule 2016-2(f) of the Local Rules, and shall be subject to the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 and approval of the Court under the standards of Bankruptcy Code sections 330 and 331, without regard to whether such attorney has been retained under Bankruptcy Code section 327 and without regard to whether such attorney's services satisfy Bankruptcy Code section 330(a)(3)(C); *provided, however*, that M3 shall not seek reimbursement of any fees incurred defending any of M3's fee applications in these Chapter 11 Cases.

8. M3 shall provide ten (10) business days' advance notice to the Debtors, the U.S. Trustee, and the Committee before any increases in the rates set forth in the Application are implemented. The U.S. Trustee retains all rights to object to any rate increase on all grounds,

including reasonableness standard set forth in Bankruptcy Code section 330, and the Court retains the right to review any rate increase pursuant to Bankruptcy Code section 330.

9. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. To the extent the Application or the Winning Declaration is inconsistent with this Order, the terms of this Order shall govern.

12. During the course of the Chapter 11 Cases, any limitation of liability provisions in the Engagement Letter shall have no force or effect.

13. To the extent that M3 intends to terminate its representation of the Debtors during the course of these Chapter 11 Cases, M3 shall file a notice with the Court at least twenty (20) days in advance of such termination.

14. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

15. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.