## EXHIBIT A

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Prime Core Technologies Inc., *et al.*, | ) Case No. 23-11161 (JKS) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |
| | ) **Re. Docket No. 126** |
| | ) |

**ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY STRETTO,
INC. AS ADMINISTRATIVE AGENT, EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), seeking entry of an order pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1, authorizing the retention and employment of Stretto, Inc. ("Stretto") as administrative agent for the Debtors (the "Administrative Agent"), effective as of the Petition Date; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court being able to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and upon consideration of the Betance Declaration; and due and proper notice of the Application having

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

been provided; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and this Court having reviewed the Application; and upon any hearing held on the Application; and all objections, if any, to the Application having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, creditors, and other parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is approved to the extent set forth herein.

2. The Debtors are authorized, but not directed, to retain Stretto, as Administrative Agent, pursuant to Bankruptcy Code section 327(a), Bankruptcy Rule 2014(a), and Local Rule 2014-1, effective as of the Petition Date under the terms of the Engagement Agreement, and Stretto is authorized to perform the Services and all related tasks as described in the Application and set forth in the Engagement Agreement.

3. Stretto is authorized to take such other action to comply with all duties set forth in the Application and the Engagement Agreement.

4. Stretto shall apply to the Court for allowance of its compensation and reimbursement of expenses incurred after the Petition Date in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in these cases regarding professional compensation and reimbursement of expenses.

5. Any dispute with respect to the fees and expenses of the Administrative Agent

shall be brought before the Court for a final determination.

6.      The Debtors shall indemnify the Indemnified Parties (as defined in the Engagement Agreement) under the terms of the Engagement Agreement, as modified pursuant to this Order.

7.      The Indemnified Parties shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court.

8.      Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify the Indemnified Parties, or provide contribution or reimbursement to the Indemnified Parties, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from an Indemnified Party's gross negligence, willful misconduct or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of an Indemnified Party's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to applicable law; or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which an Indemnified Party should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order.

9.      The limitation of liability section in paragraph 10 of the Engagement Agreement is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

10.     Paragraph 6 of the Engagement Agreement is deemed to be of no force or effect during these Chapter 11 Cases.

11.     In the event that these Chapter 11 Cases convert to cases under chapter 7 of the Bankruptcy Code, the chapter 7 trustee shall have no obligation to continue to retain Stretto for any services, and Stretto shall not be paid for any services rendered under this Order after conversion unless and until the chapter 7 trustee files an application to retain Stretto for such services, and such application is approved by order of this Court. Notwithstanding the foregoing, Stretto shall continue to be entitled to payment for services provided in accordance with 28 U.S.C. § 156(c).

12.     Notwithstanding any term in the Engagement Agreement to the contrary, this Order shall be immediately effective and enforceable upon its entry.

13.     In the event of any inconsistency between the Engagement Agreement, the Application, and this Order, this Order shall govern.

14.     Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

15.     The Debtors and Stretto are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order.

16.     Notwithstanding any terms in the Engagement Agreement to the contrary, this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order and the Engagement Agreement.