## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies, Inc., *et al.*, | Case No. 23-11161 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Objection Deadline: October 2, 2023, at 4:00 p.m. (Eastern Time)** |
| | **Related Docket No. 166** |

## OBJECTION OF ZANE BUSTEED, MERCATO PARTNERS, AND CERTAIN OF ITS AFFILIATES TO DEBTORS' NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Mercato Partners, Mercato Partners Traverse IV QP, L.P., Mercato Partners Traverse IV, L.P., and Mercato Traverse SPV 2, a series of Mercato Coinvestments, LLC (collectively, "**Mercato**") and Zane Busteed (together with Mercato, the "**Mercato Parties**") hereby file this objection (this "**Objection**") to the assumption and/or assignment the agreement the Debtors and Mercato as set forth in the *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* [Docket No. 166] (the "**Assumption Notice**") and to the $0 cure amounts set forth therein with respect to the Mercato Parties, and in support thereof state as follows:

### OBJECTION

1.      Mercato and debtor Prime Core Technologies, Inc. (together with its debtor affiliates, the "**Debtor**") entered into that certain Series A Preferred Stock Purchase Agreement dated as of April 30, 2021 and that certain Series B Preferred Stock Purchase Agreement dated as of March 18, 2022 (together with any other agreements between the Debtors and Mercato that the

---

[1]      The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

Debtors propose to assume or assume and assign, the "**Stock Purchase Agreements**"). Contemporaneously with the execution of the 2021 Stock Purchase Agreement, the Debtor and Mr. Busteed entered into an Indemnification Agreement (together with any other agreements between the Debtors and Mr. Busteed that the Debtors propose to assume or assume and assign, the "**Indemnification Agreement**").[2]

2.      Pursuant to the terms of the Stock Purchase Agreements, Mercato agreed to invest funds in the Debtor in exchange for the receipt of preferred stock issued by the Debtor.  As a result of the parties' performance of the Stock Purchase Agreements, Mercato is a holder of approximately 10% of the outstanding equity interests issued by the Debtor.  As set forth in the Assumption Notice, the Debtor proposes to assume and assign the Stock Purchase Agreements. However, Mercato has no further obligations under the Stock Purchase Agreements.  Accordingly, the Stock Purchase Agreements are not executory contracts subject to assumption or rejection under the Bankruptcy Code.

3.      Section 365 of the Bankruptcy Code authorizes the assumption, assumption and assignment, or rejection of "executory contracts."  11 U.S.C. § 365.  In determining whether a contract is "executory" for purposes of Section 365, courts in the Third Circuit apply the Countryman test, which provides that an executory contract is one "under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other." *In re Weinstein Co. Holdings LLC*, 997 F.3d 497, 504 (3d Cir. 2021) (citations and internal quotation marks omitted).  The test is thus whether, under applicable state law, "each side has at

---

[2]    Mr. Busteed received a redacted copy of the Assumption Notice and, accordingly, cannot tell whether it is intended that the Indemnification Agreement is assumed.

least one material unperformed obligation as of the bankruptcy petition date." *Id.*  As movant, the Debtor has the burden to establish that the contracts at issue are executory.  *In re Bennett Enterprises, Inc.*, No. 20-23761 (JNP), 2021 WL 1016415 (Bankr. D.N.J. Mar. 16, 2021).

4.      Mercato funded its investments under the Stock Purchase Agreements and Prime Core issued stock to Mercato as required by the Stock Purchase Agreements.  Mercato has no further obligations under the Stock Purchase Agreements.  Accordingly, the Stock Purchase Agreements are not executory contracts and therefore cannot be assumed or assigned to a purchaser of the Debtors' assets.

5.      In *Sears*, the Eighth Circuit held that an agreement for the sale of stock was not an executory contract for purposes of assumption or rejection analysis after the stock sale transaction had occurred.  *In re Sears*, 863 F.3d 973, 977 (8th Cir. 2017).  Applying the Countryman test, the court noted that the "primary purpose" of the agreement was the sale of stock from one party to another and that such obligations had been performed, rendering the contract non-executory.  *Id.* at 978.  The court further noted that the continuing obligations of the debtors to fulfill their duties of loyalty, good faith, and fair dealing did not render the contracts executory, because failure honor those duties did not "go to the 'root or essence of the contract'" and would not excuse the other party's performance of the agreement.  *Id.* (citation omitted).  Here, too, the Stock Purchase Agreements have been fully consummated and Mercato has performed all of its obligations thereunder.  As in *Sears*, the existence of remaining ancillary obligations of the Debtor under those agreements does not render such agreements executory.

6.      Additionally, with respect to the Indemnification Agreement, and, to the extent the Court approves of their assumption, the Stock Purchase Agreements, the Mercato Parties object to the $0 cure amounts set forth in the Assumption Notice.  Section 365 of the Bankruptcy Code

requires that any defaults under an executory contract are cured in connection with the assumption thereof.  11 U.S.C. § 365(b)(1).  The Mercato Parties are evaluating whether any defaults exist under the Stock Purchase Agreements and Indemnification Agreement that would give rise to claims against the Debtors—claims that, pursuant to this Court's bar date order, may be asserted in one or more proofs of claim filed in advance of the October 22, 2023, claims bar date.  The Mercato Parties' analysis is ongoing but, in the intervening period, notwithstanding the $0 cure amounts set forth in the Assumption Notice, any assumption of the Stock Purchase Agreements or Indemnification Agreement should be without prejudice to the Mercato Parties' ability to assert claims against the Debtors arising under or relating to those agreements.

7.    The Mercato Parties reserve all rights, including the right to supplement this Objection for any reason whatsoever and to file proofs of claim with respect to any amounts potentially owing under the Stock Purchase Agreements and the Indemnification Agreement.

**WHEREFORE**, for the foregoing reasons, the Mercato Parties respectfully request that the Court (i) reject the Debtors' efforts to assume the Stock Purchase Agreements; (ii) hold that any assumption of the Stock Purchase Agreements or the Indemnification Agreement is without prejudice to the any claims that the Mercado Parties may have against the Debtors; and (iii) grant such other and further relief as is appropriate under the circumstances.

Dated: October 2, 2023
       Wilmington, Delaware

/s/ William E. Chipman, Jr.

William E. Chipman, Jr. (No. 3818)
**CHIPMAN BROWN CICERO & COLE, LLP**
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:    (302) 295-0191
Email:        chipman@chipmanbrown.com

—and—

Joshua R. Gross
**MAYER BROWN LLP**
71 South Wacker Drive
Chicago, Illinois 60606
Telephone:      (312) 701-8771
Email:            jgross@mayerbrown.com

*Counsel for Mercato*