## EXHIBIT B

**Redline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| Prime Core Technologies Inc., *et al.*, | ) ) | Case No. 23-11161 (JKS) |
| Debtors.¹ | ) ) ) | (Jointly Administered) |
|  | ) ) | **Re Docket No. 125** |

**ORDER (I) AUTHORIZING THE EMPLOYMENT AND RETENTION OF GALAXY DIGITAL PARTNERS LLC AS INVESTMENT BANKER TO THE DEBTORS AND DEBTORS-IN-POSSESSION, EFFECTIVE AS OF THE PETITION DATE, (II) APPROVING THE TERMS OF THE GALAXY ENGAGEMENT LETTER, (III) WAIVING CERTAIN TIME-KEEPING REQUIREMENTS PURSUANT TO LOCAL RULE 2016-2(h), AND (IV) GRANTING RELATED RELIEF**

Upon the application (the "Application")² of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to Bankruptcy Code sections 327(a) and 328(a), Bankruptcy Rule 2014(a), and Local Rules 2014-1 and 2016-2(h): (a) authorizing the retention and employment of Galaxy Digital Partners LLC ("Galaxy") as investment banker to the Debtors, effective as of the Petition Date, on the terms set forth in the Engagement Letter; (b) approving the terms of the Engagement Letter; (c) waiving certain time-keeping requirements pursuant to Local Rule 2016-2(h); and (d) granting related relief, all as more fully set forth in the Application; and the *Declaration of Michael Ashe in Support of Retention of Galaxy Digital Partners LLC* (the "Ashe Declaration") filed in

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

[2] Capitalized terms used but not defined herein have the meanings given to such terms in the Application.

support of the same; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to enter a final order consistent with Article III of the United States Constitution; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is approved as set forth in this Order.

2. In accordance with Bankruptcy Code sections 327(a) and 328(a), Bankruptcy Rule 2014(a), and Local Rules 2014-1 and 2016-2(h), the Debtors are authorized to employ and retain Galaxy in accordance with the terms and conditions set forth in the Engagement Letter, effective as of the Petition Date.

3. ~~The~~Except as modified by paragraph 9 of this Order, the Engagement Letter, together with all attachments thereto and all compensation set forth therein, including, without limitation, the Monthly Restructuring Fee, the Financing Fee, the Transaction Fee, the Minimum Fee, the expense reimbursement, the Indemnification Provision, and related obligations, are

approved pursuant to Bankruptcy Code section 328(a) and Galaxy shall be compensated, reimbursed and indemnified pursuant to Bankruptcy Code section 328(a) in accordance with the terms of~~, and at the times specified in,~~ the Engagement Letter.

    4.      No amounts shall be paid to Galaxy absent an order of this Court approving an interim or final fee statement or application for the allowance of compensation and reimbursement of expenses filed by Galaxy pursuant to the procedures set forth in Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court, except that the Debtors are authorized to pay the Monthly Restructuring Fee to Galaxy each month when required under the Engagement Letter without a prior fee application.

    5.      Notwithstanding paragraphs 2 through 4 of this Order and any provision to the contrary in the Application or the Engagement Letter, the U.S. Trustee shall have the right to object to Galaxy's request for compensation and reimbursement based on the reasonableness standard provided in Bankruptcy Code section 330, and not Bankruptcy Code section 328(a). This Order and the record relating to this Court's consideration of the Application shall not prejudice the rights of the U.S. Trustee to challenge the reasonableness of Galaxy's fees under Bankruptcy Code section 330. Accordingly, nothing in this Order or the record relating to this Court's consideration of the Application shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee with respect to the reasonableness of Galaxy's fees. Furthermore, nothing in the Engagement Letter shall affect or modify the standard of review applicable to an objection by the U.S. Trustee under this paragraph.

    6.      Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, or any guidelines regarding submission and

approval of fee applications, in light of services to be provided by Galaxy and the structure of Galaxy's compensation pursuant to the Engagement Letter, Galaxy and its professionals shall be granted a limited waiver of the information-keeping requirements of Bankruptcy Rule 2016(a), Local Rule 2016-2(d), the U.S. Trustee Fee Guidelines, and any otherwise applicable orders or procedures of the Court in connection with the services to be rendered pursuant to the Engagement Letter, and shall instead be required only to maintain time records of its services rendered for the Debtors in one-half hour (0.5) increments, and shall be authorized to file interim fee applications and/or final fee applications without previously filing or serving monthly fee statements covering the same period.

7. The ~~provisions set forth in the~~ Indemnification Provision is approved as modified below:

    i. Galaxy shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter, unless such services and the indemnification, contribution or reimbursement therefore are approved by this Court.

    ii. The Debtors shall have no obligation to indemnify Galaxy, or provide contribution or reimbursement to Galaxy, for any claim or expense to the extent it is either: (a) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from Galaxy's gross negligence, willful misconduct or bad faith; (b) for a contractual dispute in which the Debtors allege breach of Galaxy's contractual obligations, unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Company*, 315 F.3d 217 (3d Cir. 2003); or (c) settled prior to a judicial determination as to the exclusions set forth in clauses (a) and (b) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (iii) hereof to be a claim or expense for which Galaxy should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter, as modified by this Order.

    iii. If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (b) the entry of an order closing the Chapter 11 Cases, Galaxy believes that it is entitled to the

      payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation, the advancement of defense costs, Galaxy must file an application therefor in this Court, and the Debtors may not pay any such amounts to Galaxy before the entry of an order by this Court approving the payment. This subparagraph (iii) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by Galaxy for indemnification, contribution and/or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, Galaxy. All parties in interest shall retain the right to object to any demand by Galaxy for indemnification, contribution and/or reimbursement.

8. None of the fees payable to Galaxy under the Engagement Letter shall constitute a "bonus" or fee enhancement under applicable law.

9. Notwithstanding any other provision of the Engagement Letter or any other agreement or understanding between the parties, in the event of either a liquidation or a restructuring of the Debtors, the Debtors agree and undertake to pay Galaxy a fee equal to $750,000; *provided*, *however*, that in the event of a Sale (whether by itself or together with a liquidation or restructuring), the Debtors agree and undertake to pay Galaxy a fee of no less than $2 million.

10. ~~9.~~ No agreement or understanding exists between Galaxy and any other person, other than as permitted by Bankruptcy Code section 504, to share compensation received for services rendered in connection with these cases, nor shall Galaxy share or agree to share compensation received for services rendered in connection with these cases with any other person other than as permitted by Bankruptcy Code section 504.

11. ~~10.~~ To the extent that there may be any inconsistency between the terms of the Application, the Ashe Declaration, the Engagement Letter, and this Order, the terms of this Order shall govern.

12.  ~~11.~~ Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13.  ~~12.~~ The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

14.  ~~13.~~ Notwithstanding anything to the contrary in the Engagement Letter, this Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

~~DM_US 199883162-1.121647.0012~~

Document comparison by Workshare Compare on Tuesday, October 3, 2023 9:47:31 AM

| Input: | |
|---|---|
| Document 1 ID | iManage://imanageus.mwe.com/dm_us/199883162/1 |
| Description | #199883162v1<imanageus.mwe.com> - Prime Trust - Final Order to Retain Galaxy |
| Document 2 ID | iManage://imanageus.mwe.com/dm_us/199883162/3 |
| Description | #199883162v3<imanageus.mwe.com> - Prime Trust - Final Order to Retain Galaxy |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 19 |
| Deletions | 11 |
| Moved from | 0 |
| Moved to | 0 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 30 |