**<u>Exhibit A</u>**

**Revised Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 94** |

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT ON AN INTERIM BASIS FOR SOLICITATION PURPOSES ONLY; (II) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN; (III) APPROVING THE FORM OF BALLOT AND SOLICITATION PACKAGES; (IV) ESTABLISHING THE VOTING RECORD DATE; (V) SCHEDULING A COMBINED HEARING FOR FINAL APPROVAL OF THE ADEQUACY OF INFORMATION IN THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN; AND (VI) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (i) approving the adequacy of disclosures contained in the *Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to Joint Chapter 11 Plan of Reorganization for Prime Core Technologies Inc. and Its Affiliated Debtors* [Docket No. 93] (as amended, supplemented or otherwise modified from time to time, according to its terms, the "Disclosure Statement"), on a conditional basis for solicitation purposes only, (ii) establishing procedures for the solicitation and tabulation of votes to accept or reject the *Joint Chapter 11 Plan of Reorganization for Prime Core Technologies Inc. and Its Affiliated Debtors* [Docket No. 92] (as amended, supplemented or

---

[1]  The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, Nevada 89135.

[2]  Capitalized terms used but not defined herein are defined in the Motion or the Plan (as defined below), as applicable.

otherwise modified from time to time, according to its terms, the "Plan"), (iii) approving the

form of Ballots and Solicitation Packages, (iv) establishing the voting record date as September

22, 2023 (the "Voting Record Date"), (v) scheduling a final, combined hearing to consider (a)

final approval of the adequacy of information contained in the Disclosure Statement pursuant to

Bankruptcy Code section 1125 and (b) confirmation of the Plan pursuant to Bankruptcy Code

section 1129 (the "Confirmation Hearing"), and (vi) granting related relief, pursuant to

Bankruptcy Code sections 105, 1125, 1126, and 1128, Bankruptcy Rules 2002(b), 3016, 3017,

3018, 3020, and 9006, and Local Rule 3017-2; and the Court having jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334; and the *Amended Standing Order of Reference* from the

United States District Court for the District of Delaware dated February 29, 2012; and

consideration of the Motion and the relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and

1409; and due and proper notice of the Motion being adequate and appropriate under the

particular circumstances; and a hearing, if necessary, having been held to consider the relief

requested in the Motion (the "Conditional Approval Hearing"); and upon consideration of the

Disclosure Statement, the Plan, and the record at the Conditional Approval Hearing (if any) and

all proceedings had before the Court; and the Court having found and determined that the relief

sought in the Motion is in the best interests of the Debtors' estates, and creditors and other

parties in interest; and that the legal and factual bases set forth in the Motion establish just cause

for the relief granted herein; and any objections to the requested relief having been withdrawn or

overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

    **THE COURT HEREBY FINDS AS FOLLOWS:**[3]

---

[3]     To the extent any conclusions of law constitute findings of fact, they are adopted as such; to the extent any findings of fact constitute conclusions of law, they are adopted as such.

A.      The forms of Ballots attached hereto as **Exhibits 2-A**, **2-B**, **2-C, 2-D**, and **2-E**: (i) are consistent with Official Form No. 314; (ii) adequately address the particular needs of these Chapter 11 Cases; (iii) are appropriate for the Voting Classes; and (iv) comply with Bankruptcy Rule 3017(d).

B.      Ballots need not be provided to Holders in the Non-Voting Classes, including Holders that are either (i) Unimpaired and are conclusively presumed to have accepted the Plan in accordance with Bankruptcy Code section 1126(f) or (ii) Impaired but will neither retain nor receive any property under the Plan and are thus conclusively deemed to have rejected the Plan in accordance with Bankruptcy Code section 1126(g).

C.      The period during which the Debtors may solicit votes to accept or reject the Plan, as established by this Order, provides sufficient time for Holders in the Voting Classes to make informed decisions to accept or reject the Plan and submit their Ballots in a timely fashion.

D.      The Voting Procedures governing the solicitation and tabulation of votes to accept or reject the Plan provide a fair and equitable voting process and are consistent with Bankruptcy Code section 1126.

E.      The contents of the Solicitation Packages and the procedures for providing notice of the Confirmation Hearing and the other matters set forth in the Confirmation Hearing Notice comply with Bankruptcy Rules 2002 and 3017, Local Rule 3017 -2 and, under the circumstances, constitute sufficient notice to all interested parties in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Disclosure Statement is approved on a conditional basis for solicitation purposes under Bankruptcy Code section 1125, Bankruptcy Rule 3017, and Local Rule 3017-2. Any objections to the adequacy of information contained in the Disclosure Statement on a final basis are expressly reserved for consideration at the Confirmation Hearing, unless overruled on the record at the Conditional Approval Hearing.

3.      The Confirmation Hearing is hereby scheduled for **November [●], 2023, at [●] a.m./p.m. (prevailing Eastern Time)**. The Confirmation Hearing may be continued from time to time without further notice other than the announcement of the adjourned date(s) at the Confirmation Hearing or any continued hearing or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court.

4.      Objections to confirmation of the Plan and final approval of the Disclosure Statement on any ground, including adequacy of the disclosures therein, if any, shall (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local Rules, and (iii) be filed with the Court and served upon the Notice Parties identified in the Confirmation Hearing Notice on or before **November 3, 2023, at 4:00 p.m. (prevailing Eastern Time)**. The Debtors, and any other parties in interest supporting the Disclosure Statement and Plan may, in their discretion, file a reply in support of final approval of the Disclosure Statement and confirmation of the Plan by **November 6, 2023, at 4:00 p.m. (prevailing Eastern Time).**

5.      The Confirmation Hearing Notice, the Notice of Non-Voting Status, and the Publication Notice, substantially in the forms attached hereto as **Exhibits 1**, **3**, and **4**, respectively, are approved in all respects.

6.      The Ballots, substantially in the forms attached hereto as **Exhibits 2-A**, **2-B**, **2-C**, **2-D**, and **2-E**, are approved in all respects.

7.      The confirmation schedule attached hereto as **Schedule A** is approved in all respects.

8.      The Debtors shall provide notice of the Confirmation Hearing to: (a) the U.S. Trustee; (b) proposed counsel to the Committee; and (c) any party entitled to notice pursuant to Bankruptcy Rule 2002. The Debtors shall use best efforts to commence service of notice of the Confirmation Hearing upon such parties no later than two business days following entry of this Order, or as soon as reasonably practical thereafter.

9.      The Debtors shall publish the Publication Notice, substantially in the form attached hereto as **Exhibit 4**, in *The Wall Street Journal*, *The New York Times*, or *USA Today* on October 10, 2023 or as soon as reasonably practical thereafter.

10.      No later than two (2) business days after entry of this Order, or as soon as reasonably practicable thereafter (the "Solicitation Date"), the Debtors shall cause the Claims Agent to commence service of the Solicitation Packages on Holders of Claims in Classes 3A, 3B, 3C, 3D, and 4 (the "Voting Classes"), the U.S. Trustee, the Committee, and any party entitled to notice pursuant to Bankruptcy Rule 2002, which Solicitation Packages shall contain the following materials: (i) the Confirmation Hearing Notice; (ii) the Disclosure Statement and Plan; (iii) a copy of this Order (without the exhibits); (iv) the appropriate Ballot, as applicable; and (v) any other documents and materials the Debtors deem appropriate. In accordance with the Privacy Protection Order, the Claims Agent shall serve the Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 1**, to the matrix of consolidated creditors, and the following additional parties to the extent such parties are not included in the matrix

service: (i) all parties filing a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 in these chapter 11 cases; (ii) the U.S. Trustee; (iii) the Internal Revenue Service; (iv) all state and local taxing authorities in the states in which the Debtors do business; (v) all federal, state and local authorities that regulate any portion of the Debtors' business; (vi) the Securities and Exchange Commission; and (vii) the United States Attorney for the District of Delaware.

11.    Except as otherwise set forth in the Privacy Protection Order, the Debtors and the Claims Agent shall not be required to serve a Solicitation Package or any other materials related to voting or confirmation of the Plan to any person or entity from which the notice of the Motion or other mailed notice in this case was returned as undeliverable by the postal service, unless the Claims Agent is provided with accurate addresses for such persons or entities before the Voting Record Date, and failure to mail Solicitation Packages or any other materials related to voting or confirmation of the Plan to such persons or entities shall not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline and shall not constitute a violation of Bankruptcy Rule 3017(d). For the avoidance of doubt, a Holder will only be entitled to receive a Solicitation Package on account of a Claim arising from the rejection of an executory contract or unexpired lease if such Claim is filed by the Voting Record Date. For purposes of serving the Solicitation Packages, the Debtors are authorized to rely on the address information compiled, updated, and maintained by the Claims Agent as of the Voting Record Date.  The Debtors and the Claims Agent are not required to conduct any additional research for updated addresses based on undeliverable Solicitation Packages.

12.    The Debtors and the Claims Agent are not required to transmit Solicitation Packages to Holders in Classes 1A, 1B, 2, 5, 6, 7, and 8 (collectively, the "Non-Voting Classes")

under the Plan. Instead, the Debtors or the Claims Agent shall serve a copy of the Notice of Non-

Voting Status, substantially in the form attached hereto as **Exhibit 3**, to Holders in the Non-

Voting Classes in accordance with the Privacy Protection Order.

13.     Ballots must be properly executed, completed, and actually received by the

Claims Agent on or before **November 3, 2023, at 4:00 p.m. (prevailing Eastern Time)** (the

"Voting Deadline") in accordance with the instructions on the Ballot, unless extended by the

Debtors in their discretion in writing, even if the voting period has elapsed. Ballots may be

delivered or submitted to the Claims Agent as follows:

> a.     Ballots may be delivered by either mail or electronically as set forth below.
>
> b.     Ballots may be submitted via electronic, online transmission at the portal for such Ballots (the "E-Ballot Portal"), available on the Claims Agent's website, which shall be the only acceptable method of electronic submission for such Ballots.
>
> c.     Except as provided for herein, Ballots transmitted by telecopy, facsimile, email, or other electronic means of transmission will not be counted.

14.     Pursuant to Bankruptcy Rule 3017(d), **October 5, 2023,** shall be the Voting

Record Date for purposes of determining the Holders entitled to receive a Ballot to vote to accept

or reject the Plan.[4]

15.     The following procedures shall be utilized in tabulating the votes to accept or

reject the Plan (the "Voting Procedures"), provide for a fair and equitable Plan voting process,

and are consistent with Bankruptcy Code section 1126:

> a.     The amount of Class 3A (Prime Core General Unsecured Claims), Class 3B (Prime Trust General Unsecured Claims), Class 3C (Prime IRA General Unsecured Claims) and Class 3D (Prime Digital General Unsecured Claims) for voting purposes only shall be established based on

---

[4]     For the avoidance of doubt, the Voting Record Date is established for voting purposes only and shall not affect who is entitled to receive distributions under the Plan.

the applicable positions held by such Holder (such holders of claim), as of the Voting Record Date, as evidenced by (a) the Schedules and (b) the Claims Register.

b.    Unless otherwise provided in these Voting Procedures, a Claim will be deemed temporarily allowed for voting purposes only in an amount equal to (i) the liquidated, non-contingent, undisputed amount of such Claim as set forth in the Debtors' Schedules of Assets and Liabilities (including all amendments thereto, the "Schedules") if no Proof of Claim has been timely filed in respect of such Claim; or (ii) if a Proof of Claim has been timely filed in respect of such Claim, the liquidated, non-contingent, and undisputed amount set forth in such Proof of Claim.

c.    If a Claim is deemed allowed by the Plan, an order of the Court, or a written agreement between the holder of a Claim and the Debtors, such Claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth therein.

d.    If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim will be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution (unless otherwise specified in such order).

e.    If a Claim, for which a Proof of Claim has been timely filed, has not been disallowed and is not subject to a pending objection or adversary proceeding as of the Voting Record Date, is for unknown or undetermined amounts, or is wholly unliquidated or contingent (as determined on the face of the Claim or after a reasonable review of the supporting documentation by the Claims Agent) and such Claim has not been Allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, in the amount of $1.00.

f.    Proofs of Claim filed in the amount of $0.00 will not be entitled to vote.

g.    If the Debtors have served an objection or request for estimation as to a Claim by no later than October 11, 2023, such Claim will be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and manner as set forth in such objection, or as ordered by the Court.

h.    If the holder of a Claim identifies a Claim amount on its Ballot that is different than the amount otherwise calculated in accordance with the Voting Procedures, the Claim will be temporarily allowed for voting purposes in the lesser of the two amounts.

i.      If a Proof of Claim has been amended by a later Proof of Claim that is filed on or prior to the Voting Record Date, and the original Proof of Claim is not subject to an objection or motion to estimate such claim, the later filed amending Claim shall be entitled to vote in a manner consistent with these Voting Procedures, and the earlier filed Claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended Claim. Except as otherwise ordered by the Court, any amendments to Proofs of Claim after the Voting Record Date shall not be considered for purposes of these Voting Procedures.

j.      Except as otherwise ordered by the Court, any Ballots received after the Voting Deadline will not be counted absent the consent of the Debtors (in their reasonable discretion).

k.      Any Ballot that does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan, will not be counted. Ballots partially rejecting and partially accepting the Plan will not be counted.

l.      Any Ballot that is illegible or contains insufficient information to permit the identification of the holder of a Claim will not be counted.

m.      Any Ballot purportedly cast by a person or entity that does not hold a Claim in a Class entitled to vote to accept or reject the Plan will not be counted.

n.      Whenever a Holder casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the latest-dated Ballot timely received will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots.

o.      If a Holder simultaneously casts Ballots that are voted inconsistently, all such inconsistent Ballots will not be counted.

p.      Each Holder will be deemed to have voted the entire amount of its Claim as set forth on the Ballot.

q.      For purposes of the numerosity requirement of Bankruptcy Code section 1126(c), separate Claims held by a single Holder in a particular Class may be aggregated as if such creditor held one Claim against the Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan. Holders may not split their vote within a Class—thus, each holder of a Claim will be required to vote all of its Claims within the Class either to accept or reject the Plan.

r.      Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class

shall be permitted to vote on account of a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims.

s.    All Ballots must contain a signature from the entity submitting the Ballot. Any unsigned Ballot will not be counted; *provided, however*, for the avoidance of doubt, Ballots for Classes 3A, 3B, 3C, and 3D submitted via the Claims Agent's E-Ballot Portal will be deemed to contain a signature.

t.    Any Ballot transmitted to the Claims Agent by telecopy, facsimile, e-mail, or other electronic means of transmission (other than the Claims Agent's E- Ballot Portal) will not be counted.

u.    The method of delivery of Ballots to the Claims Agent is at the risk of each holder of a Claim, and such delivery will be deemed made only when the original Ballot is <u>actually received</u> by the Claims Agent.

v.    If a Ballot is executed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity on behalf of a holder of a Claim, such person will be required to indicate such capacity when signing and may be required, at the Debtors' or the Claims Agent's discretion, to submit proper evidence satisfactory to the Debtors or the Claims Agent to so act on behalf of the holder of a Claim.

w.    Any Holder who has delivered a valid Ballot voting on the Plan may withdraw or change such vote solely in accordance with Bankruptcy Rule 3018(a).

x.    Subject to any contrary order of the Court, the Debtors reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot at any time, either before or after the Voting Deadline, and any such waivers shall be documented in the vote tabulation certification prepared by the Claims Agent.

y.    Unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline or within such time as the Court determines, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

z.    Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor will any of them incur any liability for failure to provide such notification.

15.     Upon completion of balloting, the Claims Agent shall certify the amount and number of allowed Claims in the Voting Classes accepting or rejecting the Plan with the assistance of the Debtors and case professionals. The Debtors are authorized to file a Voting Affidavit on or before **November 6, 2023, at 4:00 p.m. (prevailing Eastern Time)**. The Debtors may waive any defects or irregularities as to any particular Ballot at any time, either before or after the close of voting, and any such waivers shall be documented in the Voting Affidavit. The Voting Affidavit shall also document any Ballots that are not accepted pursuant to the Voting Procedures and the reason why such Ballot was not accepted.  Additionally, the Voting Affidavit shall specify each Holder of a Claim that opted out of granting the releases set forth in the Plan, and list the names of all parties in Voting Classes for whom solicitation packages that were returned as undeliverable, or as to which the Debtors did not serve solicitation packages, pursuant to paragraph 11 of this Order, in all cases subject to the Privacy Protection Order. To assist in the solicitation process, the Claims Agent is authorized, but not required, to contact parties that submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies. Unless waived, any defects or irregularities in connection with completion or delivery of Ballots must be cured on or before the Voting Deadline or within such other time as the Debtors (or the Court) determines. Neither the Debtors nor the Claims Agent will be under any duty to provide notification of defects or irregularities with respect to completion or delivery of Ballots nor will any of them incur any liability for failure to provide such notification. Delivery of such defective Ballots will not be deemed to have been made until such irregularities have been cured or waived.

16.     If any Holder seeks allowance of its Claim for voting purposes or to challenge the allowance of its Claim for voting purposes in accordance with the Voting Procedures, such

Holder must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its Claim or allowing its Claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "Rule 3018 Motion") and serve the Rule 3018 Motion on the Debtors so that it is received no later than **October 27, 2023, at 4:00 p.m. (prevailing Eastern Time)** (the "Rule 3018(a) Motion Deadline"). The Debtors (and, with respect to filing a response, any other party in interest) shall then: (i) have until **November 3, 2023, at 4:00 p.m. (prevailing Eastern Time)** to file and serve any objections to such Rule 3018 Motions and parties shall coordinate with the Court to adjudicate and resolve all pending Rule 3018 Motions prior to or at the Confirmation Hearing. Any Ballot submitted by a Holder that files a Rule 3018 Motion shall be counted solely in accordance with the Voting Procedures and the other applicable provisions of this Order unless and until the underlying Claim or Interest is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

17.     With respect to any transferred Claim, the transferee shall only be entitled to receive and cast a Ballot on account of such transferred Claim if: (i) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date (including, without limitation, the passage of any applicable objection period) or (ii) the transferee files, no later than the Voting Record Date, (a) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (b) a sworn statement of the transferor supporting the validity of the transfer.

