# **EXHIBIT B**

**Redline**

Case 23-11161-JKS    Doc 263-2    Filed 10/06/23    Page 1 of 16

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Prime Core Technologies Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11161 (JKS)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 94, 252 & 260** |

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT ON AN INTERIM BASIS FOR SOLICITATION PURPOSES ONLY; (II) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN; (III) APPROVING THE FORM OF BALLOT AND SOLICITATION PACKAGES; (IV) ESTABLISHING THE VOTING RECORD DATE; (V) SCHEDULING A COMBINED HEARING FOR FINAL APPROVAL OF THE ADEQUACY OF INFORMATION IN THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN; AND (VI) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (i) approving the adequacy of disclosures contained in the *Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to Joint Chapter 11 Plan of Reorganization for Prime Core Technologies Inc. and Its Affiliated Debtors* [Docket No. 259] (as amended, supplemented or otherwise modified from time to time, according to its terms, the "Disclosure Statement"), on a conditional basis for solicitation purposes only, (ii) establishing procedures for the solicitation and tabulation of votes to accept or reject the *Joint Chapter 11 Plan of Reorganization for Prime Core Technologies Inc. and Its Affiliated Debtors* [Docket No. 258] (as amended, supplemented

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, Nevada 89135.

[2] Capitalized terms used but not defined herein are defined in the Motion or the Plan (as defined below), as applicable.

or otherwise modified from time to time, according to its terms, the "Plan"), (iii) approving the form of Ballots and Solicitation Packages, (iv) establishing the voting record date as September 22, 2023 (the "Voting Record Date"), (v) scheduling a final, combined hearing to consider (a) final approval of the adequacy of information contained in the Disclosure Statement pursuant to Bankruptcy Code section 1125 and (b) confirmation of the Plan pursuant to Bankruptcy Code section 1129 (the "Confirmation Hearing"), and (vi) granting related relief, pursuant to Bankruptcy Code sections 105, 1125, 1126, and 1128, Bankruptcy Rules 2002(b), 3016, 3017, 3018, 3020, and 9006, and Local Rule 3017-2; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and a hearing, if necessary, having been held to consider the relief requested in the Motion (the "Conditional Approval Hearing"); and upon consideration of the Disclosure Statement, the Plan, and the record at the Conditional Approval Hearing (if any) and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, and creditors and other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

      **THE COURT HEREBY FINDS AS FOLLOWS:**[3]

---

[3] To the extent any conclusions of law constitute findings of fact, they are adopted as such; to the extent any findings of fact constitute conclusions of law, they are adopted as such.

A.      The forms of Ballots attached hereto as **Exhibits** **2-A**, **2-B**, **2-C, 2-D**, and **2-E**: (i) are consistent with Official Form No. 314; (ii) adequately address the particular needs of these Chapter 11 Cases; (iii) are appropriate for the Voting Classes; and (iv) comply with Bankruptcy Rule 3017(d).

B.      Ballots need not be provided to Holders in the Non-Voting Classes, including Holders that are either (i) Unimpaired and are conclusively presumed to have accepted the Plan in accordance with Bankruptcy Code section 1126(f) or (ii) Impaired but will neither retain nor receive any property under the Plan and are thus conclusively deemed to have rejected the Plan in accordance with Bankruptcy Code section 1126(g).

C.      The period during which the Debtors may solicit votes to accept or reject the Plan, as established by this Order, provides sufficient time for Holders in the Voting Classes to make informed decisions to accept or reject the Plan and submit their Ballots in a timely fashion.

D.      The Voting Procedures governing the solicitation and tabulation of votes to accept or reject the Plan provide a fair and equitable voting process and are consistent with Bankruptcy Code section 1126.

E.      The contents of the Solicitation Packages and the procedures for providing notice of the Confirmation Hearing and the other matters set forth in the Confirmation Hearing Notice comply with Bankruptcy Rules 2002 and 3017, Local Rule 3017 -2 and, under the circumstances, constitute sufficient notice to all interested parties in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**IT IS HEREBY ORDERED THAT:**

1.       The Motion is GRANTED as set forth herein.

2.       The Disclosure Statement is approved on a conditional basis for solicitation purposes under Bankruptcy Code section 1125, Bankruptcy Rule 3017, and Local Rule 3017-2. Any objections to the adequacy of information contained in the Disclosure Statement on a final basis are expressly reserved for consideration at the Confirmation Hearing, unless overruled on the record at the Conditional Approval Hearing.

