# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Prime Core Technologies Inc., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11161 (JKS)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: N/A**<br>**Hr'g Date: N/A** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER SHORTENING NOTICE OF HEARING ON DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING CERTAIN INDIVIDUALS TO (I) SIT FOR A RULE 2004 EXAMINATION, (II) PRODUCE DOCUMENTS, AND (III) PROVIDE SWORN INTERROGATORY RESPONSES IN RESPONSE TO RULE 2004 REQUESTS**

Prime Core Technologies Inc. and certain of its affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors" or the "Company"), hereby move (the "Motion to Shorten") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) shortening the notice and objection periods with respect to the *Debtors' Motion for Entry of an Order Directing Certain Individuals to (I) Sit for a Rule 2004 Examination, (II) Produce Documents, and (III) Provide Sworn Interrogatory Responses in Response to Rule 2004 Requests* (the "2004 Motion") filed contemporaneously herewith, (ii) setting the date for the hearing to consider approval of the 2004 Motion on October 18, 2023, at 2 p.m. (prevailing Eastern time) (Requested) (the "2004 Motion Hearing"), (iii) permitting parties to file objections, if any, on or prior to October 13, 2023, at 4 p.m. (prevailing Eastern time), and (iv) waiving the requirements of Local Rule 9006-1(c).[2] In support of the Motion to Shorten, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Drive, #03-153, Las Vegas, NV 89135.

[2] The terms used but not otherwise defined in this Motion shall have the meaning ascribed to them in the 2004 Motion.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider the Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion to Shorten in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The legal predicates for the relief requested herein are sections 102 and 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 3017-1 and 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3. The Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with the Motion to Shorten in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

**I.  General Background**

4. On August 14, 2023 (the "Petition Date"), each Debtor commenced a case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). These cases have been jointly administered for procedural purposes only.

5. The Debtors continue to manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6. On August 29, 2023, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to

2

Bankruptcy Code section 1102 (the "Committee") [Docket No. 51]. The Committee is comprised of the following unsecured creditors: (a) Yousef Abbasi; (b) Allsectech, Inc.; (c) DMG Blockchain Solutions, Inc.; (d) Net Cents Technology, Inc.; (e) Polaris Ventures; (f) Stably Corporation; and (g) Austin Ward. Neither a trustee nor examiner has been appointed.

7. Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, the Wallet Event (as defined in the First Day Declaration), and the reasons for and objectives of these Chapter 11 Cases, is set forth in the *Declaration of Jor Law, Interim Chief Executive Officer and President of Prime Core Technologies Inc., et al., In Support of Chapter 11 Petitions and First Day Motions* [Docket No. 14] (the "First Day Declaration" or "First Day Decl."), which is incorporated by reference as if fully set forth herein.

## II.     The Rule 2004 Requests

8. On August 18, 2023, the Debtors sent ▮▮▮▮▮▮, ▮▮▮▮▮▮, and ▮▮▮▮▮▮, via email, Debtors' Combined Requests For Production of Documents, Interrogatories, and Rule 2004 Examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), which were styled as subpoenas substantially in the form attached hereto as Exhibit B (the "Rule 2004 Requests"). The Debtors also mailed the Rule 2004 Requests via FedEx to ▮▮▮▮▮▮, ▮▮▮▮▮▮, and ▮▮▮▮▮▮.

9. The Rule 2004 Requests seek information that will assist the Debtors with discovering assets and seek information about the Debtors' business operations, capital structure, financial condition, the Wallet Event (as defined in the First Day Decl.), and the reasons for and objectives of these Chapter 11 Cases, which are set forth in the First Day Decl. These Rule 2004 Requests seek information that properly relates to "acts, conduct, or property or to the liabilities

3

and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004.  The information requested by the Rule 2004 Requests is not available by any other means and will be essential to the recovery of significant assets of the Debtors' estates.

### III.    The 2004 Motion

10. Contemporaneously herewith, the Debtors filed the 2004 Motion, pursuant to which the Debtors seek entry of an order (the "Rule 2004 Requests Proposed Order"):

   a. Directing certain individuals to respond to the Rule 2004 Requests and produce documents and sworn interrogatory responses;

   b. Directing certain individuals to each make themselves available to sit for a Bankruptcy Rule 2004 examination; and

   c. Granting related relief.

11. The Debtors filed the 2004 Motion after meeting-and-conferring with:

   a. Counsel for ▓▓▓▓ who does not object to Debtors seeking the relief sought in the Rule 2004 Requests Proposed Order;

   b. Counsel for ▓▓▓▓ who does not object to Debtors seeking the relief sought in the Rule 2004 Requests Proposed Order, except reserves all rights, claims, defenses, and the ability to object to Debtors being "authorized and empowered to take any and all actions necessary to implement the terms of this [Rule 2004 Request Proposed] Order; and

   c. ▓▓▓▓, who has stopped responding to Debtors' requests that ▓ provide a formal response to the Rule 2004 Requests.

12. The Debtors believe that the 2004 Motion, which directs certain individuals to comply with the Rule 2004 Requests and a hearing to approve the 2004 Motion is the most efficient and cost-effective means to promptly move forward with the discovery process and obtain information essential to discovering assets, examining transactions, and determining whether wrongdoing has occurred.  Accordingly, the Debtors seek to shorten notice of the 2004 Motion.

