**<u>EXHIBIT A</u>**

**Revised Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 198** |

## ORDER (I) AUTHORIZING THE DEBTORS TO RETAIN AND COMPENSATE PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (this "Order")
(a) authorizing the Debtors to retain and compensate professionals utilized in the ordinary course
of business, and (b) granting related relief, all as more fully set forth in the Motion; and the Court
having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended
Standing Order of Reference* from the United States District Court for the District of Delaware,
dated February 29, 2012; and the matter being a core proceeding within the meaning of 28
U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper
pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order
consistent with Article III of the United States Constitution; and due and sufficient notice of the
Motion having been given under the particular circumstances; and it appearing that no other or
further notice is necessary; and it appearing that the relief requested in the Motion is in the best
interests of the Debtors, their estates, their creditors, and other parties in interest; and after due

---

[1]    The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are:  Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #04-153, Las Vegas, NV 89135.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

deliberation thereon; and good and sufficient cause appearing therefor; it is **HEREBY**

**ORDERED THAT**

1.      The Motion is **GRANTED** on a final basis as set forth herein.

2.      The Debtors are authorized, but not directed, to retain and compensate the

professionals identified on the OCP List (collectively, the "OCPs"), attached hereto as **Annex 2**,

in the ordinary course of business pursuant to the following OCP Procedures:

a.      Within 5 business days after the date of entry of this Order, the Debtors shall serve this Order upon each OCP. Thereafter, within 28 days of the later of (i) the date of entry of this Order or (ii) the date on which an OCP commences work for the Debtors, such OCP shall cause a declaration of disinterestedness, substantially in the form annexed as **Annex 1** hereto (each, a "Declaration of Disinterestedness"), to be filed with the Court and served upon: (A)  proposed counsel to the Debtors, McDermott Will & Emery LLP, 1000 N. West Street, Suite 1400, Wilmington, DE 19801 (Attn: Maris J. Kandestin), and One Vanderbilt Avenue, New York, New York 10017 (Attn: Darren Azman; Joseph B. Evans; J. Greer Griffith), and 333 SE 2nd Avenue, Suite 4500, Miami, Florida 33131 (Attn: Gregg Steinman); (B) proposed counsel to the Committee, Brown Rudnick LLP, 7 Times Square, New York, NY 10036 (Attn: Robert Stark; Bennett Silverberg); (C) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: Joseph Cudia); and (D) any party that requests service pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). Each OCP shall periodically update its Declaration of Disinterestedness to the extent necessary to reflect new facts or circumstances relevant to its retention.

b.      The Notice Parties shall have 14 days after the date of filing of each OCP's Declaration of Disinterestedness (the "Objection Deadline") to object to the retention of such OCP. The objecting party shall file any such objection and serve such objection upon the Notice Parties and the respective OCP on or before the Objection Deadline. If any such objection cannot be resolved within 14 days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date that is no less than 14 days from that date or on a date otherwise agreeable to the parties. The Debtors shall not be authorized to retain and compensate such OCP until all outstanding

objections have been withdrawn, resolved, or overruled by order of the Court.

c.   If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular OCP, the Debtors shall be authorized to: (i) retain such OCP as of the date such OCP commenced providing services to the Debtors; and (ii) compensate such OCP as set forth below.

d.   The Debtors shall be authorized to pay, without formal application to the Court by any OCP, 100% of fees and expenses to each of the OCPs retained by the Debtors pursuant to the OCP Procedures upon submission to the Debtors of a reasonably detailed billing statement indicating the nature of the services rendered and expenses incurred, calculated in accordance with such OCP's standard billing practices (without prejudice to the Debtors' normal right to dispute any such billing statements), for services rendered after the Petition Date; *provided* that fees paid to an OCP may not exceed the respective cap for such OCP (as set forth on the schedule annexed as **Annex 2** hereto) per month on average over a rolling three month period (the "OCP Cap"). The OCP Caps may be increased by mutual agreement between the Debtors and the Notice Parties; *provided* that the Debtors shall file a notice with the Court and submit notice to the Notice Parties of any such agreed increase.

e.   To the extent that fees payable to any OCP exceed the applicable OCP Cap, the applicable OCP shall file a fee application (a "Fee Application") with the Court for the full amount of its fees and expenses for the applicable period in accordance with Bankruptcy Code sections 330 and 331, the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), the Local Rules, the fee guidelines promulgated by the Office of the U.S. Trustee (unless the U.S. Trustee agrees otherwise), and any applicable orders of the Court.

f.   If any OCP exceeds the applicable OCP Cap, or any other applicable incremental amount agreed to by all of the Notice Parties, by more than $5,000 during any three month period more than twice, then such OCP must be retained by the Debtors pursuant to a separate retention application and will subsequently file fee applications in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court, and, as to any OCP that is a law firm, such OCP shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013, both in connection with its retention application and its interim and final fee applications to be filed in the Chapter 11 Cases.

g.    Except for law firms that represented the Debtors prior to the Petition Date and that have been employed pursuant to this Order, all OCPs shall, once their employment is effective pursuant to this Order, be deemed to have waived any and all pre-petition claims they may have against the Debtors and their estates, and must include a statement of disinterestedness in their Declaration of Disinterestedness.

h.    Beginning with the quarter ending December 31, 2023, and for each quarter thereafter during which these Chapter 11 Cases are pending, the Debtors shall within 30 days thereof file with the Court and serve on the Notice Parties a statement with respect to each OCP paid during the immediately preceding quarterly period (the "Quarterly Statement"). Each Quarterly Statement shall include: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported quarter; and (iii) a general description of the services rendered by that OCP.

i.    The Debtors reserve the right to retain additional OCPs from time to time during these Chapter 11 Cases by: (i) including such OCPs on an amended version of the OCP List that is filed with the Court and served on the Notice Parties; and (ii) having such OCPs comply with the OCP Procedures.

