## **EXHIBIT 1**

**Stipulated Protective Order**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*, | Case No. 23-11161 (JKS) |
| Debtors.[1] | (Jointly Administered) |

## <u>STIPULATED PROTECTIVE ORDER</u>

This stipulation (the "<u>Stipulation</u>" or "<u>Protective Order</u>") is entered into by and between: (a) Prime Core Technologies Inc. and its debtor affiliates (collectively, the "<u>Debtors</u>"); (b) the Official Committee of Unsecured Creditors (the "<u>Creditors' Committee</u>"); and (c) any other persons or entities who become bound by this Protective Order by signifying their assent through execution of Exhibit A hereto (the "<u>Acknowledgement</u>").

WHEREAS, on August 14, 2023 (the "<u>Petition Date</u>"), Debtors commenced a voluntary case (the "<u>Bankruptcy</u>") under chapter 11 of title 11 of the United States Code (as amended, the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>" or "<u>Court</u>"). The Debtors' bankruptcy cases are being jointly administered under Case No. 23-11161 (JKS) the ("<u>Chapter 11 Cases</u>").

WHEREAS, the Parties have entered into this Stipulation and agreed to be bound by its terms, subject to approval by the Court; pending such approval, the Parties agree that all Discovery

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are:  Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528).  The Debtors' service address is 10845 Griffith Peak Drive, #03-153, Las Vegas, NV 89135.

Material may be designated and treated as "<u>Confidential</u>" or "<u>Highly Confidential</u>" as described below.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:

1.    **<u>DEFINITIONS</u>**

1.1     "<u>Party</u>": Any party to this Stipulated Protective Order, including successors in interest, officers, directors, investment advisors or managers, and employees.

1.2     "<u>Discovery Material</u>": All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures, responses to discovery (including responses to third-party or non-party subpoenas), in deposition testimony and transcripts, through deposition exhibits, any examination under Federal Rule of Bankruptcy Procedure 2004, or other requests for documentation in the Main Case, including informal requests.

1.3     "<u>Confidential Information</u>": All Discovery Material that contains information that: (i) a Designating Party reasonably and in good faith believes (a) has not been publicly disclosed and constitutes and/or contains proprietary business information, competitively sensitive information, and/or other non-public commercial, financial, research or technical information (including the identities of a Party's customers, suppliers, joint venture partners, affiliates, or other parties to whom a party may, in good faith, owe a duty of confidentiality) or (b) is subject by law or by contract to a legally protected right of privacy, or (ii) a Producing Party (a) is under a preexisting obligation to a third party to treat such Discovery Material as confidential or (b) has been reasonably requested by another Party or non-Party to so designate such Discovery Material on the grounds that such other Party or non-Party considers such Discovery Material to contain information that is confidential or proprietary to such Party or non-Party. Any copies or

reproductions, excerpts, summaries, or other documents or media that paraphrase, excerpt, or contain Confidential Information shall be treated as Confidential Information.  For the avoidance of doubt, Discovery Material previously identified as "Confidential Material" by the Debtor or any other Party are deemed designated as Confidential Material under this Order; provided, however, that the Confidential Material designation is subject to all available challenges to that designation available pursuant to the terms of this Order.

      1.4    "<u>Receiving Party</u>": A Party or non-party that receives Discovery Material from a Producing Party.

      1.5    "<u>Producing Party</u>": A Party or non-party that produces Discovery Material in connection with the Main Case.

      1.6    "<u>Designating Party</u>": A Party or non-party that designates information or items that it produces in disclosures or in response to discovery as Confidential Information or Highly Confidential – Professionals' Eyes Only Information.

      1.7    "<u>Highly Confidential – Professionals' Eyes Only Information</u>": All Discovery Material that contains Confidential Information that a Designating Party reasonably and in good faith believes constitutes and/or contains non-public, highly sensitive and/or strictly proprietary information of a Party (including but not limited to trade secrets, pricing, current or future financial data or reports, current or future business and/or pricing plans or strategies, current or future plans for products or services, third-party agreements and their terms, employment agreements and their terms, customer lists, trading or investment strategies, or other financial information), that would be likely to cause harm to a Party's competitive position if disclosed to persons other than those identified in paragraph 4.3 of this Protective Order.  For the avoidance of doubt, Discovery Material previously identified as "Highly Confidential – Professionals' Eyes Only Information"

by the Debtor or any other Party are deemed designated as Highly Confidential – Professionals'
Eyes Only Information under this Order; provided, however, that the Highly Confidential –
Professionals' Eyes Only Information designation is subject to all available challenges to that
designation available pursuant to the terms of this Order.

1.8    "In-House Counsel":  Attorneys who are employees of a Party or its affiliates, or
of any investment manager, investment advisor, collateral manager, or other manager or advisor
of such Party.

