# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Prime Core Technologies Inc., *et al.*,[1]<br><br>         Debtors. | Chapter 11<br><br>Case No. 23-11161 (JKS)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos.: 20, 42, 170, 188, 255 & 305** |

## FOURTH INTERIM ORDER (I) EXTENDING THE TIME FOR THE DEBTORS TO COMPLY WITH REQUIREMENTS SET FORTH IN 11 U.S.C. § 345(b); AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the Debtors for entry of an interim and final order (the "Order") (a) authorizing, but not directing, the Debtors, in their sole discretion, to (i) continue to operate their existing Cash Management System; and (ii) maintain existing bank accounts and business forms and honor certain prepetition obligations related thereto, including payment of the Bank Claims; (b) authorizing, but not directing, the Debtors to (i) continue to engage in Intercompany Transactions through their existing Cash Management System consistent with historical practice and (ii) grant administrative expense status for postpetition Intercompany Claims; (c) extending the time for the Debtors to comply with the deposit and investment requirements set forth by Bankruptcy Code section 345(b), to the extent necessary; and (d) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration, the *Interim Order (I) Authorizing Debtors to (A) Continue to Operate*

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

*Their Cash Management System, and (B) Maintain Existing Bank Accounts and Business Forms and Honor Certain Prepetition Obligations Related Thereto; (II) Authorizing the Debtors to (A) Continue to Perform Intercompany Transactions and (B) Granting Administrative Expense Status for Postpetition Intercompany Claim; (III) Extending the Time for the Debtors to Comply With Requirements Set Forth in 11 U.S.C. § 345(b); and (IV) Granting Related Relief*, entered on August 25, 2023 [Docket No. 42], the *Final Order (I) Authorizing Debtors to (A) Continue to Operate Their Cash Management System, and (B) Maintain Existing Bank Accounts and Business Forms and Honor Certain Prepetition Obligations Related Thereto; (II) Authorizing the Debtors to (A) Continue to Perform Intercompany Transactions and (B) Granting Administrative Expense Status for Postpetition Intercompany Claims; (III) Extending the Time for the Debtors to Comply With Requirements Set Forth in 11 U.S.C. § 345(b); and (IV) Granting Related Relief*, entered on September 20, 2023 [Docket No. 170] (the "<u>Final Order</u>"), the *Second Interim Order (I) Extending the Time for the Debtors to Comply With Requirements Set Forth in 11 U.S.C. § 345(b); and (II) Granting Related Relief*, entered on September 22, 2023 [Docket No. 188] (the "<u>Second Interim Order</u>"), and the *Third Interim Order (I) Extending the Time for the Debtors to Comply With Requirements Set Forth in 11 U.S.C. § 345(b); and (II) Granting Related Relief*, entered on October 5, 2023 [Docket No. 255] (the "<u>Third Interim Order</u>"); and in consideration of the evidence proffered at the hearing; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the matter being core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with

Article III of the United States Constitution; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is **HEREBY ORDERED THAT**

1. The Motion is **GRANTED** on a further interim basis as set forth herein.

2. Notwithstanding anything to the contrary set forth in the Interim Order, Final Order, the Second Interim Order, or the Third Interim Order, Bankruptcy Code section 345(b), to the extent applicable and not otherwise met, is waived on a further interim basis with respect to the Cash Management System through and including the later of (a) November 14, 2023, and (b) the next omnibus hearing that takes place in these Chapter 11 Cases.

3. Nothing in this Order shall abrogate or otherwise modify the Interim Order, Final Order, the Second Interim Order, or the Third Interim Order, except as set forth herein.

4. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

5. The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: October 17th, 2023
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE