## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*, | Case No. 23-11161 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Obj. Deadline: Nov. 3, 2023 at 4:00 p.m. (ET)** <br> **H'rg. Date: Nov. 14, 2023 at 1:00 p.m. (ET)** |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING WITNESS TO (I) SIT FOR A RULE 2004 EXAMINATION, (II) PRODUCE DOCUMENTS, AND (III) PROVIDE SWORN INTERROGATORY RESPONSES IN RESPONSE TO RULE 2004 REQUESTS

Prime Core Technologies Inc. and certain of its affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors" or the "Company"), hereby move (this "Motion"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), directing Party 7[2] to: (i) sit for a Rule 2004 Examination (as defined below); (ii) produce

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Drive, #03-153, Las Vegas, NV 89135.

[2] The names of current and former employees of the Debtors are not set forth in this Motion pursuant to: *Amended Order (I) Authorizing Debtors to File a Consolidated Creditor Matrix and Top 50 Creditors List; (II) Authorizing Redaction of Certain Personally Identifiable Information; (III) Authorizing the Debtors to Serve Certain Parties by Electronic Mail; (IV) Approving Certain Notice Procedures; and (V) Granting Related Relief* [Docket No. 189]. The name of the individual identified anonymously in this Motion is contained in **Exhibit C** to the Motion, which is being filed separately under seal. Financial account numbers are redacted pursuant to Bankruptcy Rule 9037.

documents; and (iii) provide sworn interrogatory responses in response to Rule 2004 Requests (as defined below).  In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with the Motion in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      The statutory predicates for the relief sought herein are Bankruptcy Code section 105(a), Bankruptcy Rule 2004, and Local Rule 2004-1.

## BACKGROUND

### A.      The Chapter 11 Cases

1.      On August 14, 2023 (the "Petition Date"), the Debtors commenced the above-caption chapter 11 cases by filing petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").  These cases have been jointly administered for procedural purposes only.

2.      The Debtors continue to manage their properties as Debtors and Debtors in Possession pursuant to Bankruptcy Code sections 107(a) and 1108.

3.      On August 29, 2023, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to

Bankruptcy Code section 1102 (the "Committee") [Docket No. 51]. The Committee is comprised of the following unsecured creditors: (a) Yousef Abbasi; (b) Allsectech, Inc.; (c) DMG Blockchain Solutions, Inc.; (d) Net Cents Technology, Inc.; (e) Polaris Ventures; (f) Stably Corporation; and (g) Austin Ward. Neither a trustee nor examiner has been appointed.

4.      Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, the Wallet Event (as defined in the First Day Declaration), and the reasons for and objectives of these Chapter 11 Cases, is set forth in the *Declaration of Jor Law, Interim Chief Executive Officer and President of Prime Core Technologies Inc., et al., In Support of Chapter 11 Petitions and First Day Motions* [Docket No. 14] (the "First Day Declaration"), which is incorporated by reference as if fully set forth herein.[3]

**B.      The Rule 2004 Requests**

5.      On August 18, 2023, the Debtors sent Party 7, via email, the Debtors' Combined Requests For Production of Documents, Interrogatories, and Rule 2004 Examination pursuant to Bankruptcy Rule 2004, which were styled as a subpoena substantially in the form attached hereto as **Exhibit B** (the "Rule 2004 Requests"). The Debtors also sent Party 7 the Rule 2004 Requests via FedEx.

6.      The Rule 2004 Requests seek information that will assist the Debtors with discovering assets and provide information about the Debtors' business operations, capital structure, financial condition, the Wallet Event, and the reasons for and objectives of these Chapter 11 Cases, which are set forth in the First Day Declaration. These Rule 2004 Requests

---

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

seek information that properly relates to "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004.  The information requested by the Rule 2004 Requests is not available by any other means and will be essential to the recovery of significant assets of the Debtors' estates.

## RELIEF REQUESTED

7.    By this Motion, the Debtors request entry of the Proposed Order, pursuant to Bankruptcy Rule 2004, in the form attached hereto as **Exhibit A**, directing Party 7 to: (i) sit for a Rule 2004 Examination; (ii) produce documents; and (iii) provide sworn interrogatory responses in response to the Rule 2004 Requests.

## BASIS FOR RELIEF REQUESTED

8.    Under Bankruptcy Code section 105(a), the Court maintains broad equitable powers to fashion an order or decree in aid of the enhancement of the value of the Debtors' estates for the benefit of all stakeholders.  *See* 11 U.S.C. § 105(a).  "On motion of any party in interest, the court may order the examination of any entity…and the production of documents…may be compelled as provided in Rule 9016." Fed. R. Bankr. P. 2004.  The examination of an entity may permissibly relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b); *see also Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 278 (3d Cir. 2013) ("A Rule 2004 examination may be used to cover a wide range of subjects relating to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate.") (internal citations omitted).

