```
              IN THE UNITED STATES BANKRUPTCY COURT
                   FOR THE DISTRICT OF DELAWARE

IN RE:                           .    Chapter 11
                                 .
Prime Core Technologies Inc.     .    23-11161 (JKS)
et al.                           .
                                 .    (Jointly Administered)
     Debtor.                     .
                                 .    October 18, 2023
. . . . . . . . . . . . . . . .       2:00 p.m.


                    TRANSCRIPT OF HEARING BEFORE
                  THE HONORABLE J. KATE STICKLES
                  UNITED STATES BANKRUPTCY JUDGE
```

APPEARANCES:

Counsel to Debtors:        McDermott Will & Emery LLP
                           BY:  MARIS KANDESTIN, ESQ.
                           1000 N. West Street, Suite 1400
                           Wilmington, DE  19801
                           Telephone: (302) 485-3900
                           Email: mkandestin@mwe.com


For the U.S. Trustee:      Office of the United States Trustee
                           BY:  JOSEPH CUDIA, ESQ.
                           844 King Street, Suite 2207
                           Wilmington, DE  19801
                           Telephone: (302) 573-6497
                           Email: joseph.cudia@usdoj.gov




Audio Operator:            Sean Moran, ECRO


Transcription Company:     Reliable
                           1007 N. Orange Street
                           Wilmington, Delaware 19801
                           (302)654-8080
                           Email:  gmatthews@reliable-co.com

Proceedings recorded by electronic sound recording, transcript
              produced by transcription service.
_____

1           (Recorded proceedings commence at 2:00 p.m.)
2           THE CLERK:  All rise.
3           THE COURT:  Good afternoon.  Please be seated.  We're
4  on the record in Prime Core Technologies, Case No. 23-11161.
5  Good afternoon.
6           MS. KANDESTIN:  Good afternoon, Your Honor.  May it
7  please the Court, Maris Kandestin on behalf of, from McDermott
8  Will & Emery on behalf of the debtors.
9           Your Honor, today we're working off our amended
10 agenda which was filed, a sealed version at Docket No. 306 and
11 the unsealed at Docket No. 307.  Do you --
12          THE COURT:  I have a copy.
13          MS. KANDESTIN:  Turning to the agenda, we'd like to
14 thank Your Honor for entering orders on Items 1 through 5.
15 Item 6 on the agenda is the debtors' Rule 2004 motion.
16 Specifically, their omnibus motion for entry of an order
17 directing certain individuals to sit for a 2004 exam, produce
18 documents and provide (indiscernible) in response to our
19 requests.
20          And I'd like to thank Your Honor for entering that
21 order shortening time so that this could be heard at today's
22 hearing.
23          As the Court is aware, the debtor has been conducting
24 very thorough investigations into a number of cases
25 (indiscernible).  And as part of that process, we have been

reaching out to third parties to obtain this information.  And although several parties have agreed to voluntarily comply with our request, there are some who have not, and there are some who have conditioned their compliance on entry of an order, the 2004 order.

So (indiscernible) filed first omnibus 2004 motion seeking such an order.  And this pertains to three parties that we're seeking to have complied with our 2004 request, and these requests relate, more specifically relate to the (indiscernible) issues.

I'm not going to mention the names of these parties in the court.  We've gone to, we've taken great strides to redact the names pursuant to the nature of the order that Your Honor entered, and so I'm going to refer to them as Party 1, 2 and 3.  And we've met with each of these parties prior to filing the motion as set forth herein.

With respect to these parties, Party No. 1 has agreed to comply but has conditioned such compliance on entry of this order.

Party 2 has agreed to comply with the debtors' request.  It doesn't have an objection to entry of the order, but I'm not sure if counsel is present on the virtual courtroom, because I'm not, counsel has an issue with a provision in the order that I'm not quite sure I understand what the reasoning is.  So I would ask counsel to speak to

1 that.

2       And then the third party, Party No. 3, since the
3 filing of the motion, has agreed to comply with our requests,
4 so at this point everyone is willing to comply voluntarily
5 subject to entry of this order.

6       So I guess now I'll ask Party No. 2's counsel to --
7 if he's present.

8       THE COURT:  Let me ask, does anyone wish to be heard
9 with respect to the motion, the proposed form of order?

10       Ms. Grivner, good afternoon.

11       MS. GRIVNER:  Good afternoon, Your Honor.

12       I represent Party 1.  And I just wanted to note for
13 the record my client has no issue sitting for the deposition.
14 But because of various confidentiality agreements in employment
15 agreements that he had with the debtor, we felt that it was
16 necessary to have a court order in place beforehand.

