# Exhibit 5

# Kathryn Diemer

**From:** Kathryn Diemer
**Sent:** Tuesday, September 12, 2023 11:15 AM
**To:** Griffith, Greer; Evans, Joseph
**Subject:** RE: Alec Gorge

Dear Ms. Greer and Mr. Evans:

Could you provide me with an explanation and authority as to why you believe Mr. Gorge, a third party to this bankruptcy, is required to provide documents before the 2004 examination?

Sincerely,


Katie


Kathryn S. Diemer, Esq.
DIEMER & WEI, LLP
55 S. Market Street
Suite 1420
San Jose, CA 95113
**Due to the lingering effects of the pandemic, please serve all documents and all correspondence by e-mail as our offices remain open electronically.**
Tel:   408.971.6270
Cell:  408.506.3507

**Kathryn Diemer**

| | |
|---|---|
| From: | Kathryn Diemer |
| Sent: | Thursday, September 14, 2023 11:57 AM |
| To: | Griffith, Greer; Evans, Joseph |
| Subject: | 2004 examination of Mr. Gorge |

Dear Ms. Greer and Mr. Evans:

Mr. Gorge is more than willing to work with you on a stipulated date, an approved scope of examination, and an appropriate protective order for the production of documents so that when you seek your 2004 examination order, you can represent to Judge Stickles that you have met and conferred with the third party witness whom you seek to examine as to the date, the scope of the examination and the protective order which is required given the type of information which you seek in your request for production of documents. See Delaware Bankruptcy Local Rule 2004-1(b).

Your letter of August 18, 2023, which contains the "DEBTORS' COMBINED REQUESTS FOR PRODUCTION OF DOCUMENTS, INTERROGATORIES, AND RULE 2004 EXAMINATION OF ALEC GORGE PURSUANT TO FED.R.BANKR.P. 2004" [hereinafter referred to as "Combined Requests"] refers in its first paragraph to interrogatories pursuant to FRCP Rule 33, requests for production of documents pursuant to FRCP 34, and depositions in accord with FRCP 30, as well as Rule 2004. Specifically, your Combined Requests include a request for production of documents (Exhibit A), Interrogatories (Schedule B), and Rule 2004 examination (Schedule C), which identifies topics of examination. Federal Rules of Civil Procedure 30, 33, and 34, only apply in adversary proceedings, and only apply to parties to the adversary proceeding. See Bankruptcy Rule of Procedure 7030, 7033, and 7034. Federal Rules of Civil Procedure 33 and 34, governing interrogatories and requests for production, only apply to parties. See FRCP 33(a) "A party may serve on any other party …" ; FRCP 34(a) A party may serve on any other party…". There is no adversary proceeding pending to which Mr. Gorge is a party. That means that the only form of discovery which applies to Mr. Gorge is the request for a 2004 examination. Mr. Gorge is perfectly willing to comply with his obligation to meet and confer as to the date, the scope of examination, the scope of document production and the protective order concerning the document production as B.L.P 2004-1(b) requires. Once we have so met and conferred, Mr. Gorge looks forward to working with you on the matter.

Unfortunately, your communications have been unclear. Hence my requests for information as to why you believe you are entitled to anything more than a 2004 examination, i.e. my specific inquiry as to why you believe you are entitled to answers to interrogatories, why you are seeking – apparently – both a deposition and a Rule 2004 examination, and document requests both under the Rule 2004 examination procedure and under a deposition notice to parties as cited above. I hope that the above clarifies the information I need to have from you, before my client and I can respond to you.

Mr. Evans, you have repeatedly identified that no one else has yet required you to meet the terms of the requirements under Federal Rule of Bankruptcy Procedure 2004. You have further identified that you believe there is some negative onus which occurs because a witness asks for compliance with the rules of civil procedure and the rules of bankruptcy procedure before testifying. I wish to be clear – Mr. Gorge is more than happy to comply with his obligations under the rules of civil procedure and the rules of bankruptcy procedure. I am unclear what negative onus you believe such compliance causes, and hereby ask that you clarify why you believe Mr. Gorge should ignore the protections put in place specifically to protect third parties, along with clarifying what you are specifically seeking, as identified in the paragraphs above. .

Thank you.

1

Sincerely,

Katie

Kathryn S. Diemer, Esq.
DIEMER & WEI, LLP
55 S. Market Street
Suite 1420
San Jose, CA 95113
Due to the lingering effects of the pandemic, please serve all documents and all correspondence by e-mail as our offices remain open electronically.
Tel:   408.971.6270
Cell:  408.506.3507

# Kathryn Diemer

| | |
|---|---|
| **From:** | Kathryn Diemer |
| **Sent:** | Wednesday, October 4, 2023 5:00 PM |
| **To:** | Griffith, Greer |
| **Cc:** | Evans, Joseph |
| **Subject:** | 2004 examination of Mr. Alec Gorge |

Dear Ms. Griffith:

It was a pleasure speaking with you this afternoon. As we discussed, Mr. Gorge is amenable to appearing at a 2004 examination, wherein Debtor and our office have agreed upon the following. 1) A date that is convenient for Mr. Gorge and his counsel. As I mentioned, Mr. Gorge has certain business obligations for his current job which means that we will need to work around his schedule. I have a jury trial which I expect to take a minimum of two weeks, which is set to go out on October 16, in Santa Clara County Superior Court. You indicated that you have not identified any potential dates yet for the 2004 examination, and were unable to provide any potential dates to me, so that I could determine Mr. Gorge's availability.

