**Exhibit 3**

| | |
|---|---|
| **From:** | Griffith, Greer |
| **To:** | Kathryn Diemer |
| **Cc:** | Evans, Joseph |
| **Subject:** | RE: 2004 examination of ▮▮▮▮ |
| **Date:** | Wednesday, October 11, 2023 2:11:00 PM |

Katie,

Thank you for your email. We appreciate you engaging in several meet-and-confers with both myself and my partner, Joe Evans. However, we disagree with your characterization that we have not meaningfully met-and-conferred pursuant to Local Rule 2004-1, with the most recent meet-and-confer on October 4, 2023. As you know, we first spoke with you on August 24, 2023 and have sent emails back and forth. In total, we have conferred for multiple hours. We have spent time and effort trying to connect with you since Monday, September 18, but due to your schedule, we have not been able to connect with you until last week, which has delayed our efforts to seek discovery from your client. While we appreciate the lively debate, it appears that we are at an impasse. We will be filing the 2004 motion this week. We also will send you the Stipulated Protective Order when it is filed on the docket.

We disagree with some of your characterizations about our most recent meet-and-confer in your summary below. We reserve all of our rights and legal issues concerning the discovery issues we have been discussing. It is not clear to me where you are getting the "as agreed" language you reference below, but we have not agreed to the legal conclusions that you set forth below. While we appreciate your zealous advocacy for your client, it just appears to be most efficient to resolve our issues in a 2004 motion.

Your threats of Chapter 11 sanctions are baseless. You have asked us to do research for you to explain the scope of 2004. We are not going to do that. But if you want a non-exhaustive list of some support for interrogatories being sought under 2004, here are a few:

- *In re: Abeinsa Holding, Inc., et al.*, No. 16-10790, Dkt. 711, (Bankr. D. Del. 2016) – Order granting 2004 Motion and directing responses to Interrogatories pursuant to Rule 2004

- *In re Discovery Zone, Inc.*, No. 99-941 (PJW), 2001 WL 1819994, at *1 (Bankr. D. Del. Sept. 14, 2001) – The Court suggested that DuPont "seek a Rule 2004 order which will allow it to propose interrogatories (as suggested below) and at the same time consult the public record regarding available information."

- *In re Lowe*, No. 22-31438, 2023 WL 2482730, at *1 (Bankr. N.D. Ohio Mar. 13, 2023) - "The Order granting the motion for Rule 2004 Examination provides that it will initially be conducted through interrogatories and document production, with the possibility of a later oral examination and third-party subpoenas. The interrogatories and the list of documents to be produced pursuant to the order are attached as Exhibit A to the Rule 2004 exam motion."

- New York Practice Series - Commercial Litigation in New York State Courts § 60:34 - "Although usually employed to schedule depositions, there is no logical reason why interrogatories or

document demands could not be propounded under Rule 2004 as well."

As I explained to you during our meet-and-confer, in an effort to seek discovery in a cost-efficient and expedient manner, our intent is to initially conduct the Rule 2004 discovery through interrogatories and document requests and to later schedule depositions.  This is common.  We find it unusual that ▮▮▮▮▮▮ would be directing you to resist discovery and to threaten Rule 11 sanctions when we are asking relatively narrow questions primarily aimed at access to the 98F wallet.  For example, responding to an interrogatory concerning whether he had or has possession of a seed phrase related to the 98F wallet seems relatively easy to respond to (and certainly less expensive then drawn out emails back and forth about the scope of 2004 discovery).  I don't want to prejudge, but if ▮▮▮▮▮▮ has no knowledge or information about the 98F wallet, we find it somewhat hard to believe that he would be directing you to take such a hardline approach and to be threatening sanctions.

We will let the Court know that we have met and conferred and could not reach an agreement.  Please call us or respond via email if you want to talk further, but at this point we plan to file the 2004 motion.  As you may have seen, we filed a 2004 motion for other targets relatively recently and this one would be similar.

Thank you,
Greer

**GREER GRIFFITH**
Partner
**McDermott Will & Emery LLP**  One Vanderbilt Avenue, New York, NY 10017-3852
**Tel** +1 212 547 5578     **Mobile** +1 215 913 1418     **Email** ggriffith@mwe.com
**Biography** | **Website** | **vCard** | **Twitter** | **LinkedIn**

---

**From:** Kathryn Diemer <kdiemer@diemerwei.com>
**Sent:** Wednesday, October 4, 2023 8:00 PM
**To:** Griffith, Greer <Ggriffith@mwe.com>
**Cc:** Evans, Joseph <Jbevans@mwe.com>
**Subject:** 2004 examination of ▮▮▮▮▮▮

**[ External Email ]**
Dear Ms. Griffith:

It was a pleasure speaking with you this afternoon.  As we discussed, ▮▮▮▮▮▮ is amenable to appearing at a 2004 examination, wherein Debtor and our office have agreed upon the following.  1) A date that is convenient for ▮▮▮▮▮▮ and his counsel.  As I mentioned, ▮▮▮▮▮▮ has certain business obligations for his current job which means that we will need to work around his schedule.  I have a jury trial which I expect to take a minimum of two weeks, which is set to go out on October 16, in Santa Clara County Superior Court.  You indicated that you have not identified any potential dates yet for the 2004 examination, and were unable to provide any potential dates to me, so that I could determine ▮▮▮▮▮▮ availability.

