**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF DISINTERESTEDNESS OF CAHILL GORDON & REINDEL LLP PURSUANT TO THE ORDER (I) AUTHORIZING THE DEBTORS TO RETAIN AND COMPENSATE PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF**

I, Samson A. Enzer, declare under penalty of perjury:

1. I am a Partner at Cahill Gordon & Reindel LLP (the "Firm"), located at 32 Old Slip, New York, New York 10005.

2. The Firm is a legal services firm.

3. Prime Core Technologies Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), have requested that the Firm provide legal services to certain of the Debtors' Directors & Officers (the "D&Os"), and the Firm has consented to provide such services in the ordinary course of business during the pendency of the Debtors' chapter 11 cases (the "Chapter 11 Cases").

4. As of August 14, 2023 (the "Petition Date"), the Firm held a retainer in the amount of $2,500,000 in funds provided by the Debtors, $2,000,000 of which was transferred to the

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #04-153, Las Vegas, NV 89135.

Debtors, upon their request, on or about August 29, 2023, leaving $500,000 on retainer with the Firm.

5.      The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to these Chapter 11 Cases for persons or entities (other than the D&Os) that are parties in interest in the Debtors' Chapter 11 Cases.  The Firm, however, does not perform services for any such persons or entities in connection with these Chapter 11 Cases, or have any relationship with any such persons or entities, their attorneys, or accountants that would be adverse to the Debtors or their estates, other than in connection with the Firm's representation of the D&Os.

6.      As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these Chapter 11 Cases.

7.      Neither I nor any partner of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

8.      Neither I nor any partner of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matters upon which the Firm is to be employed.

9.      I have been advised that as of the Petition Date, the Debtors owed the Firm approximately $163,048.44 for prepetition services.  The Debtors, however, have agreed that the Firm can use a portion of the retainer to fully satisfy such amount and reduce the retainer accordingly.

10. The Firm and I understand the limitations on compensation and reimbursement of expenses under the *Order (I) Authorizing the Debtors to Retain and Compensate Professionals Utilized in the Ordinary Course of Business and (II) Granting Related Relief* [Docket No. 303] (the "OCP Order"). Specifically, the Firm understands that in the event its fees and expenses exceed the applicable OCP Cap (as defined in the OCP Order or as modified by agreement of the Debtors), the Firm will be required to file a fee application with the Court for the full amount of its fees and expenses for the applicable period in accordance with sections 330 and 331 of title 11 of the United States Code, the Federal Rules of Bankruptcy Procedures, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the fee guidelines promulgated by the Office of the U.S. Trustee (unless the U.S. Trustee agrees otherwise), and any applicable orders of the Court.

11. As of the Petition Date, the Firm was not party to an agreement for indemnification with any of the Debtors.

12. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: November 10, 2023

                                                          Samson A. Enzer