**<u>EXHIBIT E</u>**

# THE ███ 2018 IRREVOCABLE TRUST

## December ___, 2018

**MendenFreiman**LLP

YOUR FUTURE IS HERE®

5565 GLENRIDGE CONNECTOR NE, SUITE 850, ATLANTA, GA 30342

PHONE: (770) 379-1450 FAX: (770) 379-1455

WWW.MENDENFREIMAN.COM

GROWTH, PROTECTION AND TRANSFER OF BUSINESSES AND ESTATES

# The ▮▮▮▮ 2018 Irrevocable Trust
# Table of Contents

| | | |
|---|---|---|
| **Article One** | **Establishing the Trust** | **1-1** |
| Section 1.01 | Identifying My Trust | 1-1 |
| Section 1.02 | Reliance by Third Parties | 1-1 |
| Section 1.03 | An Irrevocable Trust | 1-2 |
| Section 1.04 | Transfers to the Trust | 1-2 |
| Section 1.05 | Reservation of Testamentary Limited Power of Appointment | 1-2 |
| Section 1.06 | Statement of My Intent | 1-3 |
| Section 1.07 | Not a Grantor Trust | 1-3 |
| | | |
| **Article Two** | **My Beneficiaries** | **2-1** |
| | | |
| **Article Three** | **Trustee Succession Provisions** | **3-1** |
| Section 3.01 | Trustee Requirements | 3-1 |
| Section 3.02 | Resignation of a Trustee | 3-1 |
| Section 3.03 | Trustee Succession | 3-1 |
| Section 3.04 | Trustee Removal by Trust Protector | 3-3 |
| Section 3.05 | Notice of Removal and Appointment | 3-3 |
| Section 3.06 | Appointment of a Co-Trustee | 3-3 |
| Section 3.07 | Corporate Fiduciaries | 3-3 |
| Section 3.08 | Incapacity of a Trustee | 3-3 |
| Section 3.09 | Appointment of Independent Special Trustee | 3-4 |
| Section 3.10 | Rights and Obligations of Successor Trustees | 3-4 |
| | | |
| **Article Four** | **Investment Trust Advisor Powers and Succession Provisions** | **4-5** |
| Section 4.01 | Provisions for Investment Trust Advisor | 4-5 |
| Section 4.02 | Designation of Investment Trust Advisor | 4-6 |
| Section 4.03 | Investment Trust Advisor Powers | 4-6 |
| Section 4.04 | No Diversification Standard Required | 4-7 |
| Section 4.05 | Removal and Replacement of Investment Trust Advisors | 4-7 |
| Section 4.06 | Notice of Advisor Resignation, Removal, and Appointment | 4-7 |
| Section 4.07 | Default of Designation | 4-7 |
| Section 4.08 | Notice of Investment Trust Advisor's Instructions | 4-8 |
| Section 4.09 | Investment Trust Advisor Compensation | 4-8 |
| Section 4.10 | Right to Examine Trust Records | 4-8 |
| Section 4.11 | Employment of Professionals | 4-8 |

**Article Five**          **Distribution Trust Advisor Powers and Succession Provisions ............................................5-10**

Section 5.01      Provisions for Distribution Trust Advisor ...........................5-10
Section 5.02      Designation of Distribution Trust Advisor ........................5-10
Section 5.03      Action or Direction by Distribution Trust Advisor..............5-11
Section 5.04      Removal and Replacement of Distribution Trust Advisor...............................................................................5-11
Section 5.05      Distribution Trust Advisor Removal by Trust Protector .....5-11
Section 5.06      Notice of Resignation and Appointment.............................5-11
Section 5.07      Default of Designation.........................................................5-12
Section 5.08      Notice of Distribution Trust Advisor's Instructions ...........5-12
Section 5.09      Distribution Trust Advisor Compensation...........................5-12
Section 5.10      Right to Examine Trust Records...........................................5-13
Section 5.11      Employment of Professionals ..............................................5-13

**Article Six**          **Trust Protector Provisions .........................................6-1**

Section 6.01      Provisions for Trust Protector..............................................6-1
Section 6.02      Designation of Trust Protector.............................................6-1
Section 6.03      Nomination of Successor Trust Protectors ...........................6-1
Section 6.04      Removal and Replacement of a Trust Protector ...................6-1
Section 6.05      Resignation of a Trust Protector ..........................................6-2
Section 6.06      Incapacity of a Trust Protector.............................................6-2
Section 6.07      Vacancy in the Office of Trust Protector..............................6-3
Section 6.08      Authority of Successor Trust Protectors ...............................6-3
Section 6.09      Trust Protector Standard of Conduct ....................................6-3
Section 6.10      Indemnification of Trust Protector.......................................6-4
Section 6.11      Trust Protector Powers.........................................................6-4
Section 6.12      Limitation on Trust Protector Powers...................................6-6
Section 6.13      Trust Protector May Release Powers....................................6-6
Section 6.14      Trust Protector Considered to Have Consented....................6-6
Section 6.15      Trust Protector Compensation ..............................................6-7
Section 6.16      Right to Examine Trust Records...........................................6-7
Section 6.17      Employment of Professionals ..............................................6-7

**Article Seven**          **Administration During My Lifetime...........................7-1**

Section 7.01      Distribution of Income and Principal....................................7-1
Section 7.02      Allocation of Distributions to Lifetime Beneficiaries ..........7-2
Section 7.03      No Discharge of a Legal Obligation .....................................7-2
Section 7.04      Provisions as to Excluded Persons........................................7-2
Section 7.05      Lifetime Limited Power of Appointment ..............................7-3
Section 7.06      Administration Upon My Death ...........................................7-3

**Article Eight**          **The Family Trust.........................................................8-1**

Section 8.01      Family Trust Beneficiaries....................................................8-1
Section 8.02      Distributions of Income and Principal ..................................8-1

2018 Irrevocable Trust

Section 8.03          Guidelines to my Trustee ...................................................... 8-1
Section 8.04          Testamentary Limited Power of Appointment ..................... 8-1
Section 8.05          Termination of the Family Trust........................................... 8-2


**Article Nine**          **Administration of Remaining Trust Property...........9-1**

Section 9.01          The Children's Trust ............................................................. 9-1
Section 9.02          Division of Remaining Trust Property.................................. 9-3
Section 9.03          Administration of the Descendant's Trusts.......................... 9-3


**Article Ten**          **Remote Contingent Distribution ............................10-1**


**Article Eleven**          **Distributions to Underage and Incapacitated**
                        **Beneficiaries ...............................................................11-2**

Section 11.01          Methods of Distribution...................................................... 11-2
Section 11.02          Retention in Trust ............................................................... 11-2
Section 11.03          Application of Article ......................................................... 11-3


**Article Twelve**          **Trust Administration ................................................12-4**

Section 12.01          Distributions to Beneficiaries ............................................. 12-4
Section 12.02          Beneficiary's Status ............................................................ 12-4
Section 12.03          No Court Proceedings ......................................................... 12-4
Section 12.04          No Bond ............................................................................... 12-5
Section 12.05          Exoneration of My Trustee ................................................. 12-5
Section 12.06          Limitations on Trustee Liability ......................................... 12-5
Section 12.07          Trustee Compensation ........................................................ 12-6
Section 12.08          Employment of Professionals ............................................. 12-7
Section 12.09          Exercise of Testamentary Power of Appointment ............... 12-7
Section 12.10          Determination of Principal and Income.............................. 12-7
Section 12.11          Trust Accounting ................................................................ 12-8
Section 12.12          Action of Trustees and Delegation of Trustee Authority..... 12-8
Section 12.13          Trustee May Disclaim or Release Any Power..................... 12-9
Section 12.14          Trustee May Execute a Power of Attorney.......................... 12-9
Section 12.15          Additions to Separate Trusts............................................... 12-9
Section 12.16          Authority to Merge or Sever Trusts..................................... 12-9
Section 12.17          Authority to Terminate Trusts ......................................... 12-10
Section 12.18          Merger of Corporate Fiduciary ........................................ 12-10
Section 12.19          Funeral and Other Expenses of Beneficiary ..................... 12-10
Section 12.20          Events of Duress ............................................................... 12-11
Section 12.21          Power to Postpone Distribution ........................................ 12-12
Section 12.22          Distribution during an Event of Duress ............................ 12-12
Section 12.23          Generation-Skipping Transfer Tax Provisions ................. 12-13
Section 12.24          Independent Trustee May Confer Testamentary Power
                        of Appointment ................................................................. 12-14
Section 12.25          Decanting of Trust………………………… ……………12-14

**Article Thirteen**          **My Trustee's Powers...............................................13-16**

Section 13.01          Introduction to Trustee's Powers ....................................... 13-16
Section 13.02          Execution of Documents by My Trustee ........................... 13-16
Section 13.03          Investment Powers in General ........................................... 13-16
Section 13.04          Banking Powers ................................................................. 13-17
Section 13.05          Business Powers................................................................. 13-17
Section 13.06          Contract Powers ................................................................ 13-19
Section 13.07          Common Investments ....................................................... 13-20
Section 13.08          Environmental Powers ...................................................... 13-20
Section 13.09          Farming and Ranching Operations ................................... 13-21
Section 13.10          Insurance Powers .............................................................. 13-22
Section 13.11          Loans and Borrowing Powers........................................... 13-23
Section 13.12          Nominee Powers ............................................................... 13-23
Section 13.13          Oil, Gas and Mineral Interests ......................................... 13-23
Section 13.14          Payment of Property Taxes and Expenses ........................ 13-24
Section 13.15          Purchase of Assets from and Loans to My Probate
                               Estate................................................................................. 13-24
Section 13.16          Real Estate Powers............................................................ 13-24
Section 13.17          Residences and Tangible Personal Property ..................... 13-25
Section 13.18          Digital Assets .................................................................... 13-25
Section 13.19          Retention and Abandonment of Trust Property ................ 13-26
Section 13.20          Securities, Brokerage and Margin Powers........................ 13-26
Section 13.21          Settlement Powers.............................................................. 13-27
Section 13.22          Subchapter S Corporation Stock Provisions ..................... 13-27
Section 13.23          Limitation on My Trustee's Powers .................................. 13-30


**Article Fourteen**          **General Provisions....................................................14-1**

Section 14.01          Maximum Term for Trusts.................................................. 14-1
Section 14.02          Spendthrift Provision .......................................................... 14-1
Section 14.03          Changing the Governing Law and Situs of
                               Administration .................................................................... 14-1
Section 14.04          Definitions........................................................................... 14-2
Section 14.05          General Provisions and Rules of Construction ................... 14-8

# The ▮▮▮ 2018 Irrevocable Trust

## Article One
## Establishing the Trust

The date of this Irrevocable Trust Agreement is December ___, 2018.  The parties to the agreement are ▮▮▮▮ (the *Grantor*) and Prime Trust, LLC (my *Trustee*).

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, jointly, or the survivor of them alone, are the Distribution Trust Advisor while I am alive.

I intend that this instrument create a valid trust under the laws of Nevada and under the laws of any state in which any trust created under this instrument is administered.  The terms of this trust agreement prevail over any provision of Nevada law, except those provisions that are mandatory and may not be waived.

I may not serve as Trustee of this trust or any trust created under this instrument during any period Nevada law governs this trust.

### Section 1.01    Identifying My Trust

My trust may be referred to as "Prime Trust, LLC, Trustee of the ▮▮▮ 2018 Irrevocable Trust dated December ___, 2018."

For the purpose of transferring property to my trust, or identifying my trust in any beneficiary or pay-on-death designation, any description referring to my trust will be effective if it reasonably identifies my trust.  Any description that contains the date of my trust, the name of at least one initial or successor Trustee and an indication that my Trustee is holding the trust property in a fiduciary capacity will be sufficient to reasonably identify my trust.

### Section 1.02    Reliance by Third Parties

From time to time, third parties may require documentation to verify the existence of this instrument, or particular provisions of it, such as the name or names of my Trustee or the powers held by my Trustee.  To protect the confidentiality of this instrument, my Trustee may use an affidavit or a certification of trust that identifies my Trustee and sets forth the authority of my Trustee to transact business on behalf of my trust in lieu of providing a copy of this instrument.  The affidavit or certification may include pertinent pages from this instrument, such as title or signature pages.

A third party may rely upon an affidavit or certification of trust that is signed by my Trustee with respect to the representations contained in the affidavit or certification of trust.  A third party relying upon an affidavit or certification of trust shall be exonerated from any liability for actions

the third party takes or fails to take in reliance upon the representations contained in the affidavit or certification of trust.

A third party dealing with my Trustee shall not be required to inquire into the terms of this instrument or the authority of my Trustee, or to see to the application of funds or other property received by my Trustee. The receipt from my Trustee for any money or property paid, transferred or delivered to my Trustee will be a sufficient discharge to the person or persons paying, transferring or delivering the money or property from all liability in connection with its application. A written statement by my Trustee is conclusive evidence of my Trustee's authority. Third parties are not liable for any loss resulting from their reliance on a written statement by my Trustee asserting my Trustee's authority or seeking to effectuate a transfer of property to or from the trust.

## Section 1.03     An Irrevocable Trust

Except as otherwise specifically provided in this instrument, this instrument and the trust or trusts established under it are irrevocable. I have no right to alter, amend, revoke, or terminate this trust, in whole or in part. I have no right, acting alone or in conjunction with any person or persons, to consent to, participate in, or be consulted in connection with any alteration, amendment, revocation, or termination. I have been advised of the difference between revocable and irrevocable trusts and declare that this instrument and the trust or trusts created under it are irrevocable.

## Section 1.04     Transfers to the Trust

I transfer to my Trustee the property listed in Schedule A, attached to this instrument, to be held on the terms and conditions set forth in this instrument. I retain no right, title or interest in the income or principal of this trust or any other incident of ownership in any trust property.

By execution of this instrument, my Trustee accepts and agrees to hold the trust property described on Schedule A. All property transferred to my trust after the date of this instrument must be acceptable to my Trustee. My Trustee may refuse to accept any property. My Trustee shall hold, administer and dispose of all trust property accepted by my Trustee for the benefit of my beneficiaries in accordance with the terms of this instrument.

## Section 1.05     Reservation of Testamentary Limited Power of Appointment

I may appoint any property contributed to this trust to any one or more persons or entities other than my estate, my creditors, or the creditors of my estate, in equal or unequal proportions and on any terms or conditions as I may designate. I may exercise this power by valid will, valid revocable living trust or by any other written instrument, and the power will be effective immediately after my death. I may not exercise this power for the purpose of discharging my legal obligations or otherwise for my pecuniary benefit.

I may suspend or irrevocably release this power of appointment in whole or in part. I may not exercise this power to appoint any interest in this trust to myself, my estate, my creditors, or the

creditors of my estate. I may not exercise this power of appointment to create another power of appointment that, under any applicable law, can be validly exercised in a way that would postpone the vesting of any estate or interest in the property subject to the power, for a period ascertainable without reference to the first power of appointment. And I may not exercise the power reserved in this section to suspend the absolute ownership or any power of alienation over the property subject to this power for a period ascertainable without regard to the date of creation of the first power.

By limiting the power as provided in this section, I intend that this power be a limited power of appointment and not a general power of appointment as defined by Sections 2041 or 2514 of the Internal Revenue Code.

## Section 1.06    Statement of My Intent

In order to maximize the benefit to my trust beneficiaries, I give broad discretion to my Trustee with respect to the management of trust assets, to the Distribution Trust Advisor with respect to the distribution of trust assets during my lifetime, and to the Investment Trust Advisor with respect to the investment of trust assets, except as such discretion may be expressly limited in this agreement. My specific objectives in creating this trust include, but are not limited to, having:

> Any contributions made to this trust be treated as incomplete gifts for gift tax purposes to the extent I have not fully relinquished dominion and control over the property contributed to the trust. But because I do not have the ability to demand or vest any trust assets in myself or my estate, I intend that that the trust and all trust property be protected from attachment by my creditors. I may suspend, further limit, or irrevocably release this power of appointment in whole or in part at any time;

> The assets of the trust estate be excluded for federal estate tax purposes from the gross estates of my trust beneficiaries except to the extent that the grant or exercise of a power of appointment is treated as a general power of appointment; and

> This trust be a qualified disposition under the Spendthrift Trust Act of Nevada, Nev. Rev. Stat. §§ 166.010 *et seq.*, as it may be subsequently amended or codified.

All provisions of this instrument are to be construed to accomplish these objectives. Any beneficiary has the right at any time to release, renounce or disclaim any right, power or interest that might be construed or deemed to defeat these objectives.

## Section 1.07    Not a Grantor Trust

I intend that I not be taxed as owner of any portion of this trust for federal income tax purposes. All provisions of this trust agreement are to be construed consistent with this intent.

## (a) Transactions for Less than Adequate Consideration

No one may buy, exchange, or otherwise deal with any trust income or principal for less than full and adequate consideration in money or money's worth.

## (b) No Power to Borrow without Adequate Interest or Security

Notwithstanding any other provision of this trust that may seem to the contrary, neither I nor any Trustee nor any entity in which I have a substantial interest may borrow from any trust created under this instrument, either directly or indirectly, without adequate interest or security. Any loan made to me must be made as exclusively determined by an Independent Trustee, or as directed by the Trust Protector.

## (c) Voting Shares of Stock

None of the powers reserved by me or granted to any Fiduciary shall enable anyone but my Independent Trustee, if an Independent Trustee is then serving, or if no Independent Trustee is then serving, then my Trustee upon express written direction of the Trust Protector, (1) to vote or direct the voting of any corporate shares or other securities of a corporation in which my holdings and the holdings of the trust are significant from the viewpoint of voting control within the meaning of Section 675(4)(A) of the Internal Revenue Code, or (2) to control the trust's investments or reinvestments by direction or veto with respect to that portion of the trust funds which consists of stocks or securities of corporations in which my holdings and the holdings of the trust are significant from the viewpoint of voting control within the meaning of Section 675(4)(B) of the Internal Revenue Code.

## (d) No Substitution of Assets

No one may compel my Trustee to exchange trust property by substituting other property of equivalent value within the meaning of Section 675(4)(c) of the Internal Revenue Code. My Trustee is not required to surrender any trust assets if substitute assets are offered, regardless of the relative value of the assets.

## (e) No Payment of Life Insurance Premiums from Trust Income

My Trustee may not use the income of this trust to pay the premiums on any life insurance policies insuring my life or my wife's life. My Trustee may use other assets of the trust to pay such premiums.

