IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF DISINTERESTEDNESS OF LTL ATTORNEYS LLP
PURSUANT TO THE ORDER (I) AUTHORIZING THE DEBTORS
TO RETAIN AND COMPENSATE PROFESSIONALS UTILIZED IN THE
ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF**

I, Caleb Liang, declare under penalty of perjury:

1. I am a Partner of LTL Attorneys LLP, located at 300 S. Grand Avenue, Suite 3950, Los Angeles, CA 90071 (the "Firm").

2. The Firm is a legal services firm.

3. Prime Core Technologies Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), have requested that the Firm provide legal services to the Debtors, and the Firm has consented to provide such services in the ordinary course of business during the pendency of the Debtors' chapter 11 cases (the "Chapter 11 Cases").

4. As of August 14, 2023 (the "Petition Date"), the Firm held a retainer for each of the three matters handled by the Firm, in the following amounts:

    a. In re: California Department of Financial Protection and Innovation Subpoena Duces Tecum, the Firm holds a retainer in the amount of $39,000.00;

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #04-153, Las Vegas, NV 89135.

b. In re: the matter of *Const LLC v. Prime Trust, LLC*, the Firm holds a retainer in the amount of $28,668.00; and

c. In re: the matter of *Gillispie v. Const LLC, et al.*, the Firm holds a retainer in the amount of $29,655.00.

5. The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to these Chapter 11 Cases for persons that are parties in interest in the Debtors' Chapter 11 Cases. The Firm, however, does not perform services for any such person in connection with these Chapter 11 Cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

6. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these Chapter 11 Cases.

7. Neither I nor any principal, partner, director, officer of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

8. Neither I nor any principal, partner, director, officer, of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

9. I understand the limitations on compensation and reimbursement of expenses under the *Order (I) Authorizing the Debtors to Retain and Compensate Professionals Utilized in the Ordinary Course of Business and (II) Granting Related Relief* [Docket No. 303] (the "OCP Order"). Specifically, the Firm understands that in the event its fees and expenses exceed the applicable OCP Cap (as defined in the OCP Order), the Firm will be required to file a fee

application with the Court for the full amount of its fees and expenses for the applicable period in accordance with sections 330 and 331 of title 11 of the United States Code, the Federal Rules of Bankruptcy Procedures, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the fee guidelines promulgated by the Office of the U.S. Trustee (unless the U.S. Trustee agrees otherwise), and any applicable orders of the Court

10. As of the Petition Date, which was the date on which the Debtors commenced these Chapter 11 Cases, the Firm was not party to an agreement for indemnification with certain of the Debtors.

11. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: November 13, 2023

*Caleb Liang* (signature)
Caleb Liang