**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |
|  | **Obj. Deadline: Nov. 29, 2023 at 4:00 p.m. ET**<br>**Hrg. Date: Dec. 19, 2023 at 10:00 a.m. ET** |

**DEBTORS' SECOND OMNIBUS MOTION FOR ENTRY OF AN
ORDER (A) AUTHORIZING THE DEBTORS TO REJECT
CERTAIN EXECUTORY CONTRACTS, EFFECTIVE AS OF
NOVEMBER 15, 2023, AND (B) GRANTING RELATED RELIEF**

> **ANY PARTY RECEIVING THIS MOTION SHOULD LOCATE ITS NAME
> AND ITS REJECTED CONTRACT IDENTIFIED ON SCHEDULE 1 TO
> THE PROPOSED ORDER ATTACHED HERETO AS EXHIBIT A**

> **PLEASE BE ADVISED THAT SELF-SERVE ACCESS TO PRIME
> TRUST'S API SYSTEM WILL NO LONGER BE AVAILABLE
> AS OF NOVEMBER 20, 2023, AT 11:59 P.M. (ET).**
>
> **ANY API CALLS MUST BE MADE PRIOR TO
> 11:59 P.M. (ET) ON NOVEMBER 20, 2023.**

Prime Core Technologies Inc. and certain of its affiliates and subsidiaries, as debtors and

debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases hereby

move (the "Motion"), pursuant to sections 105 and 365 of title 11 of the United States Code (the

"Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A**

(the "Proposed Order"), (a) authorizing the Debtors to reject certain executory contracts set forth on

---

[1]    The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are:  Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #04-153, Las Vegas, NV 89135.

**Schedule 1** to the Proposed Order (collectively, and including any amendments, modifications, and related agreements thereto, the "<u>Rejected Contracts</u>"), effective as of the date hereof (the "<u>Rejection Date</u>"), and (b) granting related relief. In support thereof, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1.      The United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The legal predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 365(a), and Bankruptcy Rule 6006.

3.      The Debtors confirm their consent, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), to the entry of a final order by the Court in connection with the Motion in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**BACKGROUND**

**I.      The Chapter 11 Cases**

1.      On August 14, 2023, each Debtor commenced a case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "<u>Chapter 11 Cases</u>"). These Chapter 11 Cases have been jointly administered for procedural purposes only.

2

2.      The Debtors continue to manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

3.      On August 29, 2023, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the official committee of unsecured creditors pursuant to Bankruptcy Code section 1102 (the "Committee") [Docket No. 51]. The Committee is comprised of the following unsecured creditors: (a) Yousef Abbasi; (b) Allsectech, Inc.; (c) DMG Blockchain Solutions, Inc.; (d) Net Cents Technology, Inc.; (e) Polaris Ventures; (f) Stably Corporation; and (g) Austin Ward.

4.      Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases, is set forth in the *Declaration of Jor Law, Interim Chief Executive Officer and President of Prime Core Technologies Inc.,* et al.*, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 14], which is incorporated by reference as if fully set forth herein.

## II.      The Rejected Contracts

5.      As set forth in greater detail in the First Day Declaration, on June 21, 2023 (before the Petition Date), the Debtors ceased operating after receiving a cease and desist order (the "Cease and Desist Order") from its regulatory body, the Nevada Department of Business and Industry, Division of Financial Institutions.[2] Since then, the Debtors have significantly reduced their employee headcount from 540 employees at the peak of their operations to only 70 employees and

---

[2]      *See* First Day Declaration, ¶ 57.

independent contractors as of the Petition Date.[3] The Debtors recently further reduced their workforce to fewer than 25 employees and independent contractors.

6.      In light of the foregoing, the Debtors have evaluated their need for certain executory contracts on a go-forward basis. As of the date hereof, the Debtors have determined, in the exercise of their business judgment, that the Rejected Contracts no longer provide any material benefit to their estates. Accordingly, through this Motion, the Debtors seek to reject the Rejected Contracts set forth on **Schedule 1** to the Proposed Order, effective as of the date hereof.

## RELIEF REQUESTED

7.      The Debtors seek entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing the Debtors to reject the Rejected Contracts, effective as of the Rejection Date and (b) granting related relief.

