**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Obj. Deadline: Dec. 14, 2023 at 4:00 p.m. (ET)**<br>**Hearing Date: Dec. 19, 2023 at 10:00 a.m. (ET)** |

**DEBTORS' OBJECTION TO**
**PROOF OF CLAIM NO. 416 FILED BY**
**CONOR O'BRIEN PURSUANT TO SECTION 502 OF**
**THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3007**

Prime Core Technologies Inc. and certain of its affiliates and subsidiaries, as debtors and debtor in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby object (the "Objection") to proof of claim number 416 filed by Conor O'Brien ("O'Brien")," and the corresponding proof of claim, the "O'Brien Claim"),[2] through which O'Brien asserts a claim against Debtor Prime Core Technologies, Inc. ("Prime Core") in the aggregate amount of $58,079,739.70 comprised of (i) a general unsecured claim in the amount of approximately $37,981,739.70 in cryptocurrency assets, (ii) a priority claim in the amount of $98,000.00, and (iii) an administrative expense priority claim under section 503(b)(9) of title 11 of the United States Code (the "Bankruptcy Code") in the amount of $20,000,000.  In support of this Objection, the Debtors rely on the *Declaration of William Murphy in Support of Debtors' Objection to Proof of Claim No. 416 Filed by Conor O'Brien Pursuant to Section 502 of the*

---

[1]   The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are:  Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

[2]   A copy of the O'Brien Claim, which was submitted electronically to the Debtors' claims and noticing agent (the "Claims Agent") on October 10, 2023, is attached to the Murphy Declaration as Exhibit 1.

*Bankruptcy Code and Bankruptcy Rule 3007* (the "<u>Murphy Declaration</u>"), which is attached

hereto as **<u>Exhibit B</u>** and is incorporated as if fully set forth herein.  In further support of this

Objection, the Debtors respectfully represent as follows:

**<u>JURISDICTION AND VENUE</u>**

1.      The United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>")

has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference* from the United States District Court for the District of

Delaware, dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue

in these cases and the Objection in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are Bankruptcy Code

section 502, Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"),

and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States

Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>").

3.      The Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry

of a final order by the Court in connection with the Objection in the event that it is later

determined that the Court, absent consent of the parties, cannot enter final orders or judgments in

connection herewith consistent with Article III of the United States Constitution.

**<u>BACKGROUND</u>**

**A.      General Background**

4.      On August 14, 2023, each Debtor commenced a case by filing a voluntary petition

for relief under chapter 11 of the Bankruptcy Code. The chapter 11 cases (the "<u>Chapter 11</u>

<u>Cases</u>") have been jointly administered for procedural purposes only.

5.       The Debtors continue to manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6.       On August 29, 2023, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to Bankruptcy Code section 1101 [Docket No. 51] (the "Committee"). The Committee is comprised of the following unsecured creditors: (a) Yousef Abbasi; (b) Allsectech, Inc.; (c) DMG Blockchain Solutions, Inc.; (d) Net Cents Technology, Inc.; (e) Polaris Ventures; (f) Stably Corporation; and (g) Austin Ward.

7.       Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases, is set forth in the *Declaration of Jor Law, Interim Chief Executive Officer and President of Prime Core Technologies Inc.,* et al*., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 14] (the "First Day Declaration"), which is incorporated by reference as if fully set forth herein.

**B.      Claims Process**

8.       On September 20, 2023, the Court entered an *Order (I) Establishing Bar Dates to File Proofs of Claim; (II) Approving Form and Manner for Filing Proofs of Claim; (III) Approving Form and Manner of Notice of Bar Dates; And (IV) Granting Related Relief* [Docket No.169] (the "Bar Date Order"), which, among other things, established (a) October 22, 2023, at 4:00 pm (prevailing Eastern Time) as the deadline by which persons or entities (excluding Governmental Units as defined in Bankruptcy Code section 101(27)), must file proofs of claim in respect of any claims arising prior to the Petition Date, including claims arising under Bankruptcy Code section 503(b)(9).

9.      On September 22, 2023, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [Docket Nos. 175–182] (collectively, the "Schedules").

10.      In the ordinary course of business, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the nature and amount of the liabilities owed to their creditors.  The Debtors, with the assistance of their advisors, have actively begun reviewing and reconciling proofs of claim with the Debtors' Schedules and their Books and Records to determine which claims asserted against the Debtors' estates may be subject to objection and/or reclassification.

