**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Prime Core Technologies Inc., *et al.*,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 23-11161 (JKS)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: Dec. 14, 2023 at 4:00 p.m. (ET)**<br>**Hearing Date: Dec. 19, 2023 at 10:00 a.m. (ET)** |

**DEBTORS' FIRST (SUBSTANTIVE) OMNIBUS
OBJECTION TO CERTAIN FILED PROOFS OF CLAIM**

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN CLAIMS AND/OR MODIFY CERTAIN CLAIMS. CLAIMANTS RECEIVING THIS OBJECTION SHOULD REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIMS. CLAIMANTS SHOULD LOCATE THEIR NAMES AND CLAIMS ON EXHIBIT 1, EXHIBIT 2, OR EXHIBIT 3 ATTACHED TO THE PROPOSED ORDER APPENDED TO THIS OBJECTION.**

Prime Core Technologies Inc. and certain of its affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") file this omnibus objection (the "Objection") seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) disallowing and expunging the claims listed on Exhibit 1 annexed to the Proposed Order (the "No Liability Claims"), (ii) reducing the amount of the claims listed on Exhibit 2 annexed to the Proposed Order (the "Overstated Claims"), and (iii) reclassifying the claims (or portions thereof, as applicable) shown on Exhibit 3 (the "Misclassified Claims," and together with the No Liability Claims and the

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #04-153, Las Vegas, NV 89135.

Overstated Claims, the "Disputed Claims"). In support of this Objection, the Debtors rely on the *Declaration of William Murphy in Support of Debtors' First (Substantive) Omnibus Objection to Certain Filed Proofs of Claim* (the "Murphy Declaration"), which is attached hereto as **Exhibit B** and is incorporated as if fully set forth herein. In further support of this Objection, the Debtors respectfully represent as follows:[2]

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue in these cases and the Objection in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code section 502, Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3. The Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with the Objection in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

---

[2] The Debtors may file an affidavit or declaration in connection with the Objection in accordance with the Objection Procedures Order.

## BACKGROUND

A.     **General Background**

4.     On August 14, 2023, each Debtor commenced a case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). These Chapter 11 Cases have been jointly administered for procedural purposes only.

5.     The Debtors continue to manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6.     On August 29, 2023, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the official committee of unsecured creditors pursuant to Bankruptcy Code section 1102 (the "Committee") [Docket No. 51]. The Committee is comprised of the following unsecured creditors: (a) Yousef Abbasi; (b) Allsectech, Inc.; (c) DMG Blockchain Solutions, Inc.; (d) Net Cents Technology, Inc.; (e) Polaris Ventures; (f) Stably Corporation; and (g) Austin Ward.

7.     Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases, is set forth in the *Declaration of Jor Law, Interim Chief Executive Officer and President of Prime Core Technologies Inc., et al., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 14], which is incorporated by reference as if fully set forth herein.

B.     **Claims Process**

8.     On September 20, 2023, the Court entered an *Order (I) Establishing Bar Dates to File Proofs of Claim; (II) Approving Form and Manner for Filing Proofs of Claim; (III) Approving Form and Manner of Notice of Bar Dates; And (IV) Granting Related Relief* [Docket

No.169] (the "Bar Date Order"), which, among other things, established (a) October 22, 2023, at 4:00 pm (prevailing Eastern Time) as the deadline by which persons or entities (excluding Governmental Units as defined in Bankruptcy Code section 101(27)), must file proofs of claim in respect of any claims arising prior to the Petition Date, including claims arising under Bankruptcy Code section 503(b)(9).

9. On September 22, 2023, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [Docket Nos. 175–182] (collectively, the "Schedules").

10. In the ordinary course of business, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the nature and amount of the liabilities owed to their creditors. The Debtors, with the assistance of their advisors, have actively begun reviewing and reconciling proofs of claim with the Debtors' Schedules and their Books and Records to determine which claims asserted against the Debtors' estates may be subject to objection and/or reclassification.

