# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Prime Core Technologies Inc., *et al.*,[1]<br><br>　　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 23-11161 (JKS)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: Dec. 14, 2023 at 4:00 p.m. (ET)**<br>**Hearing Date: Dec. 19, 2023 at 10:00 a.m. (ET)** |

**DEBTORS' SECOND (NON-SUBSTANTIVE) OMNIBUS**
**OBJECTION TO CERTAIN FILED PROOFS OF CLAIM**

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN CLAIMS AND/OR MODIFY CERTAIN CLAIMS. CLAIMANTS RECEIVING THIS OBJECTION SHOULD REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIMS. CLAIMANTS SHOULD LOCATE THEIR NAMES AND CLAIMS ON EXHIBIT 1, EXHIBIT 2, OR EXHIBIT 3 ATTACHED TO THE PROPOSED ORDER APPENDED TO THIS OBJECTION.**

Prime Core Technologies Inc. and certain of its affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") file this omnibus objection (the "Objection") seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) disallowing and expunging the duplicative claims listed on Exhibit 1 annexed to the Proposed Order (the "Duplicative Claims"), (ii) disallowing and expunging certain claims for which an amended claim has been filed (the "Superseded Claims"), and (iii) reclassifying certain claims as equity interests (the "Misclassified Interests," and together with the Duplicative Claims and the Superseded Claims, the "Disputed Claims"). In support of this Objection, the Debtors rely on the

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

*Declaration of William Murphy in Support of Debtors' Second (Non-Substantive) Omnibus Objection to Certain Filed Proofs of Claims* (the "Murphy Declaration"), which is attached hereto as **Exhibit B** and is incorporated as if fully set forth herein.  In further support of this Objection, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue in these cases and the Objection in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code section 502, Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3. The Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with the Objection in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

A.     **General Background**

4.     On August 14, 2023, each Debtor commenced a case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The chapter 11 cases (the "Chapter 11 Cases") have been jointly administered for procedural purposes only.

5.     The Debtors continue to manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6.     On August 29, 2023, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to Bankruptcy Code section 1101 [Docket No. 51] (the "Committee"). The Committee is comprised of the following unsecured creditors: (a) Yousef Abbasi; (b) Allsectech, Inc.; (c) DMG Blockchain Solutions, Inc.; (d) Net Cents Technology, Inc.; (e) Polaris Ventures; (f) Stably Corporation; and (g) Austin Ward.

7.     Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases, is set forth in the *Declaration of Jor Law, Interim Chief Executive Officer and President of Prime Core Technologies Inc., et al., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 14] (the "First Day Declaration"), which is incorporated by reference as if fully set forth herein.

B.     **Claims Process**

8.     On September 20, 2023, the Court entered an *Order (I) Establishing Bar Dates to File Proofs of Claim; (II) Approving Form and Manner for Filing Proofs of Claim; (III) Approving Form and Manner of Notice of Bar Dates; And (IV) Granting Related Relief* [Docket

No.169] (the "Bar Date Order"), which, among other things, established (a) October 22, 2023, at 4:00 pm (prevailing Eastern Time) as the deadline by which persons or entities (excluding Governmental Units as defined in Bankruptcy Code section 101(27)), must file proofs of claim in respect of any claims arising prior to the Petition Date, including claims arising under Bankruptcy Code section 503(b)(9).

9.     On September 22, 2023, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [Docket Nos. 175–182] (collectively, the "Schedules").

10.     In the ordinary course of business, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the nature and amount of the liabilities owed to their creditors. The Debtors, with the assistance of their advisors, have actively begun reviewing and reconciling proofs of claim with the Debtors' Schedules and their Books and Records to determine which claims asserted against the Debtors' estates may be subject to objection and/or reclassification.

## RELIEF REQUESTED

11.     For the reasons set forth below, the Debtors seek entry of the Proposed Order disallowing and expunging the Duplicative Claims, disallowing and expunging the Superseded Claims, and reclassifying the Misclassified Interest.

