# **EXHIBIT C**

**Murphy Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF WILLIAM MURPHY IN SUPPORT OF DEBTORS' MOTION TO AMEND THE AMENDED ORDER (I) AUTHORIZING DEBTORS TO FILE A CONSOLIDATED CREDITOR MATRIX AND TOP 50 CREDITORS LIST; (II) AUTHORIZING REDACTION OF CERTAIN PERSONALLY IDENTIFIABLE INFORMATION; (III) AUTHORIZING THE DEBTORS TO SERVE CERTAIN PARTIES BY ELECTRONIC MAIL; (IV) APPROVING CERTAIN NOTICE PROCEDURES; AND (V) GRANTING RELATED RELIEF**

I, William Murphy, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Senior Director at M3 Advisory Partners, LP ("M3 Advisory"), financial advisors for the above-captioned debtors and debtors in possession (collectively, the "Debtors") in connection their chapter 11 cases (the "Chapter 11 Cases"). I have over forty (40) years of professional advisory experience, including more than thirty (30) years specializing in corporate restructurings. Over the course of my career, I have held a wide range of positions across companies of all sizes, including serving as Chief Financial Officer, Chief Restructuring Officer, and other positions responsible for overseeing company operations.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

2.       I am over the age of 18 and authorized to submit this declaration (the "Declaration") on behalf of the Debtors in support of the *Debtors' Motion to Amend the Amended Order (I) Authorizing Debtors to File a Consolidated Creditor Matrix and Top 50 Creditors List; (II) Authorizing Redaction of Certain Personally Identifiable Information; (III) Authorizing the Debtors to Serve Certain Parties by Electronic Mail; (IV) Approving Certain Notice Procedures; and (V) Granting Related Relief* (the "Motion").[2]  Except as otherwise indicated, all facts set forth in this Declaration are based upon information that I have learned since M3 Advisory was engaged by the Debtors in connection with these Chapter 11 Cases, including through my review of relevant documents, the Debtors' Schedules, the Debtors' books and records, information provided to me by the Debtors' management and employees, and information provided to me by employees of M3 Advisory working under my direction and supervision. If I were called upon to testify, I could and would competently testify to the facts set forth herein.

3.       To the best of my knowledge, of the Undeliverable Email Parties, only 1,358 unique parties, or 1.0%, have been scheduled by the Debtors as holding claims against their estates.  I therefore believe that the Unscheduled Undeliverable Email Parties are not creditors of the Debtors' estates based on the Debtors' books and records.

4.       To the best of my knowledge, the Debtors' employees reviewed the list of 129,289 Undeliverable Email Parties associated with the Confirmation Hearing notice (from the list of 131,328 emails that were expunged for grantors and duplicate email entries) and determined that fewer than 700 unique email addresses had potential claims.

---

[2]    Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Motion.

5.      To the best of my knowledge, this analysis corroborates and supports the assertion that the number of parties who may hold claims against the Debtors' estates is a small percentage of the sum of the Undeliverable Email Parties.

6.      To the best of my knowledge, the Debtors' employees agreed that the fewer than 700 unique email addresses they connected potentially undercounts the true number of Undeliverable Email Parties with potential claims, particularly as the earlier analysis conducted by M3 Advisory and the Claims Agent comparing the claims reflected in the Debtors' Schedules with the Undeliverable Email Parties indicated that 1,358 of those parties (from an initial list of 131,328 undeliverable emails) were scheduled by the Debtors as holding claims against their estates.

7.      M3 Advisory then instructed the Claims Agent to notice the 1,358 scheduled parties via first-class mail on November 16, 2023, which the Claims Agent did.

To the best of my knowledge, information, and belief, the facts and circumstances set forth in the Motion are true and accurate.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated:       November 27, 2023

*/s/ William Murphy*
William Murphy
Senior Director
M3 Advisory Partners, LP

3