### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Obj. Deadline: Dec. 12, 2023 at 4:00 p.m. (ET)**<br>**Hearing Date: Dec. 19, 2023 at 10:00 a.m. (ET)** |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING TERMINATION OF 401(k) PLAN, AND (II) GRANTING RELATED RELIEF

Prime Core Technologies Inc. and certain of its affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby move (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) authorizing the termination of the Prime Core Technologies Inc. and Prime Digital, LLC 401(k) Profit Sharing Plan (the "401(k) Plan"); (ii) the implementation of procedures through which the Debtors may terminate the 401(k) Plan in accordance with the Internal Revenue Code (the "IRC") and the Employee Retirement Income Security Act of 1974 ("ERISA"); and (iii) granting related relief. In support of this Motion, the Debtors respectfully represent as follows:

### JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware,

---

[1]     The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are:  Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The legal predicates for the relief requested herein are sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3.      The Debtors confirm their consent, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with the Motion in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

### A.      General Background

4.      On August 14, 2023 (the "Petition Date"), each Debtor commenced a case (collectively, the "Chapter 11 Cases") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Chapter 11 Cases have been jointly administered for procedural purposes only.

5.      The Debtors continue to manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6.      On August 29, 2023, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to Bankruptcy Code section 1102 (the "Committee") [Docket No. 51]. The Committee is comprised of the following unsecured creditors: (a) Yousef Abbasi; (b) Allsectech, Inc.; (c) DMG

Blockchain Solutions, Inc.; (d) Net Cents Technology, Inc.; (e) Polaris Ventures; (f) Stably Corporation; and (g) Austin Ward.

7.      Additional information regarding the Debtors and the Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of the Chapter 11 Cases, is set forth in the *Declaration of Jor Law, Interim Chief Executive Officer and President of Prime Core Technologies Inc., et al., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 14], which is incorporated by reference as if fully set forth herein.

**B.      The 401(k) Plan**

8.      Together, Debtors Prime Core Technologies Inc. and Prime Digital, LLC are joint plan sponsors and plan administrators of the 401(k) Plan, which is a qualified retirement plan as described in sections 401(a) and 401(k) of the IRC and maintained in accordance with applicable provisions of ERISA and the IRC. As of the Petition Date, the Debtors offered eligible employees ("Plan Participants") the opportunity to participate in the 401(k) Plan. The 401(k) Plan allowed employees to contribute to the 401(k) Plan through payroll deductions. The employees' contributions to the 401(k) Plan are invested in employee-participant directed accounts maintained in a separate trust fund as required by ERISA.

9.      As of November 27, 2023, there are 252 Plan Participants with account balances remaining in the 401(k) Plan's trust. As a result of the Debtors' liquidity constraints, a majority of employees previously eligible to participate in the 401(k) Plan are no longer employees of the Debtors.[2] The Debtors are taking the required steps to terminate the 401(k) Plan and cause the

---

[2]      As set forth in greater detail in the First Day Declaration, on June 21, 2023 (before the Petition Date), the Debtors ceased operating after receiving a cease and desist order (from its regulatory body, the Nevada Department of Business and Industry, Division of Financial Institutions. *See* First Day Declaration, ¶ 57. Since then, the Debtors have significantly reduced their employee headcount from 540 employees at the peak of their operations to only

distribution of the assets of the 401(k) Plan to or on behalf of the Plan Participants in accordance

with the terms of the 401(k) Plan, subject to court approval, and applicable law, including

distributing final Plan Participant account balances and completing all necessary filings

following final 401(k) Plan liquidation.

10.     The termination of the 401(k) Plan will eliminate the Debtors' obligations to

continue to maintain the 401(k) Plan, subject to the actions that the Debtors will take to wind up

the 401(k) Plan and distribute its assets. In connection with the termination of the 401(k) Plan,

the Debtors seeks authority to implement the following procedures (the "Termination

Procedures"):

a.    Amend the 401(k) Plan to reflect the cessation of all employer and
      employee contributions, to immediately fully-vest all Plan Participants
      with account balances remaining in the 401(k) Plan as of December 19,
      2023, and to terminate the 401(k) Plan effective December 31, 2023, and
      provide that, upon termination all 401(k) Plan Participants (i.e., employees
      and former employees) with an account balance remaining in the 401(k)
      Plan following 401(k) Plan termination will be distributed to or on behalf
      of such Plan Participants as soon as administratively practicable in
      accordance with 401(k) Plan terms and applicable law;

b.    The trust under the 401(k) Plan, including the required ERISA Fidelity
      Bond, shall continue until all assets have been distributed to or on behalf
      of 401(k) Plan Participants (or beneficiaries of deceased former
      employees) as soon as administratively possible following the termination
      date in accordance with the 401(k) Plan's terms and applicable law;

c.    Continue to file IRS Form 5500 until all 401(k) Plan assets are distributed
      and the trust is closed;

d.    Upon final distribution of the assets of the 401(k) Plan, close the 401(k)
      Plan and the related trust; and

e.    The Debtors will be authorized and directed to take any and all further
      actions, and to execute any applications, certificates, agreements or any
      other instruments or documents or amendments or supplements to such
      documents, including 401(k) Plan amendments and government filings,

---

70 employees and independent contractors as of the Petition Date. *See id.* ¶ 11, n.4.  Recently, the Debtors further
reduced their workforce to fewer than 25 employees and independent contractors.

and to do or cause to be done any and all other acts and things as may be deemed necessary or appropriate to terminate the 401(k) Plan.

