**<u>Exhibit A</u>**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. |

**ORDER (I) APPROVING SETTLEMENT AGREEMENT AMONG THE DEBTORS, TIKI LABS, INC. D/B/A AUDIUS INC., AND THE SETTLING AUDIO HOLDERS; (II) AUTHORIZING THE DEBTORS TO SELL CERTAIN AUDIO FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order pursuant to Bankruptcy Code sections 105(a) and 363, Bankruptcy Rules 6004 and 9019, and Local Rule 6004-1 (i) approving the Settlement Agreement, (ii) authorizing the Proposed Sale, and (iii) granting related relief; and this Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and upon consideration of the Motion; and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court finding that adequate notice of the Motion having been given; and it

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are:  Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

appearing that no other or further notice need be given; and the Court finding that the Settlement Agreement, the Proposed Sale, and the relief requested in the Motion are reasonable and in the best interests of the Debtors' estates; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is GRANTED to the extent set forth herein.

2. The Settlement Agreement attached hereto as **Exhibit 1** is hereby approved and the Debtors and Audius are authorized to perform thereunder.

3. Any and all claims or causes of action that Audius may have against the Debtors, whether known or unknown, contingent or noncontingent, liquidated or unliquidated, presently existing or not, are hereby waived, as they pertain to these Chapter 11 Cases.

4. All Audius Claims are withdrawn.

5. Nothing in this Order or the Stipulation shall be deemed: (a) an admission as to the amount of, basis for, or validity of any particular claim against the Debtors or Audius under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors', or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Settlement Agreement; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to Bankruptcy Code section 365; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver of any claims, causes of action, or defenses which may exist against any entity under the Bankruptcy Code or any other applicable law, except as explicitly provided for herein.

6. The Settlement Agreement shall be binding upon any subsequently appointed or elected Chapter 7 or 11 trustee and/or any successor and assign of the Debtors.

7. Pursuant to Bankruptcy Code section 363(b) and (c), the Debtors are authorized to, without further order of the Court or additional prior notice to any parties in interest, sell the AUDIO in the secondary market pursuant to the Settlement Agreement.

8. The Debtors are authorized to pay any necessary fees and expenses incurred in the sale of the AUDIO.

9. The Debtors are authorized to treat the fiat it obtains from its sale of AUDIO as property of its estate.

10. The Proposed Sale is, without need for any action by any party, free and clear of all liens, claims, and other encumbrances (collectively, "Interests") with such Interests attaching to the proceeds of such sale or transfer with the same validity, extent, and priority as the Interests had attached to such assets immediately prior to such sale or transfer. As of the effective date of the Proposed Sale pursuant to this Order, all Interests in the AUDIO are deemed discharged and released without regard to whether the holder of the Interests have executed or filed any applicable release, and such Interests shall automatically, and without further action by any party, attach to the proceeds of such sale. Notwithstanding the foregoing, any holders of such Interests are authorized and directed to execute and deliver any waivers, releases, or other related documentation, as reasonably requested by the Debtors.

11. The Debtors and any purchasers of the AUDIO are authorized to take all actions and execute all documents necessary or appropriate to effectuate the sale of such assets to such purchaser.

12. With respect to the sales consummated pursuant to this Order, this Order shall be sole and sufficient evidence of the transfer of title to any particular buyer, and the sale transactions consummated pursuant to this Order shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, and federal, state, and local officials, and each of such persons and entities is hereby directed to accept this Order as sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the transaction contemplated hereby.

13. The provision in Bankruptcy Rule 6004(h) staying an order authorizing the use, sale, or lease of property until the expiration of fourteen (14) days after entry of the order is hereby waived with respect to this Order and the sales of AUDIO made based on the authority granted in this Order.

14. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

15. The terms and conditions of this Order and the Settlement Agreement are immediately effective and enforceable upon entry of this Order.

16. The Court shall retain jurisdiction to resolve any disputes or controversies arising from the implementation of this Order or the Settlement Agreement.