# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Obj. Deadline: Dec. 12, 2023 at 4:00 p.m. (ET)** <br> **Hearing Date: Dec. 19, 2023 at 10:00 a.m. (ET)** |

### DEBTORS' OMNIBUS DETERMINATION MOTION FOR ESTIMATION AND TEMPORARY ALLOWANCE OF CLAIM NOS. 173, 859, AND 1319 SOLELY FOR VOTING PURPOSES PURSUANT TO BANKRUPTCY RULE 3018

The debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") hereby move (the "Motion") for entry of an order, pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), estimating and temporarily allowing, solely for purposes of voting to accept or reject the Plan (as defined below), proof of claim no. 173, which was filed in a face amount of 357.82 Bitcoin (including any amendments or supplements, collectively, "Claim No. 173," and the individual who filed Claim No. 173, hereinafter referred to as "Claimant 173") at $395.82; proof of claim no. 859, which was filed in a face amount of 2100 Bitcoin and $1,890.00 (including any amendment or supplements, collectively, "Claim No. 859", and the individual who filed Claim No. 859, hereinafter referred to as "Claimant 859") at 0.07 Bitcoin and $1,890.00, or a total of $3,990.00; and proof of claim no. 1319, which was filed in a face amount of $68,313,564.00, 1 USD Coin, and 382.23 Lumens (including any amendment or supplements, collectively, "Claim

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

No. 1319", and the individual who filed Claim No. 1319, hereinafter referred to as "Claimant 1319" and Claimant 1319, together with Claimant 173, and Claimant 859, the "Claimants", and Claim No. 1319, together with Claim No. 173, and Claim No. 859 the "Claims") at $683,135.64; 1 USD Coin, and 382.23 Lumens, as set forth herein. In support of this Motion, the Debtors respectfully state as follows:

## PRELIMINARY STATEMENT[2]

One of the fundamental tenets of the Bankruptcy Code is to promote fairness and equity among a debtor's similarly-situated creditors. In an effort to promote these principles, the Debtors are bringing this Motion pursuant to Bankruptcy Rule 3018. More specifically, this Motion represents the efforts of the Debtors to fully enfranchise the maximum number of creditors with respect to voting on the Debtors' *Joint Chapter 11 Plan of Reorganization for Prime Core Technologies Inc. and its Affiliated Debtors* [Docket No. 258] (as may be amended, supplemented, or modified from time to time, the "Plan"), while at the same time preventing the Claimants from inflating their claims against the Debtors' estates. In each case, the as filed amounts of the Claims directly contradict either the Debtors' books and records or the supporting documentation attached to the respective Claim.

Absent a reduction of the Claims, any Ballot submitted by the Claimants to vote to accept or reject the Plan would detrimentally dilute the votes of the other Holders of Claims in Class 3B and could also set the stage for diluting recoveries to Holders of Claims in Class 3B, pending litigation relating to the allowance of the Claims. Such disenfranchisement of Holders of legitimate claims in Class 3B is antithetical to provisions and the spirit of the Bankruptcy Code.

---

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

Through this Motion, the Debtors are endeavoring to balance the interests of the Claimants against other General Unsecured Creditors. The Debtors submit that the solution proposed herein is fair and equitable and will ensure that all creditors voting in Class 3B are appropriately enfranchised. For the reasons set forth herein, Claim No. 173 should be temporarily allowed, solely for purposes of voting to accept or reject the Plan, in the amount of $395.82; Claim No. 859 should be temporarily allowed, solely for purposes of voting to accept or reject the Plan, in the amount of $3,990.00; and Claim No. 1319 should be temporarily allowed, solely for purposes of voting to accept or reject the Plan, in the amount of $683,135.64; 1 USD Coin, and 382.23 Lumens.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Debtors bring this Motion pursuant to Bankruptcy Rule 3018 and the Solicitation Procedures Order (as defined below), which provides, in relevant part, that "a Claim will be deemed temporarily allowed for voting purposes only in an amount equal to… if a Proof of Claim has been timely filed in respect of such Claim, the liquidated, non-contingent, and undisputed amount set forth in such Proof of Claim." *See* Solicitation Procedures Order, ¶ 15(b).[3]

[3] The Debtors are not seeking to estimate Claim No. 173 for all purposes under section 502(c) of the Bankruptcy Code, and expressly reserve all of their rights to seek estimation under section 502(c) of the Bankruptcy Code and/or substantive objections, counterclaims, and Causes of Action to object to the allowance or subordination of Claim No. 173 for distribution and any other purposes.

