**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |
| | Obj. Deadline: Dec. 12, 2023 at 4:00 p.m. (ET)<br>Hearing Date: Dec. 19, 2023 at 10:00 a.m. (ET) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO REDACT AND FILE UNDER SEAL CERTAIN INFORMATION RELATED TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING DEBTORS' ENTRY INTO LICENSE AGREEMENT WITH ELECTRIC SOLIDUS INC., AND (II) GRANTING RELATED RELIEF**

Prime Core Technologies Inc. and certain of its affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby move (the "Sealing Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Debtors to redact and to file under seal certain information in connection with *Debtors' Motion for Entry of an Order (I) Approving Debtors' Entry Into License Agreement With Electric Solidus Inc., and (II) Granting Related Relief*, which is being filed contemporaneously herewith (the "Motion").[2] In support of the Sealing Motion, the Debtors respectfully represent as follows:

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider the Sealing Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Sealing Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The legal predicates for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3. The Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with the Sealing Motion in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**RELEVANT BACKGROUND**

**A.  General Background**

4. On August 14, 2023 (the "Petition Date"), each Debtor commenced a case (collectively, the "Chapter 11 Cases") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Chapter 11 Cases have been jointly administered for procedural purposes only. The Debtors continue to manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

2

5.     On August 29, 2023, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to Bankruptcy Code section 1102 (the "Committee") [Docket No. 51]. The Committee is comprised of the following unsecured creditors: (a) Yousef Abbasi; (b) Allsectech, Inc.; (c) DMG Blockchain Solutions, Inc.; (d) Net Cents Technology, Inc.; (e) Polaris Ventures; (f) Stably Corporation; and (g) Austin Ward.

6.     Additional information regarding the Debtors and the Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of the Chapter 11 Cases, is set forth in the *Declaration of Jor Law, Interim Chief Executive Officer and President of Prime Core Technologies Inc., et al., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 14] (the "First Day Declaration"), which is incorporated by reference as if fully set forth herein.

**B.     The License Agreement and Motion**

7.     On the date hereof, the Debtors filed the Motion requesting the Court's authorization to enter into and perform under that certain *License Agreement* (the "License Agreement") between the Debtors and Electric Solidus Inc. d/b/a Swan Bitcoin ("Swan" or the "Licensee"). A copy of the License Agreement is attached as Exhibit 1 to the proposed order granting the Motion. In support of the Motion, the Debtors filed the *Declaration of Michael Wyse in Support of Debtors' Motion for Entry of an Order (I) Approving the Debtors' Entry Into License Agreement With Electric Solidus Inc., and (II) Granting Related Relief*, which is attached to the Motion as Exhibit B (the "Wyse Declaration" and, together with the License Agreement and Motion, the "License Documents"). The License Agreement and the terms thereof (which are described in the Motion and Wyse Declaration) constitute sensitive commercial information

and business terms that are confidential in nature (the "Confidential Information") and which the Debtors and Swan have agreed to keep confidential.

## RELIEF REQUESTED

8. By the Sealing Motion, the Debtors request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to file the License Agreement under seal and to redact Confidential Information contained in the Motion and Wyse Declaration.

## BASIS FOR RELIEF REQUESTED

9. The License Documents contain Confidential Information, including pricing and technical information related to the Debtors' Technology, that would be harmful to the Debtors' estates if publicly disclosed. Furthermore, the License Agreement is confidential by its own terms.[3] Accordingly, the Debtors are seeking authority to file the License Agreement under seal and to redact portions of the Motion and Wyse Declaration that describe terms of the License Agreement. The Debtors submit that the relief sought herein is appropriate under Bankruptcy Code section 107(b), Bankruptcy Rule 9018, and Local Rule 9018-1.

10. Bankruptcy Code section 107(b) provides the Court with authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain information. That section provides, in relevant part: "On request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b)(1). If the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is *required* to

---

[3] *See* License Agreement, § 1 (defining "Confidential Information" to include "the terms of this Agreement."); *see also id.*, at § 7.1 (prohibiting the parties from disclosing Confidential Information).

