**Exhibit A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No.** |

### ORDER AUTHORIZING THE DEBTORS TO REDACT AND FILE UNDER SEAL CERTAIN INFORMATION RELATED TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING DEBTORS' ENTRY INTO LICENSE AGREEMENT WITH ELECTRIC SOLIDUS INC., AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Sealing Motion")[2] of the Debtors for entry of an order (this "Order") authorizing the Debtors to file the License Agreement under seal and to redact Confidential Information contained in the Motion and Wyse Declaration, as more fully described in the Sealing Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #04-153, Las Vegas, NV 89135.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Sealing Motion.

requested in the Sealing Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is **HEREBY ORDERED THAT**

1. The Motion is **GRANTED** as set forth herein.

2. The Debtors are authorized to seal the License Agreement and to file redacted versions of the Motion and Wyse Declaration to the extent necessary to comply with the License Agreement's confidentiality provisions.

3. Subject to Local Rule 9018-1(d), Confidential Information shall remain confidential, shall remain under seal, and shall not be made available to anyone, except that the Debtors are authorized to cause the unredacted versions of the Motion to be served on and made available to: (a) the Court, (b) the U.S. Trustee; (c) Swan; and (d) any other party as may be ordered by the Court or agreed to in writing by the Debtors and Swan.

4. Any party authorized to receive the unredacted versions of the License Documents shall be authorized and directed, subject to Local Rule 9018-1, to redact specific references to Confidential Information set forth therein from pleadings filed on the public docket maintained in the Chapter 11 Cases.

5. Except as required by applicable law or an order of this Court, any party who receives Confidential Information in accordance with this Order shall not disclose or otherwise disseminate this information to any other person or entity.

6. The requirements set forth in Local Rule 9018-1 are satisfied by the contents of the Motion.

3

7.	Notice of the Sealing Motion as provided therein constitutes good and sufficient notice of such motion, and the requirements of Bankruptcy Rules and Local Rules are satisfied by such notice.

8.	Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9.	The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

10.	This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.