## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Prime Core Technologies, et al., | ) | Case No. 23-11161 (JKS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 428** |
| | ) | **Objection Deadline: November 29, 2023 at 4:00 p.m.** |
| | ) | **Hearing Date: December 19, 2023 at 10:00 a.m.** |
| | ) | |

## LIMITED OPPOSITION OF SDM, INC. TO DEBTORS' SECOND OMNIBUS MOTION FOR ENTRY OF AN ORDER (A) AUTHORIZING THE DEBTORS TO REJECT CERTAIN EXECUTORY CONTRACTS, EFFECTIVE AS OF NOVEMBER 15, 2023, AND (B) GRANTING RELATED RELIEF

SDM, Inc. ("SDM")[1] hereby submits this limited opposition (the "Opposition") to the *Debtors' Second Omnibus Motion for Entry of an Order (A) Authorizing the Debtors to Reject Certain Executory Contracts, Effective as of November 15, 2023, and (B) Granting Related Relief* [Docket No. 428] (the "Motion"). In support of the Objection, SDM states as follows:

### BACKGROUND

1. SDM is a corporation organized under the laws of Ontario, Canada. SDM's principal place of business is 626 King Street W, Toronto, Ontario, Canada, M5V1M5.

2. SDM provides comprehensive liquidity and settlement solutions for its customers who invest in crypto assets.

3. SDM is party to three contracts with Prime Trust LLC ("Prime Trust"). Such contracts include: (a) API Technology Agreement Account Form dated May 28, 2020 (the "API Agreement"); (b)

---

[1] SDM is the successor by amalgamation to, among others, 1983283 Ontario Inc. and Secure Digital Markets Canada Inc. References herein to SDM shall include the foregoing entities.

Prime Trust New Account Agreement dated January 8, 2021 (the "Account Agreement"); and (c) Prime Trust Order Form dated November 29, 2022 (the "Order Form").

4. Pursuant to the Account Agreement, Prime Trust established and maintained a custodial account for the benefit of SDM, account no. ending in 0325 (the "Custodial Account")

5. On June 21, 2023, Nevada Department of Business and Industry Division of Financial Institutions (the "Nevada FID") issued a cease and desist order (the "Cease and Desist Order"). *See* Declaration of Jor Law, Interim Chief Executive Officer and President of Prime Core Technologies Inc., *et al.*, In Support of Chapter 11 Petitions and First Day Motions, filed August 24. 2023 [Docket No. 14] (the "Law Declaration") at ¶ 57. According to the Debtors, the Cease and Desist Order prohibited them from operating and/or engaging in the trust company business in violation of NRS Chapter 669, specifically 669.100(1) and NRS 669.2825(1)(a), (b), (c), (f) and (k), and further prohibited the Debtors "from accepting fiat currency from existing and new clients for custody purposes" and "from accepting cryptocurrency from existing and new clients for custody purposes." Law Declaration at ¶ 57 note 32.

6. On June 21, 2023, a liquidity provider of SDM transferred $301,440.33 US to the Custodial Account to facilitate a liquidity transaction (the "Custodial Funds").

7. On June 22, 2023, the customer issued a recall notice with respect to such wire transfer, and SDM communicated such request to Prime Trust in a series of emails that day. Prime Trust employees initially indicated that they would send the recall request to Prime Trust's funds processing team and would keep SDM posted regarding progress of the recall request. However, late on June 23, 2023, Prime Trust employees advised that due to the Cease and Desist Order, Prime Trust was not able to process wire recalls at that time.

8. On August 14, 2023, Prime Trust and certain affiliated entities (together, the "Debtors") filed their chapter 11 petitions commencing the above-captioned cases.

9. As of now, the Custodial Funds have not been returned to SDM or its liquidity provider.

## **LIMITED OPPOSITION**

SDM opposes the Motion for two reasons. First, the Motion is vague with respect to the SDM contract that is the subject of the Motion. Schedule 1 to the Motion lists 100 contracts that the Debtors seek to reject. Each of the 100 contracts is identified as "Vendor Agreement." None of the contracts listed on Schedule 1 are identified by date. As mentioned above, SDM is party to three contracts with Prime Trust. Absent a more detailed description of the contracts that are the subject of the Motion, SDM cannot determine which contract (or contracts) the Debtors seek to reject.

