**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 428 |
| | <u>Objection Deadline</u>: December 1, 2023[2] <br> <u>Hearing Date</u>: December 19, 2023 at 10:00 a.m. |

**LIMITED OBJECTION OF OKCOIN USA INC. TO
DEBTORS' SECOND OMNIBUS MOTION FOR ENTRY OF AN
ORDER (A) AUTHORIZING THE DEBTORS TO REJECT
CERTAIN EXECUTORY CONTRACTS, EFFECTIVE AS OF
NOVEMBER 15, 2023, AND (B) GRANTING RELATED RELIEF**

OKCoin USA Inc. ("<u>Okcoin</u>"), by and through its undersigned counsel, hereby submits this limited objection (the "<u>Opposition</u>") to the *Debtors' Second Omnibus Motion for Entry of an Order (A) Authorizing the Debtors to Reject Certain Executory Contracts, Effective as of November 15, 2023, and (B) Granting Related Relief* [Docket No. 428] (the "<u>Rejection Motion</u>"). In support of this Opposition, Okcoin respectfully states as follows:

**RELEVANT FACTUAL BACKGROUND**

A.  **The ACH Agreement and the Reserve Account**

1.  Prior to the Petition Date, Okcoin and Debtor Prime Trust, LLC ("<u>Prime Trust</u>") entered into multiple agreements pursuant to which Prime Trust would provide various trust and custody services to Okcoin.

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #04-153, Las Vegas, NV 89135.

[2] The Debtors granted Okcoin an extension to object to the Rejection Motion.

2.	On or about March 26, 2020, Okcoin and Prime Trust entered into that certain API Technology Agreement (the "API Agreement"), which provided (among other things) that Prime Trust would provide certain back-end tools, technology and compliance services to Okcoin.

3.	On or about November 19, 2021, Okcoin and Prime Trust entered into that certain ACH Processing Agreement (the "ACH Agreement"), which was made "in addition to" the API Agreement, and incorporated the API Agreement by reference.

4.	The ACH Agreement provides that Prime Trust will hold funds received from ACH Transactions (as defined therein) in a "segregated account" at Prime Trust that is "separate and distinct from any asset custody account that [Okcoin] may have in place with Prime Trust" (defined as the "Reserve Account"). *See* ACH Agreement, § 2.1.[3] Okcoin was required to maintain a minimum reserve amount in its Reserve Account (the "Reserve Amount") in accordance with the terms and conditions of the ACH Agreement. *See id.* at § 2.2. The initial minimum Reserve Amount pursuant to the ACH Agreement was $237,900.00. *Id.* at § 2.3.

5.	Either party may terminate the ACH Agreement upon thirty days' written notice to the other party. *Id.* at § 7.2(a). Upon termination of the ACH Agreement, "Prime Trust shall return the Reserve Amount remaining as of the effective date of termination to [Okcoin]." *Id.* at § 7.2(c).

**B.	The MSA and the Order Form**

6.	On or about June 30, 2022, Okcoin and Prime Trust entered into that certain Prime Trust Master Services Agreement (the "MSA").

---

[3] The documents and agreements referenced in support of this Opposition are voluminous and/or may contain confidential, proprietary or otherwise non-public information. Okcoin will produce such documents and agreements upon request, provided that appropriate steps can be taken to protect any confidential, proprietary or otherwise non-public information therein. Upon information and belief, true and correct copies of all such documents and agreements are, or should be, in the possession of the Debtors and their respective estates.

7.  Also on or about June 30, 2022, Okcoin and Prime Trust executed that certain Prime Trust Order Form (the "Order Form," and collectively with the API Agreement, the ACH Agreement and the MSA, the "Okcoin Agreements"). The terms and conditions of the Order Form were incorporated into the MSA and became binding on the Parties. *See* MSA, Preamble. The Order Form provides that Okcoin purchased certain "Selected Services," including "API Services and Custodial Services." Order Form, 1. Like the ACH Agreement, the MSA and the Order Form required Okcoin to fund and maintain a Reserve Account.

8.  The MSA provides that if either party commits a material breach or default in the performance of any of its obligations thereunder, then the other party may terminate the MSA "in its entirety by giving the defaulting Party written notice of termination, unless the material breach or default in performance is by Prime Trust and not cured within thirty (30) days after Prime Trust receives notice thereof." MSA, § 8.2.

9.  The MSA further provides that if it is terminated "for any reason: . . . (b) any and all liabilities of either Party to the other Party that have accrued before the effective date of the expiration or termination will survive[.]" MSA, § 8.6.

10. Likewise, the Order Form provides that the MSA will automatically renew for one year upon expiration of the Order Form "unless either Party provides the other party with written notice of non-renewal at least thirty days prior to the expiration of the then current term." Order Form, 2. The "Order End Date" of the Order Form was June 30, 2023. *See id.* at 1.

