IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Prime Core Technologies Inc., *et al.*,[1] | : | Case No. 23-11161(JKS) |
| | : | |
| | : | (Jointly Administered) |
| | : | |
| Debtors. | : | Re: Docket No. 485 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF SALESFORCE, INC. TO AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION FOR PRIME CORE TECHNOLOGIES INC. AND ITS AFFILIATED DEBTORS**

Salesforce, Inc. ("**Salesforce**" or "**SFDC**"), by its undersigned attorneys, hereby asserts this Limited Objection and Reservation of Rights (the "**Salesforce Objection**") to the *Amended Joint Chapter 11 Plan of Reorganization for Prime Core Technologies, Inc., and Its Affiliated Debtors* (Docket No. 485) (the "**Amended Plan**") proposed by the Debtors and the Debtors In Possession ("**Plan Proponents**") as follows:

**Introduction**

The Salesforce Objection is filed for the purpose of 1) approving the stipulation that was agreed to by the Plan Proponents regarding the consensual settlement of the Salesforce *Request for Allowance and Payment of Administrative Expense Claim of Salesforce, Inc.* (Docket No. 321) and *Declaration of Kevin Ramirez in Support of the Request for Allowance and Payment of Administrative Expense Claim of Salesforce, Inc.* (Docket No. 322) (collectively, the "**Administrative Expense Request**") and 2) allowing Salesforce to proceed to terminate any and all rejected contracts as of the date of the Confirmation Order.

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

32084565v.2

**Background**

1. Salesforce is a Delaware corporation, and, among other activities, it provides on-demand customer relationship management and software application services (collectively, the "**Salesforce Services**") to its business customers (individually, a "**Salesforce Customer**" and collectively, "**Salesforce Customers**").

2. Prior to August 14, 2023, the Debtors entered into those certain "**Order Forms**," which are governed by their applicable Master Subscription Agreements (the "**MSAs**" and, together with the Order Forms, collectively the "**Salesforce Contract**"). Pursuant to the Salesforce Contract: (i) the Debtors ordered certain Salesforce Services and became obligated to pay in full the aggregate amounts due pursuant to this contract with respect to such services; (ii) Salesforce became obligated to provide the Salesforce Services to the Debtors; (iii) Salesforce has provided such services to the Debtors; and (iv) the Debtors accepted and utilized, and continue to accept and utilize, the Salesforce Services provided pursuant to the Salesforce Contract.

3. On August 14, 2023 (the "**Petition Date**"), Prime Core Technologies, Inc. and the other Debtors (collectively, the "**Debtors**") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**") and, thereby, commenced their individual cases under chapter 11 (collectively, the "**Bankruptcy Cases**").

4. On August 25, 2023, the Court entered its order directing the joint administration of the Bankruptcy Cases (but not substantively consolidated consolidating such cases).[2]

5. On September 19, 2023, the Debtors filed their *Notice to Contract Parties to Potentially Assumed Executory Contracts or Unexpired Leases* [Docket No. 166] (the "**Cure**

---

[2] *See* Order (A) Directing Joint Administration of Related Chapter 11 Cases And (B) Granting Related Relief [Docket No. 33].

32084565v.2

**Notice**"). The Cure Notice identifies (i) certain Salesforce executory contracts that potentially may be assumed pursuant to a sale of the Debtors' assets (individually, a "**Potentially Assumed Contract**" and, collectively, the "**Potentially Assumed Contracts**"), including an executory contract to which Salesforce is the counterparty (the "**Cure Notice Contract**"), and (ii) the cure amount that must be cured as a condition of the assumption of the Cure Notice Contract.

6. On September 20, 2023, the Court entered its *Order (I) Establishing Bar Dates to File Proofs of Claim; (II) Approving Form and Manner for Filing Proofs of Claim; (III) Approving Form and Manner of Notice of Bar Dates; And (II) Granting Related Relief* [Docket No. 169] (the "**Claim Bar Date Order**") providing, among other things, the procedures for filing claims for filing administrative expense claims arising between August 14, 2023 and September 15, 2023.

7. On September 22, 2023, the Debtor filed its *Notice of Bar Dates for Administrative Expense Claims* [Docket No. 86] (the "**Administrative Claim Bar Date Notice**") providing that request for allowance and payment of Administrative Expense Claims arising between the August 14, 2023 and September 15, 2023 must file their request with the court and serve it on the Debtors' counsel or before October 22, 2023 (the "**Administrative Claim Bar Date**").

## The Administrative Expense Claim

8. From and after the Petition Date, the Debtor knowingly accepted the Salesforce Services provided and that provision of such services was in the ordinary course of business of the parties. *See* Administrative Expense Claim Request [Docket Nos. 321 and 322].

9. On October 20, 2023, Salesforce filed the Administrative Expense Request asserting a claim in the amount of $268,704.00 for the cure amount which represents one full year of services beginning on August 24, 2023 through and including August 25, 2024, which is

governed by the contract between the Debtors and Salesforce (collectively, the "**Parties**") [Docket Nos. 321 and 322].

