IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |
| | Re Docket No. 488 |

**DECLARATION OF MICHAEL WYSE IN SUPPORT OF DEBTORS'
MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS
TO REDACT AND FILE UNDER SEAL CERTAIN INFORMATION
RELATED TO DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) APPROVING DEBTORS' ENTRY INTO LICENSE AGREEMENT WITH
ELECTRIC SOLIDUS INC., AND (II) GRANTING RELATED RELIEF**

I, Michael Wyse, hereby declare under penalty of perjury as follows:

1.  I am the managing partner of Wyse Advisors LLC, a boutique financial services firm focused on delivering distressed restructuring solutions, performance improvement, M&A advisory services, and capital financings to lower and middle market companies. I have over 20 years' experience advising and managing financially challenged companies across a variety of industries. My experience includes serving as advisor, CRO, independent director, banker, investor, and liquidator for troubled companies. I am a Certified Insolvency and Restructuring Advisor, and I hold a combined BBA and MBA with a concentration in accounting from St. Bonaventure University.

2.  I am a member of the special restructuring committee (the "Special Committee") of the above-captioned debtors and debtors in possession (the "Debtors"). Prior to the

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #04-153, Las Vegas, NV 89135.

commencement of these chapter 11 cases, the Eighth Judicial District Court of the State of Nevada (the "Nevada State Court") appointed John Guedry as receiver (the "Receiver") with respect to the Debtors. On August 3, 2023, the Receiver requested that the Nevada State Court (a) authorize the formation of the Special Committee; (b) appoint John Guedry, John Wilcox, and myself as the sole members of the Special Committee; and (c) vest the Special Committee with requisite authority to direct the Debtors to file voluntary petitions for relief under chapter 11 of the Bankruptcy Code and manage and oversee the Debtors in their capacities as debtors-in-possession during the pendency of their chapter 11 cases. I am duly authorized to submit this declaration (the "Declaration") on behalf of the Debtors in support of *Debtors' Motion for Entry of an Order Authorizing the Debtors to Redact and File Under Seal Certain Information Related to Debtors' Motion for Entry of an Order (I) Approving Debtors' Entry Into License Agreement With Electric Solidus Inc., and (II) Granting Related Relief* [Docket No. 488] (the "Sealing Motion").[2]

3.      By the Sealing Motion, the Debtors seek to redact confidential commercial information contained in that certain *License Agreement* (the "License Agreement") between the Debtors and Electric Solidus Inc. d/b/a Swan Bitcoin (the "Licensee"). I have reviewed the Sealing Motion and License Agreement, I am familiar with their contents, and, to the best of my knowledge, insofar as I have been able to ascertain after reasonable inquiry, I believe that the approval of the relief requested in the Sealing Motion is in the best interests of the Debtors as such relief will preserve and maximize the value of the Debtors' estates. Except as otherwise indicated, all statements set forth in this Declaration are based on my personal knowledge, my discussions with the Debtors' senior management, the Debtors' advisors, and my review of

---

[2]   Capitalized terms used but not defined herein have the meanings ascribed to them in the Sealing Motion.

2

relevant documents or my opinion based upon my experience. If called upon to testify, I would testify competently to the facts set forth herein.

4. I believe that portions of the License Agreement related to pricing, the scope of the license, and certain other key terms (the "Confidential Information") constitute confidential commercial information that must be protected from public disclosure. Significantly, the License Agreement provides for a non-exclusive license, enabling the Debtors to potentially license their technology to other counterparties. The Debtors are continuing to explore additional avenues for monetizing their technology to generate value for the estates, including by entering into additional licensing agreements. In fact, shortly after entering into the License Agreement, another party reached out to the Debtors to inquire about licensing the Debtors' technology.

5. The terms of the License Agreement were heavily negotiated by the Debtors and the Licensee. Publicly disclosing the Confidential Information would provide parties interested in licensing the Debtors' technology with leverage and bargaining power that they could use against the Debtors in future negotiations. That, in turn, would devalue the technology and make it more difficult, if not impossible, for the Debtors to obtain potentially better licensing terms from other parties, which would be a detriment to the estate.

6. For these reasons, I believe that redacting the Confidential Information in the License Agreement and related filings is required by the Bankruptcy Code and is in the best interests of the Debtors and their estates, creditors, and other stakeholders.

7. A true and correct copy of the License Agreement, with the Confidential Information redacted, is attached hereto as Exhibit 1.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

| | |
|---|---|
| Dated: December 11, 2023 | */s/ Michael Wyse* <br> By: Michael Wyse <br> Title: Member of the Special Committee of the Debtors and Debtors in Possession, solely in his capacity as such |