IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PRIME CORE TECHNOLOGIES, INC, *et al.*[1],<br><br><br><br>Debtors. | Chapter 11<br><br>Case No. 23-11161 (JKS)<br><br>(Jointly Administered)<br><br>Re: D.I. 474<br><br>Hearing Date: Dec. 19, 2023 at 10:00 a.m. ET<br><br>Objection Deadline: Dec. 12, 2023 at 4 p.m. ET |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' MOTION TO FURTHER AMEND THE AMENDED ORDER (I) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED CREDITOR MATRIX AND TOP 50 CREDITORS LIST; (II) AUTHORIZING REDACTION OF CERTAIN PERSONALLY IDENTIFIABLE INFORMATION; (III) AUTHORIZING THE DEBTORS TO SERVE CERTAIN PARTIES BY ELECTRONIC MAIL; (IV) APPROVING CERTAIN NOTICE PROCEDURES; AND (V) GRANTING RELATED RELIEF**

Andrew R. Vara, the United States Trustee for Regions 3 and 9 ("U. S. Trustee"), through his counsel, files this objection (the "Objection") to the *Debtors' Motion to Further Amend the Amended Order (I) Authorizing the Debtors to File a Consolidated Creditor Matrix and Top 50 Creditors List; (II) Authorizing Redaction of Certain Personally Identifiable Information; (III) Authorizing the Debtors to Serve Certain Parties by Electronic Mail; (IV) Approving Certain*

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 330 South Rampart Blvd., Suite 260, Las Vegas, NV 89145.

1

*Notice Procedures; and (V) Granting Related Relief* [D.I. 474] (the "Motion"), and in support of his Objection states:

## PRELIMINARY STATEMENT

1. The Debtors were granted authority to serve parties by electronic mail, over the objection of the U.S. Trustee. The final order provides that where "an e-mail address is returned as undeliverable and the Debtors are unable to locate an alternative working e-mail address, the Debtors shall serve such parties at the physical mailing address that the Debtors have on file, if any, by first-class mail, overnight courier, or hand delivery, as appropriate." Now, with confirmation looming, the Debtors want to completely dispense with notice to approximately 150,000 parties to whom e-mails were undeliverable.

2. The U.S. Trustee objects to the Motion to the extent that the Debtors seek authority to modify the matrix order to allow them to avoid serving parties to whom e-mails were undeliverable. There is no support in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure to dispense with service of all notices in chapter 11 cases due to the cost of same.

## JURISDICTION, VENUE & STANDING

3. This Court has jurisdiction over the above-captioned cases pursuant to 28 U.S.C. § 1334. Venue of the cases is proper in this District pursuant to 28 U.S.C. § 1408(1).

4. Pursuant to 28 U.S.C. § 586, the U. S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the U. S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307, which goes

beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U. S. Trustee as a "watchdog").

5. Pursuant to 11 U.S.C. § 307, the U. S. Trustee has standing to be heard with regard to this Objection.

## FACTUAL BACKGROUND

6. The above-captioned Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court on August 14, 2023 (the "Petition Date").

7. The Debtors filed the Matrix Motion [D.I. 15] on the Petition Date. The Debtors requested "authority to serve creditors by e-mail, where an e-mail account is available to the Debtors." Mat. Mot. ¶ 27.

8. On August 25, 2023, the Court granted the Motion on an interim basis. [D.I. 39] (the "Interim Matrix Order"). Pursuant to the Interim Order, the service requirements of Bankruptcy Rule 2002(g) were "modified to permit e-mail service to (i) customers that (a) have not designated a mailing address under Bankruptcy Rule 2002(g)(1) or 5003(e); (b) have not expressly requested to be served hard copies by mail and (c) have a valid e-mail address on file with the Debtors, but no physical address information." Int. Mat. Ord. ¶5.

9. On August 29, 2023, the U.S. Trustee appointed an official committee of unsecured creditors.

10. On September 13, 2023, the U.S. Trustee filed his objection to the Matrix Motion in which he, *inter alia*, opposed the Debtors' request to serve notice via email. [D.I. 109].

11. On September 20, 2023, the Court entered an order granting the Matrix Motion on a final basis [D.I. 168] (the "Final Matrix Order"). Included in the Final Matrix Order was a provision that "to the extent that an e-mail address is returned as undeliverable and the

Debtors are unable to locate an alternative, working e-mail address, the Debtors shall serve such parties at the physical mailing address that the Debtors have on file, if any, by first-class mail, overnight courier, or hand delivery, as appropriate." Final Mat. Ord. ¶ 5.

