## **EXHIBIT A**

**Revised Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 480 |

**ORDER (I) APPROVING SETTLEMENT AGREEMENT AMONG THE
DEBTORS, TIKI LABS, INC. D/B/A AUDIUS INC., AND THE SETTLING
AUDIO HOLDERS; (II) AUTHORIZING THE DEBTORS TO SELL CERTAIN AUDIO
FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS
AND ENCUMBRANCES; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order pursuant to Bankruptcy Code sections 105(a) and 363, Bankruptcy Rules 6004 and 9019, and Local Rule 6004-1 (i) approving the Settlement Agreement, (ii) authorizing the Proposed Sale, and (iii) granting related relief; and this Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and upon consideration of the Motion; and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court finding that adequate notice of the Motion having been given; and it

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

appearing that no other or further notice need be given; and the Court finding that the Settlement Agreement, the Proposed Sale, and the relief requested in the Motion are reasonable and in the best interests of the Debtors' estates; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is GRANTED to the extent set forth herein.

2. The Settlement Agreement attached hereto as **Exhibit 1** is hereby approved and the Debtors and Audius are authorized to perform thereunder.

3. Any and all claims or causes of action that Audius may have against the Debtors, whether known or unknown, contingent or noncontingent, liquidated or unliquidated, presently existing or not, are hereby waived, as they pertain to these Chapter 11 Cases.

4. All Audius Claims are withdrawn.

5. Nothing in this Order or the Stipulation shall be deemed: (a) an admission as to the amount of, basis for, or validity of any particular claim against the Debtors or Audius under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors', or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Settlement Agreement; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to Bankruptcy Code section 365; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver of any claims, causes of action, or defenses which may exist against any entity under the Bankruptcy Code or any other applicable law, except as explicitly provided for herein.

6. The Settlement Agreement shall be binding upon any subsequently appointed or elected Chapter 7 or 11 trustee and/or any successor and assign of the Debtors.

7. Pursuant to Bankruptcy Code section 363(b) and (c), the Debtors are authorized to, without further order of the Court or additional prior notice to any parties in interest, sell the AUDIO in the secondary market pursuant to the Settlement Agreement.

8. The Debtors are authorized to pay any necessary fees and expenses incurred in the sale of the AUDIO.

9. The Debtors are authorized to treat the fiat it obtains from its sale of AUDIO as property of its estate.

10. The Proposed Sale is, without need for any action by any party, free and clear of all liens, claims, and other encumbrances (collectively, "Interests") with such Interests attaching to the proceeds of such sale or transfer with the same validity, extent, and priority as the Interests had attached to such assets immediately prior to such sale or transfer. As of the effective date of the Proposed Sale pursuant to this Order, all Interests in the AUDIO are deemed discharged and released without regard to whether the holder of the Interests have executed or filed any applicable release, and such Interests shall automatically, and without further action by any party, attach to the proceeds of such sale. Notwithstanding the foregoing, any holders of such Interests are authorized and directed to execute and deliver any waivers, releases, or other related documentation, as reasonably requested by the Debtors.

11. The Debtors and any purchasers of the AUDIO are authorized to take all actions and execute all documents necessary or appropriate to effectuate the sale of such assets to such purchaser.

12. With respect to the sales consummated pursuant to this Order, this Order shall be sole and sufficient evidence of the transfer of title to any particular buyer, and the sale transactions consummated pursuant to this Order shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, and federal, state, and local officials, and each of such persons and entities is hereby directed to accept this Order as sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the transaction contemplated hereby.

13. The provision in Bankruptcy Rule 6004(h) staying an order authorizing the use, sale, or lease of property until the expiration of fourteen (14) days after entry of the order is hereby waived with respect to this Order and the sales of AUDIO made based on the authority granted in this Order.

14. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

15. The terms and conditions of this Order and the Settlement Agreement are immediately effective and enforceable upon entry of this Order.

16. Notwithstanding anything to the contrary in this Order, or any findings announced at the Hearing, nothing in this Order, or announced at the Hearing, constitutes a finding under the federal securities laws as to whether crypto assets or transactions involving crypto assets are securities, and the right of the SEC to challenge transactions involving crypto assets on any basis is expressly reserved.

17. The Court shall retain jurisdiction to resolve any disputes or controversies arising from the implementation of this Order or the Settlement Agreement.

