IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Obj. Deadline: TBD**<br>**Hr'g Date: TBD** |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) ADJOURNING CERTAIN MATTERS SET FOR HEARING ON DECEMBER 19, 2023; (II) EXTENDING THE DEADLINE FOR DEBTORS TO FILE A REPLY; AND (III) GRANTING RELATED RELIEF**

Prime Core Technologies Inc. and certain of its affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby submit this emergency motion (the "Motion"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) adjourning certain matters set for hearing on December 19, 2023 at 10:00 a.m. (the "Hearing") to no earlier than the omnibus hearing scheduled for January 17, 2024, at 11:00 a.m. (prevailing Eastern Time), (ii) extending the deadline to file a reply brief to no earlier than January 10, 2024, at 4:00 p.m. (prevailing Eastern Time), (iii) permitting a subsequent reply brief of no more than 10 pages with fact declarations to no earlier than the omnibus hearing scheduled for January 10, 2024, at 4:00 p.m. (prevailing Eastern Time), and (iv) granting related relief. In support of the Motion, the Debtors rely upon the *Declaration of Joseph B. Evans in Support of Debtors' Emergency Motion for Entry of an Order*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, Nevada 89135.

*(I) Adjourning Certain Matters set for Hearing on December 19, 2023; (II) Extending the Deadline for Debtors to File a Reply; and (III) Granting Related Relief* (the "Evans Declaration"), which is filed contemporaneously herewith and incorporated by reference as if fully set forth herein. In further support of the Motion, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The legal predicates for the relief requested herein are sections 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2002 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3. The Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with the Motion in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**BACKGROUND**

A.   **General Background**

4. On August 14, 2023 (the "Petition Date"), each Debtor commenced a case (collectively, the "Chapter 11 Cases") by filing a voluntary petition for relief under chapter 11 of

the Bankruptcy Code. The Chapter 11 Cases have been jointly administered for procedural purposes only.

5.      The Debtors continue to manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6.      On August 29, 2023, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to Bankruptcy Code section 1102 (the "Committee") [Docket No. 51]. The Committee is comprised of the following unsecured creditors: (a) Yousef Abbasi; (b) Allsectech, Inc.; (c) DMG Blockchain Solutions, Inc.; (d) Net Cents Technology, Inc.; (e) Stably Corporation; and (f) Austin Ward.

7.      Additional information regarding the Debtors and the Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of the Chapter 11 Cases, is set forth in the *Declaration of Jor Law, Interim Chief Executive Officer and President of Prime Core Technologies Inc., et al., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 14] (the "First Day Declaration"), which is incorporated by reference as if fully set forth herein.

**B.     The Foreign Currency Sale Motion**

8.      On November 13, 2023, the Debtors filed the *Motion of the Debtors for Entry of an Order Authorizing the Debtors to Sell Certain Foreign Currency Free and Clear of All Liens, Claims, Interests, and Encumbrances Pursuant to Bankruptcy Code Section 363* [Docket No. 413] (the "Foreign Currency Sale Motion").

9. The Foreign Currency Sale Motion is currently set to be heard at the Hearing on December 19, 2023. The deadline to object to the Foreign Currency Sale Motion was November 27, 2023 at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline").

10. On November 27, 2023, TrustToken, Inc. ("TrustToken") and TrueCoin, LLC ("TrueCoin") filed the *Opposition of TrustToken, Inc. and TrueCoin, LLC to Debtors' Motion to Sell Certain Foreign Currency Free and Clear of All Liens, Claims, Interests, and Encumbrances Pursuant to Bankruptcy Code Section 363* [Docket No. 462] (the "TrustToken Objection,") and David Maria, Bittrex, Inc., Desolation Holdings LLC, Bittrex Malta Holdings Ltd., and Bittrex Malta Ltd. (collectively, "Bittrex" or the "Bittrex Parties") filed the *Objection of the Bittrex Plan Administrator to Motion of the Debtors for Entry of an Order Authorizing the Debtors to Sell Certain Foreign Currency Free and Clear of All Liens, Claims, Interests, and Encumbrances Pursuant to Bankruptcy Code Section 363* [Docket No. 460] (the "Bittrex Objection" and together with the TrustToken Objection, the "Objections").

