**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF JOSEPH B. EVANS IN SUPPORT OF**
**DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY OF AN ORDER (I) ADJOURNING**
**CERTAIN MATTERS SET FOR HEARING ON DECEMBER 19, 2023; (II) EXTENDING**
**THE DEADLINE FOR DEBTORS TO FILE A REPLY;**
**<u>AND (III) GRANTING RELATED RELIEF</u>**

I, Joseph B. Evans, hereby declare pursuant to section 1746 of title 28 of the United

States Code:

1.      I am partner at McDermott Will & Emery LLP. I am an attorney in good standing

of the bar in the State of New York and the bars of the United States District Courts for the

Southern and Eastern Districts of New York.

2.      I submit this declaration in support of the *Motion of the Debtors for Entry of an*

*Order Authorizing the Debtors to Sell Certain Foreign Currency Free and Clear of All Liens,*

*Claims, Interests, and Encumbrances Pursuant to Bankruptcy Code Section 363* [Doc. No. 413]

(the "<u>Motion</u>").[2]

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each debtor's federal tax identification number, are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, Nevada 89135.

[2]     Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

3.      In preparation for serving the Debtor's reply brief (the "Reply") to *the Opposition of TrustToken, Inc. and TrueCoin, LLC to Debtors' Motion to Sell Certain Foreign Currency Free and Clear of All Liens, Claims, Interests, and Encumbrances Pursuant to Bankruptcy Code Section 363* [Doc. No. 462] (the "Objection") filed by TrustToken, Inc., and TrueCoin, LLC (collectively, the "TrustToken Parties"), the Debtors contacted certain of their former and current employees to request that they serve as witness declarants for the Reply.

4.      On December 12, 2023, one witness ("Witness No. 1") refused to act as a witness declarant against the TrustToken Parties.  Witness No. 1 raised personal safety concerns to one of my colleagues, among other reasons.  Apparently, Witness No. 1's stated reasons for concerns relate to TrustToken and media reports related to other entities that may have associations or affiliations with TrustToken.

5.      On December 14, 2023, on 11:15 AM (ET), only a few hours before the deadline to submit the Reply, another witness ("Witness No. 2") refused to act as a witness declarant against the TrustToken Parties also citing personal safety concerns.

6.      On December 14, 2023, immediately after I was notified by Witness No. 2 of the refusal to sign the declaration or to testify, I contacted counsel for the TrustToken Parties and advised them of the circumstances.  I told counsel for the TrustToken Parties that we had not investigated whether any personal safety concerns raised by witnesses were warranted but that I was merely relaying concerns raised by prospective witnesses.

7.      Counsel for TrustToken responded orally and via email that they disbelieved that witnesses feared for their personal safety and refused to consent to adjourn the hearing.  Contrary to statements made by counsel for TrustToken, none of the proposed witnesses raised concerns

about the veracity of any statements they were being asked to make or the likelihood of success of the Motion.

8.       I am not personally aware of any threats made or intimidation tactics initiated or engaged in by TrustToken.  Nor has any witness apprised me of any such threats or intimidation.

9.       Counsel for the Debtors made previous requests to counsel for the TrustToken Parties to consent to adjourn the hearing, which is currently set for December 19, 2023, the same day as the Confirmation Hearing.  On each occasion, the TrustToken Parties have refused to consent to the adjournment.

10.       We have communicated our concerns about obtaining necessary witness declarations and testimony to counsel of the Official Committee of Unsecured Creditors ("UCC").  I understand from my conversations with the UCC that they support the motion to adjourn the Motion.

11.       Out of an abundance of caution, we are filing a reply today without the witness declarations or support needed. If the adjournment is granted, it will give the Debtors additional time to discuss the concerns of witnesses and to identify and prepare additional fact witnesses who would be able to support the Motion.

Dated:   December 14, 2023
             Wilmington, Delaware

/s/ Joseph B. Evans
Joseph B. Evans
One Vanderbilt Avenue
New York, New York 10017-3852
(212) 547-5400
(212) 547-5444
jbevans@mwe.com