## EXHIBIT A

**Proposed Confirmation Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket Nos. 94, 259, 264, 362, 485, 486, 487, 497, 508, 511, 521, 557, 558, 559, 582, [__]** |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE
DISCLOSURE STATEMENT ON A FINAL BASIS AND (II) CONFIRMING
THE AMENDED CHAPTER 11 PLAN OF REORGANIZATION OF
PRIME CORE TECHNOLOGIES INC. AND ITS AFFILIATED DEBTORS
<u>PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE</u>**

Prime Core Technologies Inc. ("Prime Core") and its debtor affiliates, as debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), having filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") on August 14, 2023; and the Debtors having proposed the *Amended Joint Chapter 11 Plan of Reorganization for Prime Core Technologies Inc. and its Affiliated Debtors* [Docket No. 521-1] (as amended, supplemented, or otherwise modified, the "Plan");[2] and the Debtors having filed the *Plan Supplement with Respect to Debtors' Amended Joint Chapter 11 Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 486] (the "Initial Plan Supplement"), the *Amended Plan Supplement with Respect to Debtors' Amended Joint Chapter 11 Plan of Reorganization Under*

---

[1]    The debtors in these Chapter 11 Cases, along with the last four digits of each debtor's federal tax identification number are:  Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528).  The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

*Chapter 11 of the Bankruptcy Code* [Docket No. 511] (the "First Amended Plan Supplement"),

and the *Second Amended Plan Supplement with Respect to Debtors' Amended Joint Chapter 11*

*Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 540] (the

"Second Amended Plan Supplement" and, together with the Initial Plan Supplement and the

Second Amended Plan Supplement, as may be further modified, supplemented, or amended, the

"Plan Supplement"); and the United States Bankruptcy Court for the District of Delaware (the

"Court") having entered an order [Docket No. 94] (as amended by Docket No. 362, the

"Conditional Approval Order") on October 6, 2023, conditionally approving the *Disclosure*

*Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to the Joint Chapter 11*

*Plan of Reorganization for Prime Core Technologies Inc. and its Affiliated Debtors* [Docket No.

259] (as supplemented by Docket No. 487-1, the "Disclosure Statement") as containing adequate

information within the meaning of section 1125(a) of the Bankruptcy Code; and the Debtors

having filed the *Declaration of Brian Karpuk of Stretto Regarding Voting and Tabulation of*

*Ballots Cast on the Amended Joint Chapter 11 Plan of Reorganization for Prime Core*

*Technologies Inc. and its Affiliated Debtors* [Docket No. 582] (the "Voting Declaration"); and

the Court having established, in the Conditional Approval Order, December 19, 2023, at 10:00

a.m. (prevailing Eastern Time) as the date and time of the hearing pursuant to section 1129 of the

Bankruptcy Code to consider approval of the Disclosure Statement on a final basis and

confirmation of the Plan (the "Confirmation Hearing"); and affidavits of service having been

executed by Bankruptcy Management Solutions, Inc. d/b/a Stretto (the "Claims Agent") and filed

with the Court [Docket Nos. 265, 362, 367, 508, 511, 521, 552, 553, 555, 556, 562, 564, 566,

567, 575] (the "Affidavits of Service") with respect to the mailing of the notices of the

Confirmation Hearing and the other solicitation materials in respect of the Plan in accordance

with the Conditional Approval Order [Docket Nos. 265 & 367]; and an affidavit of publication having been filed with the Court [Docket No. 288] (the "Affidavit of Publication") with respect to the publication of the notice of the Confirmation Hearing in accordance with the Conditional Approval Order; and the Court having reviewed the Plan, the Disclosure Statement, the Conditional Approval Order, the Voting Declaration, the Affidavits of Service, the Affidavit of Publication, and all other papers before the Court in connection with the confirmation of the Plan; and the Court having considered the *Declaration of Michael Wyse in Support of Amended Joint Chapter 11 Plan of Reorganization for Prime Core Technologies Inc. and its Affiliated Debtors* [Docket No. 558] (the "Wyse Declaration"), the *Declaration of William Murphy in Support of Confirmation of the Amended Joint Chapter 11 Plan of Reorganization for Prime Core Technologies Inc. and its Affiliated Debtors* [Docket No. 559] (the "Murphy Declaration"), the *Debtors' (I) Memorandum of Law in Support of (A) Approval of the Disclosure Statement on a Final Basis and (B) Confirmation of the Amended Joint Chapter 11 Plan of Reorganization for Prime Core Technologies Inc. and its Affiliated, and (II) Omnibus Reply to Objections to Confirmation* [Docket No. 557] (the "Confirmation Memorandum"), and any testimony presented and evidence admitted at the Confirmation Hearing; and the Court having taken judicial notice of the papers and pleadings on file in the Chapter 11 Cases; and any objections to the Plan having been resolved and/or overruled by this Court pursuant to this Confirmation Order or other order of this Court; and the Confirmation Hearing having been held on December 19, 2023; and the Court finding that (i) notice of the Confirmation Hearing and the opportunity of all parties in interest to object to confirmation of the Plan were adequate and appropriate, in accordance with Rules 2002(b) and 3017(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2002-1 of the Local Rules of Bankruptcy Practice and Procedure of

the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the Conditional Approval Order, as to all parties to be affected by the Plan and the transactions contemplated thereby, and (ii) the legal and factual bases for confirmation, including as set forth in the Wyse Declaration, the Murphy Declaration, the Voting Declaration, the Confirmation Memorandum, and this Confirmation Order, establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, the Court hereby makes the following:

**Findings of Fact and Conclusions of Law**

A.    Findings of Fact and Conclusions of Law.  The findings and conclusions set forth herein, together with the findings of fact and conclusions of law set forth in the record of the Confirmation Hearing, constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, made applicable to these proceedings pursuant to Bankruptcy Rules 7052 and 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.    Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2) and 1334(a)).  This Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  Venue of these proceedings and the Chapter 11 Cases is proper in this district and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan is a "core proceeding" pursuant to 28 U.S.C. § l57(b)(2)(L), and this Court may enter a final order consistent with Article III of the United States Constitution, and the Debtors consent

to entry of this Confirmation Order under the Local Rules and Article III of the United States Constitution.

C.    <u>Burden of Proof</u>.  The Debtors have the burden of proving the elements of section 1129(a) of the Bankruptcy Code by a preponderance of the evidence and, as set forth below, the Debtors have met that burden.

D.    <u>Chapter 11 Petitions</u>.  On August 14, 2023 (the "<u>Petition Date</u>"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b). No party has requested the appointment of a trustee or examiner in the Chapter 11 Cases.

E.    <u>The Committee</u>.  On August 29, 2023, the Office of the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>") appointed an official committee of unsecured creditors (the "<u>Committee</u>") [Docket Nos. 49, 51].  On November 29, 2023, the U.S. Trustee filed an amended notice of appointment of the Committee.  *See* Docket No. 490.

F.    <u>Judicial Notice</u>.  The Court takes judicial notice of the docket in the Chapter 11 Cases maintained by the Clerk of the Court and/or its duly appointed agent, including, without limitation, all pleadings, notices, and other documents filed, all proceedings during the Chapter 11 Cases, all orders entered during the pendency of the Chapter 11 Cases, and all evidence and arguments made, proffered or adduced at the hearings held before this Court during the Chapter 11 Cases, including, without limitation, the Confirmation Hearing.

G.    <u>Adequacy of the Disclosure Statement</u>.  The Disclosure Statement contains adequate and extensive material information regarding the Debtors and the Plan (and the

transactions contemplated thereby) so that the parties entitled to vote on the Plan could make informed decisions regarding the Plan. The Disclosure Statement contains "adequate information" as that term is defined in section 1125(a) of the Bankruptcy Code and complies with any applicable additional requirements of the Bankruptcy Code and Bankruptcy Rules.

H. <u>Plan Supplement</u>. Prior to the Confirmation Hearing, the Debtors filed the Plan Supplement. The Plan Supplement complies with the terms of the Plan, and the filing and notice of the Plan Supplement was appropriate and complied with the requirements of the Bankruptcy Code and the Bankruptcy Rules, and no other or further notice is or shall be required. The Debtors are authorized to modify the Plan Supplement documents following entry of this Confirmation Order so long as such modification does not conflict with this Confirmation Order and the Plan (as confirmed by this Confirmation Order).

