## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Obj. Deadline: N/A**<br>**Hr'g Date: N/A** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER SHORTENING NOTICE OF HEARING ON THE DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY OF AN ORDER (I) ADJOURNING CERTAIN MATTERS SET FOR HEARING ON DECEMBER 19, 2023; (II) EXTENDING THE DEADLINE FOR DEBTORS TO FILE A REPLY; AND <u>(III) GRANTING RELATED RELIEF</u>**

Prime Core Technologies Inc. and certain of its affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>" or "<u>Prime</u>"), hereby move (the "<u>Motion to Shorten</u>") for entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Proposed Order</u>"), shortening the notice and objection periods with respect to the *Debtors' Emergency Motion for Entry of an Order (I) Adjourning Certain Matters Set for Hearing on December 19, 2023; (II) Extending The Deadline for Debtors to File a Reply; and (III) Granting Related Relief* [Docket No. 587] (the "<u>Motion to Adjourn</u>"). In support of this Motion to Shorten, the Debtors respectfully represent as follows[2]:

## <u>JURISDICTION AND VENUE</u>

1.      The United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") has jurisdiction to consider the Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of

---

[1]    The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are:  Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA, LLC (8436); and Prime Digital LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

[2]    Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion to Adjourn.

Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion to Shorten in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The legal predicates for the relief requested herein are sections 102 and 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 3017-1 and 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3.      The Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with the Motion to Shorten in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

### A.      General Background

4.      On August 14, 2023 (the "Petition Date"), each Debtor commenced a case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). These cases have been jointly administered for procedural purposes only.

5.      The Debtors continue to manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6.      On August 29, 2023, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to Bankruptcy Code section 1102 (the "Committee") [Docket No. 51].  The Committee is comprised of the following unsecured creditors: (a) Yousef Abbasi; (b) Allsectech, Inc.; (c) DMG Blockchain Solutions, Inc.; (d) Net Cents Technology, Inc.; (e) Stably Corporation; and (f) Austin Ward.

7.     Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases, is set forth in the *Declaration of Jor Law, Interim Chief Executive Officer and President of Prime Core Technologies Inc.,* et al.*, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 14] (the "First Day Declaration"), which is incorporated by reference as if fully set forth herein.

**B.     The Foreign Currency Sale Motion**

8.     On November 13, 2023, the Debtors filed the *Motion of the Debtors for Entry of an Order Authorizing the Debtors to Sell Certain Foreign Currency Free and Clear of All Liens, Claims, Interests, and Encumbrances Pursuant to Bankruptcy Code Section 363* [Docket No. 413] (the "Foreign Currency Sale Motion").

9.     The Foreign Currency Sale Motion is currently set to be heard at the Hearing on December 19, 2023.  The deadline to object to the Foreign Currency Sale Motion was November 27, 2023 at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline").

10.     On November 27, 2023, TrustToken, Inc. ("TrustToken") and TrueCoin, LLC ("TrueCoin") filed the *Opposition of TrustToken, Inc. and TrueCoin, LLC to Debtors' Motion to Sell Certain Foreign Currency Free and Clear of All Liens, Claims, Interests, and Encumbrances Pursuant to Bankruptcy Code Section 363* [Docket No. 462] (the "TrustToken Objection,") and David Maria, Bittrex, Inc., Desolation Holdings LLC, Bittrex Malta Holdings Ltd., and Bittrex Malta Ltd. (collectively, "Bittrex" or the "Bittrex Parties") filed the Objection of the Bittrex Plan Administrator to Motion of the Debtors for Entry of an Order Authorizing the Debtors to Sell Certain Foreign Currency Free and Clear of All Liens, Claims, Interests, and Encumbrances Pursuant to Bankruptcy Code Section 363 [Docket No. 460] (the "Bittrex Objection" and together with the TrustToken Objection, the "Objections").

11.     Pursuant to Local Rule 9006-1(d), the deadline for the Debtors to submit a reply to

the responding to the Objections (the "Reply") was December 14, 2023, at 4:00 p.m. (prevailing

Eastern Time) (the "Reply Deadline").

**C.      Facts Leading to Adjournment Request**

12.     As more fully set forth in the Motion to Adjourn and the *Declaration of Joseph B.*

*Evans in Support of Debtors' Emergency Motion for Entry of an Order (I) Adjourning Certain*

*Matters set for Hearing on December 19, 2023; (II) Extending the Deadline for Debtors to File a*

*Reply; and (III) Granting Related Relief* [Docket No. 588] (the "Evans Declaration"), on December

14, 2023, shortly before the Debtors' reply brief became due, two key witnesses independently

refused to sign declarations or appear for a hearing, citing personal safety concerns.  Without this

needed testimony, the Debtors cannot adequately move forward with the Foreign Currency Sale

Motion that is to be heard on December 19, 2023, the same day set for the confirmation hearing.

