**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Prime Core Technologies Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No: 23-11161 (JKS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 587** |

**OPPOSITION OF TRUSTTOKEN, INC. AND
TRUECOIN, LLC TO DEBTORS' EMERGENCY MOTION
FOR ENTRY OF AN ORDER (I) ADJOURNING CERTAIN MATTERS SET FOR
HEARING ON DECEMBER 19, 2023; (II) EXTENDING THE DEADLINE FOR
DEBTORS TO FILE A REPLY; AND (III) GRANTING RELATED RELIEF**

TrustToken, Inc. ("TrustToken") and TrueCoin, LLC ("TrueCoin"), by and through their undersigned counsel, hereby file this opposition to Debtors' *Emergency Motion for Entry of an Order (I) Adjourning Certain Matters Set for Hearing on December 19, 2023; (II) Extending the Deadline for Debtors to File a Reply; and (III) Granting Related Relief* [ECF No. 587] (the "Motion"), and respectfully state as follows:

**PRELIMINARY STATEMENT**

1. TrueCoin's and TrustToken's objection [ECF No. 462] established that Debtors' Motion for Entry of an Order Authorizing the Debtors to Sell Certain Foreign Currency Free and Clear of All Liens, Claims, Interests, and Encumbrances Pursuant to Bankruptcy Code Section 363 [ECF No. 413] (the "363 Motion") named the wrong entity, attached the wrong contractual agreements, and applied the wrong legal standard. Under the correct agreements, the TrueCoin

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each debtor's federal tax identification number, are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, Nevada 89135.

{01968330;v1 }

escrow agreements attached to TrueCoin's and TrustToken's 363 Opposition (defined below), there is no legitimate dispute that the foreign currency is being held for TrueCoin in escrow accounts that are not property of the bankruptcy estate.

2.      Debtors recently reached out to request an extension of the hearing date that Debtors themselves set – December 19, 2023 at 10:00 a.m. (the "Hearing"). Debtors initially said that they wanted to adjourn the Hearing because the confirmation hearing was set for the same date. But Debtors knew that when they set the hearing date for the 363 Motion. This was a problem of their own making. TrueCoin and TrustToken indicated that they would not consent to an adjournment. This is an important issue involving a significant amount of foreign currency. The sooner it is resolved, the better.

3.      After TrueCoin and TrustToken refused to adjourn the hearing date set by Debtors, Debtors informed TrueCoin and TrustToken that Debtors believed the Hearing should be a full evidentiary hearing. TrueCoin and TrustToken responded that they thought that seemed unnecessary given that the core dispute is a narrow legal issue. But TrueCoin and TrustToken agreed to proceed on December 19th as Debtors proposed.

4.      On December 13, 2023, Debtors' counsel informed TrueCoin and TrustToken that Debtors would be calling three witnesses (via Zoom) and submitting two **new** declarations in connection with their reply brief due on December 14, 2023. Apparently, this representation by counsel was premature as Debtors did not have any witnesses who were actually willing to sign such declarations under penalty of perjury. Indeed, if any witness is going to testify that the TrueCoin foreign currency was not held in escrow accounts subject to the escrow agreements, that testimony would be untrue.

5.      Debtors changed course on December 14, 2023. They no longer claimed that they

were going to call three witnesses. They claimed that two of their witnesses dropped out because they feared for their safety. As they have done in their brief, Debtors asserted very vaguely that TrustToken was somehow to blame. [ECF No. 588 ¶ 4]. Debtors said they would support that assertion with evidence and TrueCoin and TrustToken asked to see it. Debtors, however, declined to provide any evidence before filing this Motion and now admit in their brief that they have none. Debtors' true conundrum is that they have no evidence to support their meritless 363 Motion.

6. Debtors missed the deadline to file their reply brief, which was December 14 at 4:00 p.m. However, late in the evening on December 14 they filed their reply, mooting the part of their emergency motion that seeks an extension of time to file their reply brief. [ECF No. 591.] Their reply contends that Prime Trust resigned as escrow agent for TrueCoin and they reference a letter. [ECF No. 591 at 7]. However, Debtors fail to mention that resignation was **rescinded** shortly thereafter by execution of an amendment to that Partner Agreement between Prime Trust and TrueCoin. Attached hereto is a true and correct copy of a letter dated November 1, 2019 from Prime Trust's general counsel which states "Prime Trust shall continue providing services as escrow agent." It appears Debtors could not find a witness willing to testify under oath that Prime Trust was not serving as TrueCoin's escrow agent.

