**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |
|  | **Re: Docket Nos. 428 & 581** |

**SECOND OMNIBUS ORDER (A) AUTHORIZING THE DEBTORS**
**TO REJECT CERTAIN EXECUTORY CONTRACTS, EFFECTIVE**
**AS OF NOVEMBER 15, 2023, AND (B) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (this "Second Omnibus Rejection Order") (a) authorizing the Debtors to reject certain executory contracts as set forth on Schedule 1 hereto, effective as November 15, 2023 (the "Rejection Date"), and (b) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this Court being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates,

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10835 Griffith Peak Dr., #04-153, Las Vegas, NV 89135.

[2] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Motion.

their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is **HEREBY ORDERED THAT**

1.      The Motion is **GRANTED** to the extent set forth herein.

2.      The Rejected Contracts set forth on Schedule 1 hereto are rejected pursuant to Bankruptcy Code section 365(a), effective as of November 15, 2023.

3.      Nothing herein shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or any contract counter-party, as applicable to: (a) assert that the Rejected Contracts (i) were terminated prior to the Rejection Date, or (ii) are not executory contracts under Bankruptcy Code section 365; (b) assert that any claim for damages arising from the rejection of the Rejected Contracts is limited to the remedies available under any applicable termination provisions of the Rejected Contracts; (c) assert that any such claim is an obligation of a third party, and not that of the Debtors or their estates; or (d) otherwise contest any claims that may be asserted in connection with the Rejected Contracts. All rights, claims, defenses, and causes of action that the Debtors and their estates may have against the counterparties to the Rejected Contracts or that the counterparties to the Rejected Contracts may have against the Debtors, whether or not such claims arise under, are related to the rejection of, or are independent of the Rejected Contracts, are reserved, and nothing herein is intended or shall be deemed to impair, prejudice, waive, or otherwise affect such rights, claims, defenses, and causes of action.

4.      Nothing set forth in this Second Omnibus Rejection Order shall be construed as abrogating paragraph 8 of the *Final Order (I) Authorizing Debtors to (A) Continue to Operate Their Cash Management System, and (B) Maintain Existing Bank Accounts and Business Forms and Honor Certain Prepetition Obligations Related Thereto; (II) Authorizing the Debtors to (A) Continue to Perform Intercompany Transactions and (B) Granting Administrative Expense Status*

*for Postpetition Intercompany Claims; and (III) Extending the Time for the Debtors to Comply with the Requirements Set Forth in 11 U.S.C. § 345(b); and (IV) Granting Related Relief*, which appears at Docket No. 170.

5.      Claims arising out of the rejection of the Rejected Contracts must be filed on or before the date that is twenty-one (21) days following the entry of this Second Omnibus Rejection Order.

6.      Notwithstanding Bankruptcy Rule 6004(h), this Second Omnibus Rejection Order shall be effective and enforceable immediately upon entry hereof.

7.      The Debtors are authorized, but not directed, to take all actions necessary to implement the relief granted in this Second Omnibus Rejection Order.

8.      The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Second Omnibus Rejection Order.

**Dated: December 15th, 2023**
**Wilmington, Delaware**

**J. KATE STICKLES**
**UNITED STATES BANKRUPTCY JUDGE**