IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket Nos. 484 & 578 |

**ORDER GRANTING DETERMINATION MOTION FOR
ESTIMATION AND TEMPORARY ALLOWANCE OF CLAIM NO. 173
SOLELY FOR VOTING PURPOSES PURSUANT TO BANKRUPTCY RULE 3018**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order pursuant to Bankruptcy Rules 3018 estimating and temporarily allowing the Claims as set forth herein; and this Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and upon consideration of the Motion; and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court finding that adequate notice of the Motion having been given; and it appearing that no other or further notice need be given; and the Court finding that the relief

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is10845 Griffith Peak Dr., #03-153, Las Vegas, Nevada 89135.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

requested in the Motion is reasonable and in the best interests of the Debtors' estates; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is GRANTED to the extent set forth herein.

2. Claimant 173 shall be entitled one vote on the Plan in the amount of $395.82 in Class 3B. Any ballots cast on account of Claim No. 173 shall be counted as such.

3. Claimant 859 shall be entitled one vote on the Plan in the amount of $3,990.00 in Class 3B. Any ballots cast on account of Claim No. 859 shall be counted as such.

4. Claimant 1319 shall be entitled one vote on the Plan in the amount of $683,135.64; 1 USD Coin, and 382.23 Lumens in Class 3B. Any ballots cast on account of Claim No. 1319 shall be counted as such.

5. Nothing contained herein shall be construed as waiving, impeding, or otherwise diminishing the rights of the Debtors, and any successors thereto, to file additional motions pursuant to Bankruptcy Rule 3018 with respect to the Claims.

6. Nothing contained herein shall constitute a waiver or limitation of the rights of the Debtors, the Wind-Down Debtor, the Plan Administrator, or the Trustee for the Litigation Trust (as defined in the Plan), as applicable, to object to the Claims on any basis, including with respect to the allowance or disallowance of the Claims for purposes of determining distributions under the Plan.

7. Nothing contained herein shall be construed as a determination of the amount of the Claims for distribution purposes, and all of the Claimants' rights with respect to same are fully preserved.

8. This Court shall retain jurisdiction over any and all matters related to the Claims.

Dated: December 15th, 2023
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE

3