IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Prime Core Technologies Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11161 (JKS)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 482 & 579** |

### ORDER (I) APPROVING DEBTORS' ENTRY INTO LICENSE AGREEMENT WITH ELECTRIC SOLIDUS INC., AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (this "Order") authorizing and approving the Debtors' entry into the License Agreement by and between the Debtors and Electric Solidus Inc. d/b/a Swan Bitcoin ("Swan" or the "Licensee") with respect to the latter's license of the Technology, as more fully described in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and the Court having considered the Wyse Declaration; and it

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #04-153, Las Vegas, NV 89135.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

appearing that entry into the License Agreement is an exercise of the Debtors' sound business judgment and that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is **HEREBY ORDERED THAT**

1. The Motion is **GRANTED** as set forth herein.

2. The License Agreement attached hereto as **Exhibit 1** is hereby approved, and the Debtors are authorized to enter into, and perform under, the License Agreement.

3. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

4. Nothing set forth in this Order shall be construed as approving a subsequent sale of the Technology to a third party, which sale shall be approved after notice to parties in interest and an opportunity to be heard.

5. Notwithstanding anything to the contrary in this Order, or any findings announced at the Hearing, nothing in this Order, or announced at a hearing on the Motion, constitutes a finding under the federal securities laws as to whether crypto assets or transactions involving crypto assets are securities, and the right of the Securities and Exchange Commission to challenge transactions involving crypto assets on any basis is expressly reserved.

6. Notice of the Motion as provided therein constitutes good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Dated: December 15th, 2023**
**Wilmington, Delaware**

**J. KATE STICKLES**
**UNITED STATES BANKRUPTCY JUDGE**