## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket Nos. 435, 436 & 636** |

## ORDER SUSTAINING DEBTORS' FIRST (SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN FILED PROOFS OF CLAIM

Upon consideration of the *Debtors' First (Substantive) Omnibus Objection of Debtor to Certain Filed Proofs of Claim* (the "Objection"), and any response thereto; and the Court having found that it has jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and it appearing that venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and proper notice of the Objection has been given and that no other or further notice is necessary; and the Court having determined that the relief requested in the Objection is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and the Court having found and determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are:  Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

**ORDERED, ADJUDGED,** and **DECREED** that:

1.      The Objection is **SUSTAINED** and the relief requested therein is granted to the extent set forth herein.

2.      Pursuant to Bankruptcy Code section 502, Bankruptcy Rule 3007, and Local Rule 3007-1, (a) each No Liability Claim listed on Exhibit 1 annexed hereto is disallowed and expunged in its entirety and each such No Liability Claim shall be removed from the Debtors' claims register, (b) each Overstated Claim listed on Exhibit 2 annexed hereto is hereby reduced to the amount set forth in Exhibit 2 under the heading labeled "Modified Claim Amount," and (c) each Misclassified Claim identified on Exhibit 3 annexed hereto is hereby reclassified as set forth in the column titled "Modified Priority."

3.      To the extent applicable, Local Rule 3007-1(e)(iii)(J)(2) is hereby deemed waived with respect to the relief requested in the Objection and granted by this Order.

4.      Should one or more of the grounds of objection stated in the Objection be dismissed, the rights of the Debtors to object on any other grounds that the Debtors discover subsequent to the filing of the Objection are preserved.

5.      Each Disputed Claim and the objections by the Debtor to such Claims, as set forth in Exhibit 1, Exhibit 2, and Exhibit 3 hereto, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014 and Local Rule 3007-1.  This Order shall be deemed a separate Order with respect to each such Disputed Claim.  Any stay of this Order pending appeal by any claimants whose claims are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

6.       The Debtors, the Clerk of this Court, and the Claims Agent are authorized to modify the official Claims Register for these Chapter 11 Cases in compliance with the terms of this Order and to take all steps necessary or appropriate to carry out the relief granted in this Order.

7.       Any ballot submitted in connection with the Debtors' chapter 11 plan that is based upon a Disputed Claim shall be disregarded and not included in the tabulation of votes to accept or reject any chapter 11 plan of the Debtors.

8.       Nothing in the Objection or this Order, nor any actions taken by the Debtors pursuant to this Order, shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

9.       This Order is immediately effective and enforceable.

10.      The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: December 21st, 2023
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE