IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | **Obj. Deadline: January 12, 2024 at 4:00 p.m. (ET)**<br>**Hrg. Date:** *Only if objections are filed* |

**SUMMARY OF SECOND MONTHLY FEE APPLICATION
OF GALAXY DIGITAL PARTNERS LLC, AS INVESTMENT
BANKER TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM
OCTOBER 1, 2023 THROUGH OCTOBER 31, 2023**

| | |
|---|---|
| Name of Applicant: | **GALAXY DIGITAL PARTNERS LLC** |
| Authorized to provide professional services to: | **Prime Core Technologies Inc., et al.** |
| Date of retention: | **October 4, 2023, effective as of August 14, 2023** |
| Period for which compensation and reimbursement is sought: | **October 1, 2023 through October 31, 2023** |
| Amount of compensation sought as actual, reasonable and necessary: | **$20,000.00 (80% of $25,000.00)** |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | **$0** |
| This is a: | **Second Monthly Application** |

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

**Prior Applications:**

| Application | Date Filed | Period Covered | Requested Fees/Expenses | Approved Fees/Expenses |
|---|---|---|---|---|
| **First Monthly** | 12/22/2023 [DI 651] | 9/1/2023 – 9/30/2023 | $25,000.00/ $0.00 | $25,000.00/ $0.00 |

**PRIME CORE TECHNOLOGIES INC., ET AL.
SUMMARY OF BILLING BY PROFESSIONAL
<u>OCTOBER 1, 2023 THROUGH OCTOBER 31, 2023</u>**

| Name of Professional Person | Position with the Applicant | Hours Billed |
|---|---|---|
| Alex Chen | Analyst | 50.6 |
| Alwyn Clarke | Vice President | 54.0 |
| Albert Chao | Managing Director | 47.6 |
| Michael Ashe | Head of Investment Banking | 32.3 |
| Spencer Galishoff | Analyst | 53.1 |
| | **TOTAL** | **237.4** |

**PRIME CORE TECHNOLOGIES INC., ET AL.**
**SUMMARY BY PROJECT CATEGORY**
<u>**OCTOBER 1, 2023 THROUGH OCTOBER 31, 2023**</u>

| Project Category | Hours |
|---|---|
| Correspondence with potential investors | 49.0 |
| Correspondence with debtors' counsel and financial advisors | 23.15 |
| Correspondence with UCC's counsel and financial advisors | 11.5 |
| Correspondence with debtors and special committee | 5.25 |
| Correspondence with other external parties or multiple parties | 37.25 |
| Internal diligence and preparation of materials | 106.75 |
| Other administrative processes and analysis | 4.5 |
| **TOTAL** | **237.4** |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | ) Case No. 23-11161 (JKS) |
| Debtors. | ) **Obj. Deadline: January 12, 2024 at 4:00 p.m. (ET)** |
| | **Hrg Date:** *Only if objections are filed* |

## SECOND MONTHLY FEE APPLICATION OF GALAXY DIGITAL PARTNERS LLC, AS INVESTMENT BANKER TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM OCTOBER 1, 2023 THROUGH OCTOBER 31, 2023

Galaxy Digital Partners LLC ("Galaxy"), investment banker to Prime Core Technologies Inc. and certain of its affiliates and subsidiaries, as debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases, hereby applies (the "Application"), pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for allowance of compensation for services rendered and reimbursement of expenses for the period from October 1, 2023 through October 31, 2023 (the "Application Period"), and respectfully represents as follows:

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

## JURISDICTION AND VENUE

1.      The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b).

2.      Venue of the Chapter 11 Cases and this Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The legal predicates for the relief requested herein are Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016, and Local Rule 2016-2. Pursuant to Local Rule 9013-1(f), Galaxy consents to the entry of a final judgement or order with respect to this Application if it is determined that this Court would lack Article III jurisdiction to enter such final judgement or order absent the consent of the parties.

