RECEIVED

2023 DEC 18 AM 10: 34

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Case No. 23-11161 (JKS) |
| | ) | |
| | ) | |
| Prime Core | ) | Chapter 11 |
| Technologies, | ) | |
| Inc., *et al.*, | ) | |
| Debtor. | | |

### RESPONSE TO DEBTORS' FIRST (SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN FILED PROOFS OF CLAIM

William Raines (the "*Claimant*"), by and through undersigned counsel, hereby responds to Debtors' First (Substantive) Omnibus Objection to Certain Filed Proofs of Claim (the "*Claim Objection*") as follows:

### RESPONSE

On October 6, 2023, the Claimant filed a general unsecured claim in the amount of $24,850.00, which was assigned claim number 358. Part of claimant's claim was asserted as priority on account of wages in the amount of $15,150.00, on account of violations of the Worker Adjustment and Restraining Notification (WARN) Act of 1988.

Pursuant to 11 U.S.C. § 502(a) and Rule 3001(f) of the Federal Rules of Bankruptcy Procedure, a proof of claim is presumed valid unless objected to by a party in interest. The creditor's filing of a proof of claim constitutes prima facie evidence of the amount and validity of the claim. The burden then shifts to the debtor to object to the claim. The debtor must introduce evidence to rebut the claim's presumptive validity. If the debtor carries its burden, the creditor

has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence. *See e.g. In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992); *Stancill v. Harford Sands Inc. (In re Harford Sands Inc.)*, 372 F.3d 637, 640 (4th Cir. 2004).

In the present case, the original claim contains all of the information required by Rule 3001(c)(3), rendering the claims presumptively valid under Rule 3001(f) and shifting the burden to the Debtors to object to the claims. In the objection, the Debtors assert nothing more than that "upon review of the Debtors' Books and Records, the Debtors have no information about this claimant, any amount owed to this claimant, or any reason to know who this claimant is." Thus, the initial issue becomes whether this amounts to a sufficient challenge to the *prima facie* validity of the claim. If so, the Debtors will have rebutted the claim's presumptive validity, and the burden will shift back to Claimant to prove its claim. If the Court determines that the Debtors have not met their burden, however, the inquiry ends, and the objection should be overruled. *See e.g., In re Nussman*, 501 B.R. 297, 301 (Bank. E.D. N.C. 2013). The Debtors have not met their burden.

Notwithstanding the Debtors failure to carry their burden, in this response, Claimant responds to the objection, Claimant served as Prime Trust's Chief Trust officer pursuant to the terms of the offer letter dated September 8, 2022. A copy of the offer letter is attached hereto as Exhibit A. The Debtors books and records should reflect that Claimant was Prime Trust's Chief Trust Officer and any conversation with any key employee that remains at Prime Trust would confirm this fact. Claimant was paid from Prime Trust, and Claimant will provide any pay stubs to the Debtors upon request. Again, the Debtors' own books and records should reflect these facts. Claimant's last day of employment was January 1, 2023.

## CONCLUSION AND PRAYER

In summary, the Debtors have not carried their burden in objecting to claim number 358. Nonetheless, the Debtors' books and records should reflect that Claimant was the Debtors' former Chief Trust Officer. To the extent it does not, the Debtors' records have not been properly maintained. Claimant has provided a copy of his offer letter and will provide the Debtors with any other records it needs to confirm Claimant's former employment with the Debtors. Accordingly, the Debtors' objection to claim number 358 should be overruled.

December 12, 2023                                    By:   /s William Raines
                                                             William Raines



September 8, 2022

William Raines

billraines1234@gmail.com

Re: Offer of Employment

Dear William:

We are very pleased to offer you the position of Chief Trust Officer with Prime Trust LLC (the "**Company**"). We trust that your knowledge, skills, and experience will be among our most valuable assets. This letter sets forth the terms and conditions of your employment with the Company. It is important that you understand clearly both what your benefits are and what the Company expects of you. By signing this letter, you will be accepting employment on the following terms:

- **Job Title**: Chief Trust Officer, you may be assigned other duties as needed, and this is a full-time position
- **Reports to**: Matthew Parrella, General Counsel
- **Location/Office**: Prime Trust-Summerlin
- **Start Date**: Your employment will commence on December 5, 2022 (the "**Start Date**")
- **Compensation**: This is an exempt position and you will be paid $10,416.67 semi-monthly, which is $250,000 annually, in accordance with the Company's normal payroll procedures
- **Stock Options**: 125,000 of Prime Core pending approval (see additional information below)
- **Benefits**: Eligible for certain benefits (health/dental/life/etc.) effective the first of the month following date of employment

You are also eligible to participate in any of Prime Trust LLC benefit plans and programs in effect, including vacation/paid time off, gym membership reimbursement of up to $25 per month, and other fringe benefits that are made available to other similarly situated employees of Prime Trust LLC, in accordance with, and subject to the eligibility and other provisions of such plans and programs.

Subject to the approval of the Company's Board of Directors, as soon as administratively practicable after the date you commence employment (and subject to your continued employment through the date of grant), you will be granted an option to purchase 125,000 of the Company's common stock at an exercise price per share equal to the fair market value of the Company's common stock on the date of grant, as determined by the Company's Board of Directors. The options will be subject to a 4-year vesting schedule with a 1-year cliff

commencing on the first day of the month immediately following your Start Date (the **"Vesting Commencement Date"**), such that 1/4 of such shares shall vest when you complete 12 months of continuous service after the Vesting Commencement Date, and 1/48th of such shares shall vest when you complete each month of continuous service thereafter. The options shall be subject to all of the terms and conditions of the Company's 2021 Equity Incentive Plan and a Stock Option Grant Notice and Option Agreement to be entered into by and between you and the Company.

Due to the level of client involvement and/or scope of responsibility that accompanies the above-referenced position, you will of course be subject to all applicable employment and other policies of Prime Trust LLC, including those outlined in Prime Trust LLC Employee Handbook and CIIA agreement. This offer, and your continued employment with Prime Trust LLC, is also contingent upon:

(a) The U.S. Immigration Reform and Control Act requires employers to verify employment eligibility (within three (3) days of start date) for all new hires. Please be prepared to upload a copy of your identification within Rippling's onboarding portal. You will be asked to provide documentation of your authorization to work in the United States. It is important to note that neither this document, nor any other written or verbal communication, should be construed as creating a contract for employment or warranty of benefits for any particular period of time, nor does it change the "at-will" employment relationship between Prime Trust LLC and any of its employees.

(b) Satisfactory completion of a background investigation

(c) Your execution of the Employee Handbook and CIIA Agreement.

By accepting this offer, you confirm that you are able to accept this job and perform the work that it requires without breaching any legal restrictions on your activities, such as restrictions imposed by a current or former employer. You also agree to inform Prime Trust LLC about any such restrictions, including any non-compete or other agreements between you and your current or former employer, describing such restrictions on your activities prior to accepting this offer. You also agree that you will not remove or take any proprietary or confidential documents, data or materials of any kind, electronic or otherwise, from your current or former employer, without their written authorization.

We are pleased to extend this offer of employment to you. If you wish to accept this offer, please sign, this offer below and return it or notify us by phone or email by September 15, 2022 otherwise this offer shall become null and void. If you have any questions, please call me anytime. All of us at Prime Trust LLC are excited to have you join the team!

Very truly yours,

Prime Trust LLC

*Melissa Bonner*

Melissa A Bonner


**Acknowledgment and Acceptance of Employment Offer**

I accept employment with Prime Trust LLC and acknowledge and fully agree to the terms and conditions set forth in this offer letter:

*[signature]*

William Raines