**mwe.com**

Maris J. Kandestin
Attorney at Law
mkandestin@mwe.com
+1 302 485 3940

December 29, 2023

Hon. J. Kate Stickles
United States Bankruptcy Court
for the District of Delaware
824 North Market Street
3rd Floor
Wilmington, Delaware 19801

    Re:    ***In re Prime Core Technologies Inc.*, Case No. 23-11161**
            **First Omnibus Claims Objection [Docket No. 435]**

Dear Judge Stickles:

    I am writing to you today in response to the Court's letter dated December 28, 2023 [Docket No. 666] (the "Court's Letter"), regarding the responses to the *Debtors' First (Substantive) Omnibus Objection to Certain Filed Proofs of Claim* [Docket Nos. 435 & 436] (the "First Omnibus Objection") filed at Docket No. 661 (the "Raines Response"), Docket No. 662 (the "Tang Response"), Docket No. 663 (the "Johnson Response"), and Docket No. 664 (the "Patel Response" and, together with the Raines Response, Tang Response, and Johnson Response, the "Responses"). Messrs. Patel, Tang, and Johnson are MyConstant customers. Mr. Raines is a former employee of the Debtors.[1]

    On October 19, 2023, the Court held a hearing (the "Hearing") on, among other things, the First Omnibus Objection and confirmation of the *Amended Joint Chapter 11 Plan of Reorganization for Prime Core Technologies Inc. and its Affiliated Debtors* (the "Plan"). At the Hearing, counsel represented that all claims filed by MyConstant customers (the "MyConstant Claims") would be removed from the exhibits to the First Omnibus Objection and that the exclusion of the MyConstant Claims, subject to the Court's approval of a stipulation between the claimant asserting Claim No. 1344,[2] would not alter the fact that the Debtors had satisfied their requirements under 11 U.S.C. §§ 1126(c) and (d) in respect of the Plan.

    On October 21, 2023, the Court entered (a) an *Order Sustaining Debtors' First (Substantive) Omnibus Objection to Certain Filed Proofs of Claim* [Docket No. 643] (the "First Omnibus Order"), and (b) its *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Amended Joint Chapter 11 Plan of Reorganization for Prime Core*

---

[1]    Messrs. Patel, Tang, Johnson, and Raines, collectively, the "Respondents."

[2]    The Court entered an order approving this stipulation on December 21, 2023 [Docket No. 634].



**The Brandywine Building, 1000 N. West Street, Suite 1400   Wilmington DE 19801   Tel +1 302 485 3900   Fax +1 302 351 8711**

*US practice conducted through McDermott Will & Emery LLP.*

DM_US 202701981-7.121647.0012

J. Kate Stickles
824 North Market Street
3rd Floor
Wilmington, Delaware 19801
Page 2

*Technologies Inc. and its Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 644] (the "Confirmation Order").

On December 27, 2023, subsequent to the Court's entry of the First Omnibus Order and the Confirmation Order, the Clerk's office docketed the Responses, which were received by the Clerk's office on or about December 18 and December 19, 2023. In the Court's Letter, the Court requested that the Debtors submit an amended form of First Omnibus Order (the "Amended First Omnibus Order") treating the claims filed by the Respondents (the "Respondent Claims") similarly to how the MyConstant claimants were treated under the First Omnibus Order and report to the Court whether the inclusion of votes, if any, cast by the Respondents would have an impact on the Debtors' ability to meet its burden under section 1126 of title 11 of the United States Code (the "Bankruptcy Code").

Contemporaneously herewith, the Debtors are filing a proposed Amended First Omnibus Order that removes Claim No. 358 filed by Mr. Raines (who is not a MyConstant customer) from the exhibits attached thereto. Mr. Raines abstained from voting, and thus, the removal of Claim No. 358 from the First Omnibus Order would have no impact on the tabulation of votes with respect to the Plan. Even if Mr. Raines had voted to reject the Plan, the Debtors will still have satisfied their requirements under sections 1126(c) and (d) of the Bankruptcy Code.[3]

Claim No. 876 filed by Mr. Tang and Claim No. 327 filed by Mr. Johnson were not included in the version of the First Amended Order that was entered by the Court on December 21, 2023. Claim No. 610 filed by Mr. Patel was never included in the First Omnibus Objection and thus was never listed in the exhibits to the First Omnibus Order. As such, the claims of these Respondents were not impacted by the First Omnibus Order. Further, even if the claims of these Respondents were included in the First Omnibus Order, Mr. Tang and Mr. Patel abstained from voting to accept or reject the Plan and Mr. Johnson voted to accept the Plan,[4] and as such, the Debtors would still have satisfied their requirements under sections 1126(c) and (d).

Additionally, while the Debtors were reviewing the Responses and preparing their response to the Court's Letter, the Debtors noticed certain discrepancies between the revised exhibits prepared for submission to the Court under certification of counsel (the "Final Exhibits") and the exhibits that were actually filed with the Court (and thus, which appear as exhibits to the First Omnibus Order). An internal investigation revealed that counsel inadvertently filed an immediately prior version of the revised exhibits

---

[3] Claim No. 358, which was asserted in the face amount of $26,850 for alleged WARN Act violations. Of that amount, Mr. Raines asserted $15,150 as an administrative priority claim, leaving a general unsecured claim in the amount of $11,700. Mr. Raines was formerly employed by Prime Trust, LLC, and thus, would have been entitled to vote in Class 3B.

[4] Mr. Johnson asserted a claim in the amount of $24,193.56.



J. Kate Stickles
824 North Market Street
3rd Floor
Wilmington, Delaware 19801
Page 3

to the First Omnibus Order ("Penultimate Exhibits") under certification of counsel.[5] The claims filed by Messrs. Patel, Tang, and Johnson were not affected as these claims had been removed in the Penultimate Exhibits. However, fourteen (14) MyConstant Claims were not removed in the Penultimate Exhibits (but were removed in the Final Exhibits).[6] Thus, the Amended First Omnibus Order that the Debtors will submit under certification of counsel will exclude these claims.

Stretto, Inc. ("Stretto"), the Debtors' voting agent, assisted the Debtors in preparing this response to the Court's Letter. Stretto has evaluated (a) whether creditors listed on the Penultimate Exhibits to the First Omnibus Order submitted ballots, and (b) if so, what impact those ballots would have on the ultimate voting results in connection with the Plan. Notwithstanding the fact that the Debtors inadvertently filed the Penultimate Exhibits, Stretto correctly included in the balloting results presented to the Court at the Hearing any votes cast by holders of MyConstant Claims who were included in the First Omnibus Objection. Of the fourteen (14) holders of MyConstant Claims, only one such holder submitted a ballot, on account of Claim No. 351 in the amount of $20,139.15. The holder of Claim No. 351 voted in favor of the Plan and, like the other MyConstant Claims, was included in the voting results presented at the Hearing.

Respectfully submitted,

*/s/ Maris J. Kandestin*
Maris J. Kandestin

cc:   Joseph F. Cudia, Esquire, via e-mail
      Donald J. Detweiler, Esquire, via e-mail

---

[5] See Docket No. 636.

[6] Claim No. 46, Claim No. 317, Claim No. 321, Claim No. 333, Claim No. 351, Claim No. 369, Claim No. 374, Claim No. 468, Claim No. 471, Claim No. 479, Claim No. 585, Claim No. 588, Claim No. 669, and Claim No. 1435.

