# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Prime Core Technologies Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11161 (JKS)<br><br>(Jointly Administered)<br><br>**Hearing Date**:<br>**To be determined.**<br><br>**Objection Deadline:**<br>**August 3, 2024** |

## REQUEST FOR ALLOWANCE AND PAYMENT OF
## ADMINISTRATIVE EXPENSE CLAIM OF RODRIGO VICUÑA

Rodrigo Vicuña ("**Mr. Vicuña**"), by and through his undersigned counsel, hereby requests (the "**Administrative Expense Request**") entry of an order substantially in the form filed concurrently (the "**Administrative Expense Order**") (a) allowing an administrative expense in an amount not less than **US $141,721.16** (the "**Administrative Expense Claim**") incurred in connection with the advancement of the Legal Fees[2] (as defined herein) incurred by Mr. Vicuña as set forth in the Indemnification Agreement with Prime Core Technologies, Inc. dated August 31, 2021 (the "**Indemnification Agreement**") and the Second Amended and Restated Operating Agreement of Prime Trust, LLC dated January 19, 2023 (the "**Operating Agreement**") (Prime Core Technologies, Inc. and Prime Trust, LLC and the other above-captioned debtors and debtors-in-possession, collectively, hereinafter referred to as the "**Debtors**"), from and after September 15,

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

[2] All capitalized terms shall have the meaning as set forth in this *Request for Allowance and Payment of Administrative Expenses*.

2023 through the Effective Date, (b) directing the Administrative Expense Claim be paid in full within seven (7) business days after entry of the Administrative Expense Order, or at such time as the Court otherwise orders, (c) requiring Mr. Vicuña to return the advancement of Legal Fees if it is ultimately determined that Mr. Vicuña is not entitled to indemnification (the "**Undertaking**"); (d) approving the *Reservation of Rights* asserted hereinafter, and (e) granting such other and further relief as may be deemed just and proper under the circumstances of this case.

This Administrative Expense Request is brought pursuant to 11 U.S.C. §§ 503(b)(1)(A) and 507(a)(2) and is based on the matters set forth herein, the Legal Fees (as defined herein and attached in Exhibit A) filed in support hereof, the files and the records in this case, and such other and further evidence as may be submitted.

Mr. Vicuña requests that the Court take judicial notice of the pleadings filed in this case and the facts set forth in the Court's orders, findings of fact and conclusions of law pursuant to Rule 201 of the Federal Rules of Evidence (as incorporated by Rule 9017 of the Federal Rules of Bankruptcy Procedure).

## JURISDICTION AND VENUE.

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. Mr. Vicuña was an officer at Prime Trust, LLC from July 2020 through November 2022. In October 2023, Mr. Vicuña retained Hogan Lovells US LLP ("**Hogan Lovells**") to represent him in certain investigations of Prime Trust, LLC conducted by the Debtors.

2

4. Mr. Vicuña has incurred legal fees and costs (the "**Legal Fees**") which the Debtors are obligated to pay by virtue of the Indemnification Agreement, Operating Agreement and Nevada corporate law.

## THE INDEMNIFICATION AGREEMENT CONTRACT

5. On or about August 31, 2021, the Debtors entered into that certain Indemnification Agreement which, in part, forms the basis of this Administrative Expense Claim. Pursuant to the Indemnification Agreement: (i) Section 5 requires an advancement to Mr. Vicuña any Expenses reasonably incurred by him by reason of his Corporate Status (capitalized terms are defined in the Indemnification Agreement); (ii) Hogan Lovells has provided such services, resulting in the incurrence of certain Expenses by reason of Mr. Vicuña's status as an officer; and (iii) the Expenses were incurred during the period beginning September 15, 2023 through the Effective Date.[3]

## THE OPERATING AGREEMENT

6. On or about January 19, 2023, one of the Debtors, Prime Trust, LLC, filed its Operating Agreement with the Nevada Secretary of State, which, in part, forms the basis of the Administrative Expense Claim. Pursuant to the Operating Agreement: (i) Section 9.1 requires an advancement of expenses incurred in defending a civil or criminal action, suit or proceeding by reason of the fact that the person was an officer or employee of the Company (capitalized terms

