**<u>EXHIBIT A</u>**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| PRIME CORE TECHNOLOGIES, INC.,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |
| | Docket Ref. No. ___ |

**ORDER APPROVING STIPULATION RESOLVING CLAIMS**
**OF OKTA, INC.**

Upon consideration of the *Stipulation Resolving Claims of Okta, Inc.* (the "Stipulation"),[2]

attached hereto as **Exhibit 1**; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT**

1.      The Stipulation is APPROVED in its entirety.

2.      The Parties are authorized to take all actions necessary to effectuate the terms of

the Stipulation.

3.      This Order shall be effective and enforceable immediately upon its entry.

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Prime Trust, LLC. (6823); Prime IRA, LLC (8346); and Prime Digital LLC (4528). The Debtors' mailing address is Prime Core Technologies, Inc. Plan Administrator, c/o Province Fiduciary Services, LLC, 2360 Corporate Circle, Suite 340, Henderson, Nevada 89074.

[2]  Capitalized terms used but not otherwise defined herein shall having the meaning ascribed to them in the Stipulation.

## **EXHIBIT 1**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PRIME CORE TECHNOLOGIES, INC.,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |

### STIPULATION RESOLVING CLAIMS OF OKTA, INC.

This Stipulation (the "Stipulation") is made and entered into among the following parties (collectively, the "Parties"): Province Fiduciary Services, LLC, solely in its capacity as the Plan Administrator (the "Plan Administrator") for Prime Core Technologies, Inc. and its affiliates debtors in the above-captioned cases (collectively, the "Debtors") through their confirmed Plan (as defined herein), and Okta, Inc. ("Okta").[2]

### RECITALS

WHEREAS, on August 14, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, prior to the Petition Date the Debtors had two service agreements with Okta.

WHEREAS, the Debtors rejected and terminated the Agreements on August 31, 2023.

WHEREAS, on or about August 31, 2023, the Debtors entered into short term Premier Success Service Plan with Okta, pursuant to Invoice Number INV 221220. The Premier Success Plan was to run from September 1, 2023 through August 31, 2024.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Prime Trust, LLC. (6823); Prime IRA, LLC (8346); and Prime Digital LLC (4528);. The Debtors' mailing address is Prime Core Technologies, Inc. Plan Administrator, c/o Province Fiduciary Services, LLC, 2360 Corporate Circle, Suite 340, Henderson, Nevada 89074.

[2] Capitalized Terms not defined herein shall have the meanings given in the Confirmation Order and Plan.

WHEREAS, the Debtors rejected the Premier Success Service Plan as part of the Debtors' Fourth Amended Plan Supplement (Docket No. 615).

WHEREAS, on December 21, 2023, the Court entered the *Findings of Fact, Conclusions of Law and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Amended Chapter 11 Plan of Reorganization of Prime Core Technologies Inc. and Its Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 644] ("Confirmation Order"), confirming the *Amended Joint Chapter 11 Plan of Reorganization for Prime Core, Inc. and its Affiliated Debtors*, dated December 14, 2023 [Docket No. 592], as modified by the Initial Plan Supplement [Docket No. 486], the First Amended Plan Supplement [Docket No. 511], the Second Amended Plan Supplement [Docket No. 540], the Third Amended Plan Supplement [Docket No. 594], the Fourth Amended Plan Supplement [Docket No. 615], and the Fifth Amended Plan Supplement [Docket No. 620]  (collectively with the exhibits thereto, the "Plan"); and

WHEREAS, the Effective Date of the Plan was January 5, 2024; and

WHEREAS, pursuant to the Plan, the Plan Administrator was appointed with the powers of a debtor in possession and trustee under section 1107, 1123(b)(3), 704, and 1106 of the Bankruptcy Code and was authorized to implement the Plan empowered with all rights and defenses to claims filed against the Debtors' estates, including the Proof of Claim; and

WHEREAS, Okta has asserted an administrative expense claim under the Premier Success Plan in the amount of $4,705.75, for the services provided from September 1, 2023 through the Effective Date.

WHEREAS, the Plan Administrator and Okta have discussed Okta's asserted administrative expense claim and, after arms' length discussions, the Plan Administrator and Okta

2

have agreed to the allowance of an administrative expense claim in favor of Okta in the amount of $3,390.00 (for services provided from September 1, 2023 through November 30, 2023).

## STIPULATION

The Parties hereby stipulate and agree as follows:

1.      The Parties agree that Okta shall be allowed an administrative expense claim in the amount of $3,390.00 (the "Allowed Administrative Expense Claim").  The Plan Administrator will make a payment of $3,390.00 to Okta within fourteen (14) days of the entry of the Order approving this Stipulation in full and final satisfaction of the Allowed Administrative Expense Claim.

2.      The Plan Administrator further agrees to waive and release any and all claims and causes of action the Debtors may hold against Okta for potential avoidance of any transfer to Okta pursuant to chapter 5 of the Bankruptcy Code.

3.      The Parties acknowledge that this Stipulation constitutes the entire agreement between them with respect to the subject matter hereof, and all prior agreements, negotiations, and understandings with respect to the subject matter hereof are merged into this Stipulation.  No representative or agent of any party hereto has any authority to make any representation or promise not contained in this Stipulation, and each of the Parties hereto acknowledges that it has not executed this Stipulation in reliance upon any such representation or promise.

4.      This Stipulation shall be governed by the laws of the State of Delaware and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of laws principles or any other rule, regulation, or principle that would result in the application of any other state's law.

5.      Each of the Parties represents that it is legally competent to execute this Stipulation and each of the Parties warrants that the execution and delivery of this Stipulation by the undersigned officers or attorneys of the Parties has been duly authorized.

6.      Notwithstanding any prior order of the Bankruptcy Court or any of the applicable rules of procedure, this Stipulation shall become effective immediately upon the execution of this Stipulation.

7.      The Parties specifically reserve their rights to enforce the terms and conditions of this Stipulation.

8.      This Stipulation shall be binding upon and shall inure to the benefit of the Parties and their respective successors, assigns, and affiliates, and all other entities and individual persons seeking to claim and/or defend through the rights of the Parties.

9.      This Stipulation may be executed and delivered in separate identical counterparts and by facsimile or Adobe.pdf, each of which shall constitute an original and of which together shall constitute one and the same Stipulation.

10.     This Stipulation has been negotiated at arm's-length between persons knowledgeable in the matters dealt herein.  Accordingly, any rule of law that would require interpretation of any ambiguities in this Stipulation against the party that has drafted it does not apply and is hereby expressly waived by each party.

11.     The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from the implementation or interpretation of this Stipulation.

12.     The Parties further stipulate that each of them shall bear his, her or its own attorneys' fees, costs and other expenses in connection with all matters related to the Debtors,

including but not limited to the Allowed Administrative Expense Claim and the settlement of the

same.

Dated: February 5, 2024

**PLAN ADMINISTRATOR**

By: _/s/ David Dunn_
Name: David Dunn
Title:  Plan Administrator

Dated: February 5, 2024

**OKTA, Inc.**

By: _/s/ Jordan L. Williams_
Name: Jordan L. Williams
Title:  Counsel to Okta, Inc.

5