**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | ) Case No. 23-11161 (JKS) |
| Debtors. | ) **Obj. Deadline: February 28, 2024 at 4:00 p.m. (ET)** |
| | ) **Hrg. Date:** ***Only if objections are filed*** |

**SUMMARY OF THIRD MONTHLY FEE APPLICATION OF GALAXY DIGITAL PARTNERS LLC, AS INVESTMENT BANKER TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM NOVEMBER 1, 2023 THROUGH NOVEMBER 30, 2023**

| | |
|---|---|
| Name of Applicant: | **GALAXY DIGITAL PARTNERS LLC** |
| Authorized to provide professional services to: | **Prime Core Technologies Inc., et al.** |
| Date of retention: | **October 4, 2023, effective as of August 14, 2023** |
| Period for which compensation and reimbursement is sought: | **November 1, 2023 through November 30, 2023** |
| Amount of compensation sought as actual, reasonable and necessary: | **$54,000.00 (80% of $67,500.00)** |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | **$0** |
| This is a: | **Third Monthly Application** |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

**Prior Applications:**

| Application | Date Filed | Period Covered | Requested Fees/Expenses | Approved Fees/Expenses |
|---|---|---|---|---|
| **First Monthly** | 12/22/2023 [DI 651] | 9/1/2023 – 9/30/2023 | $25,000.00/ $0.00 | $25,000.00/ $0.00 |
| **Second Monthly** | 12/22/2023 [DI 652] | 10/1/2023 – 10/31/2023 | $25,000.00/ $0.00 | $25,000.00/ $0.00 |

**PRIME CORE TECHNOLOGIES INC., ET AL.**
**SUMMARY OF BILLING BY PROFESSIONAL**
**NOVEMBER 1, 2023 THROUGH NOVEMBER 30, 2023**

| Name of Professional Person | Position with the Applicant | Hours Billed |
|---|---|---|
| Alex Chen | Analyst | 30.0 |
| Alwyn Clarke | Vice President | 31.0 |
| Albert Chao | Managing Director | 28.5 |
| Michael Ashe | Head of Investment Banking | 21.5 |
| Spencer Galishoff | Analyst | 40.5 |
| **TOTAL** | | **151.5** |

**COMPENSATION BY PROJECT CATEGORY**
**NOVEMBER 1, 2023 THROUGH NOVEMBER 30, 2023**

| Project Category | Total Hours |
|---|---|
| Correspondence with potential investors | **8.5** |
| Correspondence with debtors' counsel and financial advisors | **13.0** |
| Correspondence with UCC's counsel and financial advisors | **15.0** |
| Correspondence with debtors and special committee | **3.0** |
| Correspondence with other external parties or multiple parties | **14.0** |
| Internal diligence and preparation of materials | **94.0** |
| Other administrative processes and analysis | **4.0** |
| **TOTALS** | **151.5** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | ) | Case No. 23-11161 (JKS) |
| Debtors. | ) | **Obj. Deadline: February 28, 2024 at 4:00 p.m. (ET)** |
| | ) | **Hrg. Date: *Only if objections are filed*** |

**THIRD MONTHLY FEE APPLICATION OF GALAXY DIGITAL PARTNERS LLC, AS INVESTMENT BANKER TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM NOVEMBER 1, 2023 THROUGH NOVEMBER 30, 2023**

Galaxy Digital Partners LLC ("Galaxy"), investment banker to Prime Core Technologies Inc. and certain of its affiliates and subsidiaries, as debtors (the "Debtors") in the above-captioned chapter 11 case (the "Chapter 11 Case"), hereby applies (the "Application"), pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for allowance of compensation for services rendered and reimbursement of expenses for the period from November 1, 2023 through November 30, 2023 (the "Application Period"), and respectfully represents as follows:

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue of the Chapter 11 Case and this Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief requested herein are Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016, and Local Rule 2016-2. Pursuant to Local Rule 9013-1(f), Galaxy consents to the entry of a final judgement or order with respect to this Application if it is determined that this Court would lack Article III jurisdiction to enter such final judgement or order absent the consent of the parties.

## BACKGROUND

### A. The Chapter 11 Case

4. On August 14, 2023 (the "Petition Date"), each Debtor commenced a Chapter 11 Case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). These cases have been jointly administered for procedural purposes only.

5. The Debtors managed their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee or examiner was appointed in the Chapter 11 Case.

