**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Prime Core Technologies Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11161 (JKS)<br><br>(Jointly Administered)<br><br>Objection Deadline: February 23, 2024 at 4:00 pm (ET)<br>Hearing Date: April 11, 2024, at 1:00 p.m. (ET) |

**WEALTHCHAIN, INC.'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER SUSTAINING THE DEBTORS' FIRST (SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN FILED PROOFS OF CLAIM AND TO REINSTATE PROOF OF CLAIM NO. 36**

Wealthchain, Inc. ("Wealthchain" or "Claimant"), by and through its undersigned counsel, files this motion, pursuant to 11 U.SC. § 502(j) and Rule 3008 of the Federal Rules of Bankruptcy Procedure to reconsider the Court's *Amended Order Sustaining Debtors' First (Substantive) Omnibus Objection to Certain Filed Proofs of Claim* [D.I. #677] (the "Objection"), overrule *Debtors' First (Substantive) Omnibus Objection to Certain Filed Proofs of Claim* [D.I. 435, 436] as it relates to Wealthchain's proof of claim, number 36 (the "Claim"), and reinstate the Claim. In support of this Motion, Claimant respectfully represents as follows:

**JURISDICTION AND VENUE**

1.  The Court has jurisdiction to hear this Motion pursuant to 28 U.S.C. §§ 1334(a) and 157(a). The Motion presents a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A) and (O). Venue is proper in this District pursuant to 28 U.S.C. § 1408.

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

1

2. The statutory predicate for the relief requested is 11 U.S.C. § 502(j), Rule 3008 of the Federal Rules of Bankruptcy Procedure and Rule 60 of the Federal Rules of Civil Procedure.

## BACKGROUND

3. Prime Core Technologies Inc., Prime Trust, LLC, Prime IRA LLC and Prime Digital, LLC (collectively, the "Debtors") each filed voluntary petitions under Chapter 11 of title 11, United States Code (the "Bankruptcy Code") and commenced the above-captioned cases on August 14, 2023 (the "Petition Date").

4. The Debtors' Amended Chapter 11 Plan of Reorganization of Prime Core Technologies Inc. and its Affiliated Debtors was confirmed by this Court on December 21, 2023.

5. The effective date of the Plan was January 5, 2024.

I. **Wealthchain's Relationship with the Debtors**

6. In January 2022, Wealthchain and Debtors entered into an agreement where Debtors were to provide Wealthchain access to certain services and resources through Debtor's Application Programming Interfaces ("API"). As part of the agreement, Wealthchain paid monthly invoices to the Debtors. Despite having paid $140,023 to the Debtors, Wealthchain was never actually able to use the Debtors' API services as a result of Debtors' internal processes, among other things.

7. Because Wealthchain was unable to use the API services for which it had been paying, the parties discussed providing Wealthchain a credit towards future services for the amounts paid (the "Credit") once Wealthchain's product was approved and launched.

8. Although Wealthchain received approval to go live on May 12, 2023, Wealthchain was never able to use any of the Debtors' services, primarily as a result of the Debtors ongoing legal issues in Nevada and the subsequent filing of these cases.

9.      On or around September 22, 2023, Wealthchain filed a proof of claim in this case, attaching supporting documentation to support the $140,023 credit that Debtors owed to Wealthchain (the "Claim").

**II.      The Claim Objection**

10.      On or about November 18, 2023, the Debtors filed the Debtors' First (Substantive) Omnibus Objection to Certain Filed Proofs of Claim (the "Objection"). [D.I. 435; 436]. The Claim was identified on Exhibit A to the Objection.

11.      Pursuant to the Objection, Debtors objected to the Claim on the grounds that "[u]pon review of the Debtors' Books and Records, the Debtors have no information about this claimant, any amount owed to this claimant, or any reason to know who this claimant is."

12.      The Objection further provided that "Debtors will provide notice of this Objection to . . . each holder of a Disputed Claim . . . ." [D.I. 436 at ¶ 26].

13.      Upon review of its records, Wealthchain never received notice of the Objection, despite having received regular emails from the claims agent regarding other filings made in this case. *See Declaration of Kevin Mehrabi in Support of Wealthchain, Inc.'s Motion for Reconsideration of the Court's Order Sustaining the Debtors' First (Substantive) Omnibus Objection to Certain Filed Proofs of Claim and to Reinstate Proof Claim No. 36.* (the "Mehrabi Declaration")

14.      On December 21, 2023, the Court entered the Order expunging the Claim, [D.I. 643], which was subsequently amended on January 2, 2024 [D.I. 677].

**RELIEF REQUESTED**

15.      Pursuant to 11 U.S.C. § 502(j) and Bankruptcy Rule 3008, Claimant seeks reconsideration of the Claim; and requests that this Court overrule the Objection and reinstate the Claim.

**BASIS FOR RELIEF REQUESTED**

16. The Claim should be reinstated because Claimant's failure to respond to the Objection was the result of excusable neglect, the time to respond to the Objection should be enlarged, and for the same reasons, the Objection should be overruled, and the Claim should be reinstated.

17. Further, the basis for the Debtors' objection is wholly without merit as it is based on the assertion that the "Debtors have no information about this claimant, any amount owed to this claimant, or any reason to know who this claimant is," which is demonstrably false. As discussed further below, Debtors are well aware of the Claimant's identity and the basis for the Claim.

