IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Prime Core Technologies Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11161 (JKS)<br><br>(Jointly Administered)<br><br>Re Docket Nos.: 124, 242 & 706 |

**SUPPLEMENTAL DECLARATION OF DARREN AZMAN IN SUPPORT
OF THE APPLICATION OF THE DEBTORS FOR ENTRY OF AN ORDER
AUTHORIZING THE RETENTION AND EMPLOYMENT OF MCDERMOTT WILL &
EMERY LLP AS COUNSEL, PURSUANT TO BANKRUPTCY CODE SECTION 327(a),
BANKRUPTCY RULES 2014(a) AND 2016, AND LOCAL RULE 2014-1,
EFFECTIVE AS OF THE PETITION DATE**

I, Darren Azman, being duly sworn, state the following under penalty of perjury:

1.      I am a partner in the law firm of McDermott Will & Emery LLP ("McDermott"), located at One Vanderbilt Avenue, New York, NY 10017-3852. I am a member in good standing of the Bars of the State of New York and the Commonwealth of Massachusetts, and I have been admitted to practice in the United States District Courts for the Eastern and Southern Districts of New York, and the United States Bankruptcy Court for the Southern District of New York. There are no disciplinary proceedings pending against me.

2.      On January 16, 2024, I submitted the *Supplemental Declaration of Darren Azman in Support of the Application of the Debtors for Entry of an Order Authorizing the Retention and Employment of McDermott Will & Emery LLP as Counsel Pursuant to Bankruptcy Code section 327(a), Bankruptcy Rules 2014(b) and 2016, and Local Rule 2014-1, Effective as of the Petition*

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

Date [Docket No. 706] (the "Supplemental Declaration") in further support of the *Application of the Debtors for Entry of an Order Authorizing the Retention and Employment of McDermott Will & Emery LLP as Counsel Pursuant to Bankruptcy Code section 327(a), Bankruptcy Rules 2014(b) and 2016, and Local Rule 2014-1, Effective as of the Petition Date* (the "Application") [Docket No. 124].[2]

3. I hereby submit this amended supplemental declaration (the "Amended Supplemental Declaration") in further support of the Application and to clarify the statements set forth in the Supplemental Declaration at the request of the Office of the United States Trustee. Except as otherwise indicated, I have personal knowledge of the matters set forth herein.[3]

**Background**

4. On September 14, 2023, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the Application. In support of the Application, the Debtors submitted the *Declaration of Darren Azman in Support of Application of Debtors for Entry of an Order Authorizing the Retention and Employment of McDermott Will & Emery LLP as Counsel, Pursuant to Bankruptcy Code Section 327(a), Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1, Effective as of the Petition Date* (the "Azman Declaration"), which was attached to the Application as Exhibit B. Attached to the Azman Declaration as Schedule 1 is a list of the various parties which the Debtors and McDermott determined are potential parties in interest in these chapter 11 cases (the "Chapter 11 Cases").

---

[2] Capitalized terms used but not defined herein have the meanings given to such terms in the Application.

[3] Certain of the disclosures provided herein relate to matters within the knowledge of attorneys of McDermott and are based on information provided by them.

5. On October 4, 2023, the Court entered the *Order Authorizing the Retention and Employment of McDermott Will & Emery LLP as Counsel, Pursuant to Bankruptcy Code Section 327(a), Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1, Effective as of the Petition Date* [Docket No. 242].

**Additional Disclosures of Relationships**

6. As explained in the Azman Declaration, McDermott undertook an analysis to determine whether it had any conflicts or other relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Debtors. Since the filing of the Azman Declaration, McDermott has reviewed notices of appearance and taken other steps to further identify any connections it may have to creditors and other parties in interest in the above-captioned Chapter 11 Cases.

7. As a result of these steps and through additional conflicts searches, McDermott identified Wave Digital Assets LLC ("Wave") as a party in interest in these Chapter 11 Cases.

8. By way of background, on December 15, 2023, the Court entered an *Order (I) Approving Settlement Agreement Among the Debtors, Tiki Labs, Inc. d/b/a Audius Inc., and the Selling AUDIO Holders; (II) Authorizing the Debtors to Sell Certain AUDIO Free and Clear of All Liens, Claims, Interests and Encumbrances; and (III) Granting Related Relief* [Docket No. 604] (the "AUDIO Order"). Among other things, the AUDIO Order granted the Debtors authority to liquidate the AUDIO in the secondary market without further order of the Court and pay any necessary fees and expenses in connection with same. *See* AUDIO Order, ¶¶ 7-8.

9. Due to the limited volume and speculative nature of AUDIO, the pool of vendors qualified to liquidate AUDIO was extremely small. The Debtors identified two (2) vendors

qualified to act in this capacity, one of which was Wave. Of the two vendors, only Wave was willing to liquidate AUDIO.

10. McDermott has represented and continues to represent Wave in matters unrelated to the Debtors' Chapter 11 Cases. For the avoidance of doubt, at no time did McDermott represent Wave in connection with these Chapter 11 Cases, including, without limitation, in connection with the AUDIO transactions. Substantially contemporaneously with McDermott's identification of the connection between it and Wave, (a) McDermott disclosed the connection to the Special Committee of the Debtors and the official committee of unsecured creditors, both of which approved the Debtors' retention of Wave, and (b) McDermott provided clear and unambiguous notice to Wave that McDermott was not acting as its counsel in connection with the Chapter 11 Cases, including with respect to the Debtors' contracting with Wave to liquidate AUDIO. I do not believe this connection precludes McDermott from meeting the disinterestedness standard under the Bankruptcy Code.

## Affirmative Statement of Disinterestedness

11. Based on the conflicts search conducted to date and described herein, to the best of my knowledge and insofar as I have been able to ascertain, McDermott (a) does not hold or represent any interest adverse to the Debtors' estates, (b) is still a "disinterested person" within the meaning of Bankruptcy Code section 101(14), as required by Bankruptcy Code section 327(a), (c) does not hold or represent an interest adverse to the Debtors' estates, and (d) has no connection with any of the Debtors, their creditors, or any other party in interest, the United States Trustee for the District of Delaware, any judge in this Court or the District Court, or any person employed in the offices of the foregoing, except as disclosed or otherwise described herein.

12. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: February 22, 2024

Respectfully submitted,

*/s/ Darren Azman*
Darren Azman
Partner
McDermott Will & Emery LLP