**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Prime Core Technologies Inc., *et al.*,<br><br>Debtors.[1] | ) Chapter 11<br>)<br>) Case No. 23-11161 (JKS)<br>)<br>) (Jointly Administered)<br>)<br>) **Obj. Deadline: March 19, 2024 at 4:00 p.m. (ET)**<br>) **Hrg. Date: April 11, 2024 at 1:00 p.m. (ET)** |

**SUMMARY OF FINAL FEE APPLICATION
OF STRETTO, INC. FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS
ADMINISTRATIVE AGENT TO THE DEBTORS AND DEBTORS IN POSSESSION
FOR THE PERIOD FROM AUGUST 14, 2023 THROUGH JANUARY 5, 2024**

| | |
|---|---|
| Name of applicant: | Stretto, Inc. |
| Authorized to provide professional services to: | Prime Core Technologies Inc., *et al.* |
| Date of retention: | Order entered October 4, 2023 effective to August 14, 2023 |
| Period for which compensation and reimbursement is sought: | August 14, 2023 through January 5, 2024 |
| Amount of compensation sought as actual, reasonable and necessary: | $31,786.20[2] |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | $0.00 |

This is a(n): ____ monthly ____ interim __X__ final application.

The total time expended for fee application preparation is approximately 0.0 hours and the corresponding compensation requested is approximately $0.00.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

[2] Listed Amount of Compensation Sought is net of Client Contractual Discount in the amount of $3,531.80.

## Summary of Prior Applications

None.

## Compensation by Project Category

| Project Category | Hours | Fees |
|---|---|---|
| Hearings | 8.0 | $2,000.00 |
| Retention and Fee Applications | 5.2 | $1,196.00 |
| Schedules and Statements | 84.8 | $17,996.00 |
| Tabulation | 61.4 | $14,126.00 |
| Less Client Contractual Discount | | ($3,531.80) |
| **Total** | **159.4** | **$31,786.20** |

## Compensation by Professional

| Name | Position | Rate | Hours | Total |
|---|---|---|---|---|
| Brian Karpuk | Managing Director | $250.00 | 19.6 | $4,900.00 |
| Andrew Fitzpatrick | Solicitation Associate | $230.00 | 0.3 | $69.00 |
| Felicia Turner | Solicitation Associate | $230.00 | 0.7 | $161.00 |
| Kristine Tu | Solicitation Associate | $230.00 | 7.9 | $1,817.00 |
| Monica Balos | Solicitation Associate | $230.00 | 3.3 | $759.00 |
| Staphany Alcantar | Solicitation Associate | $230.00 | 0.4 | $92.00 |
| James Nguyen-Phan | Solicitation Associate / Senior Associate | $230.00 / $180.00 | 23.6 | $4,433.00 |
| Aileen Daversa | Director | $230.00 | 13.6 | $3,128.00 |
| Nancy Vandell | Director | $230.00 | 10.7 | $2,461.00 |
| Nicholas Kennedy | Director | $230.00 | 5.2 | $1,196.00 |
| Alexa Westmoreland | Director | $220.00 | 74.1 | $16,302.00 |
| Less Client Contractual Discount | | | | ($3,531.80) |
| **Grand Total** | | | **159.4** | **$31,786.20** |
| **Blended Rate** | | | | **$199.41** |

## Expense Summary

| Expense Category | Expenses |
|---|---|
| None | $0.00 |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Prime Core Technologies Inc., *et al.*,<br><br>Debtors.[1] | ) Chapter 11<br>)<br>) Case No. 23-11161 (JKS)<br>)<br>) (Jointly Administered)<br>)<br>) **Obj. Deadline: March 19, 2024 at 4:00 p.m. (E.T.)**<br>) **Hrg. Date: April 11, 2024 at 1:00 p.m. (ET)** |

**FINAL FEE APPLICATION OF STRETTO, INC.
FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS
ADMINISTRATIVE AGENT TO THE DEBTORS AND DEBTORS IN POSSESSION
FOR THE PERIOD FROM AUGUST 14, 2023 THROUGH JANUARY 5, 2024**

By this application (this "Application"), pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 149] (the "Interim Compensation Order"), Stretto, Inc. ("Stretto") hereby seeks reasonable compensation for professional administrative services rendered to the above-captioned debtors and debtors in possession (collectively, the "Debtors") in the amount of $31,786.20 during the period commencing August 14, 2023 through and including January 5, 2024 (the "Final Fee Period"). In support of this Application, Stretto respectfully represents as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 330 South Rampart Blvd., Suite 260, Las Vegas, NV 89145.

