## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| Prime Core Technologies Inc., *et al.*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |
|  | **Obj. Deadline: March 27, 2024 at 4:00 p.m. (ET)** |
|  | **Hearing Date: April 11, 2024 at 1:00 p.m. (ET)** |

## SUMMARY OF FIFTH MONTHLY AND FINAL FEE APPLICATION OF MCDERMOTT WILL & EMERY LLP, COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR (I) THE MONTHLY PERIOD FROM DECEMBER 1, 2023 THROUGH JANUARY 5, 2024 AND (II) THE CASE PERIOD FROM <u>AUGUST 14, 2023 THROUGH JANUARY 4, 2024</u>

| | |
|---|---|
| Name of Applicant: | **McDERMOTT WILL & EMERY LLP** |
| Authorized to provide professional services to: | **Prime Core Technologies Inc., *et al.*** |
| Date of retention: | **October 4, 2023, effective as of August 14, 2023** |
| Monthly period for which compensation and reimbursement is sought: | **December 1, 2023 through January 5, 2024** |
| Amount of monthly compensation sought as actual, reasonable and necessary: | **$1,772,153.00** |
| Amount of monthly expense reimbursement sought as actual, reasonable and necessary: | **$90,250.60** |
| Case period for which compensation and reimbursement is sought: | **August 14, 2023 through January 5, 2024** |
| Amount of final compensation sought as actual, reasonable and necessary: | **$7,971,682.75** |
| Amount of final expense reimbursement sought as actual, reasonable and necessary: | **$282,897.59** |

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

Amount of compensation paid to date
as actual, reasonable and necessary:       **$4,299,903.25**

Amount of expense reimbursement paid
to date as actual, reasonable and necessary:       **$140,375.12**

This is a:  __X__ Monthly Fee Application  ____ Interim Application  __X__ Final Application

**IN RE: PRIME CORE TECHNOLOGIES INC.,** *ET AL.*
**SUMMARY OF BILLING BY PROFESSIONAL**
**MONTHLY PERIOD FROM DECEMBER 1, 2023 THROUGH JANUARY 5, 2024**

| Name of Professional Person | Date of Bar Admission | Position with the Applicant and Practice Area | Hourly Billing Rate[2] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Jim Pardo | 1999 | Partner; Trial | $1,955.00 | 12.20 | $21,472.00 |
| Shawn Helms | 2015 | Partner; Corporate Advisory | $1,750.00 | 17.60 | $28,080.00 |
| Darren Azman | 2011 | Partner; Corporate Advisory | $1,650.00 | 36.80 | $53,360.00 |
| Maris Kandestin | 2004 | Partner; Corporate Advisory | $1,650.00 | 213.90 | $297,153.00 |
| Joseph Evans | 2014 | Partner; White Collar & Crimes | $1,650.00 | 75.20 | $102,630.00 |
| Matthew King | 2010 | Partner; Corporate Advisory | $1,525.00 | 3.80 | $5,392.50 |
| Thomas Olson | 2013 | Partner; Private Client | $1,525.00 | 3.60 | $4,140.00 |
| Greer Griffith | 2014 | Partner; Trial | $1,525.00 | 158.80 | $204,057.50 |
| Sarah Raaii | 2015 | Partner; Employee Benefits and Executive Compensation | $1,475.00 | 1.50 | $1,950.00 |
| Gregg Steinman | 2016 | Partner; Restructuring & Insolvency | $1,475.00 | 106.00 | $132,492.50 |

---

[2]   Except as set forth below, the rate represents the current standard hourly rate of each MWE attorney and paralegal who rendered legal services at a ten percent (10%) discount.  In addition, the rate listed took effect on January 1, 2024. *See infra* n.8.

| Name of Professional Person | Date of Bar Admission | Position with the Applicant and Practice Area | Hourly Billing Rate[2] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Stephania Sanon | 2011 | Partner; Employment | $1,525.00 | 6.90 | $8,970.00 |
| Ronen-van Heerden | 2016 | Staff Attorney; Trial | $550.00 | 8.80 | $4,400.00 |
| Jake Jumbeck | 2017 | Associate; Corporate Advisory | $1,245.00 | 146.60 | $157,352.00 |
| Aaron Brogan | 2019 | Associate; Trial | $1,105.00 | 3.90 | $4,309.50 |
| Emily Keil | 2019 | Associate; Corporate Advisory | $1,245.00 | 27.00 | $29,835.00 |
| Luke Barrett | 2019 | Associate; Corporate Advisory | $1,245.00 | 63.20 | $67,531.75 |
| Dawn Peacock | 2022 | Associate; Employment | $1,200.00 | 0.60 | $636.00 |
| Pat Kennedy | 2020 | Associate; Trial | $1,200.00 | 103.80 | $110,098.00 |
| Cris Ray | 2020 | Associate; Trial | $1,200.00 | 2.30 | $2,438.00 |
| Carmen Dingman | 2021 | Associate; Corporate Advisory | $1,155.00 | 1.70 | $1,606.50 |
| Robert Kaylor | 2021 | Associate; Private Client | $1,040.00 | 50.40 | $42,309.50 |
| Brianna Perez | 2021 | Associate; Trial | $1,040.00 | 12.10 | $10,554.50 |
| Ethan Heller | 2022 | Associate; Financial Institutions | $1,040.00 | 4.20 | $3,507.00 |

| Name of Professional Person | Date of Bar Admission | Position with the Applicant and Practice Area | Hourly Billing Rate[2] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Michael Wombacher | 2022 | Associate; Corporate Advisory | $805.00 | 117.40 | $86,483.00 |
| Jacqueline Winters | 2023 | Associate; Trial | $925.00 | 35.70 | $25,902.50 |
| Dante Pavan | 2022 | Associate; Corporate Advisory | $925.00 | 38.00 | $27,550.00 |
| Cristian Catanese | 2023 | Associate; Corporate Advisory | $925.00 | 146.90 | $104,823.75 |
| Carson Masenthin | 2023 | Associate; Corporate Advisory | $805.00 | 16.20 | $11,745.00 |
| Rebecca Trickey | 2022 | Associate; Corporate Advisory | $925.00 | 79.50 | $58,677.50 |
| Emily Starbuck | 2022 | Associate; Employment | $925.00 | 1.50 | $1,087.50 |
| Matthew Gibson | NA | Law Clerk; Corporate Advisory | $805.00 | 62.50 | $45,528.50 |
| Joseph Aminov | NA | Law Clerk; Trial | $805.00 | 77.30 | $56,538.50 |
| Daniel Northrop | N/A | Paralegal; Corporate Advisory | $745.00 | 56.60 | $38,079.50 |
| Ben Casten | N/A | Legal Support Research | $690.00 | 5.80 | $3,812.00 |
| Jacque Bishop Jones | N/A | Paralegal; Corporate Advisory | $360.00 | 53.50 | $17,650.00 |

