# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PRIME CORE TECHNOLOGIES INC., *et al.*,[2] | Case No. 23-11161 (JKS) <br> (Jointly Administered) |
| Debtors. | Objection Deadline: March 27, 2024 at 4:00 p.m. (ET) <br> Hearing Date: April 11, 2024 at 1:00 p.m. (ET) |

**SUMMARY OF COMBINED FIFTH MONTHLY AND FINAL FEE APPLICATION OF WOMBLE BOND DICKINSON (US) LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR (I) THE MONTHLY PERIOD OF JANUARY 1, 2024 THROUGH JANUARY 5, 2024; AND (II) THE FINAL PERIOD FROM SEPTEMBER 5, 2023 THROUGH JANUARY 5, 2024 WITH ADDITIONAL TIME THROUGH MARCH 5, 2024 FOR PREPARATION OF FEE APPLICATIONS**

| | |
|---|---|
| Name of Applicant: | Womble Bond Dickinson (US) LLP |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | September 5, 2023 |
| Fifth Monthly Period for which Compensation and Reimbursement is Sought: | January 1, 2024 – January 5, 2024 with additional time through March 5, 2024 for preparation of fee applications. |
| Amount of Fifth Monthly Compensation Sought as Actual, Reasonable, and Necessary: | $10,607.20 (80% of $13,259.00) |
| Amount of Fifth Monthly Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | $0.00 |

---

[2] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

WBD (US) 4853-8970-8969v1

| | |
|---|---|
| Final Period for which Compensation and Reimbursement are Sought: | September 5, 2023 – January 5, 2024 |
| Amount of Final Compensation Sought as Actual, Reasonable and Necessary: | $91,684.00 |
| Amount of Final Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | $1,595.18 |

This is a(n):    __X__ Monthly    ____ Interim    __X__ Final Fee Application

Time expended on preparation and filing this final fee application is included herein.

Prior Application(s) Filed:

| Date | Period | Docket No. | Fees | Expenses |
|---|---|---|---|---|
| 10/27/2023 | 9/5/23–9/30/23 | 354 | $22,742.00 | $420.12 |
| 12/07/2023 | 10/1/23–10/30/23 | 534 | $19,145.00 | $917.20 |
| 12/26/2023 | 11/1/23–11/30/23 | 658 | $16,370.50 | $0.00 |
| 1/31/2024 | 12/1/23–12/31/23 | 721 | $20,167.50 | $257.86 |

**WBD RECEIVED NO OBJECTIONS TO ITS FEE APPLICATIONS FILED ON 10/27/2023, 12/07/2023, 12/26/2023 AND 1/31/2024.**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PRIME CORE TECHNOLOGIES INC., *et al.*,[1] | ) ) | Case No. 23-11161 (JKS) (Jointly Administered) |
| | ) | |
| Debtors. | ) ) | |

**BUDGET FOR WOMBLE BOND DICKINSON (US) LLP CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM SEPTEMBER 5, 2023 THROUGH JANUARY 5, 2024 WITH ADDITIONAL TIME THROUGH MARCH 5, 2024 FOR PREPARATION OF FEE APPLICATIONS**

<u>Date Retention Approved</u>: October 16, 2023 effective from September 5, 2023.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

WBD (US) 4853-8970-8969v1

| TASK DESCRIPTION | BUDGETED HOURS | BUDGETED FEES |
|---|---|---|
| Asset Disposition - General | 3.4 | $2,500.00 |
| Business Operations/Meetings with Debtor | 2.9 | $2,250.00 |
| Creditors Committee Meeting/Conferences | 24.1 | $20,000.00 |
| Creditor Information Sharing/1102 | 0.40 | $300.0 |
| Claims Objection | 6.0 | $4,900.00 |
| Discovery | 0.80 | $650.00 |
| Disclosure Statement | 0.80 | $650.00 |
| Fee Application/Monthly Billing | 45.0 | $22,000.00 |
| Fees of Others | 4.2 | $1,600.00 |
| General Case Administration | 24.6 | $8,700.00 |
| Court Hearings/Preparation/Agenda | 49.0 | $31,000.00 |
| Litigation | 0.4 | $300.00 |
| Other Motion Practice | 1.5 | $500.00 |
| Post Petition Financing | 0.3 | $230.00 |
| Plan of Reorganization | 14.1 | $10,100.00 |
| Retention of Applicant | 17.4 | $7,000.0 |
| Retention of Others | 6.8 | $3,100.00 |
| US Trustee Matters | 3.2 | $2,300.00 |
| **TOTALS:** | **204.9** | **$118,080.00** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| PRIME CORE TECHNOLOGIES INC., *et al.*,[1] | Case No. 23-11161 (JKS) (Jointly Administered) |
| Debtors. | |

