IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PRIME CORE TECHNOLOGIES, INC. *et al*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11161 (JKS)<br><br>(Jointly Administered)<br><br>**Hearing Date: April 11, 2024 at 1:00 p.m. (ET)**<br>**Objection Deadline: April 2, 2024 at 4:00 p.m. (ET)** |

**PLAN ADMINISTRATOR'S FIRST OMNIBUS OBJECTION (NO SUPPORTING DOCUMENTATION) TO CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE AND RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (NON-SUBSTANTIVE OBJECTION)**

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM. SUBSTANTIVE RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND BY ANY FURTHER OBJECTION THAT MAY BE FILED.**

Province Fiduciary Services, LLC, solely in its capacity as the plan administrator (the "Plan Administrator") of the *Amended Joint Chapter 11 Plan of Reorganization for Prime Core Technologies Inc. and its Affiliated Debtors* (Docket No. 644-1) (as modified or amended and collectively with the exhibits thereto, the "Plan"),[2] by and through its undersigned counsel, hereby submits this omnibus objection (the "First Omnibus Objection") seeking entry of an order (the "Proposed Order"), pursuant to sections 105(a) and 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware (the "Local

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8346); and Prime Digital, LLC (4528). The Debtors' mailing address is Prime Core Technologies, Inc. Plan Administrator, c/o Province Fiduciary Services, LLC, 2360 Corporate Circle, Suite 340, Henderson, Nevada 89074.

[2] Capitalized terms used but not defined herein are ascribed the definitions given to them in the Plan.

WBD (US) 4888-0439-4149v5

Rules"), disallowing and expunging in full the no supporting documentation claims listed on Exhibit A to the Proposed Order.

In support of this First Omnibus Objection, the Plan Administrator relies on the *Declaration of David Dunn in Support of Plan Administrator's First Omnibus Objection (No Supporting Documentation) to Claims Pursuant to Section 502 of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure (Non-Substantive Objection)* (the "Dunn Declaration"), attached hereto as **Exhibit 1**. In further support of this First Omnibus Objection, the Plan Administrator respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and Article 12 of the Plan. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2)(A), (B) and (O).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a) and 502(b) of the Bankruptcy Code, as supplemented by Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1.

3. Pursuant to Local Rule 9013-1(f), the Plan Administrator consents to the entry of a final judgment or order with respect to the First Omnibus Objection if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**BACKGROUND**

A. **The Chapter 11 Cases (these "Cases")**

4. On August 14, 2023 (the "Petition Date"), each of the above-captioned debtors (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5. On August 29, 2023, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to Bankruptcy Code section 1102 (the "Committee"). *See* Docket No. 51.

6. On December 21, 2023, the Court entered the *Findings of Fact, Conclusions of Law and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Amended Chapter 11 Plan of Reorganization of Prime Core Technologies Inc. and Its Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code* (Docket No. 644) (the "Confirmation Order") confirming the Plan.

7. The Plan became effective on January 5, 2024 (the "Effective Date"). *See* Docket No. 694.

8. Pursuant to the Plan, the Plan Administrator is the manager of the Wind-Down Debtor, vested with the powers of a debtor in possession and trustee under sections 1107, 1123(b)(3), 704, and 1106 of the Bankruptcy Code, and authorized to implement the Plan, empowered with all rights and defenses to claims filed against the Debtors' estates. *See* Plan, Art. 6.10(a), (c), (d), Art. 8.7; *see also* Docket No. 644, ¶ Q(d).

B. **The Bar Dates**

9. On September 20, 2023, the Court entered the *Order (I) Establishing Bar Dates to File Proofs of Claim; (II) Approving Form and Manner for Filing Proofs of Claim; (III)*

*Approving Form and Manner of Notice of Bar Dates; and (IV) Granting Related Relief* (Docket No. 169) (the "Bar Date Order"). The Bar Date Order established, among other deadlines, (i) October 22, 2023 as the deadline for each person or entity other than governmental units to file (a) proofs of prepetition claims, including administrative expense claims arising pursuant to section 503(b)(9) of the Bankruptcy Code (the "General Bar Date"), and (b) proofs of administrative expense claims arising on or after the Petition Date through September 15, 2023 (the "Administrative Bar Date"); and (ii) February 10, 2024 as the last date for governmental units to file proofs of claim that arose before the Petition Date (the "Governmental Bar Date").