18.     The Debtors are authorized to make non-substantive and ministerial changes to the Notice of Non-Voting Status and any documents in the Solicitation Package without further approval of the Court prior to its dissemination, including, without limitation, changes to correct

typographical and grammatical errors and to make conforming changes to the Disclosure Statement and Plan and any other materials included in the Solicitation Package prior to their distribution.

19.     The Plan Supplement shall be filed with this Court no later than **November 3, 2023, at 4:00 p.m. (prevailing Eastern Time)**, provided, that, the Debtors may amend, supplement, or otherwise modify the Plan Supplement prior to the Confirmation Hearing and/or in accordance with the Plan.

20.     In accordance with Local Rule 3017-2, objections not made at the time of the hearing on the Motion for approval of, (i) the voting procedures to be utilized, (ii) the form of notice to be provided to creditors and interest holders of the Debtors, and (iii) the form of ballot which will be provided to creditors and interest holders entitled to vote on the Plan and Disclosure Statement, shall not be considered at the time of the Confirmation Hearing.

21.     Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be effective immediately and enforceable upon its entry.

22.     The Debtors and their authorized agents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

23.     The Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

**Schedule A**

| Event | Date and Time (if any) |
|---|---|
| Deadline to Object to Solicitation Procedures and Conditional Approval of DS | September 28, 2023 at 4:00 p.m. (prevailing Eastern Time) |
| Conditional Approval Hearing | October 5, 2023 at 2:00 p.m. (prevailing Eastern Time) |
| Voting Record Date | October 5, 2023 |
| Solicitation Commencement Date | October 5, 2023 |
| Deadline to Publish Notice of Confirmation Hearing | October 10, 2023 |
| Deadline to File Rule 3018 Motions | October 27, 2023, at 4:00 p.m. (prevailing Eastern Time) |
| Deadline to File Plan Supplement | November 3, 2023 |
| Confirmation Objection Deadline | November 3, 2023, at 4:00 p.m. (prevailing Eastern Time) |
| Deadline to Object to Rule 3018 Motions | November 3, 2023, at 4:00 p.m. (prevailing Eastern Time) |
| Voting Deadline | November 3, 2023, at 4:00 p.m. (prevailing Eastern Time) |
| Deadline to File Voting Affidavit | November 6, 2023 |
| Deadline to File Declarations, Brief, in Support of Confirmation, Replies in support of Rule 3018 Motions | November 6, 2023, at 4:00 p.m. (prevailing Eastern Time) |
| Confirmation Hearing | November 10, 2023 at [●] [●].m. (prevailing Eastern Time) |

## Exhibit 1

**Confirmation Hearing Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |

**NOTICE OF ORDER (I) APPROVING THE DISCLOSURE STATEMENT ON
AN INTERIM BASIS FOR SOLICITATION PURPOSES ONLY;
(II) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION
OF VOTES TO ACCEPT OR REJECT THE PLAN; (III) APPROVING THE FORM
OF BALLOT AND SOLICITATION PACKAGES; (IV) ESTABLISHING THE
VOTING RECORD DATE; (V) SCHEDULING A COMBINED HEARING
FOR FINAL APPROVAL OF THE ADEQUACY OF INFORMATION IN THE
DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN**

**PLEASE TAKE NOTICE THAT:**

1.     ***Approval of Disclosure Statement***. On October 5, 2023, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") held a hearing (the "Conditional Approval Hearing") at which it approved on a conditional basis the *Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to Joint Chapter 11 Plan of Reorganization for Prime Core Technologies Inc. and Its Affiliated Debtors* [Docket No. [•]] (as amended, supplemented or otherwise modified from time to time, according to its terms, the "Disclosure Statement") of Prime Core Technologies Inc. and its affiliated debtors in the above-captioned chapter 11 cases (collectively, the "Debtors"), and thereafter entered an order (the "Conditional Approval Order") with respect thereto. The Conditional Approval Order, among other things, authorizes the Debtors to solicit votes to accept the *Joint Chapter 11 Plan of Reorganization for Prime Core Technologies Inc. and Its Affiliated Debtors* filed on October [•], 2023 [Docket No. [•]] (as amended, supplemented or otherwise modified from time to time, according to its terms, the "Plan").[2]

2.     ***Confirmation Hearing.*** A hearing to consider the confirmation of the Plan (the "Confirmation Hearing") has been scheduled for **November 10, 2023, at [•] (prevailing Eastern Time)** before the Honorable J. Kate Stickles, United States Bankruptcy Judge, in the Bankruptcy Court. The Confirmation Hearing may be adjourned or continued from time to time by the Bankruptcy Court without further notice other than by a Court announcement providing for such adjournment or continuation on its

---

[1]     The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, Nevada 89135.

[2]     A full set of dates and deadlines related to confirmation of the Plan can be found at https://cases.stretto.com/chjpbwv0cnvzda-1696380673/content/2457-confirmation-schedule/.

agenda. The Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing.

3.  ***Voting Record Date.*** Holders in Classes 3A, 3B, 3C, 3D, and 4 (the "Voting Classes"), as of the Voting Record Date, who are otherwise eligible to vote as of October 5, 2023 (the "Voting Record Date") shall be entitled to vote to accept or reject the Plan.

4.  ***Voting Deadline.*** All votes to accept or reject the Plan must be actually received by the Debtors voting and tabulation agent, Bankruptcy Management Solutions, Inc. d/b/a Stretto ("Stretto" or the "Claims Agent"), by (a) first-class mail (using the reply envelope provided herewith or otherwise), (b) overnight courier, or (c) hand delivery to Prime Core Technologies Inc., *et al*. Claims Processing, c/o Stretto, 410 Exchange, Suite 100, Irving, CA 92602. In addition, Ballots will be accepted if properly completed through the online balloting portal maintained by the Claims Agent (the "E-Ballot Portal") by no later than **November 3, 2023, at 4:00 p.m. (prevailing Eastern Time)** (the "Voting Deadline"). Any failure to follow the voting instructions included with your Ballot may disqualify your Ballot and your vote.

5.  ***Parties in Interest Not Entitled to Vote.*** Holders of Secured Tax Claims, Other Priority Claims, Section 501(b) Claims, Intercompany Claims, Intercompany Interests, and Existing Equity Interests are not entitled to vote on the Plan and will not receive a Ballot. If you disagree with the amount set forth by the Debtors for your Claim in the Schedules or if you have filed a proof of claim and disagree with either (a) the Debtors' objection to your Claim and believe that you should be entitled to vote on the Plan or (b) the Debtors' classification or request for estimation of your Claim and believe that you should be entitled to vote on the Plan in a different amount or class, then you must serve on the parties identified in paragraph 8 below and file with the Bankruptcy Court a motion (a "Rule 3018(a) Motion") for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") temporarily allowing your claim in a different amount or in a different class for purposes of voting to accept or reject the Plan. All Rule 3018(a) Motions must be filed on or before **October 27, 2023, at 4:00 p.m. (prevailing Eastern Time)**. Rule 3018(a) Motions that are not timely filed and served in the manner set forth above shall not be considered. As to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will be counted as provided in the Order except as may be otherwise ordered by the Bankruptcy Court. Creditor's may contact Stretto (i) by writing to Prime Core Technologies Inc. Ballot Processing Center, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; (ii) by email to PrimeCoreInquiries@stretto.com with a reference to "Prime Core Technologies Inc. Solicitation" in the subject line; or (iii) by telephone at +1-303-356-6996 (International) or (888)-533-6996 (U.S./Canada Toll- Free) to receive an appropriate ballot for any Claim for which a Proof of Claim has been timely filed and a Rule 3018(a) Motion has been granted.

6.  ***Objections to Confirmation.*** The deadline to object or respond to confirmation of the Plan is **November 3, 2023, at 4:00 p.m. (prevailing Eastern Time)** (the "Plan Objection Deadline").

7.  ***Form and Manner of Objections to Confirmation***. Objections and responses, if any, to confirmation of the Plan, must: (i) be in writing; (ii) comply with the Bankruptcy Rules and the Local Rules; and (iii) be filed with the Bankruptcy Court and served  upon the following parties: (a) counsel to the Debtors, McDermott Will & Emery LLP (i) 1000 N. West Street, Suite 1400, Wilmington, Delaware 19801, (Attn: Maris J. Kandestin (mkandestin@mwe.com)), (ii) One Vanderbilt Avenue, New York, New York 10017-3852 (Attn: Darren Azman (dazman@mwe.com)), and (iii) 333 SE 2nd Avenue, Suite 4500, Miami, Florida 33131 (Attn: Gregg Steinman (gsteinman@mwe.com)); (b) proposed counsel to the Committee, Brown Rudnick LLP, 7 Times Square, New York, NY 10036 (Attn: Robert Stark (rstark@brownrudnick.com; Bennett Silverberg (bsilverberg@brownrudnick.com)); and (c) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington,

Delaware 19801 (Attn: Joseph F. Cudia (joseph.cudia@usdoj.gov)), no later than the Plan Objection Deadline.

8.        **IF AN OBJECTION TO THE PLAN IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO THE PLAN OR THE ADEQUACY THEREOF AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

***Additional Information.*** Any Party in interest wishing to obtain information about the solicitation procedures or copies of the Disclosure Statement, the Plan, or other Solicitation Materials should contact the Claims Agent: (i) by accessing the Debtors' restructuring website maintained by the Claims Agent at https://cases.stretto.com/primetrust/ under the tab titled "Plan & Disclosure Statement"; (ii) by writing to Prime Core Technologies Inc. Ballot Processing Center, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; (c) by email to PrimeCoreInquiries@stretto.com with a reference to "Prime Core Technologies Inc. Solicitation" in the subject line; or (d) by telephone at +1-303-356-6996 (International) or (888)-533-6996 (U.S./Canada Toll- Free); or for a fee via PACER at http://ecf.deb.uscourts.gov.

<center>

**NOTICE REGARDING CERTAIN RELEASE,**
**EXCULPATION, AND INJUNCTION PROVISIONS IN PLAN**

</center>

        **If you (i) vote to accept the Plan, (ii) do not vote either to accept or to reject the Plan and do not opt out of granting the releases set forth in the Plan, (iii) vote to reject the Plan but do not opt out of granting the releases set forth in the Plan, or (iv) were given notice of the opportunity to opt out of granting the releases set forth in the Plan but did not opt out, you shall be deemed to have consented to the releases contained in Article 10 of the Plan.**

        10.4    ***Releases By the Debtors.***

        **Notwithstanding anything in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party[3] is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably, and forever released by each of the Debtors, their respective Estates, and any Person seeking to exercise the rights of any of the Debtors or their Estates (including any successors to any of the Debtors or their Estates or any estate representatives appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code), in each case, on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Persons who may purport to assert any Cause of Action, derivatively, by, through, for, or because of any of the foregoing Persons, from any and all Claims and Causes of Action, other than any 98f Wallet Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or non-**

---

[3]    "Released Parties" means, subject to the outcome of the Debtors' investigation, collectively, in each case in its capacity as such:  (a) the Debtors; (b) the Reorganized Debtors, (c) the Wind-Down Debtor; (d) the Special Committee, and each of the members thereof, solely in their capacity as such; (e) the Creditors' Committee, and each of the members thereof, solely in their capacity as such; (f) each of the Released Professionals; (g) if applicable, the Purchaser; and (h) if applicable, the Plan Sponsor; *provided, however*, that (x) if (i) the Asset Purchase Agreement is terminated, the Purchaser shall not be a "Released Party" under the Plan or (ii) the Plan Sponsorship Agreement is terminated, the Plan Sponsor shall not be  a "Released Party" under the Plan, and (y) Mr. Jor Law shall not be a "Released Party" under the Plan, and (z) notwithstanding the foregoing, the Directors and Officers against whom the Debtors hold Non-Released D&O Claims as of the Petition Date shall not be "Released Parties" under the Plan.

<center>3</center>

contingent, in law, equity, contract, tort or otherwise, that any of the Debtors, the Reorganized Debtors, the Wind-Down Debtor, the Creditors' Litigation Trust, their respective Estates, or any successors to or representatives of the foregoing appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, would have been legally entitled to assert in their own right (whether Individually or collectively) or that any holder of any Claim against or any Interest in, any of the Debtors could have asserted on behalf of any of the Debtors,  the Reorganized Debtors, the Wind-Down Debtor, the Creditors' Litigation Trust, or their respective  Estates, based on, relating to, or in any manner arising from, in whole or in part, any of the Debtors (including the capital structure, management, ownership, or operations thereof), any Security of any of the Debtors, the subject matter of, or the transactions or events giving rise to, any such Claim, Cause of Action or Interest, the business or contractual arrangements between any Debtor and a Released Party, any of the Debtors' restructuring efforts, any Avoidance Actions held by any of the Debtors or their Estates, any intercompany transactions performed by any of the Debtors, the Chapter 11 Cases (including the Filing thereof and any relief obtained by the Debtors therein), the formulation, preparation, dissemination, negotiation, or Filing of the Plan (including the Plan Supplement), the Disclosure Statement, the Bid Procedures Order (and the procedures approved thereby), any Definitive Document, any Plan Document, any Reorganization Transaction Document, any Sale Transaction Document, any Liquidation Transaction Document, any Reorganization Transactions, dollarization of Cryptocurrency, or any other contract, instrument, release, or other agreement or document (including any legal opinion requested by any Person regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order with respect to the Plan in lieu of such legal opinion) created or entered into, whether before or during the Chapter 11 Cases, in connection with the Filing of the Debtors' Chapter 11 Cases, the Bid Procedures Order, the Disclosure Statement, the Plan (including, for the avoidance of doubt, the Plan Supplement), any Reorganization Transactions, any Definitive Document, any Plan Document, any Reorganization Transaction Document, any Sale Transaction Document, any Liquidation Transaction Document, any Reorganization Transactions, dollarization of Cryptocurrency, the solicitation of votes with respect to the Plan, the pursuit of Confirmation of the Plan, the pursuit of Consummation of the Plan, and the administration implementation of the Plan, and the administration and the implementation of the Plan, including the issuance or distribution of Securities or any other property pursuant to the Plan, or any other act or omission, transaction, agreement, event, or other occurrence related or relating to any of the foregoing taking place on or before the Effective Date other than Claims and liabilities resulting therefrom arising out of or relating to any act or omission of a Released Party that constitutes actual fraud, willful misconduct, or gross negligence, in each case, solely to the extent determined by a Final Order of a court of competent jurisdiction.

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (a) any post-Effective Date Claims or obligations of any Person (other than Exculpated Parties except as otherwise set forth herein) under the Plan, the Confirmation Order with respect to the Plan, any Reorganization Transactions, any Definitive Document, any Plan Document, any Reorganization Transaction Document, any Sale Transaction Document, any Liquidation Transaction Document, any Reorganization Transactions, dollarization of Cryptocurrency, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, (b) any right of objection, defense, mandatory counterclaim, or right of setoff to any Claim against or Interest in the Debtors, or (c) any 98f Wallet Cause of Action.

Notwithstanding anything to the contrary contained herein, nothing in the Plan shall release, waive, or otherwise limit the rights, duties, or obligations of (i) if applicable, the Purchaser under the Asset Purchase Agreement or the Plan Sponsor under the Plan Sponsorship Agreement,

and (ii) the Non-Released D&O Claims, but such Non-Released D&O Claims shall remain subject to the limitations contained in <u>Article 6.9</u> of this Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to section 1123(b) of the Bankruptcy Code and Bankruptcy Rule 9019, of the releases described in this <u>Article 10.4</u> by the Debtors, which includes by reference each of the related provisions and definitions contained in this Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in this <u>Article 10.4</u> is: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good-faith settlement and compromise of such Causes of Action; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) a sound exercise of the Debtors' business judgment; and (7) except to the extent contemplated by <u>Article 10.4</u> and <u>Article 10.5</u> of the Plan, a bar to any Debtor, the Wind-Down Debtor, the Creditors' Litigation Trust, or their respective Estates asserting any Cause of Action related thereto, of any kind, against any of the Released Parties or their property, in all cases subject to the entry of the Confirmation Order.

10.5    ***Releases By Holders of Claims and Interests.***

Except as otherwise expressly set forth in the Plan or the Confirmation Order, on and after the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably and forever, released by each Releasing Party[4] from any and all Causes of Action, other than any 98f Wallet Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or non-contingent, in law, equity, contract, tort, or otherwise, including any derivative claims asserted on behalf of the Debtors, that such Person would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, any of the Debtors (including the capital structure, management, ownership, or operation thereof), any security of any of the Debtors, any of the Reorganized Debtors, or the Wind-Down Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the assertion or enforcement of rights and remedies against any of the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions held by any of the Debtor(s) or their Estates, intercompany transactions between or among a Debtor and another Debtor, the formulation, preparation, dissemination, negotiation, or Filing of the Chapter 11 Cases, the Bid Procedures Order, Disclosure Statement, the Plan (including, for the avoidance of doubt, the Plan Supplement), any Definitive Document, any Plan Document, any Reorganization Transaction Document, any Sale Transaction Document, any Liquidation Transaction Document,

---

[4]    "<u>Releasing Parties</u>" means collectively, and in each case, solely in their respective capacities as such: (a) the Released Parties; (b) all Holders of Claims and Interests that are deemed to accept this Plan and who do not either affirmatively opt out of the releases provided by the Plan or file an objection with the Bankruptcy Court objecting to the releases set forth in <u>Article 10.5</u> of the Plan; (c) all Holders of Claims who (i) vote to accept or reject the Plan, or (ii) abstain from voting and, in the case of either (i) or (ii), do not affirmatively opt out of the voluntary release contained in <u>Article 10.5</u> of the Plan by checking the "opt-out" box on the ballot and returning it in accordance with the instructions set forth thereon or file an objection with the Bankruptcy Court objecting to the releases set forth in <u>Article 10.5</u> of the Plan; *provided, however,* that if (i) the Asset Purchase Agreement is terminated, the Purchaser shall not be a "Releasing Party" under the Plan and (ii) the Plan Sponsorship Agreement is terminated, the Plan Sponsor shall not be a "Releasing Party" under the Plan. For the avoidance of doubt, no Holder of any Claim or Interest that is deemed to reject this Plan shall be a Releasing Party.