3.       The Confirmation Hearing is hereby scheduled for **November 14, 2023, at 1:00 p.m. (prevailing Eastern Time)**. The Confirmation Hearing may be continued from time to time without further notice other than the announcement of the adjourned date(s) at the Confirmation Hearing or any continued hearing or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court.

4.       Objections to confirmation of the Plan and final approval of the Disclosure Statement on any ground, including adequacy of the disclosures therein, if any, shall (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local Rules, and (iii) be filed with the Court and served upon the Notice Parties identified in the Confirmation Hearing Notice on or before **November 7, 2023, at 4:00 p.m. (prevailing Eastern Time)**. The Debtors, and any other parties in interest supporting the Disclosure Statement and Plan may, in their discretion, file a reply in support of final approval of the Disclosure Statement and confirmation of the Plan by **November ~~11~~9, 2023, at 4:00 p.m. (prevailing Eastern Time)**.

5. The Confirmation Hearing Notice, the Notice of Non-Voting Status, and the Publication Notice, substantially in the forms attached hereto as **Exhibits 1**, **3**, and **4**, respectively, are approved in all respects.

6. The Ballots, substantially in the forms attached hereto as **Exhibits 2-A**, **2-B**, **2-C**, **2-D**, and **2-E**, are approved in all respects.

7. The confirmation schedule attached hereto as **Schedule A** is approved in all respects.

8. The Debtors shall provide notice of the Confirmation Hearing to: (a) the U.S. Trustee; (b) proposed counsel to the Committee; and (c) any party entitled to notice pursuant to Bankruptcy Rule 2002. The Debtors shall use best efforts to commence service of notice of the Confirmation Hearing upon such parties no later than two business days following entry of this Order, or as soon as reasonably practical thereafter.

9. The Debtors shall publish the Publication Notice, substantially in the form attached hereto as **Exhibit 4**, in *The Wall Street Journal*, *The New York Times*, or *USA Today* on October 10, 2023 or as soon as reasonably practical thereafter.

10. No later than two (2) business days after entry of this Order, or as soon as reasonably practicable thereafter (the "Solicitation Date"), the Debtors shall cause the Claims Agent to commence service of the Solicitation Packages on Holders of Claims in Classes 3A, 3B, 3C, 3D, and 4 (the "Voting Classes"), the U.S. Trustee, the Committee, and any party entitled to notice pursuant to Bankruptcy Rule 2002, which Solicitation Packages shall contain the following materials: (i) the Confirmation Hearing Notice; (ii) the Disclosure Statement and Plan; (iii) a copy of this Order (without the exhibits); (iv) the appropriate Ballot, as applicable; and (v) any other documents and materials the Debtors deem appropriate. In accordance with the

Privacy Protection Order, the Claims Agent shall serve the Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 1**, to the matrix of consolidated creditors, and the following additional parties to the extent such parties are not included in the matrix service: (i) all parties filing a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 in these chapter 11 cases; (ii) the U.S. Trustee; (iii) the Internal Revenue Service; (iv) all state and local taxing authorities in the states in which the Debtors do business; (v) all federal, state and local authorities that regulate any portion of the Debtors' business; (vi) the Securities and Exchange Commission; and (vii) the United States Attorney for the District of Delaware.

11.     The Debtors and the Claims Agent shall take commercially reasonable efforts to serve a Solicitation Package or any other materials related to voting or confirmation of the Plan to any person or entity from which the notice of the Motion or other mailed notice in this case was returned as undeliverable by the postal service, unless the Claims Agent is provided with accurate addresses for such persons or entities before the Voting Record Date, and failure to mail Solicitation Packages or any other materials related to voting or confirmation of the Plan to such persons or entities shall not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline and shall not constitute a violation of Bankruptcy Rule 3017(d). For the avoidance of doubt, a Holder will only be entitled to receive a Solicitation Package on account of a Claim arising from the rejection of an executory contract or unexpired lease if such Claim is filed by the Voting Record Date. For purposes of serving the Solicitation Packages, the Debtors are authorized to rely on the address information compiled, updated, and maintained by the Claims Agent as of the Voting Record Date.  The Debtors and the Claims Agent are not required

to conduct any additional research for updated addresses based on undeliverable Solicitation Packages.