4

**RELIEF REQUESTED**

13. The Debtors seek entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A** (a) shortening the notice period with respect to the 2004 Motion, (b) setting the date for the 2004 Motion Hearing on October 18, 2023 at 2 p.m. (Requested) (prevailing Eastern time), (c) permitting parties to file objections, if any, on or prior to October 13, 2023 at 4 p.m. (prevailing Eastern time), and (d) granting such other relief as the Court deems just and proper.

**BASIS FOR RELIEF**

14. Pursuant to Local Rule 9006-1(c)(i), "... all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date." Del. Bank. L.R. 9006-1(c)(i). Further, Local Rule 9006-1(c)(ii) requires that, "[w]here a motion is filed and served in accordance with Local Rule 9006-1(c)(i) less than twenty-one days prior to the hearing date, the deadline for objection(s) shall be seven (7) days before the hearing date" and, "[t]o the extent a motion is filed and served . . . at least twenty-one (21) days prior to the hearing date . . . the movant may establish any objection deadline that is no earlier than fourteen (14) days after the date of service and no later than seven (7) days before the hearing date." Del. Bank. L.R. 9006-1(c)(ii). Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(e), however, state that the Court may shorten the foregoing time periods "for cause shown" or for "exigencies justifying shortened notice." Fed. R. Bankr. P. 9006(c); Del. Bankr. L.R. 9006-1(e).

15. Moreover, Bankruptcy Rule 9006 states that time periods set by the Bankruptcy Rules may be reduced "for cause shown." Fed. R. Bank. P. 9006(c)(1). When considering whether time periods should be shortened for "cause," Third Circuit states that courts should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Phila. Newspapers, LLC*, 690 F.3d 161, 171–72 (3d Cir. 2012) (noting

the commonality of such motions "[g]iven the accelerated time frame of bankruptcy proceedings"). Local Rule 9006-1(e) likewise provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

16. Sufficient cause exists here to shorten the notice period with respect to the 2004 Motion. The Debtors are actively investigating the Wallet Event, as defined in the First Day Declaration. As set forth in the 2004 Motion, the Debtors are seeking discovery from ▮▮▮▮▮, ▮▮▮▮▮, and ▮▮▮▮▮ because they held leadership positions at the Company and likely have relevant information critical to the investigation of the Wallet Event and the objectives of these Chapter 11 cases, including information regarding the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases. The Debtors have filed 2004 notices for the targets who have agreed to voluntarily comply with the Rule 2004 Requests without a court order. As indicated during the hearing held in these cases on October 5, 2023, the Rule 2004 Motion and Motion to Shorten is being filed so that the Debtors can promptly continue to move forward with seeking discovery from the three individuals who are the subject of these motions. Moreover, the Debtors believe that shortened notice is in the best interests of the Debtors' estates, their creditors, and all parties in interest.

17. To preserve the resources of their estates, the Debtors are proposing to commence an expedited process for obtaining approval of the 2004 Motion. Expeditious confirmation of the Motion will allow the Debtors to promptly move forward with the discovery process and obtain information essential to discovering assets, examining transactions, and determining whether wrongdoing has occurred. To accommodate the expedited timeline, the Debtors seek relief to shorten the notice period with respect to the 2004 Motion.

18. The Debtors also do not believe that any parties will be prejudiced by shortened notice. The parties in interest will have sufficient notice of the hearing and objection deadlines with respect to approval of the 2004 Motion. Moreover, during the meet-and-confer process, the parties in interest were informed that Debtors intended to file the 2004 Motion.

**CERTIFICATION PURSUANT TO LOCAL RULE 9006-1(e)**

19. The Debtors contacted the U.S. Trustee and the Committee regarding the relief requested in this Motion to Shorten pursuant to Local Rule 9006-1(e). As of the time of the filing of this Motion to Shorten, the U.S. Trustee had indicated to Debtors' counsel that it had no position with respect to the Debtors' request to shorten notice, and the Committee had not formed an opinion with respect to said request. The Debtors will keep the Court apprised of the Committee's position with respect to the Motion to Shorten following the filing hereof.

**NOTICE**

20. The Debtors will provide notice of this Motion to Shorten to: (a) the U.S. Trustee; (b) proposed counsel to the Official Committee of Unsecured Creditors; and (iii) the named individuals, or counsel thereto. The Debtors submit that no other or further notice is required.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: October 10, 2023  
       Wilmington, Delaware

**MCDERMOTT WILL & EMERY LLP**

*/s/ Maris J. Kandestin*  
Maris J. Kandestin (No. 5294)  
1000 N. West Street, Suite 1400  
Wilmington, Delaware 19801  
Telephone: (302) 485-3900  
Facsimile: (302) 351-8711  
Email: mkandestin@mwe.com

-and-

Darren Azman (admitted *pro hac vice*)
Joseph B. Evans (admitted *pro hac vice*)
J. Greer Griffith (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone:     (212) 547-5400
Facsimile:      (646) 547-5444
Email:            dazman@mwe.com
                      jbevans@mwe.com
                      ggriffith@mwe.com

-and-

Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, Florida 33131
Telephone:     (305) 358-3500
Facsimile:      (305) 347-6500
Email:            gsteinman@mwe.com

-and-

R. Jacob Jumbeck (admitted *pro hac vice*)
Rebecca E. Trickey (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, Illinois 60606-0029
Telephone:     (312) 372-2000
Facsimile:      (312) 984-7700
Email:            jjumbeck@mwe.com
                      rtrickey@mwe.com

*Counsel to the Debtors and Debtors in Possession*