3.    The Debtors are authorized to supplement the OCP List as necessary to add or remove OCPs, from time to time in their sole discretion, without the need for any further hearing and without the need to file individual retention applications for newly added OCPs. In such event, the Debtors shall file the amended OCP List with the Court and serve such list on the Notice Parties. Each additional OCP listed in the OCP List shall file with the Court and serve a Declaration of Disinterestedness on the Notice Parties as provided in the OCP Procedures. If no objections are filed within 14 days to any such additional OCP's Declaration of

Disinterestedness, then retention of such OCPs shall be deemed approved by the Court pursuant to this Order without a hearing or further order.

4.    Nothing contained herein shall affect the Debtors' or any appropriate party in interest's ability to dispute any invoice submitted by an OCP, and nothing contained herein shall preclude the Debtors from seeking authority to pay any OCP in an amount greater than the OCP Cap, subject to the rights of any party in interest to oppose any such request.

5.    This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

6.    Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

7.    The Debtors are authorized, but not required, to take all actions necessary to implement the relief granted in this Order.

8.    The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

## **Annex 1**

**Declaration of Disinterestedness**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF DISINTERESTEDNESS OF [ENTITY]
PURSUANT TO THE ORDER (I) AUTHORIZING THE DEBTORS
TO RETAIN AND COMPENSATE PROFESSIONALS UTILIZED IN THE
ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF**

I, [NAME], declare under penalty of perjury:

1.      I am a [POSITION] of [ENTITY], located at [STREET, CITY, STATE, ZIP CODE] (the "Firm").

2.      The Firm [is/is not] a legal services firm.

3.      Prime Core Technologies Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), have requested that the Firm provide [SPECIFIC DESCRIPTION] services to the Debtors, and the Firm has consented to provide such services in the ordinary course of business during the pendency of the Debtors' chapter 11 cases (the "Chapter 11 Cases").

4.      As of August 14, 2023 (the "Petition Date"), the Firm held a retainer in the amount of $[____].

5.      The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to these Chapter 11 Cases

---

[1]     The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are:  Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #04-153, Las Vegas, NV 89135.

for persons that are parties in interest in the Debtors' Chapter 11 Cases. The Firm, however, does not perform services for any such person in connection with these Chapter 11 Cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

6.      As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these Chapter 11 Cases.

7.      Neither I nor any principal, partner, director, officer, [etc.] of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

8.      Neither I nor any principal, partner, director, officer, of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

9.      [The Debtors owe the Firm $[____] for prepetition services, the payment of which is subject to limitations contained in title 11 of the United States Code, 11 U.S.C. §§ 101-1532.]

10.     I understand the limitations on compensation and reimbursement of expenses under the *Order (I) Authorizing the Debtors to Retain and Compensate Professionals Utilized in the Ordinary Course of Business and (II) Granting Related Relief* [Docket No. [•]] (the "OCP Order"). Specifically, the Firm understands that in the event its fees and expenses exceed the applicable OCP Cap (as defined in the OCP Order), the Firm will be required to file a fee application with the Court for the full amount of its fees and expenses for the applicable period in accordance with sections 330 and 331 of title 11 of the United States Code, the Federal Rules

2

of Bankruptcy Procedures, the Local Rules of Bankruptcy Practice and Procedure of the United

States Bankruptcy Court for the District of Delaware, the fee guidelines promulgated by the

Office of the U.S. Trustee (unless the U.S. Trustee agrees otherwise), and any applicable orders

of the Court

11.     As of the Petition Date, which was the date on which the Debtors commenced

these Chapter 11 Cases, the Firm [was/was not] party to an agreement for indemnification with

certain of the Debtors. [A copy of such agreement is attached as **Annex 1** to this Declaration.]

12.     The Firm is conducting further inquiries regarding its retention by any creditors of

the Debtors, and upon conclusion of that inquiry, or at any time during the period of its

employment, if the Firm should discover any facts bearing on the matters described herein, the

Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is
true and correct.

Date: _____, 2023          _____

                                    [DECLARANT'S NAME]

3

**Annex 2**

**Schedule of Ordinary Course Professionals**

| Firm | Service | OCP Cap |
|---|---|---|
| **Tier 1** | | |
| Crowell Moring | NY DFS Licensing | $50,000 |
| **Tier 2** | | |
| Cahill Gordon & Reindel LLP | D&O Counsel | $30,000 |
| **Tier 3** | | |
| Cooley LLP | Corporate; Regulatory; Insurance; DOJ Subpoena | $20,000 |
| **Tier 4** | | |
| Goodwin Procter LLP | Litigation | $10,000 |
| Saltzman Mugan Dushoff | Nevada Trust Company counsel | $10,000 |
| **Tier 5** | | |
| Arnold & Porter | NY DFS Enforcement Matter | $5,000 |
| Fisher & Phillips LLP | Immigration | $5,000 |
| LTL Attorneys LLP | Litigation | $5,000 |