1.9    "Outside Counsel": Attorneys who are not employees of a Party but who are
retained to represent or advise a Party in the Main Case.

1.10    "Expert": A person with specialized knowledge or experience in a matter pertinent
to the Main Case who has been retained by a Party or its counsel to serve as an expert witness or
as a consultant in the Main Case.  This definition includes any technical experts, discovery experts,
and professional jury or trial consultants retained in connection with the Main Case.

1.11    "Main Case": The above captioned chapter 11 cases that are being jointly
administered under *In re Prime Core Technologies Inc.*, Case No. 23-11161 (Bankr. D. Del.)
(JKS).

1.12    "Professional Vendors": Persons or entities that provide litigation support services
(e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing,
storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

2.    **SCOPE**

All Discovery Material produced or adduced in connection with the Main Case or any
adversary proceeding shall be subject to this Protective Order. All Confidential Information and
Highly Confidential – Professionals' Eyes Only Information shall be used solely for the purpose

of prosecuting, defending, or otherwise seeking adjudication of the Main Case or an adversary proceeding, including, but not limited to, and as applicable, investigations of potential estate claims, motions, contested matters, plan confirmation, discovery, mediation, trial preparation, trial, and appeal. The protections conferred by this Protective Order extend to any information copied or extracted from Discovery Material, including metadata, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or professionals to or in court or in other settings that might reveal Confidential Information or Highly Confidential – Attorneys' Eyes Only Information.

3. **DESIGNATING CONFIDENTIAL INFORMATION AND HIGHLY CONFIDENTIAL – PROFESSIONALS' EYES ONLY INFORMATION**

3.1     Manner and Timing of Designation. Except as otherwise provided in this Protective Order or as otherwise stipulated or ordered, material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

3.2     Designation of Confidential Information and Highly Confidential – Professionals' Eyes Only Information. Any Discovery Material produced, served, or otherwise disclosed to a Receiving Party by a Producing Party during the Main Case or an adversary proceeding and designated as Confidential Information or Highly Confidential – Professionals' Eyes Only Information shall be treated in a manner that is consistent with the definitions and procedures set forth in this Protective Order.

(A)     *Documents*. Documents containing Confidential Information or Highly Confidential – Professionals' Eyes Only Information, and any copies thereof, shall be designated as such by including a legend of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – PROFESSIONALS' EYES ONLY" at the bottom of each page that contains such information, and for multi-page documents, on the first page of such documents. Said legend shall be made so

as not to obscure any of the Confidential Information's or Highly Confidential – Professionals' Eyes Only Information's content. A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed Highly Confidential – Professionals' Eyes Only Information. After the inspecting Party has identified the documents it would like copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – PROFESSIONALS' EYES ONLY" legend at the bottom of each page that contains Confidential Information.

(B)    *ESI*. With respect to any Confidential Information or Highly Confidential – Professionals' Eyes Only Information that is produced as electronically stored information ("ESI") and is not susceptible to the imprinting of a stamp signifying its confidential nature, the Designating Party may label the production media "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – PROFESSIONALS' EYES ONLY" and/or alter the file name of the native ESI to include the designation and shall inform all recipients in writing of the designation at the time that Confidential Information or Highly Confidential – Professionals' Eyes Only Information is produced. Otherwise, the ESI shall be marked with the legend as provided in Section 3.2(A) of this Protective Order.

(C)    *Tangible Objects*. Tangible objects may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – PROFESSIONALS' EYES ONLY" by affixing to the object or its container an appropriate label or tag bearing the designation.

(D)    *Depositions*. Portions of a deposition may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – PROFESSIONALS' EYES ONLY" by counsel by stating so orally on the record during or at the conclusion of the deposition and requesting that the relevant portion(s) or entire transcript of testimony is so designated. Any Party may also designate the transcript of a deposition or portion thereof as Confidential Information or Highly Confidential – Professionals' Eyes Only Information. Each deposition shall be treated as Highly Confidential – Professionals' Eyes Only Information until seven (7) business days after a final transcript is made available by the court reporter to the person defending the deposition. During that seven-day period, any Party or the person defending the deposition should advise the court reporter and the Parties of what additional portions of the deposition, if any, denominated by page and line, are to be considered Confidential Information or Highly Confidential – Professionals' Eyes Only Information. Any portion of a deposition so designated shall not be filed with the Court, except in accordance with Section 3.2(E) of this Protective Order.