9.      The scope of Bankruptcy Rule 2004 "has been explained as a broad investigation into the financial affairs of the debtor for the purpose of the discovery of assets of the estate and the discovery of fraudulent conduct." *In re Lev*, 2008 WL 207523, at *4 (Bankr. D.N.J. Jan. 23, 2008) (citations omitted).  Bankruptcy Rule 2004 examinations are "broad and unfettered, and ha[ve] been likened to a 'fishing expedition' and 'an inquisition.'" *In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 625–27 (Bankr. D. Del. 2016) (internal citations omitted); *see also In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 400 (Bankr. W.D. Pa. 2008) (inquiring into any matter that may affect administration of the estate "comfortably falls within the allowed limits under Rule 2004(b)").  A party seeking authority to use Bankruptcy Rule 2004 must establish good cause for the relief requested.  *See, e.g.*, *Official Comm. Of Unsecured Creditors v. Eagle-Picher Indus., Inc. (In re Eagle-Picher Indus., Inc.)*, 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994).

10.      The Rule 2004 Requests fit squarely within the purpose of Bankruptcy Rule 2004, as the Debtors seek to examine Party 7 for the purpose of "discovering assets, examining transactions, and determining whether wrongdoing has occurred." *In re Gawker Media LLC*, No. 16–11700, 2017 WL 2804870, at *5 (Bankr. D. Del. 2017).  Party 7 held leadership positions at the Company during the relevant period and is likely to have relevant information critical to the objectives of these Chapter 11 cases, including information relevant to the Debtors' efforts to access the 98f Wallet.  As the former Chief Information and Security Officer of the Company, upon information and belief, Party 7 likely has information in his possession regarding wallet creation, Contribution Addresses (as defined in the First Day Declaration), digital wallet security measures, 98f, and digital wallet management.  Accordingly, the Debtors have demonstrated good cause exists for issuing the Proposed Order.

11.     The Debtors reserve the right to seek a further order from the Court in the event that the Debtors subsequently determine that additional information is required.

## RESERVATION OF RIGHTS

12.     The Debtors reserve all rights, claims, defenses, and remedies, including, without limitation, the right to amend, modify, or supplement this Motion, to seek additional discovery from any party, add additional parties, or to raise additional grounds for granting this Motion during any hearing on the Motion, if one should be held.

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 2004-1

13.     Pursuant to Local Rule 2004-1(b), undersigned counsel certifies that, prior to filing this Motion, the Debtors attempted to obtain the discovery sought herein on a consensual basis.

14.     As set forth above, on August 18, 2023, the Debtors sent Party 7, via email, the Rule 2004 Requests.  The Debtors also sent Party 7 the Rule 2004 Requests via FedEx.

15.     On August 29, 2023, Party 7, via e-mail, confirmed receipt of the Rule 2004 Requests and indicated an initial willingness to comply.

16.     Party 7 has not subsequently complied with the Rule 2004 Requests nor responded to email communications from counsel for the Debtors.  Accordingly, counsel for the Debtors has been unable to meet-and-confer with Party 7 due to Party 7's failure to respond.

17.     Consequently, the Debtors and Party 7 could not reach an agreement on the Rule 2004 Requests or the relief sought in the Proposed Order.

## NOTICE

18.     The Debtors will provide notice of this Motion to the following parties: (i) the U.S. Trustee; (ii) counsel to the Committee; and (iii) Party 7, or counsel thereto.

**WHEREFORE**, for the reasons stated herein, the Debtors respectfully request that this Court enter the Proposed Order, pursuant to Bankruptcy Rule 2004, substantially in the form

attached hereto as **<u>Exhibit A</u>**, authorizing the issuance of a subpoena for testimony and the production of documents and sworn interrogatory responses from Party 7 and granting the Debtors such other and further relief as this Court may deem just and proper.

Dated: October 27, 2023
       Wilmington, Delaware

**MᴄDᴇRMOTT WILL & EMᴇRY LLP**

*/s/ Maris J. Kandestin*

Maris J. Kandestin (No. 5294)
1000 N. West Street, Suite 1400
Wilmington, Delaware 19801
Telephone: (302) 485-3900
Facsimile: (302) 351-8711
Email: mkandestin@mwe.com

-and-

Darren Azman (admitted *pro hac vice*)
Joseph B. Evans (admitted *pro hac vice*)
J. Greer Griffith (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017
Telephone: (212) 547-5400
Facsimile: (646) 547-5444
Email: dazman@mwe.com
jbevans@mwe.com
ggriffith@mwe.com

-and-

Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, Florida 33131
Telephone: (305) 358-3500
Facsimile: (305) 347-6500
Email: gsteinman@mwe.com

*Counsel to the Debtors*
*and Debtors in Possession*