17       THE COURT:  Okay.  Thank you.

18       Does anyone else wish to be heard with respect to the
19 motion or the proposed form of order?

20       Mr. Detweiler?

21       MR. DETWEILER:  Good afternoon, Your Honor, may it
22 Please the Court, Donald Detweiler, Womble Bond; Ben Silverberg
23 from Brown Rudnick, who is on by Zoom.  The committee
24 wholeheartedly supports the relief requested and respectfully
25 requests the Court grant (indiscernible).

1        THE COURT: Okay. I have reviewed the order. I
2   don't have any issue with the form of order, and certainly I
3   appreciate it's uncontested. But I did have a question about
4   paragraph 4, the fourth paragraph of the order.
5        And I understand that it's relatively routine to
6   allow additional discovery. I think this should be modified to
7   say in line 2, "including without limitation reasonable
8   requests based upon the information." And then also indicate
9   at the end "without prejudice to the deponent's rights."
10        MS. KANDESTIN: We're happy to make those changes,
11  Your Honor, and we'll -- would you like that under
12  certification?
13        THE COURT: Yes, please. I don't know how you want
14  to word it, but I just want to make sure the deponent's rights
15  are reserved and the requests are reasonable because it's kind
16  of broad as written. But I understand you don't know what
17  you're going to get in terms of discovery. So you need to
18  maintain optionality. But I need to put a little bit of curve
19  on it.
20        MS. KANDESTIN: Okay. Thank you, Your Honor. So
21  with those changes, I would ask that Your Honor grant the
22  motion.
23        THE COURT: Absolutely. I'll grant it with those
24  changes when filed under certification.
25        MS. KANDESTIN: Thank you. Your Honor, there's,

before I provide a brief update on the sale process, there's one housekeeping matter I wanted to address, which is the protective order that we filed under certification of counsel.

        THE COURT: Yes. I have a question about that.

        MS. KANDESTIN: Okay.

        THE COURT: So first of all, I -- it was brought to my attention last year that the United States Trustee's Office likes the opportunity to review protective orders before they're submitted under certification of counsel. So I'm glad to see Mr. Cudia here because I want to know if the U.S. Trustee's Office had an opportunity to review it.

        And then also I had a question with respect to paragraph, well it's E, it's 3.2(e) on page 7. But if I could hear from Mr. Cudia.

        And I didn't mean to cut you out, unless you wanted to give a presentation.

        MS. KANDESTIN: No.

        THE COURT: Okay.

        MR. CUDIA: Good afternoon, Your Honor.

        THE COURT: Good afternoon.

        MR. CUDIA: Joseph Cudia for the United States trustee.

        Yes, I have had an opportunity to review the protective order and the U.S. Trustee is aware of it. We did ask for certain language to be entered as far as allowing us

1  access.  But the U.S. Trustee has not taken a position as to
2  the relief requested.
3             THE COURT:  Okay.  Is the debtor and committee
4  willing to allow the U.S. Trustee access?
5             MS. KANDESTIN:  Yes, yes.  Those changes are already
6  in the order.
7             THE COURT:  Okay.  Oh, okay.
8             MS. KANDESTIN:  Yeah, we made them prior to filing.
9             THE COURT:  Okay, terrific.  Thank you.
10            My only question, and the U.S. Trustee might want to
11 stay around for this point as well, in paragraph E on page 7,
12 this is, talks about documents being generated and being able
13 to file them under seal without the necessity of filing a
14 separate motion.  And it references Local Rule 9037-1 and that
15 really deals with PII.  And I was wondering was it intended
16 here, this section, to deal with Local Rule 9018 which is the
17 sealed motion process.  I wasn't sure what the interplay was
18 here.
19            MS. KANDESTIN:  So -- you're right, Your Honor.  So
20 in 9037-1, we want to give, under the matrix order, only the
21 debtors are permitted and the (indiscernible) are permitted to
22 redact information.  We wanted to give the opportunity to these
23 third party 2004 targets to redact their personally
24 identifiable information or that of others without having to
25 formally file a seal motion.  And that's why it's triggered by

1 that particular section.  But also that local rule, I'm not
2 sure entirely clear it requires a motion to redact, it
3 references one.  So I wanted, we just wanted to have that sort
4 of --
5           THE COURT:  So I guess the presumption E is that the
6 only type of information that would be potentially redacted is
7 PII.  Right?
8           MS. KANDESTIN:  Right.  And I think here --
9           THE COURT:  I mean is that accurate?
10          MS. KANDESTIN:  No.  I think we're going to have
11 information beyond that because it may go into the
12 (indiscernible).
13          THE COURT:  Right.
14          MS. KANDESTIN:  So I think you're right.  I think it
15 --
16          THE COURT:  So I think you should modify this to
17 address 9018.  And I don't know what the U.S. Trustee's
18 position is on that.  So I think the parties should probably
19 consult and come up with a revised stip.
20          I just want to make sure that we were all on the same
21 pages, what was being redacted and when a motion is required.
22          MR. CUDIA:  And like I said, if there's going to be,
23 if it's going to be for 9018, I would like the opportunity for
24 my client to review that.
25          THE COURT:  Right.  It's been your client's position