2) The Debtor and Mr. Gorge must agree on the scope of the 2004 examination. The current scope of the 2004 examination, as set forth in the subpoena which was sent to Mr. Gorge identifies that Debtor wishes Mr. Gorge to a) answer interrogatories, b) produce documents, and c) testify. As I have pointed out to you, and you agreed, the sole method through which Debtor may obtain information from an independent third party witness, which Mr. Gorge qualifies as, is through Bankruptcy Rule 2004, enforced through the issuance of a FRCP 45 subpoena. (As we agreed, FRCP 45 applies to this situation through BRP 9016.) Rule 2004, FRCP 45 and BRP 9016 clearly provide solely for the issuance of a subpoena for testimony, and if requested, the provision of documents at the time of testimony. Nothing in BRP 2004, FRCP 45, or BRP 9016 enlarge the scope so that Debtor can obtain interrogatories, documents, and testimony from an uninterested third party. I asked you prior to the conversation today, and again during today's discussion, if you had any authority to support your claim that you are entitled to all three forms of discovery from a third party, and/or if you had any authority to support your claim that you are entitled to all three forms of discovery under Rule 2004. You did not provide any such authority, other than to say that some persons whom you sent letters agreed to participate in all three forms of discovery. As I pointed out, the fact that someone voluntarily agrees to do something, is not the same as, and does not provide authority for Debtor to obtain all three forms of discovery, in excess of the actual rule, which limits 2004 examination to testimony, and documents pursuant to FRCP 45, through BRP 9016.

> The attendance of an entity for examination and for the production of documents or electronically stored information, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial. As an officer of the court, an attorney may issue and sign a subpoena on behalf of the court where the case is pending if the attorney is admitted to practice in that court.
>
> Bankruptcy Rule of Procedure 2004(c).

Bankruptcy Rule 9016 requires compliance with Federal Rule of Civil Procedure 45 for appearance at the 2004 hearing. As I pointed out, FRCP 45 requires that Debtor avoid undue burden and expense on the person subject to the subpoena. Further, that any concerns about compliance must be taken in the jurisdiction where the compliance is required, in this case, in the Northern District of California. That any problems wherein Debtor caused or causes undue burden or expense might subject the Debtor to sanctions, including attorneys fees.

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is

1

required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

Fed.R.Civ.Pro. 45(d)(1)

The document which you sent to Mr. Gorge asks Mr. Gorge to answer interrogatories, asks Mr. Gorge to produce documents, and asks Mr. Gorge to appear for oral examination. Leaving out the interrogatories, for which there is no basis in the law, as described above, and for which you have not identified any basis in the law, or support for, both the requests for production of documents, and the topics of oral examination are vastly overbroad. As just one example of the problems with the requests, neither the requests for production of documents, nor the scope of testimony contain any date limitations. In short, every request is vague as to time. As another example, Mr. Gorge does not work for Prime and has not worked for Prime for some time. Yet, the scope of examination includes Prime Entities financial condition, the petition for receivership, and the chapter 11 bankruptcy filing. Prior to the issuance of any order for 2004 examination, you are obligated to meet and confer. Not only are you required to meet and confer as to the dates, but also as to the scope, so as to not impose undue burden or expense, as to the production of documents, testimony and time. To date, you have not meaningfully met and conferred, as you have not provided any dates, you have not agreed to limit or even discuss the scope of the 2004 examination, and despite agreeing that you will enter into an appropriate confidentiality agreement in order to protect any confidential information, you have failed to provide any such agreement, or asked for our input on what would be appropriate, as it relates to Mr. Gorge.

You indicated that you intend to file a request for a 2004 examination tonight. I informed you that if you did so, and you asked for interrogatories we would object, and seek sanctions. In light of the fact that you have provided zero support for the idea that Debtor is entitled to seek interrogatories, that you agreed during our conversation that there is no such support in the law for Debtor to seek interrogatories, and that you agree that the sole rules controlling this matter are FRCP 45, applicable through BRP 9016, and BRP 2004, we notified you that if you try to require Mr. Gorge to answer interrogatories, we will seek Rule 11 sanctions. In addition, I notified you that your failure to meet and confer as to scope and your failure to meet and confer as to dates, means that our office will file objections to Debtor's application for 2004 examination, and seek sanctions for the cost of so doing.

We remain willing and committed to working with you, to schedule the 2004 examination of Mr. Gorge, pursuant to Court order, at a date convenient for Mr. Gorge, within a scope of production and testimony which is appropriate for a third party to any litigation, and pursuant to an appropriate protective order for confidentiality.

I look forward to further meet and confer efforts on this matter.

Sincerely,

Katie

**Please note our new address:**
**Kathryn S. Diemer, Esq.**
**DIEMER & WEI, LLP**
55 S. Market Street, Suite 1420
San Jose, CA 95113
tel. 408-971-6270
Cell. 408-506-3507
kdiemer@diemerwei.com

2

**Kathryn Diemer**

**From:** Kathryn Diemer
**Sent:** Tuesday, October 17, 2023 12:35 PM
**To:** Griffith, Greer; Evans, Joseph
**Subject:** Potential offer of resolution to the current impasse

Dear Ms. Griffith and Mr. Evans:

I have a suggestion which should get us over the current impasse. My client will answer a series of requests for admission, under oath, that he never had possession of the seed phrase for 98f, never knew who did, and doesn't know when the seed phrase/key was generated, who generate it or how it was generated, nor any documents about the same. In exchange, there will be no other forms of discovery. No requests for production of documents. No 2004 examination. No deposition.

Please let me know if that solution works for you.


Sincerely,

Katie

Please note our new address:
Kathryn S. Diemer, Esq.
DIEMER & WEI, LLP
55 S. Market Street, Suite 1420
San Jose, CA 95113
tel. 408-971-6270
Cell. 408-506-3507
kdiemer@diemerwei.com

1