2) The Debtor and ▮▮▮▮ must agree on the scope of the 2004 examination. The current scope of the 2004 examination, as set forth in the subpoena which was sent to ▮▮▮▮ identifies that Debtor wishes ▮▮▮▮ to a) answer interrogatories, b) produce documents, and c) testify. As I have pointed out to you, and you agreed, the sole method through which Debtor may obtain information from an independent third party witness, which ▮▮▮▮ qualifies as, is through Bankruptcy Rule 2004, enforced through the issuance of a FRCP 45 subpoena. (As we agreed, FRCP 45 applies to this situation through BRP 9016.) Rule 2004, FRCP 45 and BRP 9016 clearly provide solely for the issuance of a subpoena for testimony, and if requested, the provision of documents at the time of testimony. Nothing in BRP 2004, FRCP 45, or BRP 9016 enlarge the scope so that Debtor can obtain interrogatories, documents, and testimony from an uninterested third party. I asked you prior to the conversation today, and again during today's discussion, if you had any authority to support your claim that you are entitled to all three forms of discovery from a third party, and/or if you had any authority to support your claim that you are entitled to all three forms of discovery under Rule 2004. You did not provide any such authority, other than to say that some persons whom you sent letters agreed to participate in all three forms of discovery. As I pointed out, the fact that someone voluntarily agrees to do something, is not the same as, and does not provide authority for Debtor to obtain all three forms of discovery, in excess of the actual rule, which limits 2004 examination to testimony, and documents pursuant to FRCP 45, through BRP 9016.

> The attendance of an entity for examination and for the production of documents or electronically stored information, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial. As an officer of the court, an attorney may issue and sign a subpoena on behalf of the court where the case is pending if the attorney is admitted to practice in that court.
>
> Bankruptcy Rule of Procedure 2004(c).

Bankruptcy Rule 9016 requires compliance with Federal Rule of Civil Procedure 45 for appearance at the 2004 hearing. As I pointed out, FRCP 45 requires that Debtor avoid undue burden and expense on the person subject to the subpoena. Further, that any concerns about compliance must be taken in the jurisdiction where the compliance is required, in this case, in the Northern District of California. That any problems wherein Debtor caused or causes undue burden or expense might subject the Debtor to sanctions, including attorney's fees.

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.
>
>  Fed.R.Civ.Pro. 45(d)(1)

The document which you sent to ▮▮▮▮ asks ▮▮▮▮ to answer interrogatories, asks ▮▮▮▮ to produce documents, and asks ▮▮▮▮ to appear for oral examination. Leaving out the

interrogatories, for which there is no basis in the law, as described above, and for which you have not identified any basis in the law, or support for, both the requests for production of documents, and the topics of oral examination are vastly overbroad.  As  just one example of the problems with the requests, neither the requests for production of documents, nor the scope of testimony contain any date limitations.  In short, every request is vague as to time.  As another example, ▉▉▉▉ does not work for Prime and has not worked for Prime for some time.  Yet, the scope of examination includes Prime Entities financial condition, the petition for receivership, and the chapter 11 bankruptcy filing.  Prior to the issuance of any order for 2004 examination, you are obligated to meet and confer.  Not only are you required to meet and confer as to the dates, but also as to the scope, so as to not impose undue burden or expense, as to the production of documents, testimony and time.  To date, you have not meaningfully met and conferred, as you have not provided any dates, you have not agreed to limit or even discuss the scope of the 2004 examination, and despite agreeing that you will enter into an appropriate confidentiality agreement in order to protect any confidential information, you have failed to provide any such agreement, or asked for our input on what would be appropriate, as it relates to ▉▉▉▉.

You indicated that you intend to file a request for a 2004 examination tonight.  I informed you that if you did so, and you asked for interrogatories we would object, and seek sanctions.  In light of the fact that you have provided zero support for the idea that Debtor is entitled to seek interrogatories, that you agreed during our conversation that there is no such support in the law for Debtor to seek interrogatories, and that you agree that the sole rules controlling this matter are FRCP 45, applicable through BRP 9016, and BRP 2004, we notified you that if you try to require ▉▉▉▉ to answer interrogatories, we will seek Rule 11 sanctions.   In addition, I notified you that your failure to meet and confer as to scope and your failure to meet and confer as to dates, means that our office will file objections to Debtor's application for 2004 examination, and seek sanctions for the cost of so doing.

We remain willing and committed to working with you, to schedule the 2004 examination of ▉▉ ▉▉▉, pursuant to Court order, at a date convenient for ▉▉▉▉, within a scope of production and testimony which is appropriate for a third party to any litigation, and pursuant to an appropriate protective order for confidentiality.

I look forward to further meet and confer efforts on this matter.


Sincerely,

Katie

### Please note our new address:

**Kathryn S. Diemer, Esq.**
**DIEMER & WEI, LLP**
55 S. Market Street, Suite 1420
San Jose, CA  95113
tel. 408-971-6270
Cell. 408-506-3507
kdiemer@diemerwei.com