## Article Two
## My Beneficiaries



# Article Three
# Trustee Succession Provisions

## Section 3.01    Trustee Requirements

During any period in which this trust is sitused in Nevada, the office of Trustee must be filled by at least one individual or corporate fiduciary that satisfies all the requirements of Nev. Rev. Stat. §166.015(2), and, notwithstanding anything in this instrument that may seem to the contrary, that Trustee has the power to maintain records and prepare income tax returns for the trust, and must perform all or part of the administration in the State of Nevada.  Furthermore, no person or entity named in this instrument or appointed to serve under the provisions of this instrument will qualify to serve as a Trustee if that person or entity is an *excluded person*.  If a person or entity becomes an excluded person after its service as Trustee has commenced, that person or entity will immediately cease to serve as Trustee, and the vacancy will be filled as otherwise provided in this Article.

## Section 3.02    Resignation of a Trustee

A Trustee may resign by giving written notice to me.  If I am incapacitated or deceased, a resigning Trustee shall give written notice to the Income Beneficiaries of the trust and to any other then-serving Trustee.

## Section 3.03    Trustee Succession

This Section governs the removal and replacement of the Trustees.

### (a)    Removal and Replacement by Me

I may remove any Trustee, with or without cause, provided I appoint an individual or corporate successor Trustee that simultaneously commences service as Trustee and that is not related or subordinate to me within the meaning of Section 672(c) of the Internal Revenue Code.

### (b)    Appointment of Successor Trustees by Individual Trustee

Any individual Trustee of a trust under this instrument shall have the power to designate an individual or corporate fiduciary to serve as successor Trustee of such trust upon the occurrence of a vacancy in his or her trusteeship, provided there is no successor Trustee designated under the preceding provisions of this Article who is then willing and able to act as Trustee.  Notice of designation shall be in writing and shall be delivered to the successor Trustee and any other Trustees then serving.  Any designation may be revoked by the designating Trustee at any time prior to the occurrence of a vacancy in his or her trusteeship.

### (c)    Removal by Beneficiaries

During any period that I am incapacitated or after my death, a majority of the Income Beneficiaries may remove a Trustee with or without cause.

A Trustee may be removed under this subsection only if, on or before the effective date of removal, the person or persons having the right of removal appoint a corporate fiduciary that simultaneously commences service as Trustee.

The right to remove a Trustee under this subsection is not intended to grant to the person holding that right any of the powers of that Trustee.

If a beneficiary is a minor or is incapacitated, the parent or Legal Representative of the beneficiary, other than me, may act on behalf of the beneficiary.

### (d)    Default of Designation

If the office of Trustee of a trust created under this instrument is vacant and no designated Trustee is able and willing to act, I may appoint an individual or corporate successor Trustee that is not related or subordinate to me within the meaning of Section 672(c) of the Internal Revenue Code.  If I am incapacitated or deceased, the Trust Protector (if any) may appoint an individual or corporate fiduciary to serve as my successor Trustee.  If the Trust Protector is unable or unwilling to act, the Primary Beneficiary may appoint an individual or corporate fiduciary that is not related or subordinate to the person or persons making the appointment within the meaning of Section 672(c) of the Internal Revenue Code to serve as successor Trustee.  In the case of a minor or incapacitated beneficiary, the beneficiary's parent or Legal Representative, other than me, may act on behalf of the beneficiary.

If the office of Distribution Trust Advisor of a trust created under this instrument is vacant and no designated successor Distribution Trust Advisor is able and willing to act as Trustee, the Primary Beneficiary of the trust may appoint an individual or corporate fiduciary that is not related or subordinate to any beneficiary of the trust within the meaning of Section 672(c) of the Internal Revenue Code as successor Distribution Trust Advisor.

No excluded person may serve as a Trustee under any circumstances.

Any beneficiary or the beneficiary's Legal Representative may petition a court of competent jurisdiction to appoint a successor Trustee to fill any vacancy remaining unfilled after a period of 30 days.  By making the appointment, the court does not thereby acquire any jurisdiction over the trust, except to the extent necessary for making the appointment.  The beneficiary or Legal Representative's initiation of the petition must be a free and voluntary act of the beneficiary or Legal Representative, and not made under an act of duress exerted by any person or entity.

I may not serve as Trustee of any trust created under this instrument at any time this trust is governed by Nevada law.

## Section 3.04    Trustee Removal by Trust Protector

At any time during my life or after my death the Trust Protector may remove and appoint any Trustee as provided in Section 6.11(c) of this instrument.

## Section 3.05    Notice of Removal and Appointment

Notice of removal must be in writing and delivered to the Trustee being removed, along with any other then-serving Trustees.  The notice of removal will be effective in accordance with its provisions.

Notice of appointment must also be in writing and delivered to the successor Trustee and any other then-serving Trustees.  The appointment will become effective at the time of acceptance by the successor Trustee.  A copy of the notice should be attached to this instrument.

## Section 3.06    Appointment of a Co-Trustee

Any individual Trustee may appoint an individual or a corporate fiduciary as a Co-Trustee.  That Co-Trustee will serve only as long as the Trustee who appointed the Co-Trustee (or, if the Co-Trustee was named by more than one Trustee acting together, by the last to serve of those Trustees) serves, and the Co-Trustee will not become a successor Trustee upon the death, resignation, or incapacity of the Trustee who appointed the Co-Trustee, unless so appointed under the terms of this instrument.  Although the Co-Trustee may exercise all the powers of the appointing Trustee, the combined powers of the Co-Trustee and the appointing Trustee cannot exceed the powers of the appointing Trustee alone.  The Trustee appointing a Co-Trustee may revoke the appointment at any time with or without cause.  No excluded person may serve as a Co-Trustee under any circumstances.

## Section 3.07    Corporate Fiduciaries

Any corporate fiduciary serving under this instrument as a Trustee must be a bank, trust company, or public charity that is qualified to act as a fiduciary under applicable federal and state law and that is not related or subordinate to any beneficiary within the meaning of Section 672(c) of the Internal Revenue Code.  No corporate fiduciary meeting the definition of an excluded person may serve as a Trustee under any circumstances.

## Section 3.08    Incapacity of a Trustee

If any individual Trustee becomes incapacitated, it will not be necessary for the incapacitated Trustee to resign as Trustee.  A written declaration of incapacity by the Co-Trustee, if any, or, if none, by the party designated to succeed the incapacitated Trustee, if supported by a written

opinion of incapacity by a physician who has examined the incapacitated Trustee, will terminate the trusteeship.

The provisions of Section 14.04(j) of this instrument govern the determination of a Trustee's incapacity by a physician and the Trustee's obligations to submit to examination and provide necessary releases.

### Section 3.09    Appointment of Independent Special Trustee

If for any reason the Trustee of any trust created under this instrument is unwilling or unable to act with respect to any trust property or any provision of this instrument, my Trustee shall appoint, in writing, a corporate fiduciary or an individual to serve as an Independent Special Trustee with respect to this property or provision.  The appointed Independent Special Trustee must not be related or subordinate to any trust beneficiary within the meaning of Internal Revenue Code Section 672(c).  No excluded person may serve as a Trustee under any circumstances.

An Independent Special Trustee shall exercise all fiduciary powers granted by this trust unless expressly limited elsewhere in this instrument or by the Trustee in the instrument appointing the Independent Special Trustee.  An Independent Special Trustee may resign at any time by delivering written notice to the Trustee.  Notice of resignation will be effective in accordance with the terms of the notice.

### Section 3.10    Rights and Obligations of Successor Trustees

Each successor Trustee serving under this instrument, whether corporate or individual, will have all of the title, rights, powers and privileges granted to the initial Trustee named under this instrument.  In addition, each successor Trustee is subject to all of the restrictions imposed upon, as well as all obligations and duties, both discretionary and ministerial, given to the initial Trustee named under this instrument.

# Article Four
# Investment Trust Advisor Powers and Succession Provisions

### Section 4.01    Provisions for Investment Trust Advisor

The purpose of the Investment Trust Advisor is to separate investment decisions from the other responsibilities of my Trustee.  The Investment Trust Advisor has broad and absolute discretion, and decisions made by the Investment Trust Advisor are not subject to review except for willful neglect, willful misconduct, or bad faith on the part of the Investment Trust Advisor.  My Trustee has no responsibility to monitor the performance of any investment directed by the Investment Trust Advisor.  The authority of the Investment Trust Advisor is conferred in a fiduciary capacity.

### (a)    Trustee Powers Subject to Investment Trust Advisor's Direction

During any period that an Investment Trust Advisor is serving, my Trustee shall exercise all investment, voting, and management powers concerning the trust property only upon the written direction of the Investment Trust Advisor.  Those powers include, but are not limited to all powers relating to the acquisition, disposition, retention, exchange, change in character, lending, borrowing, pledging, mortgaging, managing, voting, leasing, insuring, abandoning, or granting of options with respect to the trust property.

### (b)    Trustee Action in Absence of Investment Trust Advisor Direction

If an Investment Trust Advisor is serving, my Trustee is not required to inquire into or monitor the investment of the trust assets or the directions of the Investment Trust Advisor.

If the Investment Trust Advisor fails to provide written direction within 20 days of my Trustee's written request for direction, my Trustee may exercise the power as though the Investment Trust Advisor had provided the direction sought.

If there is no Investment Trust Advisor serving, my Trustee may exercise all powers that would otherwise be subject to an Investment Trust Advisor's direction.

Notwithstanding the express separation of investment decision-making from the other fiduciary duties and responsibilities of my Trustee and the Distribution Trust Advisor, it is important that my Fiduciaries coordinate their respective roles to further the overall objectives this trust. To this end, upon notice from my Trustee that a distribution has been directed by my Distribution Trust Advisor and that additional liquidity may be required to accommodate said distribution, my Investment Trust Advisor shall take whatever steps are reasonably necessary and appropriate to

ensure adequate liquid resources are made available to my Trustee so it may make the subject distribution in a timely manner.

## Section 4.02    Designation of Investment Trust Advisor

I will serve as the Investment Trust Advisor.

## Section 4.03    Investment Trust Advisor Powers

The Investment Trust Advisor may, in the Investment Trust Advisor's sole and absolute discretion, exercise any of the powers listed below either directly or by directing my Trustee.

### (a)    Power to Direct Investments

The Investment Trust Advisor may direct my Trustee to invest and reinvest in any kind of property, real, personal, or mixed, and to retain any investments, indefinitely, even if the nature of the investment would not otherwise be a proper investment for a fiduciary.

### (b)    Power Concerning Insurance Policies

The Investment Trust Advisor may direct my Trustee to exercise any right as owner of any insurance policy owned by the trust, other than the right to change beneficiaries.

### (c)    Power to Direct Sale or Exchange of Property

The Investment Trust Advisor may direct my Trustee to sell or exchange any property held under this trust, and may execute any documents necessary to facilitate the transfer.

### (d)    Power to Direct Accounts

The Investment Trust Advisor may direct my Trustee to open any type of accounts in any domestic or foreign jurisdiction, specifically including, but not limited to, margin accounts at brokerage firms.

### (e)    Power to Direct Property Management

The Investment Trust Advisor may direct my Trustee to rent or lease any real property interests, and may subdivide and develop any real property in which the trust has an interest.

### (f)    Mineral Interests

In addition, the Investment Trust Advisor may direct my Trustee to manage or grant any mineral interests, including exploration and the right to mine or drill for

and remove minerals, for any period of time, including periods extending beyond the termination of every trust created under this instrument, and upon the terms specified by the Investment Trust Advisor.

## Section 4.04    No Diversification Standard Required

The Investment Trust Advisor is not required to direct my Trustee to diversify the trust investments.  For purposes of determining diversification of the trust's investments only, the investments held by any entity in which the trust owns an interest will be deemed to be owned directly by the trust in accordance with the trust's interest.

## Section 4.05    Removal and Replacement of Investment Trust Advisors

I may remove the Investment Trust Advisor at any time with or without cause, provided I appoint a successor Investment Trust Advisor that simultaneously commences service to replace the removed Investment Trust Advisor.  If I am incapacitated or deceased, the Trust Protector may remove the Investment Trust Advisor at any time with or without cause, provided that the Trust Protector appoints a successor Investment Trust Advisor.  The Trust Protector may appoint any then-serving Trust Protector or any predecessor or successor Trust Protector to serve as the Investment Trust Advisor, in the Trust Protector's discretion.

## Section 4.06    Notice of Advisor Resignation, Removal, and Appointment

The Investment Trust Advisor may resign by giving 60 days advance notice to me, the Trust Protector, and my Trustee.  I may then appoint a successor Investment Trust Advisor to serve, effectively immediately upon appointment or as otherwise specified in writing when I make the appointment.

If I am unable or unwilling to appoint a successor Investment Trust Advisor, the Trust Protector may appoint a successor Investment Trust Advisor to serve.  The successor Investment Trust Advisor will begin service immediately upon appointment unless otherwise specified in writing by the Trust Protector.

## Section 4.07    Default of Designation

If there is a vacancy in the position of Investment Trust Advisor and there is no successor Investment Trust Advisor named, the Trust Protector may appoint an Investment Trust Advisor in writing to serve according to the terms and conditions established in the writing.

If the Trust Protector does not appoint an Investment Trust Advisor to serve in the event of default, and if my Trustee has received actual written notice of the vacancy of Investment Trust Advisor, my Trustee will have all of the powers and authority otherwise granted to the Investment Trust Advisor under this instrument.

## Section 4.08     Notice of Investment Trust Advisor's Instructions

An Investment Trust Advisor shall provide information or directions to my Trustee in writing, by facsimile, by electronic mail or by telephone, or in any other form or forms of communication that my Trustee may reasonably request.

## Section 4.09     Investment Trust Advisor Compensation

An Investment Trust Advisor serving under this instrument is entitled to receive reasonable compensation for services rendered, taking into consideration:

> the market rate for similar services in the jurisdiction in which the Investment Trust Advisor serves;

> the breadth and nature of the powers, authorities, and discretions granted to the Investment Trust Advisor;

> the amount of time the Investment Trust Advisor will likely devote to overseeing the trust and directing my Trustee; and

> the trust property's current value and the projected amount of appreciation.

An Investment Trust Advisor is entitled to reimbursement for all expenses incurred in the performance of its duties as Investment Trust Advisor, including reasonable travel expenses.

Serving in the capacity of Investment Trust Advisor does not prevent the Investment Trust Advisor from also providing legal, investment, or accounting services on behalf of the trust or the trust beneficiaries.  If the Investment Trust Advisor is providing professional services, the Investment Trust Advisor is entitled to charge its normal and customary fees for services provided or to be provided, in addition to the Investment Trust Advisor's ordinary compensation as Investment Trust Advisor.

## Section 4.10     Right to Examine Trust Records

The books and records of each trust created under this instrument, including all documentation, inventories, and accountings, must be open and available for inspection by the Investment Trust Advisor at all reasonable times.

## Section 4.11     Employment of Professionals

An Investment Trust Advisor may appoint, employ, and remove Investment Trust Advisors, accountants, auditors, depositories, custodians, brokers, consultants, attorneys, advisors, agents, and employees to advise or assist in the performance of the Investment Trust Advisor's duties. The Investment Trust Advisor may act on the recommendations of the persons or entities employed, with or without independent investigation.

The Investment Trust Advisor may reasonably compensate an individual or entity employed to assist or advise the Investment Trust Advisor, regardless of any other relationship existing between the individual or entity and the Investment Trust Advisor.

The Investment Trust Advisor may direct and my Trustee will pay the usual compensation for services contracted for under this Section out of trust income or principal as the Investment Trust Advisor advises.   The Investment Trust Advisor may direct payment of compensation to an individual or entity employed to assist or advise the Investment Trust Advisor without diminishing the compensation to which the Investment Trust Advisor is entitled under this instrument.   An Investment Trust Advisor who is a partner, stockholder, officer, director, or corporate affiliate in any entity employed to assist or advise the Investment Trust Advisor may nonetheless receive the Investment Trust Advisor's share of the compensation paid to the entity.

# Article Five
# Distribution Trust Advisor Powers and Succession Provisions

### Section 5.01    Provisions for Distribution Trust Advisor

The purpose of the Distribution Trust Advisor is to separate decisions concerning distributions from the other responsibilities of my Trustee. The Distribution Trust Advisor has the exclusive authority to direct, consent to, or disapprove distributions from the trust. The Distribution Trust Advisor's authority is broad and absolute, except as expressly limited in this trust agreement or by unwaivable provisions of applicable law, and decisions made by the Distribution Trust Advisor are not subject to review except for willful neglect, willful misconduct, or bad faith on the part of the Distribution Trust Advisor. My Trustee may not resist any decision to make or to withhold any distribution to any beneficiary directed by the Distribution Trust Advisor pursuant to the Distribution Trust Advisor's scope of authority hereunder. The authority of the Distribution Trust Advisor is conferred in a fiduciary capacity.

### (a)    Trustee Powers Subject to Distribution Trust Advisor's Direction

During any period that a Distribution Trust Advisor is serving, my Trustee shall distribute income or principal to any beneficiary only as authorized or directed by the Distribution Trust Advisor.

The Distribution Trust Advisor may direct my Trustee to make or modify any distributions to or for the benefit of any beneficiary, and may direct my Trustee to withhold any distributions in whole or in part from any beneficiary.

### Section 5.02    Designation of Distribution Trust Advisor

I appoint an initial committee consisting of ███████████████████████ to serve as Distribution Trust Advisor.

At all times during my lifetime, there must be at least two individuals serving jointly as Distribution Trust Advisor. Any individual serving as a Distribution Trust Advisor must be one of the following: me; a descendant of mine; the parent or legal guardian of a minor descendant of mine acting on behalf of such descendant; my wife; or a parent of mine. If a vacancy occurs in the office of one of the Distribution Trust Advisors, a replacement shall be appointed as provided in Section 5.06.

The Distribution Trust Advisor shall only have the power to advise my Trustee during my lifetime. After my death, the Distribution Trust Advisor role will cease to exist.

## Section 5.03      Action or Direction by Distribution Trust Advisor

Unless otherwise specified in this instruction, any action or direction by the Distribution Trust Advisor must be made in one of the following ways:

> a majority of the individuals serving as Distribution Trust Advisor at such time, and me must consent in writing to such action or direction; or

> all of the individuals serving as Distribution Trust Advisor at such time, other than me, must consent in writing to such action or direction; or

> I alone, acting in a nonfiduciary capacity, may consent in writing to such action or direction, but only to the extent such action or direction relates to the distribution of trust principal to provide for the health, education, maintenance and support in reasonable comfort of the beneficiaries..