## BASIS FOR RELIEF

### I.    Rejection of the Rejected Contracts is a Sound Exercise of the Debtors' Business Judgment

8.      Bankruptcy Code section 365(a) provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." The purpose behind section 365(a) is "to permit the trustee or debtor-in-possession to use valuable property of the estate and to renounce title to and abandon burdensome property." *In re Republic Airways Holdings Inc.*, 547 B.R. 578, 582 (Bankr. S.D.N.Y. 2016) (quoting *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993)); *see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 528 (1984) ("[T]he authority to reject an executory contract is vital to the basic purpose to a Chapter 11 reorganization, because rejection can release

---

[3]    *See id.* ¶ 11, n.4.

the debtor's estate from burdensome obligations that can impede a successful reorganization.");
*In re Exide Techs.*, 607 F.3d 957, 967 (3d Cir. 2010) (Ambro, J., concurring) ("Courts may use
§ 365 to free a [debtor] from burdensome duties that hinder its reorganization.").

9.      The standard applied to determine whether the rejection of an executory contract or
unexpired lease should be authorized is the "business judgment" standard. *See Grp. of Institutional
Inv'rs, Inc. v. Chi., Milwaukee, St. Paul & Pac. R.R.*, 318 U.S. 523, 550 (1943) (noting that "the
question whether a lease should be rejected . . . is one of business judgment"); *see also In re
Bildisco*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is
simply whether rejection would benefit the estate, the 'business judgment' test."), *aff'd*, 465 U.S.
513; *accord In re HQ Glob. Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003).

10.      In applying the business judgment standard, bankruptcy courts give substantial
deference to a debtor's decision to assume or reject executory contracts. *See, e.g.*, *Sharon Steel
Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36, 39–40 (3d Cir. 1989) (affirming the rejection
of a service agreement as a sound exercise of the debtor's business judgment when the bankruptcy
court found that such rejection would benefit the debtors' estate); *In re Caribbean Petroleum Corp.*,
444 B.R. 263, 268 (Bankr. D. Del. 2010) ("[A] debtor's decision to reject an executory contract
must be summarily affirmed unless it is the product of bad faith, or whim or caprice." (quoting *In re
Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001))).

11.      Upon finding that a debtor has exercised its sound business judgment, courts
regularly approve a request to reject an executory contract under Bankruptcy Code section 365(a).
*See Bildisco*, 465 U.S. at 523 (1984) (recognizing the "business judgment" standard used to
approve rejection of executory contracts); *In re Penn Traffic Co.*, 524 F.3d 373, 383 (2d Cir. 2008)
(same).

12.      As set forth above, the Debtors believe that rejection of the Rejected Contracts is a sound exercise of their business judgment and is in the best interest of their estates, creditors, and stakeholders in these Chapter 11 Cases. More specifically, the Debtors have determined that, based on the Debtors' current circumstances (*i.e.*, lack of operations and decision to discontinue their sale process), the Rejected Contracts are no longer needed and are placing an unnecessary strain on the Debtors' extremely limited resources. The Debtors believe that without rejection, the Rejected Contracts would continue to burden the Debtors' estates with unnecessary and burdensome costs at a critical time when the Debtors are making a concerted effort to maximize the value of the Debtors' estates and preserve capital. Rejecting the Rejected Contracts will help ease the Debtors' cash burn and increase the Debtors' liquidity.

**II.      Retroactive Rejection is Appropriate**

13.      Courts in this district have recognized that Bankruptcy Code section 365 permits the retroactive rejection of executory contracts. *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (recognizing that courts can approve retroactive rejections); *Republic Underwriters Ins. Co. v. DBSI Republic, LLC (In re DBSI, Inc.)*, 409 B.R. 720, 734 n.4 (Bankr. D. Del. 2009) (acknowledging the same); *In re Fleming Cos., Inc.,* 304 B.R. 85, 96 (Bankr. D. Del. 2003) (acknowledging the same).

14.      The entry of an order authorizing retroactive rejection is appropriate where the balance of the equities favors such relief. *See In re Rupari Holding Corp.*, No. 17-10793 (KJC), 2017 WL 5903498, at *6 (Bankr. D. Del. Nov. 28, 2017) ("[R]etroactive rejection of executory contracts and unexpired leases may be approved after 'balancing the equities' of a case and concluding that such equities weigh in favor of the debtor."); *see also In re Thinking Machines Corp.*, 67 F.3d 1021, 1028 (1st Cir. 1995) ("Bankruptcy courts are courts of equity, and, particularly in the chapter 11 context, they may sometimes abandon mechanical solutions in favor

of the pliant reins of fairness . . . .") (internal quotations omitted). Under this standard, courts have approved retroactive rejection in circumstances where (a) debtors no longer need the services provided under a contract or lease as of the applicable rejection date, (b) debtors cannot satisfy their obligations under the applicable contract or lease, or (c) the contract or lease to be rejected creates a burden on a debtor's estate. *Rupari*, 2017 WL 5903498, at *6.