C.      **The Disputed Claim**

11.      On October 10, 2023, O'Brien filed the O'Brien Claim, pursuant to which O'Brien asserts a claim against Prime Core in the aggregate amount of $58,079,739.70 comprised of (a) a general unsecured claim in the amount of approximately $37,981,739.70 in cryptocurrency assets, (b) a priority claim in the amount of $98,000, and (c) a claim entitled to administrative expense priority under Bankruptcy Code section 503(b)(9) in the amount of $20,000,000.

12.      To support his claim, O'Brien submitted that certain *Contract for Services*, dated as of June 1, 2023, purportedly between entered into between Prime Core, as the "Recipient," and O'Brien, as the "Provider" (the "Contract").[3]  Under the Contract, in exchange for O'Brien providing Prime Core with "Technical Consulting" and "Cryptographic Services" for the one-month period spanning June 1, 2023 through July 1, 2023, Prime Core purportedly agreed to pay O'Brien $37,981,739.70 on or before July 4, 2023.  The Contract was purportedly executed on June 1, 20223 by Tim Pierce in his capacity as CEO of "Prime Trust, Inc." and O'Brien.

---

[3]      O'Brien uploaded the Contract as supporting documentation for the O'Brien Claim, which is attached to the Murphy Declaration as Exhibit 1.

## RELIEF REQUESTED

13.     For the reasons set forth below, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), disallowing the O'Brien Claim in its entirety.

## OBJECTION

14.     Bankruptcy Code section 502 provides that a "claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  Pursuant to Bankruptcy Rule 3001(f), a proof of claim is entitled to the presumption of *prima facie* validity until an objecting party refutes at least one of the allegations that are essential to the claim's legal sufficiency. *See In re Allegheny Int'l, Inc*., 954 F.2d 167, 173 (3d Cir. 1992). Once such an allegation is refuted, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. *Id*. at 174. Despite this shifting burden of production, "[t]he burden of persuasion is always with the claimant." *Id*.

15.     Bankruptcy Code section 502(b) enumerates the grounds for disallowance and reduction of claims.  11 U.S.C. § 502(b)(1); *see Nicholson v. eCAST Settlement Corp*., 602 B.R. 295, 299 (Bankr. M.D. Pa. 2019).  One of the enumerated bases for disallowance of a claim is if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law . . . ."  11 U.S.C. § 502(b)(1).  Section 502(b)(1) "is most naturally understood to provide that, with limited exceptions, any defense to a claim that is available outside of the bankruptcy context is also available in bankruptcy." *Travelers Cas. & Sur. Co. of Am. v. Pacific Gas & Elec. Co.*, 549 U.S. 443, 450 (2007); *In re Abeinsa Holding Inc*., Case No. 16-10790 (KJC), 2019 WL 1400175, at *3 (Bankr. D. Del. Mar. 26, 2019).

16.     Courts consider underlying nonbankruptcy law or state law in determining the

enforceability of a claim for purposes of section 502(b)(1). *See Abeinsa Holding*, 2019 WL

1400175, at *3; *see also, In re G-I Holdings, Inc*., Case No. 01-30135 (RG), 2016 WL 4991489,

at *33 (Bankr. D.N.J. Sept. 9, 2016) ("In order to determine whether claims are enforceable for

bankruptcy purposes Section 502 relies upon non-bankruptcy law.").  If a claim is based on an

agreement that does not comply with applicable nonbankruptcy law or underlying state law, it

may be deemed unenforceable. *See, e.g.*, *In re Harnischfeger Indus., Inc*., 294 B.R. 47, 55

(Bankr. D. Del. 2003) (disallowing claim under section 502(b)(1) where a signatory lacked

actual or apparent authority to enter the entity into a contract).

17.     One such instance is enforcing a contract against a nonparty.  "It goes without

saying that a contract cannot bind a nonparty."  *Equal Emp't Opportunity Comm'n v. Waffle

House, Inc*., 534 U.S. 279, 294 (2002).  A corporation, as a creature of statute, can only be bound

to a contract that is executed by one of its agents (e.g., a corporate officer) acting within the

scope of his or her authority.  *See UD Dissolution Liquidating Trust v. Sphere 3D Corp. (In re

UD Dissolution Corp.)*, 629 B.R. 11, 46 (Bankr. D. Del. 2021) ("[A] corporation can speak and

act only through its agents and so must be accountable for any acts committed by one of its

agents within his actual or apparent scope of authority and while transacting corporate business."