## RELIEF REQUESTED

11. For the reasons set forth below, the Debtors seek entry of the Proposed Order (a) disallowing and expunging the No Liability Claims, (b) reducing the amount of the Overstated Claims, and (c) reclassifying the Misclassified Claims.

## THE NO LIABILITY CLAIMS

12. As set forth in the Murphy Declaration, based upon a careful review and analysis of the No Liability Claims listed on Exhibit 1 annexed to the Proposed Order, the Debtors' Books and Records, the Schedules, and the claims register, the Debtors have determined that the No Liability Claims fail to establish a legal or factual basis upon which any Debtor is liable. The review conducted by the Debtors revealed there are no obligations currently due and owing on

the No Liability Claims and there is no evidence indicating that the related claimants hold claims against any Debtor. Therefore, there is no valid legal justification for asserting the No Liability Claims against any Debtor. A more specific basis for each objection to the No Liability Claims is provided on <u>Exhibit 1</u>, under the heading "Reason for Disallowance," as well as in the Murphy Declaration. Accordingly, the Debtors submit that the No Liability Claims should be disallowed and expunged.

## THE OVERSTATED CLAIMS

13. As set forth in the Murphy Declaration, based upon a careful review and analysis of the Debtors' Books and Records, the Schedules, and the claims register, the Debtors, with the assistance of their professionals, have determined that the Overstated Claims were filed in an incorrect amount that is greater than the applicable Debtor's true liability, for the reasons set forth in <u>Exhibit 2</u> annexed to the Proposed Order. Such claims should be reduced to the amount set forth in <u>Exhibit 2</u> under the heading labeled "Modified Claim Amount." Failure to reduce the Overstated Claims will result in creditors receiving improper recoveries on account of these Proofs of Claim.

## THE MISCLASSIFIED CLAIMS

14. As set forth in the Murphy Declaration, based upon a careful review and analysis of the Debtors' Books and Records, the Schedules, and the claims register, the Debtors, with the assistance of their professionals, identified the Misclassified Claims, listed on <u>Exhibit 3</u> to the Proposed Order, as claims that have been asserted in the wrong classification or priority (in whole or in part). The Debtors have reviewed the Misclassified Claims and the supporting information and documentation provided therewith, have made reasonable efforts to research each such Misclassified Claim in the Debtors' Books and Records, and based on such research

and review, either (a) find no basis for the priority status asserted in the Misclassified Claims or (b) find no basis for a portion of the priority status asserted in the Misclassified Claims. For this reason, the Debtors have determined that the Misclassified Claims should be reclassified (in whole or in part) as shown on <u>Exhibit 3</u>.

### BASIS FOR RELIEF REQUESTED

15. When asserting a claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992); *see also In re Int'l Match Corp.*, 69 F.2d 73, 76 (2d Cir. 1934) (finding that a proof of claim should at least allege facts from which legal liability can be seen to exist). Where the claimant alleges sufficient facts to support its claim, its claim is afforded prima facie validity. *Allegheny*, 954 F.2d at 173. A party wishing to dispute such a claim must produce evidence in sufficient force to negate the claim's prima facie validity. *Id.* In practice, the objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency. *Id.* at 173–74. Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id.* at 174. Ultimately, the burden of persuasion is on the claimant. *Id.*; *In re Tribune Media Co.*, 616 B.R. 475, 486 (Bankr. D. Del. 2020) (discussing and applying the burden-shifting approach from *Allegheny*).

16. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1). Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed

under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Once an objection to a claim is filed, the Court, after notice and hearing, shall determine the allowed amount of the claim. 11 U.S.C. § 502(b).

17. As set forth in the Murphy Declaration, based upon a careful review and analysis of, among other things, the Disputed Claims and the Books and Records, the Debtors have determined that, as discussed in the foregoing, each Disputed Claim, if not disallowed and expunged, reduced and allowed, or reclassified, as applicable, would result in an impermissible recovery by the holder thereof.