## THE DUPLICATIVE CLAIMS

12.     As set forth in the Murphy Declaration, based upon a careful review and analysis of the Duplicative Claims listed on Exhibit 1 annexed to the Proposed Order, the Debtors' Books and Records, the Schedules, and the claims register, the Debtors have determined that each Duplicative Claim has been asserted against the Debtor for liabilities which are already covered by a corresponding claim asserted against the Debtor (the "Duplicative Surviving Claims").

13. Failure to disallow and expunge the Duplicative Claims would result in double recovery to the creditors identified on Exhibit 1. Therefore, the Debtors submit that the Duplicative Claims should be disallowed and expunged and only the Duplicative Surviving Claims should remain on the claims register at this time, subject to the decision of the Debtors at a later date to object to any Duplicative Surviving Claims on any and all grounds.

## THE SUPERSEDED CLAIMS

14. As set forth in the Murphy Declaration, based upon a careful review and analysis of the Superseded Claims listed on Exhibit 2 annexed to the Proposed Order, the Debtors' Books and Records, the Schedules, and the claims register, the Debtor has determined that the Superseded Claims have been amended and superseded by the subsequently filed claim identified on Exhibit 2 (the "Amended Surviving Claims,") and, if allowed, would represent a double recovery for the holder.

## THE MISCLASSIFIED INTEREST

15. As set forth in the Murphy Declaration, based upon a careful review and analysis of the Amended Claims listed on Exhibit 3 annexed to the Proposed Order, the Debtors' Books and Records, the Schedules, and the claims register, the Debtors have determined that the Misclassified Interest does not represent a claim against the Debtors but represents an equity interest in the Debtor on Exhibit 3 (the "Surviving Interest," and together with the Duplicative Surviving Claims, and the Amended Surviving Claims, the "Surviving Claims") and, if allowed, would entitle such a holder to a recovery in a priority position to which such holder is not entitled.

16. This Objection does not affect any of the Surviving Claims and does not constitute an admission or acknowledgement by the Debtors that any such claims should be

5

allowed. Unless the Surviving Claim was previously allowed, the Debtors retain their rights to later object on any basis to the Surviving Claims and to the Disputed Claims to the extent the Court does not grant the relief requested herein.

## BASIS FOR RELIEF REQUESTED

17. When asserting a claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992); *see also In re Int'l Match Corp.*, 69 F.2d 73, 76 (2d Cir. 1934) (finding that a proof of claim should at least allege facts from which legal liability can be seen to exist). Where the claimant alleges sufficient facts to support its claim, its claim is afforded prima facie validity. *Allegheny*, 954 F.2d at 173. A party wishing to dispute such a claim must produce evidence in sufficient force to negate the claim's prima facie validity. *Id.* In practice, the objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency. *Id.* at 173–74. Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id.* at 174. Ultimately, the burden of persuasion is on the claimant. *Id.*; *In re Tribune Media Co.*, 616 B.R. 475, 486 (Bankr. D. Del. 2020) (discussing and applying the burden-shifting approach from *Allegheny*).

18. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1). Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11

U.S.C. § 502(a). Once an objection to a claim is filed, the Court, after notice and hearing, shall determine the allowed amount of the claim. 11 U.S.C. § 502(b).

19. As set forth in the Murphy Declaration, based upon a careful review and analysis of, among other things, the Disputed Claims and the Books and Records, the Debtors have determined that, as discussed in the foregoing, each Disputed Claim, if not disallowed and expunged, reduced and allowed, or reclassified, as applicable, would result in an impermissible recovery by the holder thereof.

20. Accordingly, to avoid the possibility of improper or multiple recoveries, as applicable, and to maintain an accurate claims register, the Debtors seek entry of the Proposed Order (a) disallowing and expunging the Duplicative Claims, (b) disallowing and expunging the Superseded Claims, and (c) reclassifying the Misclassified Interest.