## RELIEF REQUESTED

11.     By this Motion, the Debtors request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (a) approving the termination of the 401(k) Plan, effective as of December 31, 2023, pursuant to Bankruptcy Code sections 105(a) and 363(b) and Bankruptcy Rule 6004; (b) authorizing the Debtors to implement certain procedures through which they may terminate the 401(k) Plan in accordance with the IRC and ERISA; and (c) granting related relief.

## BASIS FOR RELIEF

### A.     There Is Ample Cause to Terminate the 401(k) Plan

12.     By its terms, the Debtors may terminate the 401(k) Plan at any time, subject to the limitations of the 401(k) Plan and applicable law. This contractual right to terminate the 401(k) Plan is property of the Debtors' estates under Bankruptcy Code section 541. Out of an abundance of caution, the Debtors seek the Court's approval to exercise this right.

13.     Under Bankruptcy Code section 363(b)(1), a bankruptcy court may authorize a chapter 11 debtor to use property of the estate other than in the ordinary course of business where the debtor has articulated a valid business justification for the requested use of estate assets. *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999); *In re Filene's Basement, LLC*, No. 11-13511, 2014 WL 1713416, *12 (Bankr. D. Del. Apr. 29, 2014) ("Where the debtor articulates a reasonable basis for its business decisions . . . courts will generally not entertain objections to the debtor's conduct") (quoting *In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986)). Once a debtor articulates such a valid business justification, a presumption exists in favor of the debtor's business decisions. *See In re Tower Air, Inc.*, 416

F.3d 229, 238 (3d Cir. 2005) ("Overcoming the presumption of the business judgment rule on the merits is a near-Herculean task."), *see also Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985) (describing the business judgment rule as "a presumption that in making a business decision, the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company").

14.     Additionally, the Court may rely on its equitable powers to grant the requested relief. Specifically, Bankruptcy Code section 105(a) authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Under Bankruptcy Code section 105(a), the Court may exercise its broad grant of equitable powers to approve this Motion.

15.     Here, in the exercise of their sound and considered business judgment, the Debtors have determined that terminating the 401(k) Plan is in the best interests of Plan Participants and beneficiaries, as well as the Debtors' estates, creditors, and stakeholders. As noted above, over the course of the past year or so, the Debtors have reduced their workforce to the point where fewer than twenty-five (25) employees and contractors remain.  Against this backdrop, the Debtors can no longer justify the costs associated with maintaining the 401(k) Plan.  Terminating the 401(k) Plan will enable the Debtors to eliminate unnecessary operating expenses related to the 401(i) Plan as they wind down their operations, thereby preserving estate assets for the benefit of the Debtors' estates, creditors, and other stakeholders. Thus, termination of the 401(k) Plan is necessary and appropriate under the circumstances.

16.     For the reasons set forth herein, the Debtors respectfully submit that the Court termination of the 401(k) Plan is within the sound business judgment of the Debtors and is in the best interests of the Debtors' estates.

## **WAIVER OF BANKRUPTCY RULE 6004**

17.     To successfully implement the foregoing, the Debtors seek a waiver of the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

## **NO PRIOR REQUEST**

18.     No prior request for the relief sought in this Motion has been made to this or any other court.

## **NOTICE**

19.     The Debtors will provide notice of this Motion to: (i) counsel to the Committee; (ii) the U.S. Trustee; (iii) the United States Department of Labor; and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that no further notice is required.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as may be just and proper.

Dated: November 27, 2023
        Wilmington, Delaware

**MCDERMOTT WILL & EMERY LLP**

*/s/ Maris J. Kandestin*
Maris J. Kandestin (No. 5294)
1000 N. West Street, Suite 1400
Wilmington, Delaware 19801
Telephone:    (302) 485-3900
Facsimile:    (302) 351-8711
Email:    mkandestin@mwe.com

-and-

Darren Azman (admitted *pro hac vice*)
Joseph B. Evans (admitted *pro hac vice*)
Jessica Greer Griffith (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone:    (212) 547-5400
Facsimile:    (646) 547-5444
Email:    dazman@mwe.com
             jbevans@mwe.com

-and-

Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, Florida 33131
Telephone:    (305) 358-3500
Facsimile:    (305) 347-6500
Email:    gsteinman@mwe.com

*Counsel to the Debtors and Debtors in Possession*