3.     The Debtors consent, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

**A.     General Background**

4.     On August 14, 2023 (the "Petition Date"), the Debtors commenced the Chapter 11 Cases. These cases have been jointly administered for procedural purposes only.

5.     The Debtors continue to manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6.     On August 29, 2023, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee") in these Chapter 11 Cases [Docket No. 51]. The Committee is comprised of the following unsecured creditors: (a) Yousef Abbasi; (b) Allsectech, Inc.; (c) DMG Blockchain Solutions, Inc.; (d) Net Cents Technology, Inc.; (e) Polaris Ventures; (f) Stably Corporation; and (g) Austin Ward. No trustee or examiner has been appointed in these cases.

7.     Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases, is set forth in the *Declaration of Jor Law, Interim Chief Executive Officer and President of Prime Core Technologies Inc., et al., in Support of*

*Chapter 11 Petitions and First Day Motions* [Docket No. 14], which is incorporated by reference as if fully set forth herein.

8. On October 5, 2023, the Debtors filed the Debtors' *Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to the Joint Chapter 11 Plan of Reorganization for Prime Core Technologies Inc. and its Affiliated Debtors* [Docket No. 259] (as may be amended, supplemented, or modified from time to time, the "Disclosure Statement"), relating to the Debtors' Plan.

9. On October 6, 2023, the Court entered the *Order (I) Approving the Disclosure Statement on an Interim Basis for Solicitation Purposes Only , (II) Establishing Procedures for the Solicitation and Tabulation of Votes to Accept or Reject the Plan, (III) Approving the Forms of Ballot and Solicitation Materials, (IV) Establishing the Voting Record Date, (V) Scheduling a Combined Hearing for Final Approval of the Adequacy of Information in the Disclosure Statement and Confirmation of the Plan; and (VI) Granting Related Relief* [Docket No. 264] (as amended by Docket No. 362, the "Solicitation Procedures Order").

10. After entry of the Solicitation Procedures Order, the Debtors commenced solicitation of acceptances of the Plan pursuant to the procedures set forth in the Solicitation Procedures Order. A hearing to consider final approval of the Disclosure Statement and confirmation of the Plan is scheduled for December 19, 2023, at 10:00 a.m. (prevailing Eastern Time).

**B.    Claim No. 173**

11. On September 22, 2023, the Debtors filed the Schedules of Assets and Liabilities for Prime Trust, LLC [Docket No. 176] (as amended, the "Prime Trust Schedules"). The Prime Trust Schedules lists Claimant 173 as having a claim in the amount of 0.01348704 Bitcoin, or $395.82. On September 28, 2023, Claimant 173 filed Claim No. 173 against Debtor Prime Trust,

LLC in the amount of 357.82 Bitcoin, or approximately $10,000,000.00.[4] No supporting documentation was attached to Claim No. 173.

**C.    Claim No. 859**

12.    On September 22, 2023, the Debtors filed the Prime Trust Schedules. The Prime Trust Schedules lists Claimant 859 as having a claim in the amount of 0.07110688 Bitcoin, or $2,086.88. On October 17, 2023, Claimant 859 filed Claim 859 in the amount of $1890 and 2100 Bitcoin.[5] No supporting documentation was attached to Claim No. 859.