4

protect a requesting party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original); *see also In re 50- Off Stores, Inc.*, 213 B.R. 646, 655–56 (Bankr. W.D. Tex. 1997) ("The statute, on its face, states that the bankruptcy court is *required* to protect such an entity on request of a party in interest.") (emphasis in original). "Courts have supervisory powers over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005).

11. Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under section 107(b) and provides, in relevant part, that "the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018. Local Rule 9018-1(d) requires that a party seeking to file documents under seal file a motion requesting such relief. Del. Bankr. L.R. 9018-1(d).

12. Sufficient cause exists here for the Court to grant the requested relief. As set forth above, the License Agreement contains sensitive confidential, commercial information of the parties, including pricing terms and descriptions of the Debtors' Technology, and therefore satisfies one of the categories enumerated in Bankruptcy Code section 107(b) for sealing documents. Further, the License Agreement specifically prohibits the disclosure of the terms thereof. Disclosing the License Agreement's terms would violate the confidentiality requirements of the License Agreement, which (as described further in the Motion) provides a substantial benefit to the Debtors, their estates, and stakeholders. The Debtors submit that the License Agreement and its terms fall within the scope of "commercial information" that must be

protected pursuant to section Bankruptcy Code section 107(b)(1). The Debtors therefore believe that the relief requested is appropriate and necessary under the circumstances.

13. If the Court grants the relief sought herein, copies of the License Agreement and unredacted versions of the Motion and Wyse Declaration will be provided to the Court, Swan, the U.S. Trustee, and others upon agreement of the Debtors and Swan or further order of the Court.

### CERTIFICATION PURSUANT TO LOCAL RULE 9018-1(d)

14. In accordance with Local Rule 9018-1(d), undersigned counsel to the Debtors has conferred in good faith with counsel for Swan, as required under Local Rule 9018-1(d), and both parties agree that the sealing and redactions requested herein are appropriate and necessary.

### NO PRIOR REQUEST

15. No prior request for the relief sought in the Sealing Motion has been made to this or any other court.

### NOTICE

16. The Debtors will provide notice of the Sealing Motion to: (a) the U.S. Trustee; (b) counsel for the Committee; (c) Swan or its counsel; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice is required.

*[Remainder of page intentionally left blank.]*

**CONCLUSION**

WHEREFORE, the Debtors request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (i) authorizing the Debtors to file the License Agreement under seal and to redact Confidential Information contained in the Motion and Wyse Declaration, and (ii) granting such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated: November 29, 2023<br>Wilmington, Delaware | **MCDERMOTT WILL & EMERY LLP**<br><br>*/s/ Maris J. Kandestin*<br>Maris J. Kandestin (No. 5294)<br>1000 N. West Street, Suite 1400<br>Wilmington, Delaware 19801<br>Telephone:  (302) 485-3900<br>Facsimile:   (302) 351-8711<br>Email:         mkandestin@mwe.com<br><br>-and-<br><br>Darren Azman (admitted *pro hac vice*)<br>Joseph B. Evans (admitted *pro hac vice*)<br>Jessica Greer Griffith (admitted *pro hac vice*)<br>One Vanderbilt Avenue<br>New York, New York 10017-3852<br>Telephone:  (212) 547-5400<br>Facsimile:   (646) 547-5444<br>Email:         dazman@mwe.com<br>                    jbevans@mwe.com<br><br>-and-<br><br>Gregg Steinman (admitted *pro hac vice*)<br>333 SE 2nd Avenue, Suite 4500<br>Miami, Florida 33131<br>Telephone:  (305) 358-3500<br>Facsimile:   (305) 347-6500<br>Email: gsteinman@mwe.com<br><br>*Counsel to the Debtors and Debtors in Possession* |