Second, the Motion does not address with specificity the rights of the parties with respect to the Custodial Funds. It is SDM's position that the Debtors hold the Custodial Funds in trust, and that such funds are not property of the Debtors or their bankruptcy estates. In connection with prior matters, other parties in interest have raised the same concern. *See, e.g., Objection Of The Bittrex Parties To Debtors' Motion For Entry Of Interim And Final Orders (I) Authorizing Debtors To (A) Continue To Operate Their Cash Management System And (B) Maintain Existing Bank Accounts And Business Forms And Honor Certain Prepetition Obligations Related Thereto; (II) Authoring the Debtors To (A) Continue To Perform Intercompany Transactions And (B) Granting Administrative Expense Status For Postpetition Intercompany Claims; (III) Extending The Time For The Debtors To Comply With Requirements Set Forth In 11 U.S.C. § 345(b); And (IV) Granting Related Relief*, filed September 12, 2023 [Docket No. 107]. The Court has addressed such concerns by including specific language preserving the rights of the parties with respect to property entrusted to the Debtors. Specifically, the Court has ordered:

> Notwithstanding anything to the contrary in this Final Order, the Debtors shall not use or transfer funds, except as otherwise required by Bankruptcy Code section 345, from Customer Accounts to honor any prepetition obligations or pay any postpetition obligations absent further order of the Court. All parties' rights are reserved regarding whether and to what extent any funds or other property are held by a Debtor in trust or constitute property of the Debtors' estates.

*See Final Order (I) Authorizing Debtors To (A) Continue To Operate Their Cash Management System, And (B) Maintain Existing Bank Accounts And Business Forms And Honor Certain Prepetition Obligations Related Thereto; (II) Authorizing The Debtors To (A) Continue To Perform Intercompany Transactions And (B) Granting Administrative Expense Status For Postpetition Intercompany Claims; (III) Extending The Time For The Debtors To Comply With Requirements Set Forth In 11 U.S.C. § 345(B); And (Iv) Granting Related Relief*, entered September 20, 2023 [Docket No. 170] at ¶8.

SDM submits that any order granting the Motion should include similar protective language to ensure that the rights of the parties with respect to the Custodial Funds are not prejudiced by such order. Specifically, SDM submits that any order granting the Motion should provide:

> Nothing herein constitutes a determination with respect to the ownership of funds delivered to or held by the Debtors, including whether such funds are property of the Debtors or their bankruptcy estates, and nothing herein constitutes authorization for the Debtors to use or transfer funds from Customer Accounts to honor any prepetition obligations or pay any postpetition obligations absent further order of the Court. All parties' rights are reserved regarding whether and to what extent any funds or other property are held by a Debtor in trust or constitute property of the Debtors' estates.

WHEREFORE, SDM, Inc. respectively opposes the Motion to the extent discussed herein, and requests that the Court deny the Motion absent clarification of the identity of the contracts that are to be rejected, and absent the inclusion of an express provision preserving the rights of the parties with respect to the Custodial Funds.

*Remainder of the page intentionally left blank*

Dated: November 29, 2023  
Wilmington, Delaware

Respectfully submitted,

/s/ *Richard W. Riley*
Richard W. Riley (No. 4052)
WHITEFORD, TAYLOR & PRESTON LLC[2]
600 North King Street, Suite 300
Wilmington, Delaware 19801
Phone: (302) 353-4144
E-mail: rriley@whitefordlaw.com

-and-

Bradford F. Englander, Esq. (*pro hac vice* pending)
WHITEFORD TAYLOR & PRESTON, LLP
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042
Phone: (703) 280-9081
E-mail: benglander@whitefordlaw.com

*Counsel for SDM, Inc.*

*13281805*

---

[2] Whiteford, Taylor & Preston LLC operates as Whiteford Taylor & Preston L.L.P. in jurisdictions outside of Delaware.