C.  **Prime Trust Defaults and Okcoin Terminates the MSA and Order Form**

11. In or about June 2023, Prime Trust informed Okcoin of Prime Trust's freeze on withdrawals and deposits of fiat currencies and digital assets pursuant to active remediation under the Order of Financial Institutions Division of Nevada. This development, among other things, frustrated the purpose of the MSA.

12. Therefore, on June 15, 2023, Okcoin notified Prime Trust via email that Okcoin was cancelling, and would not be renewing, the Order Form ending on June 30, 2023. Prime Trust accepted Okcoin's termination of the Order Form via email on June 20, 2023.

13. Thereafter, on June 22, 2023, Okcoin notified Prime Trust via email that Okcoin was also terminating the MSA effective as of June 30, 2023. Okcoin attached a "legal letter" to its June 22, 2023 email setting forth the basis for its termination of the MSA.

14. Accordingly, as of June 30, 2023, Okcoin had terminated both the MSA, the Order Form and any and all terms and conditions incorporated therein.

## **LIMITED OPPOSITION**

15. Okcoin opposes the Rejection Motion for the following separate and independent reasons.

16. *First*, the Rejection Motion is vague with respect to which Okcoin Agreement (or Agreements) is the subject of the Rejection Motion. Schedule 1 to the Rejection Motion ("Schedule 1") lists 100 contracts that the Debtors seek to reject. Each of the 100 contracts is identified as a "Vendor Agreement." However, none of the Okcoin Agreements is styled as a "Vendor Agreement." Moreover, none of the contracts listed on Schedule 1 are identified by date. As noted above, Okcoin and Prime Trust entered into multiple agreements on multiple different dates. Okcoin terminated some of the Okcoin Agreements prepetition, but did not terminate others. Thus, without a more detailed description of the contracts that are the subject of the Rejection Motion, Okcoin cannot determine which Okcoin Agreement (or Agreements) the Debtors seek to reject.[4] Moreover, to the extent the Debtors are seeking to reject the Order Form, and by extension, any

---

[4] After calling this issue to the Debtors attention, the Debtors advised Okcoin that the Debtors are seeking to reject the Order Form, and by extension, any tie between the Order Form and the MSA.

4

tie between the Order Form and the MSA, both the Order Form and MSA were rejected prior to the Petition date.

17. *Second,* the Rejection Motion does not specifically address Okcoin's rights with respect to the Reserve Amount. Prime Trust holds, and at all relevant times has held, the Reserve Amount in trust for Okcoin. Indeed, Prime Trust is required pursuant to the terms of the Okcoin Agreements to hold the Reserve Amount in a "segregated account" that was separate and distinct from any asset custody account that Okcoin may have maintained with Prime Trust. As such, the Reserve Amount is not property of Prime Trust's bankruptcy estate and should be returned to Okcoin. In fact, Prime Trust should have returned the Reserve Amount to Okcoin immediately upon termination of the MSA and Order Form prepetition. In any event, Okcoin is entitled to the immediate return of the Reserve Amount.

18. Other parties in these chapter 11 cases have raised similar concerns with respect to funds the Debtors held in trust. *See, e.g.*, Docket Nos. 107, 491. In fact, this Court previously addressed such concerns by including in a prior order the following language preserving the rights of parties with respect to property entrusted to the Debtors:

> Notwithstanding anything to the contrary in this Final Order, the Debtors shall not use or transfer funds, except as otherwise required by Bankruptcy Code section 345, from Customer Accounts to honor any prepetition obligations or pay any postpetition obligations absent further order of the Court. *All parties' rights are reserved regarding whether and to what extent any funds or other property are held by a Debtor in trust or constitute property of the Debtors' estates*.

*See*, Docket No. 170, ¶ 8 (emphasis added).

19. Accordingly, Okcoin respectfully submits that any order granting the Rejection Motion must include similar protective language to ensure that the rights of the parties with respect to property entrusted to the Debtors are not prejudiced by such order. Toward that end, Okcoin

joins in and supports the language recommended by SDM, Inc. at page 4 of the *Limited Opposition of SDM, Inc. to Debtors' Second Omnibus Motion for Entry of an Order (A) Authorizing the Debtors to Reject Certain Executory Contracts, Effective as of November 15, 2023, and (B) Granting Related Relief*.  See Docket No. 491.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, Okcoin respectfully requests that the Court deny the Rejection Motion absent (i) clarification regarding the identity of the Okcoin Agreements that are to be rejected, and (b) the inclusion of express language in any order granting Rejection Motion that preserves the rights of Okcoin (and any other party) with respect to property held in trust by the Debtors.

Dated: November 30, 2023                                                    Respectfully submitted,

**DUANE MORRIS LLP**

*/s/ Sommer L. Ross*
Sommer L. Ross, Esq.
DUANE MORRIS LLP
1201 N. Market Street, Suite 501
Wilmington, Delaware 19801
Telephone: (302) 657-4951
Facsimile: (302) 657-4901
Email: slross@duanemorris.com

*Counsel for OKCoin USA Inc.*