10. The Debtors informally objected to the Administrative Expense Request, and after negotiations between the Parties, on November 16, 2023, Salesforce authorized its counsel's signature and approval for filing of an agreed stipulation prepared by the Debtors (the "**Agreed Stipulation**"). The Agreed Stipulation states that Salesforce is allowed an administrative expense priority claim pursuant to 11 U.S.C. §§ 503(b) and 507(a) in the amount of $57,304.00 for services provided by Salesforce to the Debtors from the Petition Date to November 10, 2023. Furthermore, the Agreed Stipulation states that it is entered without prejudice to Salesforce seeking a subsequent administrative expense claim in accordance with the Amended Plan (as may be amended, modified, or supplemented) for services rendered on or after November 11, 2023 through and including the Effective Date (as defined in the Amended Plan).

## The Plan of Reorganization

11. On October 5, 2023, the Plan Proponents filed its *first Joint Chapter 11 Plan of Reorganization for Prime Core Technologies Inc. and Its Affiliated Debtors* [Docket No. 258] (as amended, modified, or supplemented and including all exhibits and supplements thereto, the "**Plan**").

12. On November 28, 2023, the Debtors filed the Amended Plan and contemporaneously filed its *Notice of Filing of Plan Supplement with Respect to Debtors' Amended Joint Chapter 11 Plan of Reorganization under Chapter 11 of the Bankruptcy Code* [Docket No. 486] (the "**Plan Supplement**"). The Plan Supplement stated that the Salesforce Contract would be rejected pursuant to the provisions of the Amended Plan.

### Limited Objection to the Amended Plan

13. Although Article 2.1 (b) of the Amended Plan provides for administrative claims to be paid in full, the Amended Plan also allows the Debtors or any subsequent entity that steps into the Debtors' shoes, including the wind down debtor, to object to any administrative expense claim request that has not been allowed. *See* Article 8, Amended Plan.  Salesforce desires to finalize the Agreed Stipulation on its Administraive Expense Request so that it is allowed prior to confirmation of the Amended Plan.  Accordingly, it requests that the Agreed Stipulation agreed to between the Parties be included in any confirmation order regarding the Amended Plan (as amended, modified or supplemented).

14. Furthermore, since the Plan Supplement states that Salesforce's Contract will be rejected per the Amended Plan, Salesforce desires to have the contracts terminated.  As a regular part of its business, upon the event of a material breach of any Salesforce Contract, it is standard practice for Salesforce to seek immediate termination of said Salesforce Contract by sending a notice to the contract counterparty as permitted by the terms of the underlying Salesforce Contract.  Salesforce engages in this practice to avoid any further obligation or liabilities related to the breached Salesforce Contract.  Accordingly, Salesforce requests that it be allowed to immediately terminate the Salesforce Contract as of the date the Confirmation Order is entered.

### Reservation of Rights

15. Salesforce reserves the right to amend, modify or supplement the Salesforce Objection in response to, or because of, any discovery being conducted in connection with confirmation of the Amended Plan and/or any submission in connection with the Amended Plan or this Chapter 11 Case filed by any party-in-interest, including without limitation any Amended

Plan Supplement. Salesforce also reserves the right to adopt any other objections to confirmation of the Amended Plan filed by any other party.

## **Conclusion**

For the reasons set forth above, Salesforce requests that the following be included in any confirmation order regarding the Amended Plan (as amended, modified, or supplemented): a) the approval of the Agreed Stipulation on the Administrative Expense Request; b) a provision allowing Salesforce to proceed to terminate the Salesforce Contract; and c) granting such other relief as the Court deems appropriate under the circumstances.

[*Remainder of Page Intentionally Left Blank.*]

| | |
|---|---|
| Dated: December 5, 2023 | Respectfully submitted, |

                                            **WHITE AND WILLIAMS LLP**

                                            */s/Michael A. Ingrassia*
                                            Michael A. Ingrassia, Esquire (No. 7068)
                                            600 N. King Street, Suite 800
                                            Wilmington, DE  19801-3722
                                            Telephone:  (302) 654-0424
                                            Fax:  (302) 654-0245
                                            Email: ingrassiam@whiteandwilliams.com

                                            -and-

                                            Amy E. Vulpio, Esquire
                                            1650 Market Street, Fl. 18
                                            Philadelphia, PA 19103
                                            Telephone: (215) 864-7000
                                            Fax: (215) 864-7123
                                            Email: vulpioa@whiteandwilliams.com

                                            -and-

                                            Gaye Nell Heck, Esq.
                                            BIALSON, BERGEN & SCHWAB,
                                            A Professional Corporation
                                            830 Menlo Avenue, Suite 201
                                            Menlo Park, CA 94025
                                            Telephone: (650) 857-9500
                                            Fax: (650) 494-2738
                                            E-mail: gaye@bbslaw.com

                                            *Attorneys for Salesforce, Inc.*