12. On September 22, 2023, the Court entered the Amended Matrix Order.[2] [D.I. 189].

## ARGUMENT

**The Debtors Should Not Be Allowed to Dispense with Service of Notices Due to Cost.**

13. The Debtors requested, and received, the exact relief they sought in the original Matrix Motion; service of notices via e-mail *Id*. ¶ 4. Unsurprisingly, there was a small percentage of notice parties' email addresses to which service was not able to be completed, numbering approximately 150,000. Mot. ¶ 25. Through the Motion, the Debtors now request that they "not [be] required to reattempt service, **or attempt service on a go-forward basis, through any means**, upon the Unscheduled Undeliverable Email Parties . . ." Mot. ¶ 26; Proposed Order ¶ 6 (emphasis added).

14. Although the Motion prominently lists issues of blocking or reporting as spam as reasons why the Debtors' e-mail service is not reaching certain parties in interest, the Debtors claim that the vast majority of failed electronic service attempts are due to "mailbox full" or "invalid address" -- in other words, the failure is not an affirmative act of the intended recipient declining service. Mot. ¶ 16; Mot. Ex. A (Westmoreland Declaration) [D.I. 474-2].

15. The Debtors' proffered reasons for seeking the requested relief are primarily cost-related. Mot. ¶¶ 30, 37. The Debtors estimate that serving the Unscheduled Undeliverable

---

[2] The Order was amended to reflect relief granted to the Debtors that was inadvertently omitted from the Final Order granting the Debtors the authority to redact PII of employees. Am. Mat. Order ¶ 6.

Email Parties[3] would cost approximately $264,000. Mot. ¶ 22. Unfortunately, that expenditure is necessary to ensure parties get the notice they are entitled to under the Code, and a mere fraction of what notice would have cost without the extraordinary relief previously granted.

16. Also, provisions in the further amended proposed order are in conflict. Paragraph 5 still requires service by "first-class mail, overnight carrier, or hand delivery, as appropriate" to parties where a working email address cannot be located, but paragraph 6 states that "the Debtors are not required to reattempt service, or attempt service on a go-forward basis, through any means, upon the Unscheduled Undeliverable Email Parties (which are parties for who a working email address cannot be located). It is unclear under what circumstances the Debtors would be required to serve anyone without a working email address.

17. The Debtors misstate the governing standard. This Court previously entered the Final Matrix Order and the Amended Matrix Order with the Debtors' consent, after a contested hearing was held with regard to manner of service-related issues raised by the U.S. Trustee. Accordingly, through the Motion, the Debtors seek relief from a final order of this Court, which request is properly evaluated under Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60(b); section 105 of the Bankruptcy Code does not apply. Here, the only subsection of Civil Rule 60(b) which arguably applies is the "catchall" provision ((b)(6)), which provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The United States Court of Appeals has stated that, "[d]espite the open-ended nature of the provision, a district court may only grant relief under Rule 60(b)(6) in 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship

---

[3] Capitalized terms, if not otherwise defined, have the meaning as defined in the Motion.

would occur.'" *Satterfield v. District Attorney Philadelphia*, 872 F.3d 152, 158 (3d Cir. 2017) (internal citations omitted). Here, there are no extraordinary circumstances, and providing due notice to parties in interest is not an "extreme and unexpected hardship."

## CONCLUSION

18. The Debtors received Court permission to serve over 5,000,000 parties via email, with the proviso that traditional service would be provided where email service was not completed. Now, on the eve of the confirmation hearing, the Debtors seek further relief to dispense with noticing the small percentage of notice parties whose e-mails were undeliverable for the sake of cost savings. At some point, due process must trump cost efficiency. The Debtors should be required to comply with the Bankruptcy Rules and this Court's prior order to ensure that notice is served in the proper manner to all parties entitled to same.

WHEREFORE, the U.S. Trustee respectfully requests that the Court, consistent with this Objection, deny the final relief requested and grant any such other and further relief that the Court deems just and proper.

Dated: December 12, 2023
Wilmington, Delaware

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**

By: /s/ *Joseph F. Cudia*
Joseph F. Cudia
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox35
Wilmington, Delaware 19801
Phone: (302) 573-6492
Fax:    (302) 573-6497
Email: joseph.cudia@usdoj.gov