**Exhibit 1**

**Settlement Agreement**

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "<u>Settlement Agreement</u>") is entered into by and between Prime Core Technologies Inc., and its affiliate debtors ("<u>Prime</u>"),[1] established in the chapter 11 cases captioned *In re Prime Core Tech. Inc., et al.*, No. 23-11161 (JKS) (Bankr. D. Del.) (the "<u>Chapter 11 Cases</u>") and Tiki Labs, Inc. d/b/a Audius ("<u>Audius</u>") and other persons and entities that transferred the cryptocurrency AUDIO to Prime who sign the attached Schedule A settlement agreement (the "<u>Settling AUDIO Holders</u>" and collectively with Audius, the "<u>Audius Parties</u>"). Prime and Audius Parties are each referred to respectively as a "<u>Party</u>," and collectively as the "<u>Parties</u>."  This Settlement Agreement is immediately binding upon signature but becomes effective on the date by which the Court approves this Settlement Agreement in the Chapter 11 Cases pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "<u>Effective Date</u>").

## RECITALS

**WHEREAS**, Prime filed the Chapter 11 Cases on August 14, 2023, in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>");

**WHEREAS**, the Parties have engaged in good faith, arm's length settlement negotiations resulting in the settlement that is set forth in this Settlement Agreement; and

**WHEREAS**, without conceding the merits of any claim or defense raised by either Party, the Parties have negotiated and entered into this Settlement Agreement in order to avoid the inherent risk and substantial expense of litigation.

## AGREEMENT

**NOW, THEREFORE**, in consideration of the mutual covenants, agreements, and promises set forth herein, and for other good and valuable considerations, the receipt and sufficiency of which are hereby irrevocably acknowledged, the Parties intending to be legally bound hereby agree as follows:

1. **Recitals**. The recitals set forth above are incorporated by reference and are explicitly made a part of this Settlement Agreement.

2. **AUDIO Inventory**. Prime is holding 323,976,629.27 AUDIO.

3. **Consideration:**

    a. The Audius Parties agree that 11,000,000 AUDIO that is currently held by Prime in an account attributed to Audius (the "<u>Settlement Payment</u>") will be treated as Prime's property.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528).  The Debtors' service address is 10845 Griffith Peak Drive, #03-153, Las Vegas, NV 89135.

  b. Prime agrees to take reasonable efforts to not liquidate in excess of 10% of the "24 Hour Trading Volume" of AUDIO as reflected on www.coingecko.com.

  c. The AUDIO Prime holds in accounts of the Audius Parties will be transferred to Audius within 7 days of the Effective Date ("<u>Released AUDIO</u>").  Audius is responsible for transmitting Released AUDIO to the Settling AUDIO Holders.

  d. The Parties agree that Audius and Prime will find a mutually agreeable time to participate in a recorded zoom conference during which they will execute two test transactions prior to transmitting the remaining Released AUDIO.  The Parties further agree that each of them may employ at their own expense a blockchain professional to facilitate the transfer of the Released AUDIO.  The Parties understand that there are inherent risks in executing cryptocurrency transactions and assume that risk in connection with the payment of the Released AUDIO.

  e. Any person or entity that holds an account at Prime that is not an Audius Party is not bound by this Settlement Agreement and will not receive any Released AUDIO.  Prime reserves all arguments and causes of action against persons or entities that do not execute this Settlement Agreement.

  **4.** **<u>Settling AUDIO Holders</u>**.  Other persons or entities that transferred AUDIO to Prime that desire to be bound by this Settlement Agreement must sign Schedule A by no later than 12 days after Audius and Prime execute this Settlement Agreement.  The Released AUDIO will be calculated using the books and records of Prime, which currently list a total amount of 323,976,629.27 AUDIO.  The Parties agree to meet and confer concerning any discrepancies concerning the amount of AUDIO attributed to any particular Settling AUDIO Holder.  In any case, the Released AUDIO will not exceed 312,976,629.27 AUDIO.  By executing this Settlement Agreement, the Audius Parties represent that they have the authority to bind all entities and persons who have any claim or right to the portion of the Released AUDIO attributable to any of the Audius Parties.

  **5.** **<u>Audius Indemnification</u>**.  If a person or entity claims that any of the Audius Parties did not have the authority to execute this Settlement Agreement or to receive the Released AUDIO, Audius agrees to indemnify Prime for all costs, legal fees, or liability associated with any such claim.