11. Pursuant to Local Rule 9006-1(d), the deadline for the Debtors to submit a reply responding to the Objections (the "Reply") was December 14, 2023, at 4:00 p.m. (prevailing Eastern Time) (the "Reply Deadline").

C. **Facts Leading to Adjournment Request**

12. Among other things, the TrustToken Objection raises issues of fact that require additional fact witnesses with a deep knowledge of the historical relationship between the Debtors and TrustToken. The hearing for the Objections is currently scheduled for December 19, 2023, the same day set for the confirmation hearing.

13. On November 14, 2023, the Debtors concluded a reduction in force, reducing their employee and contractor headcount from seventy (70) to less than twenty-five (25). With

the knowledge that it would take additional time to locate the appropriate individuals (some of whom no longer work for the Debtors) to provide fact testimony with respect to the issues raised in the TrustToken Objection, the Debtors repeatedly reached out to TrustToken seeking an adjournment. Counsel for TrustToken refused each request.

14. In light of this refusal, the Debtors sought witnesses to attend the hearing and sign a sworn declaration for the Reply. Unexpectedly, shortly before the date Debtors' reply brief came due on December 14, 2023, two witnesses independently refused to sign declarations or appear for a hearing, citing personal safety concerns for themselves and their families, among other issues.[2] One witness refused on December 12, 2023 and the other refused on December 14, 2023 at 11:15 A.M. As explained to counsel for the TrustToken Parties, the Debtors have not undertaken an investigation into whether such safety concerns or other risks are justified nor is it aware of TrustToken or any related entity issuing direct threats or intimidation, but the Debtors need additional time to secure witnesses with a drastically reduced workforce and budget.

15. Fear of backlash and intimidation has become somewhat common in crypto bankruptcy cases and was the basis for a prior ruling in this case to seal employee and individual customer names. *See* Aug. 25, 2023 Hr'g Tr. 68:13-25, *In re Prime Core Technologies, Inc., et al.*, No. 23-11161 (JKS) (Bankr. D. Del.); *Amended Order (I) Authorizing Debtors to File a Consolidated Creditor Matrix and Top 50 Creditors List; (II) Authorizing Redaction of Certain Personally Identifiable Information; (III) Authorizing the Debtors to Serve Certain Parties by Electronic Mail; (IV) Approving Certain Notice Procedures; and (V) Granting Related Relief*

---

[2] Despite counsel for TrustToken's stated belief, none of these witnesses refused to testify on the basis that they disagreed with any of the facts or arguments contained in the Debtors' motion or prospective declarations.

[Docket No. 189]. Without needed testimony of a company representative, the Debtors cannot move forward with prosecuting the Foreign Currency Sale Motion.

16. The Debtors reached out to counsel for TrustToken to request an adjournment of the Foreign Currency Sale Motion to allow the Debtors additional time to procure such fact witnesses. TrustToken has steadfastly refused, thereby necessitating the filing of this Motion.

17. The Debtors have made the official committee of unsecured creditors (the "Committee") aware of the situation, and the Committee supports the Debtors' request for an adjournment of the hearing on this matter.

18. TrustToken has informed the Debtors that it will not agree to adjourn the Hearing with respect to the Foreign Currency Motion. As a result, the Debtors had no choice but to file this Motion.

19. The Debtors have filed a reply without factual declarations and certain arguments that it would set forth with the appropriate time to secure fact witnesses.