I. <u>Mailing of Solicitation and Confirmation Materials</u>. As is evidenced by the Voting Declaration and the Affidavits of Service, the transmittal and service of the Plan, the Disclosure Statement, the Ballots, the Confirmation Hearing Notice, and the Notice of Non-Voting Status were adequate and sufficient under the circumstances, and all parties required to be given notice of the Plan and the Confirmation Hearing (including the deadline for filing and serving objections to Confirmation of the Plan) have been given due, proper, timely, and adequate notice thereof in accordance with the Conditional Approval Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable non-bankruptcy law, and such parties have had an opportunity to appear and be heard with respect thereto. No other or further notice of the Plan and the Confirmation Hearing is required.

J. <u>Voting</u>. The procedures by which the Ballots for acceptance or rejection of the Plan were distributed and tabulated under the circumstances of the Chapter 11 Cases were fair,

properly conducted, and complied with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, applicable non-bankruptcy law, and the Conditional Approval Order.

K.      <u>Compliance with Bankruptcy Rule 3016</u>.  In accordance with Bankruptcy Rule 3016(a), the Plan is dated and identifies the Debtors as the plan proponents.  In accordance with Bankruptcy Rule 3016(b), the Debtors appropriately filed the Disclosure Statement and Plan with this Court.

L.      <u>Compliance with Bankruptcy Rule 3017</u>.  The Debtors have given notice of the Confirmation Hearing as required by Bankruptcy Rule 3017(d).

M.      <u>Compliance with Bankruptcy Rule 3018</u>.  The solicitation of votes to accept or reject the Plan satisfies Bankruptcy Rule 3018.  The Plan was transmitted to all Holders of Claims entitled to vote on the Plan, and sufficient time was provided for such Holders of Claims to accept or reject the Plan, thereby satisfying the requirements of Bankruptcy Rule 3018.

N.      <u>Receipt and Tabulation of Votes</u>.  The procedures used by the Claims Agent to receive and tabulate Ballots of the Holders of Claims in the voting Classes, as set forth in the Voting Declaration, were proper and appropriate and in compliance with the Conditional Approval Order, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and all other applicable rules, laws, and regulations.  As described in the Voting Declaration, which certified both the method and results of the voting, the Plan was accepted by the five (5) impaired Classes entitled to vote to accept or reject the Plan.  The Debtors, therefore, obtained the requisite acceptance both in number and amount for confirmation of the Plan.

O.      <u>Plan Compliance with 11 U.S.C. § 1129</u>.  As set forth below and as demonstrated by the record in the Chapter 11 Cases, the Debtors have met their burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code.

P.      <u>Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>.  As set forth and demonstrated below, the Plan complies with all of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the orders of the Court with respect to the Plan, thus satisfying the requirements of section 1129(a)(1) of the Bankruptcy Code.

a.      <u>Proper Classification (11 U.S.C. §§ 1122 and 1123(a)(1))</u>.  The classification of Claims and Interests under the Plan is proper under the Bankruptcy Code.  In addition to Administrative Expense Claims, Professional Fee Claims, Priority Tax Claims, DIP Claims, and U.S. Trustee Fees, which need not be classified, Article 3 of the Plan designates twelve Classes of Claims and Interests.  The Claims or Interests placed in each Class are substantially similar to other Claims or Interests, as the case may be, in each such Class.  Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such Classes do not unfairly discriminate between Holders of Claims and Interests.  Thus, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

b.      <u>Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>.  Article 3 of the Plan specifies that Class 1A (Secured Tax Claims), Class 1B (Other Secured Claims), and Class 2 (Other Priority Claims) are Unimpaired under the Plan.  Moreover, Class 6 (Intercompany Claims) and Class 7 (Intercompany Interests) are potentially Unimpaired under the Plan.  Thus, the Plan satisfies section 1123(a)(2) of the Bankruptcy Code.

c.      <u>Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>.  Article 3 of the Plan designates Class 3A (Prime Core General Unsecured Claims), Class 3B (Prime Trust General Unsecured Claims), Class 3C (Prime IRA General Unsecured Claims), Class 3D (Prime Digital General Unsecured Claims), Class 4 (Convenience Claims), Class 5 (Section 510(b) Claims), and Class 8 (Existing Equity Interests) as Impaired, and Class 6 (Intercompany Claims) and Class 7 (Intercompany Interests) as potentially Impaired, under the Plan.  Article 4 specifies the treatment of such Impaired Classes of Claims and Interests under the Plan.  Thus, the Plan satisfies section 1123(a)(3) of the Bankruptcy Code.

d.      <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>.  As reflected in Article 4 of the Plan, the Plan provides for the same treatment by the Debtors for each Claim or Interest in each respective Class unless the Holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interests.  To the extent any claimholder received any different treatment than that described by the Plan for its Class on the basis of the standards for compromise and settlement, the Court hereby finds that such different

treatment does not need to be made available to other members of the Class. Thus, the Plan satisfies section 1123(a)(4) of the Bankruptcy Code.

e.  <u>Implementation of Plan (11 U.S.C. § 1123(a)(5))</u>.  The Plan and the various documents set forth in the Plan Supplement provide adequate and proper means for the implementation of the Plan.  Thus, the Plan satisfies section 1123(a)(5) of the Bankruptcy Code.

f.  <u>Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6))</u>.  The Plan does not provide for the issuance of non-voting securities, all Interests in the Debtors shall be cancelled and the Debtors' corporate entities shall be wound down, in accordance with the terms of the Plan.  Therefore, the Plan satisfies section 1123(a)(6) of the Bankruptcy Code.

g.  <u>Selection of Officers and Directors (11 U.S.C. § 1123(a)(7))</u>.  Article 6.10 of the Plan provides for the appointment of the Plan Administrator and vests the Plan Administrator with all power and authority that may be or could have been exercised, with respect to the Wind-Down Debtor Assets, by any officer, director, shareholder, or other party acting in the name of the Debtors or their Estates with like effect as if duly authorized, exercised, and taken by action of such officers, directors, shareholders, or other party.  The identity of the Plan Administrator has been disclosed in the Plan Supplement. The Plan Administrator is not affiliated with the Debtors.  As such, the Plan satisfies section 1123(a)(7) of the Bankruptcy Code.

Q.  <u>Discretionary Contents of Plan (11 U.S.C. § 1123(b))</u>.  The Plan's provisions are appropriate, in the best interests of the Debtors and their Estates, and consistent with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

a.  <u>Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(1), (b)(2))</u>.  The Debtors have exercised reasonable business judgment in determining to either assume, assume and assign, or reject each of the Debtors' remaining Executory Contracts and Unexpired Leases as provided for in the Plan, the Plan Supplement, and this Confirmation Order, and any such determinations under the circumstances are justified and appropriate.

b.  <u>Compromises and Settlements Under and in Connection with the Plan (11 U.S.C. § 1123(b)(3)(A))</u>. All of the settlements and compromises pursuant to and in connection with the Plan comply with the requirements of section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019.

c.  <u>Releases, Exculpations, and Injunctions (11 U.S.C. § 1123(b)(3)(B))</u>. Entry of this Confirmation Order shall constitute the Court's approval, pursuant to section 1123(b) of the Bankruptcy Code and Bankruptcy Rule 9019, of the releases described in Article 10.4 of the Plan by the Debtors, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Court's finding that each release described in Article 10.4 of the Plan is:  (a) in exchange for the good and valuable consideration provided by the Released Parties; (b) in the best interests of the Debtors and all Holders of Claims and Interests; (c) fair, equitable, and reasonable; (d) given and made after due notice and opportunity for hearing; (e) a sound exercise of the Debtors' business judgment; (f) except to the extent contemplated by Article 10.4 and Article 10.5 of the Plan, a bar to any Debtor, the Wind-Down Debtor, the PCT Litigation Trust, or their respective Estates asserting any Cause of Action related thereto, of any kind, against any of the Released Parties or their property; and (g) consistent with sections 105, 524, 1123, 1129, and 1141 of the Bankruptcy Code and other applicable provisions of the Bankruptcy Code and other applicable law.