13.     The Debtors reached out to counsel for TrustToken to request an adjournment of the

Foreign Currency Sale Motion to allow the Debtors additional time to procure such fact witnesses.

TrustToken has steadfastly refused, thereby necessitating the filing of the Motion to Adjourn.

14.     The Debtors have made the official committee of unsecured creditors (the

"Committee") aware of the situation, and the Committee supports the Debtors' request for an

adjournment of the hearing on a shortened basis in this matter.

15.     TrustToken has informed the Debtors that it will not agree to adjourn the Hearing

with respect to the Foreign Currency Sale Motion.  As a result, the Debtors had no choice but to file

the Motion to Adjourn.

16.     The Debtors have filed a reply without factual declarations and certain arguments

that it would set forth with the appropriate time to secure fact witnesses.

**RELIEF REQUESTED**

17.     The Debtors seek entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A** (a) shortening the notice period with respect to the Motion to Adjourn, (b) setting the date for the hearing to consider approval of the Motion to Adjourn on December 19, 2023 (the "Motion to Adjourn Hearing"), (c) permitting parties to file objections, if any, prior to or at the Motion to Adjourn Hearing, and (d) granting such other relief as the Court deems just and proper.

**BASIS FOR RELIEF**

18.     Bankruptcy Rule 2002 provides that a debtor shall give "all creditors and indenture trustees at least 21 days' notice by mail of . . . (2) a proposed use, sale, or lease of property of the estate other than in the ordinary course of business unless the court for cause shown shortens the time or directs another method of giving notice." Fed. R. Bankr. P. 2002(a).  Local Rule 9006-1(c)(ii) provides, "the deadline for objection(s) shall be no later than seven (7) days before the hearing date." Del. Bank. L.R. 9006-1(c)(ii).

19.     Bankruptcy Rule 9006 states, however, that time periods set by the Bankruptcy Rules may be reduced "for cause shown." Fed. R. Bank. P. 9006(c)(1). When considering whether time periods should be shortened for "cause," the Third Circuit explained that courts should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 171–72 (3d Cir. 2012) (noting the commonality of such motions "[g]iven the accelerated time frame of bankruptcy proceedings").  Local Rule 9006-1(e) likewise provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

20.     The hearing on the Foreign Currency Sale Motion is in five (5) days.  The Debtors have made repeated attempts to secure a consensual adjournment of the Foreign Currency Sale Motion from TrustToken. The Debtors have explained the reasons for requesting an adjournment, but TrustToken has refused to grant such request.  The Debtors were prepared to move forward with the hearing on December 19, 2023 up until December 13, 2023, when its last witness backed out of testifying for the reasons set forth in the Motion to Adjourn and the Evans Declaration.  As the Foreign Currency Sale Motion is going forward on December 19, 2023, the Debtors' request to shorten time with respect to the Motion to Adjourn is necessary and warranted.

## CERTIFICATION PURSUANT TO LOCAL RULE 9006-1(e)

21.     The Debtors contacted the Committee regarding the relief requested in this Motion to Shorten pursuant to Local Rule 9006-1(e).  The Committee supports both the Motion to Adjourn and this Motion to Shorten.  The Debtors did not have an opportunity to socialize the relief requested in this Motion to Shorten with the U.S. Trustee prior to its filing, but will work with the U.S. Trustee leading up to the hearing and keep the Court apprised of the U.S. Trustee's position with respect to the Motion to Shorten following the filing hereof.

## NOTICE

22.     The Debtor will provide notice of the Motion to Shorten to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to the proposed DIP Lender (d) counsel to TrustToken; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice is required.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated:  December 15, 2023
        Wilmington, Delaware

**MCDERMOTT WILL & EMERY LLP**

*/s/ Maris J. Kandestin*
Maris J. Kandestin (No. 5294)
1000 N. West Street, Suite 1400
Wilmington, Delaware 19801
Telephone:   (302) 485-3900
Facsimile:   (302) 351-8711
Email:          mkandestin@mwe.com

-and-

Darren Azman (admitted *pro hac vice*)
Joseph B. Evans (admitted *pro hac vice*)
J. Greer Griffith (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone:   (212) 547-5400
Facsimile:   (646) 547-5444
Email:          dazman@mwe.com
                      jbevans@mwe.com
                      ggriffith@mwe.com
-and-

Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, Florida 33131
Telephone:   (305) 358-3500
Facsimile:   (305) 347-6500
Email:          gsteinman@mwe.com

*Counsel to the Debtors and Debtors in Possession*