7. Debtors lack of evidence is a result of the fact that the true facts do not support their position, not employee departures. Even if employee departures present difficulties, Debtors knew that when they scheduled the Hearing. Moreover, if Debtors wanted discovery on this issue, they could have agreed to pursue discovery when TrueCoin and TrustToken proposed to do just that. There is no reason to adjourn the Hearing. Accordingly, the Court should deny Debtors motion to adjourn the Hearing on Debtors' 363 Motion.

**BACKGROUND**

8.      On November 13, 2023, undersigned counsel for TrustToken and TrueCoin sent Debtors a letter requesting certain limited discovery related to assertions that Debtors had made regarding the TrueCoin escrow accounts and other matters related to the bankruptcy case. Debtors never responded to the November 13 letter.

9.      On November 13, 2023, later the same day that counsel for TrustToken and TrueCoin sent their letter, Debtors filed their 363 Motion. In their 363 Motion, Debtors mandated that any objections be filed 14 days later by Monday, November 27, 2023, the Monday after Thanksgiving. Debtors also scheduled the Hearing for December 19, 2023 at 10:00 a.m. Based on that schedule, they therefore gave themselves 17 days to file their reply on or before December 14, 2023 at 4:00 p.m.

10.     On November 27, 2023, TrustToken and TrueCoin timely filed their opposition to the 363 Motion, which included a declaration by Alex de Lorraine, [ECF No. 462] (the "363 Opposition"). The 363 Opposition lays out basic inaccuracies in the facts presented in the 363 Motion. In particular, the fact that the foreign fiat currency at issue in the 363 Motion was actually deposited by a completely separate entity (*i.e.*, TrueCoin, not TrustToken) into completely separate accounts (*i.e.*, escrow accounts, not custodial accounts) that were governed by completely different contracts (*i.e.*, escrow services agreements, not custodial account agreements).

11.     After the 363 Opposition was filed, Debtors began a concerted campaign to get TrustToken and TrueCoin to adjourn their reply deadline that Debtors themselves set.

12.     On December 6, 2023, Debtors requested that TrueCoin and TrustToken voluntarily consent to adjourn the Hearing on the 363 Motion and Debtors' reply deadline until

some undefined time in January after the Confirmation Hearing. The following day, TrustToken and TrueCoin declined Debtors' request, indicating that TrustToken and TrueCoin had undertaken great efforts to abide by the schedule that Debtors themselves set. And at that time, Debtors had failed to articulate any valid basis for adjournment. Debtors indicated that they understood and were ready to "fight it out" at the upcoming Hearing.

13. On December 12, 2023, Debtors again requested that counsel for TrustToken and TrueCoin agree to adjourn the 363 Motion hearing until some later undefined time in January. TrustToken and TrueCoin declined and Debtors indicated that they intended to cross-examine Alex de Lorraine on his declaration.

14. On December 13, 2023, counsel for Debtors stated that they intended to call three witnesses at the evidentiary hearing. Counsel for TrustToken and TrueCoin asked for their identities and were told that we would have to wait until Debtors filed their reply on December 14.

15. On December 14, 2023, Debtors again reached out requesting adjournment of the Reply deadline. This time, Debtors' counsel indicated that their witness declarants refused to sign onto their declarations, and thus, they again requested an adjournment. The reason provided was that the declarants were in fear for their safety. In their brief, Debtors admit that they have no evidence that there was any basis for their proposed witnesses to fear for their safety or that TrustToken and TrueCoin did anything improper. To the contrary, TrustToken and TrueCoin have not done anything improper, and Debtors have not suggested otherwise.

16. Debtors failed to file either their reply or their anticipated motion for an extension by the 4:00 p.m. deadline on December 14, 2023. Instead, Debtors filed their purported "emergency" Motion at 8:13 p.m. ET on the docket. Later in the evening Debtors filed their

reply brief.