## BACKGROUND

**A.     The Chapter 11 Case**

4.      On August 14, 2023 (the "Petition Date"), each Debtor commenced a Chapter 11 Case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the ("Chapter 11 Cases"). These cases have been jointly administered for procedural purposes only.

5.      The Debtors continues manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee or examiner has been appointed in the Chapter 11 Case.

6.      On August 29, 2023, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to Bankruptcy Code section 1102 (the "Committee") [Docket No. 51]. The Committee is comprised of the following unsecured creditors: (a) Yousef Abbasi; (b) Allsectech, Inc.; (c) DMG

Blockchain Solutions, Inc.; (d) Net Cents Technology, Inc.; (e) Polaris Ventures; (f) Stably Corporation; and (g) Austin Ward.

7. Additional information regarding the Debtors and the Chapter 11 Case, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of the Chapter 11 Case, is set forth in the *Declaration of Jor Law, Interim Chief in Support of the Chapter 11 Petition and First Day Motions* [Docket No. 14] (the "First Day Declaration"), which is incorporated by reference as if fully set forth herein.

**B.     The Retention of Galaxy**

8. On September 14, 2023, the Debtors applied [Docket No. 125] (the "Galaxy Retention Application") to the Court for an order authorizing the Debtors to retain and employ Galaxy as its investment banker, effective as of the petition date. On October 4, 2023, the Court entered an order [Docket No. 244] authorizing such retention.

**C.     The Interim Compensation Order**

9. On September 18, 2022, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 149] (the "Interim Compensation Order"),[2] which sets the procedures for interim compensation and reimbursement of expenses in the Chapter 11 Case. Specifically, that provided that there are no objections to the Monthly Fee Application filed within twenty (21) days after the service of a Monthly Fee Application, the Retained Professional may file a certificate of no objection with the Court, after which the Debtors is authorized to pay such Retained Professional eighty percent (80%) of the fees and one-hundred percent (100%) of the expenses requested in such Monthly Fee Application. If an objection is filed to the Monthly Fee Application and the parties reach a

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such items in the Interim Compensation Order.

consensual resolution, the Debtors are authorized to pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses.

## SUMMARY OF SERVICES RENDERED

***Correspondence with potential investors     (49.0 Hours)***

10. During the Fee Period, Galaxy engaged in various tasks related to first and second round conversations with potential investors and corresponding with bidders regarding specifications of their bid.

***Correspondence with debtors' counsel and financial advisors     (23.15 Hours)***

11. During the Fee Period, Galaxy engaged in various tasks related to the analysis of bids received and communicating with Debtors' counsel and investment banker regarding next steps.

***Correspondence with UCC's counsel and financial advisors     (11.5 Hours)***

12. During the Fee Period, Galaxy engaged in various tasks related to communicating with the Committee and its financial advisor regarding the received bids and the evaluation of bids to determine the potential benefits to the Debtors' estate.

***Correspondence with debtors and special committee     (5.25 Hours)***

13. During the Fee Period, Galaxy engaged in various tasks related to discussions regarding the status of the bid and sale process, including ongoing diligence related to initiating the sale process.

***Correspondence with other external parties or multiple parties     (37.25 Hours)***

14. During the Fee Period, Galaxy engaged in various tasks related to communications with Debtor and Committee professionals, as well as potential bidders and their representatives relating to the sale of the Debtors assets.

*Internal diligence and preparation of materials     (106.75 Hours)*

15.     During the Fee Period, Galaxy engaged in various tasks related to internal compilation of relevant materials to present to Debtor and Committee professionals relating to bidder communications, the review and analysis of received bids, and recommendations regarding bids based on analysis of material provide by parties indicating interest.

*Other administrative processes and analysis      (4.5 Hours)*

16.     During the Fee Period, Galaxy engaged in various tasks related to internal communications and procedures implemented to ensure timely execution of sale process.