---

[3] Pursuant to the Stipulated Protective Order [ECF 323], a copy of the Indemnification Agreement is not attached to this Administrative Expense Request. However, the Indemnification Agreement was filed under seal by the Debtors in *Exhibit B - Revised Schedule of Rejected Executory Contracts and Unexpired Leases to the Notice of Filing of Third Amended Plan Supplement* [ECF 595]. Additionally, to protect privileged materials, detailed time entries and costs related to these Legal Fees are not attached to this Administrative Expense Request. However, subject to appropriate protections, a copy of the Indemnification Agreement and detailed time entries and costs redacted for privilege will be made available upon request to the Debtors, Plan Administrator, or the bankruptcy court in connection with this Administrative Expense Request.

are defined in the Operating Agreement); (ii) the Debtors are obligated to pay the expenses incurred by reason of Mr. Vicuña's role as an officer and employee as part of this bankruptcy proceeding investigation; (iii) Hogan Lovells has provided such services, resulting in certain expenses by reason of Mr. Vicuña's role as an officer and employee; and (iv) the Expense were incurred during the period beginning September 15, 2023 through the Effective Date.[4]

## BANKRUPTCY CASE

7.	On August 14, 2023 (the "**Petition Date**"): (A) Prime Core Technologies, Inc. and the other Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**") and, thereby, commenced their individual cases under chapter 11 (collectively, the "**Bankruptcy Cases**"); and (B) on August 25, 2023, the Court entered its order directing the joint administration of the Bankruptcy Cases (but not substantively consolidated consolidating such cases).[5]

8.	On December 15, 2023, the Debtors filed the *Third Plan Supplement and Notice of Filing of Third Amended Plan Supplement with Respect to Debtors' Amended Joint Chapter 11 Plan of Reorganization under Chapter 11 of the Bankruptcy Code*, rejecting the Indemnification Agreement [ECF 595].

9.	On December 21, 2023, the Court entered its *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the*

---

[4]	Pursuant to the Stipulated Protective Order, a copy of the Operating Agreement is not attached to this Administrative Expense Request. However, subject to appropriate non-disclosure protections, a copy of the Operating Agreement will be made available to the Debtors in connection with this Administrative Expense Request upon request.

[5]	*See Order (A) Directing Joint Administration of Related Chapter 11 Cases And (B) Granting Related Relief* [ECF 33]

4

*Amended Chapter 11 Plan of Reorganization of Prime Core Technologies Inc. and its Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [ECF 644] (the "**Confirmation Order**") providing, among other things, the procedures for filing administrative expense claims arising between September 15, 2023 and the Effective Date (as defined in the Confirmation Order).

10. On January 25, 2024, the Debtors filed the *Notice of (I) Entry of Order (A) Approving Disclosure Statement on a Final Basis, and (B) Confirming Amended Chapter 11 Plan of Reorganization of Prime Core Technologies Inc. and its Affiliated Debtors; (II) Occurrence of Effective Date of the Plan; (III) Substantial Consummation of the Plan; and (IV) Certain Bar Dates* [ECF 694] (the "**Effective Date Notice**") providing that request for allowance and payment of Administrative Expense Claims arising between the September 15, 2023 and January 5, 2024 must file their request with the court on and serve it on the Debtors' counsel on or before February 5, 2024 (the "**Administrative Claim Bar Date**").

## THE ADMINISTRATIVE EXPENSE CLAIM

11. From and after the Petition Date, Mr. Vicuña has incurred Legal Fees in connection with defending himself in the Debtors' investigation of his role as an officer.

12. From the commencement of the Indemnification Agreement and Operating Agreement through the date of this Administrative Expense Request, the Debtors have failed to pay all post-petition Legal Fees due and owing, and, more specifically, an amount of not less than **US $141,721.16**, remains due and owing to Mr. Vicuña pursuant to the Indemnification and Operating Agreements for Legal Fees due from September 15, 2023 through the Effective Date. Proof of the Legal Fees in respect of the foregoing amount is attached hereto as Exhibit A.