6. On August 29, 2023, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to

Bankruptcy Code section 1102 (the "Committee") [Docket No. 51]. The Committee is comprised of the following unsecured creditors: (a) Yousef Abbasi; (b) Allsectech, Inc.; (c) DMG Blockchain Solutions, Inc.; (d) Net Cents Technology, Inc.; (e) Stably Corporation; and (f) Austin Ward.

7. Additional information regarding the Debtors and the Chapter 11 Case, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of the Chapter 11 Case, is set forth in the *Declaration of Jor Law, Interim Chief in Support of the Chapter 11 Petition and First Day Motions* [Docket No. 14] (the "First Day Declaration"), which is incorporated by reference as if fully set forth herein.

8. On December 21, 2023, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Amended Chapter 11 Plan of Reorganization of Prime Core Technologies Inc. and Its Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 644] (the "Confirmation Order").

9. On January 5, 2024, the Debtors filed the *Notice of (I) Entry of Order (A) Approving Disclosure Statement on a Final Basis, and (B) Confirming Amended Chapter 11 Plan of Reorganization of Prime Core Technologies Inc. and its Affiliated Debtors; (II) Occurrence of Effective Date of the Plan; (III) Substantial Consummation of the Plan; and (IV) Certain Bar Dates* [Docket No. 694] to certify and give notice that the Plan became effective in accordance with its terms.

**B. The Retention of Galaxy**

10. On September 14, 2023, the Debtors applied [Docket No. 125] (the "Galaxy Retention Application") to the Court for an order authorizing the Debtors to retain and employ

Galaxy as its investment banker, effective as of the petition date. On October 4, 2023, the Court entered an order [Docket No. 244] (the "Galaxy Retention Order") authorizing such retention.

11. The Galaxy Retention Application set forth Galaxy's proposed compensation for its services to the Debtors. *See* Galaxy Retention Application, ¶ 16. As described therein, the Debtors agreed to pay Galaxy, among other fees, a non-refundable cash fee of $25,000 per month for the first three months of the Chapter 11 Cases and $100,000 per month thereafter (each, a "Monthly Restructuring Fee"). *See id.* Pursuant to the Galaxy Retention Order, the Court approved the Monthly Restructuring Fee. *See* Galaxy Retention Order, ¶ 3. By this Application, Galaxy is owed a Monthly Restructuring Fee of $67,500.00, comprised of $10,833.33 ($25,000.00 prorated for the first 13 days of the month) and $56,666.67 ($100,000.00 prorated for the final 17 days of the month).

**C. The Interim Compensation Order**

12. On September 18, 2023, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 149] (the "Interim Compensation Order"),[2] which sets the procedures for interim compensation and reimbursement of expenses in the Chapter 11 Case. Specifically, that provided that there are no objections to the Monthly Fee Application filed within twenty (21) days after the service of a Monthly Fee Application, the Retained Professional may file a certificate of no objection with the Court, after which the Debtors is authorized to pay such Retained Professional eighty percent (80%) of the fees and one-hundred percent (100%) of the expenses requested in such Monthly Fee Application. If an objection is filed to the Monthly Fee Application and the parties reach a

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such items in the Interim Compensation Order.

consensual resolution, the Debtors are authorized to pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses.

## SUMMARY OF SERVICES RENDERED

***Correspondence with potential investors (8.5 Hours)***

13. During the Application Period, Galaxy engaged in various tasks related to the potential sale of estate assets including the review of bids and discussions of proposals received.

***Correspondence with debtors' counsel and financial advisors (13.0 Hours)***

14. During the Application Period, Galaxy engaged in various tasks related to the analysis of Debtors' DIP financing and communicating with Debtors' counsel and financial advisors regarding assessments of due diligence related to licensing agreements.

***Correspondence with UCC's counsel and financial advisors (15.0 Hours)***

15. During the Application Period, Galaxy engaged in various tasks related to communicating with the Committee and its financial advisor regarding the received bids and the evaluation of bids to determine the potential benefits to the Debtors' estate.

***Correspondence with debtors and special committee (3.0 Hours)***

16. During the Application Period, Galaxy engaged in various tasks related to discussions regarding the status of the bid and sale process, and potential sale alternatives.

***Correspondence with other external parties or multiple parties (14.0 Hours)***

17. During the Application Period, Galaxy engaged in various tasks related to communications with Debtors, bidders, and other parties regarding agreements, inventory, and proprietary assets of the Debtors' estate.