18. Under Section 502(j), "[a] claim that has been allowed or disallowed may be reconsidered for cause . . . [and] may be allowed or disallowed according to the equities of the case." 11 U.S.C. § 502(j). Rule 3008 of the Federal Rules of Bankruptcy Procedure allows any party in interest to seek reconsideration of an order allowing or disallowing a claim against the estate. After notice and hearing, the Court may enter an "appropriate order" reinstating a claim at its discretion. Fed. R. Bankr. R. 3008, Ad. Commte. Note.

19. Although Section 502(j) does not define the term "cause", this Court has found that "excusable neglect" is cause for reconsideration. See Pro-Tec Servs., LLC v. Inacom Corp. (In re Inacom Corp.), No. 00-2426, 2004 U.S. Dist. LEXIS 20822 (D. Del. Oct. 4, 2004).

**I.    Claimant's Failure to Respond to the Objection was the Result of Excusable Neglect**

20. The failure to timely respond to the Objection amounts to "excusable neglect" as that term was defined by the Supreme Court in Pioneer Investment Services Company v. Brunswick Associates Limited Partnership, 507 U.S. 380, 389 (1993).

21.     In Pioneer, the Supreme Court interpreted Rule 9006(b)(1) and took a broad view of "excusable neglect", instructing courts to take into account "equitable circumstances" in determining whether a party's acts constitute excusable neglect. Id. at 395.

22.     Under Pioneer, a determination of whether neglect is excusable "is at bottom an equitable one taking account of all relevant circumstances surrounding the party's omission." Pioneer, 507 U.S. at 395; see also In re W.R. Grace & Co., 626 B.R. 217, 234 (Bankr. D. Del. 2021). Factors to be considered in making the determination include:

> (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.

In re W.R. Grace & Co., 626 B.R. at 234. No one factor is determinative. Id.

23.     In this case, the delay in responding was in no way due to willful or deliberate neglect on the part of Claimant. First and foremost, Wealthchain never received proper notice of the Objection. Moreover, Wealthchain was unsure what the voluminous notices and emails it was receiving from the claims agent meant, which was compounded by the fact that the claims agent at one point even responded by pointing Wealthchain to the website of an unrelated entity.

24.     Further, as highlighted in the emails between Wealthchain and Debtors, Wealthchain has been actively pursuing the Claim before the Petition Date and was in ongoing discussions with representatives of the Debtor leading up to the initial filing of the Objection.[2]

25.     Finally, reinstatement of the Claim will have no impact on any judicial proceedings. First, it does not appear that the claims objection process has been concluded. Indeed, certain claim bar deadlines are still outstanding. Second, the Plan has only been effective since January

---

[2] Upon request, Wealthchain will provide the e-mail discussions with the Debtors.

5, 2024, and the amended Order sustaining the objection to the Claim was filed on January 2, 2024. Last, it does not appear that any distributions or distribution dates have been set by the plan administrator. Consequently, the length of delay is insignificant and vacating the Order will have no impact on the judicial proceedings nor will it prejudice the Debtors with respect to the Objection.

26. For these reasons, Wealthchain's failure to respond to the Objection was the result of excusable neglect, and the Court should reconsider the Order and reinstate the Claim.

## II. The Claim Should Be Reinstated

1. Debtors' sole reason for objecting to the Claim was because Debtors purportedly had "no information about [Wealthchain], any amount owed to [Wealthchain], or any reason to know who [Wealthchain] is." This assertion is patently false.

2. First, as support for the Claim, Wealthchain included a payment report, which was **generated by the Debtors themselves,** which showed the payments made to the Debtors.[3] For the Debtors to now claim that they have no record of or have ever heard of Wealthchain is disingenuous and outright offensive.

3. Moreover, as demonstrated in the attached emails, Wealthchain was in regular contact with the Debtors before and after the Petition Date. Notably, Wealthchain was in direct contact with the Debtors' interim CEO regarding Wealthchain's claim shortly before the filing of the Objection.[4] Astonishingly, a mere three days before claiming they had no idea or reason to know the identity of Wealthchain, the Debtors filed their *Second Omnibus Motion for Entry of an Order (A) Authorizing the Debtors to Reject Certain Executory Contracts, Effective as of*

---

[3] Upon request, Wealthchain will provide the e-mail from Debtors attaching the report.
[4] Upon request, Wealthchain will provide copies of the emails with Jor Law.

*November 15, 2023, and (B) Granting Related Relief* [D.I. 428], which lists Wealthchain as a counterparty to a contract with the Debtors.

4.     For the reasons above, the Debtors' reasoning for objecting to the Claim is entirely unfounded. As such, the Objection should be overruled and the Claim reinstated.[5]

WHEREFORE, for all of the above reasons, Claimant, Wealthchain, respectfully requests that the Court enter an order, substantially in the form attached hereto, (i) vacating the Order solely as it relates to the Claim, (ii) reinstating the Claim, and (iii) granting such other and further relief as is just and equitable.

Dated: February 9, 2024
       Wilmington, Delaware

Respectfully submitted,

**GELLERT SCALI BUSENKELL & BROWN, LLC**

*/s/ Michael Van Gorder*
Michael Van Gorder (DE 6214)
1201 North Orange Street, Suite 300
Wilmington, Delaware 19801
Telephone (302) 425-5800
Email: mvangorder@gsbblaw.com

*Counsel to Wealthchain, Inc.*

---

[5] Similarly, under Bankruptcy Rule 9006(b), the Court may enlarge the time to respond to the Objection "on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."