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Stretto confirms its consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. The statutory bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-2. A certification pursuant to Local Rule 2016-2 is attached hereto as **Exhibit A**.

**Background**

4. On August 14, 2023 (the "Petition Date"), each of the Debtors filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the Debtors' Chapter 11 Cases (the "Chapter 11 Cases").

5. On September 18, 2023, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for professionals retained in the Chapter 11 Cases.

6. On December 21, 2023, the Court entered an order [Docket No. 644] confirming the *Amended Chapter 11 Plan of Reorganization of Prime Core Technologies Inc. and its Affiliated Debtors* [Docket No. 592-1] (collectively with all exhibits and supplements and any modifications

or other amendments thereto, the "Plan"). On January 5, 2024, the Plan became effective in accordance with its terms.

### Stretto's Retention

7. On August 29, 2023, the Court entered an order [Docket No. 54] (the "Notice and Claims Agent Order") authorizing the employment and retention of Stretto as claims and noticing agent to the Debtors, effective as of the Petition Date. On October 4, 2023, the Court entered an order [Docket No. 243] (the "Retention Order") authorizing the employment and retention of Stretto as administrative agent (in this capacity, the "Administrative Agent") to the Debtors, effective as of the Petition Date.

8. Under the Retention Order, Stretto is authorized to provide the Debtors with a range of bankruptcy-related administrative services on an as-needed basis pursuant to the Engagement Agreement (as defined in the Retention Order), including, among other things: (a) assisting with the preparation of the Debtors' schedules of assets and liabilities and statements of financial affairs and the Debtors' schedules of executory contracts and unexpired leases; (b) assisting with solicitation, balloting, tabulation, and calculation of votes, as well as preparing any appropriate reports required in furtherance of confirmation of any chapter 11 plan; (c) generating an official ballot certification and testifying, if necessary, in support of the ballot tabulation results for any chapter 11 plan(s) in the Chapter 11 Cases; (d) generating, providing and assisting with claims objections, exhibits, claims reconciliation, and related matters; and (e) providing such other claims processing, noticing, solicitation, balloting, and administrative services, as may be requested by the Debtors from time to time.

**Relief Requested**

9. By this Application, Stretto requests entry of an order (a) allowing, authorizing, and directing payment by the Debtors of compensation in the amount of $31,786.20 for necessary services rendered, and reimbursement of actual and necessary costs in the amount of $0.00 incurred, by Stretto as Administrative Agent to the Debtors during the Final Fee Period; (b) granting final allowance of such compensation and cost reimbursement amounts; and (c) granting such other and further relief as the Court deems just and proper.

**Compensation Sought and Paid and its Source**

10. All services for which compensation is sought by Stretto herein were performed for or on behalf of the Debtors.

11. Except to the extent of any retainer paid to Stretto, Stretto has neither sought nor received any payment or promises for payment from any source during the Final Fee Period in connection with the matters described in this Application.

12. There is no agreement or understanding between Stretto and any other person, other than affiliates, partners, managers, directors, and employees of Stretto, for sharing of the compensation to be received for services rendered to the Debtors in connection with the Chapter 11 Cases. The fees sought by this Application do not include any fees or expenses that may be payable by the Debtors for services provided by Stretto under the Notice and Claims Agent Order, which provides separate procedures for the payment of such fees and expenses. Furthermore, no fees or expenses sought by this Application have been sought to be paid under the Notice and Claims Agent Order.