**All Timekeepers Blended Hourly Rate: $1,160.29**
**Attorney Blended Hourly Rate: $1,212.97**

**IN RE: PRIME CORE TECHNOLOGIES INC.,** *ET AL.*
**COMPENSATION BY PROJECT CATEGORY FOR**
<u>**MONTHLY PERIOD FROM DECEMBER 1, 2023 THROUGH JANUARY 5, 2024**</u>

| TASK CODE | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| B110 | Case Administration | 55.90 | $41,604.00 |
| B120 | Asset Analysis & Recovery | 297.60 | $319,799.00 |
| B130 | Asset Disposition | 67.80 | $82,327.50 |
| B140 | Automatic Stay Issues | 0.10 | $138.00 |
| B150 | Meetings/Communications W/Creditors | 1.40 | $1,933.00 |
| B155 | Count Hearings | 112.80 | $131,471.50 |
| B160 | Fee/Employment Applications | 115.90 | $73,335.50 |
| B180 | Avoidance Action Analysis | 25.20 | $20,535.00 |
| B185 | Assumption/Rejection Of Leases | 39.80 | $34,036.00 |
| B195 | Non-Working Travel | 34.90 | $19,271.00 |
| B210 | Business Operations | 6.10 | $8,057.50 |
| B220 | Employee Issues | 15.00 | $17,450.50 |
| B230 | Financing/Cash Collateral Issues | 54.80 | $58,441.00 |
| B240 | Tax Issues | 0.30 | $390.00 |
| B260 | Board Of Directors | 0.40 | $520.00 |
| B310 | Claims Admin. & Objections | 110.10 | $99,643.00 |
| B320 | Plan And Disclosure Statement | 606.20 | $676,469.00 |
| B410 | Gen Bankruptcy Advice/Opinion | 10.50 | $6,610.00 |
| B430 | Special Committee Investigation | 195.60 | $178,899.50 |
| UST | UST Reporting | 1.40 | $1,222.00 |
| **TOTAL** | | **1,751.80** | **$1,772,153.00** |

**IN RE: PRIME CORE TECHNOLOGIES INC.,** *ET AL.*
**EXPENSE SUMMARY FOR**
**MONTHLY PERIOD FROM DECEMBER 1, 2023 THROUGH JANUARY 5, 2024**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Business Meals | N/A | $903.63 |
| Computer Research | Westlaw/Lexis | $14,272.13 |
| Computer Usage Charge | Relativity | $14,000.00 |
| Depositions | N/A | $12,239.45 |
| Document Services | Reliable | $6,327.95 |
| Express Mail | Federal Express | $65.04 |
| Miscellaneous | N/A | $69.00 |
| Vendor Services | JS Held | $35,654.47 |
| Search Fees | N/A | $376.76 |
| Transportation/Parking | N/A | $299.35 |
| Travel | N/A | $6,698.72 |
| **TOTAL** | | **$90,250.60** |

**IN RE: PRIME CORE TECHNOLOGIES INC.,** *ET AL*.
**SUMMARY OF BILLING BY PROFESSIONAL FOR**
**CASE PERIOD FROM AUGUST 14, 2023 THROUGH JANUARY 5, 2024**

| Name of Professional Person | Date of Bar Admission | Position with the Applicant and Practice Area | Hourly Billing Rate[3] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Michael Wilder | 1995 | Partner; U.S. & International Tax | $1,975.00 | 20.70 | $36,535.50 |
| Jim Pardo | 1999 | Partner; Trial | $1,955.00 | 17.50 | $30,800.00 |
| James Cundiff | 1995 | Partner; Private Client | $1,815.00 | 2.80 | $4,578.00 |
| Shawn Helms | 2015 | Partner; Corporate Advisory | $1,750.00 | 56.20 | $87,910.00 |
| Elise McGee | 2006 | Partner; Private Client | $1,700.00 | 4.60 | $6,900.00 |
| Andrew Warmus | 2006 | Partner; Corporate Advisory | $1,700.00 | 4.10 | $6,088.50 |
| Darren Azman | 2011 | Partner; Corporate Advisory | $1,650.00 | 255.10 | $369,895.00 |
| Christen Douglas | 2007 | Partner; Private Client | $1,675.00 | 0.30 | $435.00 |
| Ryan Smethurst | 1999 | Partner; Corporate Advisory | $1,650.00 | 9.50 | $13,775.00 |
| Maris Kandestin | 2004 | Partner; Corporate Advisory | $1,650.00 | 1,048.40 | $1,448,763.00 |

---

[3] Except as set forth below, the rate represents the current standard hourly rate of each MWE attorney and paralegal who rendered legal services at a ten (10.0%) percent discount. In addition, the rate listed took effect on January 1, 2024. *See infra* n.8.

| Name of Professional Person | Date of Bar Admission | Position with the Applicant and Practice Area | Hourly Billing Rate[3] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Joseph Evans | 2014 | Partner; White Collar & Crimes | $1,650.00 | 409.10 | $553,395.00 |
| Matthew King | 2010 | Partner; Corporate Advisory | $1,525.00 | 19.00 | $25,912.50 |
| Sarah Engle | 2010 | Partner; Employee Benefits and Executive Compensation | $1,525.00 | 0.30 | $405.00 |
| Thomas Olson | 2013 | Partner; Private Client | $1,525.00 | 12.60 | $17,010.00 |
| Nathan Barnett | 2013 | Partner; Corporate Advisory | $1,525.00 | 1.80 | $2,430.00 |
| Greer Griffith | 2014 | Partner; Trial | $1,525.00 | 606.00 | $750,577.50 |
| Gregg Steinman | 2016 | Partner; Restructuring & Insolvency | $1,475.00 | 550.30 | $744,922.50 |
| Stephania Sanon | 2011 | Partner; Employment | $1,525.00 | 54.70 | $71,110.00 |
| Sarah Raaii | 2015 | Partner; Employee Benefits and Executive Compensation | $1,475.00 | 13.20 | $17,160.00 |
| Deanna Boll | 1998 | Counsel; Corporate Advisory | $1,395.00 | 42.40 | $53,212.00 |
| Ronen-van Heerden | 2016 | Staff Attorney; Trial | $550.00 | 29.20 | $14,600.00 |

| Name of Professional Person | Date of Bar Admission | Position with the Applicant and Practice Area | Hourly Billing Rate[3] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Margaret Elliott | 2008 | Staff Attorney; Trial | $550.00 | 11.60 | $5,800.00 |
| Jane Gerber | 2014 | Associate; Corporate Advisory | $1,250.00 | 20.40 | $25,500.00 |
| Jake Jumbeck | 2017 | Associate; Corporate Advisory | $1,245.00 | 665.60 | $730,847.00 |
| Luke Barrett | 2019 | Associate; Corporate Advisory | $1,245.00 | 153.10 | $166,871.25 |
| Raja Chatterjee | 2018 | Associate; Corporate Advisory | $1,245.00 | 0.80 | $884.00 |
| Emily Keil | 2019 | Associate; Corporate Advisory | $1,245.00 | 88.70 | $81,354.50 |
| Aaron Brogan | 2019 | Associate; Trial | $1,105.00 | 3.90 | $4,309.50 |
| Dawn Peacock | 2022 | Associate; Employment | $1,200.00 | 0.60 | $636.00 |
| Pat Kennedy | 2020 | Associate; Trial | $1,200.00 | 324.10 | $343,616.00 |
| Cris Ray | 2020 | Associate; Trial | $1,200.00 | 2.30 | $2,438.00 |
| Daniel Thomson | 2019 | Associate; Corporate Advisory | $1,290.00 | 26.40 | $30,360.00 |
| Carmen Dingman | 2021 | Associate; Corporate Advisory | $1,155.00 | 4.20 | $3,969.00 |
| John DeWitt | 2020 | Associate; Trial | $1,155.00 | 48.10 | $45,454.50 |