**STAFFING PLAN FOR WOMBLE BOND DICKINSON (US) LLP CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM SEPTEMBER 5, 2023 THROUGH JANUARY 5, 2024**

| Category of Timekeeper | Number of Timekeepers | Average Hourly Rate |
|---|---|---|
| Partner | 2 | $872.50 ($842.50 prior to October 1, 2023) |
| Associate | 1 | $385.00 ($340 prior to October 1, 2023) |
| Paralegal | 2 | $370 ($350.00 prior to October 1, 2023) |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

WBD (US) 4853-8970-8969v1

**SUMMARY OF FEES AND HOURS BUDGETED COMPARED WITH FEES AND HOURS BILLED DURING THE FINAL PERIOD OF SEPTEMBER 5, 2023 THROUGH JANUARY 5, 2024 WITH ADDITIONAL TIME THROUGH MARCH 5, 2024 FOR PREPARATION OF FEE APPLICATIONS**

| TASK DESCRIPTION | BUDGETED HOURS | BILLED HOURS | BUDGETED FEES | BILLED FEES |
|---|---|---|---|---|
| Asset Disposition - General | 3.4 | 2.8 | $2,500.00 | $2,003.00 |
| Business Operations/Meetings with Debtor | 2.9 | 2.3 | $2,250.00 | $1,805.50 |
| Creditors Committee Meeting/Conferences | 24.1 | 18.1 | $20,000.00 | $15,080.50 |
| Creditor Information Sharing/1102 | 0.40 | 0.3 | $300.0 | $253.50 |
| Claims Objection | 6.0 | 4.8 | $4,900.00 | $3,964.00 |
| Discovery | 0.80 | 0.6 | $650.00 | $507.00 |
| Disclosure Statement | 0.80 | 0.6 | $650.00 | $507.00 |
| Fee Application/Monthly Billing | 45.0 | 39.0 | $22,000.00 | $18,087.00 |
| Fees of Others | 4.2 | 3.2 | $1,600.00 | $1,184.00 |
| General Case Administration | 24.6 | 19.0 | $8,700.00 | $7,498.00 |
| Court Hearings/Preparation/Agenda | 49.0 | 39.4 | $31,000.00 | $22,768.00 |
| Litigation | 0.4 | 0.3 | $300.00 | $235.50 |
| Other Motion Practice | 1.5 | 1.1 | $500.00 | $407.00 |
| Post Petition Financing | 0.3 | 0.2 | $230.00 | $169.00 |
| Plan of Reorganization | 14.1 | 11.1 | $10,100.00 | $8,211.50 |
| Retention of Applicant | 17.4 | 13.3 | $7,000.0 | $5,695.50 |
| Retention of Others | 6.8 | 5.6 | $3,100.00 | $2,445.50 |
| US Trustee Matters | 3.2 | 2.2 | $2,300.00 | $1,707.50 |
| **TOTALS:** | **204.9** | **163.9** | **$114,080.00** | [2]**$91,684.00** |

---

[2] The sum total of $91,684.00 reflects a reduction of WBD's fees by $845.00 pursuant to the U.S. Trustee's informal comments on WBD's Third Monthly Fee Application. [D.I. 714]

WBD (US) 4853-8970-8969v1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| PRIME CORE TECHNOLOGIES INC., *et al.*,[3] | ) ) ) ) | Case No. 23-11161 (JKS) (Jointly Administered) |
| Debtors. | ) ) ) | **Objection Deadline: March 27, 2024 at 4:00 p.m. (ET)** **Hearing Date: April 11, 2024 at 1:00 p.m. (ET)** |