10. On September 22, 2023, the Debtors filed notices of the General Bar Date, Administrative Bar Date and Governmental Bar Date. *See* Docket Nos. 185, 186.

### C. The Claims Resolution Process

11. On September 22, 2023, each Debtor filed its respective schedules of assets and liabilities (the "Schedules"). *See* Docket Nos. 175, 176, 177, 178.

12. In the ordinary course of business, the Debtors maintained books and records that reflect, *inter alia*, the Debtors' liabilities and the amounts owed to their creditors. Articles 6.10 and 6.22 of the Plan provides the Plan Administrator shall be provided with originals or copies of, or access to, all documents and business records of the Debtors necessary for the disposition of the Plan and objections to general unsecured claims.

13. The Plan Administrator and its professionals have been reviewing and analyzing claims since the Effective Date of the Plan. This process includes identifying categories of claims that may be targeted for disallowance and expungement, reduction and/or reclassification. To reduce the number of claims, and to avoid possible double or otherwise

improper recovery by claimants, the Plan Administrator anticipates filing additional omnibus objections to claims.

14. The Plan Administrator desires to wind up the claims reconciliation process and other residual issues in the instant chapter 11 Cases as expeditiously as possible for the benefit of all creditors of the Debtors' estates.

## RELIEF REQUESTED

15. By this First Omnibus Objection and for the reasons described more fully below, the Plan Administrator requests entry of the Proposed Order substantially in the form attached hereto as **Exhibit 2**, disallowing the claims set forth therein (the "No Supporting Documentation Claims"), pursuant to sections 105(a) and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1.

## OBJECTION

16. Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest … objects." 11 U.S.C. § 502(a). Once an objection to a claim is filed, the Court, after notice and hearing, shall determine the allowed amount of the claim. *See* 11 U.S.C. § 502(b).

17. Section 502(b)(1) of the Bankruptcy Code provides, in part, that a claim may not be allowed to the extent that it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). While a properly filed proof of claim is *prima facie* evidence of the claim's allowed amount, when an objecting party presents evidence to rebut a claim's *prima facie* validity, the claimant bears the burden of proving the claim's validity by a preponderance of evidence. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992). The burden of persuasion with respect to the claim is always on the

claimant. *See id.* at 174. The failure to allege facts and to provide sufficient support for a claim deprives the claim of *prima facie* validity. *See, e.g.*, *In re Jorczak*, 314 B.R. 474, 481-82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with respect to the allowance of claims).

18. For the reasons set forth below, there is ample evidence to rebut the *prima facie* validity of each of the No Supporting Documentation Claims listed on Exhibit A to the Proposed Order.

A. **No Supporting Documentation Claims**

19. Section 502(b)(1) of the Bankruptcy Code provides that a claim asserted in a proof of claim shall be allowed, except to the extent "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

20. The Plan Administrator has determined that the No Supporting Documentation Claims listed in Exhibit A to the Proposed Order cannot be reconciled with the Debtors' books and records. The Plan Administrator believes that the No Supporting Documentation Claims are not valid because the claims are not reflected in the Debtors' books and records and the proofs of claim fails to provide sufficient information to substantiate the nature or existence of such claim, all as more fully set forth in Exhibit A.

21. Based on the Plan Administrator's review and analysis of the Debtors' books and records, the claims register, and the proofs of claim and supporting documentation, the No Supporting Documentation Claims are not enforceable under any applicable law or agreement within the meaning of section 502(b)(1), and therefore, the Debtors' estates are not liable for such claim. Failure to disallow the No Supporting Documentation Claims will result in such claimants receiving unwarranted recoveries against Debtor's estates, to the detriment of creditors in these

Cases. Accordingly, the Plan Administrator objects to the No Supporting Documentation Claims and requests entry of the Proposed Order disallowing the No Supporting Documentation Claims in their entirety.