**any Reorganization Transactions, dollarization of Cryptocurrency, any Reorganization Transactions contemplated by the Plan, any contract, instrument, release, or other agreement or document created or entered into, whether before or during the Chapter 11 Cases, in connection with the Filing of the Debtors' Chapter 11 Cases, the Bid Procedures Order, the Disclosure Statement, the Plan (including, for the avoidance of doubt, the Plan Supplement), any Reorganization Transactions, any Definitive Document, any Plan Document, any Reorganization Transaction Document, any Sale Transaction Document, any Liquidation Transaction Document, any Reorganization Transactions, dollarization of Cryptocurrency, the solicitation of votes with respect to the Plan, the pursuit of Confirmation of the Plan, the pursuit of Consummation of the Plan, and the administration implementation of the Plan.  Notwithstanding anything to the contrary in the foregoing,  the releases set forth in this <u>Article 10.5</u> shall not be construed as (i) releasing any Released Party from Claims or Causes of Action arising from an act or omission that is judicially determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence; (ii) releasing any post-Effective Date obligations of or under (A) any party or Entity under the Plan, (B) any Executory Contract or Unexpired Lease to the extent such Executory Contract or Unexpired Lease has been assumed by the Debtors pursuant to a Final Order, or (C) any document, instrument, or agreement executed to implement the Plan; (iii) releasing any rights to distributions required to be paid or delivered pursuant to the Plan or the Confirmation Order; (v) releasing or discharging any properly-pled direct claim (other than claims against the Debtors) held by a creditor that is not a Releasing Party.  For the avoidance of doubt, to the extent that any creditor had a direct claim against a non-Debtor under applicable non-bankruptcy law (other than a fraudulent transfer claim) prior to the Petition Date, such claim did not vest in the Debtors on the Petition Date and remains property of such creditor.**

      10.6    ***Exculpation.***

**Effective as of the Effective Date, to the fullest extent permissible under applicable law and without affecting or limiting either the Debtor release or the third party release, and except as otherwise specifically provided in the Plan, no Exculpated Party[5] shall have or incur, and each Exculpated Party is exculpated from any Cause of Action for any act or omission arising on or after the Petition Date and prior to the Effective Date based on the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation or filing, or consummation of the Disclosure Statement, the Bid Procedures Order, the Plan, any Definitive Document, any Plan Document, any Reorganization Transaction Document, any Sale Transaction Document, any Liquidation Transaction Document, any Restructuring Transactions, dollarization of Cryptocurrency, any contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the Plan or any Restructuring Transactions, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation of the Plan, the administration of the Chapter 11 Cases, the administration and implementation of the Plan, including the issuance of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement (including, for the avoidance of doubt, providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation**

---

[5]   "<u>Exculpated Parties</u>" means, collectively, and in each case in its capacity as such:  (a) each of the Debtors; (b) the Reorganized Debtors; (c) the Wind-Down Debtor; (d) the Special Committee, and each of the members thereof, solely in their capacity as such; (e) the Creditors' Committee, and each of the members thereof, solely in their capacity as such; (f) each of the Released Professionals; (g) the Current Directors and Officers, and Persons employed by each of the Debtors and their Affiliates serving in such capacity on or after the Petition Date but before the Effective Date; (h) the Plan Administrator; (i) the Distribution Agent; (j) Cooley LLP; and (k) J.S. Held LLC.

Order in lieu of such legal opinion), except for Causes of Action related to any act or omission that is determined in a Final Order of a court of competent jurisdiction to have constituted actual fraud, willful misconduct, malpractice, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.

The Exculpated Parties have, and upon Consummation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

10.7    *Injunction.*

(a)    Upon entry of the Confirmation Order, all Holders of Claims and Interests and other parties in interest, along with their respective present or former employees, members, managers, agents, officers, directors, principals, and affiliates, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan in relation to any Claim extinguished, or released pursuant to the Plan.

(b)    Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court or as agreed to by the Debtors and a Holder of a Claim against or Interest in the Debtors, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether or not proof of such Claims or Interests has been filed and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, along with their respective present or former employees, members, managers, agents, officers, directors, principals, and affiliates are permanently enjoined, on and after the Effective Date, solely with respect to any Claims, Interests, and Causes of Action that will be or are extinguished, or released pursuant to the Plan from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors, the Wind-Down Debtor, the Creditors' Litigation Trust, or the property of any of the Debtors, the Reorganized Debtors, the Wind-Down Debtor, the Creditors' Litigation Trust, or their respective properties or Estates, as applicable; (ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtors, the Wind-Down Debtor, the Creditors' Litigation Trust, or the property of any of the Debtors, the Wind-Down Debtor, the Creditors' Litigation Trust, the Reorganized Debtors, or their respective Estates; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors, the Wind-Down Debtor, the Creditors' Litigation Trust, or the property of any of the Debtors, the Wind-Down Debtor, the Creditors' Litigation Trust, the Reorganized Debtors, or against their respective Estates; (iv) asserting any right of setoff, directly or indirectly, against any obligation due from the Debtors, the Wind-Down Debtor, the Creditors' Litigation Trust, or against the property of any of the Debtors, the Wind-Down Debtor, the Creditors' Litigation Trust, the Reorganized Debtors, or their respective Estates, or against property or interests in property of any of the Debtors, the Wind-Down Debtor, or the Creditors' Litigation Trust, except as contemplated or allowed by the Plan; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.

(c)      By accepting distributions pursuant to the Plan, each Holder of an Allowed Claim or Interest extinguished, or released pursuant to the Plan shall be deemed to have affirmatively and specifically consented to be bound by the Plan, including, without limitation, the injunctions set forth in this **Article 10.7.**

(d)      The injunctions in this **Article 10.7** shall extend to any successors of the Debtors, the Reorganized Debtors, or the Wind-Down Debtor, as applicable, and their respective property and interests in property.

Dated: October 5, 2023
Wilmington, Delaware

### MCDERMOTT WILL & EMERY LLP

Maris J. Kandestin (No. 5294)
1000 N. West Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 485-3900
Facsimile: (302) 351-8711
Email: mkandestin@mwe.com

Darren Azman
Joseph B. Evans
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Email: dazman@mwe.com
         jbevans@mwe.com

Gregg Steinman
333 SE 2nd Avenue, Suite 4500
Miami, Florida 33131
Telephone: (305) 358-3500
Facsimile: (305) 347-6500
Email: gsteinman@mwe.com

*Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit 2-A</u>**

**Ballot (Class 3A: Prime Core General Unsecured Claims)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |

**BALLOT TO ACCEPT OR REJECT THE DEBTORS' CHAPTER 11 PLAN**

**CLASS 3A: PRIME CORE GENERAL UNSECURED CLAIMS**

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THIS BALLOT. FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE CLAIMS AGENT BY NOVEMBER 3, 2023, AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE") IN ACCORDANCE WITH THIS BALLOT.**

This ballot (the "Ballot") is transmitted to you to solicit your vote to accept or reject the plan of reorganization (the "Plan") as set forth in the *Joint Chapter 11 Plan of Reorganization for Prime Core Technologies Inc. and Its Affiliated Debtors* [Docket No. [•]] (as amended, supplemented or otherwise modified from time to time, according to its terms, the "Plan") filed by the above-captioned debtors and debtors in possession (the "Debtors"). The *Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to Joint Chapter 11 Plan of Reorganization for Prime Core Technologies Inc. and Its Affiliated Debtors* [Docket No. [•]] (as amended, supplemented or otherwise modified from time to time, according to its terms, the "Disclosure Statement") contains disclosures summarizing the Plan and has been approved on a conditional basis by order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") [Docket No. [•]] (the "Conditional Approval Order").[2] The Disclosure Statement and the Plan provide information to assist you in deciding how to vote your Ballot.

The Disclosure Statement, the Plan, and Conditional Approval Order are included in the Solicitation Package accompanying this Ballot. You may also obtain copies from Bankruptcy Management Solutions, Inc. d/b/a Stretto ("Stretto" or the "Claims Agent") free of charge (a) by accessing the Debtors' restructuring website at https://cases.stretto.com/primetrust/; (b) by writing to Prime Core Technologies Inc., *et al*. Claims Processing Center, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; (c) by email at PrimeCoreInquiries@stretto.com with a reference to "Prime Core Technologies Inc." in the subject line; or (d) by telephone at +1-303-536-6996 (International) or (888) 533-4753 (U.S./Canada Toll-Free); or for a fee via PACER at http://ecf.deb.uscourts.gov.

---

[1]    The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, Nevada 89135.

[2]    Capitalized terms not defined herein are defined in the Disclosure Statement, the Plan or the Conditional Approval Order, as applicable.

If you have any questions on how to properly complete this Ballot, please contact the Claims Agent by email at PrimeCoreInquiries@stretto.com with a reference to "Prime Core Technologies Inc. Solicitation" in the subject line; or (d) by telephone at +1-303-536-6996 (International) or (888) 533-4753 (U.S./Canada Toll-Free). Please be advised the Claims Agent cannot provide legal advice.

---

**IMPORTANT**

**You should carefully review the Disclosure Statement and Plan before you submit this Ballot. You may wish to seek independent legal advice concerning the Disclosure Statement and Plan and the classification and treatment of your Class 3A Claim under the Plan.**

**All Prime Core General Unsecured Claims against Debtor Prime Core have been placed in Class 3A under the Plan. If you hold Claims in more than one Class under the Plan, you may receive a Ballot for each such Class and must complete a separate Ballot for each such Class.**

**For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is actually received by the Claims Agent by no later than the Voting Deadline of November 3, 2023, at 4:00 p.m. (prevailing Eastern Time), unless such time is extended in writing by the Debtors.**

**If you wish to return a hard copy of your Ballot, you may return it in the enclosed preaddressed, postage prepaid envelope or submit it by first class mail, overnight courier or hand delivery to:**

<div align="center">

**If by First-Class Mail, Hand Delivery or Overnight Mail:**
**Prime Core Technologies Inc.,** *et al.*
**Ballot Processing Center**
**c/o Stretto**
**410 Exchange, Suite 100**
**Irvine, CA 92602**

</div>

**If you would like to coordinate hand delivery of your Ballot, please email PrimeCoreInquiries@stretto.com at least twenty-four (24) hours in advance and provide the anticipated date and time of your delivery.**

**If you prefer to vote online, Ballots will be accepted if properly completed through the E- Ballot portal maintained by the Claims Agent (the "E-Ballot Portal"). To submit your Ballot via the E-Ballot Portal, visit https://cases.stretto.com/primetrust/. Click on the "Submit E- Ballot" section of the Debtors' website and follow the directions to submit your E-Ballot. If you choose to submit your Ballot via the E-Ballot Portal, you should not also return a hard copy of your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot Password:**_____

**The E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**If your Ballot is not received by the Claims Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors, your vote will not be counted.**

**Your receipt of this Ballot does not signify that your Claim(s) has been or will be allowed or that you will receive a distribution under the Plan. The Debtors reserve all rights to dispute such Claim(s).**

**HOW TO VOTE (AS MORE FULLY SET FORTH IN THE VOTING INSTRUCTIONS):**

1.   Complete Item 1.

2.   Review the releases set forth in Item 2 and elect whether to opt out of the releases.

3.   Review the information, certifications and acknowledgements contained in Items 3 and 4.

4.   **SIGN THE BALLOT**.

5.   Return the original signed Ballot in the enclosed pre-addressed, postage-paid envelope, or by first- class mail, hand delivery, overnight courier, or submit your Ballot through the online E-Ballot portal maintained by the Claims Agent so that it is **actually received** by the Claims Agent before the Voting Deadline. Ballots submitted to the Debtors or any of their agents and advisors (other than the Claims Agent) will not be counted.

6.   You must vote the full amount of the Claim covered by this Ballot either to accept or to reject the Plan. You may not split your vote. Any executed Ballot that partially accepts and partially rejects the Plan will not be counted.

7.   If you hold Claims in more than one Class, you must use separate Ballots for each Class of Claims.

8.   Any executed Ballot received that (a) does not indicate either an acceptance or rejection of the Plan or (b) indicates both an acceptance and a rejection of the Plan will not be counted.

9.   Any Ballot received that is unsigned, illegible, or otherwise incomplete will not be counted.

3

**VOTING INSTRUCTIONS FOR COMPLETING THE BALLOT FOR HOLDERS OF CLASS 3A CLAIMS**

1.  This Ballot is transmitted to you to solicit your vote to accept or reject the Plan. PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.

2.  The Plan will be accepted by Class 3A if it is accepted by the Holders of Claims of two- thirds in amount and more than one-half in number of Claims in Class 3A that actually vote on the Plan. If the Plan is confirmed by the Bankruptcy Court, all Holders (including those Holders who abstain from voting or vote to reject the Plan, and those Holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

3.  Complete, sign, and return this Ballot to the Claims Agent so that it is actually received by the Claims Agent before **November 3, 2023, at 4:00 p.m. (prevailing Eastern Time)**, the Voting Deadline, unless such time is extended in writing by the Debtor.

4.  The Claims Agent's "E-Ballot Portal" is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by telecopy, facsimile, email, or other electronic means of transmission will not be counted. If voting online, to have your vote counted, you must electronically complete, sign, and submit the electronic Ballot by utilizing the E-Ballot Portal on the Claims Agent's website. Your Ballot must be received by the Claims Agent no later than the Voting Deadline, unless such time is extended by the Debtors. Please visit https://cases.stretto.com/primetrust/. Click on the "Submit E-Ballot" section of the Debtors' website and follow the directions to submit your E-Ballot. If you choose to submit your Ballot via the Claims Agent's E-Ballot system (the "E-Ballot Portal"), you should not also return a hard copy of your Ballot.

5.  To properly complete this Ballot, you must follow the procedures described below:

    a.  if you hold a Claim in Class 3A, cast one vote to accept or reject the Plan by checking the appropriate box in Item 1;

    b.  if you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (*e.g.* a power of attorney or a certified copy of board resolutions authorizing you to so act);

    c.  if you also hold other Claims, you may receive more than one Ballot, labeled for a different Class of Claims and you should separately complete and submit a Ballot for each Class of Claims in which you hold Claims. Your vote will be counted in determining acceptance or rejection of the Plan by each particular Class of Claims only if you complete, sign, and return the Ballot labeled for that Class of Claims in accordance with the instructions on such Ballot;

    d.  provide your name and mailing address on your Ballot;

    e.  sign and date your Ballot, and provide the remaining information requested; and

    f.  return your Ballot using the methods described above.

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, DID NOT RECEIVE AN ELECTRONIC COPY OF THE DISCLOSURE STATEMENT AND THE PLAN, OR NEED PHYSICAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE CLAIMS AGENT BY WRITING TO PRIME CORE TECHNOLOGIES INC. BALLOT PROCESSING CENTER, C/O STRETTO, 410 EXCHANGE, SUITE 100, IRVINE, CA 92602; BY EMAIL AT PRIMECOREINQUIRIES@STRETTO.COM WITH A REFERENCE TO "PRIME CORE TECHNOLOGIES INC. SOLICITATION" IN THE SUBJECT LINE; OR BY TELEPHONE AT +1-303-536-6996 (INTERNATIONAL) OR (888) 533-4753 (U.S./CANADA TOLL-FREE) AND REQUESTING TO SPEAK WITH A MEMBER OF THE SOLICITATION TEAM.**

**PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.**

**PLEASE READ THE VOTING INFORMATION AND
INSTRUCTIONS ABOVE BEFORE COMPLETING THIS BALLOT.**

**Item 1. Class Vote.** The undersigned, the Holder of a Class 3A Claim against the Debtors hereby votes, in the amount set forth below, as follows (**check <u>one</u> box**):

                   Accept the Plan

                            OR

                   Reject the Plan.

                           Voting Amount of Claim:[3] $ _____

                           Debtor:_____

**Item 2. Important Information Regarding Releases.**

**AS A HOLDER OF A CLAIM IN CLASS 3A UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES BY HOLDERS OF CLAIMS AND INTERESTS CONTAINED IN ARTICLE 10.5 OF THE PLAN, WHICH IS ALSO SET FORTH BELOW, UNLESS YOU CHECK THE OPT OUT BOX DIRECTLY BELOW, OR FILE AN OBJECTION TO THE RELEASE PROVISIONS OF THE PLAN WITH THE BANKRUPTCY COURT BY NOVEMBER 3, 2023.**

<div style="border:1px solid black; padding:8px;">

The undersigned holder of the Prime Core General Unsecured Claim in Class 3A set forth in Item 1 elects to:

                   ☐ Opt Out of the Releases by Holders of Claims and Interests.

</div>

Your recovery under the Plan remains the same regardless of whether you elect to opt out of **giving** the **Releases by Holders of Claims and Interests** in the Plan.

**The following are the Releases by Holders of Claims and Interests set forth in Article 10.5 of the Plan.**

<u>**Releases by Holders of Claims and Interests**</u>**: Except as otherwise expressly set forth in the Plan or the Confirmation Order, on and after the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party[4] is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably and forever, released by each Releasing Party[5] from any and all Causes of Action, other than any 98f Wallet Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or non-contingent, in law, equity, contract, tort, or otherwise, including any derivative claims asserted on behalf of the Debtors, that such Person would have been legally entitled**

---

[3]     For voting purposes only, subject to tabulation rules.

[4]     The list of parties that constitute "<u>Released Parties</u>" can be found at <span style="color:blue;"><u>https://cases.stretto.com/chjpbwv0cnvzda-1696380673/content/2458-release-and-exculpation-plan-provisions/</u></span>.