12.     The Debtors and the Claims Agent are not required to transmit Solicitation Packages to Holders in Classes 1A, 1B, 2, 5, 6, 7, and 8 (collectively, the "Non-Voting Classes") under the Plan. Instead, the Debtors or the Claims Agent shall serve a copy of the Notice of Non-Voting Status, substantially in the form attached hereto as **Exhibit 3**, to Holders in the Non-Voting Classes in accordance with the Privacy Protection Order.

13.     Ballots must be properly executed, completed, and actually received by the Claims Agent on or before **November 7, 2023, at 4:00 p.m. (prevailing Eastern Time)** (the "Voting Deadline") in accordance with the instructions on the Ballot, unless extended by the Debtors in their discretion in writing, even if the voting period has elapsed. Ballots may be delivered or submitted to the Claims Agent as follows:

  a. Ballots may be delivered by either mail or electronically as set forth below.
  b. Ballots may be submitted via electronic, online transmission at the portal for such Ballots (the "E-Ballot Portal"), available on the Claims Agent's website, which shall be the only acceptable method of electronic submission for such Ballots.
  c. Except as provided for herein, Ballots transmitted by telecopy, facsimile, email, or other electronic means of transmission will not be counted.

14.     Pursuant to Bankruptcy Rule 3017(d), **October 5, 2023,** shall be the Voting Record Date for purposes of determining the Holders entitled to receive a Ballot to vote to accept or reject the Plan.[4]

---

[4] For the avoidance of doubt, the Voting Record Date is established for voting purposes only and shall not affect who is entitled to receive distributions under the Plan.

15. The following procedures shall be utilized in tabulating the votes to accept or reject the Plan (the "<u>Voting Procedures</u>"), provide for a fair and equitable Plan voting process, and are consistent with Bankruptcy Code section 1126:

   a. The amount of Class 3A (Prime Core General Unsecured Claims), Class 3B (Prime Trust General Unsecured Claims), Class 3C (Prime IRA General Unsecured Claims) and Class 3D (Prime Digital General Unsecured Claims) for voting purposes only shall be established based on the applicable positions held by such Holder (such holders of claim), as of the Voting Record Date, as evidenced by (a) the Schedules and (b) the Claims Register.

   b. Unless otherwise provided in these Voting Procedures, a Claim will be deemed temporarily allowed for voting purposes only in an amount equal to (i) the liquidated, non-contingent, undisputed amount of such Claim as set forth in the Debtors' Schedules of Assets and Liabilities (including all amendments thereto, the "<u>Schedules</u>") if no Proof of Claim has been timely filed in respect of such Claim; or (ii) if a Proof of Claim has been timely filed in respect of such Claim, the liquidated, non-contingent, and undisputed amount set forth in such Proof of Claim.

   c. If a Claim is deemed allowed by the Plan, an order of the Court, or a written agreement between the holder of a Claim and the Debtors, such Claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth therein.

   d. If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim will be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution (unless otherwise specified in such order).

   e. If a Claim, for which a Proof of Claim has been timely filed, has not been disallowed and is not subject to a pending objection or adversary proceeding as of the Voting Record Date, is for unknown or undetermined amounts, or is wholly unliquidated or contingent (as determined on the face of the Claim or after a reasonable review of the supporting documentation by the Claims Agent) and such Claim has not been Allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, in the amount of $1.00.

   f. Proofs of Claim filed in the amount of $0.00 will not be entitled to vote.

   g. If the Debtors have served an objection or request for estimation as to a Claim by no later than October 11, 2023, such Claim will be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and manner as set forth in such objection, or as ordered by the Court.

h. If the holder of a Claim identifies a Claim amount on its Ballot that is different than the amount otherwise calculated in accordance with the Voting Procedures, the Claim will be temporarily allowed for voting purposes in the lesser of the two amounts.

i. If a Proof of Claim has been amended by a later Proof of Claim that is filed on or prior to the Voting Record Date, and the original Proof of Claim is not subject to an objection or motion to estimate such claim, the later filed amending Claim shall be entitled to vote in a manner consistent with these Voting Procedures, and the earlier filed Claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended Claim. Except as otherwise ordered by the Court, any amendments to Proofs of Claim after the Voting Record Date shall not be considered for purposes of these Voting Procedures.

j. Except as otherwise ordered by the Court, any Ballots received after the Voting Deadline will not be counted absent the consent of the Debtors (in their reasonable discretion).