(E)    *Documents Generated During Suit*. The Court's approval and entry of an Order approving this Protective Order shall constitute authority for the Parties to file all pleadings, memoranda supporting motions, briefs, deposition transcripts, discovery requests and responses, exhibits, and other documents that quote Confidential Information or Highly Confidential – Professionals' Eyes Only Information and Confidential Information and Highly Confidential – Professionals' Eyes Only Information under seal without the necessity of filing a separate motion under Local Rule 9037-1. Parties filing information that is designated as Confidential Material or Highly Confidential – Professional Eyes' Only under seal pursuant to this Protective Order shall reference this Protective Order in the pleading accompanying such documents. Where possible, however, only those portions of the filings with the Court that disclose information designated as

Confidential Material or Highly Confidential Professional Eyes' Only shall be filed under seal. Parties filing documents under seal shall to the extent feasible also file redacted documents simultaneously.  This Paragraph is without prejudice to the right of any Party to move upon notice to the applicable Party to unseal any papers filed under seal.  Except as otherwise ordered by the Court or agreed to by the Producing Party, all information filed with the Court that designated as Confidential Material or Highly Confidential – Professional Eyes' Only, and all portions of pleadings, motions, or other papers filed with the Court that disclose information designated as Confidential Material or Highly Confidential – Professional Eyes' Only, shall be filed under seal in accordance with the Federal Rules, the Bankruptcy Rules, and the Local Rules.

3.3    <u>Restrictions on Use of Confidential Information and Highly Confidential Professionals' Eyes Only Information</u>. Except as agreed to in writing by the Designating Party or its counsel or as otherwise provided herein, Confidential Information and Highly Confidential – Professionals' Eyes Only Information:

(A)    shall be maintained in confidence;

(B)    may be disclosed only to persons entitled to access thereto under the terms of this Protective Order; and

(C)    shall be used by such persons to whom it is disclosed only for the purposes of prosecuting or defending the Main Case or an adversary proceeding, including appeals, and for no other purpose. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the Designating Party consents in writing to such disclosure of its designated material.

3.4    <u>Inadvertent Failure to Designate</u>. If material is produced in connection with the Main Case or an adversary proceeding without a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – PROFESSIONALS' EYES ONLY" designation, it does not, standing alone,

waive, in whole or in part, the Designating Party's right to secure protection under this Protective Order for such material. Upon discovery of the inadvertent failure to designate, a Designating Party may advise the Receiving Party of the fact that the information should have been designated and may retroactively designate the material by notice in writing by Bates number or such other means that will allow for the identification of such documents. The inadvertent failure of a Party or non-party to designate specific documents or materials as containing Confidential Information or Highly Confidential – Professionals' Eyes Only Information shall not be deemed a waiver, in whole or in part, of a claim of confidentiality as to such documents or materials. Upon notice to each Party of such failure to designate, each Party shall cooperate to restore the confidentiality of the inadvertently disclosed information. Should the Parties disagree as to the appropriate designation of material that was inadvertently not designated, the Designating Party's proposed designation shall be maintained until the Parties reach an agreement of the appropriate designation, or until the Court assigns a designation. Each Party or non-party that designates material for protection under this Protective Order agrees to act in good faith in applying the standards set forth herein.

3.5     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Any Party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or oral or written communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order. If it comes to a Designating Party's attention that information or items that it designated for

protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

4.    **AUTHORIZED USERS OF CONFIDENTIAL INFORMATION OR HIGHLY CONFIDENTIAL – PROFESSIONALS' EYES ONLY INFORMATION**

4.1    <u>Basic Principles</u>. A Receiving Party may only use Confidential Information or Highly Confidential – Professionals' Eyes Only Information that is disclosed or produced by another Party or by a non-party in connection with: (i) the Main Case only for prosecuting, defending, appealing, attempting to settle, or otherwise seeking the adjudication of any dispute or contested matter in the Main Case; (ii) an adversary proceeding only for prosecuting, defending, appealing, attempting to settle, or otherwise seeking the adjudication of the adversary proceeding; and (iii) the investigation of potential estate claims being conducted in connection with the Main Case by the Creditors' Committee; *provided however*, and for the avoidance of doubt, Confidential Information or Highly Confidential – Professionals' Eyes Only Information obtained under Federal Rule of Bankruptcy Procedure 2004 may be used in an adversary proceeding in a manner consistent with the Federal Rules of Bankruptcy Procedure, the applicable Federal Rules of Civil Procedure, and this Protective Order. Such Confidential Information or Highly Confidential – Professionals' Eyes Only Information may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the Main Case or an adversary proceeding has been terminated, a Receiving Party must comply with the provisions of Section 6. Confidential Information and Highly Confidential – Professionals' Eyes Only Information must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

4.2   <u>Disclosure of Confidential Information</u>. No person subject to this Protective Order other than the Designating Party shall disclose any material designated as "CONFIDENTIAL" to any person, other than to:

(A)   In-House Counsel for any Party engaged in the Main Case or an adversary proceeding in which Confidential Information is disclosed or produced, after such In-House Counsel has signed a statement in the form annexed hereto as Exhibit A.