1  if they want to review that.
2          So do you guys want to confer offline and submit a
3  revised stip under cert?
4          MS. KANDESTIN:  Yes, Your Honor.  I will note that we
5  cannot get certain discovery until the order is entered, so I
6  just ask that the Office of the U.S. Trustee take that into
7  account.
8          THE COURT:  Okay.  And let me just make sure while
9  we're here because the committee, does the committee have any
10 potion with respect to that?
11         MR. DETWEILER:  No issue, Your Honor.
12         THE COURT:  Okay.  All right.  I just want to make
13 sure we avoid any issues down the road.  So if you could confer
14 and then just submit a form of order, that will be great.
15         MS. KANDESTIN:  Thank you, Your Honor.
16         THE COURT:  Anything else for today?
17         MS. KANDESTIN:  Just the date --
18         THE COURT:  Yeah, I would appreciate a status of
19 that, that would be great.
20         MS. KANDESTIN:  So our auction is now taking place
21 tomorrow.
22         THE COURT:  Oh, okay.
23         MS. KANDESTIN:  It was adjourned a couple of times.
24 So it's taking place tomorrow.  We're continuing to negotiate
25 with the bidders.  The process is taking a bit longer than we

1  anticipated, but expect to have a further fulsome update within
2  the next week or so to present to the Court.
3           THE COURT:  So your next hearing in this case I
4  believe is November 14th.
5           MS. KANDESTIN:  Yes.
6           THE COURT:  Is that going to, if you need additional
7  time you'll reach out before the --
8           MS. KANDESTIN:  Actually, so I think that we're going
9  to need a hearing before then because I think we're going to
10 file another 2004 shortly.  And the 14 days under the local
11 rules, I think that if we file it today, that would put us the
12 8th of November, particularly (indiscernible), but you know, we
13 are trying to get as much information into the RPMs that we can
14 put a more fulsome update in our supplement to the disclosure
15 statement.
16          THE COURT:  I don't have time availability.  Let me
17 ask you this, do you need a 2004?
18          MS. KANDESTIN:  The next one we believe is going to
19 be contested.  While this one was uncontested, the next one we
20 believe given the parties involved and their positions they've
21 taken thus far informally.
22          THE COURT:  I'm just thinking out loud if there's a
23 way to do a process that you can avoid multiple 2004 requests.
24 But --
25          MS. KANDESTIN:  We're trying to put people together

1  in omnibus requests, but --

2        THE COURT:  Which leads to another issue.  It may be
3  more helpful if the names are on one exhibit and you redact the
4  exhibit as opposed to the names in the pleading themselves, and
5  then you can just redact the exhibit.

6        Unfortunately, I have no availability the 8th or the
7  9th, so perhaps the 7th.

8        MS. KANDESTIN:  That works.

9        THE COURT:  Could you do the 7th at 2?

10       MS. KANDESTIN:  Yes, Your Honor.  Thank you.

11       THE COURT:  So with the auction being tomorrow, the
12 19th, and I just ask and maybe this is a premature question,
13 but otherwise is the debtor's timeframe still in place with
14 respect to confirmation?

15       MS. KANDESTIN:  Yes.  The nature of the date is such
16 that we believe we're going to be consummated through the plan
17 as opposed to a 363 sale.  So that's why we adjourned the sale
18 hearing and are focusing on confirmation.

19       THE COURT:  All right.  Thank you.  Appreciate the
20 update.  Is there anything further?

21       MS. KANDESTIN:  No, Your Honor.

22       THE COURT:  Okay.  Then, I'll just ask Mr. Lugano to
23 mark the calendar for a hearing on the 7th at 2.

24       MS. KANDESTIN:  Thank you.

25       THE COURT:  Okay, everyone.  Have a great afternoon.

12
1 We stand adjourned.
2
3                  (Proceedings adjourned 2:14 p.m.)
4                                 ****
5

```
                                                                    13
```

1                           CERTIFICATION
2           I certify that the foregoing is a correct transcript
3  from the electronic sound recording of the proceedings in the
4  above-entitled matter to the best of our knowledge and ability.
5
6  /s/ Theresa Pullan                         October 28, 2023
7  Theresa Pullan, CET-780
8  Certified Court Transcriptionist
9  For Reliable