## Section 5.04      Removal and Replacement of Distribution Trust Advisor

I may remove a Distribution Trust Advisor at any time with or without cause, provided I appoint a successor Distribution Trust Advisor that is related or subordinate to me within the meaning of Section 672(c) of the Internal Revenue Code that simultaneously commences service to replace the removed Distribution Trust Advisor.

## Section 5.05      Distribution Trust Advisor Removal by Trust Protector

The Trust Protector may remove and appoint Distribution Trust Advisors as provided in Section 6.11(c) of this agreement.

## Section 5.06      Notice of Resignation and Appointment

A Distribution Trust Advisor may resign by giving 60 days advance notice to me or my Legal Representative, if I am then living, and to the Trust Protector and to my Trustee.  I may then appoint a successor Distribution Trust Advisor to serve, effectively immediately upon appointment or as otherwise specified in writing when I make the appointment.  Any successor Distribution Trust Advisor appointed by me under this Section may not be related or subordinate to me within the meaning of Section 672(c) of the Internal Revenue Code.

If I am unable or unwilling to appoint a successor Distribution Trust Advisor, the Primary Beneficiary may appoint a successor Distribution Trust Advisor to serve.  The successor Distribution Trust Advisor will begin service immediately upon appointment unless otherwise specified in writing by the Primary Beneficiary.  Any successor Distribution Trust Advisor appointed by the Primary Beneficiary under this Section may not be related or subordinate to the Primary Beneficiary within the meaning of Section 672(c) of the Internal Revenue Code.

## Section 5.07      Default of Designation

If there is a vacancy in the position of Distribution Trust Advisor, I may appoint a successor Distribution Trust Advisor within the parameters defined in Section 5.02.

Any beneficiary or the beneficiary's Legal Representative may petition a court of competent jurisdiction to appoint a successor Distribution Trust Advisor to fill any vacancy remaining unfilled after a period of 45 days.  By making the appointment, the court does not thereby acquire any jurisdiction over the trust, except to the extent necessary for making the appointment.

If at any time there are less than two Distribution Trust Advisors serving, and neither I nor the Trust Protector appoints one or more successor Distribution Trust Advisors so there are at least two serving, within 60 days of the vacancy, and if my Trustee has received actual written notice of the vacancy of Distribution Trust Advisor, my Trustee will have all of the powers and authority otherwise granted to the Distribution Trust Advisor under this agreement.

## Section 5.08      Notice of Distribution Trust Advisor's Instructions

The Distribution Trust Advisor shall provide information or directions to my Trustee in writing, by facsimile, by electronic mail or by telephone, or in any other form or forms of communication that my Trustee may reasonably request.

## Section 5.09      Distribution Trust Advisor Compensation

A Distribution Trust Advisor serving under this instrument is entitled to receive reasonable compensation for services rendered, taking into consideration:

> the market rate for similar services in the jurisdiction in which the Distribution Trust Advisor serves;

> the breadth and nature of the powers, authorities, and discretions granted to the Distribution Trust Advisor;

> the amount of time the Distribution Trust Advisor will likely devote to directing my Trustee; and

> the trust property's current value and the projected amount of appreciation.

A Distribution Trust Advisor is entitled to reimbursement for all expenses incurred in the performance of its duties as Distribution Trust Advisor, including reasonable travel expenses.

Serving in the capacity of Distribution Trust Advisor does not prevent the Distribution Trust Advisor from also providing legal, investment, or accounting services on behalf of the trust or the trust beneficiaries.  If the Distribution Trust Advisor is providing professional services, the Distribution Trust Advisor is entitled to charge its normal and customary fees for services

provided or to be provided, in addition to the Distribution Trust Advisor's ordinary compensation as Distribution Trust Advisor.

## Section 5.10    Right to Examine Trust Records

The books and records of each trust created under this instrument, including all documentation, inventories, and accountings, must be open and available for inspection by the Distribution Trust Advisor at all reasonable times.

## Section 5.11    Employment of Professionals

A Distribution Trust Advisor may appoint, employ, and remove Investment Trust Advisors, accountants, auditors, depositories, custodians, brokers, consultants, attorneys, advisors, agents, and employees to advise or assist in the performance of the Distribution Trust Advisor's duties. The Distribution Trust Advisor may act on the recommendations of the persons or entities employed, with or without independent investigation.

The Distribution Trust Advisor may reasonably compensate an individual or entity employed to assist or advise the Distribution Trust Advisor, regardless of any other relationship existing between the individual or entity and the Distribution Trust Advisor.

The Distribution Trust Advisor may direct and my Trustee will pay the usual compensation for services contracted for under this Section out of trust income or principal as the Distribution Trust Advisor advises. The Distribution Trust Advisor may direct payment of compensation to an individual or entity employed to assist or advise the Distribution Trust Advisor without diminishing the compensation to which the Distribution Trust Advisor is entitled under this instrument. A Distribution Trust Advisor who is a partner, stockholder, officer, director, or corporate affiliate in any entity employed to assist or advise the Distribution Trust Advisor may nonetheless receive the Distribution Trust Advisor's share of the compensation paid to the entity.

# Article Six
# Trust Protector Provisions

### Section 6.01    Provisions for Trust Protector

The Trust Protector's purpose is to direct my Trustee in matters concerning the trust, and to assist in achieving my objectives as expressed by the other provisions of my estate plan if needed. Any Trust Protector must be a corporate fiduciary or an individual who is not related or subordinate to me, while I am still living, or to any beneficiary within the meaning of Internal Revenue Code Section 672(c), and must not be an adverse party within the meaning of Internal Revenue Code Section 672(b). Neither I nor my wife, nor any trust beneficiaries, nor any person who has contributed to the trust may serve as a Trust Protector at any time under this instrument.

### Section 6.02    Designation of Trust Protector

I appoint the following, in the order named, to serve as Trust Protector of each trust created under this instrument:

 and then

The Trust Protector's authority is conferred in a nonfiduciary capacity.

### Section 6.03    Nomination of Successor Trust Protectors

If the designated Trust Protector is removed, or unwilling or unable to serve for any reason, then the successor Trust Protector will be appointed according to the remaining provisions of this Article.

### Section 6.04    Removal and Replacement of a Trust Protector

This Section establishes the means by which a Trust Protector is removed and replaced during the term of any trust created under this instrument.

#### (a)    Removal and Replacement

I appoint  to remove and replace any Trust Protector serving under this trust instrument with or without cause.

If ████████████████ is unable or unwilling to remove or replace any Trust Protector, then any beneficiary may petition a court of competent

jurisdiction to designate, remove, or replace any then-serving Trust Protector. The court may only remove a Trust Protector for cause as determined by the court. The court removing a Trust Protector may appoint successor Trust Protectors to replace the removed Trust Protector immediately. The court acting to remove and replace a Trust Protector will acquire jurisdiction or authority over the trust only to the extent necessary for the removal and replacement of the Trust Protector.

**(b)    No Removal by Trustees**

No Trustee may remove a Trust Protector.

## Section 6.05    Resignation of a Trust Protector

A Trust Protector may resign by giving written notice to me. If I am deceased, a Trust Protector may resign by giving written notice to the trust's Income Beneficiaries and the then-serving Trustee.

Resignation will take effect on the date set forth in the notice, but not earlier than 30 days after the delivery date of the notice of resignation, unless an earlier effective date is agreed to by me or by the trust's Primary Beneficiary. A resigning Trust Protector is not liable or responsible for the act of any successor Trust Protector.

Upon the resignation of a Trust Protector, the resigning Trust Protector may appoint the resigning Trust Protector's successor as Trust Protector in the manner otherwise set forth in this Article concurrent with the written notice of resignation. If the resigning Trust Protector fails to make the appointment, the resigning Trust Protector's named successors identified in Section 6.03 will serve as the resigning Trust Protector's successors in the order set forth in that Section. But if the resigning Trust Protector fails to make the appointment and no named successors are available to serve, Section 6.07 will govern the replacement of the resigning Trust Protector.

## Section 6.06    Incapacity of a Trust Protector

If any individual Trust Protector becomes incapacitated, the incapacitated Trust Protector need not resign as Trust Protector. Any then-serving Trust Protector or the immediately eligible successor Trust Protector may provide a written declaration that a Trust Protector is incapacitated.

The written declaration of the Trust Protector's incapacity, if supported by a written opinion of incapacity by a physician who has examined the incapacitated Trust Protector, will terminate the Trust Protector's service.

The provisions of Section 14.04(j) of this instrument govern the determination of a Trust Protector's incapacity, except that a single physician may make the determination of incapacity instead of two physicians. Further, Section 14.04(j) governs the Trust Protector's obligations to submit to examination and provide necessary releases.

## Section 6.07    Vacancy in the Office of Trust Protector

If the office of Trust Protector is vacant and no effectively named successor exists, ███████████ ███████████████████████████████████████████████████████████████ may appoint a successor Trust Protector.  If ████████████████████████████ is unable or unwilling to make the appointment, any beneficiary may petition a court of competent jurisdiction to appoint a successor Trust Protector to fill any vacancy remaining unfilled after a period of 30 days.  By making this appointment, the court will acquire jurisdiction over the trust only to the extent necessary to make the appointment.

A minor or incapacitated beneficiary's parent or Legal Representative may act on his or her behalf.

## Section 6.08    Authority of Successor Trust Protectors

Any successor Trust Protector has all the authority of any predecessor Trust Protector, but is not responsible for the predecessor's acts, omissions, or forbearances.

## Section 6.09    Trust Protector Standard of Conduct

The Trust Protector has no general duty to monitor or remain informed about the trust. Specifically, the Trust Protector has no duty to investigate the Trustee's actions or inactions, to audit the trust's books, to review the trust's investments, or to evaluate the trust portfolio's performance, unless a trust beneficiary or some other interested party:

> files a written complaint with the Trust Protector alleging a breach of trust and detailing the matters the Trust Protector should investigate, audit, review, or evaluate; or

> requests an action that I have authorized the Trust Protector to perform.

If the Trust Protector possesses the power to direct, consent to, or veto the actions of a Trustee described in the written complaint, I direct that the Trust Protector defer to the Trustee's judgment except in those instances in which the Trust Protector can find no rational basis for the Trustee's actions, omissions, or forbearances.  The Trust Protector will only suffer liability for an omission or forbearance if:

> the trust suffers monetary loss and the Trust Protector made no reasonable inquiry when alerted that the Trustee might have breached the Trustee's fiduciary duties; or

> even if the Trust Protector made a reasonable inquiry, no other reasonable person would have failed to take action against the Trustee under those circumstances.

If the Trust Protector chooses to direct, veto, or consent to an action of the Trustee, I intend that the Trust Protector exercise the authority with the same degree of care, skill, competence, and good judgment that a Trustee would exhibit in exercising those powers.

**Section 6.10      Indemnification of Trust Protector**

I recognize that some persons or institutions may be reluctant to serve as Trust Protector without indemnification by the trust for potential liability.  Therefore, I direct that my Trustee may expend the trust assets to defend any claim brought against any Trust Protector, unless the Trust Protector is shown by clear and convincing evidence to have acted in bad faith, even if the cost of the Trust Protector's defense would exhaust the trust's value.  If any claim brought against a Trust Protector is successful and the Trust Protector is shown to have acted in bad faith, my Trustee may seek reimbursement from that Trust Protector using any legal or equitable means available to the Trustee for the value of any trust assets used to defend the Trust Protector.

Any Trust Protector is entitled to reimbursement from the trust estate for any expenses, including reimbursement for attorney's fees and costs of litigation reasonably incurred to defend any claim brought against the Trust Protector, unless the Trust Protector is shown by clear and convincing evidence to have acted in bad faith.  This must be done even if the cost of the Trust Protector's defense would exhaust the trust's value.

This Section applies to any currently serving Trust Protector and for claims brought against any former Trust Protector in connection with his or her acts, omissions, or forbearances in regard to the trust while serving as Trust Protector.

**Section 6.11      Trust Protector Powers**

Any Trust Protector named or appointed under the provisions of this trust instrument has the following powers and authorities.

**(a)      Power to Amend or Modify the Trust Instrument**

The Trust Protector may amend or modify this instrument as it applies to any trust over which the Trust Protector is serving as Trust Protector to:

alter the administrative and investment powers of any Trustee;

reflect tax or other legal changes that affect trust administration;

correct ambiguities, including scrivener errors, that might otherwise require court construction or reformation; and

grant any trust beneficiary the testamentary power to appoint all or any portion of the person's trust or trust share to the creditors of the person's estate, or modify any existing power of appointment. The Trust Protector may require that the person first obtain the written consent of the Trust Protector before the person may exercise any testamentary power conferred under this Section.

Any testamentary power of appointment granted by the Trust Protector must be in writing, and may be revoked by any then-serving Trust Protector during the life of the beneficiary to whom the power was granted.

Notwithstanding the foregoing, my Trust Protector may not amend this instrument in any manner that would limit or alter the rights of a beneficiary in any trust assets held by the trust before the amendment.

Notwithstanding any other provision of this instrument, the Trust Protector may not amend or modify any power or provision of the trust so as to expand the Trust Protector's amending powers or the Trust Protector's other existing powers, authorities, or discretions.  But the previous provision does not prevent the Trust Protector from making amendments to correct scrivener's errors as to the Trust Protector's powers, authorities, and discretions, or to amend the trust in any manner required for the sole purpose of ensuring that the powers, authorities, and discretions of the Trust Protector remain legally binding and valid under state and federal law.

Any amendment made by the Trust Protector will be binding and conclusive on all persons interested in the trust, unless the amendment is shown by clear and convincing evidence to have been made in bad faith by the Trust Protector.  The Trust Protector may not be liable for any consequences of amending or not amending the trust.  Any amendment must be made in writing and signed by the Trust Protector.  The Trust Protector must deliver a copy of the amendment to the Primary Beneficiaries and Trustees of the amended trust.

## (b)    Power to Change the Governing Law and Situs of Administration

The Trust Protector may change the governing law of the trust, remove all or any part of the property, or change the situs of administration of the trust from one jurisdiction to another as more specifically set forth in Section 13.03 of this instrument.

## (c)    Power to Remove and Appoint Trustees and Advisors

If I am incapacitated or after my death, the Trust Protector may remove any Fiduciary of any trust created under this instrument at any time, with or without cause.

If, at any time, the office of any Fiduciary of a trust is vacant and no successor Fiduciary is effectively named, the Trust Protector may appoint an individual or a corporate fiduciary to serve as such Fiduciary.

If the Trust Protector removes a Fiduciary, notice of removal must be made in writing and delivered to me or my Legal Representative, if I am still living, the Fiduciary being removed and any other then-serving Fiduciaries.  The removal of

a Fiduciary will be effective in accordance with the terms of the notice of removal.

A Trust Protector may not appoint itself or any other then serving Trust Protector as a Fiduciary and a Trust Protector may not simultaneously serve as both Trust Protector and a Fiduciary.

If one or more beneficiaries also hold the power to remove a Fiduciary or appoint a Fiduciary in the event the office of the Fiduciary is vacant, the Trust Protector may veto any removal or appointment made by any beneficiary.

### (d)    Executing Documents Denoting Authority

The Trust Protector may execute and deliver, and may direct any Trustee to execute and deliver, any documents necessary to carry out any power granted to the Trust Protector or my Trustee.  All parties dealing with the Trust Protector and my Trustee may rely on statements and documents made by the Trust Protector and by any Trustee.  No party is required to inquire into any statement or document's validity.  If any conflict exists between assertions of authority made by the Trust Protector and my Trustee, assertions made by the Trust Protector will control, and any assertion made by my Trustee will be disregarded to the extent of the conflict.

## Section 6.12    Limitation on Trust Protector Powers

A Trust Protector may not exercise any power or discretion in favor of the Trust Protector, for the Trust Protector's benefit, or for the benefit of any person to whom the Trust Protector is related or subordinate within the meaning of Internal Revenue Code Section 672(c).  My intent is that nothing in this instrument be construed in any manner that would cause the Trust Protector to possess a general power of appointment within the meaning of Internal Revenue Code Sections 2041 and 2514.

## Section 6.13    Trust Protector May Release Powers

Acting on behalf of itself and all successor Trust Protectors, a Trust Protector may irrevocably release, renounce, suspend, or limit any power or discretion held by the Trust Protector at any time.

## Section 6.14    Trust Protector Considered to Have Consented

If any provision of this Article requires the consent or approval of a Trust Protector before a Trustee can act and the Trust Protector does not affirmatively deny consent to the proposed action in writing within 10 days of being notified in writing that approval or consent is sought for the particular act, the Trust Protector will be considered to have given consent or approval for the Trustee's proposed action.

## Section 6.15    Trust Protector Compensation

Any Trust Protector serving under this instrument is entitled to receive reasonable compensation for services rendered, taking into consideration:

> the market rate for similar services in the jurisdiction in which the Trust Protector serves;

> the breadth and nature of the powers, authorities, and discretions granted to the Trust Protector;

> the amount of time the Trust Protector will likely devote to overseeing the trust and my Trustee; and

> the trust property's current value and the projected amount of appreciation.

The Trust Protector is entitled to reimbursement for all expenses incurred in the performance of its duties as Trust Protector, including reasonable travel expenses.

Serving in the capacity of Trust Protector does not prevent the Trust Protector from also providing legal, investment, or accounting services on behalf of the trust or the trust beneficiaries.  If the Trust Protector is providing professional services, the Trust Protector is entitled to charge its normal and customary fees for services provided or to be provided, in addition to the Trust Protector's ordinary compensation as Trust Protector.

## Section 6.16    Right to Examine Trust Records

The books and records of each trust created under this instrument, including all documentation, inventories, and accountings, must be open and available for inspection by the Trust Protector at all reasonable times.

## Section 6.17    Employment of Professionals

Any Trust Protector may appoint, employ, and remove Investment Trust Advisors, accountants, auditors, depositories, custodians, brokers, consultants, attorneys, Advisors, agents, and employees to advise or assist in the performance of the Trust Protector's duties.  The Trust Protector may act on the recommendations of the persons or entities employed, with or without independent investigation.

The Trust Protector may reasonably compensate an individual or entity employed to assist or advise the Trust Protector, regardless of any other relationship existing between the individual or entity and the Trust Protector.