15.     Here, the balance of equities favors rejection of the Rejected Contracts. As set forth above, the Debtors remain subject to a Cease and Desist Order and therefore cannot operate their business.  The Debtors recently undertook further reductions in workforce and therefore, now lack the necessary infrastructure and manpower to satisfy even the bare minimum obligations called for in the Rejected Contracts. Thus, the Rejected Contracts would serve no purpose other than to burden the Debtors' estates with administrative expenses without providing any continued benefit.

16.     Moreover, the counterparties under the Rejected Contracts will not be unduly prejudiced if the Rejected Contracts are rejected effective as of the Rejection Date because, on the Rejection Date, the Debtors have served this Motion on the contract counterparties and/or their agents or representatives, thereby advising such contract counterparties that the Debtors intend to reject the Rejected Contracts effective as of the Rejection Date.

17.     Further, as a courtesy, the Debtors are providing notice to the counterparties to the Rejected Contracts that self-case access to the Debtors' API system will no longer be available as of, and that they must make any API calls prior to 11:59 p.m. (prevailing Eastern Time) on November 20, 2023, through this Motion.

18.     Accordingly, the Debtors respectfully request that the Court authorize the rejection of the Rejected Contracts pursuant to Bankruptcy Code section 365.

## BANKRUPTCY RULE 6006(f)

19.     Bankruptcy Rule 6006(f) requires that a motion to assume or reject, as applicable,

multiple executory contracts or unexpired leases:

> (a)     state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;
>
> (b)     list parties alphabetically and identify the corresponding contract or lease;
>
> (c)     specify the terms, including the curing of defaults, for each requested assumption or assignment;
>
> (d)     specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;
>
> (e)     be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and
>
> (f)     be limited to no more than 100 executory contracts or unexpired leases.

20.     The Debtors submit **Schedule 1** complies with these requirements. Accordingly, the

Debtors have satisfied Bankruptcy Rule 6006(f).

## RESERVATION OF RIGHTS

21.     Nothing in this Motion or any order granting the relief requested in this Motion, and

no action take pursuant to the relief requested or granted (including any payment made in

accordance with any such order):  (a) is intended or shall be deemed to constitute an assumption of

any agreement pursuant to Bankruptcy Code section 365, an admission as to the executory nature of

any agreement, or the basis for or the validity of any claim against the Debtors or their estates; (b)

shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest

the validity, priority, or amount of any claim against the Debtors or their estates; (c) shall impair,

prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any

and all claims or causes of action against any third party; (d) shall be construed as a promise to pay

a claim or continue any applicable program postpetition, which decision shall be in the sole
discretion of the Debtors; (e) an implication, admission, or finding that any particular claim is an
administrative expense claim, other priority claim, or otherwise of a type specified or defined in this
Motion or any order granting the relief requested by this Motion; (f) an admission to the validity,
priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on
property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action, or
other rights of the Debtors or any other party in interest against any person or entity under
the Bankruptcy Code or any other applicable law. Any payment made pursuant to an order of the
Court granting the relief requested herein is not intended to be nor should it be construed as an
admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute
such claim.

## **NOTICE**

22.     The Debtors will provide notice of the Motion to: (a) the U.S. Trustee; (b) counsel to
the Committee; (c) the counterparties to the Rejected Contracts; and (d) any party that has requested
notice pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice is
required.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order,
substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such
other and further relief as may be just and proper.

Dated:  November 15, 2023
        Wilmington, Delaware

**MCDERMOTT WILL & EMERY LLP**

*/s/ Maris J. Kandestin*
Maris J. Kandestin (No. 5294)
1000 N. West Street, Suite 1400
Wilmington, Delaware 19801
Telephone:  (302) 485-3900
Facsimile:   (302) 351-8711
Email:        mkandestin@mwe.com

-and-

Darren Azman (admitted *pro hac vice*)
Joseph B. Evans (admitted *pro hac vice*)
Jessica Greer Griffith (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone:  (212) 547-5400
Facsimile:   (646) 547-5444
Email:        dazman@mwe.com
                   jbevans@mwe.com
                   ggriffith@mwe.com

-and-

Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, Florida 33131
Telephone:  (305) 358-3500
Facsimile:   (305) 347-6500
Email:        gsteinman@mwe.com

*Counsel to the Debtors and Debtors in Possession*