(quoting *Rochez Bros. v. Rhoades*, 527 F.2d 880, 884 (3d Cir. 1975))).

18.     Here, the Court should disallow the O'Brien Claim in its entirety under

Bankruptcy Code section 502(b)(1) because the Contract is likely fraudulent for the following

reasons.

19.     *First*, Tim Pierce, the purported chief executive officer of "Prime Trust, Inc.," has

never been an employee of any of the Debtor entities, and as such, "Tim Pierce" never had

6

authority to bind the Debtors.[4]  *See* Murphy Declaration, ¶ 4.  Moreover, on June 1, 2023 – the date Prime Core allegedly executed the Contract, Jor Law was the Interim CEO of the Debtors. *See* First Day Declaration, ¶ 5 (indicating that Mr. Law assumed his role as the Interim CEO of the Debtors on November 29, 2022).[5]  Thus, as the Contact was not executed by an agent of Prime Core (e.g., a director or officer) with the authority to bind the company, the Contract is unenforceable against the Debtors.

20.      *Second,* "Prime Trust, Inc." is neither a Debtor entity, nor or a non-Debtor affiliate of the Debtors – Prime Trust, LLC is.  Nor was Prime Trust, LLC ever formed under the name "Prime Trust, Inc."[6]  *See* Murphy Declaration ¶ 6. Further, agents of "Prime Trust, Inc." have no authority to bind Prime Core or any of the other Debtor entities, thus rendering the Contract unenforceable against the Debtors.

21.      *Third*, the Debtors do not have any knowledge of the underlying Contract.  More specifically, the Debtors have not been able to locate the Contract in their Books and Records, nor have they found any evidence of the services purportedly provided under the Contract during June 2023.  *See* Murphy Declaration, ¶ 7.

22.      *Fourth,* the Debtors have never entered into an agreement to pay an individual nearly $40 million for the provision of services over a one-month period.  *See* Murphy Declaration, ¶ 8.

---

[4]   Tim Pierce appears to be the President and CEO of Prime Trust Federal Credit Union.  *See* https://www.primetrustcu.com/primetrust---meet-new-president--ceo---tim-pierce. Thus, it appears that O'Brien inserted Mr. Pierce's name into the fraudulent Contract under the mistaken belief that Prime Trust, LLC was the same entity as Prime Trust Federal Credit Union.

[5]   Even if Tim Pierce worked for "Prime Trust Inc.," there is nothing indicating that he had authority to bind Prime Core.

[6]   Prime Trust, LLC was formed on April 13, 2016 as a Nevada limited liability company. Further, As noted in Prime Trust, LLC's chapter 11 petition, the only former name utilized by Prime Trust, LLC was Prime Fintech Services, LLC.

23.     Based on the foregoing, the O'Brien Claim is based on what appears to be a fraudulent Contract.  Accordingly, the Court should sustain the Objection and disallow and expunge the O'Brien Claim in its entirety.

## **RESERVATION OF RIGHTS**

24.     The Debtors expressly reserve the right to amend, modify, or supplement this Objection, and to assert claims and causes of action in connection with the O'Brien Claim.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, sustaining the Objection and grant such other relief as is just and proper.

Dated: November 18, 2023
       Wilmington, Delaware

**MCDERMOTT WILL & EMERY LLP**

*/s/ Maris J. Kandestin*
Maris J. Kandestin (No. 5294)
1000 N. West Street, Suite 1400
Wilmington, Delaware 19801
Telephone:   (302) 485-3900
Facsimile:    (302) 351-8711
Email:          mkandestin@mwe.com

-and-

Darren Azman (admitted *pro hac vice*)
Joseph B. Evans (admitted *pro hac vice*)
J. Greer Griffith (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone:   (212) 547-5400
Facsimile:    (646) 547-5444
Email:          dazman@mwe.com
                    jbevans@mwe.com
                    ggriffith@mwe.com

-and-

Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, Florida 33131
Telephone:   (305) 358-3500
Facsimile:    (305) 347-6500
Email:          gsteinman@mwe.com

*Counsel to the Debtors and Debtors in Possession*