18. Accordingly, to avoid the possibility of improper or multiple recoveries, as applicable, and to maintain an accurate claims register, the Debtors seek entry of the Proposed Order (a) disallowing and expunging the No Liability Claims, (b) reducing the amount of the Overstated Claims, and (c) reclassifying the Misclassified Claims.

## RESERVATION OF RIGHTS

19. The Debtors hereby reserve the right to object in the future to any of the Proofs of Claim subject to this Objection on any ground, and to amend, modify, and/or supplement this Objection to the extent an objection to a claim is not granted.

## RESPONSES TO THIS OBJECTION

20. To contest the determinations made as to the claims included in this Objection, a claimant must file a written response to this Objection (a "Response") with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 no later than December 12, 2023 at 4:00 p.m. (prevailing Eastern Time) (the "Response Deadline"). In addition, a claimant must serve its Response on the following entity in accordance with the Local Rules: counsel to the Debtors, McDermott Will &

Emery LLP (a) 1000 N. West Street, Suite 1400, Wilmington, Delaware 19801 (Attn: Maris J. Kandestin (mkandestin@mwe.com)), (b) One Vanderbilt Avenue, New York, New York 10017-3852 (Attn: Darren Azman (dazman@mwe.com)) and (c) 333 SE 2nd Avenue, Suite 4500, Miami, Florida 33131 (Attn: Gregg Steinman (gsteinman@mwe.com)).

21. Each Response to this Objection must, at a minimum, contain the following information:

(a) a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Objection to which the Response is directed;

(b) the name of the claimant, the claim number, and a description of the basis for the amount of the claim;

(c) the specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

(d) all documentation and other evidence in support of the claim, not previously filed with the Court or with the Debtors' claims and notice agent, upon which the claimant will rely in opposing this Objection; and

(e) the name, address, telephone number, fax number and/or email address of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the claim on behalf of the claimant.

22. If a claimant fails to timely file and serve a Response by the Response Deadline, the Debtor may present to the Court an appropriate order disallowing and expunging or reducing the Disputed Claims without further notice to the claimant or a hearing.

23. The Debtors may file and serve a reply to any Response in accordance with the Local Rules. The Debtors reserve the right to seek an adjournment of the hearing on any Response to this Objection, which adjournment will be noted on the notice of agenda for the hearing.

**SEPARATE CONTESTED MATTERS**

24. To the extent a Response is filed regarding any claim listed in this Objection and the Debtor is unable to resolve the Response, the objection by the Debtor to such claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim subject thereto.

**COMPLIANCE WITH LOCAL RULE 3007-1**

25. To the best of the Debtors' knowledge and belief, this Objection (inclusive of Exhibit 1, Exhibit 2, and Exhibit 3 to the Proposed Order) complies with Local Rule 3007-1. To the extent this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived, including, but not limited to, Local Rule 3007-1(e)(iii)(J)(2).

**NOTICE**

26. The Debtors will provide notice of this Objection to (a) the U.S. Trustee; (b) each holder of a Disputed Claim; and (c) the parties who have requested notice pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

**NO PRIOR REQUEST**

27. No prior request for the relief sought in the Objection has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, sustaining the Objection and grant such other relief as is just and proper.

Dated:  November 18, 2023
        Wilmington, Delaware

**MCDERMOTT WILL & EMERY LLP**

*/s/ Maris J. Kandestin*
Maris J. Kandestin (No. 5294)
1000 N. West Street, Suite 1400
Wilmington, Delaware 19801
Telephone:  (302) 485-3900
Facsimile:  (302) 351-8711
Email:      mkandestin@mwe.com

-and-

Darren Azman (admitted *pro hac vice*)
Joseph B. Evans (admitted *pro hac vice*)
Jessica Greer Griffith (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone:  (212) 547-5400
Facsimile:  (646) 547-5444
Email:      dazman@mwe.com
            jbevans@mwe.com
            ggriffith@mwe.com

-and-

Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, Florida 33131
Telephone:  (305) 358-3500
Facsimile:  (305) 347-6500
Email:      gsteinman@mwe.com

*Counsel to the Debtors and Debtors in Possession*