## RESERVATION OF RIGHTS

21. The Debtors hereby reserve the right to object in the future to any of the Proofs of Claim subject to this Objection (including the Surviving Claims) on any ground, and to amend, modify, and/or supplement this Objection to the extent an objection to a claim is not granted.

## RESPONSES TO THIS OBJECTION

22. To contest the determinations made as to the claims included in this Objection, a claimant must file a written response to this Objection (a "Response") with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 no later than December 12, 2023 at 4:00 p.m. (prevailing Eastern Time) (the "Response Deadline"). In addition, a claimant must serve its Response on the following entity in accordance with the Local Rules: counsel to the Debtors, McDermott Will & Emery LLP (a) 1000 N. West Street, Suite 1400, Wilmington, Delaware 19801 (Attn: Maris J. Kandestin (mkandestin@mwe.com)), (b) One Vanderbilt Avenue, New York, New York 10017-

3852 (Attn: Darren Azman (dazman@mwe.com)) and (c) 333 SE 2nd Avenue, Suite 4500, Miami, Florida 33131 (Attn: Gregg Steinman (gsteinman@mwe.com)).

23. Each Response to this Objection must, at a minimum, contain the following information:

    (a)    a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Objection to which the Response is directed;

    (b)    the name of the claimant, the claim number, and a description of the basis for the amount of the claim;

    (c)    the specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

    (d)    all documentation and other evidence in support of the claim, not previously filed with the Court or with the Debtors' claims and notice agent, upon which the claimant will rely in opposing this Objection; and

    (e)    the name, address, telephone number, fax number and/or email address of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the claim on behalf of the claimant.

24. If a claimant fails to timely file and serve a Response by the Response Deadline, the Debtor may present to the Court an appropriate order disallowing and expunging or reducing the Disputed Claims without further notice to the claimant or a hearing.

25. The Debtors may file and serve a reply to any Response in accordance with the Local Rules. The Debtors reserve the right to seek an adjournment of the hearing on any Response to this Objection, which adjournment will be noted on the notice of agenda for the hearing.

**SEPARATE CONTESTED MATTERS**

26. To the extent a Response is filed regarding any claim listed in this Objection and the Debtor is unable to resolve the Response, the objection by the Debtor to such claim shall

constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim subject thereto.

## COMPLIANCE WITH LOCAL RULE 3007-1

27. To the best of the Debtors' knowledge and belief, this Objection (inclusive of Exhibit 1, Exhibit 2, and Exhibit 3 to the Proposed Order) complies with Local Rule 3007-1. To the extent this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived, including, but not limited to, Local Rule 3007-1(e)(iii)(J)(2).

## NOTICE

28. The Debtors will provide notice of this Objection to (a) the U.S. Trustee; (b) each holder of a Disputed Claim; and (c) the parties who have requested notice pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

## NO PRIOR REQUEST

29. No prior request for the relief sought in the Objection has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, sustaining the Objection and grant such other relief as is just and proper.

Dated: November 18, 2023
      Wilmington, Delaware

**MCDERMOTT WILL & EMERY LLP**

*/s/ Maris J. Kandestin*
Maris J. Kandestin (No. 5294)
1000 N. West Street, Suite 1400
Wilmington, Delaware 19801
Telephone: (302) 485-3900
Facsimile: (302) 351-8711
Email: mkandestin@mwe.com

-and-

Darren Azman (admitted *pro hac vice*)
Joseph B. Evans (admitted *pro hac vice*)
J. Greer Griffith (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Facsimile: (646) 547-5444
Email: dazman@mwe.com
          jbevans@mwe.com
          ggriffith@mwe.com

-and-

Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, Florida 33131
Telephone: (305) 358-3500
Facsimile: (305) 347-6500
Email: gsteinman@mwe.com

*Counsel to the Debtors and Debtors in Possession*