**D.    Claim No. 1319**

13.    On October 22, 2023, Claimant 1319 filed Claim 1319 in the amount of $68,313,564.00, 1 USD Coin, and 382.23 Lumens.[6] Claimant 1319 included a scanned paper proof of claim form, and an attachment to the proof of claim form setting out the basis for Claim 1319 as supporting documentation (together, the "Claim 1319 Supporting Documentation"). The Claim 1319 Supporting Documentation, in multiple places, represents that the amount of Claim 1319 is $68,313,5.64, 1 USD Coin, and 382.23 Lumens. The only difference between the amount represented by Claim 1319 and the amount represented by the Claim 1319 Supporting Documentation is the movement of the decimal point in the USD figure two places to the right in Claim 1319.

## RELIEF REQUESTED

14.    By this Motion, the Debtors do not request that the Court determine the validity or ultimate allowance of the Claims for any purposes relating to distributions under the Plan.[7]

---

[4]    A copy of Claim No. 173 is attached hereto as **Exhibit B**.
[5]    A copy of Claim No. 859 is attached hereto as **Exhibit C**.
[6]    A copy of Claim No. 1319 is attached hereto as **Exhibit D**.
[7]    The Debtors expressly reserve all rights with respect to any Causes of Action, objections and rights of set-off as they may impact any distribution on the Claim, if Allowed, and any issue other than the Claimants' votes on the Plan.

Instead, the Debtors seek entry of the Proposed Order to ensure that parties entitled to vote on the Plan do so in the amounts that are appropriate based on the Debtors' Schedules and their own supporting documentation. Accordingly, the Debtors respectfully request that the Court estimate and temporarily allow, solely for purposes of voting on the Plan, Claim No. 173 as a Class 3B (Prime Trust General Unsecured Claim) in the amount of $395.82; Claim No. 859 as a Class 3B (Prime Trust General Unsecured Claim) in the amount of $3,990.00; and Claim No. 1319 as a Class 3B (Prime Trust General Unsecured Claim) in the amount of $683,135.64; 1 USD Coin, and 382.23 Lumens.

## BASIS FOR RELIEF

15.  The holders of claims and interests are only permitted to vote on a plan to the extent that their claims are "allowed." *See* 11 U.S.C. § 1126(a). Bankruptcy Rule 3018 permits the Court to allow a creditor's claim for voting purposes. *See* Fed. R. Bankr. P. 3018(a) ("[T]he court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting and rejecting a plan."). Bankruptcy Rule 3018 "was designed to give all creditors, even those holding disputed claims, the opportunity to vote and provided the means of accomplishing this." *In re Century Glove, Inc.,* 88 B.R. 45, 46 (Bankr. D. Del. 1988).

16.  Courts recognize that Bankruptcy Rule 3018(a) also permits a party in interest to seek to disallow a claim for voting purposes. Ultimately, the determination of whether to temporarily allow a claim for voting purposes lies within the discretion of the bankruptcy court. *See Armstrong v. Rushton (In re Armstrong)*, 294 B.R. 344, 354 (B.A.P. 10th Cir. 2003) ("There is no guidance in the Bankruptcy Code to courts as to determine whether to permit the temporary allowance of a claim; it is left to the court's discretion."). Indeed, Courts have broad authority to

determine whether to allow or disallow a claim for purposes of voting under Bankruptcy Rule 3018(a). *See, e.g., In re Mangia Pizza Invs., L.P.,* 480 B.R. 669, 679 (Banker. W.D. Tex. 2012); *In re Zolner*, 174 B.R. 629, 633 (Bankr. N.D. Ill. 1994) (noting that a court must exercise its discretion to allow or disallow a claim under Bankruptcy Rule 3018(a) based on reasoned analysis); *In re Goldstein*, 114 B.R. 430, 433 (Bankr. E.D. Pa. 1990); Collier on Bankr. ¶ 9-3018[5] (16th ed. rev. 2012) ("The court, however, regardless of the circumstances, has the discretion to allow or disallow all or part of the claim for voting purposes.").