  **6.** **<u>Release and Withdrawal of Proof of Claim</u>**.  Upon entry into this Settlement Agreement, Audius Parties, including Audius' directors, officers, managers, present and former trustees, agents, affiliates, representatives, successors, and assigns (collectively, "<u>Audius Releasing Parties</u>"), hereby irrevocably, completely, finally, and fully forever release, remise, acquit, compromise, settle, extinguish, relinquish, and forever discharge without limitation, Prime, Prime's bankruptcy estate, and Prime's successors, assigns, advisors, consultants, attorneys, representatives, employees, licensors, licensees, subrogees, agents, heirs, executors, personal representatives, estates, and administrators (collectively, "<u>Prime Released Parties</u>") from any and

all causes of action, suits, charges, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, appraisal rights, torts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, whether asserted or unasserted, contingent or remote, known or unknown, and whether arising in law, admiralty, or equity which the Audius Releasing Parties or any of them had, now have, or which their successors or assigns hereinafter can, shall, or may have against any of the Prime Released Parties from the beginning of the world to the Effective Date and that relate to the Chapter 11 Cases.  Upon entry into this Settlement Agreement, the Audius Release Parties will and hereby do withdraw all proofs of claim filed in the Chapter 11 Cases.  Audius Parties relinquish all rights to any distributions in the Chapter 11 Cases.

7. **Cooperation**.  The Parties agree to cooperate fully and in good faith in filing any applications necessary to effect or otherwise facilitate the completion of the terms of this Settlement Agreement.

8. **Confidentiality**.  Each Party agrees that he, she, or it has maintained and shall continue to maintain in confidence the contents, terms, and conditions of this Settlement Agreement, including the consideration for this Settlement Agreement set forth above (collectively, "Settlement Information"); provided, however, that each Party may disclose Settlement Information to his, her, or its attorneys, accountants, insurers, auditors, and other advisors who have a need to know such disclosed Settlement Information and who are otherwise bound by an agreement or a professional duty of confidentiality to keep the Settlement Information confidential to the same degree as are the Parties.  Further, any of the Parties may disclose Settlement Information to the extent necessary to comply with applicable law, court orders, or subpoenas; provided, however, that (a) Audius may contact and disclose the terms of this Settlement Agreement to any party, and its representatives, that it believes in good faith will or may be an Audius Party; and (b) a disclosing party shall give prompt notice to the other Party or their counsel prior to such disclosure so that the other Party may seek a protective order, confidential treatment of any produced information, or other similar relief.  Notwithstanding the foregoing, the Parties may disclose the Settlement Agreement to the Court as necessary to obtain approval in the Chapter 11 Cases pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and other filings as required.

9. **No Admission**.  It is expressly understood and agreed that, by entering into this Settlement Agreement, neither Party intends to, either directly or indirectly, admit to any violation of or liability under any law, regulation, or contract.

10. **No Assignment of Released Claims**.  Each Party hereby represents that he, she, or it has not assigned or transferred any claim released in this Settlement Agreement.

11. **Execution by Counterparts**.  This Settlement Agreement may be executed in counterparts by the signatories hereto, including by facsimile or e-signature, and as so executed shall constitute one agreement.

12. **No Modification**.  This Settlement Agreement may not be modified except in writing executed by each of the Parties.

**13.  Parties Bound**. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties as well as the Audius Releasing Parties and the Prime Released Parties.

**14.  No Waiver**. The waiver by either Party of any breach of this Settlement Agreement by the other Party shall not be deemed a waiver of any other prior or subsequent breach of any provision of this Settlement Agreement.

**15.  Complete Understanding; No Reliance On Outside Representation**. This Settlement Agreement contains the complete understanding of the Parties as to the subject matter of this Settlement Agreement and supersedes all prior discussions and understandings in respect to the subject of this Settlement Agreement, whether written or oral.

**16.  Jointly Drafted**. The terms, provisions, and language of this Settlement Agreement have been jointly negotiated and drafted by the Parties and their respective legal counsel. Nothing in this Settlement Agreement should be construed or interpreted against any of the Parties as the drafting Parties, or for any other reason by operation of similar rules of construction.

**17.  Tax Consequences**. Each Party is solely responsible for any tax consequences of this Settlement Agreement affecting such Party, and neither Party nor their representatives has made any representations regarding such tax consequences, if any.