## RELIEF REQUESTED

20. By the Motion, the Debtors request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (i) adjourning the Hearing on the Foreign Currency Sale Motion to no earlier than the omnibus hearing scheduled for January 17, 2024, at 11:00 a.m. (prevailing Eastern Time), (ii) extending the Reply Deadline to no earlier than January 10, 2024, at 4:00 p.m. (prevailing Eastern Time), (iii) permitting a subsequent reply brief of no more than 10 pages with fact declarations, and (iv) granting related relief. Consistent with prior court orders, the Debtors will not be using any of the foreign currency at issue in the Foreign Currency Sale Motion during the adjournment.

**BASIS FOR RELIEF**

21. Bankruptcy Code section 105(a) authorizes a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy Rule 9006(b) authorizes courts to enlarge the time periods within which certain actions must be taken, and states, in pertinent part, that:

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of the court, the court for cause shown may at any time in its discretion… with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed or as extended by a previous order

Fed. R. Bankr. P. 9006(b).

22. Cause exists for the Court to adjourn the Hearing with respect to the Foreign Currency Sale Motion and to file a supplemental reply brief of no more than 10 pages of argument with associated declarations. As set forth above, the Debtors need an adjournment of the Hearing and an opportunity to file a supplemental reply. Importantly, TrustToken's arguments are highly fact-specific including their witness's recollection of now deleted "slack messages" and unrecorded communications with Prime sales people.

23. TrustToken has full knowledge of this, and nevertheless, refuses to consent to an adjournment of the Foreign Currency Sale Motion.

24. The Court should have access to all relevant information in making its determination regarding the Foreign Currency Sale Motion. TrustToken seeks to thwart the Debtors' efforts to do so.

25. For the foregoing reasons, the Court should grant the Debtors' request to adjourn the Foreign Currency Sale Motion.

## NO PRIOR REQUEST

26.     No prior request for the relief sought in this Motion has been made to this or any other court.

## NOTICE

27.     The Debtors will provide notice of the Motion to: (a) the U.S. Trustee; (b) counsel for the Committee; (c) counsel to TrustToken; (d) counsel to Bittrex; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice is required.

*[Remainder of Page Intentionally Left Blank]*

**CONCLUSION**

WHEREFORE, the Debtors request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (i) adjourning the Hearing on the Foreign Currency Sale Motion to no earlier than the omnibus hearing scheduled for January 17, 2024, at 11:00 a.m. (prevailing Eastern Time), (ii) extending the Reply Deadline to no earlier than January 10, 2024, at 4:00 p.m. (prevailing Eastern Time),  (iii) permitting a subsequent reply brief of no more than 10 pages with fact declarations, and (iv) granting such other relief as the Court deems appropriate under the circumstances.

*[Remainder of page left intentionally blank]*

| | |
|---|---|
| Dated: December 14, 2023<br>Wilmington, Delaware | **MCDERMOTT WILL & EMERY LLP**<br><br>*/s/ Maris J. Kandestin*<br>Maris J. Kandestin (No. 5294)<br>1000 N. West Street, Suite 1400<br>Wilmington, Delaware 19801<br>Telephone:  (302) 485-3900<br>Facsimile:  (302) 351-8711<br>Email:  mkandestin@mwe.com<br><br>-and-<br><br>Darren Azman (admitted *pro hac vice*)<br>Joseph B. Evans (admitted *pro hac vice*)<br>Jessica Greer Griffith (admitted *pro hac vice*)<br>One Vanderbilt Avenue<br>New York, New York 10017-3852<br>Telephone:  (212) 547-5400<br>Facsimile:  (646) 547-5444<br>Email:  dazman@mwe.com<br>          jbevans@mwe.com<br>          ggriffith@mwe.com<br><br>-and-<br><br>Gregg Steinman (admitted *pro hac vice*)<br>333 SE 2nd Avenue, Suite 4500<br>Miami, Florida 33131<br>Telephone:  (305) 358-3500<br>Facsimile:  (305) 347-6500<br>Email:  gsteinman@mwe.com<br><br>*Counsel to the Debtors and Debtors in Possession* |