The Exculpated Parties have, and upon Consummation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

d.  <u>Representative of the Estates (11 U.S.C. § 1123(b)(3))</u>.  On and after the Effective Date, the Plan Administrator shall have the rights and powers of a debtor in possession under section 1107 of the Bankruptcy Code, shall be a "representative of the estate" with respect to the Debtors' Estates pursuant to section 1123(b)(3) of the Bankruptcy Code, shall be vested with the rights, powers, and benefits afforded to a "trustee" under sections 704 and 1106 of the Bankruptcy Code, and shall have such other rights, powers, and duties incidental to causing performance of the obligations under the Plan or otherwise as may be reasonably necessary; *provided, however*, the Plan Administrator shall have no rights, powers, or duties that are inconsistent with or contrary to the Plan or this Confirmation Order.

e.  <u>Plan Compliance with Bankruptcy Code (11 U.S.C. § 1123(b)(5))</u>.  In accordance with section 1123(b)(5) of the Bankruptcy Code, Article 4 modifies or leaves unaffected, as the case may be, the rights of Holders of Claims and Interests in each Class.

f. <u>Plan Compliance with Bankruptcy Code (11 U.S.C. § 1123(b)(6))</u>. In accordance with section 1123(b)(6) of the Bankruptcy Code, the Plan includes various additional provisions that are not inconsistent with applicable provisions of the Bankruptcy Code.

R. <u>Modifications to the Plan (11 U.S.C. § 1127)</u>. Pursuant to section 1127 of the Bankruptcy Code, the modifications to the Plan since its solicitation pursuant to the Conditional Approval Order, as described or set forth herein, constitute technical or clarifying changes, changes with respect to particular Claims made pursuant to the agreement of the Holders of such Claims, or modifications that do not otherwise materially and adversely affect the treatment of any Claims. Pursuant to Bankruptcy Rule 3019, these modifications do not require additional disclosure under section 1125 of the Bankruptcy Code or the resolicitation of votes under section 1126 of the Bankruptcy Code, nor do they require the Holders of Claims to be afforded an opportunity to change previously cast acceptances or rejections of the Plan. Accordingly, the Plan, as modified, is properly before this Court and all votes cast with respect to the Plan prior to such modifications shall be binding and apply with respect to the Plan.

S. <u>Debtors' Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>. The Debtors have complied with the applicable provisions of the Bankruptcy Code, including, without limitation, sections 1122, 1123, 1124, 1125, and 1126 of the Bankruptcy Code, the Bankruptcy Rules, and the Conditional Approval Order, governing notice, disclosure, and solicitation in connection with the Plan, the Disclosure Statement, the Plan Supplement, and all other matters considered by this Court in connection with the Chapter 11 Cases. Thus, the Plan satisfies the requirements of section 1129(a)(2) of the Bankruptcy Code.

T. <u>Plan Proposed in Good Faith and Not by Means Forbidden by Law (11 U.S.C. § 1129(a)(3))</u>. The Debtors have proposed the Plan, including all documents necessary to effectuate the Plan, including but not limited to those contained in the Plan Supplement, in good

faith and not by any means forbidden by law, as evidenced by, among other things, the totality of the circumstances surrounding the filing of the Chapter 11 Cases, the formulation of the Plan, the record of the Chapter 11 Cases, and the recoveries of Holders of Claims thereunder.  The Plan is the result of extensive arm's-length negotiations among the Debtors, the Committee, the DIP Lender, the U.S. Trustee, and other key stakeholders.  The Plan promotes the objectives and purposes of the Bankruptcy Code, thus satisfying the requirements of section 1129(a)(3) of the Bankruptcy Code.

U.      Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).  All payments that have been made or are to be made by the Debtors under the Plan or by any Person acquiring property under the Plan, for services or for costs and expenses in, or in connection with, the Chapter 11 Cases, or in connection with the Plan and incidental to the Chapter 11 Cases including administrative expense claims under sections 503 and 507 of the Bankruptcy Code, have been approved by, or will be subject to the approval of, the Court as reasonable, thus satisfying the requirements of section 1129(a)(4) of the Bankruptcy Code.

V.      Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)).  The Plan Supplement, as amended, identifies the Plan Administrator, the Wind-Down Debtor Oversight Committee, and the PCT Litigation Trust Oversight Committee.  From and after the Effective Date, the Plan Administrator will have all power and authority that may be or could have been exercised, with respect to the Wind-Down Debtor Assets, by any officer, director, shareholder, or other party acting in the name of the Debtors or their Estates with like effect as if duly authorized, exercised, and taken by action of such officers, directors, shareholders, or other party.  As such, the Plan satisfies section 1129(a)(5) of the Bankruptcy Code.

W.    <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>.   The Debtors' business does not involve the establishment of rates over which any regulatory commission will have jurisdiction after confirmation of the Plan.   Thus, section 1129(a)(6) of the Bankruptcy Code is inapplicable to the Chapter 11 Cases.

X.    <u>Best Interest of Creditors (11 U.S.C. § 1129(a)(7))</u>.   Section 1129(a)(7) of the Bankruptcy Code requires that each Holder of a Claim or Interest in an Impaired Class accept the Plan or receive or retain under the Plan property having a value, as of the Effective Date of the Plan, that is not less than the amount that such Holder would receive on account of such Claim or Interest if the Debtors were liquidated under chapter 7 of the Bankruptcy Code.   The Disclosure Statement and the other evidence proffered or adduced at, or otherwise submitted in connection with, the Confirmation Hearing (i) are persuasive and credible, (ii) have not been controverted by other evidence or challenged in any pending objection to confirmation of the Plan, and (iii) establish that each Holder of an Impaired Claim or Interest, as the case may be, in such Impaired Class has either accepted the Plan, or will receive or retain under the Plan property having a value, as of the Effective Date of the Plan, that is not less than the amount that such Holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.   Therefore, the Plan satisfies the requirements of section 1129(a)(7) of the Bankruptcy Code.

Y.    <u>Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8))</u>.   Section 1129(a)(8) of the Bankruptcy Code requires that for each Class of Claims or Interests under the Plan, such Class has either accepted the Plan or is not impaired under the Plan.   Unimpaired Classes 1A (Secured Tax Claims), 1B (Other Secured Claims), and 2 (Other Priority Claims) are conclusively presumed to have accepted the Plan without the solicitation of acceptances or

rejections pursuant to section 1126(f) of the Bankruptcy Code. Impaired Classes 3A (Prime Core General Unsecured Claims), 3B (Prime Trust General Unsecured Claims), 3C (Prime IRA General Unsecured Claims), 3D (Prime Digital General Unsecured Claims), and 4 (Convenience Claims) have voted to accept the Plan. Because Holders of Claims in Class 5 (Section 510(b) Claims), Class 6 (Intercompany Claims), Class 7 (Intercompany Interests), and Class 8 (Existing Equity Interests) neither received nor retained any property under the Plan, they are deemed to have rejected the Plan under section 1126(g) of the Bankruptcy Code. Accordingly, section 1129(a)(8) of the Bankruptcy Code has not and cannot be satisfied. The Plan, however, is still confirmable because it satisfies the nonconsensual confirmation provisions of section 1129(b) of the Bankruptcy Code, as set forth below.

Z.      Treatment of Administrative and Priority Claims (11 U.S.C. § 1129(a)(9)). The treatment of the Administrative Expense Claims, Professional Fee Claims, Priority Tax Claims, and DIP Claims are set forth in Articles 2.1, 2.2, 2.3, and 2.4 of the Plan, thus satisfying the requirements of section 1129(a)(9) of the Bankruptcy Code.

AA.     Acceptance by Impaired Class (11 U.S.C. § 1129(a)(10)). As set forth in the Voting Declaration, the Plan has been accepted by Impaired Classes 3A, 3B, 3C, and 4, determined without inclusion of any acceptance of the Plan by any insider. Thus, the Plan satisfies the requirements of section 1129(a)(10) of the Bankruptcy Code.

BB.     Feasibility (11 U.S.C. § 1129(a)(11)). The information in the Plan and Disclosure Statement and the evidence proffered or adduced at the Confirmation Hearing and set forth in the Wyse Declaration and the Murphy Declaration: (i) is persuasive and credible; (ii) has not been controverted by other evidence; (iii) establishes that the Plan is feasible; (iv) provides that there is a reasonable likelihood that the Wind-Down Debtor will meet its financial obligations under

the Plan; and (v) confirmation of the Plan is not likely to be followed by conversion to chapter 7 or the need for a financial restructuring of the Wind-Down Debtor. Thus, the Plan satisfies the requirements of section 1129(a)(11) of the Bankruptcy Code.