## ARGUMENT

17. Federal Rule of Bankruptcy Procedure 9006(b) provides that an extension of time for late filings is only appropriate "for cause shown" "on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b). Here, the Motion fails under either standard.

18. Debtors had 17 days to file their reply and work with their witnesses, but the Motion came in at 8:13 p.m. after the deadline had already passed. Debtors failed to articulate any valid basis for adjournment and filed this Motion in a belated attempt to avoid responding to the compelling arguments in TrustToken and TrueCoin's 363 Opposition.

19. Debtors' purported rationale that "TrustToken's arguments are highly fact-specific" has no merit. It was Debtors who had unlimited time to investigate the basis of their motion and decided to file the 363 Motion, giving TrustToken and TrueCoin 14 days over the Thanksgiving holiday to file their objections while giving themselves ample time (17 days) to file a reply. As the party who initiated the 363 Motion, Debtors should have been familiar with the facts concerning their relief sought. Debtors also made substantial mistakes on the basic facts in their 363 Motion. Accordingly, the appropriate remedy is to deny their Motion. *In re Nortel Networks Inc.*, 573 B.R. 522, 527-28 (Bankr. D. Del. 2017) ("a deliberate decision which turned out to be an error in judgment" is not excusable and "[i]gnorance of the law is not excusable neglect").

20. Moreover, this is not a factually complicated matter. The 363 Motion concerns the determination of the ownership and the nature of the accounts that hold the foreign currency at issue, which essentially turns on the provisions in the relevant agreements. As stated in the 363

Opposition, the agreements are clear, explicit, and straightforward –TrustToken's name is on the custodial agreements while TrueCoin's name is on the escrow agreements.

21. Adjourning the Hearing beyond the confirmation hearing poses a danger of prejudice to TrueCoin. The escrow accounts in question are significant and the sooner the funds are safeguarded the better. In addition, TrueCoin and TrustToken have worked diligently to respond to the Debtors' 363 Motion on the expedited two-week schedule that Debtors set over the Thanksgiving holidays and to prepare for next week's hearing set by the Debtors themselves.

22. Debtors reply suggests that the lack of available witness is caused by Debtors' recent realization that their factual premise for the 363 Motion is faulty. As noted, their reply suggests that Prime Trust resigned as TrueCoin's escrow agent. But that resignation was rescinded after the parties negotiated an amendment to their Partner Agreement. Exhibit A attached hereto is a letter from Prime Trust's general counsel rescinding the termination. Debtors should not be granted more time to find a witness willing to support Debtors' desired version of the facts.

23. Debtors' repeated requests for an adjournment of the Hearing until after the confirmation hearing appears to be a simple attempt to rush through confirmation without dealing with the valid arguments that TrueCoin and TrustToken raise, which may complicate confirmation. Debtors' inability to address the merits of TrustToken and TrueCoin's arguments should not be used as a basis to delay the schedule the Debtors themselves set in order to swiftly confirm Debtors' proposed plan.

## CONCLUSION

TrueCoin and TrustToken respectfully request that the Court deny the Motion and enter such other and further relief as it deems just and proper, including striking any late-filed reply by

Debtors and ordering Debtors to move forward with the scheduled Hearing next week on the Debtors' 363 Motion.

ASHBY & GEDDES, PA

Dated: December 15, 2023
      Wilmington, Delaware

*/s/ Gregory A. Taylor*
Gregory A. Taylor (DE Bar No. 4008)
F. Troupe Mickler IV (DE Bar No. 5361)
500 Delaware Avenue
Wilmington, Delaware 19899
Telephone: (302) 504-3710
Facsimile: (302) 654-2067
gtaylor@ashbygeddes.com
tmickler@ashbygeddes.com

-and-

WOLLMUTH MAHER & DEUTSCH LLP
Steven S. Fitzgerald (admitted *pro hac vice*)
Fletcher W. Strong (admitted *pro hac vice*)
Yating Wang (admitted *pro hac vice*)
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
sfitzgerald@wmd-law.com
fsrong@wmd-law.com
ywang@wmd-law.com

*Attorneys for TrueCoin, LLC and TrustToken, Inc.*