## **RELIEF REQUESTED**

17.     Pursuant to the Interim Compensation Order and Bankruptcy Code section 331, Galaxy is seeking compensation in the amount of $20,000.00, which is equal to eighty percent (80%) of the $25,000.00 in fees for professional services rendered by Galaxy during the Application Period. This amount is derived solely from the applicable hourly billing rates of Galaxy's personnel who rendered such services to the Debtors. Galaxy is not seeking reimbursement of expenses during this Application Period.

A.      **Compensation Requested**

18.     Attached hereto as **Exhibit A** is a detailed itemization, by project category, of all services performed by Galaxy with respect to the Chapter 11 Case during the Application Period. This detailed itemization complies with Local Rule 2016-2(d) in that each time entry contains a separate time allotment, a description of the type of activity, and the subject matter of the activity, all time is billed in increments of one-half an hour, time entries are presented chronologically in categories, and all meetings or hearings are individually identified.

## VALUATION OF SERVICES

19. Attached here to as **Exhibit A** is a detailed statement of fees incurred during the Fee Period, showing the amount of professional services rendered by Galaxy during the Fee Period.

20. The services rendered by Galaxy during the Fee Period are grouped into the categories set forth in **Exhibit A**. The professionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total time for each category, in the attachments hereto. The following paragraphs describe the primary services rendered by Galaxy during the Fee Period.

## RELIEF REQUESTED

21. Professionals of Galaxy have expended a total of 237.4 hours in connection with this matter during the Application Period.

22. The amount of time spent by each of the professionals providing services to the Debtors for the Application Period is set forth in **Exhibit A**. As discussed in the Application and in the order authorizing retention, the fee structure is based on a flat rate.

23. Galaxy believes that the time entries included in **Exhibit A** attached hereto is in compliance with the requirements of Local Rule 2016-2.

24. In accordance with the factors enumerated in Bankruptcy Code section 330, Galaxy submits that the amount requested is fair and reasonable given (a) the complexity of the Chapter 11 Case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

## NO PRIOR REQUEST

25.  No prior request for the relief sought in the Application has been made to this or any other court.

## CERTIFICATE OF COMPLIANCE AND WAIVER

26.  The undersigned representative of Galaxy certifies that she has reviewed the requirements of Local Rule 2016-2 and that the Application substantially complies with that Local Rule. To the extent that the Application does not comply in all respects with the requirements of Local Rule 2016-2 or its limited waiver within the retention order, Galaxy believes that such deviations are not material and respectfully requests that any such requirement be waived.

## CONCLUSION

WHEREFORE, Galaxy respectfully requests that the Court enter an Order: (i) granting the Application and authorizing (a) allowance of compensation in the amount of $20,000 (80% of $25,000.00) for professional services rendered, and (b) reimbursement for actual and necessary costs in the amount of $0; (ii) directing payment by the Debtors of the foregoing amounts; and (iii) granting such other further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: December 22, 2023<br>Wilmington, Delaware | **MCDERMOTT WILL & EMERY LLP**<br><br>*/s/ Maris J. Kandestin*<br>Maris J. Kandestin (No. 5294)<br>1000 N. West Street, Suite 1400<br>Wilmington, Delaware 19801<br>Telephone:  (302) 485-3900<br>Facsimile:  (302) 351-8711<br>Email:  mkandestin@mwe.com<br><br>-and-<br><br>Darren Azman (admitted *pro hac vice*)<br>Joseph B. Evans (admitted *pro hac vice*)<br>J. Greer Griffith (admitted *pro hac vice*)<br>One Vanderbilt Avenue<br>New York, New York 10017-3852<br>Telephone:  (212) 547-5400<br>Facsimile:  (646) 547-5444<br>Email:  dazman@mwe.com<br>          jbevans@mwe.com<br>          ggriffith@mwe.com<br><br>-and-<br><br>Gregg Steinman (admitted *pro hac vice*)<br>333 SE 2nd Avenue, Suite 4500<br>Miami, Florida 33131<br>Telephone:  (305) 358-3500<br>Facsimile:  (305) 347-6500<br>Email:  gsteinman@mwe.com<br><br>*Counsel to the Debtors and Debtors in Possession* |