## LEGAL AUTHORITY

### Administrative Expenses Are Allowed for Actual, Necessary Costs And Expenses of Preserving the Estate.

13. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, there shall be allowed administrative expenses, including the actual, necessary costs and expenses of preserving the estate. *See* 11 U.S.C. § 503(b)(1)(A). In the Third Circuit, the phrase "actual, necessary costs and expenses of preserving the estate . . . *should include costs ordinarily incident to operation of a business,* and not be limited to costs without which rehabilitation would be impossible." *Pennsylvania Dept, of Environmental Resources v. Tri-State Clinical Laboratories, Inc.*, 178 F.3d 685, 689-90 (3d Cir. 19997 (emphasis added) (*citing Reading Co. v. Brown*, 391 U.S. 471, 483, 88 S. Ct. 1759, 20 L. Ed. 2d 751 (1968)).

14. The Debtors are bound by contract and statute to advance Mr. Vicuña the full amount of his fees and expenses in connection with the bankruptcy investigation, which fees and expenses are part of the actual, necessary costs and expense of preserving the estate. *See* NRS § 78.751(2) (requiring the advancement of legal fees); *see also In re RNI Wind Down Corp.*, 369 B.R. 174 (Bankr. D. Del. 2007) (finding that the officer's administrative claim for advancement of legal fees in connection with various investigations was not subject to disallowance under section 502(e)(1)(B)). Therefore, Mr. Vicuña is entitled to an administrative expense claim in an amount not less than $141,721.16.

15. Mr. Vicuña submits that his right to allowance and payment of the Administrative Expense Claim is clear: (A) Mr. Vicuña incurred Legal Fees after September 15, 2023 by reason of Mr. Vicuña's status as a former corporate officer; (B) the Debtors' knowingly undertook the obligation to advance such fees under the Indemnification Agreement, the Operating Agreement and Nevada corporate law; and, (C) the Legal Fees remain due and owing.

**RESERVATION OF RIGHTS**

16.  Notwithstanding the foregoing, Mr. Vicuña expressly reserves (and hereby expressly does not waive) all rights, claims, counterclaims, defenses, interests, actions and/or other remedies (collectively, his "**Rights**") including, without limitation, the right to amend, modify and/or supplement (A) any proof of claim already filed by Mr. Vicuña and/or any other claim or proof of claim that may be filed in the future (collectively, the "**Claims**"), (B) the Administrative Expense Claim asserted hereby and/ or any further administrative expenses as may be asserted hereinafter (collectively, the "**Administrative Expenses**"), (C) a judicial determination of the amount(s) due and owing with regard to the Claims and/or the Administrative Expenses, (D) this Administrative Expense Request in response to any submission by any party-in-interest including, without limitation, any objection to this Administrative Expense Request or an amendment to it, and (E) the right to adopt any other pleadings filed by any other party related to the Claims, this Administrative Expense Claim, any other Administrative Expenses or the Administrative Expense Requests as may be filed hereinafter (collectively, the "**Reservation of Rights**").

**WHEREFORE**, Mr. Vicuña respectfully requests the Court enter the Administrative Expense Order –

(A)  allowing an administrative expense claim, in the amount not less than of **$141,721.16** pursuant to the Indemnification Agreement, Operating Agreement and Nevada corporate law for Legal Fees provided from September 15, 2023 through the Effective Date;

(B)  directing the Debtors to pay the Administrative Expense Claim, in full, within seven (7) business days after entry of the Administrative Expense Order, or at such time as the Court otherwise orders; and

(C)  requiring Mr. Vicuña to return the advancement of Legal Fees if it is ultimately determined that Mr. Vicuña is not entitled to indemnification (the "**Undertaking**");

(D) approving the Reservation of Rights; and granting such other and further relief as may be deemed just and proper under the circumstances of this case.

Dated: February 5, 2024

Respectfully submitted,

**CROSS & SIMON, LLC**

*/s/ Christopher P. Simon*
Christopher P. Simon (No. 3697)
1105 North Market Street, Suite 901
Wilmington, Delaware 19801
Phone: (302) 777-4200
Fax: (302) 777-4224
Email: csimon@crosslaw.com

-and-

**HOGAN LOVELLS US LLP**
Todd Schwartz, Esq.
Kaitlyn Hittelman, Esq.
855 Main St., Ste. 200
Redwood City, CA 94063
Telephone: (650) 463-4000
Fax: (650) 463-4199
E-mail: todd.schwartz@hoganlovells.com
E-mail: kaitlyn.hittelman@hoganlovells.com

*Attorneys for Creditor Rodrigo Vicuña*