***Internal diligence and preparation of materials (94.0 Hours)***

18. During the Application Period, Galaxy engaged in various tasks related to internal compilation of relevant materials to present to Debtors and Committee professionals relating to bidder communications, as well as the review of DIP financing proposals and terms.

***Other administrative processes and analysis (4.0 Hours)***

19. During the Application Period, Galaxy engaged in various tasks related to internal communications between Debtors and Committee professionals related to the outreach and marketing of the Debtors' assets.

## RELIEF REQUESTED

20. Pursuant to the Interim Compensation Order and Bankruptcy Code section 331, Galaxy is seeking compensation in the amount of $54,000.00, which is equal to eighty percent (80%) of the $67,500.00 in fees for professional services rendered by Galaxy during the Application Period. This amount is derived solely from the applicable hourly billing rates of Galaxy's personnel who rendered such services to the Debtors. Galaxy is not seeking reimbursement of expenses during the Application Period.

### A. Compensation Requested

21. Attached hereto as **Exhibit A** is a detailed itemization, by project category, of all services performed by Galaxy with respect to the Chapter 11 Case during the Application Period. This detailed itemization complies with Local Rule 2016-2(d) in that each time entry contains a separate time allotment, a description of the type of activity, and the subject matter of the activity, all time is billed in increments of one-half of an hour, time entries are presented chronologically in categories, and all meetings or hearings are individually identified.

**VALUATION OF SERVICES**

22. Attached here to as **Exhibit A** is a detailed statement of fees incurred during the Application Period, showing the amount of professional services rendered by Galaxy during the Application Period.

23. The services rendered by Galaxy during the Application Period are grouped into the categories set forth in **Exhibit A**. The professionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total time for each category, in the attachments hereto. The following paragraphs describe the primary services rendered by Galaxy during the Application Period.

**RELIEF REQUESTED**

24. Professionals of Galaxy have expended a total of 151.5 hours in connection with this matter during the Application Period.

25. The amount of time spent by each of the professionals providing services to the Debtors for the Application Period is set for in **Exhibit A**. As discussed in the Application and in the order authorizing the retention, the fee structure is based on a flat rate.

26. Galaxy believes that the time entries included in **Exhibit A** attached hereto is in compliance with the requirements of Local Rule 2016-2.

27. In accordance with the factors enumerated in Bankruptcy Code section 330, Galaxy submits that the amount requested is fair and reasonable given (a) the complexity of the Chapter 11 Case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a cause under this title.

**NO PRIOR REQUEST**

28. No prior request for the relief sought in the Application has been made to this or any other court.

**CERTIFICATE OF COMPLIANCE AND WAIVER**

29. The undersigned representative of Galaxy certifies that she has reviewed the requirements of Local Rule 2016-2 and that the Application substantially complies with that Local Rule. To the extent that the Application does not comply in all respects with the requirements of Local Rule 2016-2, Galaxy believes that such deviations are not material and respectfully requests that any such requirement be waived.

**CONCLUSION**

WHEREFORE, Galaxy respectfully requests that the Court enter an Order: (i) granting the Application and authorizing (a) allowance of compensation in the amount of $54,000.00 (80% of $67,500.00) for professional services rendered, and (b) reimbursement for actual and necessary costs in the amount of $0; (ii) directing payment by the Debtors of the foregoing amounts; and (iii) granting such other further relief as the Court deems just and proper.

*[Remainder of Page Intentionally Left Blank*

Dated: February 7, 2024
Wilmington, Delaware

**MCDERMOTT WILL & EMERY LLP**

*/s/ Maris J. Kandestin*
Maris J. Kandestin (No. 5294)
1000 N. West Street, Suite 1400
Wilmington, Delaware 19801
Telephone: (302) 485-3900
Facsimile: (302) 351-8711
Email: mkandestin@mwe.com

-and-

Darren Azman (admitted *pro hac vice*)
Joseph B. Evans (admitted *pro hac vice*)
J. Greer Griffith (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Facsimile: (646) 547-5444
Email: dazman@mwe.com
jbevans@mwe.com
ggriffith@mwe.com

-and-

Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, Florida 33131
Telephone: (305) 358-3500
Facsimile: (305) 347-6500
Email: gsteinman@mwe.com

*Counsel to the Debtors*