**Summary of Services Rendered**

13. Stretto maintains computerized records of the time spent by employees in connection with Stretto's role as Administrative Agent to the Debtors. A detailed statement of

hours spent rendering services to the Debtors in support of the compensation for fees and expenses incurred during the Final Fee Period is attached hereto as **Exhibit B**, and which (a) identifies each employee that rendered services in each task category; (b) describes each service such employees performed; (c) sets forth the number of hours in increments of one-tenth of an hour spent by each employee providing services; and (d) as applicable, lists the particular type of expenses incurred.

### Final Fee Period

14. Stretto's employees provided 159.4 hours of services as Administrative Agent to the Debtors during the Final Fee Period with a reasonable value of $31,786.20.

15. The following is a summary by category of the professional services provided by Stretto during the Final Fee Period.

**A. Hearings**

Total Fees: $1,800.00
Total Hours: 8.0

16. The services in this category include preparation for and attendance at the hearing with respect to confirmation of the Plan.

**B. Retention**

Total Fees: $1,076.40
Total Hours: 5.2

17. The services in this category include preparation and review of the motions seeking entry of the Notice and Claims Agent Order and the Retention Order.

**C. Schedules and Statements**

Total Fees: $16,196.40
Total Hours: 84.8

18.     The services in this category include the preparation of the Debtors' schedules of assets and liabilities and statements of financial affairs, which required collecting data, retrieving documents, and regular communication with the Debtors and their other professionals.

**D.     Tabulation**

Total Fees:     $12,713.40
Total Hours:    61.4

19.     This category includes work related to the solicitation and tabulation of Plan votes, including but not limited to: (a) receiving, reviewing, and tabulating voted ballots submitted in connection with the Plan, and (b) preparation of voting declarations.

## Compensation Should Be Allowed

20.     The foregoing services rendered by Stretto as Administrative Agent to the Debtors during the Final Fee Period were reasonable, necessary, and appropriate to the administration of the Chapter 11 Cases.

21.     Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).  Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including
>
> > (a)     the time spent on such services;
> >
> > (b)     the rates charged for such services;

       (c)      whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

       (d)      whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

       (e)      with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

       (f)      whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

22. Stretto submits that the services provided to the Debtors by Stretto during the Final Fee Period were necessary and appropriate given the complexity of the Chapter 11 Cases, the issues involved, the nature and extent of services provided, and the cost of comparable services outside of bankruptcy. Accordingly, Stretto respectfully submits that approval of the compensation and reimbursement of the expenses sought for the Final Fee Period should be approved.

23. Stretto has reviewed the requirements of Local Rule 2016-2 and believes that this Application complies with such requirements.

## Notice

24. Stretto will provide notice of this Application in accordance with the Interim Compensation Order. No prior request for the relief sought by this Application has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

7

WHEREFORE, Stretto respectfully requests entry of an order (a) allowing, authorizing, and directing payment by the Debtors of compensation in the amount of $31,786.20 for necessary services rendered, and reimbursement of actual and necessary costs in the amount of $0.00 incurred, by Stretto as Administrative Agent to the Debtors during the Final Fee Period; (b) granting final allowance of such compensation and cost reimbursement amounts; and (c) granting such other and further relief as the Court deems just and proper.

Dated: February 26, 2024　　　　　　　　**STRETTO, INC.**
　　　　Irvine, California

　　　　　　　　　　　　　　　　　　　　/s/Brian Karpuk
　　　　　　　　　　　　　　　　　　　　Brian Karpuk
　　　　　　　　　　　　　　　　　　　　410 Exchange, Ste. 100
　　　　　　　　　　　　　　　　　　　　Irvine, California 92602
　　　　　　　　　　　　　　　　　　　　Tel:  (714) 479-2027
　　　　　　　　　　　　　　　　　　　　Email:  brian.karpuk@stretto.com

　　　　　　　　　　　　　　　　　　　　*Administrative Agent for the Debtors and Debtors in Possession*