| Name of Professional Person | Date of Bar Admission | Position with the Applicant and Practice Area | Hourly Billing Rate[3] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Grayson Williams | 2021 | Associate; Restructuring & Insolvency | $1,040.00 | 5.70 | $4,759.50 |
| Robert Kaylor | 2021 | Associate; Private Client | $1,040.00 | 282.80 | $233,558.50 |
| Brianna Perez | 2021 | Associate; Trial | $1,040.00 | 42.00 | $35,521.00 |
| Ethan Heller | 2022 | Associate; Financial Institutions | $1,040.00 | 11.20 | $9,352.00 |
| Abbey Bowe | 2021 | Associate; Trial | $1,040.00 | 21.10 | $17,618.50 |
| Michael Wombacher | 2022 | Associate; Corporate Advisory | $805.00 | 475.80 | $341,936.75 |
| Jacqueline Winters | 2023 | Associate; Trial | $925.00 | 249.00 | $180,545.00 |
| Dante Pavan | 2022 | Associate; Corporate Advisory | $925.00 | 180.30 | $130,717.50 |
| Cristian Catanese | 2023 | Associate; Corporate Advisory | $925.00 | 264.80 | $190,301.25 |
| Carson Masenthin | 2023 | Associate; Corporate Advisory | $805.00 | 146.30 | $106,067.50 |
| Rebecca Trickey | 2022 | Associate; Corporate Advisory | $925.00 | 279.50 | $203,677.50 |
| Emily Starbuck | 2022 | Associate; Employment | $925.00 | 24.90 | $18,052.50 |
| Delany Prunty | 2022 | Associate; Corporate Advisory | $925.00 | 5.20 | $3,770.00 |

| Name of Professional Person | Date of Bar Admission | Position with the Applicant and Practice Area | Hourly Billing Rate[3] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Olivia Kaufmann | 2023 | Associate; Healthcare | $925.00 | 2.40 | $1,740.00 |
| Sindi Cela | 2023 | Associate; Trial | $925.00 | 22.10 | $16,022.50 |
| Ari Mannan | N/A | Law Clerk; Corporate Advisory | $805.00 | 3.00 | $2,175.00 |
| Matthew Gibson | N/A | Law Clerk; Corporate Advisory | $805.00 | 253.50 | $184,003.50 |
| Gabrielle Albert | N/A | Law Clerk; Trial | $610.00 | 7.40 | $4,292.00 |
| Joseph Aminov | N/A | Law Clerk; Trial | $805.00 | 380.20 | $276,141.00 |
| Daniel Northrop | N/A | Paralegal; Corporate Advisory | $745.00 | 357.60 | $239,749.50 |
| Ben Casten | N/A | Legal Support Research | $690.00 | 29.90 | $19,236.00 |
| Alex Schiller | N/A | Legal Support Research | $570.00 | 1.90 | $1,035.50 |
| Ed Kwon | N/A | Legal Support Research | $570.00 | 0.40 | $218.00 |
| Serena Wright | N/A | Legal Support Research | $570.00 | 0.50 | $272.50 |
| Brandy Bartosh | N/A | Paralegal; Private Client | $545.00 | 0.80 | $388.00 |
| Jennifer Berman | N/A | Legal Support Research | $385.00 | 7.80 | $2,691.00 |
| Albert Sieber | N/A | Legal Support Research | $385.00 | 7.70 | $2,656.50 |
| Mike McMillan | N/A | Legal Support Research | $385.00 | 0.80 | $276.00 |

| Name of Professional Person | Date of Bar Admission | Position with the Applicant and Practice Area | Hourly Billing Rate[3] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Scott Bride | N/A | Legal Support Research | $385.00 | 0.50 | $172.50 |
| Eric Montes | N/A | Legal Support Research | $385.00 | 0.50 | $172.50 |
| Brian Troyan | N/A | Legal Support Research | $385.00 | 0.10 | $34.50 |
| Jacque Bishop Jones | N/A | Paralegal; Corporate Advisory | $360.00 | 131.80 | $43,097.50 |
| Fitalesh Belayneh | N/A | Legal Support Research | $280.00 | 2.00 | $540.00 |
| Daniel Valentino | N/A | Legal Support Research | $280.00 | 5.10 | $1,377.00 |
| Allison Hart | N/A | Paralegal; Trial | $320.00 | 4.00 | $1,060.00 |

**All Timekeepers Blended Hourly Rate: $1,054.71**
**Attorney Blended Hourly Rate: $1,227.41**

**IN RE: PRIME CORE TECHNOLOGIES INC.,** *ET AL*.
**COMPENSATION BY PROJECT CATEGORY FOR**
<u>**CASE PERIOD FROM AUGUST 14, 2023 THROUGH JANUARY 5, 2024**</u>

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration (B110) | 364.30 | $315,464.50 |
| Asset Analysis and Recovery (B120) | 511.00 | $544,453.50 |
| Asset Disposition (B130) | 699.70 | $804,838.50 |
| Automatic Stay Issues (B140) | 2.70 | $3,602.00 |
| Meetings/Communications with Creditors (B150) | 189.40 | $217,704.00 |
| Court Hearings (B155) | 325.30 | $400,188.50 |
| Fee/Employment Applications (B160) | 470.00 | $380,945.50 |
| Fee/Employment Objections (B170) | 3.40 | $3,169.00 |
| Avoidance Action Analysis (B180) | 135.40 | $116,287.50 |
| Assumption/Rejection of Leases (B185) | 166.60 | $167,861.00 |
| Other Contested Matters (B190) | 31.10 | $32,828.00 |
| Non-Working Travel (B195) | 155.00 | $152,566.75 |
| Business Operations (B210) | 118.50 | $133,367.00 |
| Employee Issues (B220) | 113.00 | $127,867.00 |
| Financing/Cash Collections (B230) | 212.00 | $248,820.00 |
| Tax Issues (B240) | 34.60 | $54,236.00 |
| Board of Directors Matters (B260) | 9.10 | $10,624.00 |
| Utilities (B270) | 5.10 | $4,265.00 |
| Vendor Matters (B280) | 5.40 | $5,114.50 |
| Insurance (B290) | 45.00 | $51,062.50 |
| Claim Admin. & Objections (B310) | 436.70 | $432,827.50 |
| Plan and Disclosure Statement (B320) | 1,561.70 | $1,703,179.00 |
| Gen Bankruptcy Advice/Opinion (B410) | 101.30 | $130,656.50 |
| Special Committee Investigation (B430) | 1,990.60 | $1,896,413.50 |
| General Corporate (B460) | 7.30 | $5,726.50 |
| Foreign Proceedings (B470) | 3.00 | $2,318.00 |
| US Trustee Reporting (UST) | 19.00 | $25,297.00 |
| **TOTALS** | **7,716.20** | **$7,971,682.75** |

**IN RE: PRIME CORE TECHNOLOGIES INC., *ET AL*.**
**EXPENSE SUMMARY FOR CASE PERIOD**
**FROM AUGUST 14, 2023 THROUGH JANUARY 5, 2024**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Business Meals | N/A | $1,104.72 |
| Computer Research | Westlaw/Lexis | $44,802.75 |
| Computer Usage Charge | Relativity | $42,887.20 |
| Depositions | Reliable | $16,248.05 |
| Document Retrieval | N/A | $120.00 |
| Document Services | Reliable | $9,348.88 |
| Express Mail | FedEx | $830.94 |
| Filing Fee | N/A | $7,165.00 |
| Messenger/Courier | Reliable | $158.68 |
| Miscellaneous | N/A | $332.00 |
| Vendor Services | JS Held | $140,256.31 |
| Search Fees | N/A | $1,145.18 |
| Transcripts | N/A | $485.00 |
| Transportation/Parking | N/A | $3,115.64 |
| Travel | N/A | $14,897.24 |
| **TOTAL** | | **$282,897.59** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>Prime Core Technologies Inc., *et al.*,[1]<br><br>                   Debtors. | Chapter 11<br><br>Case No. 23-11161 (JKS)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: March 27, 2024 at 4:00 p.m. (ET)**<br>**Hearing Date: April 11, 2024 at 1:00 p.m. (ET)** |