**COMBINED FIFTH MONTHLY AND FINAL FEE APPLICATION OF WOMBLE BOND DICKINSON (US) LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR (I) THE MONTHLY PERIOD FROM JANUARY 1, 2024 THROUGH JANUARY 5, 2024; AND (II) THE FINAL PERIOD FROM SEPTEMBER 5, 2023 THROUGH JANUARY 5, 2024 WITH ADDITIONAL TIME THROUGH MARCH 5, 2023 FOR PREPARATION OF FEE APPLICATIONS**

Womble Bond Dickinson (US) LLP ("WBD"), co-counsel to the Official Committee of Unsecured Creditors (the "Committee") of Prime Core Technologies, Inc. and its affiliated debtors (collectively, the "Debtors"), submits its Combined Fifth Monthly and Final Fee Application (the "Application"), pursuant to sections 330(a) and 331 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 ("Local Rule 2016-2") of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 for Attorneys in Larger*

---

[3] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, NV 89135.

WBD (US) 4853-8970-8969v1

*Chapter 11 Cases* issued by the Executive Office for United States Trustees (the "Guidelines"), and this Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 149] (the "Interim Compensation Order").[4]

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue of these cases and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are Bankruptcy Code sections 330 and 331.

## RELIEF REQUESTED

4. By the Application, WBD seeks a (i) monthly allowance with respect to the sums of $13,259.00 for the period of January 1, 2024 through January 5, 2024 with additional time through March 5, 2024 for preparation of fee applications (the "Fifth Monthly Compensation Period") and (ii) final allowance of sums for the period of September 5, 2023 through and including January 5, 2024 (the "Final Application Period") in the amount of [5]$91,684.00 (the "Final Compensation Amount") and (iii) reimbursement of its actual and necessary expenses in the amount of $1,595.18 incurred during the Final Application Period (the "Final Expense Amount"). In support of the Application, WBD respectfully represents as follows:

---

[4] Capitalized terms used herein but not capitalized shall have the meaning(s) ascribed to them in the Interim Compensation Order.
[5] The sum total of $91,684.00 reflects a reduction of WBD's fees by $845.00 pursuant to the U.S. Trustee's informal comments on WBD's Third Monthly Fee Application. [D.I. 714]

WBD (US) 4853-8970-8969v1

**BACKGROUND**

4. On August 14, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"), commencing these Chapter 11 Cases. Since the Petition Date, the Debtors have remained in possession of its assets and have continued to operate and manage its businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases.

5. On August 29, 2023, the Office of the United States Trustee appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 51]. The Committee is comprised of the following six (6) members: (i) Yousef Abbasi; (ii) Allsectech, Inc.; (iii) DMG Blockchain Solutions, Inc.; (iv) Net Cents Technology, Inc.; (v) Stably Corporation; and (vi) Austin Ward. On September 5, 2023, the Committee selected WBD to serve as its counsel.[6]

6. Information regarding the Debtors' history, business operations, capital structure, indebtedness, and the events leading up to the commencement of these Chapter 11 Cases can be found in the *Declaration of Jor Law, Interim Chief Executive Officer and President of Prime Core Technologies Inc., Et Al., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 14].

7. On September 27, 2023, the Committee applied to the Court for an order authorizing the Committee to retain WBD as its co-counsel, effective as of September 5, 2023 [Docket No. 196] (the "Retention Application").

---

[6] On November 29, 2023, the U.S. Trustee filed the Notice of Amended Appointment of Official Committee of Unsecured Creditors on November 29, 2023, to reflect the removal of one member from the Committee [Docket No. 490].

8.      On October 16, 2023, the Court entered an Order approving the retention of WBD as co-counsel to the Committee, effective as of September 5, 2023 [Docket No. 301] (the "<u>Retention Order</u>").

## FEE STATEMENTS

9.      The fee statement for the Fifth Monthly Compensation Period is attached hereto as **Exhibit B**. The Fee Statements relating to the Final Compensation Period were attached as Exhibit A to the previously filed monthly fee applications. These statements contain daily time logs describing the time spent by each attorney and paraprofessional for the Fifth Monthly Compensation Period and the Final Compensation Period. To the best of WBD's knowledge, this Application complies with Sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, Local Rule 2016-2, applicable Third Circuit law and the Interim Compensation Order.