<b><u>RESPONSES TO OMNIBUS OBJECTIONS</u></b>

22. To contest an objection, a claimant must file and serve a written response to this First Omnibus Objection (a "<u>Response</u>") so that it is received no later than **April 2, 2024 at 4:00 p.m. (Prevailing Eastern Time)** (the "<u>Response Deadline</u>"). Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 North Market Street, Wilmington, Delaware 19801, and served upon counsel to the Plan Administrator, so that the Response is received no later than the Response Deadline, at the following address:

> Womble Bond Dickinson LLP
> 1313 North Market Street, Suite 1200
> Wilmington, Delaware 19801
> Attn:   Donald J. Detweiler
>             Morgan L. Patterson
>
> Email: don.detweiler@wbd-us.com
>            morgan.patterson@wbd-us.com

23. Every Response to this First Omnibus Objection must contain, at a minimum, the following information:

   i. a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of objection to which the Response is directed;

   ii. the name of the claimant, his/her/its claim number, and a description of the basis for the amount of the claim;

   iii. the specific factual basis and supporting legal argument upon which the party will rely in opposing this First Omnibus Objection;

   iv. any supporting documentation, to the extent it was not included with the proof of claim previously filed with the clerk or claims agent, upon which

        the party will rely to support the basis for and amounts asserted in the proof of claim; and

    v.    the name, address, telephone number, email address and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Plan Administrator should communicate with respect to the claim or the First Omnibus Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the disputed claim on behalf of the claimant.

24.    If a claimant fails to file and serve a timely Response by the Response Deadline, the Plan Administrator will present to the Court an appropriate order disallowing such claimant's claim without further notice to the claimant.

## REPLIES TO RESPONSES

25.    Consistent with Local Rule 9006-1(d), the Plan Administrator may, at its option, file and serve a reply to a Response no later than 4:00 p.m. (Prevailing Eastern Time) one (1) day prior to the deadline for filing the agenda for any hearing to consider the First Omnibus Objection.

## SEPARATE CONTESTED MATTERS

26.    To the extent a Response is filed regarding any claim listed in this First Omnibus Objection and the Plan Administrator is unable to resolve the Response, the objection by the Plan Administrator to each such claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding an objection asserted in the First Omnibus Objection shall be deemed a separate order with respect to each claim.

## RESERVATION OF RIGHTS

27.    The Plan Administrator hereby reserves the right to object in the future to any of the claims that are the subject of this First Omnibus Objection on any ground, and to amend,

modify, and/or supplement this First Omnibus Objection, including, without limitation, to object to amended or newly-filed claims. Notwithstanding anything contained in this First Omnibus Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Plan Administrator may have to exercise rights of setoff against the holders of such claims.

## NOTICE

28. Notice of this Motion shall be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) each of the claimants whose claim is subject to this First Omnibus Objection; and (iii) all entities requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Plan Administrator submits that no further notice is required.

## COMPLIANCE WITH LOCAL RULE 3007-1

29. The undersigned representatives of Womble Bond Dickinson (US) LLP certify that they have reviewed the requirements of Local Rule 3007-1 and that the First Omnibus Objection substantially complies with that Local Rule. To the extent that the First Omnibus Objection does not comply in all respects with the requirements of Local Rule 3007-1, Womble Bond Dickinson (US) LLP believes such deviations are not material and respectfully requests that any such requirement be waived.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Plan Administrator respectfully requests the entry of the Proposed Order, substantially in the form attached hereto as **Exhibit 2**, granting the relief requested and granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
March 12, 2024

**WOMBLE BOND DICKINSON LLP**

By: */s/ Morgan L. Patterson*
Donald J. Detweiler (Del. Bar No. 3087)
Morgan L. Patterson (Del. Bar No. 5388)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Tel:          (302) 252-4320
Facsimile: (302) 252-4330
Email:     don.detweiler@wbd-us.com
                Morgan.patterson@wbd-us.com

*Counsel to the Plan Administrator*