[5]     The list of parties that constitute "<u>Releasing Parties</u>" can be found at <span style="color:blue;"><u>https://cases.stretto.com/chjpbwv0cnvzda-1696380673/content/2458-release-and-exculpation-plan-provisions/</u></span>.

  
to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, any of the Debtors (including the capital structure, management, ownership, or operation thereof), any security of any of the Debtors, any of the Reorganized Debtors, or the Wind-Down Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the assertion or enforcement of rights and remedies against any of the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions held by any of the Debtor(s) or their Estates, intercompany transactions between or among an Debtor and another Debtor, the formulation, preparation, dissemination, negotiation, or Filing of the Chapter 11 Cases, the Bid Procedures Order, Disclosure Statement, the Plan (including, for the avoidance of doubt, the Plan Supplement), any Definitive Document, any Plan Document, any Reorganization Transaction Document, any Sale Transaction Document, any Liquidation Transaction Document, any Reorganization Transactions, dollarization of Cryptocurrency, any Reorganization Transactions contemplated by the Plan, any contract, instrument, release, or other agreement or document created or entered into, whether before or during the Chapter 11 Cases, in connection with the Filing of the Debtors' Chapter 11 Cases, the Bid Procedures Order, the Disclosure Statement, the Plan (including, for the avoidance of doubt, the Plan Supplement), any Reorganization Transactions, any Definitive Document, any Plan Document, any Reorganization Transaction Document, any Sale Transaction Document, any Liquidation Transaction Document, any Reorganization Transactions, dollarization of Cryptocurrency, the solicitation of votes with respect to the Plan, the pursuit of Confirmation of the Plan, the pursuit of Consummation of the Plan, and the administration implementation of the Plan.  Notwithstanding anything to the contrary in the foregoing,  the releases set forth in this Article 10.5 shall not be construed as (i) releasing any Released Party from Claims or Causes of Action arising from an act or omission that is judicially determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence; (ii) releasing any post-Effective Date obligations of or under (A) any party or Entity under the Plan, (B) any Executory Contract or Unexpired Lease to the extent such Executory Contract or Unexpired Lease has been assumed by the Debtors pursuant to a Final Order, or (C) any document, instrument, or agreement executed to implement the Plan; (iii) releasing any rights to distributions required to be paid or delivered pursuant to the Plan or the Confirmation Order; (v) releasing or discharging any properly-pled direct claim (other than claims against the Debtors) held by a creditor that is not a Releasing Party. For the avoidance of doubt, to the extent that any creditor had a direct claim against a non-Debtor under applicable non-bankruptcy law (other than a fraudulent transfer claim) prior to the Petition Date, such claim did not vest in the Debtors on the Petition Date and remains property of such creditor.

**Item 3. Certification as to Class 3A Claims held in Additional Accounts.** The undersigned hereby certifies that either (i) it has not submitted any other Ballots for other Class 3A Claims held in other accounts or other record names, or (ii) if it has submitted Ballots for other such Claims held in other accounts or other record names, then such Ballots indicate the same vote to accept or reject the Plan.

**Item 4. Acknowledgements and Certification.** By signing this Ballot, the undersigned acknowledges that: (a) it has been provided with a copy of the Disclosure Statement and Plan, including all exhibits thereto; (b) the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and Plan, the Conditional Approval Order, and the procedures for the solicitation and tabulation of votes to accept or reject the Plan contained in the Conditional Approval Order; (c) it is the holder of the Claim identified in Item 1 above as of **October 5, 2023**; and/or (d) it has full power and authority to vote to accept or reject the Plan and exercise elections with respect thereto. The undersigned understands that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted.

_____
Name of Creditor

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Address

_____
Telephone Number

_____
Email Address

_____
Date Completed

**PLEASE PROMPTLY RETURN YOUR COMPLETED BALLOT.**

**BALLOTS MAY BE SUBMITTED VIA THE E-BALLOT PORTAL, OR IN THE RETURN ENVELOPE PROVIDED, OR AS DIRECTED BY THIS BALLOT.**

**TO COUNT, A BALLOT WITH YOUR VOTE MUST BE <u>RECEIVED</u> BY THE VOTING DEADLINE: <u>NOVEMBER 3, 2023, AT 4:00 P.M. (PREVAILING EASTERN TIME).</u>**

**This Ballot shall not constitute or be deemed a proof of Claim or Interest, an assertion of a Claim or Interest, or the allowance of a Claim or Interest.**

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

**Exhibit 2-B**

**Ballot (Class 3B: Prime Trust General Unsecured Claims)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |

**BALLOT TO ACCEPT OR REJECT THE DEBTORS' CHAPTER 11 PLAN**

**CLASS 3B: PRIME TRUST GENERAL UNSECURED CLAIMS**

> **PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THIS BALLOT. FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE CLAIMS AGENT BY NOVEMBER 3, 2023, AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE") IN ACCORDANCE WITH THIS BALLOT.**

This ballot (the "Ballot") is transmitted to you to solicit your vote to accept or reject the plan of reorganization (the "Plan") as set forth in the *Joint Chapter 11 Plan of Reorganization for Prime Core Technologies Inc. and Its Affiliated Debtors* [Docket No. [•]] (as amended, supplemented or otherwise modified from time to time, according to its terms, the "Plan") filed by the above-captioned debtors and debtors in possession (the "Debtors"). The *Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to Joint Chapter 11 Plan of Reorganization for Prime Core Technologies Inc. and Its Affiliated Debtors* [Docket No. [•]] (as amended, supplemented or otherwise modified from time to time, according to its terms, the "Disclosure Statement") contains disclosures summarizing the Plan and has been approved on a conditional basis by order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") [Docket No. [•]] (the "Conditional Approval Order").[2] The Disclosure Statement and the Plan provide information to assist you in deciding how to vote your Ballot.").

If you are a Holder of a Class 3B Claim, this Ballot permits you to cast your vote to accept or reject the Plan, as well as make the Convenience Class Election.

The Disclosure Statement, the Plan, and Conditional Approval Order are included in the Solicitation Package accompanying this Ballot. You may also obtain copies from Bankruptcy Management Solutions, Inc. d/b/a Stretto ("Stretto" or the "Claims Agent") free of charge (a) by accessing the Debtors' restructuring website at

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, Nevada 89135.

[2] Capitalized terms not defined herein are defined in the Disclosure Statement, the Plan or the Conditional Approval Order, as applicable.

https://cases.stretto.com/primetrust/; (b) by writing to Prime Core Technologies Inc., *et al*. Claims Processing Center, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; (c) by email at PrimeCoreInquiries@stretto.com with a reference to "Prime Core Technologies Inc." in the subject line; or (d) by telephone at +1-303-536-6996 (International) or 888) 533-4753 (U.S./Canada Toll-Free); or <u>for a fee</u> via PACER at http://ecf.deb.uscourts.gov.

If you have any questions on how to properly complete this Ballot, please contact the Claims Agent by email at PrimeCoreInquiries@stretto.com with a reference to "Prime Core Technologies Inc. Solicitation" in the subject line; or (d) by telephone at +1-303-536-6996 (International) or (888) 533-4753 (U.S./Canada Toll-Free). Please be advised the Claims Agent cannot provide legal advice.

---

**IMPORTANT**

**You should carefully review the Disclosure Statement and Plan before you submit this Ballot. You may wish to seek independent legal advice concerning the Disclosure Statement and Plan and the classification and treatment of your Class 3B Claim under the Plan.**

**All Prime Trust General Unsecured Claims against Debtor Prime Trust have been placed in Class 3B under the Plan. If you hold Claims in more than one Class under the Plan, you may receive a Ballot for each such Class and must complete a separate Ballot for each such Class.**

**For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is actually received by the Claims Agent by no later than the Voting Deadline of November 3, 2023, at 4:00 p.m. (prevailing Eastern Time), unless such time is extended in writing by the Debtors.**

**If you wish to return a hard copy of your Ballot, you may return it in the enclosed preaddressed, postage prepaid envelope or submit it by first class mail, overnight courier or hand delivery to:**

<u>**If by First-Class Mail, Hand Delivery or Overnight Mail:**</u>
**Prime Core Technologies Inc.,** *et al*.
**Ballot Processing Center**
**c/o Stretto**
**410 Exchange, Suite 100**
**Irvine, CA 92602**

**If you would like to coordinate hand delivery of your Ballot, please email PrimeCoreInquiries@stretto.com at least twenty-four (24) hours in advance and provide the anticipated date and time of your delivery.**

**If you prefer to vote online, Ballots will be accepted if properly completed through the E- Ballot portal maintained by the Claims Agent (the "**<u>E-Ballot Portal</u>**"). To submit your Ballot via the E- Ballot Portal, visit https://cases.stretto.com/primetrust/. Click on the "Submit E- Ballot" section of the Debtors' website and follow the directions to submit your E-Ballot. If you choose to submit your Ballot via the E-Ballot Portal, you should not also return a hard copy of your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

      **Unique E-Ballot Password:**_____

**The E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online**

---

**transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**If your Ballot is not received by the Claims Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors, your vote will not be counted.**

**Your receipt of this Ballot does not signify that your Claim(s) has been or will be allowed or that you will receive a distribution under the Plan. The Debtors reserve all rights to dispute such Claim(s).**

**HOW TO VOTE (AS MORE FULLY SET FORTH IN THE VOTING INSTRUCTIONS):**

1.   Complete Item 1.

2.   Review the releases set forth in Item 2 and elect whether to opt out of the releases.

3.   If you wish to make the Convenience Class Election, check the box in Item 4. If you make the Convenience Class Election, you make this election as to the entire amount of your Class 3B Claims. You may not split your Class 3B Claims.

4.   Review the information, certifications and acknowledgements contained in Items 3 and 5.

5.   **SIGN THE BALLOT**.

6.   Return the original signed Ballot in the enclosed pre-addressed, postage-paid envelope, or by first- class mail, hand delivery, overnight courier, or submit your Ballot through the online E-Ballot portal maintained by the Claims Agent so that it is **actually received** by the Claims Agent before the Voting Deadline. Ballots submitted to the Debtors or any of their agents and advisors (other than the Claims Agent) will not be counted.

7.   You must vote the full amount of the Claim covered by this Ballot either to accept or to reject the Plan. You may not split your vote. Any executed Ballot that partially accepts and partially rejects the Plan will not be counted.

8.   If you hold Claims in more than one Class, you must use separate Ballots for each Class of Claims.

9.   Any executed Ballot received that (a) does not indicate either an acceptance or rejection of the Plan or (b) indicates both an acceptance and a rejection of the Plan will not be counted.

10.  Any Ballot received that is unsigned, illegible, or otherwise incomplete will not be counted.

**VOTING INSTRUCTIONS FOR COMPLETING THE BALLOT FOR HOLDERS OF CLASS 3B CLAIMS**

1.  This Ballot is transmitted to you to solicit your vote to accept or reject the Plan. PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.

2.  The Plan will be accepted by Class 3B if it is accepted by the Holders of Claims of two-thirds in amount and more than one-half in number of Claims in Class 3B that actually vote on the Plan. If the Plan is confirmed by the Bankruptcy Court, all Holders (including those Holders who abstain from voting or vote to reject the Plan, and those Holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

3.  Complete, sign, and return this Ballot to the Claims Agent so that it is actually received by the Claims Agent before **November 3, 2023, at 4:00 p.m. (prevailing Eastern Time)**, the Voting Deadline, unless such time is extended in writing by the Debtor.

4.  The Claims Agent's "E-Ballot Portal" is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by telecopy, facsimile, email, or other electronic means of transmission will not be counted. If voting online, to have your vote counted, you must electronically complete, sign, and submit the electronic Ballot by utilizing the E-Ballot Portal on the Claims Agent's website. Your Ballot must be received by the Claims Agent no later than the Voting Deadline, unless such time is extended by the Debtors. Please visit https://cases.stretto.com/primetrust/. Click on the "Submit E-Ballot" section of the Debtors' website and follow the directions to submit your E-Ballot. If you choose to submit your Ballot via the Claims Agent's E-Ballot system (the "E-Ballot Portal"), you should not also return a hard copy of your Ballot.

5.  To properly complete this Ballot, you must follow the procedures described below:

    a.  if you hold a Claim in Class 3B, cast one vote to accept or reject the Plan by checking the appropriate box in Item 1;

    b.  if you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (*e.g.,* a power of attorney or a certified copy of board resolutions authorizing you to so act);

    c.  if you also hold other Claims, you may receive more than one Ballot, labeled for a different Class of Claims and you should separately complete and submit a Ballot for each Class of Claims in which you hold Claims. Your vote will be counted in determining acceptance or rejection of the Plan by each particular Class of Claims only if you complete, sign, and return the Ballot labeled for that Class of Claims in accordance with the instructions on such Ballot;

    d.  provide your name and mailing address on your Ballot;

    e.  sign and date your Ballot, and provide the remaining information requested; and

    f.  return your Ballot using the methods described above.

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, DID NOT RECEIVE AN ELECTRONIC COPY OF THE DISCLOSURE STATEMENT AND THE PLAN, OR NEED PHYSICAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE CLAIMS AGENT BY WRITING TO PRIME CORE TECHNOLOGIES INC. BALLOT PROCESSING CENTER, C/O STRETTO, 410 EXCHANGE, SUITE 100, IRVINE, CA 92602; BY EMAIL AT PRIMECOREINQUIRIES@STRETTO.COM WITH A REFERENCE TO "PRIME CORE TECHNOLOGIES INC. SOLICITATION" IN THE SUBJECT LINE; OR BY TELEPHONE AT +1-303-536-6996 (INTERNATIONAL) OR (888) 533-4753 (U.S./CANADA TOLL-FREE) AND REQUESTING TO SPEAK WITH A MEMBER OF THE SOLICITATION TEAM.**

**PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.**

**PLEASE READ THE VOTING INFORMATION AND
INSTRUCTIONS ABOVE BEFORE COMPLETING THIS BALLOT.**

**Item 1. Class Vote.** The undersigned, the Holder of a Class 3B Claim against the Debtors hereby votes, in the amount set forth below, as follows (**check <u>one</u> box**):

             Accept the Plan

                  OR

             Reject the Plan.

                  Voting Amount of Claim:[3] $ _____

                  Debtor:_____

**Item 2. Important Information Regarding Releases.**

**AS A HOLDER OF A CLAIM IN CLASS 3B UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES BY HOLDERS OF CLAIMS AND INTERESTS CONTAINED IN ARTICLE 10.5 OF THE PLAN, WHICH IS ALSO SET FORTH BELOW, UNLESS YOU CHECK THE OPT OUT BOX DIRECTLY BELOW, OR FILE AN OBJECTION TO THE RELEASE PROVISIONS OF THE PLAN WITH THE BANKRUPTCY COURT BY NOVEMBER 3, 2023.**

| |
|---|
| The undersigned holder of the Prime Trust General Unsecured Claim in Class 3B set forth in Item 1 elects to:<br><br>            ☐ Opt Out of the Releases by Holders of Claims and Interests. |

Your recovery under the Plan remains the same regardless of whether you elect to opt out of **giving** the **Releases by Holders of Claims and Interests** in the Plan.

**The following are the Releases by Holders of Claims and Interests set forth in Article 10.5 of the Plan.**

<u>**Releases by Holders of Claims and Interests**</u>**: Except as otherwise expressly set forth in the Plan or the Confirmation Order, on and after the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party[4] is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably and forever, released by each Releasing Party[5] from any and all Causes of Action, other than any 98f Wallet Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or non-contingent, in law, equity, contract, tort, or otherwise, including any derivative claims asserted on behalf of the Debtors, that such Person would have been legally**

---

[3]    For voting purposes only, subject to tabulation rules.

[4]    The list of parties that constitute "<u>Released Parties</u>" can be found at <u>https://cases.stretto.com/chjpbwv0cnvzda-1696380673/content/2458-release-and-exculpation-plan-provisions/</u>.

[5]    The list of parties that constitute "<u>Releasing Parties</u>" can be found at <u>https://cases.stretto.com/chjpbwv0cnvzda-1696380673/content/2458-release-and-exculpation-plan-provisions/</u>.

entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, any of the Debtors (including the capital structure, management, ownership, or operation thereof), any security of any of the Debtors, any of the Reorganized Debtors, or the Wind-Down Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the assertion or enforcement of rights and remedies against any of the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions held by any of the Debtor(s) or their Estates, intercompany transactions between or among an Debtor and another Debtor, the formulation, preparation, dissemination, negotiation, or Filing of the Chapter 11 Cases, the Bid Procedures Order, Disclosure Statement, the Plan (including, for the avoidance of doubt, the Plan Supplement), any Definitive Document, any Plan Document, any Reorganization Transaction Document, any Sale Transaction Document, any Liquidation Transaction Document, any Reorganization Transactions, dollarization of Cryptocurrency, any Reorganization Transactions contemplated by the Plan, any contract, instrument, release, or other agreement or document created or entered into, whether before or during the Chapter 11 Cases, in connection with the Filing of the Debtors' Chapter 11 Cases, the Bid Procedures Order, the Disclosure Statement, the Plan (including, for the avoidance of doubt, the Plan Supplement), any Reorganization Transactions, any Definitive Document, any Plan Document, any Reorganization Transaction Document, any Sale Transaction Document, any Liquidation Transaction Document, any Reorganization Transactions, dollarization of Cryptocurrency, the solicitation of votes with respect to the Plan, the pursuit of Confirmation of the Plan, the pursuit of Consummation of the Plan, and the administration implementation of the Plan.  Notwithstanding anything to the contrary in the foregoing,  the releases set forth in this <u>Article 10.5</u> shall not be construed as (i) releasing any Released Party from Claims or Causes of Action arising from an act or omission that is judicially determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence; (ii) releasing any post-Effective Date obligations of or under (A) any party or Entity under the Plan, (B) any Executory Contract or Unexpired Lease to the extent such Executory Contract or Unexpired Lease has been assumed by the Debtors pursuant to a Final Order, or (C) any document, instrument, or agreement executed to implement the Plan; (iii) releasing any rights to distributions required to be paid or delivered pursuant to the Plan or the Confirmation Order; (v) releasing or discharging any properly-pled direct claim (other than claims against the Debtors) held by a creditor that is not a Releasing Party.  For the avoidance of doubt, to the extent that any creditor had a direct claim against a non-Debtor under applicable non-bankruptcy law (other than a fraudulent transfer claim) prior to the Petition Date, such claim did not vest in the Debtors on the Petition Date and remains property of such creditor.