k. Any Ballot that does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan, will not be counted. Ballots partially rejecting and partially accepting the Plan will not be counted.

l. Any Ballot that is illegible or contains insufficient information to permit the identification of the holder of a Claim will not be counted.

m. Any Ballot purportedly cast by a person or entity that does not hold a Claim in a Class entitled to vote to accept or reject the Plan will not be counted.

n. Whenever a Holder casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the latest-dated Ballot timely received will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots.

o. If a Holder simultaneously casts Ballots that are voted inconsistently, all such inconsistent Ballots will not be counted.

p. Each Holder will be deemed to have voted the entire amount of its Claim as set forth on the Ballot.

q. For purposes of the numerosity requirement of Bankruptcy Code section 1126(c), separate Claims held by a single Holder in a particular Class may be aggregated as if such creditor held one Claim against the Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan. Holders may not split their vote within a Class—thus, each holder of a Claim will be required to vote all of its Claims within the Class either to accept or reject the Plan.

r. Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall be permitted to vote on account of a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims.

s. All Ballots must contain a signature from the entity submitting the Ballot. Any unsigned Ballot will not be counted; *provided*, *however*, for the

|   |   |   |
|---|---|---|
|   |   | avoidance of doubt, Ballots for Classes 3A, 3B, 3C, and 3D submitted via the Claims Agent's E-Ballot Portal will be deemed to contain a signature. |
|   | t. | Any Ballot transmitted to the Claims Agent by telecopy, facsimile, e-mail, or other electronic means of transmission (other than the Claims Agent's E- Ballot Portal) will not be counted. |
|   | u. | The method of delivery of Ballots to the Claims Agent is at the risk of each holder of a Claim, and such delivery will be deemed made only when the original Ballot is <u>actually received</u> by the Claims Agent. |
|   | v. | If a Ballot is executed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity on behalf of a holder of a Claim, such person will be required to indicate such capacity when signing and may be required, at the Debtors' or the Claims Agent's discretion, to submit proper evidence satisfactory to the Debtors or the Claims Agent to so act on behalf of the holder of a Claim. |
|   | w. | Any Holder who has delivered a valid Ballot voting on the Plan may withdraw or change such vote solely in accordance with Bankruptcy Rule 3018(a). |
|   | x. | Subject to any contrary order of the Court, the Debtors reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot at any time, either before or after the Voting Deadline, and any such waivers shall be documented in the vote tabulation certification prepared by the Claims Agent. |
|   | y. | Unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline or within such time as the Court determines, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. |
|   | z. | Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor will any of them incur any liability for failure to provide such notification. |
| 16. |   | Upon completion of balloting, the Claims Agent shall certify the amount and |

number of allowed Claims in the Voting Classes accepting or rejecting the Plan with the assistance of the Debtors and case professionals. The Debtors are authorized to file a Voting Affidavit on or before **November ~~11~~9, 2023, at 4:00 p.m. (prevailing Eastern Time)**. The Debtors may waive any defects or irregularities as to any particular Ballot at any time, either before or after the close of voting, and any such waivers shall be documented in the Voting

10

Affidavit. The Voting Affidavit shall also document any Ballots that are not accepted pursuant to the Voting Procedures and the reason why such Ballot was not accepted.  Additionally, the Voting Affidavit shall specify each Holder of a Claim that opted out of granting the releases set forth in the Plan, and list the names of all parties in Voting Classes for whom solicitation packages that were returned as undeliverable, or as to which the Debtors did not serve solicitation packages, pursuant to paragraph 11 of this Order, in all cases subject to the Privacy Protection Order. To assist in the solicitation process, the Claims Agent is authorized, but not required, to contact parties that submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies. Unless waived, any defects or irregularities in connection with completion or delivery of Ballots must be cured on or before the Voting Deadline or within such other time as the Debtors (or the Court) determines. Neither the Debtors nor the Claims Agent will be under any duty to provide notification of defects or irregularities with respect to completion or delivery of Ballots nor will any of them incur any liability for failure to provide such notification. Delivery of such defective Ballots will not be deemed to have been made until such irregularities have been cured or waived.