(B)   Outside Counsel for any Party engaged in the Main Case or an adversary proceeding, and the employees and personnel who work with such attorneys to whom it is necessary that the material be shown for purposes of the Main Case or adversary proceeding.

(C)   The directors, officers, or employees of the Receiving Party or the Receiving Party's subsidiaries or affiliates engaged in assisting the Receiving Party's counsel during the Main Case or an adversary proceeding after such director, officer, or employee has signed a statement in the form annexed hereto as Exhibit A.

(D)   The members of the Creditors' Committee and their counsel, but with respect to each member's counsel, only after each member's counsel has signed a statement in the form annexed hereto as Exhibit A.

(E)   The U.S. Trustee.

(F)   Financial advisors, accounting advisors, investment bankers and consultants (and their respective staff) that are retained by a Party in connection with the Main Case or an adversary proceeding.

(G)   Experts, including their staff, consulted by any Party to assist with the prosecution or defense of the Main Case or an adversary proceeding after such Expert has signed a statement in the form annexed hereto as Exhibit A.

(H)    A Party's Professional Vendors and outside service providers and consultants, which includes any e-discovery consultants and trial consultants, provided such persons have signed a statement in the form annexed hereto as Exhibit A. For purposes of this subsection, it is sufficient that a single "project manager" or "team leader" sign the form annexed hereto as Exhibit A on behalf of the entity providing document and ESI processing, hosting, review, or production or trial consultants (and the like) services.

(I)    An author, signatory, or prior recipient of the document or the original source of the information.

(J)    Deponents and trial witnesses, after such deponent has signed a statement in the form annexed hereto as Exhibit A (except that deponents or trial witnesses that are representatives of or affiliated with a Designating Party shall not be required to sign the form annexed as Exhibit A in order to be shown material produced by such Designating Party).

(K)    The Court, officers of the Court, Court personnel (including court reporters, persons operating video recording equipment at depositions, and any special master or referee appointed by the Court), and the trier of fact.

(L)    Other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered, including the completion of the form annexed hereto as Exhibit A.

4.3    <u>Disclosure of Highly Confidential – Professionals' Eyes Only Information</u>. No person subject to this Protective Order other than the Designating Party shall disclose any material

designated as "HIGHLY CONFIDENTIAL – PROFESSIONALS' EYES ONLY" to any person, other than to:

(A)      In-House Counsel for any Party engaged in the Main Case or an adversary proceeding who is participating in the Main Case or an adversary proceeding in which the Highly Confidential – Professionals' Eyes Only Information is disclosed or produced, after such In-House Counsel has signed a statement in the form annexed hereto as Exhibit A.  The Receiving Pary shall notify the Designating Party of the names of the selected In-House Counsel, within ten (10) business days, that were granted access to such Highly Confidential – Professional Eyes' Only Information.

(B)      Outside Counsel for any Party engaged in the Main Case or an adversary proceeding and the employees and personnel who work with such attorneys to whom it is necessary that the material be shown for purposes of the Main Case and adversary proceeding, in which the Highly Confidential – Professionals' Eyes Only Information is disclosed or produced.

(C)      The U.S. Trustee.

(D)      Financial advisors, accounting advisors, investment bankers and consultants (and their respective staff) that are retained by a Party in connection with the Main Case or an adversary proceeding, after such advisor, banker, or consultant has signed a statement in the form annexed hereto as Exhibit A.

(E)      Experts, including their staff, consulted by any Party to assist with the prosecution or defense of the Main Case or an adversary proceeding after such Expert has signed a statement in the form annexed hereto as Exhibit A.

(F)      A Party's Professional Vendors and outside service providers and consultants, which includes any e-discovery consultants and trial consultants, provided such

persons have signed a statement in the form annexed hereto as Exhibit A. For purposes of this subsection, it is sufficient that a single "project manager" or "team leader" sign the form annexed hereto as Exhibit A on behalf of the entity providing document and ESI processing, hosting, review, or production or trial consultants (and the like) services.

(G)     A person shown on the face of the document to have authored or received it or in the accompanying metadata to have authored or received it.

(H)     The Court, officers of the Court, Court personnel (including court reporters, persons operating video recording equipment at depositions, and any special master or referee appointed by the Court), and the trier of fact.

(I)     Other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered, including the completion of the form annexed hereto as Exhibit A.