The Trust Protector may direct and my Trustee will pay the usual compensation for services contracted for under this Section out of trust income or principal as the Trust Protector advises. The Trust Protector may direct payment of compensation to an individual or entity employed to assist or advise the Trust Protector without diminishing the compensation to which the Trust

Protector is entitled under this instrument.  A Trust Protector who is a partner, stockholder, officer, director, or corporate affiliate in any entity employed to assist or advise the Trust Protector may nonetheless receive the Trust Protector's share of the compensation paid to the entity.

# Article Seven
# Administration During My Lifetime

During my lifetime, my Trustee shall retain all contributions to my trust in a single trust for the benefit of the lifetime beneficiaries as provided in this Article.

For purposes of this Article, a *contribution* includes a gift to the trust.

## Section 7.01    Distribution of Income and Principal

Upon direction from my Distribution Trust Advisor, my Trustee may distribute income or principal of the trust to the lifetime beneficiaries, as follows:

### (a)    Distribution of Income and Principal to Me

Upon direction from my Distribution Trust Advisor, my Trustee may distribute any portion of trust property to me or for my benefit as my Distribution Trust Advisor determines advisable for any purpose.  In making distributions, my Trustee may distribute net income, principal, or both.

In determining the advisability or necessity of making distributions, my Distribution Trust Advisor may consider other income or resources that are available to me outside of the trust and are known to my Distribution Trust Advisor.

I do not intend to limit the sole and absolute discretion of my Distribution Trust Advisor in any way, and I do not impose any fiduciary duty other than as expressly stated in this instrument.  I ask, but do not require, that my Trustee make distributions to or for my benefit during my lifetime to allow me to maintain my lifestyle as it existed at the time I created my trust.

### (b)    Distribution of Income and Principal to the Other Trust Beneficiaries

Upon direction from my Distribution Trust Advisor, my Trustee  may distribute any portion of trust property to or for the benefit of any lifetime beneficiary as my Distribution Trust Advisor determines advisable for any purpose.  In making distributions, my Trustee may distribute net income, principal, or both.

In determining the advisability or necessity of making distributions, my Distribution Trust Advisor may consider other income or resources that are available to the beneficiaries outside of the trust and are known to my Distribution Trust Advisor.

### (c)     Unequal Distributions Authorized

My Distribution Trust Advisor may direct my Trustee to make distributions to or for the benefit of one or more trust beneficiaries to the complete exclusion of the other beneficiaries.  As directed by my Distribution Trust Advisor, my Trustee may make distributions to beneficiaries in equal or unequal amounts according to their respective needs.

Before making any distribution or allocation of income or principal to a beneficiary, my Trustee may require a refunding agreement or may withhold any portion of the distribution or allocation until final determination or release of any claim or lien against the beneficiary.

Any net income not distributed is to be accumulated and added to the principal of the trust.

## Section 7.02     Allocation of Distributions to Lifetime Beneficiaries

If any distribution is made to or for the benefit of a beneficiary, the amount of the distribution will be charged against the trust as a whole, and not against any individual benefit the beneficiary may ultimately receive.  But if a distribution of principal is made to a lifetime beneficiary who holds a presently-exercisable power of withdrawal, the distribution will be deemed to be an exercise of the beneficiary's power to withdraw to the extent of the distribution. The beneficiary's remaining power to withdraw, if any, will be reduced by the amount of the distribution.

## Section 7.03     No Discharge of a Legal Obligation

Under no circumstances may my Trustee make any distribution to any beneficiary in a manner that would discharge any of my legal obligations.  Further, no distribution may be made that would discharge any of my wife's legal obligations.

## Section 7.04     Provisions as to Excluded Persons

Despite anything in this instrument, expressed or implied, no excluded person may take any benefit of any kind by virtue of, or in consequence of, this instrument and in particular, but without prejudice to the generality of the foregoing provisions of this Article:

the trust property and its income will from now on be possessed and enjoyed to the entire exclusion of any excluded person and of any benefit to any excluded person by contract, tort law, or otherwise;

no part of the trust property's principal or income may be paid, loaned to, or applied for the benefit, either directly or indirectly, of any excluded person in any manner or in any circumstances whatsoever;

no power or discretion (nor other exercise of any powers) granted or appointed under this instrument or conferred by law upon our Trustee may be exercised in

such manner that any excluded person will or may become entitled, either directly or indirectly, to any benefit in any manner or in any circumstances whatsoever; and

my Trustee may, by deed, with power of revocation, declare that one or more of the lifetime beneficiaries, other than me, will from now on be excluded from the class of beneficiaries and upon written amendment, these persons will no longer have any interest in the trust property, whether as to income, principle, or otherwise, but without prejudice to any payment or transfer made before this declaration.

## Section 7.05     Lifetime Limited Power of Appointment

During my lifetime, my Trustee shall distribute as much of the principal to or among one or more of one or more persons or entities as I from time to time direct in writing.  I may not exercise this power for the purpose of discharging my legal obligations or otherwise for my pecuniary benefit.

I may not exercise this lifetime limited power of appointment to appoint to myself, my estate, my creditors, or the creditors of my estate.  I may not exercise this lifetime limited power of appointment to create another power of appointment that, under the applicable local law, can be validly exercised so as to postpone the vesting of any estate or interest in such property; furthermore, I am prohibited from exercising the power to suspend the absolute ownership or power of alienation of the property, for a period ascertainable without regard to the date of the creation of the first power.

I intend that this lifetime power of appointment be a limited power of appointment and not a general power of appointment as defined in Section 2041 of the Internal Revenue Code.

## Section 7.06     Administration Upon My Death

Upon my death, my Trustee shall administer any remaining unappointed trust property as follows:

If my wife survives me, then upon my death, the remaining trust property will be held in a trust referred to as the *Family Trust*.  My Trustee shall hold and administer the Family Trust as provided in Article Eight.

If my wife does not survive me, then upon my death, my Trustee shall administer the remaining trust property as provided in Article Nine.

# Article Eight
# The Family Trust

My Trustee shall administer the Family Trust as provided in this Article.

## Section 8.01    Family Trust Beneficiaries

My wife and my descendants will be the beneficiaries of the Family Trust during my wife's lifetime.  In making distributions under this Article, my Trustee shall give consideration first to the needs of my wife and only thereafter to the needs of my descendants and the remainder beneficiaries.

## Section 8.02    Distributions of Income and Principal

My Independent Trustee may distribute to the Family Trust beneficiaries as much of the income and principal of the Family Trust as my Independent Trustee may determine advisable for any purpose.  If there is no Independent Trustee, my Trustee may distribute to the Family Trust beneficiaries as much income and principal as my Trustee determines is necessary or advisable for their health, education, maintenance and support in reasonable comfort.

Any undistributed net income is to be accumulated and added to principal.

## Section 8.03    Guidelines to my Trustee

In determining whether or not to make a discretionary distribution from the trust, my Trustee should bear in mind that my primary concern and objective is to provide for the well-being of my wife and the preservation of principal is not as important as the accomplishment of this objective.

My Trustee may make distributions to or for the benefit of one or more of my beneficiaries under this Article based on the priority of distributions set forth in Section 8.01.  I request, but do not require, that my Trustee consider the respective needs of my beneficiaries as well as other income and resources available to my beneficiaries.  When making distributions from the Family Trust, my Trustee may exclude any of the beneficiaries or may make unequal distributions among them.

A distribution made to a beneficiary under this Article is not to be considered an advance and will not be charged against the share to which the beneficiary may be entitled under other provisions of this instrument.

## Section 8.04    Testamentary Limited Power of Appointment

My wife has the testamentary limited power to appoint all or any portion of the principal and undistributed income remaining in the Family Trust among my descendants and charities qualified under Section 2055 of the Internal Revenue Code.

My wife may not exercise this testamentary limited power of appointment to appoint to herself, her estate, her creditors, or the creditors of her estate.  My wife may not exercise this testamentary limited power of appointment to create another power of appointment that, under the applicable local law, can be validly exercised so as to postpone the vesting of any estate or interest in such property for a period ascertainable without regard to the date of the creation of the first power; furthermore, my wife is prohibited from exercising the power to suspend the absolute ownership or power of alienation of the property for a period ascertainable without regard to the date of the creation of the first power.

I intend that this testamentary power of appointment be a limited power of appointment and not a general power of appointment as defined in Section 2041 of the Internal Revenue Code.

## Section 8.05    Termination of the Family Trust

The Family Trust will terminate upon the death of my wife.  My Trustee shall administer the unappointed balance or remainder of the Family Trust as provided in Article Nine.

# Article Nine
# Administration of Remaining Trust Property

After the death of my wife and me, my Trustee shall administer the remaining trust property as provided in this Article.

## Section 9.01    The Children's Trust

If my youngest living child has not attained 22 years of age, then until my youngest child has attained 22 years of age, my Trustee shall hold the trust property in a common trust (the *Children's Trust*) for the benefit of my living children and the living descendants of any deceased children.

If all of my living children have attained 22 years of age, my Trustee shall administer the trust property as provided in the Sections that follow this Section.

There is no Primary Beneficiary of the Children's Trust and for purposes of the Children's Trust, references in this instrument to the Primary Beneficiary will instead refer to a majority of my children.

My Trustee shall administer the Children's Trust as follows:

### (a)    Distribution of Income and Principal

My Independent Trustee may distribute to any one or more of my living children and the living descendants of any deceased children as much of the net income and principal of the Children's Trust as my Independent Trustee may determine advisable for any purpose.  If there is no Independent Trustee, my Trustee may distribute to any one or more of my living children and the living descendants of any deceased children as much of the income and principal of the Children's Trust as my Trustee determines is necessary or advisable for their health, education, maintenance and support in reasonable comfort.

When determining whether or not to make distributions under this subsection, I request, but do not require, that my Trustee consider both the respective needs of my beneficiaries and the other income and resources available to my beneficiaries.  My Trustee may make unequal distributions among my beneficiaries or make distributions to some but not all of my beneficiaries due to any disparity in resources or need.

Unless specifically designated as an advancement by my Trustee as provided in subsection (b), distributions to a beneficiary will not be considered advances and will not to be charged against the share to which the beneficiary may be entitled under other provisions of this instrument.

2018 Irrevocable Trust
9-1

Any undistributed net income is to be accumulated and added to the principal of the Children's Trust.

## (b)      Advancements

My Independent Trustee may make advancements by distributing principal of the Children's Trust to any of my children for the following purposes:

> To permit a child to enter into or engage in a business or profession;

> To permit a child to purchase a personal residence; or

> To pay the expenses of a beneficiary's first wedding.

Before making an advancement to any child, I request, but do not require, that my Independent Trustee consider the respective needs and requirements of all of the beneficiaries of the Children's Trust.

My Independent Trustee shall designate any distribution made under this subsection as an advancement. A determination by my Independent Trustee as to whether a distribution is for an advancement under this subsection or is a distribution under subsection (a) is conclusive on all persons.

## (c)      Guidelines for Discretionary Distributions

It is my desire that to the extent that it is reasonably practical, my Trustee exercise its discretion in making discretionary distributions of income and principal from the Children's Trust to ensure that my younger children are provided with the same advantages that may have been provided for my older children.

## (d)      Provisions for Guardians

If a child of mine resides in the home of a guardian or relative, my Trustee shall furnish as much property of the Children's Trust as my Trustee deems necessary or advisable to assist the guardian or relative in providing comfortable care and housing for my child.

For example, my Trustee may furnish trust property to the guardian or relative to purchase a more suitable home in which to accommodate my child or to improve the home of the guardian or relative for the purpose of accommodating my child. My Trustee may also furnish trust property to the guardian or relative to purchase personal property that is necessary or desirable to care for my child.

Notwithstanding anything in this instrument to the contrary, if the guardian or relative is also serving as a Trustee under this instrument, another Trustee, other than the guardian or relative, shall exercise the discretion permitted under this

subsection.  The guardian or relative has no authority and is not permitted to participate in any decision to furnish trust property as provided in this subsection.

**(e)    Termination of the Children's Trust**

The Children's Trust will terminate when I have no living children under the age of 22 years.  Upon termination, my Trustee shall administer the remaining trust property as provided in the Sections that follow.

## Section 9.02    Division of Remaining Trust Property

My Trustee shall divide the remaining trust property into separate shares for my descendants, *per stirpes*.

**(a)    Adjustments for Advancements**

In determining the value of the share for each child, my Trustee shall add to the value of the remaining trust property the value of all advancements, if any, made from the Children's Trust under Section 9.01(b).  The resulting total will be used to calculate the value of the shares created under this Section.

My Trustee shall reduce the share of each child by the value of all advancements, if any, made to the child from the Children's Trust under Section 9.01(b).  In making a reduction of any share for an advancement made from the Children's Trust under Section 9.01(b), my Trustee shall use the value of the property distributed as of the date of its distribution.  The share of any descendant of a deceased child will be reduced *pro rata* by any distribution made to the beneficiary's parent.

If the amount of the reduction exceeds the value of the share of any beneficiary, that beneficiary will receive nothing, but that beneficiary will not have a duty to refund any advancement that exceeds the value of the beneficiary's share, and the remaining beneficiaries' shares will be reduced pro rata to account for the shortfall.

**(b)    Separate Shares**

My Trustee shall administer the trust for each of my descendants (each such descendant for whom a share is created shall be referred to as the *Primary Beneficiary*) in a separate trust (a *Descendant's Trust*) for the benefit of the Primary Beneficiary and the descendants of the Primary Beneficiary as provided in the next Section.

## Section 9.03    Administration of the Descendant's Trusts

My Trustee shall administer each Descendant's Trust as provided in this Section:

### (a)    Descendant's Trust Beneficiaries

The Primary Beneficiary and the descendants of the Primary Beneficiary shall be the beneficiaries of the Descendant's Trust created for such Primary Beneficiary during his or her lifetime.  In making distributions under this Section, my Trustee shall give consideration first to the needs of the Primary Beneficiary and only thereafter to the needs of the descendants of the Primary Beneficiary and the remainder beneficiaries.

### (b)    Distributions of Income and Principal

The Trustee, other than an Interested Trustee, may distribute to the Descendant's Trust beneficiaries as much of the income and principal of the Descendant's Trust as such Trustee may determine advisable for any purpose.  If there is no Trustee that is not an Interested Trustee, the Trustee may distribute to the Descendant's Trust beneficiaries as much income and principal of the Descendant's Trust as the Trustee determines is necessary or advisable for their health, education, maintenance and support in reasonable comfort.

Any undistributed net income shall be accumulated and added to principal.

### (c)    Guidelines for Discretionary Distributions

Although I request that my Trustee consider the other known resources available to the beneficiaries before making distributions, I also request that my Trustee be liberal in making any distributions to the beneficiaries.  I acknowledge that the principal of the Descendant's Trust may be exhausted in making such distributions. In making discretionary distributions as my Trustee deems advisable for any purpose, it is my desire to provide for the well-being and happiness of the beneficiaries.

### (d)    Right to Withdraw Principal

The Primary Beneficiary shall have the right, exercisable by written request to the Trustee before the close of each calendar year, to withdraw either in cash or in kind:

> An amount from the principal of the Descendant's Trust not exceeding the amount referred to in Section 2514(e)(1) of the Internal Revenue Code (currently $5,000); and

> If the Primary Beneficiary is living on the last day of the calendar year, that percentage referred to in Section 2514(e)(2) (currently 5%) of the current fair market value of the principal of the Descendant's Trust that exceeds the amounts previously withdrawn by the Primary Beneficiary during the calendar year under this paragraph.

The amount referenced by Section 2514(e)(1) must be determined by taking into account all other powers of withdrawal exercised by the beneficiary that must be aggregated under Section 2514(e)(1) in determining the largest lapse that can occur without being treated as a release. This right of withdrawal shall be noncumulative and shall lapse if not exercised during the calendar year.

The Trustee shall distribute the requested property to the Primary Beneficiary outright, free from trust.

### (e)    Distribution Upon the Death of the Beneficiary

#### (1)    Limited Power of Appointment

The Primary Beneficiary shall have the testamentary limited power to appoint all or any portion of the principal and undistributed income remaining in the Descendant's Trust at the Primary Beneficiary's death among my descendants and charities qualified under Section 2055 of the Internal Revenue Code; provided, however, the Primary Beneficiary may not exercise this limited power of appointment to appoint to the Primary Beneficiary, the Primary Beneficiary's estate, the Primary Beneficiary's creditors, or creditors of the Primary Beneficiary's estate.

I intend this to be a limited power of appointment and not a general power of appointment as defined in Section 2041 of the Internal Revenue Code.

#### (2)    General Power of Appointment Over Property Subject to Taxable Generation-Skipping Transfers

The Primary Beneficiary of a Descendant's Trust shall have the unlimited and unrestricted testamentary general power to appoint to the creditors of his or her estate any property remaining in the Descendant's Trust at the Primary Beneficiary's death the distribution of which, in the absence of the exercise of the power of appointment, would cause a taxable generation-skipping transfer in excess of any available generation-skipping transfer tax exemption. The Primary Beneficiary shall have the sole and exclusive right to exercise this general power of appointment.

#### (3)    Distribution of Remaining Trust Property

Upon the death of the Primary Beneficiary, insofar as any part of a Descendant's Trust shall not be effectively appointed, my Trustee shall distribute the remaining unappointed balance *per stirpes* in trusts for the descendants of the Primary Beneficiary. If the Primary Beneficiary has no living descendants, my Trustee shall

distribute the balance of the trust property *per stirpes* in trusts for the descendants of the Primary Beneficiary's nearest lineal ancestor who was a descendant of mine or, if no such descendant is then living, *per stirpes* in trusts for my descendants.  My Trustee shall administer the trust for each of my descendants (each such descendant for whom a share is created shall be referred to as the *Primary Beneficiary*) in a separate trust (a *Descendant's Trust*) for the benefit of the Primary Beneficiary and the descendants of the Primary Beneficiary as provided in this Section.

If I have no living descendants, the Trustee shall distribute the balance of the trust property as provided in Article Ten.

# Article Ten
# Remote Contingent Distribution

If at any time no person or entity is qualified to receive final distribution of any part of my trust estate, this portion of my trust estate must be distributed one-half to those persons who would inherit it had I then died intestate owning this property, and one-half to those persons who would inherit it had my wife then died intestate owning this property.  This distribution will be as determined and proportioned under the laws of Nevada then in effect.