17. Whether a claim should be temporarily allowed for voting purposes should be evaluated in light of the "underlying purposes of the [Bankruptcy] Code." *In re Stone Hedge Properties*, 191 B.R. 59, 65 (Bankr. M.D. Pa. 1995). "One of the primary goals—if not the primary goal—of the [Bankruptcy] Code is to ensure that similarly-situated creditors are treated fairly and enjoy an equality of distribution from a debtor absent a compelling reason to depart from this principle. *In re SemCrude, L.P.*, 399 B.R. 388, 399 (Bankr. D. Del. 2009), *aff'd*, 428 B.R. 590 (D. Del. 2010). Bankruptcy Rule 3018 acts as a companion to, and is representative of, the Bankruptcy Code's goals of promoting fairness and equity among creditors.

18. Although Bankruptcy Rule 3018 does not provide guidance with respect to its application, bankruptcy courts have looked to the following factors when evaluating whether a claim should be temporarily allowed for voting purposes, including "(1) whether the objection was filed late or 'at the last minute,' either to ensure acceptance of a plan or to avoid a proper hearing; (2) whether allowance or non-allowance of the claim will delay the administration of the case; and (3) whether the objection was frivolous." *Mangia Pizza Invs.,* 480 B.R. at 680.

19. Taking into consideration the foregoing factors, the Court should temporarily allow the Claims for voting purposes. Indeed, the basis for this Motion is not frivolous. As noted

above, Claim 173 and Claim 859 did not attach any supporting documentation, and the Claim 1319 Supporting Documentation directly contradicted the amount asserted in Claim 1319. The Debtors are confident in the accuracy of their schedules and firmly believe that the amount represented in the 1319 Supporting Documentation is the correct one.

20. Through this Motion, the Debtors seek to ensure that the votes of all creditors in Class 3B are given their due weight. Reducing the Claims as reflected above will properly enfranchise the other creditors in Class 3B, preventing their votes from being unfairly and unreasonably diluted. Moreover, for purposes of the numerosity requirement, the reducing the Claims pursuant to Bankruptcy Rule 3018 will not impact the Claimants' votes.

21. For these reasons, and to further the purpose of the Bankruptcy Code, the Court should modify and temporarily allow the Claims for voting purposes pursuant to Bankruptcy Rule 3018(a).

## NOTICE

22. Notice of the Motion has been provided to (i) counsel to the Committee; (ii) the U.S. Trustee; (iii) the Claimants or the Claimants' counsel; and (iv) parties that have requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice is required.

**WHEREFORE**, the Debtors requests entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (i) estimating and temporarily allowing Claim No. 173 in the amount of $395.82; Claim No. 859 in the amount of $3,990.00; and Claim No. 1319 in the amount of $683,135.64; 1 USD Coin, and 382.23 Lumens, solely for the purposes of voting on the Plan, pursuant to Bankruptcy Rule 3018, and (ii) and granting such other and further relief that the Court deems just and proper.

| | |
|---|---|
| Dated: November 28, 2023<br>Wilmington, Delaware | **MCDERMOTT WILL & EMERY LLP**<br><br>*/s/ Maris J. Kandestin*<br>Maris J. Kandestin (No. 5294)<br>1000 N. West Street, Suite 1400<br>Wilmington, Delaware 19801<br>Telephone:  (302) 485-3900<br>Facsimile:  (302) 351-8711<br>Email:  mkandestin@mwe.com<br><br>-and-<br><br>Darren Azman (admitted *pro hac vice*)<br>Joseph B. Evans (admitted *pro hac vice*)<br>J. Greer Griffith (admitted *pro hac vice*)<br>One Vanderbilt Avenue<br>New York, New York 10017-3852<br>Telephone:  (212) 547-5400<br>Facsimile:  (212) 547-5444<br>Email:    dazman@mwe.com<br>           jbevans@mwe.com<br>           ggriffith@mwe.com<br><br>-and-<br><br>Gregg Steinman (admitted *pro hac vice*)<br>333 SE 2nd Avenue, Suite 4500<br>Miami, Florida 33131<br>Telephone:  (305) 358-3500<br>Facsimile:  (305) 347-6500<br>Email:  gsteinman@mwe.com<br><br>*Counsel to the Debtors and Debtors in Possession* |