**18.  Choice of Law; Jurisdiction and Venue**. This Settlement Agreement shall be governed by the laws of the State of Delaware, without regard to its conflict of laws principles. Each Party, to the fullest extent permitted by the applicable laws and regulations irrevocably: (i) submits himself, herself, or itself to the personal jurisdiction of the State and Federal Courts of the State of Delaware, as well as to the jurisdiction of all courts to which an appeal may be taken, in any suit, action, or proceeding arising out of or relating to this Settlement Agreement, or any of the transactions contemplated by this Settlement Agreement; (ii) agrees that all claims in respect of such suit, action, or proceeding shall be brought, heard and determined exclusively in the United States Bankruptcy Court for the District of Delaware; (iii) agrees that it shall not attempt to deny or defeat any such jurisdiction by motion or other request for leave from such court; and (iv) agrees not to bring any action or proceeding arising out of or relating to this Settlement Agreement or any of the transactions contemplated by this Settlement Agreement in any other court.

**19.  Breach**. The Parties do not waive or release any claims for breach of this Settlement Agreement or enforcement of the Parties' rights and obligations hereunder.

**20.  Complete Defense**. This Settlement Agreement may be pleaded as a full and complete defense to, and used as a basis for injunction against, any action, suit, claim, or other proceeding based on any of the claims released herein.

**21.  Alleged Breach and Notice to Cure**. In the event that one of the Parties believes the other has breached this Settlement Agreement, the Parties agree that a notice to cure letter identifying the breach be served via email to Traci L. Shafroth and Tobias S. Keller at tshafroth@kbkllp.com and tkeller@kbkllp.com (in the case of the Audius Parties), and to Darren Azman, Joseph B. Evans, M. Kandestin, Gregg Steinman, and J. Greer Griffith at dazman@mwe.com, jbevans@mwe.com, mkandestin@mwe.com, gsteinman@mwe.com, and

4

ggriffith@mwe.com (in the case of Prime);. The Parties agree that each will have a 14-day period to cure any alleged breach and any such cure shall be explained in writing in response to a notice to cure letter. The Parties further agree that they will not initiate any lawsuit, proceeding, or file any motions concerning an alleged breach of the Settlement Agreement until at least 14 days after sending a notice to cure letter and engaging in reasonable efforts to resolve disputes.

        **22.**    **Waiver of Right to a Jury**. THE PARTIES EACH HEREBY KNOWINGLY, VOLUNTARILY, AND INTENTIONALLY WAIVE ANY RIGHT HE, SHE, OR IT MAY HAVE TO A TRIAL BY JURY IN RESPECT TO ANY LITIGATION OR CAUSE OF ACTION BASED ON, OR ARISING OUT OF, UNDER OR IN CONJUNCTION IN ANY MANNER WITH TRANSACTIONS CONTEMPLATED BY THIS SETTLEMENT AGREEMENT.

        **23.**    **Entire Agreement**. This Settlement Agreement comprises the entire agreement of the Parties with respect to the resolution of any and all disputes, claims, and/or causes of action they may have against one another. In entering into this Settlement Agreement, neither Party is relying upon any representation, commitment, warranty, or promise by the other Party unless expressly set forth in this Settlement Agreement.

[*REMAINDER OF PAGE LEFT INTENTIONALLY BLANK*]
[*SIGNATURE PAGES TO FOLLOW*]

**EXECUTION VERSION**

**Acknowledged and Agreed.**

Prime Core Technologies Inc., and affiliated debtor entities in the Chapter 11 Cases

Name: _____Mike Wyse_____

Title: _Special Committee Member_

Signature: _[signature]_

**Tiki Labs, Inc. d/b/a Audius**

Name: _____

Title: _____

Signature: _____

**EXECUTION VERSION**

**Acknowledged and Agreed.**

Prime Core Technologies Inc., and affiliated debtor entities in the Chapter 11 Cases

Name: _____

Title: _____

Signature: _____

**Tiki Labs, Inc. d/b/a Audius**

Name: Roneil Rumburg

Title: Chief Executive Officer

Signature: *[signed]*

6

**EXECUTION VERSION**

## Schedule A – Settling AUDIO Holders

**[INSERT SETTLING AUDIO HOLDERS, SIGNATURES, AND AMOUNT OF AUDIO ATTRIBUTED TO EACH AUDIO HOLDER]**

AUDIO Holder          _____

AUDIO at Prime        _____

Name:                 _____

Title:                _____

Signature:            _____


AUDIO Holder          _____

AUDIO at Prime        _____

Name:                 _____

Title:                _____

Signature:            _____


AUDIO Holder          _____

AUDIO at Prime        _____

Name:                 _____

Title:                _____

Signature:            _____