CC.     Payment of Fees (11 U.S.C. § 1129(a)(12)). Pursuant to Section 2.6 of the Plan, all fees payable through the Effective Date pursuant to 28 U.S.C. § 1930 shall be paid on the Effective Date by the Debtors, thereby satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

DD.     Miscellaneous Provisions (11 U.S.C. §§ 1129(a)(13)-(16)). Sections 1129(a)(13)-(16) of the Bankruptcy Code are inapplicable, as the Debtors (i) do not provide retiree benefits (as defined in 11 U.S.C. § 1114(a))[3] (11 U.S.C. § 1129(a)(13)), (ii) have no domestic support obligations (11 U.S.C. § 1129(a)(14)), (iii) are not individuals (11 U.S.C. § 1129(a)(15)), and (iv) are for-profit businesses (11 U.S.C. § 1129(a)(16)).

EE.     No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b)). The Debtors have satisfied the requirements of sections 1129(b)(1) and (b)(2) of the Bankruptcy Code with respect to Classes 5, 6, 7, and 8 (the "Rejecting Classes"). Based on the evidence proffered or adduced at the Confirmation Hearing and set forth in the Wyse Declaration and the Murphy Declaration, the Plan does not discriminate unfairly and is fair and equitable with respect to the Rejecting Classes, as required by sections 1129(b)(1) and (b)(2) of the Bankruptcy Code. There is no Class of Claims or Interests junior to the Holders of Claims and Interests in Class 5, 6, 7, and 8 that will receive or retain property under the Plan on account of their Claims or Interests.

---

[3]     As defined in section 1114 of the Bankruptcy Code, "retiree benefits" means payments to any entity or person for the purpose of providing or reimbursing payments for retired employees and their spouses and dependents, for medical, surgical, or hospital care benefits, or benefits in the event of sickness, accident, disability, or death under any plan, fund, or program (through the purchase of insurance or otherwise) maintained or established in whole or in part by the debtor prior to filing a petition commencing a case under the Bankruptcy Code.

Accordingly, the Plan does not violate the absolute priority rule, does not discriminate unfairly, and is fair and equitable with respect to each Class that is deemed to have rejected the Plan. Based on the foregoing, the requirements of section 1129(b) of the Bankruptcy Code are met with respect to the Rejecting Classes, and the Plan may be confirmed notwithstanding the deemed rejection by the Rejecting Classes.

FF.    <u>Confirmation of Only One Plan (11 U.S.C. § 1129(c))</u>.  The Plan is the only plan that has been filed in the Chapter 11 Cases.  Accordingly, the requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

GG.    <u>Principal Purpose of the Plan (11 U.S.C. 1129(d))</u>.  The principal purpose of the Plan is neither the avoidance of taxes, nor the avoidance of the application or requirements of section 5 of the Securities Act of 1933, and no party in interest, including but not limited to any Governmental Unit, has objected to Confirmation on any such grounds, thus satisfying the requirements of section 1129(d) of the Bankruptcy Code.

HH.    <u>Satisfaction of Confirmation Requirements</u>.  Based on the foregoing, the Plan satisfies all of the requirements for Confirmation set forth in section 1129 of the Bankruptcy Code and should be confirmed.

II.    <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>.  Based upon the record before the Court in the Chapter 11 Cases, the Debtors, the members of the Special Committee, the Claims Agent, and each of their respective members, officers, directors, agents, Professionals, employees, equity holders, partners, affiliates, and representatives have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules in connection with all their respective activities relating to the solicitation of acceptances of the

Plan and their participation in the activities described in section 1125 of the Bankruptcy Code, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code, along with the injunction and exculpation provisions set forth in the Plan and in this Confirmation Order.

JJ.    <u>The PCT Litigation Trust</u>.    Entry into the PCT Litigation Trust Agreement is in the best interests of the Debtors, the Debtors' Estates, and the Holders of General Unsecured Claims against the Debtors.    The establishment of the PCT Litigation Trust, the selection and appointment of David Dunn to serve as the PCT Litigation Trustee, and the form of the proposed PCT Litigation Trust Agreement (as it may be modified or amended in accordance with the Plan and the terms of the PCT Litigation Trust Agreement), are appropriate and in the best interests of the Debtors and the Debtors' Estates, and are anticipated to maximize recoveries available to the Holders of General Unsecured Claims against the Debtors.    The PCT Litigation Trust Agreement shall, upon the Effective Date, be valid, binding, and enforceable in accordance with its terms.

KK.    <u>Vested Causes of Action</u>.    It is in the best interests of the Debtors, the Debtors' Estates, creditors, and equity holders that the Vested Causes of Action be transferred to and vested in the PCT Litigation Trust, as set forth in Article 6.21 of the Plan.

LL.    <u>PCT Litigation Trust is Not a Successor of the Debtors</u>.    The PCT Litigation Trust shall not be deemed a successor-in-interest of the Debtors for any purpose other than as specifically set forth in the Plan or in the PCT Litigation Trust Agreement.

MM.    <u>Objections to Confirmation</u>.    Any formal or informal objections to confirmation of the Plan that were not resolved by agreement or order of the Court on or prior to the Confirmation Hearing are overruled, or are otherwise disposed of, as set forth herein and on the record of the Confirmation Hearing.

NN.    <u>Compromise and Settlement in Connection with the Plan</u>.  All of the settlements and compromises pursuant to and in connection with the Plan comply with the requirements of section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019.

OO.    <u>Retention of Jurisdiction</u>.  The Court finds that it may properly retain jurisdiction over the matters set forth in Article 12 of the Plan and section 1142 of the Bankruptcy Code.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

**A.    Final Approval of the Disclosure Statement**

1.    The Disclosure Statement is approved on a final basis as having adequate information as contemplated by section 1125(a)(1) of the Bankruptcy Code and sufficient information of a kind necessary to satisfy the disclosure requirements of any applicable nonbankruptcy laws, rules, and regulations.

**B.    Confirmation of the Plan**

2.    <u>Approval of the Plan</u>. This Confirmation Order approves and confirms the Plan, annexed hereto as **Exhibit A**, in its entirety, as modified herein, under section 1129 of the Bankruptcy Code.  This Confirmation Order approves the Plan Supplement, including all documents contained therein, as they may be amended through and including the Effective Date in accordance with and as permitted by the Plan and this Confirmation Order, under section 1129 of the Bankruptcy Code.  The terms of the Plan, the Plan Supplement, and the exhibits thereto are incorporated herein by reference and are an integral part of this Confirmation Order; *provided, however*, that in the event of a direct conflict between the terms of the Plan and the terms of the Confirmation Order, the terms of the Confirmation Order shall control solely to the extent of such direct conflict.

3.      <u>Findings of Fact and Conclusions of Law</u>.  The findings of fact and conclusions of law of the Court set forth herein and at the Confirmation Hearing shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, as made applicable herein by Bankruptcy Rule 9014, and the findings and conclusions of the Court at the Confirmation Hearing are incorporated herein by reference.  To the extent that any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and vice versa.

4.      <u>Objections</u>.  Any formal or informal objection to Confirmation, to the extent not already withdrawn, waived, or settled, and all reservations of rights included therein, shall be, and hereby are overruled.

### C.      Plan Classification and Treatment

5.      All Claims and Interests shall be, and hereby are, classified and treated as set forth in the Plan.  The Plan's classification scheme and proposed treatment of Claims and Interests shall be, and hereby is, approved.  The classifications set forth in connection with voting on the Plan: (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for distribution purposes; (c) may not be relied upon by any Creditor as representing the actual classification of such Claims under the Plan for distribution purposes; and (d) shall not bind the Debtors, the Wind-Down Debtor, the Plan Administrator, the PCT Litigation Trustee, or the PCT Litigation Trust.