**FIFTH MONTHLY AND FINAL FEE APPLICATION**
**OF MCDERMOTT WILL & EMERY LLP, COUNSEL TO THE DEBTORS,**
**FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF**
**EXPENSES FOR (I) THE MONTHLY PERIOD FROM DECEMBER 1, 2023**
**THROUGH JANUARY 5, 2024 AND (II) THE CASE PERIOD FROM**
**AUGUST 14, 2023 THROUGH JANUARY 5, 2024**

McDermott Will & Emery LLP (the "Applicant" or "MWE"), counsel to the above-captioned debtors (collectively, the "Debtors"), hereby submits this fifth monthly and final fee application (the "Application"), pursuant to (i) sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (iv) the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 149] (the "Interim Compensation Order"), (v) the *Order Authorizing the Retention and Employment of McDermott Will & Emery LLP as Counsel, Pursuant to Bankruptcy Code Section 327(a), Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1, Effective as of the Petition Date* [Docket No. 242] (the "Retention Order"); (vi) the *Findings of Fact, Conclusions of Law, and Order (I) Approving*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

*the Disclosure Statement on a Final Basis and (II) Confirming the Amended Chapter 11 Plan of Reorganization of Prime Core Technologies Inc. and Its Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 644] (the "Confirmation Order"); and (vii) the *Amended Joint Chapter 11 Plan of Reorganization for Prime Core Technologies Inc. and Its Affiliated Debtors* [Docket No. 644-1] (the "Plan"), for final allowance of compensation for professional services rendered and reimbursement of actual and necessary expenses incurred for the period from August 14, 2023 through January 4, 2024 (the "Case Period").  In support of its Application, MWE respectfully represents as follows:

### JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b).

2.      Venue of these cases and this Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The legal predicates for the relief requested herein are Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016, and Local Rule 2016-2.  Pursuant to Local Rule 9013-1(f), MWE consents to the entry of a final judgement or order with respect to this Application if it is determined that this Court would lack Article III jurisdiction to enter such final judgement or order absent the consent of the parties.

## BACKGROUND

### A.     The Chapter 11 Cases

4.      On August 14, 2023 (the "Petition Date"), each Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

5.      On August 29, 2023, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") in the Chapter 11 Cases [Docket No. 49].  No trustee or examiner has been appointed in the Chapter 11 Cases.

6.      On December 21, 2023, the Court entered the Confirmation Order, and on January 5, 2024 (the "Effective Date"), the Plan became effective.  *See* Docket No. 694.

7.      Article 2.2(a) of the Plan provides that all chapter 11 case professionals must file final requests for payment of compensation and reimbursement of expenses no later than sixty (60) days after the Effective Date (*i.e.*, March 5, 2024).  *See* Plan, Art. 2.2(a).  This Application represents MWE's final request for payment of compensation and reimbursement of expenses in the Chapter 11 Cases.

### B.     The Retention of MWE

8.      On September 14, 2023, the Debtors filed the *Application of the Debtors for Entry of an Order Authorizing the Retention and Employment of McDermott Will & Emery LLP as Counsel, Pursuant to Bankruptcy Code Section 327(a), Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1, Effective as of the Petition Date* [Docket No. 124] (the "McDermott Retention Application").  On October 4, 2023, the Court entered the Retention Order, thereby approving the McDermott Retention Application [Docket No. 242].  The Retention Order authorized MWE to

3

be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

9.      All services for which compensation is requested by MWE were performed for or on behalf of the Debtors, and all expenses for which reimbursement is requested by MWE were incurred for or on behalf of the Debtors.

**C.      The Interim Compensation Order**

10.     On September 18, 2023, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses in the Chapter 11 Cases.

**RELIEF REQUESTED**

11.     By this Application, MWE seeks approval and allowance of compensation in the amount of $1,772,329.00 for professional services rendered, and reimbursement of actual and necessary expenses in the amount of $55,252.03 incurred, during the period from December 1, 2023 through January 5, 2024 (the "Monthly Period").   MWE also seeks final approval and allowance of compensation in the amount of $7,971,682.75 for professional services rendered, and reimbursement of actual and necessary expenses in the amount of $162,971.30 incurred, during the Case Period, including any and all holdbacks.[2]  Pursuant to the Interim Compensation Order, and as detailed in the chart below, MWE filed four monthly fee applications that have not been heard by the Court for final approval.  *See* Docket Nos. 359, 372, 674, and 746 (collectively, the "Monthly Applications").

---

[2]     MWE has performed, and will continue to perform additional necessary services, and has incurred, and will continue to incur, additional expenses subsequent to January 5, 2024.  MWE anticipates that it will file a supplement the Application to include such fees and expenses incurred between January 5, 2024 and the final fee hearing.

| Date Filed; Docket No. | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 10/30/2023 [Docket No. 359] | 8/14/2023 – 8/31/2023 | $993,849.00 | $12,797.17 | $993,849.00 | $12,797.17 |
| 11/1/2023 [Docket No. 372] | 9/1/2023 – 9/30/2023 | $1,711,027.00 | $935.52 | $1,711,027.00 | $935.52 |
| 12/29/2023 [Docket No. 674] | 10/1/2023 – 10/31/2023 | $1,595,027.25 | $126,642.43 | $1,595,027.25 | $126,642.43 |
| 2/29/2024 [Docket No. 746] | 11/1/2023 – 11/30/2023 | $1,889,911.50 | $29,675.69 | N/A | N/A |
| **Total** | | **$6,189,814.75** | **$170,050.81** | **$4,299,903.25** | **$140,375.12** |

12.     In support of this request for the final allowance of all fees and expenses incurred by MWE during the Case Period, MWE incorporates herein by reference each of its Monthly Applications, together with all certifications of no objection with respect to the same.

## DESCRIPTION OF SERVICES RENDERED

13.     During the Case Period, MWE professionals, including attorneys, discovery professionals, and paraprofessionals (collectively, the "MWE Professionals"), devoted 7,716.20 hours to, among other things, case administration matters, stay relief matters, meetings and communications with creditors, preparation for and attendance at Court hearings, preparation of professional fee and retention applications, avoidance action analysis, undertaking investigative activities involving, among other things, serving discovery and conducting depositions, contract and lease assumption and rejection, analysis of and response to contested matters, business operations matters, employee matters, financing and cash collateral matters, tax matters, utility matters, vendor matters, insurance matters, claims administration and analysis, and plan and disclosure statement matters. Of note, due to the "free fall" nature of the filing of these Chapter

11 Cases, the work performed by MWE Professionals related to the preparation of first day pleadings and related documents, declarations, and materials, was undertaken postpetition.

14.     MWE Professionals' work in these matter categories is summarized below and is described in detail in the time detail attached hereto as **Exhibit A** (for the Monthly Period) and in the Monthly Fee Applications.