## SUMMARY OF FIFTH MONTHLY COMPENSATION PERIOD

10.     During the Fifth Monthly Compensation Period, WBD performed the services for the Committee for which it is seeking compensation. WBD received no payment and no promises of payment from any source, other than the Debtor, for services rendered, or to be rendered, in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between WBD and any other person, other than members of the firm, for the sharing of compensation received for services rendered in this case.

11.     WBD maintains computerized records of the time spent by all WBD attorneys and paraprofessionals in connection with its representation of the Committee. Subject to redaction where necessary to preserve attorney-client privilege, relevant copies of the computerized records showing detailed time entries relating to the fees incurred by WBD in the amount of $13,259.00

during the Fifth Monthly Compensation Period are attached as **Exhibit B**. WBD also expended no costs on behalf of the Committee.

12. WBD seeks monthly allowance and payment, pursuant to Bankruptcy Code sections 330 and 331, of all fees and expenses incurred from the commencement of its services on September 5, 2023 through and including January 5, 2024 with additional time through March 5, 2024 for the preparation of fee applications. The firm's total fees sought for the Fifth Monthly Compensation Period are $13,259.00 with no additional out-of-pocket expenses or costs.

13. Pursuant to the Interim Compensation Order, 80% of the firm's fees, or $10,607.20 is payable to WBD absent an objection to the Application.

**SUMMARY OF SERVICES RENDERED BY WBD DURING THE FIFTH MONTHLY COMPENSATION PERIOD AND FINAL APPLICATION PERIOD**

14. During the Fifth Monthly Compensation Period and Final Application Period, WBD provided significant professional services to the Committee in its efforts to maximize value to the estate's stakeholders.

15. The services rendered by WBD during the Fifth Monthly Compensation Period and the Final Application Period are grouped into categories set forth in **Exhibit A**. The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category are set forth in **Exhibit A**.

16. During the Fifth Monthly Compensation Period and Final Application Period, WBD professionals prepared for court hearings, discussed the plan of reorganization and prepared fee applications. Additional services rendered to the Committee by WBD during the Fifth Monthly Compensation Period are described in the itemized time records for professionals and paraprofessionals attached hereto as **Exhibit B**. The services rendered during the Final

Application. The Fee Statements relating to the Final Compensation Period were attached as Exhibit A to the previously filed monthly fee applications.

17. During the Fifth Monthly Compensation Period and Final Application Period, WBD billed the estate for time expended by attorneys and paraprofessionals based on hourly rates ranging from $370.00 to $845.00 per hour. The professional services performed by WBD on behalf of the Committee during the Fifth Monthly Compensation Period and Final Application Period required an aggregate expenditure of 29.5 and 163.5, respectively, recorded hours by WBD's partners, counsel, associates, and paraprofessionals. WBD's blended hourly rate for services provided during the Fifth Monthly Compensation Period and Final Application Period was $492.50 and $574.00, respectively.

18. The fees charged by WBD, as set forth in **Exhibit B**, are billed in accordance with WBD's existing billing rates and procedures in effect during the Fifth Monthly Compensation Period and Final Application Period. The rates that WBD charges for services rendered by its professionals and paraprofessionals in this chapter 11 case were comparable rates for professional and paraprofessional services rendered in bankruptcy and non-bankruptcy related matters in a competitive national legal market.

19. All entries itemized in WBD's time records comply with the requirements set forth in Local Rule 2016-2, including, without limitation, (i) the utilization of project categories, (ii) a description of each activity or service that each individual performed, and (iii) the number of hours (in increments of one-tenth of an hour) spent by each individual providing the services. Each project category in **Exhibit B** is organized in accordance with WBD's internal system of project category or work codes (each a "Task Code"). If a Task Code does not appear, then WBD did not bill time or expenses for that Task Code during the Fifth Monthly Compensation Period or Final

Application Period. In accordance with Local Rule 2016-2(d)(viii), task code BKTT-Travel Time is billed at 50% of the regular hourly rates. Furthermore, in accordance with Local Rule 2016-2(d)(x), all activity descriptions in **Exhibit B** are presented chronologically within each Task Code category.