**Item 3. Certification as to Class 3B Claims held in Additional Accounts.** The undersigned hereby certifies that either (i) it has not submitted any other Ballots for other Class 3B Claims held in other accounts or other record names, or (ii) if it has submitted Ballots for other such Claims held in other accounts or other record names, then such Ballots indicate the same vote to accept or reject the Plan.

**Item 4. Voluntary Election for Convenience Class Claim Treatment (Optional).** You may elect to have your Class 3B Claim treated as a Class 4 Convenience Claim by making a Convenience Class Election. If you accept the Convenience Class Election, then you will be deemed to have waived your Class 3B Claims and instead your Claims shall be converted to a Class 4 Convenience Claim in the amount of $[●].

The undersigned, a Holder of a Class 3B Claim as set forth in Item 1:

☐ ACCEPTS the Convenience Class Election and the conversion of all its Class 3B Claims into a Class 4

Convenience Claim in the amount of $[●].

**Item 5. Acknowledgements and Certification.** By signing this Ballot, the undersigned acknowledges that: (a) it has been provided with a copy of the Disclosure Statement and Plan, including all exhibits thereto; (b) the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and Plan, the Conditional Approval Order, and the procedures for the solicitation and tabulation of votes to accept or reject the Plan contained in the Conditional Approval Order; (c) it is the holder of the Claim identified in Item 1 above as of **October 5, 2023**; and/or (d) it has full power and authority to vote to accept or reject the Plan and exercise elections with respect thereto. The undersigned understands that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted.

_____
Name of Creditor

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Address

_____
Telephone Number

_____
Email Address

_____
Date Completed

**PLEASE PROMPTLY RETURN YOUR COMPLETED BALLOT.**

**BALLOTS MAY BE SUBMITTED VIA THE E-BALLOT PORTAL, OR IN THE RETURN ENVELOPE PROVIDED, OR AS DIRECTED BY THIS BALLOT.**

**TO COUNT, A BALLOT WITH YOUR VOTE MUST BE <u>RECEIVED</u> BY THE VOTING DEADLINE: <u>NOVEMBER 3, 2023, AT 4:00 P.M. (PREVAILING EASTERN TIME).</u>**

**This Ballot shall not constitute or be deemed a proof of Claim or Interest, an assertion of a Claim or Interest, or the allowance of a Claim or Interest.**

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

**Exhibit 2-C**

**Ballot (Class 3C: Prime IRA General Unsecured Claims)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |

**BALLOT TO ACCEPT OR REJECT THE DEBTORS' CHAPTER 11 PLAN**

**CLASS 3C: PRIME IRA GENERAL UNSECURED CLAIMS**

<div style="border:1px solid">

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THIS BALLOT. FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE CLAIMS AGENT BY NOVEMBER 3, 2023, AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE") IN ACCORDANCE WITH THIS BALLOT.**

</div>

This ballot (the "Ballot") is transmitted to you to solicit your vote to accept or reject the plan of reorganization (the "Plan") as set forth in the *Joint Chapter 11 Plan of Reorganization for Prime Core Technologies Inc. and Its Affiliated Debtors* [Docket No. [•]] (as amended, supplemented or otherwise modified from time to time, according to its terms, the "Plan") filed by the above-captioned debtors and debtors in possession (the "Debtors"). The *Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to Joint Chapter 11 Plan of Reorganization for Prime Core Technologies Inc. and Its Affiliated Debtors* [Docket No. [•]] (as amended, supplemented or otherwise modified from time to time, according to its terms, the "Disclosure Statement") contains disclosures summarizing the Plan and has been approved on a conditional basis by order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") [Docket No. [•]] (the "Conditional Approval Order").[2] The Disclosure Statement and the Plan provide information to assist you in deciding how to vote your Ballot.

The Disclosure Statement, the Plan, and Conditional Approval Order are included in the Solicitation Package accompanying this Ballot. You may also obtain copies from Bankruptcy Management Solutions, Inc. d/b/a Stretto ("Stretto" or the "Claims Agent") free of charge (a) by accessing the Debtors' restructuring website at https://cases.stretto.com/primetrust/; (b) by writing to Prime Core Technologies Inc., *et al*. Claims Processing Center, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; (c) by email at PrimeCoreInquiries@stretto.com with a reference to "Prime Core Technologies Inc." in the subject line;

---

[1]   The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, Nevada 89135.

[2]   Capitalized terms not defined herein are defined in the Disclosure Statement, the Plan or the Conditional Approval Order, as applicable.

or (d) by telephone at +1-303-536-6996 (International) or (888) 533-4753 (U.S./Canada Toll-Free); or <u>for a fee</u> via PACER at http://ecf.deb.uscourts.gov.

   If you have any questions on how to properly complete this Ballot, please contact the Claims Agent by email at PrimeCoreInquiries@stretto.com with a reference to "Prime Core Technologies Inc. Solicitation" in the subject line; or (d) by telephone at +1-303-536-6996 (International) or (888) 533-4753 (U.S./Canada Toll-Free). Please be advised the Claims Agent cannot provide legal advice.

---

**IMPORTANT**

**You should carefully review the Disclosure Statement and Plan before you submit this Ballot. You may wish to seek independent legal advice concerning the Disclosure Statement and Plan and the classification and treatment of your Class 3C Claim under the Plan.**

**All Prime IRA General Unsecured Claims against Debtor Prime IRA have been placed in Class 3C under the Plan. If you hold Claims in more than one Class under the Plan, you may receive a Ballot for each such Class and must complete a separate Ballot for each such Class.**

**For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is actually received by the Claims Agent by no later than the Voting Deadline of November 3, 2023, at 4:00 p.m. (prevailing Eastern Time), unless such time is extended in writing by the Debtors.**

**If you wish to return a hard copy of your Ballot, you may return it in the enclosed preaddressed, postage prepaid envelope or submit it by first class mail, overnight courier or hand delivery to:**

<u>**If by First-Class Mail, Hand Delivery or Overnight Mail:**</u>
**Prime Core Technologies Inc.,** *et al.*
**Ballot Processing Center**
**c/o Stretto**
**410 Exchange, Suite 100**
**Irvine, CA 92602**

**If you would like to coordinate hand delivery of your Ballot, please email PrimeCoreInquiries@stretto.com at least twenty-four (24) hours in advance and provide the anticipated date and time of your delivery.**

**If you prefer to vote online, Ballots will be accepted if properly completed through the E- Ballot portal maintained by the Claims Agent (the <u>E-Ballot Portal</u>"). To submit your Ballot via the E-Ballot Portal, visit https://cases.stretto.com/primetrust/. Click on the "Submit E- Ballot" section of the Debtors' website and follow the directions to submit your E-Ballot. If you choose to submit your Ballot via the E-Ballot Portal, you should not also return a hard copy of your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

  **Unique E-Ballot Password:**_____

**The Claims Agent's E-Ballot portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

---

**If your Ballot is not received by the Claims Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors, your vote will not be counted. Your receipt of this Ballot does not signify that your Claim(s) has been or will be allowed or that you will receive a distribution under the Plan. The Debtors reserve all rights to dispute such Claim(s).**

**HOW TO VOTE (AS MORE FULLY SET FORTH IN THE VOTING INSTRUCTIONS):**

1.   Complete Item 1.

2.   Review the releases set forth in Item 2 and elect whether to opt out of the releases.

3.   Review the information, certifications and acknowledgements contained in Items 3 and 4.

4.   **SIGN THE BALLOT**.

5.   Return the original signed Ballot in the enclosed pre-addressed, postage-paid envelope, or by first- class mail, hand delivery, overnight courier, or submit your Ballot through the online E-Ballot portal maintained by the Claims Agent so that it is **actually received** by the Claims Agent before the Voting Deadline. Ballots submitted to the Debtors or any of their agents and advisors (other than the Claims Agent) will not be counted.

6.   You must vote the full amount of the Claim covered by this Ballot either to accept or to reject the Plan. You may not split your vote. Any executed Ballot that partially accepts and partially rejects the Plan will not be counted.

7.   If you hold Claims in more than one Class, you must use separate Ballots for each Class of Claims.

8.   Any executed Ballot received that (a) does not indicate either an acceptance or rejection of the Plan or (b) indicates both an acceptance and a rejection of the Plan will not be counted.

9.   Any Ballot received that is unsigned, illegible, or otherwise incomplete will not be counted.

**VOTING INSTRUCTIONS FOR COMPLETING THE BALLOT FOR HOLDERS OF CLASS 3C CLAIMS**

1.  This Ballot is transmitted to you to solicit your vote to accept or reject the Plan. PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.

2.  The Plan will be accepted by Class 3C if it is accepted by the Holders of Claims of two- thirds in amount and more than one-half in number of Claims in Class 3C that actually vote on the Plan. If the Plan is confirmed by the Bankruptcy Court, all Holders (including those Holders who abstain from voting or vote to reject the Plan, and those Holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

3.  Complete, sign, and return this Ballot to the Claims Agent so that it is actually received by the Claims Agent before **November 3, 2023, at 4:00 p.m. (prevailing Eastern Time)**, the Voting Deadline, unless such time is extended in writing by the Debtor.

4.  The Claims Agent's "E-Ballot Portal" is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by telecopy, facsimile, email, or other electronic means of transmission will not be counted. If voting online, to have your vote counted, you must electronically complete, sign, and submit the electronic Ballot by utilizing the E-Ballot Portal on the Claims Agent's website. Your Ballot must be received by the Claims Agent no later than the Voting Deadline, unless such time is extended by the Debtors. Please visit https://cases.stretto.com/primetrust/. Click on the "Submit E-Ballot" section of the Debtors' website and follow the directions to submit your E-Ballot. If you choose to submit your Ballot via the Claims Agent's E-Ballot system (the "E-Ballot Portal"), you should not also return a hard copy of your Ballot.

5.  To properly complete this Ballot, you must follow the procedures described below:

    a.   if you hold a Claim in Class 3C, cast one vote to accept or reject the Plan by checking the appropriate box in Item 1;

    b.   if you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (*e.g.* a power of attorney or a certified copy of board resolutions authorizing you to so act);

    c.   if you also hold other Claims, you may receive more than one Ballot, labeled for a different Class of Claims and you should separately complete and submit a Ballot for each Class of Claims in which you hold Claims. Your vote will be counted in determining acceptance or rejection of the Plan by each particular Class of Claims only if you complete, sign, and return the Ballot labeled for that Class of Claims in accordance with the instructions on such Ballot;

    d.   provide your name and mailing address on your Ballot;

    e.   sign and date your Ballot, and provide the remaining information requested; and

    f.   return your Ballot using the methods described above.

4

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, DID NOT RECEIVE AN ELECTRONIC COPY OF THE DISCLOSURE STATEMENT AND THE PLAN, OR NEED PHYSICAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE CLAIMS AGENT BY WRITING TO PRIME CORE TECHNOLOGIES INC. BALLOT PROCESSING CENTER, C/O STRETTO, 410 EXCHANGE, SUITE 100, IRVINE, CA 92602; BY EMAIL AT PRIMECOREINQUIRIES@STRETTO.COM WITH A REFERENCE TO "PRIME CORE TECHNOLOGIES INC. SOLICITATION" IN THE SUBJECT LINE; OR BY TELEPHONE AT +1-303-536-6996 (INTERNATIONAL) OR (888) 533-4753 (U.S./CANADA TOLL-FREE) AND REQUESTING TO SPEAK WITH A MEMBER OF THE SOLICITATION TEAM.**

**PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.**

**PLEASE READ THE VOTING INFORMATION AND
INSTRUCTIONS ABOVE BEFORE COMPLETING THIS BALLOT.**

**Item 1. Class Vote.** The undersigned, the Holder of a Class 3C Claim against the Debtors hereby votes, in the amount set forth below, as follows (**check <u>one</u> box**):

              Accept the Plan

                      OR

              Reject the Plan.

                      Voting Amount of Claim:[3] $ _____

                      Debtor: _____

**Item 2. Important Information Regarding Releases.**

**AS A HOLDER OF A CLAIM IN CLASS 3C UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES BY HOLDERS OF CLAIMS AND INTERESTS CONTAINED IN ARTICLE 10.5 OF THE PLAN, WHICH IS ALSO SET FORTH BELOW, UNLESS YOU CHECK THE OPT OUT BOX DIRECTLY BELOW, OR FILE AN OBJECTION TO THE RELEASE PROVISIONS OF THE PLAN WITH THE BANKRUPTCY COURT BY NOVEMBER 3, 2023.**

> The undersigned holder of the Prime IRA General Unsecured Claim in Class 3C set forth in Item 1 elects to:
>
>              ☐ Opt Out of the Releases by Holders of Claims and Interests.

Your recovery under the Plan remains the same regardless of whether you elect to opt out of **giving** the **Releases by Holders of Claims and Interests** in the Plan.

**The following are the Releases by Holders of Claims and Interests set forth in Article 10.5 of the Plan.**

<u>**Releases by Holders of Claims and Interests**</u>**: Except as otherwise expressly set forth in the Plan or the Confirmation Order, on and after the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party[4] is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably and forever, released by each Releasing Party[5] from any and all Causes of Action, other than any 98f Wallet Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or non-contingent, in law, equity, contract, tort, or otherwise, including any**

---

[3]    For voting purposes only, subject to tabulation rules.

[4]    The list of parties that constitute "<u>Released Parties</u>" can be found at <u>https://cases.stretto.com/chjpbwv0cnvzda-1696380673/content/2458-release-and-exculpation-plan-provisions/</u>.

[5]    The list of parties that constitute "<u>Releasing Parties</u>" can be found at <u>https://cases.stretto.com/chjpbwv0cnvzda-1696380673/content/2458-release-and-exculpation-plan-provisions/</u>.

derivative claims asserted on behalf of the Debtors, that such Person would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, any of the Debtors (including the capital structure, management, ownership, or operation thereof), any security of any of the Debtors, any of the Reorganized Debtors, or the Wind-Down Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the assertion or enforcement of rights and remedies against any of the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions held by any of the Debtor(s) or their Estates, intercompany transactions between or among an Debtor and another Debtor, the formulation, preparation, dissemination, negotiation, or Filing of the Chapter 11 Cases, the Bid Procedures Order, Disclosure Statement, the Plan (including, for the avoidance of doubt, the Plan Supplement), any Definitive Document, any Plan Document, any Reorganization Transaction Document, any Sale Transaction Document, any Liquidation Transaction Document, any Reorganization Transactions, dollarization of Cryptocurrency, any Reorganization Transactions contemplated by the Plan, any contract, instrument, release, or other agreement or document created or entered into, whether before or during the Chapter 11 Cases, in connection with the Filing of the Debtors' Chapter 11 Cases, the Bid Procedures Order, the Disclosure Statement, the Plan (including, for the avoidance of doubt, the Plan Supplement), any Reorganization Transactions, any Definitive Document, any Plan Document, any Reorganization Transaction Document, any Sale Transaction Document, any Liquidation Transaction Document, any Reorganization Transactions, dollarization of Cryptocurrency, the solicitation of votes with respect to the Plan, the pursuit of Confirmation of the Plan, the pursuit of Consummation of the Plan, and the administration implementation of the Plan.  Notwithstanding anything to the contrary in the foregoing,  the releases set forth in this <u>Article 10.5</u> shall not be construed as (i) releasing any Released Party from Claims or Causes of Action arising from an act or omission that is judicially determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence; (ii) releasing any post-Effective Date obligations of or under (A) any party or Entity under the Plan, (B) any Executory Contract or Unexpired Lease to the extent such Executory Contract or Unexpired Lease has been assumed by the Debtors pursuant to a Final Order, or (C) any document, instrument, or agreement executed to implement the Plan; (iii) releasing any rights to distributions required to be paid or delivered pursuant to the Plan or the Confirmation Order; (v) releasing or discharging any properly-pled direct claim (other than claims against the Debtors) held by a creditor that is not a Releasing Party.  For the avoidance of doubt, to the extent that any creditor had a direct claim against a non-Debtor under applicable non-bankruptcy law (other than a fraudulent transfer claim) prior to the Petition Date, such claim did not vest in the Debtors on the Petition Date and remains property of such creditor.

**Item 3. Certification as to Class 3C Claims held in Additional Accounts.** The undersigned hereby certifies that either (i) it has not submitted any other Ballots for other Class 3C Claims held in other accounts or other record names, or (ii) if it has submitted Ballots for other such Claims held in other accounts or other record names, then such Ballots indicate the same vote to accept or reject the Plan.

**Item 4. Acknowledgements and Certification.** By signing this Ballot, the undersigned acknowledges that: (a) it has been provided with a copy of the Disclosure Statement and Plan, including all exhibits thereto; (b) the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and Plan, the Conditional Approval Order, and the procedures for the solicitation and tabulation of votes to accept or reject the Plan contained in the Conditional Approval Order; (c) it is the holder of the Claim identified in <u>Item 1</u> above as of **October 5, 2023**; and/or (d) it has full power and authority to vote to accept or reject the Plan and exercise elections with respect thereto. The undersigned understands that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted.

_____
Name of Creditor

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Address

_____
Telephone Number

_____
Email Address

_____
Date Completed

**PLEASE PROMPTLY RETURN YOUR COMPLETED BALLOT.**

**BALLOTS MAY BE SUBMITTED VIA THE E-BALLOT PORTAL, OR IN THE RETURN ENVELOPE PROVIDED, OR AS DIRECTED BY THIS BALLOT.**

**TO COUNT, A BALLOT WITH YOUR VOTE MUST BE <u>RECEIVED</u> BY THE VOTING DEADLINE: <u>NOVEMBER 3, 2023, AT 4:00 P.M. (PREVAILING EASTERN TIME).</u>**

**This Ballot shall not constitute or be deemed a proof of Claim or Interest, an assertion of a Claim or Interest, or the allowance of a Claim or Interest.**

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

**Exhibit 2-D**

**Ballot (Class 3D: Prime Digital General Unsecured Claims)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |

**BALLOT TO ACCEPT OR REJECT THE DEBTORS' CHAPTER 11 PLAN**

**CLASS 3D: PRIME DIGITAL GENERAL UNSECURED CLAIMS**

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THIS BALLOT. FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE CLAIMS AGENT BY NOVEMBER 3, 2023, AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE") IN ACCORDANCE WITH THIS BALLOT.