17.     If any Holder seeks allowance of its Claim for voting purposes or to challenge the allowance of its Claim for voting purposes in accordance with the Voting Procedures, such Holder must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its Claim or allowing its Claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "Rule 3018 Motion") and serve the Rule 3018 Motion on the Debtors so that it is received no later than **October 27, 2023, at 4:00 p.m. (prevailing Eastern Time)** (the "Rule 3018(a) Motion Deadline"). The Debtors (and, with respect to filing a response, any other party in interest) shall then: (i) have until **November 7, 2023, at 4:00 p.m.**

11

**(prevailing Eastern Time)** to file and serve any objections to such Rule 3018 Motions and parties shall coordinate with the Court to adjudicate and resolve all pending Rule 3018 Motions prior to or at the Confirmation Hearing. Any Ballot submitted by a Holder that files a Rule 3018 Motion shall be counted solely in accordance with the Voting Procedures and the other applicable provisions of this Order unless and until the underlying Claim or Interest is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

18. With respect to any transferred Claim, the transferee shall only be entitled to receive and cast a Ballot on account of such transferred Claim if: (i) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date (including, without limitation, the passage of any applicable objection period) or (ii) the transferee files, no later than the Voting Record Date, (a) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (b) a sworn statement of the transferor supporting the validity of the transfer.

19. The Debtors are authorized to make non-substantive and ministerial changes to the Notice of Non-Voting Status and any documents in the Solicitation Package without further approval of the Court prior to its dissemination, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes to the Disclosure Statement and Plan and any other materials included in the Solicitation Package prior to their distribution.

20. The Plan Supplement shall be filed with this Court no later than **October 27, 2023, at 4:00 p.m. (prevailing Eastern Time)**, provided, that, the Debtors may amend,

supplement, or otherwise modify the Plan Supplement prior to the Confirmation Hearing and/or in accordance with the Plan.

21. In accordance with Local Rule 3017-2, objections not made at the time of the hearing on the Motion for approval of, (i) the voting procedures to be utilized, (ii) the form of notice to be provided to creditors and interest holders of the Debtors, and (iii) the form of ballot which will be provided to creditors and interest holders entitled to vote on the Plan and Disclosure Statement, shall not be considered at the time of the Confirmation Hearing.

22. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be effective immediately and enforceable upon its entry.

23. The Debtors and their authorized agents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

24. The Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

**Schedule A**

| Event | Date and Time (if any) |
|---|---|
| Deadline to Object to Solicitation Procedures and Conditional Approval of DS | September 28, 2023 at 4:00 p.m. (prevailing Eastern Time) |
| Conditional Approval Hearing | October 5, 2023 at 2:00 p.m. (prevailing Eastern Time) |
| Voting Record Date | October 6, 2023 |
| Solicitation Commencement Date | October 6, 2023 |
| Deadline to Publish Notice of Confirmation Hearing | October 14, 2023 |
| Deadline to File Rule 3018 Motions | October 27, 2023, at 4:00 p.m. (prevailing Eastern Time) |
| Deadline to File Plan Supplement | October 27, 2023 at 4:00 p.m. (prevailing Eastern Time) |
| Confirmation Objection Deadline | November 7, 2023, at 4:00 p.m. (prevailing Eastern Time) |
| Deadline to Object to Rule 3018 Motions | November 7, 2023, at 4:00 p.m. (prevailing Eastern Time) |
| Voting Deadline | November 7, 2023, at 4:00 p.m. (prevailing Eastern Time) |
| Deadline to File Voting Affidavit | November ~~11~~9, 2023 |
| Deadline to File Declarations, Brief, in Support of Confirmation, Replies in support of Rule 3018 Motions | November ~~11~~9, 2023, at 4:00 p.m. (prevailing Eastern Time) |
| Confirmation Hearing | November 14, 2023 at 1:00 p.m. (prevailing Eastern Time) |

Document comparison by Workshare Compare on Friday, October 6, 2023 4:34:07 PM

| Input: | |
|---|---|
| Document 1 ID | iManage://imanageus.mwe.com/dm_us/199856425/7 |
| Description | #199856425v7<imanageus.mwe.com> - PT - Conditional DS Approval Order [Modified Post-Hearing] |
| Document 2 ID | iManage://imanageus.mwe.com/dm_us/199856425/8 |
| Description | #199856425v8<imanageus.mwe.com> - PT - Conditional DS Approval Order [Modified Post-Hearing] |
| Rendering set | Standard |

| Legend: |  |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 5 |
| Deletions | 4 |
| Moved from | 0 |
| Moved to | 0 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 9 |