5.     **Challenging Designation**

5.1     Dispute Resolution. By agreeing to this Protective Order, the Parties do not concede that any Discovery Material designated as Confidential Information or Highly Confidential – Professionals' Eyes Only Information in fact contains or reflects information that may be protected under the applicable rules or law or that such material has been properly designated as Confidential Information or Highly Confidential – Professionals' Eyes Only Information.  If any Party reasonably and in good faith believes that any material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – PROFESSIONALS' EYES ONLY" should not be considered Confidential Information or Highly Confidential – Professionals' Eyes Only Information or has otherwise been misclassified under this Protective Order, is not properly subject to the confidentiality designation assigned to it, or should not be subject to this Protective Order, that

Party, at any time, shall so inform the Designating Party in writing, stating the grounds of the objection and identifying with specificity (i.e., by document control numbers, deposition transcript page and line reference, or other means sufficient to locate such materials) each document bearing a disputed designation. Counsel shall meet and confer in good faith in an effort to resolve any dispute concerning such designation.  In the absence of an agreement between the parties, or if the Designating Party does not respond within 2 calendar days of the written request regarding the designation dispute, the Party disputing the designation may move the Court for a determination as to whether the designation is appropriate. The burden of establishing confidentiality and the designated level of confidentiality shall be on the Designating Party. The protection of the Confidential Information or Highly Confidential – Professionals' Eyes Only Information afforded by the Protective Order shall continue as originally designated unless and until the Court issues an order on the motion.

6.2    <u>No Waiver</u>. Nothing in this Protective Order shall be deemed a waiver of:

(A)    any Party's or non-party's right to object to any discovery requests on any ground;

(B)    any Party's right to seek an order compelling discovery with respect to any discovery request;

(C)    any Party's right to object to the admission of any evidence at any stage in the Main Case or adversary proceeding;

(D)    any Party's or non-party's right to use and review its own documents and its own Confidential Information; or

(E)     any Party's or non-party's substantive claims or right to argue that any part of an adversary proceeding or any other case or proceeding is not subject to the jurisdiction of the Bankruptcy Court or is not properly adjudicated by the Bankruptcy Court.

6.    **DURATION**

6.1    Any Confidential Information, Highly Confidential – Professionals' Eyes Only Information, or any information contained in or derived from Confidential Information or Highly Confidential – Professionals' Eyes Only Information shall be subject to the provisions of this Protective Order until the Parties agree otherwise or upon order of this Court.

6.2    This Protective Order shall continue in effect with respect to any Confidential Information or Highly Confidential – Professionals' Eyes Only Information until expressly released by the Designating Party. Within sixty (60) days of the final determination of the Main Case or any additional adversary proceeding, including any appeal, in which Confidential Information and Highly Confidential – Professionals' Eyes Only Information was disclosed or produced, all Confidential Information and Highly Confidential – Professionals' Eyes Only Information produced by another Party in connection with the finally determined proceeding shall be either (a) returned to the Producing Party; or (b) destroyed or deleted, with a written certification of such destruction or deletion provided to the Producing Party. For purposes of this Protective Order, the final determination of the Main Case shall occur: (i) when the order confirming the Debtors' plan or plans of reorganization becomes a final order after (a) the completion and exhaustion of all appeals, rehearings, remands, trials and reviews, if any, of the Court's order confirming the Debtors' plan or plans of reorganization, or (b) the expiration of all time limits for the filing of or application for all appeals, rehearings, remands, trials, or reviews of the Court's order confirming the Debtors' plan or plans of reorganization, including the time limits for the

filing of any motions or applications for extension of time pursuant to applicable law; or (ii) when the order dismissing the Main Case or converting the Main Case to a case under chapter 7 of the Bankruptcy Code becomes a final order after (a) the completion and exhaustion of all appeals, rehearings, remands, trials and reviews, if any, of the Court's order dismissing or converting the Main Case, or (b) the expiration of all time limits for the filing of or application for all appeals, rehearings, remands, trials, or reviews of the Court's order dismissing or converting the Main Case, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law.

6.3    Section 6.2 shall not apply to documents that were not produced by a Party but were created in the course of the Main Case or any additional adversary proceeding and contain excerpts or references to Confidential Information or Highly Confidential – Professionals' Eyes Only Information, including legal briefs, letters, deposition transcripts, or pleadings prepared by counsel or Expert reports (*i.e.*, attorney files). Counsel for the Parties may keep copies of all such files, so long as these materials are kept confidential. To the extent that any Discovery Materials designated Confidential Information or Highly Confidential – Professionals' Eyes Only Information exist in whole or in part on computer backup tapes or otherwise not readily accessible media used for disaster recovery purposes, information from such media does not need to be restored for purposes of destroying or returning the Discovery Materials to the Producing Party, but such retained information shall continue to be treated in accordance with this Protective Order.