# Article Eleven
# Distributions to Underage and Incapacitated Beneficiaries

If my Trustee is authorized or directed under any provision of this trust to distribute net income or principal outright to a person who has not yet reached 25 years of age or who is incapacitated as defined in Section 14.04(j), my Trustee may make the distribution by any one or more of the methods described in Section 11.01. Alternatively, my Trustee may retain the trust property in a separate trust to be administered by my Trustee under Section 11.02.

I request that before making a distribution to a beneficiary, my Trustee consider, to the extent reasonable, the ability the beneficiary has demonstrated in managing prior distributions of trust property.

## Section 11.01    Methods of Distribution

My Trustee may distribute trust property for any beneficiary's benefit, subject to the provisions of this Article in any one or more of the following methods:

My Trustee may distribute trust property directly to the beneficiary.

My Trustee may distribute trust property to the beneficiary's guardian, conservator, parent, other family member, or any person who has assumed the responsibility of caring for the beneficiary.

My Trustee may distribute trust property to any person or entity, including my Trustee, as custodian for the beneficiary under the Uniform Transfers to Minors Act or similar statute.

My Trustee may distribute trust property to other persons and entities for the beneficiary's use and benefit.

My Trustee may distribute trust property to an agent or attorney in fact authorized to act for the beneficiary under a valid durable power of attorney executed by the beneficiary before becoming incapacitated.

## Section 11.02    Retention in Trust

My Trustee may retain and administer trust property in a separate trust for any beneficiary's benefit, subject to the provisions of this Article as follows.

### (a)    Distribution of Net Income and Principal

My Trustee, other than an Interested Trustee, may distribute to the beneficiary as much of the net income and principal of any trust created under this Section as my Trustee may determine advisable for any purpose. If there is no then-serving

Trustee that is not an Interested Trustee, my Trustee may distribute to the beneficiary as much of the net income and principal of the trust created under this Section as my Trustee determines is necessary or advisable for the beneficiary's health, education, maintenance or support.  Any undistributed net income will be accumulated and added to principal.

**(b)      Right of Withdrawal**

When the beneficiary whose trust is created under this Section either reaches 25 years of age or is no longer incapacitated, the beneficiary may withdraw all or any portion of the accumulated net income and principal from the trust.

**(c)      Distribution upon the Death of the Beneficiary**

Subject to the terms of the next paragraph, the beneficiary whose trust is created under this Section may appoint all or any portion of the principal and undistributed net income remaining in the beneficiary's trust at the beneficiary's death among one or more persons or entities, and the creditors of the beneficiary's estate.  The beneficiary has the exclusive right to exercise this general power of appointment.

The beneficiary may not exercise this power of appointment to appoint to the beneficiary, the beneficiary's estate, the beneficiary's creditors, or creditors of the beneficiary's estate from the *limited share* of the beneficiary's trust.  For purposes of this power of appointment, the *limited share* of the beneficiary's trust is that portion of the beneficiary's trust that has an inclusion ratio for generation-skipping transfer tax purposes of zero or that without the exercise of the power of appointment, would not constitute a taxable generation-skipping transfer at the beneficiary's death.  If the generation-skipping tax does not then apply, the limited share will be the beneficiary's entire trust.

If any part of the beneficiary's trust is not effectively appointed, my Trustee shall distribute the remaining unappointed balance *per stirpes* to the beneficiary's descendants.  If the beneficiary has no then-living descendants, my Trustee shall distribute the unappointed balance *per stirpes* to the then-living descendants of the beneficiary's nearest lineal ancestor who was a descendant of mine or, if there is no then-living descendant, *per stirpes* to my descendants.

If I have no then-living descendants, my Trustee shall distribute the balance of the trust property as provided in Article Ten.

## Section 11.03    Application of Article

Any decision made by my Trustee under this Article is final, controlling, and binding upon all beneficiaries subject to the provisions of this Article.

# Article Twelve
# Trust Administration

## Section 12.01    Distributions to Beneficiaries

Whenever this trust authorizes or the Distribution Trust Advisor directs my Trustee to make a net income or principal distribution to a beneficiary, my Trustee may apply any property that otherwise could be distributed directly to the beneficiary for his or her benefit.  My Trustee is not required to inquire into the beneficiary's ultimate disposition of the distributed property unless specifically directed otherwise by this trust.

My Trustee may make cash distributions, in-kind distributions, or distributions partly in each, in proportions and at values determined by my Trustee.  My Trustee may allocate undivided interests in specific assets to a beneficiary or trust in any proportion or manner that my Trustee determines, even though the property allocated to one beneficiary may be different from that allocated to another beneficiary.

My Trustee may make these determinations without regard to the income tax attributes of the property and without the consent of any beneficiary.

## Section 12.02    Beneficiary's Status

Until my Trustee receives notice of the incapacity, birth, marriage, death, or other event upon which a beneficiary's right to receive payments may depend, my Trustee will not be held liable for acting or not acting with respect to the event, or for disbursements made in good faith to persons whose interest may have been affected by the event.  Unless otherwise provided in this trust, a parent or Legal Representative may act on behalf of a minor or incapacitated beneficiary.

My Trustee may rely on any information provided by a beneficiary with respect to the beneficiary's assets and income.  My Trustee will have no independent duty to investigate the status of any beneficiary and will not incur any liability for not doing so.

## Section 12.03    No Court Proceedings

My Trustee shall administer this trust with efficiency, with attention to the provisions of this trust, and with freedom from judicial intervention.  If my Trustee or another interested party institutes a legal proceeding, the court will acquire jurisdiction only to the extent necessary for that proceeding.  Any proceeding to seek instructions or a court determination may only be initiated in the court with original jurisdiction over matters relating to the construction and administration of trusts.  Seeking instructions or a court determination is not to be construed as subjecting this trust to the court's continuing jurisdiction.

## Section 12.04    No Bond

My Trustee is not required to furnish any bond for the faithful performance of the Trustee's duties unless required by a court of competent jurisdiction, and only if the court finds that a bond is needed to protect the beneficiaries' interests.  No surety will be required on any bond required by any law or court rule, unless the court specifies its necessity.

## Section 12.05    Exoneration of My Trustee

No successor Trustee is obligated to examine the accounts, records, or actions of any previous Trustee.  No successor Trustee may be held responsible for any act, omission, or forbearance by any previous Trustee.

Any Trustee may obtain written agreements from the beneficiaries or their Legal Representatives releasing and indemnifying the Trustee from any liability that may have arisen from the Trustee's acts, omissions, or forbearances.  If acquired from all the trust's living beneficiaries or their Legal Representatives, any agreement is conclusive and binding on all parties, born or unborn, who may have or who may later acquire an interest in the trust.

Notwithstanding direction by my Distribution Trust Advisor, my Trustee may require a refunding agreement before making any distribution or allocation of trust income or principal, and may withhold distribution or allocation pending determination or release of a tax or other lien.

## Section 12.06    Limitations on Trustee Liability

I recognize that some persons or institutions may be reluctant to serve as Trustee because of a concern about potential liability.  Therefore, I direct that any individual or corporate fiduciary that serves as my Trustee will not incur any liability for any action, omission, or forbearance made in good faith reliance on information, consent, or directions received from a Trust Protector, a Distribution Trust Advisor or an Investment Trust Advisor, except for cases of willful misconduct or gross negligence on the Trustee's part.

Any individual or corporate fiduciary currently serving as a Trustee may expend any portion of the trust assets to defend any claim brought against the Trustee as a result of his or her good faith reliance on any information, consent, or directions received from a Trust Protector, a Distribution Trust Advisor or an Investment Trust Advisor, even if my Trustee's defense costs would exhaust the trust's value.

Except for cases of willful misconduct or gross negligence on the Trustee's part, any action, omission, or forbearance made in good faith reliance on information, consent, or directions received from a Trust Protector, a Distribution Trust Advisor or an Investment Trust Advisor will be considered to have been made in good faith for this Section's purposes.

Any individual or corporate fiduciary that formerly served as my Trustee is entitled to reimbursement from the trust estate for any expenses, including attorney's fees and litigation costs reasonably incurred to defend any claim brought against the Trustee even if the Trustee's

defense costs would exhaust the trust's value, , including reimbursement for attorney's fees and litigation costs reasonably incurred as a result of the Trustee's good faith reliance on information, consent, or directions received from a Trust Protector, a Distribution Trust Advisor or an Investment Trust Advisor, unless the Trustee is shown to have acted in bad faith by clear and convincing evidence.

In addition, a Trustee will not be held liable for any act or decision as to:

>tax matters, if the Trustee relied upon tax counsel's advice;

>legal matters, if the Trustee relied upon legal counsel's advice;

>life insurance matters, if the Trustee relied upon a life insurance underwriter's advice;

>general insurance matters, if the Trustee relied upon a licensed insurance Advisor's advice; and

>valuation matters, if the Trustee relied upon a Qualified Appraiser's valuation opinion or report.

A Trustee will not be held liable to the trust or to any trust beneficiary for any act or decision if the Trustee did not realize an economic benefit or personal gain from the transaction, action, or decision, unless clear and convincing evidence shows willful neglect, willful misconduct, or bad faith.

A Trustee is not liable for any loss to the trust or to the trust beneficiaries for any decision to invest any part of the trust property in a partnership, limited partnership, limited liability company, or other entity that provides additional protection of the trust's assets or that provides for the convenient management of jointly owned family property. This includes property held by one or more trusts for my family members, even if restrictions on transfer and liquidation may cause the ownership interest to have a fair market value that is less than that of the assets contributed to the entity, or if the lack of control over the interests (or lack of diversification of investments as a result of being transferred to the entity) has an adverse impact on the asset's value.

## Section 12.07   Trustee Compensation

An individual serving as Trustee is entitled to fair and reasonable compensation for the services provided as a fiduciary. A corporate fiduciary serving as Trustee will be compensated by agreement between an individual serving as Trustee and the corporate fiduciary. In the absence of an individual Trustee or an agreement, a corporate fiduciary will be compensated in accordance with the corporate fiduciary's current published fee schedule.

A Trustee may charge additional fees for services provided that are beyond the ordinary scope of duties, such as fees for legal services, tax return preparation, and corporate finance or investment banking services.

In addition to receiving compensation, a Trustee may be reimbursed for reasonable costs and expenses incurred in carrying out the Trustee's duties under this trust.

## Section 12.08   Employment of Professionals

My Trustee may appoint, employ, and remove Investment Trust Advisors, accountants, auditors, depositories, custodians, brokers, consultants, attorneys, Advisors, agents, and employees to advise or assist in the performance of my Trustee's duties.   My Trustee may act on the recommendations of the persons or entities employed, with or without independent investigation.

My Trustee may reasonably compensate an individual or entity employed to assist or advise my Trustee, regardless of any other relationship existing between the individual or entity and my Trustee.

My Trustee may compensate providers of contracted services at the usual rate out of the trust's income or principal, as my Trustee deems advisable.  My Trustee may compensate an individual or entity employed to assist or advise my Trustee without diminishing the compensation the Trustee is entitled to under this trust.  A Trustee who is a partner, stockholder, officer, director, or corporate affiliate in any entity employed to assist or advise my Trustee may still receive the Trustee's share of the compensation paid to the entity.

## Section 12.09   Exercise of Testamentary Power of Appointment

A testamentary power of appointment granted under this trust may be exercised by a will, living trust or other written instrument specifically referring to the power of appointment.  The holder of a testamentary power of appointment may exercise the power to appoint property among the permissible appointees in equal or unequal proportions, and may designate the terms and conditions, whether outright or in trust.  The holder of a testamentary power of appointment may grant further powers of appointment to any person to whom principal may be appointed, including a presently exercisable limited or general power of appointment.

My Trustee may conclusively presume that any power of appointment granted to any beneficiary of a trust created under this trust has not been exercised by the beneficiary if my Trustee has no knowledge of the existence of a will, living trust or other written instrument exercising the power within three months after the beneficiary's death.

## Section 12.10   Determination of Principal and Income

My Trustee shall determine how all Trustee fees, disbursements, receipts, and wasting assets will be credited, charged, and apportioned between principal and income in a fair, equitable, and practical manner.  My Trustee may allocate capital gain to income rather than principal.

My Trustee may set aside from trust income reasonable reserves for taxes, assessments, insurance premiums, repairs, depreciation, obsolescence, depletion, and the equalization of payments to or for the beneficiaries.  My Trustee may select appropriate accounting periods for the trust property.

## Section 12.11   Trust Accounting

Except to the extent required by law, my Trustee is not required to file accountings in any jurisdiction. The annual accounting must include the receipts, expenditures, and distributions of income and principal and the assets on hand for the accounting period. A copy of the federal fiduciary tax return filed for a trust during the accounting will satisfy this reporting requirement.

In the absence of fraud or obvious error, assent by all Income Beneficiaries to a Trustee's accounting will make the matters disclosed in the accounting binding and conclusive upon all persons, including those living on this date and those born in the future who have or will have a vested or contingent interest in the trust property. In the case of an Income Beneficiary who is a minor or incapacitated, the beneficiary's natural guardian or Legal Representative may give the assent required under this Section.

A beneficiary may object to an accounting provided by my Trustee only by giving written notice to my Trustee within 60 days after my Trustee provides the accounting. Any beneficiary who does not submit a timely written objection is considered to assent to the accounting.

My Trustee must make the trust's financial records and documents available to beneficiaries at reasonable times and upon reasonable notice for inspection. My Trustee is not required to furnish any information regarding my trust to anyone other than a beneficiary. My Trustee may exclude any information my Trustee determines is not directly applicable to the beneficiary receiving the information.

In all events, a beneficiary's Legal Representative may receive any notices and take any action on behalf of the beneficiary as to an accounting. If any beneficiary's Legal Representative fails to object to any accounting in writing within 60 days after my Trustee provides the accounting, the beneficiary's Legal Representative will be considered to assent to the accounting.

## Section 12.12   Action of Trustees and Delegation of Trustee Authority

If two Trustees are eligible to act with respect to a given matter, they must agree unanimously for action to be taken unless the express terms of the Trustees' appointment provide otherwise. If more than two Trustees are eligible to act with respect to a given matter, the Trustees must agree by majority for action to be taken.

A nonconcurring Trustee may dissent or abstain from a decision of the majority. A Trustee will be absolved from personal liability by registering the dissent or abstention in the trust records. After doing so, the dissenting Trustee must then act with my other Trustees in any way necessary or appropriate to effect the majority decision.

Subject to the limitations set forth in Section 13.23, any Trustee may, by written instrument, delegate to any other Trustee the right to exercise any power, including a discretionary power, granted to my Trustee in this trust. During the time a delegation under this Section is in effect, the Trustee to whom the delegation is made may exercise the power to the same extent as if the delegating Trustee has personally joined in the exercise of the power. The delegating Trustee

may revoke the delegation at any time by giving written notice to the Trustee to whom the power was delegated.

### Section 12.13    Trustee May Disclaim or Release Any Power

Notwithstanding any provision of this trust to the contrary, any Trustee may relinquish any Trustee power in whole or in part, irrevocably or for any specified period of time, by a written instrument.  The Trustee may relinquish a power personally or may relinquish the power for all subsequent Trustees.

### Section 12.14    Trustee May Execute a Power of Attorney

My Trustee may appoint any individual or entity to serve as my Trustee's agent under a power of attorney to transact any business on behalf of my trust or any other trust created under this trust.

### Section 12.15    Additions to Separate Trusts

If upon the termination of any trust created under this trust, a final distribution is to be made to a person who is the Primary Beneficiary of another trust established under this trust, and there is no specific indication whether the distribution is to be made in trust or outright, my Trustee shall make the distribution to the second trust instead of distributing the property to the beneficiary outright.  For purposes of administration, the distribution will be treated as though it had been an original part of the second trust.

### Section 12.16    Authority to Merge or Sever Trusts

My Trustee may merge a trust created under this trust with any other trust, if the two trusts contain substantially the same terms for the same beneficiaries and have at least one Trustee in common.  My Trustee may administer the merged trust under the provisions of the instrument governing the other trust, and this trust will no longer exist if it merges into another trust. Accordingly, in the event another trust is merged into this trust or a trust created under the provisions of this trust document, my Trustee may shorten the period during which this trust subsists to comply with Section 14.01, if necessary, to effect the merger.  But if a merger does not appear feasible, my Trustee may consolidate the trusts' assets for purposes of investment and trust administration while retaining separate records and accounts for each respective trust.

My Trustee may sever any trust on a fractional basis into two or more separate and identical trusts, or may segregate a specific amount or asset from the trust property by allocating it to a separate account or trust.  The separate trusts may be funded on a *non pro rata* basis, but the funding must be based on the assets' total fair market value on the funding date.  After the segregation, income earned on a segregated amount or specific asset passes with the amount or asset segregated.  My Trustee shall hold and administer each severed trust upon terms and conditions identical to those of the original trust.

Subject to the trust's terms, my Trustee may consider differences in federal tax attributes and other pertinent factors in administering the trust property of any separate account or trust, in

making applicable tax elections and in making distributions.  A separate trust created by severance must be treated as a separate trust for all purposes from the effective severance date; however, the effective severance date may be retroactive to a date before my Trustee exercises the power.

## Section 12.17    Authority to Terminate Trusts

My Trust Protector may terminate any trust created under this trust at any time, if my Trust Protector determines that administering a trust created under this trust is no longer economical or is otherwise inadvisable, or if my Trust Protector determines that terminating the trust is in the best interest of my beneficiaries.  Once distributed, my Trustee will have no further responsibility with respect to that trust property.  My Trustee will distribute the trust property from a terminated trust in this order:

> to the beneficiaries then entitled to mandatory distributions of the trust's net income, in the same proportions; and then

> if none of the beneficiaries are entitled to mandatory distributions of net income, to the beneficiaries then eligible to receive discretionary distributions of the trust's net income, in the amounts and shares my Trust Protector determines.

## Section 12.18    Merger of Corporate Fiduciary

If any corporate fiduciary acting as the Trustee under this trust is merged with or transfers substantially all of its trust assets to another corporation, or if a corporate fiduciary changes its name, the successor will automatically succeed to the trusteeship as if that successor had been originally named a Trustee.  No document of acceptance of trusteeship will be required.