### D.      Effects of Confirmation

6.      <u>Enforceability of Plan</u>.  Pursuant to sections 1123(a), 1141(a), and 1142 of the Bankruptcy Code and the provisions of this Confirmation Order, the Plan shall be, and hereby is, valid, binding, and enforceable notwithstanding any otherwise applicable non-bankruptcy law. The Debtors, the Wind-Down Debtor, the Plan Administrator, the PCT Litigation Trustee, and

the PCT Litigation Trust may modify, amend, or enter into, as necessary, all documents arising in connection with the Plan, without further order of the Court, in accordance with the provisions of the Plan, the PCT Litigation Trust Agreement, and/or the Plan Administrator Agreement, as applicable.

7.    <u>Authorization to Implement the Plan</u>.  Upon the entry of this Confirmation Order, the Debtors, the Wind-Down Debtor, the Plan Administrator, the PCT Litigation Trustee, and the PCT Litigation Trust, as applicable, and their respective professionals, are authorized to take or cause to be taken all actions necessary or appropriate to implement all provisions of, and to consummate the Plan and to execute, enter into, or otherwise make effective all documents arising in connection therewith, prior to, on, and after the Effective Date.  All such actions taken or caused to be taken shall be, and hereby are, authorized and approved by the Court such that no further approval, act, or action need to be taken under any applicable law, order, rule, or regulation, including, without limitation, (a) the incurrence of all obligations contemplated by the Plan and the making of distributions, and (b) the implementation of all settlements and compromises as set forth in or contemplated by the Plan.  The approvals and authorizations specifically set forth in this Confirmation Order are not intended to limit the authority of the Debtors, the Wind-Down Debtor, the Plan Administrator, and the PCT Litigation Trustee, as applicable, or any officer or agent thereof to take any and all actions necessary or appropriate to implement, effectuate, and consummate any and all documents or transactions contemplated by the Plan or this Confirmation Order.

8.    <u>Binding Effect</u>.  Notwithstanding the stay contemplated by Bankruptcy Rule 3020(e), immediately after entry of this Confirmation Order, the Plan shall be binding upon and inure to the benefit of the Debtors, all present and former Holders of Claims and Interests,

whether or not such Holders shall receive or retain any property or interest in property under the Plan, any non-Debtor party to an Executory Contract or Unexpired Lease, any Person making an appearance in the Chapter 11 Cases, and any other party in interest in this Chapter 11 Cases, and their respective successors and assigns, including, but not limited to, the Wind-Down Debtor and the PCT Litigation Trust. Accordingly, as permitted by Bankruptcy Rule 3020(e), the fourteen-day period provided by such rule is hereby waived in its entirety.

9.      <u>Releases, Injunctions, Limitations of Liability, and Exculpation</u>. All releases, injunctions, limitations of liability, and exculpation provisions in the Plan, including, without limitation, those in Article 10 of the Plan, are fair and equitable and given for valuable consideration and are in the best interests of the Debtors and all parties in interest, and such provisions shall be effective and binding on all Persons, to the extent provided therein, and are incorporated in this Confirmation Order as if set forth in full herein and are hereby approved in their entirety.

10.     All Persons that have held, hold, or may hold a Claims against or Interests in the Debtors, solely with respect to any Claims, Interests, and Causes of Action that are extinguished or released pursuant to the Plan, are permanently enjoined from taking any of the following actions against the Debtors, the Wind-Down Debtor, the PCT Litigation Trust, or their respective property: (a) commencing, conducting or continuing, in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative, or other forum); (b) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order; (c) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any

encumbrance; (d) asserting any right of setoff, directly or indirectly, against any obligation, or against property or interests in property, as applicable except as contemplated or allowed by the Plan; and (e) acting or proceeding, in any manner or in any place, that does not conform to or comply with the provisions of the Plan.

11. <u>Released Professionals</u>.  Notwithstanding anything to the contrary herein or in the Plan, the Released Professionals and the Special Committee shall be protected by Article 10.6 in its entirety.

12. <u>Settlements</u>.  The settlements contemplated under the Plan (the "<u>Plan Settlements</u>"), and the respective terms thereof as set forth in the Plan, are hereby approved pursuant to Bankruptcy Rule 9019 as fair, prudent, and reasonable compromises of the controversies and Claims resolved by the Plan Settlements, are binding upon all Persons affected thereby, and shall be effectuated in accordance with the terms thereof.

13. <u>Executory Contracts and Unexpired Leases</u>.  Except as otherwise provided in the Plan, or in any contract, instrument, release, or other agreement or document entered into in connection with the Plan, each of the Executory Contracts or Unexpired Leases to which the Debtors are a party shall be deemed automatically rejected by the Debtors as of the Effective Date, unless such Executory Contract or Unexpired Lease (a) is listed on the Schedule of Assumed Contracts in the Plan Supplement; (b) is subject to a pending motion to reject such Unexpired Lease or Executory Contract as of the Effective Date; or (c) is a contract, instrument, release, indenture, or other agreement or document entered into in connection with the Plan. This Confirmation Order shall constitute an order of the Court approving (a) the rejections described in Article 9 of the Plan, and (b) the assumptions of the Executory Contracts and Unexpired Leases listed on the Schedule of Assumed Contracts, in both cases pursuant to section

365 of the Bankruptcy Code, as of the Effective Date. The proposed Cure Amount for an Executory Contract or Unexpired Lease that is assumed pursuant to the Plan shall be zero dollars unless otherwise indicated in the Schedule of Assumed Contracts. Cure obligations, if any, shall be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by payment by the Wind-Down Debtor of the Cure Amount in Cash in accordance with Article 9 of the Plan.

### E.    Implementation of the Plan

14.    <u>Debtors' Directors, Officers, and Employees</u>. On the Effective Date, (a) the Special Committee and each of the Current Directors and Current Officers shall be discharged from their duties and terminated and (b) any employees shall be deemed to have been terminated.

15.    <u>Continued Corporate Existence</u>. The respective Debtors shall continue to exist after the Effective Date as separate entities in accordance with the applicable law in the jurisdiction in which each Debtor is organized and pursuant to its certificate of incorporation, articles of organization, operating agreement, and bylaws, as applicable, in effect prior to the Effective Date, except to the extent such certificate, articles of organization, operating agreement, and bylaws are amended on the Effective Date or otherwise set forth in the Plan or the Plan Supplement.

16.    <u>Cancellation of Existing Securities and Agreements</u>. Except as otherwise provided in the Plan, an order of the Court, or in any contract, instrument, or other agreement or document created in connection with the Plan, on the Effective Date, any and all interests, including promissory notes, share certificates, whether for preferred or common stock (including treasury stock), other instruments evidencing any Claims or Interests, other than a Claim that is being reinstated and rendered unimpaired, and all options, warrants, calls, rights, puts, awards, commitments, or any other agreements of any character to acquire such interests shall be deemed automatically cancelled, retired, released, and/or extinguished and of no further force and effect,

without any further act or action under any applicable agreement, law, regulation, order, or rule, and the obligations of the Debtors under the notes, share certificates, and other agreements and instruments governing such Claims and Interests shall be discharged.  The holders of or parties to such canceled notes, share certificates, and other agreements and instruments shall have no rights arising from or relating to such notes, share certificates, and other agreements and instruments or the cancellation thereof, except the rights provided pursuant to the Plan.

17.    <u>Preservation of Rights of Action</u>.  In accordance with section 1123(b) of the Bankruptcy Code, the Wind-Down Debtor and/or the PCT Litigation Trust, as applicable, shall retain and may enforce all rights to commence and pursue any and all Vested Causes of Action, and the rights of the Wind-Down Debtor and/or the PCT Litigation Trust, as applicable, to commence, prosecute, or settle such Vested Causes of Action shall be preserved notwithstanding the occurrence of the Effective Date. Such Vested Causes of Action include any and all causes of action the Debtors have or may have whether known or of which the Debtors may presently be unaware or that may arise or exist by reason of additional facts or circumstances unknown to the Debtors as of the Effective Date or facts or circumstances that may change or be different from those that the Debtors believes to exist.  No preclusion doctrine, including, without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable, or otherwise), or laches shall apply to such Vested Causes of Action upon or after the Effective Date based on the Disclosure Statement, the Plan, the Plan Supplement, or the Confirmation Order, except where such causes of action have been released in the Plan.  For the avoidance of doubt, the Wind-Down Debtor and/or the PCT Litigation Trust, as applicable, shall retain and shall have the exclusive right to enforce any and all of the Debtors' rights pertaining to any Vested Causes of Action including, without limitation, any actions

specifically enumerated in the Schedule of Vested Causes of Action other than Excluded Causes

of Action. For the further avoidance of doubt, no Excluded Causes of Action (including Released

Preference Claims) shall be vested in or retained by the Wind-Down Debtor and/or the PCT

Litigation Trust, and the Wind-Down Debtor and/or the PCT Litigation Trust shall not have the

right to commence or pursue any Excluded Causes of Action (including Released Preference

Claims).