**A.      Case Administration (B110)**
**Case Period: Total Fees: $315,464.50; Total Hours: 364.3**

15.     This category includes time MWE Professionals spent on a variety of tasks that were necessary to ensure the efficient and smooth administration of legal services related to the Debtors' Chapter 11 Cases.  These matters include, without limitation, meetings and conferences with the Debtors, and other professionals to discuss general chapter 11 administrative matters. Throughout the Chapter 11 Cases, MWE Professionals were in close contact with counsel to various relevant parties in interest on a regular basis to discuss strategic paths forward in the Chapter 11 Cases.

16.     This category also includes time expended by MWE Professionals in connection with the preparation of hearing agendas and related documents, certificates of no objection, certifications of counsel, communications with the Court, preparing and revising a motion to modify the case caption, the preparation of certain procedural motions, and other and miscellaneous matters relating to these Chapter 11 Cases.  In addition, this category includes time MWE Professionals spent related to claims and noticing issues, including, without limitation, work performed in connection with motion to limit notice and service to the Debtors' more than 5 million creditors, all requested amendments to the order approving same, and ensuring compliance by MWE Professionals and the Debtors' other professionals and vendors.

17.     Finally, as noted above, these Chapter 11 Cases were initiated in a free fall, and as such, much of the work MWE Professionals undertook with respect to the filing of certain of the chapter 11 petitions and the first day motions, declaration, and other pleadings, was performed subsequent to the Petition Date.  This category contains time expended by MWE Professionals in this regard.

18.     These administrative-related tasks were necessary for MWE to provide timely and effective counsel to the Debtor relating to various motions and case developments.

19.     With respect to this category, MWE Professionals devoted a total of 364.3 hours during the Case Period, for which compensation in the amount of $315,464.50 is sought.

**B.    Asset Analysis & Recovery (B120)[3]**
**Case Period: Total Fees: $544,453.50; Total Hours: 511.0**

20.     This category includes time MWE Professionals expended reviewing documents and preparing an analysis of potential assets of the estate, whether certain customer accounts constituted property of the estate, and the viability of recovering same.  This category also includes work performed by MWE Professionals in analyzing the viability of certain causes of action and any and all defenses to same. MWE Professionals spent time in this category preparing demand letters to third parties to recover assets for the Debtors' estates and conducting numerous depositions and interviews in connection with same.  This category also includes time MWE Professionals spent analyzing customer agreements to determine whether cryptocurrency and/or fiat currency held in the Debtors' bank accounts constituted property of the Debtors' estates, as

---

[3]    Due to the interrelated nature of the work performed in this category and other categories, including "Avoidance Action Analysis (B180)," "Other Contested Matters (B190)," "Plan and Disclosure Statement (B320)," and "Special Committee Investigation (B430)" the descriptions set forth herein with respect to these categories may overlap in some respects, and certain work performed by MWE Professionals may appear in these latter categories.  For the avoidance of doubt, although certain work performed may overlap and appear in multiple categories, there is no duplication of time across the applicable categories.

well as the Debtors' informal and formal efforts to seek determinations with respect to certain fiat currency and cryptocurrency and/or recover such funds for the benefit of all creditors and parties in interest.  In addition, this category included time related to the Debtors' efforts to access cryptocurrency in the 98f wallet.

21.     With respect to this category, MWE Professionals devoted a total of 511 hours during the Case Period, for which compensation in the amount of $544,453.50 is sought.

**C.     Asset Disposition (B130)**
**Case Period: Total Fees: $803,678.50; Total Hours: 698.1**

22.     This category includes time MWE Professionals spent preparing and revising motions, declarations, and proposed orders approving bidding, auction, and sale procedures (the "Bid Procedures") and sale transactions with respect to the Debtors' assets (the "Sale Process").  In particular, the Debtors, with the assistance of MWE Professionals, obtained approval of the Bid Procedures with respect to the of substantially all of the Debtors' assets or 100% of the Debtors' equity, all on an abbreviated timeframe.  This category also includes time expended by MWE Professionals in assisting the Debtors with contract assumption procedures related to the Sale Process, as well as time spent preparing, reviewing, and commenting on non-disclosure agreements in connection with the Sale Process.

23.     The Sale Process also involved coordinating with multiple potential bidders, evaluating potential qualified bids with respect to some or all of the Debtors' assets, and evaluating alternatives to an outright sale of the Debtors' assets.  In addition, this category contains time MWE Professionals spent reviewing and responding to objections regarding the Sale Process, including, without limitation, objections to proposed cure amounts.  Those efforts resulted in, among other things, the Debtors' entry into a license agreement with respect to the Debtors'

technology (which was not being utilized at the time). The monetization of these assets will provide for a continuous post-Effective Date payment stream for the benefit of the Debtors' creditors.

24.     With respect to this category, MWE Professionals devoted a total of 698.1 hours during the Case Period, for which compensation in the amount of $803,678.50 is sought.

**D.      Automatic Stay Issues (B140)**
**Case Period: Total Fees: $3,602.00; Total Hours: 2.7**

25.     This category includes time MWE Professionals spent analyzing potential third-party stay violations and, where appropriate, responding to same.

26.     With respect to this category, MWE Professionals devoted a total of 2.7 hours during the Case Period, for which compensation in the amount of $3,602.00 is sought.

**E.      Meetings/Communications with Creditors (B150)**
**Case Period: Total Fees: $217,704.00; Total Hours: 189.4**

27.     This category includes time MWE Professionals spent preparing various agreements, including a confidentiality agreement entered into with the Committee.  MWE Professionals also spent time providing periodic updates to the Committee's professionals through discussions with the Committee regarding general case issues, objections to first and second-day motions, and the sale process.  MWE Professionals spent time preparing for and attending the 341 meeting.  In addition, throughout the Case Period, MWE Professionals fielded dozens upon dozens of calls from the Debtors' creditors.  MWE Professionals diligently returned calls and/or emails to each creditor, endeavoured to direct the creditor to the proper resources to answer the creditor's questions, and otherwise responded to creditors' questions about the Chapter 11 Cases generally.  Matter time in this category was vital to helping ensure that creditors remained informed and current with respect to developments throughout the Chapter 11 Cases.

28.    With respect to this category, MWE Professionals devoted a total of 189.4 hours during the Case Period, for which compensation in the amount of $217,704.00 is sought.

**F.    Court Hearings (B155)**
**Case Period: Total Fees: $400,188.50; Total Hours: 325.3**

29.    This category includes time spent by MWE Professionals providing services related to preparing for and attending multiple hearings during the Case Period, including preparing for and attending the confirmation hearing regarding approval of the Plan.  Between the approximately four (4) months between the Petition Date and entry of the Confirmation Order, MWE Professionals participated in six (6) substantive hearings, including the first and second day hearings, the conditional approval hearing, and the confirmation hearing.  This category also includes time spent by MWE Professionals preparing declarations and proffers in connection with hearings before the Court, as well as preparing witnesses in connection with same.

30.    With respect to this category, MWE Professionals devoted a total of 325.3 hours during the Case Period, for which compensation in the amount of $400,188.50 is sought.

**G.    Fee/Employment Applications (B160)**
**Case Period: Total Fees: $380,945.50; Total Hours: 470.0**

31.    This category includes time spent by MWE Professionals in the preparation of retention applications for the Debtors' professionals including the Debtors' investment banker, financial advisor, and professional employed in the ordinary course of the Debtors' operations. This category also includes time MWE Professionals spent preparing monthly and final fee applications for its representation of the Debtors during these Chapter 11 Cases, as well as assisting the Debtors' other professionals with the preparation of their monthly fee and final applications.