20. The professional services performed by WBD during the Fifth Monthly Compensation Period and the Final Application Period were necessary and appropriate to the administration of this case. The professional services performed by WBD were in the best interests of the Committee and other parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and time-sensitive nature of the problems, issues, or tasks involved. The professional services were performed with expedition and in an efficient manner.

**A. Actual and Necessary Expenses**

21. WBD did not incur any out-of-pocket expenses or costs relating to serving as counsel to the Committee during the Fifth Monthly Compensation Period.

22. WBD's out-of-pocket expenses and costs incurred during the Final Application Period are summarized in **Exhibit C**, attached hereto.

**B. The Requested Compensation Should be Allowed**

23. The professional time expended by the firm, the value of said time in fees, and the value of the actual expenses incurred by the firm were actual, reasonable, and necessary. In all respects, the firm's fees and expenses meet the standards for allowance under Bankruptcy Code section 330, as well as the standards that govern the review and allowance of bankruptcy professionals' fees. *See, e.g., In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833 (3d Cir. 1994).

24. Bankruptcy Code section 331 provides for final compensation of professionals and incorporates the substantive standards of Bankruptcy Code section 330 to govern the Court's

award of such compensation. See 11 U.S.C. § 331. Bankruptcy Code section 330 provides that a court may award a professional employed under Bankruptcy Code section 1103 the "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A) (B). Bankruptcy Code section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> i. the time spent on such services;
>
> ii. the rates charged for such services;
>
> iii. whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> iv. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> v. with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> vi. whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

25. The professional services performed by WBD during the Fifth Monthly Compensation Period and the Final Application Period were in the best interests of the Committee and other parties in interest. Compensation for the foregoing services as requested is

commensurate with the complexity, importance, and time-sensitive nature of the problems, issues, or tasks involved. The professional services were performed with expedition and in an efficient manner.

26. Whenever possible, WBD sought to minimize the costs of its services to the Committee by assigning tasks as appropriate to junior attorneys and paraprofessionals whose rates are lower. WBD's delegation as such has resulted in a very desirable blended rate for its timekeepers in this engagement.

27. In sum, the services rendered by WBD during the Fifth Monthly Compensation Period and the Final Application Period were necessary and beneficial to the Committee, the Debtor's estate and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

28. As stated in the Declaration of Donald J. Detweiler, annexed hereto as **Exhibit D**, the Application complies with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

**RESERVATION OF RIGHTS**

29. To the extent time or disbursement charges for services rendered or disbursements incurred relate to the Final Application Period but were not processed prior to the preparation of this Application, or WBD has for any other reason not sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Final Application Period, WBD reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

**CERTIFICATE OF COMPLIANCE AND WAIVER**

30. The undersigned representative of WBD certifies that the undersigned has reviewed the requirements of Local Rule 2016-2, and that the Application substantially complies with such Local Rule. To the extent that the Application does not comply in all respects with the requirements of Local Rule 2016-2, the undersigned believes that such deviations are not material. Accordingly, WBD respectfully requests that any such requirements be waived.

**NOTICE**

31. In accordance with the Interim Compensation Order, a copy of this Application will be served upon the Notice Parties (as defined in the Interim Compensation Order). A notice of hearing on this Application will be served upon all parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the relief requested herein, WBD asserts that no further notice is necessary.

**CONCLUSION**

WHEREFORE, WBD respectfully requests entry of an order granting this Application and granting WBD final allowance and payment of compensation for professional services rendered as co-counsel to the Committee during the (I) Fifth Monthly Compensation Period in the amount of $13,259.00; (II) Final Application Period in the sum of $91,684.00; and (III) such other and further relief that the Court deems just, proper and necessary.

Dated: March 5, 2024  
Wilmington, Delaware

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Donald J. Detweiler*
Donald J. Detweiler (DE Bar No. 3087)
Elazar A. Kosman (DE Bar No. 7077)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
Email:  don.detweiler@wbd-us.com
Email:  elazar.kosman@wbd-us.com

*Counsel to the Official Committee of Unsecured Creditors*