This ballot (the "Ballot") is transmitted to you to solicit your vote to accept or reject the plan of reorganization (the "Plan") as set forth in the *Joint Chapter 11 Plan of Reorganization for Prime Core Technologies Inc. and Its Affiliated Debtors* [Docket No. [•]] (as amended, supplemented or otherwise modified from time to time, according to its terms, the "Plan") filed by the above-captioned debtors and debtors in possession (the "Debtors"). The *Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to Joint Chapter 11 Plan of Reorganization for Prime Core Technologies Inc. and Its Affiliated Debtors* [Docket No. [•]] (as amended, supplemented or otherwise modified from time to time, according to its terms, the "Disclosure Statement") contains disclosures summarizing the Plan and has been approved on a conditional basis by order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") [Docket No. [•]] (the "Conditional Approval Order").[2] The Disclosure Statement and the Plan provide information to assist you in deciding how to vote your Ballot.

The Disclosure Statement, the Plan, and Conditional Approval Order are included in the Solicitation Package accompanying this Ballot. You may also obtain copies from Bankruptcy Management Solutions, Inc. d/b/a Stretto ("Stretto" or the "Claims Agent") free of charge (a) by accessing the Debtors' restructuring website at https://cases.stretto.com/primetrust/; (b) by writing to Prime Core Technologies Inc., *et al*. Claims Processing Center, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; (c) by email at PrimeCoreInquiries@stretto.com with a reference to "Prime Core Technologies Inc." in the subject line; or (d) by telephone at +1-303-536-6996 (International) or (888) 533-4753 (U.S./Canada Toll-Free); or for a fee via PACER at http://ecf.deb.uscourts.gov.

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, Nevada 89135.

[2] Capitalized terms not defined herein are defined in the Disclosure Statement, the Plan or the Conditional Approval Order, as applicable.

If you have any questions on how to properly complete this Ballot, please contact the Claims Agent by email at PrimeCoreInquiries@stretto.com with a reference to "Prime Core Technologies Inc. Solicitation" in the subject line; or (d) by telephone at +1-303-536-6996 (International) or (888) 533-4753 (U.S./Canada Toll-Free). Please be advised the Claims Agent cannot provide legal advice.

---

**IMPORTANT**

**You should carefully review the Disclosure Statement and Plan before you submit this Ballot. You may wish to seek independent legal advice concerning the Disclosure Statement and Plan and the classification and treatment of your Class 3D Claim under the Plan.**

**All Prime Digital General Unsecured Claims against Debtor Prime Digital have been placed in Class 3D under the Plan. If you hold Claims in more than one Class under the Plan, you may receive a Ballot for each such Class and must complete a separate Ballot for each such Class.**

**For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is actually received by the Claims Agent by no later than the Voting Deadline of November 3, 2023, at 4:00 p.m. (prevailing Eastern Time), unless such time is extended in writing by the Debtors.**

**If you wish to return a hard copy of your Ballot, you may return it in the enclosed preaddressed, postage prepaid envelope or submit it by first class mail, overnight courier or hand delivery to:**

<div align="center">

**If by First-Class Mail, Hand Delivery or Overnight Mail:**
**Prime Core Technologies Inc.,** *et al*.
**Ballot Processing Center**
**c/o Stretto**
**410 Exchange, Suite 100**
**Irvine, CA 92602**

</div>

**If you would like to coordinate hand delivery of your Ballot, please email PrimeCoreInquiries@stretto.com at least twenty-four (24) hours in advance and provide the anticipated date and time of your delivery.**

**If you prefer to vote online, Ballots will be accepted if properly completed through the E- Ballot portal maintained by the Claims Agent (the "E-Ballot Portal"). To submit your Ballot via the E-Ballot Portal, visit https://cases.stretto.com/primetrust/. Click on the "Submit E- Ballot" section of the Debtors' website and follow the directions to submit your E-Ballot. If you choose to submit your Ballot via the E-Ballot Portal, you should not also return a hard copy of your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

    **Unique E-Ballot Password:**_____

**The Claims Agent's E-Ballot portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**If your Ballot is not received by the Claims Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors, your vote will not be counted.**

---

**Your receipt of this Ballot does not signify that your Claim(s) has been or will be allowed or that you will receive a distribution under the Plan. The Debtors reserve all rights to dispute such Claim(s).**

**HOW TO VOTE (AS MORE FULLY SET FORTH IN THE VOTING INSTRUCTIONS):**

1.   Complete Item 1.

2.   Review the releases set forth in Item 2 and elect whether to opt out of the releases.

3.   Review the information, certifications and acknowledgements contained in Items 3 and 4.

4.   **SIGN THE BALLOT**.

5.   Return the original signed Ballot in the enclosed pre-addressed, postage-paid envelope, or by first- class mail, hand delivery, overnight courier, or submit your Ballot through the online E-Ballot portal maintained by the Claims Agent so that it is **actually received** by the Claims Agent before the Voting Deadline. Ballots submitted to the Debtors or any of their agents and advisors (other than the Claims Agent) will not be counted.

6.   You must vote the full amount of the Claim covered by this Ballot either to accept or to reject the Plan. You may not split your vote. Any executed Ballot that partially accepts and partially rejects the Plan will not be counted.

7.   If you hold Claims in more than one Class, you must use separate Ballots for each Class of Claims.

8.   Any executed Ballot received that (a) does not indicate either an acceptance or rejection of the Plan or (b) indicates both an acceptance and a rejection of the Plan will not be counted.

9.   Any Ballot received that is unsigned, illegible, or otherwise incomplete will not be counted.

**VOTING INSTRUCTIONS FOR COMPLETING THE BALLOT FOR HOLDERS OF CLASS 3D CLAIMS**

1. This Ballot is transmitted to you to solicit your vote to accept or reject the Plan. PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.

2. The Plan will be accepted by Class 3D if it is accepted by the Holders of Claims of two- thirds in amount and more than one-half in number of Claims in Class 3D that actually vote on the Plan. If the Plan is confirmed by the Bankruptcy Court, all Holders (including those Holders who abstain from voting or vote to reject the Plan, and those Holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

3. Complete, sign, and return this Ballot to the Claims Agent so that it is actually received by the Claims Agent before **November 3, 2023, at 4:00 p.m. (prevailing Eastern Time)**, the Voting Deadline, unless such time is extended in writing by the Debtor.

4. The Claims Agent's "E-Ballot Portal" is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by telecopy, facsimile, email, or other electronic means of transmission will not be counted. If voting online, to have your vote counted, you must electronically complete, sign, and submit the electronic Ballot by utilizing the E-Ballot Portal on the Claims Agent's website. Your Ballot must be received by the Claims Agent no later than the Voting Deadline, unless such time is extended by the Debtors. Please visit https://cases.stretto.com/primetrust/. Click on the "Submit E-Ballot" section of the Debtors' website and follow the directions to submit your E-Ballot. If you choose to submit your Ballot via the Claims Agent's E-Ballot system (the "E-Ballot Portal"), you should not also return a hard copy of your Ballot.

5. To properly complete this Ballot, you must follow the procedures described below:

   a. if you hold a Claim in Class 3D, cast one vote to accept or reject the Plan by checking the appropriate box in Item 1;

   b. if you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (*e.g.* a power of attorney or a certified copy of board resolutions authorizing you to so act);

   c. if you also hold other Claims, you may receive more than one Ballot, labeled for a different Class of Claims and you should separately complete and submit a Ballot for each Class of Claims in which you hold Claims. Your vote will be counted in determining acceptance or rejection of the Plan by each particular Class of Claims only if you complete, sign, and return the Ballot labeled for that Class of Claims in accordance with the instructions on such Ballot;

   d. provide your name and mailing address on your Ballot;

   e. sign and date your Ballot, and provide the remaining information requested; and

   f. return your Ballot using the methods described above.

4

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, DID NOT RECEIVE AN ELECTRONIC COPY OF THE DISCLOSURE STATEMENT AND THE PLAN, OR NEED PHYSICAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE CLAIMS AGENT BY WRITING TO PRIME CORE TECHNOLOGIES INC. BALLOT PROCESSING CENTER, C/O STRETTO, 410 EXCHANGE, SUITE 100, IRVINE, CA 92602; BY EMAIL AT PRIMECOREINQUIRIES@STRETTO.COM WITH A REFERENCE TO "PRIME CORE TECHNOLOGIES INC. SOLICITATION" IN THE SUBJECT LINE; OR BY TELEPHONE AT +1-303-536-6996 (INTERNATIONAL) OR (888) 533-4753 (U.S./CANADA TOLL-FREE) AND REQUESTING TO SPEAK WITH A MEMBER OF THE SOLICITATION TEAM.**

**PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.**

**PLEASE READ THE VOTING INFORMATION AND
INSTRUCTIONS ABOVE BEFORE COMPLETING THIS BALLOT.**

**Item 1. Class Vote.** The undersigned, the Holder of a Class 3D Claim against the Debtors hereby votes, in the amount set forth below, as follows (**check <u>one</u> box**):

                        Accept the Plan

                                OR

                        Reject the Plan.

                                Voting Amount of Claim:[1] $ _____

                                Debtor:_____

**Item 2. Important Information Regarding Releases.**

**AS A HOLDER OF A CLAIM IN CLASS 3D UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES BY HOLDERS OF CLAIMS AND INTERESTS CONTAINED IN ARTICLE 10.5 OF THE PLAN, WHICH IS ALSO SET FORTH BELOW, UNLESS YOU CHECK THE OPT OUT BOX DIRECTLY BELOW, OR FILE AN OBJECTION TO THE RELEASE PROVISIONS OF THE PLAN WITH THE BANKRUPTCY COURT BY NOVEMBER 3, 2023.**

> The undersigned holder of the Prime Digital General Unsecured Claim in Class 3D set forth in Item 1 elects to:
>
>                           ☐ Opt Out of the Releases by Holders of Claims and Interests.

Your recovery under the Plan remains the same regardless of whether you elect to opt out of **giving** the **Releases by Holders of Claims and Interests** in the Plan.

**The following are the Releases by Holders of Claims and Interests set forth in Article 10.5 of the Plan.**

<u>Releases by Holders of Claims and Interests</u>: **Except as otherwise expressly set forth in the Plan or the Confirmation Order, on and after the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party[2] is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably and forever, released by each Releasing Party[3] from any and all Causes of Action, other than any 98f Wallet Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or non-contingent, in law, equity, contract, tort, or otherwise, including any**

---

[1]    For voting purposes only, subject to tabulation rules.

[2]    The list of parties that constitute "<u>Released Parties</u>" can be found at https://cases.stretto.com/chjpbwv0cnvzda-1696380673/content/2458-release-and-exculpation-plan-provisions/.

[3]    The list of parties that constitute "<u>Releasing Parties</u>" can be found at https://cases.stretto.com/chjpbwv0cnvzda-1696380673/content/2458-release-and-exculpation-plan-provisions/ .

6

derivative claims asserted on behalf of the Debtors, that such Person would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, any of the Debtors (including the capital structure, management, ownership, or operation thereof), any security of any of the Debtors, any of the Reorganized Debtors, or the Wind-Down Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the assertion or enforcement of rights and remedies against any of the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions held by any of the Debtor(s) or their Estates, intercompany transactions between or among an Debtor and another Debtor, the formulation, preparation, dissemination, negotiation, or Filing of the Chapter 11 Cases, the Bid Procedures Order, Disclosure Statement, the Plan (including, for the avoidance of doubt, the Plan Supplement), any Definitive Document, any Plan Document, any Reorganization Transaction Document, any Sale Transaction Document, any Liquidation Transaction Document, any Reorganization Transactions, dollarization of Cryptocurrency, any Reorganization Transactions contemplated by the Plan, any contract, instrument, release, or other agreement or document created or entered into, whether before or during the Chapter 11 Cases, in connection with the Filing of the Debtors' Chapter 11 Cases, the Bid Procedures Order, the Disclosure Statement, the Plan (including, for the avoidance of doubt, the Plan Supplement), any Reorganization Transactions, any Definitive Document, any Plan Document, any Reorganization Transaction Document, any Sale Transaction Document, any Liquidation Transaction Document, any Reorganization Transactions, dollarization of Cryptocurrency, the solicitation of votes with respect to the Plan, the pursuit of Confirmation of the Plan, the pursuit of Consummation of the Plan, and the administration implementation of the Plan.  Notwithstanding anything to the contrary in the foregoing,  the releases set forth in this <u>Article 10.5</u> shall not be construed as (i) releasing any Released Party from Claims or Causes of Action arising from an act or omission that is judicially determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence; (ii) releasing any post-Effective Date obligations of or under (A) any party or Entity under the Plan, (B) any Executory Contract or Unexpired Lease to the extent such Executory Contract or Unexpired Lease has been assumed by the Debtors pursuant to a Final Order, or (C) any document, instrument, or agreement executed to implement the Plan; (iii) releasing any rights to distributions required to be paid or delivered pursuant to the Plan or the Confirmation Order; (v) releasing or discharging any properly-pled direct claim (other than claims against the Debtors) held by a creditor that is not a Releasing Party.  For the avoidance of doubt, to the extent that any creditor had a direct claim against a non-Debtor under applicable non-bankruptcy law (other than a fraudulent transfer claim) prior to the Petition Date, such claim did not vest in the Debtors on the Petition Date and remains property of such creditor.

**Item 3. Certification as to Class 3D Claims held in Additional Accounts.** The undersigned hereby certifies that either (i) it has not submitted any other Ballots for other Class 3D Claims held in other accounts or other record names, or (ii) if it has submitted Ballots for other such Claims held in other accounts or other record names, then such Ballots indicate the same vote to accept or reject the Plan.

**Item 4. Acknowledgements and Certification.** By signing this Ballot, the undersigned acknowledges that: (a) it has been provided with a copy of the Disclosure Statement and Plan, including all exhibits thereto; (b) the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and Plan, the Conditional Approval Order, and the procedures for the solicitation and tabulation of votes to accept or reject the Plan contained in the Conditional Approval Order; (c) it is the holder of the Claim identified in <u>Item 1</u> above as of **October 5, 2023**; and/or (d) it has full power and authority to vote to accept or reject the Plan and exercise elections with respect thereto. The undersigned understands that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted.

 

_____
Name of Creditor

 

_____
Signature

 

_____
If by Authorized Agent, Name and Title

 

_____
Address

 

_____
Telephone Number

 

_____
Email Address

 

_____
Date Completed

**PLEASE PROMPTLY RETURN YOUR COMPLETED BALLOT.**

**BALLOTS MAY BE SUBMITTED VIA THE E-BALLOT PORTAL, OR IN THE RETURN ENVELOPE PROVIDED, OR AS DIRECTED BY THIS BALLOT.**

**TO COUNT, A BALLOT WITH YOUR VOTE MUST BE <u>RECEIVED</u> BY THE VOTING DEADLINE: <u>NOVEMBER 3, 2023, AT 4:00 P.M. (PREVAILING EASTERN TIME).</u>**

**This Ballot shall not constitute or be deemed a proof of Claim or Interest, an assertion of a Claim or Interest, or the allowance of a Claim or Interest.**

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

**Exhibit 2-E**

**Ballot (Class 4: Convenience Claims)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |

**BALLOT TO ACCEPT OR REJECT THE DEBTORS' CHAPTER 11 PLAN**

**CLASS 4: CONVENIENCE CLAIMS**

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THIS BALLOT. FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE CLAIMS AGENT BY NOVEMBER 3, 2023, AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE") IN ACCORDANCE WITH THIS BALLOT.**

This ballot (the "Ballot") is transmitted to you to solicit your vote to accept or reject the plan of reorganization (the "Plan") as set forth in the *Joint Chapter 11 Plan of Reorganization for Prime Core Technologies Inc. and Its Affiliated Debtors* [Docket No. [•]] (as amended, supplemented or otherwise modified from time to time, according to its terms, the "Plan") filed by the above-captioned debtors and debtors in possession (the "Debtors"). The *Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to Joint Chapter 11 Plan of Reorganization for Prime Core Technologies Inc. and Its Affiliated Debtors* [Docket No. [•]] (as amended, supplemented or otherwise modified from time to time, according to its terms, the "Disclosure Statement") contains disclosures summarizing the Plan and has been approved on a conditional basis by order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") [Docket No. [•]] (the "Conditional Approval Order").[2] The Disclosure Statement and the Plan provide information to assist you in deciding how to vote your Ballot.

The Disclosure Statement, the Plan, and Conditional Approval Order are included in the Solicitation Package accompanying this Ballot. You may also obtain copies from Bankruptcy Management Solutions, Inc. d/b/a Stretto ("Stretto" or the "Claims Agent") free of charge (a) by accessing the Debtors' restructuring website at https://cases.stretto.com/primetrust/; (b) by writing to Prime Core Technologies Inc., *et al.* Claims Processing Center, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; (c) by email at PrimeCoreInquiries@stretto.com with a reference to "Prime Core Technologies Inc." in the subject line; or (d) by telephone at +1-303-536-6996 (International) or (888) 533-4753 (U.S./Canada Toll-Free); or for a fee via PACER at http://ecf.deb.uscourts.gov.

---

[1]    The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, Nevada 89135.

[2]    Capitalized terms not defined herein are defined in the Disclosure Statement, the Plan or the Conditional Approval Order, as applicable.

If you have any questions on how to properly complete this Ballot, please contact the Claims Agent by email at PrimeCoreInquiries@stretto.com with a reference to "Prime Core Technologies Inc. Solicitation" in the subject line; or (d) by telephone at +1-303-536-6996 (International) or (888) 533-4753 (U.S./Canada Toll-Free). Please be advised the Claims Agent cannot provide legal advice.