7.    **CONFIDENTIAL INFORMATION OR HIGHLY CONFIDENTIAL – PROFESSIONALS' EYES ONLY INFORMATION IN OTHER LITIGATION**

If a Receiving Party is requested or required (through discovery, subpoena, or other similar legal or investigative process) to disclose any information or items designated in accordance with this Protective Order as Confidential Information or Highly Confidential – Professionals' Eyes

Only Information, to the extent permitted by law, the Receiving Party must so notify the Designating Party in writing immediately and in no event more than five (5) business days after receiving the request or requirement. Such notification must include a copy of the subpoena, request, or requirement. The Receiving Party must also immediately inform in writing the party who caused the subpoena, request, or requirement to issue that some or all of the material covered by the request or requirement is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the request or requirement to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party an opportunity to try to protect its confidentiality interests by seeking a protective order or other remedy, or to waive compliance with the provisions of this Protective Order. In the event that the Designating Party or another Party determines to seek a protective order or other remedy, the Receiving Party shall reasonably cooperate with the Party seeking the Protective Order or other remedy, as reasonably requested by such Party seeking the protective order. The Party seeking the protective order shall bear the burdens and the expense of seeking protection of its Confidential Information or Highly Confidential – Professionals' Eyes Only Information – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from another court.  If, in the absence of a protective order or other remedy or the receipt of a waiver by the Designating Party, a Receiving Party is nonetheless, in the opinion of its counsel, legally compelled to disclose such Confidential Information or Highly Confidential – Professionals' Eyes Only Information or else stand liable for contempt or suffer other censure or significant penalty, the Receiving Party may, without liability under this Protective Order, disclose only that portion

of the Confidential Information or Highly Confidential – Professionals' Eyes Only Information which its counsel advises it is legally required to disclose, provided that the Receiving Party shall provide as much prior written notice to the Designating Party as is practical under the circumstances.

To the extent that information or items designated in accordance with this Protective Order as Confidential Information or Highly Confidential – Professionals' Eyes Only Information are sought from the U.S. Trustee pursuant to any request under the Freedom of Information Act, the Privacy Act, or other applicable law requiring disclosure, or informal requests from other government agencies, prior to the disclosure of Confidential Information or Highly Confidential – Professionals' Eyes Only Information, the U.S. Trustee shall provide the Designating Party with prompt written notice to give the Designating Party an opportunity to object to the disclosure of any specific portion of the Confidential Information or Highly Confidential – Professionals' Eyes Only Information. If the Designating Party does not object within seven days of the date of the U.S. Trustee's written notice, then the U.S. Trustee may disclose the Designated Material. If the Designating Party objects, then the U.S. Trustee will not disclose the Confidential Information or Highly Confidential – Professionals' Eyes Only Information until either (a) a consensual resolution is reached or (b) the Designating Party obtains relief from the Court.

8.    **UNAUTHORIZED  DISCLOSURE  OF  PROTECTED  OR  PRIVILEGED MATERIAL**

If a Receiving Party learns, by inadvertence or otherwise, that it has disclosed Confidential Information or Highly Confidential – Professionals' Eyes Only Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must promptly notify in writing the Designating Party of the unauthorized disclosure. Within ten (10) business days of that notification, the Designating Party may request that the Receiving Party (a) use its

best efforts to retrieve all copies of the Confidential Information, (b) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (c) request such person or persons execute the form annexed hereto as Exhibit A.

If a Producing Party believes that any Discovery Material subject to any privilege, protection, or other immunity ("Privileged Material") has been inadvertently produced, the Producing Party shall promptly notify all parties in writing and state the basis for the claim of privilege, work product protection, or other immunity from production. After receiving notice of the inadvertent production, the Receiving Party must promptly return or destroy the inadvertently produced Privileged Material and any copies it has (provided, however, that if the Receiving Party intends to challenge the claim of privilege or work product protection, it may retain and use one sequestered copy of the information solely for this purpose. The Parties agree to meet and confer regarding any such challenge, and, if at the conclusion of that process, the parties are still not in agreement, they may bring the issue to the Court for resolution. Any sequestered copy must be returned or destroyed in the event the Court upholds the claim of privilege). The Receiving Party may provide the inadvertently-disclosed document to the Court in a sealed filing for the sole purpose of challenging any assertion of privilege, protection, or other immunity, but may not assert as a ground for such motion the fact or circumstances of the inadvertent disclosure (except to show that such circumstances establish that the disclosure was intentional and not inadvertent). If the Receiving Party either returns the material or is ordered to do so, it shall take reasonable steps to retrieve the material from any other person to whom the material was disclosed.

The provisions of this Section apply to all information or materials produced in connection with the Main Case or an adversary proceeding, whether designated Confidential Information, Highly Confidential – Professionals' Eyes Only Information, or not. Further, pursuant to Rule

502(d) of the Federal Rules of Evidence, it is hereby ordered that the inadvertent disclosure of privileged information in connection with the Main Case or an adversary proceeding shall not constitute a waiver in this or any other federal or state proceeding if the producing party or non-party timely invokes the clawback procedures set forth in this Section.