## Section 12.19    Funeral and Other Expenses of Beneficiary

Upon the death of an Income Beneficiary, my Trustee may pay the funeral expenses, burial or cremation expenses, enforceable debts, or other expenses incurred due to the death of the beneficiary from trust property.  This Section only applies to the extent the Income Beneficiary has not exercised any testamentary power of appointment granted to the beneficiary under this trust.

My Trustee may rely upon any request by the deceased beneficiary's Legal Representative or family members for payment without verifying the validity or the amounts and without being required to see to the application of the payment.  My Trustee may make decisions under this Section without regard to any limitation on payment of expenses imposed by statute or court rule and without obtaining the approval of any court having jurisdiction over the administration of the deceased beneficiary's estate.

## Section 12.20    Events of Duress

Despite any other provision of this instrument, an exercise, nonexercise, action, or inaction is invalid and of no effect if:

the exercise or nonexercise of any right, power, or discretion vested in or reserved to any person is exercised or not exercised because of an *event of duress*;

in the good-faith opinion of my Trustee holding office immediately prior to the exercise, nonexercise, action, or inaction, the action or inaction of any person who has an interest under this trust is, or would be, affected by an event of duress, and the exercise, nonexercise, action, or inaction, as the case may be, is not for the benefit of those persons who are beneficiaries immediately prior to the exercise, nonexercise, action, or inaction; or

my Trustee reasonably believes that the exercise, nonexercise, action, or inaction would result in an adverse tax consequence for federal, state, or local tax purposes.

In these circumstances, without limiting the generality thereof:

if any person refuses to consent to the exercise of a duty or power by my Trustee, my Trustee shall disregard the withholding of consent and may exercise the duty or power accordingly without requiring any consent of any person;

if any person directs the addition or deletion of any beneficiary under this instrument, or otherwise directs my Trustee in connection with any matter concerning the management or administration of the trust property, my Trustee shall disregard this direction;

if any person purports to exercise his or her powers to remove or appoint any Trustee, or to exercise any power of appointment or rights of veto, this exercise is invalid and the Trustee holding office immediately prior to this exercise shall disregard the exercise;

if the holder of a power of appointment purports to exercise the power of appointment, my Trustee shall administer the property subject to the power of appointment as if the purported exercise had not occurred; and

if any person purports to exercise the power to amend this instrument, which power I hereby again acknowledge and declare that I lack under this instrument, this exercise is ineffective and null and void.

If any above-described event occurs, my Trustee is required to record its full details in my Trustee's minute book or other records of the trust.

My Trustee is entitled to assume the nonexistence of any Event of Duress unless my Trustee receives written notice of an Event of Duress.  My Trustee is entitled to rely, without further inquiry, on any such written notice.

## Section 12.21    Power to Postpone Distribution

Despite the foregoing provisions of this instrument, my Trustee (other than any Trustee who is also a present or contingent beneficiary of a trust under this trust or a grantor or donor as to any irrevocable gift made to that trust), with sole and absolute discretion, has the power to postpone or suspend any principal distribution, for any definite or indefinite period.   This includes distributions under the exercise of a right of withdrawal (unless this right of withdrawal is specifically provided to be unqualifiedly exercisable in all events), otherwise required to be made from that trust to any one or more of its beneficiaries upon or after the beneficiary's exercise of the withdrawal right, attainment of a specified age, or following the death of a certain identified third person.

My Trustee may postpone or suspend the termination of a trust that might otherwise be required, all as if upon the attainment of a specified age or following the death of an identified third person, the beneficiary was merely to become entitled to receive the net income of this trust (or of the part that would otherwise have been distributed to the beneficiary under the trust), if my Trustee, with sole and absolute discretion, determines, in view of Grantor's apparent overall intent, there is a compelling reason to postpone the distribution.  By way of example and not limitation, these compelling reasons may include the beneficiary's disability, a pending divorce, potential financial difficulty (such as potential or pending creditor claims), a serious tax disadvantage in making the distribution, or similar substantial cause.  My Trustee may continue any distribution postponement or suspension, in whole or in part, from time to time, up to and including the entire lifetime of the beneficiary.  While this postponement continues, all of the other provisions previously applicable to the trust continue in effect except:

> any power of appointment previously applicable to the otherwise distributable corpus is exercisable only with my Trustee's approval; and

> the beneficiary will only receive distributions from time to time from the corpus and its income in amounts that my Trustee, with sole and absolute discretion, determines to be in the beneficiary's best interests.

## Section 12.22    Distribution during an Event of Duress

If at any time this instrument directs the distribution on any trust termination of any property, whether income or principal, to any proposed beneficiary who may be affected by an event of duress, my Trustee shall continue to hold the property in trust as a separate fund for the beneficiary's benefit until the event of duress no longer applies.  My Trustee has sole and absolute discretion to determine if a beneficiary is affected by an event of duress.  My Trustee shall manage, invest, and reinvest this fund under this instrument as if the trust termination had not been directed, distributing the fund's principal and net income to or for the beneficiary's benefit as my Trustee from time to time determines to be in the beneficiary's best interests.  My

Trustee shall add any undistributed income back to the principal. After the event of duress no longer applies, all of the funds will be distributed to the beneficiary, or, if the beneficiary has died before the event of duress no longer applies, to the beneficiary's estate.

## Section 12.23    Generation-Skipping Transfer Tax Provisions

If any trust created under this trust would be partially exempt from generation-skipping transfer tax after the intended allocation of Available GST Exemption to the trust, then my Trustee may divide the partially exempt trust so that the allocation of Available GST Exemption can be made to a trust that will be entirely exempt from generation-skipping transfer tax. If my Trustee chooses to divide a trust that would otherwise be a partially exempt trust, my Trustee must create and administer the separate trusts as provided in this Section.

### (a)    Division into Exempt and Non-Exempt Trusts

My Trustee shall divide the property of the otherwise partially-exempt trust into two separate trusts, the *exempt trust* and the *nonexempt trust*. The exempt trust will consist of the largest fractional share of the otherwise partially exempt trust's total assets that will permit the exempt trust to be entirely exempt from generation-skipping transfer tax. The *nonexempt trust* will consist of the balance of the otherwise partially exempt trust's total assets.

To compute the fractional share, my Trustee will use asset values as finally determined for federal estate tax purposes. My Trustee must then apply the fraction to the assets at their actual value on the effective date or dates of distribution so that the actual value of the fractional share resulting from the application of the fraction will include fluctuations in the trust property's value.

### (b)    Administration of the Trusts

My Trustee shall administer the exempt and nonexempt trusts created under this Section as separate and independent trusts, but under the same terms as the original trust. To the extent possible, my Trustee should make distributions to a non-skip person as defined by Internal Revenue Code Section 2613 from the nonexempt trust and distributions to a skip person as defined by Section 2613 from an exempt trust. My Trustee may designate names for the exempt and nonexempt trusts.

If an exempt trust and a nonexempt trust are further divided under the terms of this trust, my Trustee may allocate property from the exempt trust first to the trust from which a generation-skipping transfer is more likely to occur.

### (c)    Expression of My Intent

My intent is to minimize the application of the generation-skipping transfer tax to the trust property, but not to affect the total amount of trust property to which any

beneficiary may be entitled under this trust. This trust must be construed and interpreted to give effect to this intent.

### (d)    Additions of Property to Exempt and Non-Exempt Trusts

If at any time any property that has an inclusion ratio greater than zero for generation-skipping transfer tax purposes would be added to a trust with property that has an inclusion ratio of zero, then my Trustee will instead hold the property in a separate trust on the same terms and conditions as the original trust.

### (e)    Re-Allocation

If my Trustee's determination of whether a trust in this trust is partially, entirely, or not exempt from GST taxes is later incorrect (for example, if the Congress by law or the Service by regulation or ruling applies the generation-skipping transfer tax retroactively to the trust), my Trustee may re-allocate the assets as of the initial division date, as provided in this Section.

## Section 12.24    Independent Trustee May Confer Testamentary Power of Appointment

During the Primary Beneficiary's lifetime, my Independent Trustee may grant the Primary Beneficiary a testamentary power to appoint all or part of the Primary Beneficiary's trust or trust share to the creditors of the Primary Beneficiary's estate. My Independent Trustee may require that the Primary Beneficiary obtain the consent of my Independent Trustee granting the power, as a condition for the exercise of the power. Any testamentary power of appointment granted by my Independent Trustee must be in writing and may be revoked at any time during the lifetime of the Primary Beneficiary to whom the power was given. I suggest that my Independent Trustee exercise this authority to subject trust property to estate tax instead of the generation-skipping transfer tax when it may reduce overall taxes.

## Section 12.25    Decanting of Trust

In accordance with NRS 163.556 the Trustee is authorized to appoint Trust property to another trust. Except as otherwise provided in this section, unless the terms this Trust provide otherwise, a trustee with discretion or authority to distribute trust income or principal to or for a beneficiary of the trust may exercise such discretion or authority by appointing the property subject to such discretion or authority in favor of a second trust as provided in this section or else wherein the Trust instrument.

The second trust to which a trustee appoints property of the first trust may only have as beneficiaries one or more of the beneficiaries of the original trust: (a) To or for whom a distribution of income or principal may be made from the original trust; (b) To or for whom a distribution of income or principal may be made in the future from the original trust at a time or upon the happening of an event specified under the first trust; or (c) Both (a) and (b). For purposes of this section, a permissible appointee of a power of appointment exercised by a beneficiary of the second trust is not considered a beneficiary of the second trust.

For the purposes of this section, "second trust" means an irrevocable trust that receives trust income or principal appointed by the trustee of the original trust, and may be established by any person, including, without limitation, a new trust created by the trustee, acting in that capacity, of the original trust. If the trustee of the original trust establishes the second trust, then for purposes of creating the new second trust, the requirement of NRS 163.008 that the instrument be signed by the settlor shall be deemed to be satisfied by the signature of the trustee of the second original trust. The second trust may be a trust created under the same trust instrument as the original trust or under a different trust instrument.

The power to appoint the property of the original trust pursuant to subsection a. above must be exercised in writing, signed by the trustee and filed with the records of the trust with written notice and approval of the beneficiaries and any Distribution Trust Advisor (investment committee) prior to establishing the second trust. The provisions of this section do not impose upon a trustee a duty to exercise the power to appoint property pursuant to subsection a. above. The power to appoint property to another trust pursuant to subsection a. is not a power to amend the trust and a trustee is not prohibited from appointing property to another trust pursuant to subsection a. if the original trust is irrevocable or provides that it may not be amended. A trustee's power to appoint property to another trust pursuant to subsection a. is not limited by the existence of a spendthrift provision in the original trust and those provisions shall not be waived or released to the greatest extent provided by Nevada law.

# Article Thirteen
# My Trustee's Powers

## Section 13.01    Introduction to Trustee's Powers

Except as otherwise specifically provided in this trust, my Trustee may exercise the powers granted by this trust without prior approval from any court, including those powers set forth under the laws of the State of Nevada or any other jurisdiction whose law applies to this trust. The powers set forth in Nevada Uniform Trusts Act are specifically incorporated into this trust. The powers conferred upon my Trustee by law shall be subject to any express limitations or contrary directions contained in this agreement, including, but not limited to, the division of powers, authorities and discretion between my Trustee and any then serving Investment Trust Advisor and Distribution Trust Advisor.

My Trustee shall only exercise the powers conferred by this Article at the direction of any then serving Investment Trust Advisor and Distribution Trust Advisor. All discretions, powers, authorities and limitations of the Trustee in this Article shall also apply to any Investment Trust Advisor then serving.  In conjunction with the Investment Trust Advisor and the Distribution Trust Advisor, my Trustee shall exercise the Trustee powers in the manner my Trustee determines to be in the beneficiaries' best interests.  My Trustee must not exercise any power inconsistent with the beneficiaries' right to the enjoyment of the trust property in accordance with the general principles of trust law.  I expressly waive any duty of impartiality for my Trustee as to the beneficiaries

My Trustee may have duties and responsibilities in addition to those described in this trust.  I encourage any individual or corporate fiduciary serving as Trustee to obtain appropriate legal advice if my Trustee has any questions concerning the duties and responsibilities as Trustee.

## Section 13.02    Execution of Documents by My Trustee

My Trustee may execute and deliver any written instruments that my Trustee considers necessary to carry out any powers granted in this trust.

## Section 13.03    Investment Powers in General

My Trustee may invest in any type of investment that my Trustee determines is consistent with the investment goals of the trust, whether inside or outside the geographic borders of the United States of America and its possessions or territories, taking into account the overall investment portfolio of the trust.

Without limiting my Trustee's investment authority in any way, I request that my Trustee exercise reasonable care and skill in selecting and retaining trust investments.  I also request that my Trustee take into account the following factors in choosing investments:

the potential return from the investment, both in income and appreciation;

the potential income tax consequences of the investment;

the investment's potential for volatility; and

the role the investment will play in the trust's portfolio.

I request that my Trustee also consider the possible effects of inflation or deflation, changes in global and US economic conditions, transaction expenses, and the trust's need for liquidity while arranging the trust's investment portfolio.

My Trustee may delegate his or her discretion to manage trust investments to any registered Investment Trust Advisor or corporate fiduciary.

## Section 13.04    Banking Powers

My Trustee may establish any type of bank account in any banking institutions that my Trustee chooses.  If my Trustee makes frequent disbursements from an account, the account does not need to be interest bearing.  My Trustee may authorize withdrawals from an account in any manner.

My Trustee may open accounts in the name of my Trustee, with or without disclosing fiduciary capacity, and may open accounts in the name of the trust.  When an account is in the name of the trust, checks on that account and authorized signatures need not disclose the account's fiduciary nature or refer to any trust or Trustee.

## Section 13.05    Business Powers

If the trust owns or acquires an interest in a business entity, whether as a shareholder, partner, general partner, sole proprietor, member, participant in a joint venture, or otherwise, my Trustee may exercise the powers and authority provided for in this Section.  The powers granted in this Section are in addition to all other powers granted to my Trustee in this trust.

### (a)    No Duty to Diversify

Notwithstanding any duty to diversify imposed by state law or any other provision of this trust, my Trustee may acquire or indefinitely retain any ownership interest in or indebtedness of any closely held or nonpublicly traded entity in which the trust, myself, my spouse, my descendants, and the spouses of my descendants have an ownership interest (the *business interests*), and even though any business interest may constitute all or a substantial portion of the trust property.  I specifically authorize my Trustee to invest or indefinitely retain all or any part of the trust property in these business interests, regardless of any resulting risk, lack of income, diversification, or marketability.  I waive any applicable prudent investor rule, as well as the Trustee's standard of care and duty to diversify with respect to the acquisition or retention of these business interests.

I recognize that the value of a noncontrolling interest in a business entity may be less than the underlying value of the entity's net assets. Nevertheless, I authorize my Trustee to acquire or retain any noncontrolling business interests.

**(b)      Specific Management Powers**

My Trustee has all power and authority necessary to manage and operate any business owned by the trust, whether directly or indirectly, including the express powers set forth in this Subsection. My Trustee may participate directly in the conduct of the business, by serving as a general partner of a limited partnership, a member, manager or managing member of a limited liability company, or a shareholder of a corporation, or may employ others to serve in that capacity.

My Trustee may participate in the management of the business and delegate management duties and powers to any employee, manager, partner, or associate of the business, without incurring any liability for the delegation. To the extent that the business interest held by the trust is not one that includes management powers (such as a minority stock interest, limited partnership interest, or a membership interest in a limited liability company), my Trustee has no obligation to supervise the management of the underlying assets, and no liability for the actions of those who do manage the business.

My Trustee may enter into management trusts and nominee trusts in which my Trustee and the trust may serve as the exclusive manager or nominee of property or property interests on behalf of any limited partnership, limited liability company, or corporation.

My Trustee, individually, or if my Trustee is a corporate fiduciary, then an employee of my Trustee, may act as a director, general or limited partner, associate, or officer of the business.

My Trustee may participate with any other person or entity in the formation or continuation of a partnership either as a general or limited partner, or in any joint venture. My Trustee may exercise all the powers of management necessary and incidental to a membership in the partnership, limited partnership, or joint venture, including making charitable contributions.

My Trustee may reduce, expand, limit, or otherwise adjust the operation or policy of the business. My Trustee may subject the trust's principal and income to the risks of the business for any term or period, as my Trustee determines.

For any business in which the trust has an interest, my Trustee may advance money or other property, make loans (subordinated or otherwise) of cash or securities, and guarantee the loans of others made to the business. My Trustee may borrow money for the business, either alone or with other persons interested in the business, and may secure the loan or loans by a pledge or mortgage of any part of any trust property.

My Trustee may select and vote for directors, partners, associates, and officers of the business. My Trustee may enter into owners' agreements with a business in which the trust has an interest or with the other owners of the business.

My Trustee may execute agreements and amendments to agreements as may be necessary to the operation of the business, including stockholder agreements, partnership agreements, buy-sell agreements, and operating agreements for limited liability companies.

My Trustee may generally exercise any powers necessary for the continuation, management, sale, or dissolution of the business.

My Trustee may participate in the sale, reorganization, merger, consolidation, recapitalization, or liquidation of the business. My Trustee may sell or liquidate the business or business interest on terms my Trustee deems advisable and in the best interests of the trust and the beneficiaries. My Trustee may sell any business interest held by the trust to one or more of the beneficiaries of this trust or to any trust in which a majority of the beneficiaries are beneficiaries of this trust. My Trustee may make the sale in exchange for cash, a private annuity, an installment note, or any combination of those.

My Trustee may exercise all of the business powers granted in this trust even though my Trustee may be personally invested in or otherwise involved with the business.

**(c)     Business Liabilities**

If any tort or contract liability arises in connection with the business, and if the trust is liable, my Trustee will first satisfy the liability from the assets of the business, and only then from other trust property as determined by my Trustee.

**(d)     Trustee Compensation**

In addition to the compensation set forth in Section 12.07, my Trustee may receive additional reasonable compensation for services in connection with the operation of the business. My Trustee may receive this compensation directly from the business, the trust or both.

**(e)     Conflicts of Interest**

My Trustee may exercise all of the powers granted in this trust even though my Trustee may be involved with or have a personal interest in the business.

## Section 13.06    Contract Powers

My Trustee may sell at public or private sale, transfer, exchange for other property, and otherwise dispose of trust property for consideration and upon terms and conditions that my

Trustee deems advisable. My Trustee may grant options of any duration for any sales, exchanges, or transfers of trust property.

My Trustee may enter into contracts, and may deliver deeds or other instruments, that my Trustee considers appropriate.