18.    <u>No Further Action</u>.  Each of the matters provided for under the Plan involving the

corporate structure of the Debtors or corporate action to be taken by or required of the Debtors

shall, as of the Effective Date, be deemed to have occurred and be effective as provided herein,

and shall be authorized and approved in all respects without any requirement of further action by

any Person, including but not limited to, Holders of Claims or Interests against or in the Debtors,

the Current Directors, the Current Officers, or the Special Committee.

19.    <u>U.S. Trustee Fees</u>.  All U.S. Trustee Fees due and payable before the Effective

Date in these cases shall be paid by the Debtors on the Effective Date.  On and after the Effective

Date, all U.S. Trustee Fees shall be paid when due and payable by the Wind-Down Debtor. The

Debtors shall file all monthly operating reports due prior to the Effective Date when they become

due, using UST Form 11-MOR.  After the Effective Date, each of the Wind-Down Debtor, and

the Plan Administrator, as applicable, shall file with the Bankruptcy Court separate UST Form

11-PCR reports when they become due. Each and every one of the Debtors, the Wind-Down

Debtor, and the Plan Administrator, as applicable, shall remain obligated to pay Quarterly Fees

to the Office of the U.S. Trustee until the earliest of the applicable Debtor's case being closed,

dismissed, or converted to a case under chapter 7 of the Bankruptcy Code.  The U.S. Trustee

shall not be required to file any Administrative Expense Claim in connection with the Chapter 11 Cases, and shall not be treated as providing any releases under the Plan.

20.    <u>Waiver of 11 U.S.C. § 1146(a)</u>.  Pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to the Plan shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax, or other similar tax or governmental assessment, and all state or local governmental officials or agents shall forego the collection of any such tax or governmental assessment and accept for filing and recordation instruments or other documents without the payment of any such tax or governmental assessment.

21.    <u>Authorization in Furtherance of Plan</u>.  Each federal, state, commonwealth, local, foreign, or other governmental agency is hereby authorized to accept any and all documents, filings, and instruments necessary or appropriate to effectuate, implement, or consummate the transactions contemplated by the Plan and this Confirmation Order.

## F.    **The PCT Litigation Trust**

22.    <u>Litigation Trust Agreement</u>.  The Debtors are authorized and approved to enter into the PCT Litigation Trust Agreement, and the Confirmation Order shall be deemed approval of the PCT Litigation Trust Agreement.

23.    <u>Vesting of Litigation Trust Assets</u>.  The Vested Causes of Action shall remain assets of the Estates pursuant to section 1123(b)(3)(B) of the Bankruptcy Code and on the Effective Date shall, subject to the Plan and the PCT Litigation Trust Agreement, be transferred to and vest in the PCT Litigation Trust free and clear of all Claims, Liens, liabilities, encumbrances, charges, and other interests, including, without limitation, any and all claims, liens, encumbrances, and any and all right, title, and interests related thereto of governmental entities relating to any tax liabilities or similar liabilities.  Pursuant to section 1123(b)(3)(B) of

the Bankruptcy Code, subject to the terms of the Plan and the PCT Litigation Trust Agreement, only the PCT Litigation Trustee shall have the right to pursue or not to pursue, compromise, or settle any Vested Causes of Action. From and after the Effective Date, the PCT Litigation Trustee may commence, litigate, and settle any Vested Causes of Action, except as otherwise expressly provided in the Plan and the PCT Litigation Trust Agreement. The PCT Litigation Trustee shall be entitled to enforce all defenses and counterclaims to all Claims asserted against the Debtors and their Estates, including setoff, recoupment and any rights under section 502(d) of the Bankruptcy Code.

### G.    Administrative Expense Claims

24.    Except as otherwise set forth in Article 2.1 of the Plan, requests for payment of Administrative Expense Claims arising between September 15, 2023 and the Effective Date must be filed with the Court and served on the Debtors or the Wind-Down Debtor, as applicable, so as to be received by 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days following the Effective Date. Proof of Administrative Expense Claims must include at a minimum: (a) the name of the applicable Debtor that is purported to be liable for the Administrative Expenses Claim; (b) the name of the Holder of the Administrative Expense Claim; (c) the amount of the Administrative Expense Claim; (d) the basis of the Administrative Expense Claim; and (e) supporting documentation for the Administrative Expense Claim. **FAILURE TO FILE AND SERVE SUCH PROOF OF ADMINISTRATIVE EXPENSE CLAIM TIMELY AND PROPERLY MAY RESULT IN THE ADMINISTRATIVE EXPENSE CLAIM BEING FOREVER BARRED AND RELEASED AS AGAINST THE DEBTORS, THE WIND-DOWN DEBTOR, AND THEIR RESPECTIVE PROPERTY, INCLUDING THE WIND-DOWN DEBTOR ASSETS.**

### H.    Professional Fee Claims

25.     Any Professional seeking approval by the Court of Professional Fee Claims for services rendered or reimbursement of expenses incurred through and including the Effective Date under sections 327, 328, 330, 331, 503(b)(2), 503(b)(3), 503(b)(4), 503(b)(5), or 1103 of the Bankruptcy Code shall file, on or before sixty (60) days after service of the notice of the Effective Date, final requests for payment of such Professional Fee Claims.  The Court shall determine the Allowed amounts of such Professional Fee Claims after notice and a hearing in accordance with the procedures established by order of the Court, the Bankruptcy Code, and/or the Bankruptcy Rules.

26.     Subject to Articles 2.2(b), (c) and (d) of the Plan, the Debtors, the Wind-Down Debtor, or the Plan Administrator, as applicable, shall pay Professional Fee Claims in Cash to such Professionals in the amount the Court allows, solely from and to the extent of funds held in the Professional Fee Escrow Account, as soon as reasonably practicable after all such Professional Fee Claims are Allowed by entry of an order of the Court.

27.     The Professionals shall deliver to the Debtors and the DIP Lender a reasonable and good-faith estimate of their unpaid fees and expenses incurred in rendering services to the Debtors before and as of the Effective Date projected to be outstanding as of the anticipated Effective Date and shall deliver such estimate no later than five (5) Business Days prior to the anticipated Effective Date.  For the avoidance of doubt, no such estimate shall be considered or deemed an admission or limitation with respect to the amount of the fees and expenses that are the subject of a Professional's final request for payment of Professional Fee Claims Filed with the Court, and such Professionals are not bound to any extent by the estimates.  If a Professional does not provide an estimate, the Debtors may estimate the unpaid and unbilled fees and expenses of such Professional.  The total aggregate amount so estimated to be outstanding as of

the anticipated Effective Date shall be utilized by the Debtors to determine the amount to be funded to the Professional Fee Escrow Account, which amount shall not exceed the Professional Fee Escrow Amount.

28.     No later than the Effective Date, the Debtors shall establish and fund the Professional Fee Escrow Account with Cash equal to the Professional Fee Escrow Amount.  The sole source of payment of Allowed Professional Fee Claims shall be the amounts held in the Professional Fee Escrow Account.  Holders of Professional Fee Claims shall not be entitled to distributions from the Wind-Down Debtor Assets or the PCT Litigation Trust, or any source other than the Professional Fee Escrow Account, on account of their Professional Fee Claims. The Professional Fee Escrow Account shall be maintained in trust solely for the Professionals until all Professional Fee Claims Allowed by the Court have been irrevocably paid in full to the Professionals pursuant to one or more Final Orders of the Court.  No Liens, claims, or interests shall encumber the Professional Fee Escrow Account or Cash held in the Professional Fee Escrow Account in any way, except as otherwise provided in the DIP Order.  No funds held in the Professional Fee Escrow Account shall be property of the Estates of the Debtors, the Residual Estate, the Wind-Down Debtor, the PCT Litigation Trust, or any respective successors thereto, as applicable, except to the extent such funds exceed the Professional Fee Claims Allowed by the Court.  When all Professional Fee Claims Allowed by the Court have been irrevocably paid in full to the Professionals pursuant to one or more Final Orders of the Court, any remaining funds held in the Professional Fee Escrow Account shall be turned over to the Wind-Down Debtor and shall constitute Wind-Down Debtor Assets, without any further notice to or action, order, or approval of the Court or any other Entity.