**H.      Fee/Employment Objections (B170)
         Case Period: Total Fees: $3,169.00; Total Hours: 3.4**

32.      This category includes time spent by MWE Professionals reviewing and analysing

applications and conflict disclosures of proposed Committee professionals.

33.      With respect to this category, MWE Professionals devoted a total of 3.4 hours

during the Case Period, for which compensation in the amount of $3,169.00 is sought.

**I.      Avoidance Action Analysis (B180)[4]
         Case Period: Total Fees: $116,287.50; Total Hours: 135.4**

34.      This category includes time MWE spent reviewing and analysing possible

preference claims on behalf of the Debtors' estate, reviewing data regarding the prepetition

outflow of assets, and preparing preference demand letters.

35.      With respect to this category, MWE Professionals devoted a total of 135.4 hours

during the Case Period, for which compensation in the amount of $116,287.50 is sought.

**J.      Assumption/Rejection of Contracts and Leases (B185)
         Case Period: Total Fees: $167,861.00; Total Hours: 166.6**

36.      This category includes time spent by MWE Professionals relating to the assumption

and rejection of the Debtors' unexpired leases (the "Leases") and executory contracts, including

the thousands of contracts it had with its customers (the "Contracts," and together with the Leases,

the "Agreements").  MWE Professionals reviewed and analyzed the Debtors' Agreements and

from there, worked in close conjunction with the Debtors' management and other advisors to

evaluate the benefits and drawbacks of the Debtors' Agreements.  During the Case Period, MWE

Professionals prosecuted two (2) standalone motions to reject certain of the Debtors' Leases and

filed four (4) omnibus motions to reject certain of the Debtors' Agreements.  With respect to

---

4      *See supra*, n.3.

Agreements that were to be assumed, MWE Professionals assessed applicable cure costs, negotiated those cure costs with certain of the Debtors' contractual counterparties, and prepared stipulations and related pleadings consistent with the Debtors' strategy for these Chapter 11 Cases.

37.     With respect to this category, MWE Professionals devoted a total of 166.6 hours during the Case Period, for which compensation in the amount of $167,861.00 is sought.

### K.     Other Contested Matters (B190)[5]
**Case Period: Total Fees: $33,988.00; Total Hours: 32.7**

38.     This category includes time MWE Professionals expended in connection with the Debtors' investigation into prepetition affairs as they related to matters the U.S. Attorney for the District of Nevada was investigating.   In addition, this category includes time MWE Professionals spent related to issues surrounding whether certain foreign currency tokens were property of the Debtors' estates and research related to same.

39.     With respect to this category, MWE Professionals devoted a total of 32.7 hours during the Case Period, for which compensation in the amount of $33,988.00 is sought.

### L.     Non-Working Travel (B195)
**Case Period: Total Fees: $152,566.75; Total Hours: 155**

40.     This category includes time spent by MWE Professionals relating to non-working travel in connection with their representation of the Debtors.   The amounts requested for review and the request for payment in the Application reflect a fifty percent (50%) reduction from MWE's standard fees.

41.     With respect to this category, MWE Professionals devoted a total of 155 hours during the Case Period, for which compensation in the amount of $152,566.75 is sought.

---

[5]     *See supra*, n.3.

**M.  Business Operations (B210)**
**Case Period: Total Fees: $133,367.00; Total Hours: 118.5**

42.  This matter includes time MWE Professionals spent advising the Debtors with respect to regulatory issues, cash management issues, including budgeting and internal controls, communications with the Debtors' special restructuring committee (the "Special Committee") and senior management with respect to general operational issues, advising the Debtors with respect to licensure and retail trust company issues, and assisting the Debtors with the preparation of internal and external communications protocols.

43.  With respect to this category, MWE Professionals devoted a total of 118.5 hours during the Case Period, for which compensation in the amount of $133,367.00 is sought.

**N.  Employee Issues (B220)**
**Case Period: Total Fees: $127,867.00; Total Hours: 113**

44.  This category includes time MWE Professionals spent preparing and revising the employee wage motion and related proposed orders.  MWE Professionals also spent time (a) researching, and advising the Debtors with respect to, issues relating to employee furloughs, reductions in the Debtors' workforce, and severance; (b) reviewing administrative steps for continued health coverage and otherwise analyzing the Debtors' employee benefit programs; (c) providing advice with respect to WARN Act compliance; and (d) addressing inquiries relating to employee benefit issues.  In addition, MWE Professionals assisted the Debtors in executing furloughs, as well as with various reductions in workforce prior to, and as part of, the Debtors' wind-down of their business.  These efforts involved notifying affected employees, moving to terminate the Debtors' 401(k) plan and analyzing the mechanics related to same, negotiating post-Effective Date employment arrangements with certain employees and independent contractors.

45.     MWE Professionals devoted a total of 113 hours to employee matters during the Case Period, for which compensation in the amount of $127,867.00 is sought.

**O.     Financing/Cash Collateral Issues (B230)**
**Case Period: Total Fees: $248,820.00; Total Hours: 212**

46.     This category includes time spent by MWE Professionals in soliciting and evaluating debtor-in-possession financing proposals and negotiating the terms of a new money debtor-in-possession financing facility and the use of cash collateral (the "DIP Facility") with the providers of such DIP Facility (the "DIP Lender") and the Committee.  This category also includes time MWE Professionals expended in connection obtaining consents and approvals from the Debtors' secured creditors and other key stakeholders, preparing pleadings and other documentation with respect to, and Court approval of, the DIP Facility.

47.     With respect to this category, MWE Professionals devoted a total of 212 hours during the Case Period, for which compensation in the amount of $248,820.00 is sought.

**P.     Tax Issues (B240)**
**Case Period: Total Fees: $54,236.00; Total Hours: 34.6**

48.     This category includes time MWE spent preparing and revising the motion to pay prepetition taxes for, analyzing tax issues and implications in connection with the Plan, and preparing disclosures for inclusion in the Disclosure Statement (as defined below) with respect to the tax impact of the treatment of creditors under the Plan, including, without limitation, the treatment of in-kind distributions of cryptocurrency to general unsecured creditors under the Plan, as well as other tax issues related to the winding down of the Debtors' business.

49.     With respect to this category, MWE Professionals devoted a total of 34.6 hours during the Case Period, for which compensation in the amount of $54,236.00 is sought.

**Q.    Board of Directors (B260)**
    **Case Period: Total Fees: $10,624.00; Total Hours: 9.1**

50.    This category includes time MWE Professionals spent communicating with the Special Committee regarding various corporate governance matters, review of existing Board resolutions and preparation of subsequent Board resolutions, and Special Committee resolutions, mandates, and internal controls.

51.    With respect to this category, MWE Professionals devoted a total of 9.1 hours during the Case Period, for which compensation in the amount of $10,624.00 is sought.

**R.    Utilities (B270)**
    **Case Period: Total Fees: $4,265.00; Total Hours: 5.1**

52.    This category includes time spent by MWE Professionals preparing and revising the utilities motion and proposed order and communicating with providers regarding services and case status.

53.    With respect to this category, MWE Professionals devoted a total of 5.1 hours during the Case Period, for which compensation in the amount of $4,265.00 is sought.