---

**IMPORTANT**

**You should carefully review the Disclosure Statement and Plan before you submit this Ballot. You may wish to seek independent legal advice concerning the Disclosure Statement and Plan and the classification and treatment of your Class 4 Claim under the Plan.**

**All Convenience Claims against Debtor Prime Trust have been placed in Class 4 under the Plan. If you hold Claims in more than one Class under the Plan, you may receive a Ballot for each such Class and must complete a separate Ballot for each such Class.**

**For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is actually received by the Claims Agent by no later than the Voting Deadline of November 3, 2023, at 4:00 p.m. (prevailing Eastern Time), unless such time is extended in writing by the Debtors.**

**If you wish to return a hard copy of your Ballot, you may return it in the enclosed preaddressed, postage prepaid envelope or submit it by first class mail, overnight courier or hand delivery to:**

<div align="center">

**If by First-Class Mail, Hand Delivery or Overnight Mail:**
**Prime Core Technologies Inc., *et al*.**
**Ballot Processing Center**
**c/o Stretto**
**410 Exchange, Suite 100**
**Irvine, CA 92602**

</div>

**If you would like to coordinate hand delivery of your Ballot, please email PrimeCoreInquiries@stretto.com at least twenty-four (24) hours in advance and provide the anticipated date and time of your delivery.**

**If you prefer to vote online, Ballots will be accepted if properly completed through the E- Ballot portal maintained by the Claims Agent (the "E-Ballot Portal"). To submit your Ballot via the E-Ballot Portal, visit https://cases.stretto.com/primetrust/. Click on the "Submit E- Ballot" section of the Debtors' website and follow the directions to submit your E-Ballot. If you choose to submit your Ballot via the E-Ballot Portal, you should not also return a hard copy of your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot Password:**_____

**The Claims Agent's E-Ballot portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**If your Ballot is not received by the Claims Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors, your vote will not be counted.**

**Your receipt of this Ballot does not signify that your Claim(s) has been or will be allowed or that you will receive a distribution under the Plan. The Debtors reserve all rights to dispute such Claim(s).**

**HOW TO VOTE (AS MORE FULLY SET FORTH IN THE VOTING INSTRUCTIONS):**

1.  Complete Item 1.

2.  Review the releases set forth in Item 2 and elect whether to opt out of the releases.

3.  If you wish to make opt out of the Class 4 Convenience Claims, check the box in Item 4. If you opt out, you make this election as to the entire amount of your Class 4 Claims. You may not split your Class 4 Claims

4.  Review the information, certifications and acknowledgements contained in Items 3 and 5.

5.  **SIGN THE BALLOT**.

6.  Return the original signed Ballot in the enclosed pre-addressed, postage-paid envelope, or by first- class mail, hand delivery, overnight courier, or submit your Ballot through the online E-Ballot portal maintained by the Claims Agent so that it is **actually received** by the Claims Agent before the Voting Deadline. Ballots submitted to the Debtors or any of their agents and advisors (other than the Claims Agent) will not be counted.

7.  You must vote the full amount of the Claim covered by this Ballot either to accept or to reject the Plan. You may not split your vote. Any executed Ballot that partially accepts and partially rejects the Plan will not be counted.

8.  If you hold Claims in more than one Class, you must use separate Ballots for each Class of Claims.

9.  Any executed Ballot received that (a) does not indicate either an acceptance or rejection of the Plan or (b) indicates both an acceptance and a rejection of the Plan will not be counted.

10. Any Ballot received that is unsigned, illegible, or otherwise incomplete will not be counted.

**VOTING INSTRUCTIONS FOR COMPLETING THE BALLOT FOR HOLDERS OF CLASS 4 CLAIMS**

1. This Ballot is transmitted to you to solicit your vote to accept or reject the Plan. PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.

2. The Plan will be accepted by Class 4 if it is accepted by the Holders of Claims of two- thirds in amount and more than one-half in number of Claims in Class 4 that actually vote on the Plan. If the Plan is confirmed by the Bankruptcy Court, all Holders (including those Holders who abstain from voting or vote to reject the Plan, and those Holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

3. Complete, sign, and return this Ballot to the Claims Agent so that it is actually received by the Claims Agent before **November 3, 2023, at 4:00 p.m. (prevailing Eastern Time)**, the Voting Deadline, unless such time is extended in writing by the Debtor.

4. The Claims Agent's "E-Ballot Portal" is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by telecopy, facsimile, email, or other electronic means of transmission will not be counted. If voting online, to have your vote counted, you must electronically complete, sign, and submit the electronic Ballot by utilizing the E-Ballot Portal on the Claims Agent's website. Your Ballot must be received by the Claims Agent no later than the Voting Deadline, unless such time is extended by the Debtors. Please visit https://cases.stretto.com/primetrust/. Click on the "Submit E-Ballot" section of the Debtors' website and follow the directions to submit your E-Ballot. If you choose to submit your Ballot via the Claims Agent's E-Ballot system (the "E-Ballot Portal"), you should not also return a hard copy of your Ballot.

5. To properly complete this Ballot, you must follow the procedures described below:

   a. if you hold a Claim in Class 4, cast one vote to accept or reject the Plan by checking the appropriate box in Item 1;

   b. if you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (*e.g.,* a power of attorney or a certified copy of board resolutions authorizing you to so act);

   c. if you also hold other Claims, you may receive more than one Ballot, labeled for a different Class of Claims and you should separately complete and submit a Ballot for each Class of Claims in which you hold Claims. Your vote will be counted in determining acceptance or rejection of the Plan by each particular Class of Claims only if you complete, sign, and return the Ballot labeled for that Class of Claims in accordance with the instructions on such Ballot;

   d. provide your name and mailing address on your Ballot;

   e. sign and date your Ballot, and provide the remaining information requested; and

   f. return your Ballot using the methods described above.

**YOU MAY OPT OUT OF CLASS 4 AT ANY TIME PRIOR TO THE VOTING DEADLINE AND VOTE TO ACCEPT OR REJECT THE PLAN IN CLASS 3A, 3B, 3C, OR 3D, AS APPLICABLE. SUBSEQUENT BALLOTS YOU SUBMIT WILL SUPERSEDE PRIOR BALLOTS YOU MAY HAVE SUBMITTED, AND THE LAST IN TIME BALLOT YOU SUBMIT WILL BE INCLUDED IN THE TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN.**

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, DID NOT RECEIVE AN ELECTRONIC COPY OF THE DISCLOSURE STATEMENT AND THE PLAN, OR NEED PHYSICAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE CLAIMS AGENT BY WRITING TO PRIME CORE TECHNOLOGIES INC. BALLOT PROCESSING CENTER, C/O STRETTO, 410 EXCHANGE, SUITE 100, IRVINE, CA 92602; BY EMAIL AT PRIMECOREINQUIRIES@STRETTO.COM WITH A REFERENCE TO "PRIME CORE TECHNOLOGIES INC. SOLICITATION" IN THE SUBJECT LINE; OR BY TELEPHONE AT +1-303-536-6996 (INTERNATIONAL) OR (888) 533-4753 (U.S./CANADA TOLL-FREE) AND REQUESTING TO SPEAK WITH A MEMBER OF THE SOLICITATION TEAM.**

**PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.**

**PLEASE READ THE VOTING INFORMATION AND
INSTRUCTIONS ABOVE BEFORE COMPLETING THIS BALLOT.**

**Item 1. Class Vote.** The undersigned, the Holder of a Class 4 Claim against the Debtors hereby votes, in the amount set forth below, as follows (**check one box**):

                    Accept the Plan

                            OR

                    Reject the Plan.

                            Voting Amount of Claim:[3] $ _____

                            Debtor:_____

**Item 2. Important Information Regarding Releases.**

**AS A HOLDER OF A CLAIM IN CLASS 4 UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES BY HOLDERS OF CLAIMS AND INTERESTS CONTAINED IN ARTICLE 10.5 OF THE PLAN, WHICH IS ALSO SET FORTH BELOW, UNLESS YOU CHECK THE OPT OUT BOX DIRECTLY BELOW, OR FILE AN OBJECTION TO THE RELEASE PROVISIONS OF THE PLAN WITH THE BANKRUPTCY COURT BY NOVEMBER 3, 2023.**

---

The undersigned holder of the Convenience Claim in Class 4 set forth in Item 1 elects to:

                ☐ Opt Out of the Releases by Holders of Claims and Interests.

---

Your recovery under the Plan remains the same regardless of whether you elect to opt out of **giving** the **Releases by Holders of Claims and Interests** in the Plan.

**The following are the Releases by Holders of Claims and Interests set forth in Article 10.5 of the Plan.**

**Releases by Holders of Claims and Interests: Except as otherwise expressly set forth in the Plan or the Confirmation Order, on and after the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party[4] is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably and forever, released by each Releasing Party[5] from any and all Causes of Action, other than any 98f Wallet Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or non-contingent, in law, equity, contract, tort, or otherwise, including any derivative claims asserted on behalf of the Debtors, that such Person would have been legally entitled**

---

[3]    For voting purposes only, subject to tabulation rules.

[4]    The list of parties that constitute "Released Parties" can be found at https://cases.stretto.com/chjpbwv0cnvzda-1696380673/content/2458-release-and-exculpation-plan-provisions/.

[5]    The list of parties that constitute "Releasing Parties" can be found at https://cases.stretto.com/chjpbwv0cnvzda-1696380673/content/2458-release-and-exculpation-plan-provisions/.

to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, any of the Debtors (including the capital structure, management, ownership, or operation thereof), any security of any of the Debtors, any of the Reorganized Debtors, or the Wind-Down Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the assertion or enforcement of rights and remedies against any of the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions held by any of the Debtor(s) or their Estates, intercompany transactions between or among an Debtor and another Debtor, the formulation, preparation, dissemination, negotiation, or Filing of the Chapter 11 Cases, the Bid Procedures Order, Disclosure Statement, the Plan (including, for the avoidance of doubt, the Plan Supplement), any Definitive Document, any Plan Document, any Reorganization Transaction Document, any Sale Transaction Document, any Liquidation Transaction Document, any Reorganization Transactions, dollarization of Cryptocurrency, any Reorganization Transactions contemplated by the Plan, any contract, instrument, release, or other agreement or document created or entered into, whether before or during the Chapter 11 Cases, in connection with the Filing of the Debtors' Chapter 11 Cases, the Bid Procedures Order, the Disclosure Statement, the Plan (including, for the avoidance of doubt, the Plan Supplement), any Reorganization Transactions, any Definitive Document, any Plan Document, any Reorganization Transaction Document, any Sale Transaction Document, any Liquidation Transaction Document, any Reorganization Transactions, dollarization of Cryptocurrency, the solicitation of votes with respect to the Plan, the pursuit of Confirmation of the Plan, the pursuit of Consummation of the Plan, and the administration implementation of the Plan.  Notwithstanding anything to the contrary in the foregoing,  the releases set forth in this <u>Article 10.5</u> shall not be construed as (i) releasing any Released Party from Claims or Causes of Action arising from an act or omission that is judicially determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence; (ii) releasing any post-Effective Date obligations of or under (A) any party or Entity under the Plan, (B) any Executory Contract or Unexpired Lease to the extent such Executory Contract or Unexpired Lease has been assumed by the Debtors pursuant to a Final Order, or (C) any document, instrument, or agreement executed to implement the Plan; (iii) releasing any rights to distributions required to be paid or delivered pursuant to the Plan or the Confirmation Order; (v) releasing or discharging any properly-pled direct claim (other than claims against the Debtors) held by a creditor that is not a Releasing Party. For the avoidance of doubt, to the extent that any creditor had a direct claim against a non-Debtor under applicable non-bankruptcy law (other than a fraudulent transfer claim) prior to the Petition Date, such claim did not vest in the Debtors on the Petition Date and remains property of such creditor.

**Item 3. Certification as to Class 4 Claims held in Additional Accounts.** The undersigned hereby certifies that either (i) it has not submitted any other Ballots for other Class 4 Claims held in other accounts or other record names, or (ii) if it has submitted Ballots for other such Claims held in other accounts or other record names, then such Ballots indicate the same vote to accept or reject the Plan.

**Item 4. Voluntary Election to Opt-Out of Class 4 Convenience Class.** You may elect to have your Class 4 Convenience Claim treated as a Class 3B Claim by making opting out of Class 4. By checking the box below, you will be deemed to have waived your Class 4 Convenience Claim and instead your Claims shall be converted to a Class 3B Prime Trust General Unsecured Claim.

The undersigned, a Holder of a Class 4 Claim as set forth in Item 1:

| |
|---|
| ☐ OPTS OUT of its Class 4 Convenience Claim and such claim is converted to a Class 3B Prime Trust General Claim. |

**Item 5. Acknowledgements and Certification.** By signing this Ballot, the undersigned acknowledges that: (a) it has been provided with a copy of the Disclosure Statement and Plan, including all exhibits thereto; (b) the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and Plan, the Conditional Approval Order, and the procedures for the solicitation and tabulation of votes to accept or reject the Plan contained in the Conditional Approval Order; (c) it is the holder of the Claim identified in Item 1 above as of **October 5, 2023**; and/or (d) it has full power and authority to vote to accept or reject the Plan and exercise elections with respect thereto. The undersigned understands that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted.

_____

Name of Creditor

_____

Signature

_____

If by Authorized Agent, Name and Title

_____

Address

_____

Telephone Number

_____

Email Address

_____

Date Completed

**PLEASE PROMPTLY RETURN YOUR COMPLETED BALLOT.**

**BALLOTS MAY BE SUBMITTED VIA THE E-BALLOT PORTAL, OR IN THE RETURN ENVELOPE PROVIDED, OR AS DIRECTED BY THIS BALLOT.**

**TO COUNT, A BALLOT WITH YOUR VOTE MUST BE <u>RECEIVED</u> BY THE VOTING DEADLINE: <u>NOVEMBER 3, 2023, AT 4:00 P.M. (PREVAILING EASTERN TIME).</u>**

**This Ballot shall not constitute or be deemed a proof of Claim or Interest, an assertion of a Claim or Interest, or the allowance of a Claim or Interest.**

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY**

**THE BANKRUPTCY COURT.**

<u>**Exhibit 3**</u>

**Notice of Non-Voting Status**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |

**NOTICE OF NON-VOTING STATUS AND CONFIRMATION HEARING**

On October [•], 2023, the above-captioned debtors and debtors in possession (the "Debtors") filed (a) the *Joint Chapter 11 Plan of Reorganization for Prime Core Technologies Inc. and Its Affiliated Debtors* [Docket No. [•]] (as amended, supplemented or otherwise modified from time to time, according to its terms, the "Plan") and (b) the *Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to Joint Chapter 11 Plan of Reorganization for Prime Core Technologies Inc. and Its Affiliated Debtors* [Docket No. [•]] (as amended, supplemented or otherwise modified from time to time, according to its terms, the "Disclosure Statement"). The Disclosure Statement summarizes the Debtors' Plan and has been approved on a conditional basis by order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") [Docket No. [•]] (the "Conditional Approval Order") for use by the Debtors in soliciting acceptances or rejections of the Plan from holders of Impaired Claims entitled to receive distributions under the Plan.

**UNDER THE TERMS OF THE PLAN, YOUR CLAIM(S) AGAINST AND/OR INTEREST(S) IN THE DEBTORS IS (ARE) NOT ENTITLED TO VOTE ON THE PLAN. CLAIMS IN CLASSES 1A, 1B, 2, 6 AND 7 ARE UNIMPAIRED AND CONCLUSIVELY PRESUMED TO ACCEPT THE PLAN. CLAIMS AND INTERESTS IN CLASSES 5 AND 8 ARE IMPAIRED AND DEEMED TO REJECT THE PLAN. IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM OR INTEREST YOU SHOULD CONTACT THE CLAIMS AGENT BY (A) WRITING TO PRIME CORE TECHNOLOGIES INC., *ET AL.* CLAIMS PROCESSING CENTER, C/O STRETTO, 410 EXCHANGE, SUITE 100, IRVINE, CA 92602; (B) BY EMAIL AT PRIMECOREINQUIRIES@STRETTO.COM WITH A REFERENCE TO "PRIME CORE TECHNOLOGIES INC." IN THE SUBJECT LINE; or (C) BY TELEPHONE AT +1-303-536-6996 (INTERNATIONAL) OR (888) 533-4753 (U.S./CANADA TOLL-FREE).**

**YOU WILL NOT BE SERVED WITH A COPY OF THE CONDITIONAL APPROVAL ORDER, THE DISCLOSURE STATEMENT AND THE PLAN**. Copies of the Disclosure Statement, the Plan, and the Conditional Approval Order may be obtained free of charge from Bankruptcy Management Solutions, Inc. d/b/a Stretto ("Stretto" or the "Claims Agent") (a) by accessing the Debtors' restructuring website at https://cases.stretto.com/primetrust/ under the tab titled "Plan & Disclosure Statement"; (b) by writing to Prime Core Technologies Inc., *et al*. Claims Processing Center, c/o Stretto,

---

[1]    The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, Nevada 89135.