9. **USE OF CONFIDENTIAL INFORMATION OR HIGHLY CONFIDENTIAL – PROFESSIONALS' EYES ONLY INFORMATION AT TRIAL**

The use of any Confidential Information or Highly Confidential – Professionals' Eyes Only Information for the purpose of any hearing or trial that is open to the public is not addressed at this time, but will be the subject of future agreement or order as the need may arise and Highly Confidential – Professionals' Eyes Only Information will not be used at any hearing or trial that is open to the public absent further agreement or as determined by the Court.  Any Party may seek a further order of the Court at any time regarding the use of Confidential Information or Highly Confidential – Professionals' Eyes Only Information in Court, and this Protective Order is without prejudice as to any such further order.

10. **APPLICATION OF THE PROTECTIVE ORDER TO THIRD-PARTY SUBPOENAS**

10.1    A Party that issues a non-party subpoena (the "Issuing Party") after the date that this Protective Order is filed on the docket shall include a copy of this Protective Order with the subpoena and state that the subpoenaed party (the "Subpoenaed Party") may produce documents in accordance with the terms of this Protective Order. Nothing in this Protective Order is intended to or may be interpreted to narrow, expand, or otherwise affect the rights of the Parties or third parties to object to a subpoena.

10.2    Upon receiving notice and a copy of any subpoena to be served from the Issuing Party, as required by Federal Rules of Civil Procedure 45(a)(4), the Subpoenaed Party may, within five (5) business days of such notice, inform the Issuing Party that the documents produced in

response to that subpoena may reasonably be expected to contain Confidential Information or Highly Confidential – Professionals' Eyes Only Information under this Protective Order, which shall include a general description of the documents expected to contain information that contains Confidential Information or Highly Confidential – Professionals' Eyes Only Information. In that event or in the event that the Issuing Party informs the Parties that documents received from a Subpoenaed Party may reasonably be expected to contain Confidential Information or Highly Confidential – Professionals' Eyes Only Information at the time it provides the other Parties with copies under Section 10.3, all Parties being so informed shall treat all documents produced in response to the subpoena as containing Highly Confidential – Professionals' Eyes Only Information from the time they receive such documents and until 30 calendar days after the Issuing Party provides copies under Section 10.3. The Subpoenaed Party and the Issuing Party shall have a period of twenty-one (21) calendar days from the time the Issuing Party produces such documents under Section 10.3 during which to designate any part of the third-party production as containing Confidential Information or Highly Confidential – Professionals' Eyes Only Information under this Protective Order. For purposes of this paragraph, if the twenty-first calendar day falls on a weekend or holiday, the applicable deadline shall be the next business day. Any such designation may be challenged as provided in Section 5. Upon request, any Party making designations under this Section 10.2 will provide the other Parties with stamped copies of the documents so designated, consistent with Section 3.2(A). Nothing in this section is intended to or does alter or waive the Parties' rights in Section 8. Notwithstanding the foregoing, if the Issuing Party or any other Party wishes to use a document produced by a Subpoenaed Party in a deposition during the period of twenty-one (21) calendar days described above, the Party that wishes to use the document and the Subpoenaed Party shall confer in good faith about whether the document should be treated

as containing Highly Confidential – Professionals' Eyes Only Information for the purposes of the deposition, and if so, upon what conditions it may be used; and if the party that wishes to use the document in the deposition and the Subpoenaed Party cannot agree upon the appropriate treatment of the document, the party that wishes to use the document may move the Court for a determination as to what designation is appropriate and whether the document can be used in the deposition.

10.3    Whether or not a Subpoenaed Party informs the Issuing Party as provided in Section 10.2 above, any Issuing Party in the Main Case or an adversary proceeding will promptly provide, within five (5) business days, the other Parties to the respective Main Case, additional adversary proceeding, or contested matter, if applicable with a copy of all materials produced by the Subpoenaed Party in response to the subpoena (including a copy of the Subpoenaed Party's written responses or objections, if any). If the Issuing Party is unable to provide the other Parties with a copy of all materials produced by the third party within five (5) business days, the Issuing Party shall immediately notify the other Parties in writing.

11.    **<u>MISCELLANEOUS</u>**

11.1    <u>Right of Further Relief</u>. Nothing herein shall limit in any way the ability of any Party to file a motion with the Court after meeting and conferring to challenge the opposing Party's efforts to limit the use of discovery or to oppose a Party's designation of Confidential Information or Highly Confidential – Professionals' Eyes Only Information under this Protective Order.

11.2    <u>Right to Seek Modification</u>. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court.