### Section 13.07    Common Investments

For purposes of convenience with regard to the trust property's administration and investment, my Trustee may invest part or all of the trust property jointly with property of other trusts for which my Trustee is also serving as a Trustee. A corporate fiduciary acting as my Trustee may use common funds for investment. When trust property is managed and invested in this manner, my Trustee will maintain records that sufficiently identify this trust's portion of the jointly invested assets.

### Section 13.08    Environmental Powers

My Trustee may inspect trust property to determine compliance with or to respond to any environmental law affecting the property. For purposes of this trust *environmental law* means any federal, state, or local law, rule, regulation, or ordinance protecting the environment or human health.

My Trustee may refuse to accept property if my Trustee determines that the property is or may be contaminated by any hazardous substance or is or was used for any purpose involving hazardous substances that could create liability to the trust or to any Trustee.

My Trustee may use trust property to:

> conduct environmental assessments, audits, or site monitoring;

> take remedial action to contain, clean up, or remove any hazardous substance including a spill, discharge, or contamination;

> institute, contest, or settle legal proceedings brought by a private litigant or any local, state, or federal agency concerned with environmental compliance;

> comply with any order issued by any court or by any local, state, or federal agency directing an assessment, abatement, or cleanup of any hazardous substance; and

> employ agents, consultants, and legal counsel to assist my Trustee in these actions.

My Trustee is not liable for any loss or reduction in value sustained by the trust as a result of my Trustee's decision to retain property on which hazardous materials or substances requiring remedial action are discovered, unless my Trustee contributed to that loss through willful misconduct or gross negligence.

My Trustee is not liable to any beneficiary or to any other party for any decrease in the value of property as a result of my Trustee's actions to comply with any environmental law, including any reporting requirement.

My Trustee may release, relinquish, or disclaim any power held by my Trustee that my Trustee determines may cause my Trustee to incur individual liability under any environmental law.

### Section 13.09    Farming and Ranching Operations

If the trust owns or acquires an interest in a farm, ranch, or other agricultural property or business, my Trustee may exercise the authority and discretion provided in this Section.  The powers granted in this Section are in addition to all other powers granted to my Trustee in this trust.

### (a)        Authority to Operate the Farm or Ranch

Notwithstanding any duty to diversify imposed by state law, my Trustee may retain and continue to operate a farm or ranch, even though the interest may constitute all or a substantial portion of the trust property.

My Trustee may take part in farm or ranch management, or hire a farm manager or a professional farm management service.  My Trustee may delegate any of the powers authorized by this Section to a hired farm manager or professional farm management service.

My Trustee may purchase, sell, hold, manage, operate, lease, improve, and maintain the farm or ranch and any of its interests, and in general deal with all things necessary for operation as my Trustee deems advisable.

My Trustee may buy, sell, and raise livestock; plant, cultivate, harvest, and sell cash crops; produce timber or forest products for sale; or lease or rent all or part of the farm or ranch for cash or a crop share.

My Trustee may contract with hired labor, tenants, or sharecroppers.

My Trustee may construct, repair, and improve farm buildings, fences, and other farm or ranch structures, including drainage facilities, wells, ponds, and lagoons. My Trustee may participate in cooperative agreements concerning water and ditch rights.

My Trustee may purchase or rent any kind of farm machinery, equipment, feed, and seed necessary to operate the farm or ranch.

My Trustee may use approved soil conservation practices in order to conserve, improve, and maintain the soil's productivity.  My Trustee may engage in timber or forest conservation practices.

My Trustee may engage in any farm program sponsored by any federal, state, or local governmental agency.

### (b)    Business Liabilities

If any tort or contract liability arises in connection with the farm or ranch, and if the trust is liable, my Trustee will first satisfy the liability from the assets of the farm or ranch, and only then from other property.

### (c)    Trustee Compensation

In addition to the compensation set forth in Section 12.07, my Trustee may receive additional reasonable compensation for services in connection with the operation of a farm or ranch.  My Trustee may receive this compensation directly from the farm or ranch, the trust, or both.

### (d)    Conflicts of Interest

My Trustee may exercise all of the powers granted in this trust, even though my Trustee may be involved with or have a personal interest in the farm or ranch.

## Section 13.10    Insurance Powers

My Trustee may purchase, accept, hold, and deal with as owner, insurance policies on my life, any beneficiary's life, or any person's life in whom any beneficiary has an insurable interest.

My Trustee may purchase disability, medical, liability, longterm health care and other insurance on behalf of and for the benefit of any beneficiary.  My Trustee may purchase annuities and similar investments for any beneficiary.

My Trustee may execute or cancel any automatic premium loan agreement with respect to any policy, and may elect or cancel any automatic premium loan provision in a life insurance policy.  My Trustee may borrow money to pay premiums due on any policy, either by borrowing from the company issuing the policy or from another source.  My Trustee may assign the policy as security for the loan.

My Trustee may exercise any option contained in a policy with regard to any dividend or share of surplus apportioned to the policy to reduce the amount of a policy, to convert or exchange the policy, or to surrender a policy at any time for its cash value.

My Trustee may elect any paid-up insurance or extended-term insurance nonforfeiture option contained in a policy.

My Trustee may sell any policy at its fair market value to anyone having an insurable interest in the policy, including the insured.

My Trustee may exercise any other right, option, or benefit contained in a policy or permitted by the issuing insurance company.

Upon termination of the trust, my Trustee may transfer and assign the policies held by the trust as a distribution of trust property.

## Section 13.11    Loans and Borrowing Powers

My Trustee may make loans to any person including a beneficiary, as well as an entity, trust, or estate, for any term or payable on demand, with or without interest, and secured or unsecured.

My Trustee may encumber any trust property by mortgages, pledges, or otherwise, and may negotiate, refinance, or enter into any mortgage or other secured or unsecured financial arrangement, whether as a mortgagee or mortgagor.  The term may extend beyond the trust's termination and beyond the period required for an interest created under this trust to vest in order to be valid under the rule against perpetuities.

My Trustee may enter into, negotiate, or modify the terms of any mortgage or any other secured or unsecured agreement granted in connection with any loan entered into by me individually or by any Trustee, and may release or foreclose on any mortgage or security interest payable to me or to the trust.

My Trustee may borrow money at interest rates and on other terms that my Trustee deems advisable from any person, institution, or other source including, in the case of a corporate fiduciary, its own banking or commercial lending department.

My Trustee may purchase, sell at public or private sale, trade, renew, modify, and extend mortgages.  My Trustee may accept deeds instead of foreclosing.

## Section 13.12    Nominee Powers

My Trustee may hold real estate, securities, and any other property in the name of a nominee or in any other form, without disclosing the existence of any trust or fiduciary capacity.

## Section 13.13    Oil, Gas and Mineral Interests

My Trustee may acquire, maintain, develop, and exploit, either alone or jointly with others, any oil, gas, coal, mineral, or other natural resource rights or interests.

My Trustee may drill, test, explore, mine, develop, extract, remove, convert, manage, retain, store, sell, and exchange any of those rights and interests on terms and for a price that my Trustee deems advisable.

My Trustee may execute leases, pooling, unitization, and other types of agreements in connection with oil, gas, coal, mineral, and other natural resource rights and interests, even though the terms of those arrangements may extend beyond the trust's termination.

My Trustee may execute division orders, transfer orders, releases, assignments, farm outs, and any other instruments that it considers proper.

My Trustee may employ the services of consultants and outside specialists in connection with the evaluation, management, acquisition, disposition, and development of any mineral interest, and may pay the cost of the services from the trust's principal and income.

## Section 13.14    Payment of Property Taxes and Expenses

Except as otherwise provided in this trust, my Trustee may pay any property taxes, assessments, fees, charges, and other expenses incurred in the administration or protection of the trust.  All payments will be a charge against the trust property and will be paid by my Trustee out of income.  If the income is insufficient, then my Trustee may make any payments of property taxes or expenses out of the trust property's principal.  My Trustee's determination with respect to this payment will be conclusive on the beneficiaries.

## Section 13.15    Purchase of Assets from and Loans to My Probate Estate

Upon my death, my Trustee may purchase at fair market value and retain in the form received any property that is a part of my probate or trust estate as an addition to the trust.  In addition, my Trustee may make secured and unsecured loans to my probate or trust estate.  My Trustee may not be held liable for any loss suffered by the trust because of the exercise of the powers granted in this Section.

My Trustee may not use any trust property for the benefit of my estate as defined in Code of Federal Regulations Title 26 Section 20.2042-1(b), unless the property is included in my gross estate for federal estate tax purposes.

## Section 13.16    Real Estate Powers

My Trustee may sell at public or private sale, convey, purchase, exchange, lease for any period, mortgage, manage, alter, improve, and in general deal in and with real property in the manner and on the terms and conditions as my Trustee deems appropriate. The Trustee shall have full authority to sell Trust property in accordance with NRS 143.300 et. seq. commonly referred to as the " Nevada Independent Administration of Estates Act" the sale of any trust property shall be strictly in accordance with the terms of the Trust without court supervision and oversight as provided for in NRS 143.380.

My Trustee may grant or release easements in or over, subdivide, partition, develop, raze improvements to, and abandon any real property.

My Trustee may manage real estate in any manner considered best, and may exercise all other real estate powers necessary to effect this purpose.

My Trustee may enter into contracts to sell real estate.  My Trustee may enter into leases and grant options to lease trust property, even though the term of the agreement extends beyond the

termination of any trusts established under this trust and beyond the period that is required for an interest created under this trust to vest in order to be valid under the rule against perpetuities. My Trustee may enter into any contracts, covenants, and warranty agreements that my Trustee deems appropriate.

## Section 13.17    Residences and Tangible Personal Property

My Trustee may acquire, maintain, and invest in any residence for the beneficiaries' use and benefit, whether or not the residence is income producing and without regard to the proportion that the residence's value may bear to the trust property's total value, even if retaining the residence involves financial risks that Trustees would not ordinarily incur.  My Trustee may pay or make arrangements for others to pay all carrying costs of any residence for the beneficiaries' use and benefit, including taxes, assessments, insurance, maintenance, and other related expenses.

My Trustee may acquire, maintain, and invest in articles of tangible personal property, whether or not the property produces income.  My Trustee may pay for the repair and maintenance of the property.

My Trustee is not required to convert the property referred to in this Section to income-producing property, except as required by other provisions of this trust.

My Trustee may permit any Income Beneficiary of the trust to occupy any real property or use any personal property owned by the trust on terms or arrangements that my Trustee determines, including rent free or in consideration for the payment of taxes, insurance, maintenance, repairs, or other charges.

My Trustee is not liable for any depreciation or loss resulting from any decision to retain or acquire any property as authorized by this Section.

## Section 13.18    Digital Assets

My Trustee has the authority to access, modify, control, archive, transfer, and delete my digital assets.

Digital assets include my sent and received emails, email accounts, digital music, digital photographs, digital videos, gaming accounts, software licenses, social-network accounts, file-sharing accounts, financial accounts, domain registrations, Domain Name System (DNS) service accounts, blogs, listservs, web-hosting accounts, tax-preparation service accounts, online stores and auction sites, online accounts, and any similar digital asset that currently exists or may be developed as technology advances.

My digital assets may be stored on the cloud or on my own digital devices.  My Trustee may access, use, and control my digital devices in order to access, modify, control, archive, transfer, and delete my digital assets—this power is essential for access to my digital assets that are only accessible through my digital devices.   Digital devices include desktops, laptops, tablets,

peripherals, storage devices, mobile telephones, smartphones, and any similar hardware that currently exists or may be developed as technology advances.

## Section 13.19    Retention and Abandonment of Trust Property

My Trustee may retain any property constituting the trust at the time of its creation, at the time of my death, or as the result of the exercise of a stock option, without liability for depreciation or loss resulting from retention.  My Trustee may retain property, notwithstanding the fact that the property may not be of the character prescribed by law for the investment of assets held by a fiduciary, and notwithstanding the fact that retention may result in inadequate diversification under any applicable Prudent Investor Act or other applicable law.

My Trustee may hold property that is not income producing or is otherwise nonproductive if holding the property is in the best interests of the beneficiaries in the sole and absolute discretion of my Trustee.  On the other hand, my Trustee will invest contributions of cash and cash equivalents as soon as reasonably practicable after the assets have been acquired by the trust.

My Trustee may retain a reasonable amount in cash or money market accounts to pay anticipated expenses and other costs, and to provide for anticipated distributions to or for the benefit of a beneficiary.

My Trustee may abandon any property that my Trustee considers of insignificant value.

## Section 13.20    Securities, Brokerage and Margin Powers

My Trustee may buy, sell, trade, and otherwise deal in stocks, bonds, investment companies, mutual funds, common trust funds, commodities, and other securities of any kind and in any amount, including short sales.  My Trustee may write and purchase call or put options, and other derivative securities.  My Trustee may maintain margin accounts with brokerage firms, and may pledge securities to secure loans and advances made to my Trustee or to or for a beneficiary's benefit.

My Trustee may place all or any part of the securities held by the trust in the custody of a bank or trust company.  My Trustee may have all securities registered in the name of the bank or trust company or in the name of the bank's nominee or trust company's nominee.  My Trustee may appoint the bank or trust company as the agent or attorney in fact to collect, receive, receipt for, and disburse any income, and generally to perform the duties and services incident to a custodian of accounts.

My Trustee may employ a broker-dealer as a custodian for securities held by the trust, and may register the securities in the name of the broker-dealer or in the name of a nominee; words indicating that the securities are held in a fiduciary capacity are optional.  My Trustee may hold securities in bearer or uncertificated form, and may use a central depository, clearing agency, or book-entry system, such as The Depository Trust Company, Euroclear, or the Federal Reserve Bank of New York.

My Trustee may participate in any reorganization, recapitalization, merger, or similar transaction. My Trustee may exercise or sell conversion or subscription rights for securities of all kinds and descriptions. My Trustee may give proxies or powers of attorney that may be discretionary and with or without powers of substitution, and may vote or refrain from voting on any matter.

## Section 13.21    Settlement Powers

My Trustee may settle any claims and demands in favor of or against the trust by compromise, adjustment, arbitration, or other means. My Trustee may release or abandon any claim in favor of the trust.

## Section 13.22    Subchapter S Corporation Stock Provisions

During any period the trust is not treated as a grantor trust for tax purposes under Internal Revenue Code Section 671, this trust or any trust created under this trust may hold any S corporation stock held as a separate *Electing Small Business Trust*, or as a separate *Qualified Subchapter S Trust*, as provided in this Section.

For purposes of this Section, *S corporation stock* means all capital stock issued by a corporation (or other entity taxable as a corporation for federal income tax purposes) that is treated or is intended to be treated under Section 1361(a) as an *S corporation* for federal income tax purposes.

### (a)    Electing Treatment as an Electing Small Business Trust

If my Trustee elects under Internal Revenue Code Section 1361(e)(3) to qualify any portion of the trust as an *Electing Small Business Trust*, my Trustee shall:

> apportion a reasonable share of the unallocated expenses of all trusts created under this trust to the Electing Small Business Trust under the applicable provisions of the Internal Revenue Code and Treasury Regulations; and

> administer the trust as an Electing Small Business Trust, under Internal Revenue Code Section 1361(e).

### (b)    Electing Treatment as a Qualified Subchapter S Trust

If the current Income Beneficiary of the trust makes an election under Section 1361(d)(2) to qualify the trust as a Qualified Subchapter S Trust within the meaning of Section 1361(d)(3), my Trustee shall:

> refer to the Qualified Subchapter S Trust using the same name as the trust to which the stock was originally allocated, plus the name of the current Income Beneficiary of the trust, followed by the letters QSST;

administer the Qualified Subchapter S Trust in accordance with the same provisions contained in the trust to which the Trustee allocated the S corporation stock, as long as the provisions of this Subsection control the trust administration to the extent that they are inconsistent with the provisions of the original trust; and

maintain the Qualified Subchapter S Trust as a separate trust held for the benefit of only one beneficiary as required in Section 1361(d)(3).

My Trustee shall recommend that the current Income Beneficiary of the trust make a timely election to cause federal tax treatment of the trust as a Qualified Subchapter S Trust.

### (1)   Current Income Beneficiary

The *current Income Beneficiary* of a Qualified Subchapter S Trust is the person who has a present right to receive income distributions from the trust to which the Trustee has allocated the S corporation stock. A Qualified Subchapter S Trust may have only one current Income Beneficiary.

If, under the terms of the trust, more than one person has a present right to receive income distributions from the trust originally holding the S corporation stock, my Trustee shall segregate the S corporation stock into separate Qualified Subchapter S Trusts for each of these people.

### (2)   Distributions

Until the earlier of the death of the current Income Beneficiary or the date on which the trust no longer holds any S corporation stock (the *QSST termination date*), my Trustee shall distribute at least annually all of the trust's *net income*, as defined in Internal Revenue Code Section 643(b) to the current Income Beneficiary.

The terms of the trust to which the S corporation stock was originally allocated govern distributions of principal from the Qualified Subchapter S Trust. But until the QSST termination date, my Trustee may distribute principal only to the current Income Beneficiary of the Qualified Subchapter S Trust and not to any other person or entity.

If the Qualified Subchapter S Trust terminates during the lifetime of the current Income Beneficiary, my Trustee shall distribute all assets of the Qualified Subchapter S Trust to the current Income Beneficiary outright and free of the trust.

### (3)    Allocation of Income and Expenses

My Trustee shall characterize receipts and expenses of any Qualified Subchapter S Trust in a manner consistent with Internal Revenue Code Section 643(b).

### (4)    Trust Merger or Consolidation

Notwithstanding any other provision of this trust that may seem to the contrary, my Trustee may not merge any Qualified Subchapter S Trust with another trust's assets if doing so would jeopardize the qualification of either trust as a Qualified Subchapter S Trust.

## (c)    Governance of the Trusts

The following additional provisions apply to any separate trust created under this Section.

### (1)    Protection of S Corporation Status

My Trustee must not administer a trust holding S corporation stock in a manner that would cause the termination of the S corporation status of the entity whose stock is held as part of the trust. Therefore, during any period that the trust holds S corporation stock, my Trustee must construe the terms and provisions of this trust in a manner that is consistent with the trust qualifying as an Electing Small Business Trust or as a Qualified Subchapter S Trust. My Trustee must disregard any provision of this trust that cannot be so construed or applied.