29.     Except as otherwise specifically provided in the Plan or the Plan Supplement, from and after the Effective Date, the Debtors, the Wind-Down Debtor, or the Plan Administrator, as applicable, shall, in the ordinary course of business and without any further notice to or action, order, or approval of the Court, pay in Cash the reasonable and documented legal, professional, or other fees and expenses related to implementation of the Plan and Consummation incurred by the Debtors, the Wind-Down Debtor, or the Plan Administrator, as applicable, on and after the Effective Date, from the Wind-Down Reserve and subject to the Initial Wind-Down Budget.  Upon the Effective Date, any requirement that Professionals comply with sections 327 through 331, 363, and 1103 of the Bankruptcy Code in seeking retention or compensation for services rendered after such date shall terminate, and the Plan Administrator and the PCT Litigation Trustee, as applicable, may employ and pay any Professional in the ordinary course of business for the period after the Effective Date without any further notice to or action, order, or approval of the Court.

## I.      Miscellaneous Provisions

30.     <u>Securities and Exchange Commission</u>.  Notwithstanding anything to the contrary in this Confirmation Order, or any findings announced at the Confirmation Hearing, nothing in this Confirmation Order, or announced at the Confirmation Hearing, constitutes a finding under the federal securities laws as to whether crypto assets or transactions involving crypto assets are securities, and the right of the SEC to challenge transactions involving crypto assets on any basis is expressly reserved.

31.     <u>Non-Estate Assets/Account Treatment Issues</u>.  Any Assets of a Debtor that are determined by such Debtor or by the Bankruptcy Court not to be property of such Debtor's Estate (the "<u>Non-Estate Assets</u>") shall be (i) transferred, if necessary, to the Wind-Down Debtor; and/or (ii) returned to the owner or owners of such Non-Estate Assets in kind in accordance with

Article 7 of the Plan, subject to (a) set-off for any negative Account balances, including for any ACH chargeback transactions and any applicable withdrawal fees; and (b) receipt of payment for any In-Kind Distribution Costs (or withholding for In-Kind Distribution Costs, as applicable) associated with such Non-Estate Assets.  For the avoidance of doubt, subject to the outcome of a final determination by the Debtors, the Wind-Down Debtors or the Bankruptcy Court, as applicable, in accordance with the Account Treatment Procedures, (w) any such Assets shall not be included as part of the Cash Allocation or the Cryptocurrency Allocation, (x) any General Unsecured Claim against a Debtor shall be net of Non-Estate Assets, (y) in no circumstance shall any such Non-Estate Assets be transferred to or become property of the Wind-Down Debtor, and (z) distributions pursuant to the terms of the Plan, including distributions made in accordance with Article 7.6 of the Plan, shall only be from Assets, or proceeds of Assets, determined to be property of such Debtor's Estate. Account Treatment Issues shall be determined in accordance with the Account Treatment Procedures set forth in Article 2.5 of the Plan.

32.    Customer Accounts. The Debtors and the Wind-Down Debtor shall not use or transfer funds, except as otherwise required by section 345 of the Bankruptcy Code, from Customer Accounts to honor any prepetition obligations or pay any postpetition obligations absent further order of the Court. All parties' rights are reserved regarding whether and to what extent any funds or other property are held by a Debtor or the Wind-Down Debtor in trust.

33.    Utility Deposits. All utilities holding a Utility Deposit (as defined in the *Interim Order (I)(A) Approving Debtors' Proposed Form of Adequate Assurance of Payment for Future Utility Services, (B) Approving Debtors' Proposed Procedures for Resolving Additional Assurance Requests, and (C) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, and (II) Granting Related Relief* [Docket No. 40] (the "Utilities Order")

shall immediately after the Effective Date return or refund such Utility Deposit to the Debtors or Wind-Down Debtor as applicable. At the sole option of the Plan Administrator, the Wind-Down Debtor may apply any Utility Deposit that has not been refunded to the Wind-Down Debtor in satisfaction of any payments due or to become due from the Wind-Down Debtor to a utility holding such a Utility Deposit.

34.     <u>Post-Effective Date Notice Pursuant to Bankruptcy Rule 2002</u>.    After the Effective Date, to continue to receive notice of documents pursuant to Bankruptcy Rule 2002, all creditors and other parties in interest (except those listed in the following sentence) must file a renewed notice of appearance requesting receipt of documents pursuant to Bankruptcy Rule 2002.  After the Effective Date, the Plan Administrator is authorized to limit the list of parties in interest receiving notice of documents pursuant to Bankruptcy Rule 2002 to the U.S. Trustee, the DIP Lender, and those Creditors who have filed such renewed requests; *provided, however*, that the Plan Administrator also shall serve those parties directly affected by, or having a direct interest in, the particular filing in accordance with Local Rule 2002-1(b).  Notice given in accordance with the foregoing procedures shall be deemed adequate pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

35.     <u>Authorization to Consummate</u>.  The Debtors are authorized to consummate the Plan at any time after the entry of this Confirmation Order subject to satisfaction or waiver (by the required parties) of the conditions precedent to the Effective Date set forth in Article 11.1 of the Plan.

36.     <u>Notice of Entry of the Confirmation Order and the Occurrence of the Effective Date</u>.  The Plan Administrator shall serve notice of the entry of this Confirmation Order and the occurrence of the Effective Date (the "<u>Notice of Effective Date</u>"), substantially in the form

attached hereto as **Exhibit B**, which form is hereby approved, on all creditors and parties in interest in the Chapter 11 Cases within five business days after the occurrence of the Effective Date.  Service of the Notice of Effective Date described herein in the time and manner set forth herein shall constitute due, adequate, and sufficient notice, and no other or further notice shall be necessary.

37.     <u>Modification of Plan</u>.   After the Confirmation Date and prior to substantial consummation of the Plan as defined in section 1101(2) of the Bankruptcy Code, subject to Article 13.3(a) of the Plan, the Debtors may, under section 1127(b) of the Bankruptcy Code, institute proceedings in the Court to remedy any defect or omission or reconcile any inconsistencies in the Plan, the Disclosure Statement, or the Confirmation Order, and such matters as may be necessary to carry out the purpose and effect of the Plan, including the Account Treatment Procedures set forth in Article 2.5 of the Plan, so long as such proceedings do not adversely affect the treatment of Holders of Claims under the Plan; *provided, however*, that prior notice of such proceedings shall be served in accordance with the Bankruptcy Rules or order of the Court; *provided, further, however*, that the Debtors shall not modify Article 2.5 of the Plan absent further order of the Court.  A Holder of a Claim that has accepted the Plan shall be deemed to have accepted the Plan, as altered, amended, modified, or clarified, if the proposed alteration, amendment, modification, or clarification does not materially and adversely change the treatment of the Claim of such Holder.

38.     <u>Dissolution of the Committee</u>.   On the Effective Date, the Committee shall dissolve and the members thereof and the professionals retained by the Committee or the members thereof shall be released and discharged from all rights and duties arising from, or related to, the Chapter 11 Cases; *provided, however*, that after the Effective Date, the Committee

shall continue to exist and have standing and a right to be heard for the following limited purposes: (a) applications, and any relief related thereto, for payment of Professional Fee Claims and requests for allowance of Administrative Expense Claims for substantial contribution pursuant to section 503(b)(3)(D) of the Bankruptcy Code, and (b) any appeals of the Confirmation Order or other appeal to which the Committee is a party.

39.    <u>Retention of Jurisdiction</u>.  Notwithstanding the occurrence of the Effective Date, the Court shall retain jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases and the Plan to the fullest extent permitted by law, including among other things, jurisdiction over the matters set forth in Article 12 of the Plan, which provisions are incorporated herein by reference.