**S.    Vendor Matters (B280)**
    **Case Period: Total Fees: $5,114.50; Total Hours: 5.4**

54.    This category includes time spent by MWE Professionals reviewing and analyzing the status of the Debtors' relationships with their vendors.  Part of this analysis concerned evaluating which vendor relationships the Debtors should maintain on a postpetition basis and

determining which vendors were necessary to, among other things, ensure data preservation and the Debtors' continued access to customer agreements.

55.     With respect to this category, MWE Professionals devoted a total of 5.4 hours during the Case Period, for which compensation in the amount of $5,114.50 is sought.

**T.      Insurance (B290)**
**Case Period: Total Fees: $51,062.50; Total Hours: 45**

56.     This category includes time spent by MWE Professionals communicating with insurances carriers and the Committee regarding new and existing insurance coverage and extensions of the Debtors' existing policies.  MWE Professionals expended time communicating with brokers and providers regarding any potential lapses in coverage, including directors' and officers' insurance and related tail coverage.  In addition, this category includes time MWE Professionals spent negotiating with the Debtors' surety bond providers for the return of collateral pledged in connection with same, and the ultimate treatment of such collateral and the surety providers' rights under the Plan.

57.     With respect to this category, MWE Professionals devoted a total of 45 hours during the Case Period, for which compensation in the amount of $51,062.50 is sought.

**U.      Claims Administration & Objections (B310)**
**Case Period: Total Fees: $432,827.50; Total Hours: 436.7**

58.     This category includes time MWE Professionals spent preparing and revising a motion and proposed order to establish bar dates in connection with the Chapter 11 Cases.  This category also includes, without limitation, time expended by MWE Professionals (a) reviewing and analyzing proofs of claim; (b) preparing and prosecuting both standalone objections to proofs of claim, as well as omnibus objections to certain proofs of claim for purposes of disallowance, reclassification, and eliminating duplication of claims; (c) reviewing and analyzing, responses to

such claim objections; and (d) preparing and prosecuting motions to estimate certain claims in connection with voting on the Debtors' chapter 11 plan, all of which was critical to ensuring that legitimate creditors were not disenfranchised during the Chapter 11 Cases.

59.     With respect to this category, MWE Professionals devoted a total of 436.7 hours during the Case Period, for which compensation in the amount of $432,827.50 is sought.

**V.     Plan and Disclosure Statement (B320)[6]**
**Case Period: Total Fees: $1,703,179.00; Total Hours: 1561.7**

60.     This category includes extensive time MWE Professionals spent (a) preparing, revising, negotiating, and amending the terms of the Debtors' disclosure statement (the "Disclosure Statement") and Plan; (b) negotiating and otherwise communicating with parties in interest (including the Committee and the DIP Lender) with respect to the Plan and Disclosure Statement; (c) preparing, revising, and prosecuting a motion seeking conditional approval of the Disclosure Statement and approval of certain procedures in connection with the solicitation of votes with respect to the Plan; (d) preparing, revising, and negotiating numerous documents to be included in the plan supplement; (e) preparing and revising declarations in support of confirmation of the Plan; (f) addressing objections to approval of the Disclosure Statement and/or confirmation of the Plan; (g) conducting research with respect to the Plan and Disclosure Statement, and preparing and revising a memorandum of law in support of confirmation of the Plan; (h) preparing witnesses in connection with the hearing to approval the Disclosure Statement on a final basis and confirmation of the Plan; (i) preparing for, and participating in, the hearing to, among other things, consider approval of the Disclosure Statement on a final basis and confirmation of the Plan;

---

[6]     *See supra*, n.3.

(j) preparing witnesses in connection with hearings on the Disclosure Statement and Plan; and (k) taking all steps necessary to satisfy the conditions precedent to the effectiveness of the Plan.

61.    With respect to this category, MWE Professionals devoted a total of 1561.7 hours during the Case Period, for which compensation in the amount of $1,703,179.00 is sought.

**W.    General Bankruptcy Advice/Opinion (B410)
Case Period: Total Fees: $130,656.50; Total Hours: 101.3**

62.    During the Case Period, MWE Professionals expended time (a) preparing the Debtors' requested first day relief and other major workstreams in the Chapter 11 Cases; (b) communicating and conducting negotiations and meetings concerning the requested first-day relief and other requested relief in the Chapter 11 Cases; and (c) preparing for and attending hearings regarding the relief requested during the Chapter 11 Cases.

**X.    Special Committee Investigation (B430)[7]
Case Period: Total Fees: $1,896,413.50; Total Hours: 1990.6**

63.    This category includes time MWE Professionals spent (a) preparing and compiling comprehensive investigative research, discovery, and findings of the investigation conducted by the Special Committee; (b) conducting legal research and analysis into potential causes of action; (c) preparing legal memoranda on potential causes of action; (d) preparing legal memoranda regarding investigation findings; (e) preparing presentations of the investigation findings for the Special Committee; (f) investigating insider transfers and transactions; (g) conducting investigation team strategy meetings; (h) evaluating potential causes of action in connection with settlement discussions; (i) conducting discovery and depositions; and (j) attending and participating in hearings relevant to investigation issues.

---

[7]    *See supra*, n.3.

64.     With respect to this category, MWE Professionals devoted a total of 1990.6 hours during the Case Period, for which compensation in the amount of $1,896,413.50 is sought.

**Y.     General Corporate (B460)**
**Case Period: Total Fees: $5,726.50; Total Hours: 7.3**

65.     This category includes time MWE Professionals spent researching and providing general corporate governance advice to the Debtors, including with respect to issues related to the Debtors money transmitter licenses.

66.     With respect to this category, MWE Professionals devoted a total of 7.3 hours during the Case Period, for which compensation in the amount of $5,726.50 is sought.

**Z.     Foreign Proceedings (B470)**
**Case Period: Total Fees: $2,318.00; Total Hours: 3**

67.     This category includes time MWE spent reviewing and analyzing claims related discriminatory denial of certain money transmitter licenses.

68.     With respect to this category, MWE Professionals devoted a total of 3 hours during the Case Period, for which compensation in the amount of $2,318.00 is sought.

**AA.    UST Reporting (UST)**
**Case Period: Total Fees: $25,297.00; Total Hours: 19**

69.     This category includes time MWE Professionals spent communicating with the U.S. Trustee regarding case status, updates, and contested matters.  The category also includes time MWE Professionals spent in connection assisting and otherwise the Debtors with their statutory and other reporting requirements, including, without limitation, (a) preparation of the materials required in advance of the initial debtor interview; (b) preparation of the initial monthly operating report; (c) preparation of monthly operating reports; (d) preparation of the Debtors' schedules of assets and liabilities and statements of financial affairs (including the global notes relating to same), and the amendments thereto; (e) participating in meetings required under section

341(a) of the Bankruptcy Code; and (f) otherwise advising the Debtors with respect to their statutory and other reporting and payment obligations in connection with these Chapter 11 Cases.

70.     With respect to this category, MWE Professionals devoted a total of 19 hours during the Case Period, for which compensation in the amount of $25,297.00 is sought.

### DESCRIPTION OF ACTUAL, REASONABLE, AND NECESSARY EXPENSES INCURRED

71.     During the Case Period, MWE incurred actual, reasonable, and necessary expenses in connection with its engagement by the Debtors in the aggregate amount of $162,971.30, for which MWE seeks reimbursement.  The summary sheets (each, a "Summary Sheet") prefixed to this Application specify the categories of expenses and respective totals of expenses that MWE incurred in connection with these Chapter 11 Cases.  Additionally, detailed descriptions of the actual and necessary expenses incurred by MWE in the performance of services rendered during the Case Period (except for the Monthly Period) are attached to each previously filed Monthly Fee Application.  Detailed descriptions of the actual and necessary expenses incurred by MWE in the performance of services rendered during the Monthly Period are attached hereto as **Exhibit B**.