410 Exchange, Suite 100, Irvine, CA 92602; (c) by email at PrimeCoreInquiries@stretto.com with a reference to "Prime Core Technologies Inc." in the subject line; or (d) by telephone at +1-303-536-6996 (International) or (888) 533-4753 (U.S./Canada Toll-Free); or <u>for a fee</u> via PACER at http://ecf.deb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE THAT <u>EXHIBIT 1</u> ATTACHED HERETO SETS FORTH THE INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS SET FORTH IN ARTICLE 10 OF THE PLAN.**

**PLEASE TAKE FURTHER NOTICE THAT, UPON CONFIRMATION OF THE PLAN, ANY NON-VOTING PARTY WHO IS DEEMED TO ACCEPT OR DEEMED TO REJECT THE PLAN WILL BE DEEMED TO HAVE CONSENTED TO GIVING THE RELEASES SET FORTH IN ARTICLE 10.5 OF THE PLAN (WHICH IS COPIED ON EXHIBIT 1 TO THIS NOTICE), <u>UNLESS SUCH PARTY COMPLETES AND RETURNS THE OPT-OUT NOTICE BELOW TO THE CLAIMS AGENT, OR FILES WITH THE BANKRUPTCY COURT AN OBJECTION TO THE RELEASES SET FORTH IN ARTICLE 10.5 OF THE PLAN BY THE OBJECTION DEADLINE (AS DEFINED BELOW).</u> ANY SUCH NON-VOTING PARTY THAT OBJECTS TO, OR SUBMITS AN OPT-OUT FORM AS OUTLINED BELOW, WILL BE DEEMED TO HAVE OPTED OUT OF THE RELEASE PROVISIONS SET FORTH IN ARTICLE 10.5 OF THE PLAN.**

A hearing to consider final approval of the adequacy of information contained in the Disclosure Statement pursuant to Bankruptcy Code section 1125 and confirmation of the Plan pursuant to Bankruptcy Code section 1129 is scheduled to take place on **November 10, 2023, at [●] [●].m. (prevailing Eastern Time)** before the Honorable J. Kate Stickles (the "<u>Confirmation Hearing</u>"), but may be continued from time to time without further notice other than the announcement of the adjourned date(s) at the Confirmation Hearing or any continued hearing or as indicated in any agenda of matters scheduled for hearing filed with the Bankruptcy Court.

The deadline for filing objections to final approval of the Disclosure Statement or confirmation of the Plan is **November 3, 2023, at 4:00 p.m. (prevailing Eastern Time)**. Any objection must, (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local Rules, and (iii) be filed with the Bankruptcy Court and served  upon the following parties: (a) counsel to the Debtors, McDermott Will & Emery LLP (i) 1000 N. West Street, Suite 1400, Wilmington, Delaware 19801, (Attn: Maris J. Kandestin (mkandestin@mwe.com)), (ii) One Vanderbilt Avenue, New York, New York 10017-3852 (Attn: Darren Azman (dazman@mwe.com)), and (iii) 333 SE 2nd Avenue, Suite 4500, Miami, Florida 33131 (Attn: Gregg Steinman (gsteinman@mwe.com)); (b) proposed counsel to the Committee, Brown Rudnick LLP, 7 Times Square, New York, NY 10036 (Attn: Robert Stark (rstark@brownrudnick.com; Bennett Silverberg (bsilverberg@brownrudnick.com)); and (c) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Joseph F. Cudia (joseph.cudia@usdoj.gov)).

---

**<u>Binding Nature of the Plan:</u>**

**If confirmed, the Plan will bind all Holders to the maximum extent permitted by applicable law, whether or not such Holder will receive or retain any property or interest in property under the Plan, has filed a Proof of Claim in these cases, or failed to vote to accept or reject the Plan or voted to reject the Plan.**

---

---

**Optional: Release Opt-Out**

**If you choose to opt-out of giving the releases set forth in Article 10.5 of the Plan (which is copied on <u>Exhibit 1</u> to this Notice), you must either complete the information below, check the box to opt-out, and return this Notice to the Claims Agent via U.S. first-class mail to Prime Core Technologies Inc.,** *et al.* **Claims Processing Center, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602 by the Voting Deadline, or file an objection to such releases with the Bankruptcy Court by the Objection Deadline. Your recovery under the Plan remains the same regardless of whether you elect to opt out of giving the Releases set forth in Article 10.5 of the Plan.**

☐    By Checking this box, you elect to opt-out of giving the releases set forth in Article 10.5 of the Plan.

Name: _____    Class: _____    Amount of Claim:_____

---

| Dated:   October[•], 2023 |  |  |
|---|---|---|
|           Wilmington, Delaware |  |  |

<div align="center"><b>MCDERMOTT WILL & EMERY LLP</b></div>

| | | |
|---|---|---|
| Maris J. Kandestin (No. 5294) | Darren Azman | Gregg Steinman |
| 1000 N. West Street, Suite 1400 | Joseph B. Evans | 333 SE 2nd Avenue, Suite 4500 |
| Wilmington, Delaware 19801 | One Vanderbilt Avenue | Miami, Florida 33131 |
| Telephone: (302) 485-3900 | New York, New York 10017-3852 | Telephone: (305) 358-3500 |
| Facsimile: (302) 351-8711 | Telephone: (212) 547-5400 | Facsimile: (305) 347-6500 |
| Email: mkandestin@mwe.com | Facsimile: (646) 547-5444 | Email: gsteinman@mwe.com |
| | Email: dazman@mwe.com | |
| |       jbevans@mwe.com | |

<div align="center"><i>Counsel to the Debtors and Debtors in Possession</i></div>

3

**Exhibit 1**

**Injunction, Exculpation and Release Provisions**

10.5    *Releases By Holders of Claims and Interests.*

  Except as otherwise expressly set forth in the Plan or the Confirmation Order, on and after the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party[1] is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably and forever, released by each Releasing Party[2] from any and all Causes of Action, other than any 98f Wallet Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or non-contingent, in law, equity, contract, tort, or otherwise, including any derivative claims asserted on behalf of the Debtors, that such Person would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, any of the Debtors (including the capital structure, management, ownership, or operation thereof), any security of any of the Debtors, any of the Reorganized Debtors, or the Wind-Down Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the assertion or enforcement of rights and remedies against any of the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions held by any of the Debtor(s) or their Estates, intercompany transactions between or among an Debtor and another Debtor, the formulation, preparation, dissemination, negotiation, or Filing of the Chapter 11 Cases, the Bid Procedures Order, Disclosure Statement, the Plan (including, for the avoidance of doubt, the Plan Supplement), any Definitive Document, any Plan Document, any Reorganization Transaction Document, any Sale Transaction Document, any Liquidation Transaction Document, any Reorganization Transactions, dollarization of Cryptocurrency, any Reorganization Transactions contemplated by the Plan, any contract, instrument, release, or other agreement or document created or entered into, whether before or during the Chapter 11 Cases, in connection with the Filing of the Debtors' Chapter 11 Cases, the Bid Procedures Order, the Disclosure Statement, the Plan (including, for the avoidance of

---

[1] "Released Parties" means, subject to the outcome of the Debtors' investigation, collectively, in each case in its capacity as such: (a) the Debtors; (b) the Reorganized Debtors, (c) the Wind-Down Debtor; (d) the Special Committee, and each of the members thereof, solely in their capacity as such; (e) the Creditors' Committee, and each of the members thereof, solely in their capacity as such; (f) each of the Released Professionals; (g) if applicable, the Purchaser; and (h) if applicable, the Plan Sponsor; *provided, however*, that (x) if (i) the Asset Purchase Agreement is terminated, the Purchaser shall not be a "Released Party" under the Plan or (ii) the Plan Sponsorship Agreement is terminated, the Plan Sponsor shall not be  a "Released Party" under the Plan, and (y) Mr. Jor Law shall not be a "Released Party" under the Plan, and (z) notwithstanding the foregoing, the Directors and Officers against whom the Debtors hold Non-Released D&O Claims as of the Petition Date shall not be "Released Parties" under the Plan.

[2] "Releasing Parties" means collectively, and in each case, solely in their respective capacities as such: (a) the Released Parties; (b) all Holders of Claims and Interests that are deemed to accept this Plan and who do not either affirmatively opt out of the releases provided by the Plan or file an objection with the Bankruptcy Court objecting to the releases set forth in Article 10.5 of the Plan; (c) all Holders of Claims who (i) vote to accept or reject the Plan, or (ii) abstain from voting and, in the case of either (i) or (ii), do not affirmatively opt out of the voluntary release contained in Article 10.5 of the Plan by checking the "opt-out" box on the ballot and returning it in accordance with the instructions set forth thereon or file an objection with the Bankruptcy Court objecting to the releases set forth in Article 10.5 of the Plan; *provided, however*, that if (i) the Asset Purchase Agreement is terminated, the Purchaser shall not be a "Releasing Party" under the Plan and (ii) the Plan Sponsorship Agreement is terminated, the Plan Sponsor shall not be a "Releasing Party" under the Plan.  For the avoidance of doubt, no Holder of any Claim or Interest that is deemed to reject this Plan shall be a Releasing Party.

doubt, the Plan Supplement), any Reorganization Transactions, any Definitive Document, any Plan Document, any Reorganization Transaction Document, any Sale Transaction Document, any Liquidation Transaction Document, any Reorganization Transactions, dollarization of Cryptocurrency, the solicitation of votes with respect to the Plan, the pursuit of Confirmation of the Plan, the pursuit of Consummation of the Plan, and the administration implementation of the Plan. Notwithstanding anything to the contrary in the foregoing,  the releases set forth in this **Article 10.5** shall not be construed as (i) releasing any Released Party from Claims or Causes of Action arising from an act or omission that is judicially determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence; (ii) releasing any post-Effective Date obligations of or under (A) any party or Entity under the Plan, (B) any Executory Contract or Unexpired Lease to the extent such Executory Contract or Unexpired Lease has been assumed by the Debtors pursuant to a Final Order, or (C) any document, instrument, or agreement executed to implement the Plan; (iii) releasing any rights to distributions required to be paid or delivered pursuant to the Plan or the Confirmation Order; (v) releasing or discharging any properly-pled direct claim (other than claims against the Debtors) held by a creditor that is not a Releasing Party.  For the avoidance of doubt, to the extent that any creditor had a direct claim against a non-Debtor under applicable non-bankruptcy law (other than a fraudulent transfer claim) prior to the Petition Date, such claim did not vest in the Debtors on the Petition Date and remains property of such creditor.

10.6    *Exculpation.*

Effective as of the Effective Date, to the fullest extent permissible under applicable law and without affecting or limiting either the Debtor release or the third party release, and except as otherwise specifically provided in the Plan, no Exculpated Party[3] shall have or incur, and each Exculpated Party is exculpated from any Cause of Action for any act or omission arising on or after the Petition Date and prior to the Effective Date based on the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation or filing, or consummation of the Disclosure Statement, the Bid Procedures Order, the Plan, any Definitive Document, any Plan Document, any Reorganization Transaction Document, any Sale Transaction Document, any Liquidation Transaction Document, any Restructuring Transactions, dollarization of Cryptocurrency, any contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the Plan or any Restructuring Transactions, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation of the Plan, the administration of the Chapter 11 Cases, the administration and implementation of the Plan, including the issuance of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement (including, for the avoidance of doubt, providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion), except for Causes of Action related to any act or omission that is determined in a Final Order of a court of competent jurisdiction to have constituted actual fraud, willful misconduct, malpractice, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.

---

[3]    "Exculpated Parties" means, collectively, and in each case in its capacity as such: (a) each of the Debtors; (b) the Reorganized Debtors; (c) the Wind-Down Debtor; (d) the Special Committee, and each of the members thereof, solely in their capacity as such; (e) the Creditors' Committee, and each of the members thereof, solely in their capacity as such; (f) each of the Released Professionals; (g) the Current Directors and Officers, and Persons employed by each of the Debtors and their Affiliates serving in such capacity on or after the Petition Date but before the Effective Date; (h) the Plan Administrator; (i) the Distribution Agent; (j) Cooley LLP; and (k) J.S. Held LLC.

The Exculpated Parties have, and upon Consummation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

10.7    *Injunction.*

(a)    **Upon entry of the Confirmation Order, all Holders of Claims and Interests and other parties in interest, along with their respective present or former employees, members, managers, agents, officers, directors, principals, and affiliates, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan in relation to any Claim extinguished, or released pursuant to the Plan.**

(b)    **Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court or as agreed to by the Debtors and a Holder of a Claim against or Interest in the Debtors, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether or not proof of such Claims or Interests has been filed and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, along with their respective present or former employees, members, managers, agents, officers, directors, principals, and affiliates are permanently enjoined, on and after the Effective Date, solely with respect to any Claims, Interests, and Causes of Action that will be or are extinguished, or released pursuant to the Plan from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors, the Wind-Down Debtor, the Creditors' Litigation Trust, or the property of any of the Debtors, the Reorganized Debtors, the Wind-Down Debtor, the Creditors' Litigation Trust, or their respective properties or Estates, as applicable; (ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtors, the Wind-Down Debtor, the Creditors' Litigation Trust, or the property of any of the Debtors, the Wind-Down Debtor, the Reorganized Debtors, the Creditors' Litigation Trust, or their respective Estates; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors, the Wind-Down Debtor, the Creditors' Litigation Trust, or the property of any of the Debtors, the Wind-Down Debtor, the Creditors' Litigation Trust, the Reorganized Debtors, or against their respective Estates; (iv) asserting any right of setoff, directly or indirectly, against any obligation due from the Debtors, the Wind-Down Debtor, the Creditors' Litigation Trust, or against the property of any of the Debtors, the Wind-Down Debtor, the Creditors' Litigation Trust, the Reorganized Debtors, or their respective Estates, or against property or interests in property of any of the Debtors, the Wind-Down Debtor, or the Creditors' Litigation Trust, except as contemplated or allowed by the Plan; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.**

(c)    **By accepting distributions pursuant to the Plan, each Holder of an Allowed Claim or Interest extinguished, or released pursuant to the Plan shall be deemed to have affirmatively and specifically consented to be bound by the Plan, including, without limitation, the injunctions set forth in this Article 10.7.**

(d)      **The injunctions in this <u>Article 10.7</u> shall extend to any successors of the Debtors, the Reorganized Debtors, or the Wind-Down Debtor, as applicable, and their respective property and interests in property.**

**<u>Exhibit 4</u>**

**Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |

**NOTICE OF CONDITIONAL APPROVAL OF DISCLOSURE STATEMENT AND HEARING
TO CONSIDER CONFIRMATION OF CHAPTER 11 PLAN**

On October [•], 2023, the above-captioned debtors and debtors in possession (the "Debtors") filed (a) the *Joint Chapter 11 Plan of Reorganization for Prime Core Technologies Inc. and Its Affiliated Debtors* [Docket No. [•] (as amended, supplemented or otherwise modified from time to time, according to its terms, the "Plan") and (b) the *Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to Joint Chapter 11 Plan of Reorganization for Prime Core Technologies Inc. and Its Affiliated Debtors* [Docket No. [•]] (as amended, supplemented or otherwise modified from time to time, according to its terms, the "Disclosure Statement"). The Disclosure Statement provides a summary of the Debtors' Plan and has been approved on a conditional basis by order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") [Docket No. [•]] (the "Conditional Approval Order") for use by the Debtors in soliciting acceptances or rejections of the Plan from holders of Impaired Claims entitled to receive distributions under the Plan. Copies of the Disclosure Statement, the Plan, and the Conditional Approval Order may be obtained free of charge, (i) by accessing the Debtors' restructuring website maintained by Bankruptcy Management Solutions, Inc. d/b/a Stretto ("Stretto" or the "Claims Agent") at https://cases.stretto.com/primetrust/; (ii) by writing to Prime Core Technologies Inc. Ballot Processing Center, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; (c) by email to PrimeCoreInquiries@stretto.com with a reference to "Prime Core Technologies Inc. Solicitation" in the subject line; or (d) by telephone at +1-303-356-6996 (International) or (888) 533-6996 (U.S./Canada Toll-Free); or for a fee via PACER at http://ecf.deb.uscourts.gov.

Only holders of Claims in Classes 3A, 3B, 3C, 3D, and 4 (the "Voting Classes") are entitled to vote to accept or reject the Plan. Holders in Classes 1A, 1B, 2, 6 and 7 are Unimpaired and presumed to accept the Plan. Holders of Claims or Interests in Classes 5 and 8 are Impaired and deemed to reject the Plan. If you are a holder of a Claim against the Debtors as of October 5, 2023 (the "Voting Record Date") and in a Voting Class, the deadline by which ballots accepting or rejecting the Plan must be received by **November 3, 2023, at 4:00 p.m. (prevailing Eastern Time) (the "Voting Deadline"). If you are in a Voting Class, for your vote to be counted, your Ballot must be properly completed, signed, and returned so that it is <u>actually received</u> by the Claims Agent before the Voting Deadline, unless such time is extended in writing by the Debtors.**

If you wish to challenge the Debtors' classification of your claim, you must file a motion for an order temporarily allowing your Claim in a different classification or amount for purposes of voting to

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, Nevada 89135.

accept or reject the Plan and serve such motion on the Debtor so that it is received by **October 27, 2023, at 4:00 p.m. (prevailing Eastern Time)**.

A hearing to consider final approval of the adequacy of disclosures in the Disclosure Statement and confirmation of the Plan will be held on **November 10, 2023, at [●] [●].m. (prevailing Eastern Time)** before the Honorable J. Kate Stickles, but may be continued from time to time. The deadline for filing objections thereto is **November 3, 2023, at 4:00 p.m. (prevailing Eastern Time)**. Any objection must, (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local Rules, and (iii) be filed with the Bankruptcy Court and served upon the following parties: (a) counsel to the Debtors, McDermott Will & Emery LLP (i) 1000 N. West Street, Suite 1400, Wilmington, Delaware 19801, (Attn: Maris J. Kandestin (mkandestin@mwe.com)), (ii) One Vanderbilt Avenue, New York, New York 10017-3852 (Attn: Darren Azman (dazman@mwe.com)), and (iii) 333 SE 2nd Avenue, Suite 4500, Miami, Florida 33131 (Attn: Gregg Steinman (gsteinman@mwe.com)); (b) proposed counsel to the Committee, Brown Rudnick LLP, 7 Times Square, New York, NY 10036 (Attn: Robert Stark (rstark@brownrudnick.com; Bennett Silverberg (bsilverberg@brownrudnick.com)); and (c) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Joseph F. Cudia (joseph.cudia@usdoj.gov)).

**ARTICLE 10** OF THE PLAN CONTAINS RELEASE, EXCULPATION, INJUNCTION PROVISIONS AND A THIRD-PARTY RELEASE, WHICH CAN BE FOUND AT https://cases.stretto.com/primetrust/ UNDER THE TAB TITLED "PLAN & DISCLOSURE STATEMENT" AND AT DOCKET NO. [●|]. THUS, HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTORS ARE ADVISED TO REVIEW AND CONSIDER THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BECAUSE THEIR RIGHTS MIGHT BE AFFECTED THEREUNDER.