11.3    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party

waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.4    <u>No Probative Value</u>. This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any Party or person with respect to any Confidential Information or Highly Confidential – Professionals' Eyes Only Information. The fact that information is marked with a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – PROFESSIONALS' EYES ONLY" designation under the Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. The fact that any information with a confidentiality designation is disclosed, used, or produced in any Court proceeding governed by the Protective Order shall not be offered in any action or proceeding before any court, agency, or tribunal as evidence of or concerning whether or not such information is admissible or confidential.

11.5    <u>Use of Party's Own Materials</u>. Nothing in this Protective Order shall restrict a Party's ability to use and disclose its own Confidential Information or Highly Confidential – Professional Eyes' Only Information as it chooses. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other Parties or non-parties to disclose such material in violation of this Protective Order.

11.6    <u>Prior Orders</u>. This Protective Order shall not affect any prior order of the Court.

11.7    <u>Public Documents</u>. None of the restrictions set forth in this Protective Order shall apply to any document or other information that is in the public domain or became public knowledge by means not in violation of the provisions of this Protective Order. Nothing in this Protective Order shall prevent a Party from using any information that the Party properly possessed prior to receipt of any Confidential Information, Highly Confidential – Professionals' Eyes Only

Information, or items from the other Parties that are or were discovered independently by the Receiving Party.

11.8    <u>Other Obligations</u>. Nothing in this Protective Order shall affect the obligation of any Party to comply with any other confidentiality agreement with, or undertaking to, any other person or Party, including, but not limited to, any confidentiality obligations arising from other pre-existing or subsequent agreements, including other confidentiality or non-disclosure agreements with the Debtors.

11.9    <u>Reservation of Rights</u>. Nothing in this Protective Order shall restrict a Party's ability or rights, all of which are expressly reserved, to present any claims or defenses in the Adversary Proceeding, any Additional Adversary Proceeding, or the Main Case including but not limited to motions to transfer or motions to dismiss on grounds of improper venue.

<u>CONSENTED TO BY</u>:

Dated:  October 12, 2023

**MCDERMOTT WILL & EMERY LLP**

*/s/ Maris J. Kandestin*
Maris J. Kandestin (No. 5294)
1000 N. West Street, Suite 1400
Wilmington, Delaware 19801
Telephone: (302) 485-3900
Facsimile: (302) 351-8711
Email: mkandestin@mwe.com

-and-

Darren Azman (admitted *pro hac vice*)
Joseph B. Evans (admitted *pro hac vice*)
J. Greer Griffith (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017
Telephone: (212) 547-5400
Facsimile: (646) 547-5444
Email: dazman@mwe.com

jbevans@mwe.com
ggriffith@mwe.com

-and-

Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, Florida 33131
Telephone: (305) 358-3500
Facsimile: (305) 347-6500
Email: gsteinman@mwe.com

*Counsel to the Debtors and Debtors in Possession*


**WOMBLE BOND DICKINSON (US) LLP**

 */s/ Donald J. Detweiler*
Donald J. Detweiler (No. 3087)
Elazar A. Kosman (No. 7077)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
Email: don.detweiler@wbd-us.com
Email: elazar.kosman@wbd-us.com

-and-

**BROWN RUDNICK LLP**
Robert J. Stark, Esq. (admitted *pro hac vice*)
Kenneth J. Aulet, Esq. (admitted *pro hac vice*)
Bennett S. Silverberg, Esq. (admitted *pro hac vice*)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Fax: (212) 209-4801
Email: rstark@brownrudnick.com
Email: kaulet@brownrudnick.com
Email: bsilverberg@brownrudnick.com

-and-

Sharon I. Dwoskin, Esq.
Tristan G. Axelrod, Esq. (admitted *pro hac vice*)
One Financial Center

Boston, Massachusetts 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201
Email: sdwoskin@brownrudnick.com
Email: taxelrod@brownrudnick.com

*Proposed Counsel to the Official Committee of*
*Unsecured Creditors of Prime Core Technologies*
*Inc., et al.*

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*, | Case No. 23-11161 (JKS) |
| Debtors.[1] | (Jointly Administered) |

**ACKNOWLEDGMENT**

I hereby acknowledge that I have carefully read and understand the provisions of the Stipulated Protective Order (the "Protective Order") dated _____ in the above-captioned action. I agree to be bound by the Protective Order and understand that execution of this Acknowledgment is a prerequisite to my review of any Confidential Information or Highly Confidential – Professionals' Eyes Only Information to which I am not otherwise authorized to review under the terms of the Protective Order. I agree to submit to the jurisdiction of the Court solely for purposes of enforcing this Protective Order and affirm that, in the event I fail to abide by the terms of this Protective Order, I may be subject to sanctions imposed by the Court.

Dated: _____    Name: _____

Signature: _____

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Drive, #03-153, Las Vegas, NV 89135.

1