### (2)    Methods of Distribution

My Trustee may not make distribution in a manner that would jeopardize the trust's qualification as an Electing Small Business Trust or as a Qualified Subchapter S Trust.

### (3)    Disposition of S Corporation Stock

If my Trustee believes the continuation of any trust would result in the termination of the S corporation status of any entity whose stock is held as a part of the trust property, my Trustee, other than an Interested Trustee, in addition to the power to sell or otherwise dispose of the stock, has the power to distribute the stock to the person who is then entitled to receive the income from the trust.

## Section 13.23    Limitation on My Trustee's Powers

All powers granted to Trustees under this trust or by applicable law are limited as set forth in this Section, unless explicitly excluded by reference to this Section.

### (a)    An Interested Trustee Limited to Ascertainable Standards

An Interested Trustee may only make discretionary decisions when they pertain to a beneficiary's health, education, maintenance, or support as described under Internal Revenue Code Sections 2041 and 2514.

### (b)    No Distributions in Discharge of Certain Legal Obligations

My Trustee may not exercise or participate in the exercise of discretion with respect to the distribution of income or principal that would in any manner discharge a legal obligation of my Trustee, including the obligation of support.

If a beneficiary or any other person has the power to remove a Trustee, that Trustee may not exercise or participate in the exercise of discretion with respect to the distribution of income or principal that would in any manner discharge a legal obligation of the person having the power to remove the Trustee, including that person's obligation of support.

### (c)    Insurance Policy on the Life of My Trustee

If the trust holds a policy that insures the life of a Trustee, that Trustee may not exercise any powers or rights with respect to the policy.  Instead, a Co-Trustee or an Independent Special Trustee must exercise the powers and rights with respect to the policy.

If any rule of law or court decision construes the ability of the insured Trustee to name an Independent Special Trustee as an incident of ownership of the policy, then a majority of the then current Income Beneficiaries (excluding the insured Trustee if he or she is a beneficiary) will select the Independent Special Trustee.

### (d)    Insurance Policy on a Beneficiary's Life

If the trust holds a policy that insures a beneficiary's life, the beneficiary, individually or as Trustee, may not exercise any power over the policy, its cash value, or its proceeds.  This denial of power is intended to prevent an insured beneficiary from holding any power that would constitute an incident of ownership of the policy.

The limitations of this Subsection do not apply if, upon the beneficiary's death, the policy's proceeds would otherwise be included in the beneficiary's gross estate for federal estate tax purposes.

# Article Fourteen
# General Provisions

## Section 14.01    Maximum Term for Trusts

Notwithstanding any contrary provisions and unless terminated earlier under other provisions of this trust, each trust created under this trust document will terminate at the expiration of the longest period that property may be held under this trust without violating the applicable rule against perpetuities.

If the applicable rule against perpetuities, is determined by reference to the last death among a group of individuals living on the date of this trust, the group of individuals will consist of the descendants of my paternal and maternal grandparents and the descendants of my wife's paternal and maternal grandparents who are living at the time this instrument is signed.

At that time, the remaining trust property will vest in and be distributed to the persons entitled to receive mandatory distributions of the trust's net income, in the same proportions. If none of the beneficiaries is entitled to mandatory distributions of net income, the remaining trust property will vest in and be distributed to the beneficiaries entitled to receive discretionary distributions of the trust's net income, in equal shares.

## Section 14.02    Spendthrift Provision

No beneficiary may assign, anticipate, encumber, alienate, or otherwise voluntarily transfer the income or principal of any trust created under this trust. In addition, neither the income nor the principal of any trust created under this trust is subject to attachment, bankruptcy proceedings, or any other legal process, the interference or control of creditors or others, or any involuntary transfer.

This provision is intended to restrict the transfer of any beneficial interest that may be enforceable under applicable non-bankruptcy law within the meaning of the Bankruptcy Code Section 541(c)(2).

This Section does not restrict a beneficiary's right to disclaim any interest or exercise of any power of appointment granted in this trust.

## Section 14.03    Changing the Governing Law and Situs of Administration

At any time, my Trustee may change the governing law of the trust; change the situs of the administration of the trust; and remove all or any part of the property from one jurisdiction to another.  My Trustee may elect, by filing an instrument with the trust records, that the trust will then be construed, regulated, and governed by the new jurisdiction's laws.  My Trustee may take action under this Section for any purpose my Trustee considers appropriate, including the minimization of any taxes in respect of the trust or any trust beneficiary.

If considered necessary or advisable by my Trustee, my Trustee may appoint an Independent Trustee to serve as Trustee in the new situs.

If necessary and if my Trustee does not appoint an Independent Trustee within 30 days of my Trustee's action to change the governing law or situs of the trust, the beneficiaries entitled to receive distributions of the trust's net income may appoint a corporate fiduciary in the new situs by majority consent.  If a beneficiary is a minor or is incapacitated, the beneficiary's parent or Legal Representative may act on the beneficiary's behalf.

## Section 14.04    Definitions

For purposes of this trust, the following terms have these meanings:

### (a)    Adopted and Afterborn Persons

A person in any generation who is legally adopted before reaching 18 years of age and his or her descendants, including adopted descendants, have the same rights and will be treated in the same manner under this trust as natural children of the adopting parent.  A person is considered legally adopted if the adoption was legal at the time when and in the jurisdiction in which it occurred.

A fetus *in utero* later born alive will be considered a person in being during the period of gestation.

### (b)    Available GST Exemption

An individual's *Available GST Exemption* means the GST exemption provided in Internal Revenue Code Section 2631 in effect at the time; reduced by the aggregate of any amount of GST exemption allocated to lifetime transfers and any amount of allocations of GST exemption made or treated as made to transfers other than allocations to transfers under this trust.

If, at the time, the individual has made a gift with an inclusion ratio of greater than zero but has not filed a gift tax return and the due date for the gift tax return has not yet passed, that individual's GST exemption is considered to have been allocated to this gift to the extent necessary and possible to exempt the gift from generation-skipping transfer tax.

### (c)    Descendants

The term *descendants* means persons who directly descend from a person, such as children, grandchildren, or great-grandchildren.  The term *descendants* does not include collateral descendants, such as nieces and nephews.

### (d)    Distribution Trust Advisor

The term *Distribution Trust Advisor* refers to those persons that are qualified to serve within the parameters set forth in Section 5.02 and are appointed to serve as Distribution Trust Advisor during my lifetime.  The Distribution Trust Advisor's authority is limited to participating in specifically assigned discretionary distributions and includes no other powers or responsibilities.

### (e)    Education

The term *education* is intended to be an ascertainable standard under Internal Revenue Code Sections 2041 and 2514 and includes:

> enrollment at private elementary, junior, and senior high school, including boarding school;
>
> undergraduate and graduate study in any field at a college or university;
>
> specialized, vocational, or professional training or instruction at any institution, as well as private instruction; and
>
> any other curriculum or activity that my Trustee considers useful for developing a beneficiary's abilities and interests including athletic training, musical instruction, theatrical training, the arts, and travel.

The term *education* also includes expenses such as tuition, room and board, fees, books, supplies, computers and other equipment, tutoring, transportation, and a reasonable allowance for living expenses.

### (f)    Excluded Person

The term *excluded person* includes:

> all courts and administrative or judicial bodies, except those organized and empowered under the law of the Trust;
>
> any creditors, judgment claimants, or obligees of any Grantor, of any Trustee, of any Beneficiary, or of any other Beneficiary under the instrument, and any nominee, assignee, agent, or party serving on behalf or in the place of a creditor, claimant, or obligee;
>
> the Grantor, if he or she ceases to be a Beneficiary at any time for any reason; and
>
> any person excluded as a Beneficiary under any provision of this instrument.

If, however, the Grantor is restored as a Beneficiary under this instrument, the Grantor will no longer be an excluded person during the period that he is a Beneficiary.

## (g)   Fiduciary

The term *my Fiduciary* or *Fiduciary* means a Trustee, Distribution Trust Advisor or Investment Trust Advisor, and refers to singular or plural, as the context may require.

## (h)   Good Faith

For the purposes of this trust, a Trustee has acted in good faith if:

>   an action or inaction is not a result of intentional wrongdoing;

>   the Trustee did not make the decision to act or not act with reckless indifference to the beneficiaries' interests; and

>   an action or inaction does not result in an improper personal benefit to the Trustee.

Further, all parties subject to the provisions of this trust will treat any action or inaction made in reliance on information, consent, or directions received from the Personal Representative of my estate as made in good faith for the purposes of this Section, except for cases of willful misconduct or malfeasance on the Trustee's part.

## (i)   Grantor

*Grantor* has the same legal meaning as *Settlor*, *Trustor* or any other term referring to the maker of a trust.

## (j)   Incapacity

Except as otherwise provided in this trust, a person is considered incapacitated in any of the following circumstances.

### (1)   The Opinion of Two Licensed Physicians

An individual is considered to be incapacitated whenever two licensed physicians give the opinion that the individual is unable to effectively manage his or her property or financial affairs, whether as a result of age; illness; use of prescription medications, drugs, or other substances; or any other cause.   If an individual whose capacity is in question refuses to provide necessary documentation or otherwise submit to examination by licensed physicians, that individual will be considered incapacitated.

An individual is considered restored to capacity whenever the individual's personal or attending physician provides a written opinion that the individual is able to effectively manage his or her property and financial affairs.

### (2)    Court Determination

An individual is considered incapacitated if a court of competent jurisdiction has declared the individual to be disabled, incompetent, or legally incapacitated.

### (3)    Detention, Disappearance, or Absence

An individual is considered to be incapacitated whenever he or she cannot effectively manage his or her property or financial affairs due to the individual's unexplained disappearance or absence for more than 30 days, or whenever he or she is detained under duress.

An individual's disappearance, absence, or detention under duress may be established by an affidavit of my Trustee, or by the affidavit of any beneficiary if no Trustee is then serving. The affidavit must describe the circumstances of the individual's disappearance, absence, or detention, and may be relied upon by any third party dealing in good faith with my Trustee.

## (k)    Income Beneficiary

The term *Income Beneficiary* means any beneficiary who is then entitled to receive distributions of the trust's net income, whether mandatory or discretionary.

Unless otherwise provided in this trust, the phrase *majority of the Income Beneficiaries* means any combination of Income Beneficiaries who would receive more than 50% of the accrued net income if that income were distributed on the day of a vote. For purposes of this calculation, beneficiaries who are eligible to receive discretionary distributions of net income receive the imputed income in equal shares.

References to a *majority* refer to a majority of the entire trust collectively until my Trustee allocates property to separate trusts or trust shares. After my Trustee allocates property to separate trusts or trust shares, references to a *majority* refer to a majority of each separate trust or trust share.

## (l)    Independent Trustee

The term *Independent Trustee* means any Trustee who is not an Interested Trustee as defined in Subsection (n) and includes an Independent Special Trustee appointed under the provisions of Section 3.09. Whenever a power or discretion

is granted exclusively to my Independent Trustee, then any Interested Trustee who is then serving as my Trustee is prohibited from participating in the exercise of the power or discretion. If there is no Independent Trustee then serving, then an Independent Special Trustee may be appointed under the provisions of Section 3.09 to exercise the power or discretion that is exercisable only by my Independent Trustee.

**(m)   Instrument**

The term *this instrument* means this trust, and includes all trusts created under the terms of this trust.

**(n)   Interested Trustee**

The term *Interested Trustee* means a Trustee who:

> is a transferor or beneficiary;
>
> is related or subordinate to a transferor or beneficiary;
>
> can be removed and replaced by a transferor with either the transferor or a party who is related or subordinate to the transferor; or
>
> can be removed and replaced by a beneficiary with either the beneficiary or a party who is related or subordinate to the beneficiary.

For purposes of this Subsection, *transferor* means a person who transferred property to the trust, including a person whose disclaimer resulted in property passing to the trust. *Beneficiary* means a person who is or may become eligible to receive income or principal from the trust under the terms of the trust, even if this person has only a remote contingent remainder interest in the trust, but not if the person's only interest is as a potential appointee under a power of appointment. *Related or subordinate* is used as defined in Internal Revenue Code Section 672(c).

Whenever this trust specifically prohibits or limits an Interested Trustee from exercising discretion or performing an act, then any Interested Trustee serving as my Trustee is prohibited from participating in the exercise of that discretion or performance of that act. If there is no Trustee serving who is not an Interested Trustee, then an Independent Special Trustee may be appointed under the provisions of Section 3.09 to exercise the discretion or perform the act.

**(o)   Internal Revenue Code and Treasury Regulations**

References to the *Internal Revenue Code* or to its provisions are to the Internal Revenue Code of 1986, as amended, and any corresponding Treasury

Regulations.    References to the *Treasury Regulations*, are to the Treasury Regulations under the Internal Revenue Code in effect.  If a particular provision of the Internal Revenue Code is renumbered or the Internal Revenue Code is superseded by a subsequent federal tax law, any reference is considered to be made to the renumbered provision or to the corresponding provision of the subsequent law, unless to do so would clearly be contrary to my intent as expressed in this trust.  The same rule applies to references to the Treasury Regulations.

### (p)    Legal Representative or Personal Representative

As used in this trust document, the term *Legal Representative* or *Personal Representative* means a person's guardian, conservator, executor, administrator, Trustee, or any other person or entity representing a person or the person's estate. In the case of a minor beneficiary, the beneficiary's parent or another adult with custody of the beneficiary, except for any transferor to a trust created under this instrument, will be considered the beneficiary's Legal Representative for purposes of this trust.

### (q)    Per Stirpes

Whenever a distribution is to be made to a person's descendants *per stirpes*, the distribution will be divided into as many equal shares as there are then-living children and deceased children who left then-living descendants.  Each then-living child will receive one share, and the share of each deceased child will be divided among the deceased child's then-living descendants in the same manner.

### (r)    Primary Beneficiary

The *Primary Beneficiary* of a trust created under this trust is that trust's oldest Income Beneficiary, unless some other individual is specifically designated as the Primary Beneficiary of that separate trust.

### (s)    Qualified Appraiser

A *Qualified Appraiser* is an appraiser who:

> has earned an appraisal designation from a recognized professional organization or has otherwise met minimum education and experience requirements under IRS Regulations;

> regularly performs appraisals for compensation; and

> meets any other requirements prescribed by the Internal Revenue Service.

### (t)    Shall and May

Unless otherwise specifically provided in this trust or by the context in which used, I use the word *shall* in this trust to impose a duty, command, direct, or require, and the word *may* to allow or permit, but not require.  In the context of my Trustee, when I use the word *shall* I intend to impose a fiduciary duty on my Trustee.  When I use the word *may* I intend to empower my Trustee to act with the Trustee's sole and absolute discretion unless otherwise stated in this trust. When I use the words *may not* in reference to my Trustee, I specifically mean my Trustee *is not permitted to*.

### (u)    Trust

The terms *this trust, this document, instrument,* and *this trust document* refer to this trust and all trusts created under the terms of this trust.

### (v)    Trustee

The terms *my Trustee* and *Trustee* refer to the Initial Trustee named in Article One and to any successor, substitute, replacement, or additional person, corporation, or other entity that ever acts as the Trustee of any trust created under the terms of this trust.  The term *Trustee* refers to singular or plural as the context may require.

### (w)    Trust Property

The term *trust property* means all property acquired from any source and held by a Trustee under this trust.

## Section 14.05    General Provisions and Rules of Construction

The following general provisions and rules of construction apply to this trust.

### (a)    Multiple Originals; Validity of Paper or Electronic Copies

This trust may be executed in any number of counterparts, each of which will be considered an original.

Any person may rely on a paper or electronic copy of this trust that the Trustee certifies to be a true copy as if it were an original.

### (b)    Singular and Plural; Gender

Unless the context requires otherwise, singular words may be construed as plural, and plural words may be construed as singular.  Words of one gender may be construed as denoting another gender as is appropriate within the context.  The

word *or,* when used in a list of more than two items, may function as both a conjunction and a disjunction as the context requires.

**(c)      Headings of Articles, Sections, and Subsections**

The headings of Articles, Sections, and Subsections used within this trust are included solely for the convenience of the reader.  They have no significance in the interpretation or construction of this trust.

**(d)      Governing State Law**

This trust is governed, construed, and administered according to the laws of Nevada, as amended except as to trust property required by law to be governed by the laws of another jurisdiction and unless the situs of administration is changed under Section 14.03.

**(e)      Notices**

Unless otherwise stated, any notice required under this trust will be in writing. The notice may be personally delivered with proof of delivery to the party requiring notice and will be effective on the date personally delivered.  Notice may also be mailed, postage prepaid, by certified mail with return receipt requested to the last known address of the party requiring notice.  Mailed notice is effective on the date of the return receipt.  If a party giving notice does not receive the return receipt but has proof that he or she mailed the notice, notice will be effective on the date it would normally have been received via certified mail.  If the party requiring notice is a minor or incapacitated individual, notice will be given to the parent or Legal Representative.

**(f)      Severability**

The invalidity or unenforceability of any provision of this trust does not affect the validity or enforceability of any other provision of this trust.  If a court of competent jurisdiction determines that any provision is invalid, the remaining provisions of this trust are to be interpreted as if the invalid provision had never been included.

I have executed this trust on _____, 20___.  This irrevocable trust agreement is effective when signed by me, whether or not now signed by a Trustee.


_____

███████, Grantor



STATE OF GEORGIA                              )
                                             ) ss.
COUNTY OF _____                  )

On this day, _____, 20___, before me personally appeared ████████, as Grantor, personally known to me (or proved to me on the basis of satisfactory evidence) to be the individual whose name is subscribed to the foregoing irrevocable trust agreement, and acknowledged that he executed the same as his voluntary act and deed for the purposes therein contained.

Witness my hand and official seal.

    [Seal]



_____

Notary Public
My commission expires: _____

Prime Trust, LLC, Trustee


by:_____

its:_____


STATE OF _____            )
                                       ) ss.
COUNTY OF _____           )


On   this   day,  _____,  20___,  before  me  personally  appeared _____,  as  _____  for  Prime  Trust,  LLC, Trustee, personally known to me (or proved to me on the basis of satisfactory evidence) to be the individual   whose   name   is   subscribed   to   the   foregoing   irrevocable   trust   agreement,   and acknowledged   that   he   or   she   executed   the   same   as   his   or   her   voluntary   act   and   deed   for   the purposes therein contained.

Witness my hand and official seal.

        [Seal]



_____
Notary Public
My commission expires: _____

# Schedule A

███████████