40.    <u>Construction; Interpretation</u>.  The failure to specifically describe or include any particular provision of the Plan or any related document in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Plan (including any exhibits thereto and the Plan Supplement) be approved and confirmed in its entirety.  Except as expressly provided by this Confirmation Order, each provision of the Plan is valid and enforceable in accordance with its terms and is nonseverable and mutually dependent. In the event of any conflict between the Plan, on the one hand, and any other agreement, instrument, or document intended to implement the provisions of the Plan, on the other, the provisions of the Plan shall govern (unless otherwise expressly provided for in such agreement, instrument, or document).  In the event of any conflict between this Confirmation Order and the Plan or any other agreement, instrument, or document intended to implement the provisions of the Plan, the terms of this Confirmation Order shall govern.

41.    <u>Rules Governing Conflicts Between Documents</u>.  In the event that any provision of the Plan is inconsistent with the provisions of the Disclosure Statement, the Plan Supplement, and any other order in the Chapter 11 Cases, or any other agreement to be executed by any Person pursuant to the Plan, the provisions of the Plan shall control and take precedence; *provided, however*, that this Confirmation Order shall control and take precedence in the event of any inconsistency between this Confirmation Order, any provision of the Plan, and any of the foregoing documents.

42.    <u>Extension of Injunctions and Stays</u>.  Unless otherwise provided in the Plan or in this Confirmation Order, all injunctions or stays provided for in the Chapter 11 Cases under sections 105 or 362 of the Bankruptcy Code or otherwise, and extant on the Confirmation Date (including any injunctions or stays contained in or arising from the Plan or this Confirmation Order), shall remain in full force and effect until the later of the Effective Date and the date indicated in the order providing for such injunction or stay.

43.    <u>Final Order</u>.  Notwithstanding Bankruptcy Rules 3020(e), 6004(h), 6006(d), and 7062, or any other applicable Bankruptcy Rule, the Court finds that there is no reason for delay in the implementation of this Confirmation Order and, thus, this Confirmation Order shall be effective and enforceable immediately upon entry.

## EXHIBIT A

**Confirmed Plan**

## EXHIBIT B

**Notice of Effective Date**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket Nos.: [●]** |

**NOTICE OF (I) ENTRY OF ORDER (A) APPROVING DISCLOSURE
STATEMENT ON A FINAL BASIS, AND (B) CONFIRMING AMENDED
CHAPTER 11 PLAN OF REORGANIZATION OF PRIME CORE TECHNOLOGIES
INC. AND ITS AFFILIATED DEBTORS; (II) OCCURRENCE OF EFFECTIVE
DATE OF THE PLAN; (III) SUBSTANTIAL CONSUMMATION OF
THE PLAN; AND (IV) CERTAIN BAR DATES**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      **Confirmation of the Plan.**  The debtors and debtors in possession in the above-captioned case (collectively, the "Debtors") hereby give notice that, on December [●], 2023, the United States Bankruptcy Court for the District or Delaware (the "Court"), entered an order [Docket No. [●]] (the "Confirmation Order") approving the Disclosure Statement on a final basis and confirming the *Amended Chapter 11 Plan of Reorganization of Prime Core Technologies Inc. and its Affiliated Debtors* (the "Plan").[2]  The Plan is attached as Exhibit A to the Confirmation Order.

2.      **Occurrence of Effective Date; Vesting of Assets.**  Pursuant to the Confirmation Order, the Debtors hereby certify and give notice that the Plan became effective in accordance with its terms, as set forth in Article 11.1 of the Plan, on [●], 2024 (the "Effective Date").  On the Effective Date, except as otherwise expressly provided in the Plan or Confirmation Order, among other things, all Estate property other than the Vested Causes of Action vested in the Wind-Down Debtor free and clear of all Liens, Claims, interests, and encumbrances of any kind, and the Vested Causes of Action vested in the PCT Litigation Trust free and clean of all Liens, Claims, interests and encumbrances of any kind.

---

[1]     The debtors in these Chapter 11 Cases, along with the last four digits of each debtor's federal tax identification number are:  Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528).  The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

[2]     Unless otherwise defined in this Notice, capitalized terms used herein have the meanings set forth in the Plan.

3.      **Substantial Consummation.** The Debtors hereby give notice that, pursuant to section 1101(2) of the Bankruptcy Code, the Plan has been substantially consummated.

4.      **Releases; Exculpation; Injunction.** The exculpation, releases, and injunction provisions in Article 10 of the Plan are now in full force and effect.

5.      **Professional Fee Claims Bar Date.** All final requests for payment of Professional Compensation Claims (the "Final Fee Applications") must be filed no later than [●], 2024 (*i.e.*, sixty days after the Effective Date). The procedures for processing Final Fee Applications are set forth in Article 2.2 of the Plan. If a Professional or other entity does not timely submit a Final Fee Application, such entity shall be forever barred from seeking payment of such Professional Fee Claim from the Debtors, their Estates, the Wind-Down Debtor, or the PCT Litigation Trust.

6.      **Administrative Expense Claims Bar Date.** Requests for payment of Administrative Expense Claims arising after September 15, 2023, other than Professional Fee Claims or other Administrative Expense Claims identified in Article 2.1(a) of the Plan, must be filed with the Court and served on the Wind-Down Debtor no later than 5:00 p.m. (prevailing Eastern Time) on the Administrative Claim Bar Date, [●], 2024 (*i.e.*, thirty days after the Effective Date). Unless the Wind-Down Debtor, or any other party in interest objects to an Administrative Claim by the Administrative Claims Objection Deadline, such Administrative Claim shall be deemed Allowed in the amount requested. In the event that the Wind-Down Debtor or any other party in interest objects to an Administrative Claim, the Court shall determine the Allowed amount of such Administrative Claim.

7.      **Bar Date for Claims Based on Rejection of Executory Contracts or Unexpired Leases.** Except as set forth in Article 9 of the Plan, all Executory Contracts of the Debtors have been rejected as of the Effective Date. If the rejection of an Executory Contract or Unexpired Lease pursuant to the Plan gives rise to a Claim by the non-Debtor party or parties to such Executory Contract or Unexpired Lease, such Claim shall be forever barred and shall not be enforceable against the Debtors or their Estates, the Wind-Down Debtor, the PCT Litigation Trust, or their respective successors or properties unless a proof of claim is filed with the Court and served upon counsel for the Debtors or the Wind-Down Debtor, as applicable, by the later of (a) [●], 2024 (*i.e.*, forty-five days after the filing and service of this notice); and (b) [●], 2024 (*i.e.*, thirty days after service of notice of entry of an Order rejecting such contract or lease if such contract or lease is the subject of a pending Assumption Dispute).

8.      **Renewed Request for Post-Effective Date Notice Pursuant to Bankruptcy Rule 2002.** After the Effective Date, to continue to receive notice of documents pursuant to Bankruptcy Rule 2002, all creditors and other parties in interest must file a renewed notice of appearance with the Court requesting receipt of documents pursuant to Bankruptcy Rule 2002.

9.      **Copies of Plan and Confirmation Order.** Any party in interest who wishes to obtain a copy of the Plan, any exhibits to the Plan, or the Confirmation Order may view and download such documents at (a) at the Debtors' case website (https://cases.stretto.com/primetrust); or (b) at the Court's website (https://www.deb.uscourts.gov/) (PACER account required).

Dated: _____, 2023
        Wilmington, Delaware

**MCDERMOTT WILL & EMERY LLP**

*/s/ DRAFT*
_____
Maris J. Kandestin (No. 5294)
1000 N. West Street, Suite 1400
Wilmington, Delaware 19801
Telephone:    (302) 485-3900
Facsimile:    (302) 351-8711
Email:        mkandestin@mwe.com

-and-

Darren Azman (admitted *pro hac vice*)
Joseph B. Evans (admitted *pro hac vice*)
J. Greer Griffith (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone:    (212) 547-5400
Facsimile:    (212) 547-5444
Email:        dazman@mwe.com
                jbevans@mwe.com
                ggriffith@mwe.com

-and-

Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, Florida 33131
Telephone:    (305) 358-3500
Facsimile:    (305) 347-6500
Email:        gsteinman@mwe.com

*Counsel to the Debtors and Debtors in*
*Possession*