72.     As illustrated in both the Summary Sheets, each of the Monthly Fee Applications, and **Exhibit B**, the expenses are broken down into various categories of charges, including court filing fees, computer hosting and data storage fees, express mail fees, messenger/courier service fees, software usage charges, outside copying/binders, transcripts, and the fees and expenses of certain outside vendors.  Computer hosting and data storage fees for MWE's licensed use of Relativity's document storage software, including processing, hosting, storage, and document conversion fees, were necessary and reasonable due to the extensive discovery process and related document production that occurred during these Chapter 11 Cases.  In connection with the Debtors' efforts to access the cryptocurrency in the 98f wallet, it was necessary to utilize the

services of a cryptocurrency tracing vendors. Finally, due to the intensive and sprawling nature of the Debtors' investigation into prepetition conduct and events, nature of these Chapter 11 Cases, it was necessary and reasonable for the Debtors to obtain copies of transcripts of the multiple depositions and hearings to ensure adequate preparation for subsequent proceedings.

## MWE'S REQUESTED COMPENSATION
## AND REIMBURSEMENT SHOULD BE ALLOWED

73.     Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).  Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (a)     the time spent on such services;
>
> (b)     the rates charged for such services;
>
> (c)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (e)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (f)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

74.     Confirmation of the Plan in these Chapter 11 Cases occurred in a little over four (4) months after the Debtors' free fall into chapter 11.  MWE respectfully submits that the success of these Chapter 11 Cases was directly attributable to the extensive efforts of the Debtors' management and professionals, including MWE.  MWE further submits that it performed the services for the Debtors economically, effectively, and efficiently, and the results obtained benefitted not only the Debtors, but also their estates, creditors, and other parties in interest.  MWE respectfully submits that the compensation and expense reimbursement sought herein for the necessary and beneficial services provided by MWE to the Debtors during the Case Period is reasonable and appropriate under the facts and circumstances of these Chapter 11 Cases and should be allowed on a final basis.

75.     During the Case Period, MWE's hourly billing rates ranged from $580.00 to $1,765.00 for attorneys and from $265.00 to $670.00 for paraprofessionals.  The hourly rates and corresponding rate structure utilized by MWE in these Chapter 11 Cases are comparable to the hourly rates and corresponding rate structure used by MWE for similar complex corporate, securities, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.  These rates and the MWE rate structure reflect that such matters typically involve great complexity, high stakes, and severe time pressures—all of which were present in these Chapter 11 Cases.

76.     Moreover, MWE's hourly rates are set at a level designed to compensate MWE fairly for the work of its attorneys and paraprofessionals and to cover certain fixed and routine overhead expenses.  Hourly rates vary with the experience and seniority of the individuals

assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.[8]

77.  In sum, MWE respectfully submits that the professional services provided by MWE and expenses incurred on behalf of the Debtors and their estates during these Chapter 11 Cases were necessary for, and beneficial to, the Debtors' estates, given the complexity of these Chapter 11 Cases, the time expended by MWE, the nature and extent of MWE's services provided, the value of MWE's services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors set forth in section 330 of the Bankruptcy Code.[9]  Accordingly, MWE respectfully submits that approval of the compensation sought herein is warranted and should be approved.

## NOTICE

78.  The Debtors will serve notice of this Application on the U.S. Trustee and all other parties entitled to notice under the Plan and pursuant to Local Rule 2002-1(b).

## NO PRIOR REQUEST

79.  No prior request for the relief sought in the Application has been made to this or any other court.

---

[8]  As is customary for MWE, its rates increased on January 1, 2024.  *See* Docket No. 751.

[9]  Except as set forth above, the rate represents the current standard hourly rate of each MWE attorney and paralegal who rendered legal services at a ten percent (10%) discount.

**STATEMENT OF APPLICANT**

80.     The following statements address the questions set forth under section C.5 of the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases* (the "UST Guidelines"):

(a)     During the Case Period, MWE did not agree to any variations from, or alternatives to, its standard or customary billing rates, fees, or terms.[10]

(b)     The professionals included in the Application for the Case Period did not vary their hourly rate based on the geographic location of the bankruptcy case.

(c)     The Application for the Case Period did not include any fees dedicated to revising time records or preparing and revising invoices that would not normally be compensable outside of bankruptcy.

(d)     The time period covered by the Application for the Case Period includes approximately 470.0 hours with a value of $380,945.50[11] spent by MWE to ensure that the time entries subject for the Case Period comply with the Local Rules and do not disclose privileged or confidential information.  This review and any revisions associated therewith were a necessary component of MWE's preparation of each Monthly Fee Application.

**CERTIFICATE OF COMPLIANCE AND WAIVER**

81.     The undersigned representative of MWE certifies that he has reviewed the requirements of Local Rule 2016-2 and that the Application substantially complies with that Local Rule.  To the extent that the Application does not comply in all respects with the requirements of

---

[10]     As noted in the Application, MWE agreed to a ten percent (10%) discount with respect to its representation of the Debtors.

[11]     This amount equals 4.79% of the aggregate fees incurred by MWE during the Case Period.

Local Rule 2016-2, MWE believes that such deviations are not material and respectfully requests that any such requirement be waived.

## **CONCLUSION**

**WHEREFORE**, MWE respectfully requests that the Court enter an order (a) granting the Application and authorizing compensation in the amount of $7,971,682.75 for professional services rendered, and reimbursement of actual, reasonable, and necessary expenses incurred in the amount of $162,971.30 during the Case Period; and (b) granting such other and further relief as the Court deems just and proper.

Dated: March 5, 2024
   Wilmington, Delaware

**MCDERMOTT WILL & EMERY LLP**

*/s/ Maris J. Kandestin*
Maris J. Kandestin (No. 5294)
1000 N. West Street, Suite 1400
Wilmington, Delaware 19801
Telephone:  (302) 485-3900
Facsimile:   (302) 351-8711
Email:       mkandestin@mwe.com

-and-

Darren Azman (admitted *pro hac vice*)
Joseph B. Evans (admitted *pro hac vice*)
J. Greer Griffith (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone:  (212) 547-5400
Facsimile:   (646) 547-5444
Email:       dazman@mwe.com
             jbevans@mwe.com
             ggriffith@mwe.com

-and-

Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, Florida 33131
Telephone:  (305) 358-3500
Facsimile:   (305) 347-6500
Email:       gsteinman@mwe.com

## <u>VERIFICATION</u>

1.      I, Maris J. Kandestin, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury:

2.      I am a Partner in the applicant firm, McDermott Will & Emery LLP, and have been admitted to the bar of the Supreme Court of Delaware since 2009.

3.      I have personally performed many of the legal services rendered by McDermott Will & Emery, LLP, as counsel for the Debtors, and am familiar with all other work performed on behalf of the Debtors by the lawyers and paraprofessionals in the firm.

4.      The facts set forth in the foregoing Application are true and correct to the best of my knowledge, information, and belief.

Dated:  March 5, 2024                    */s/ Maris J. Kandestin*
        Wilmington, Delaware              Maris J. Kandestin