# EXHIBIT 1

**Dunn Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> PRIME CORE TECHNOLOGIES INC., *et al*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 23-11161 (JKS) <br><br> (Jointly Administered) |

**DECLARATION OF DAVID DUNN IN SUPPORT OF PLAN ADMINISTRATOR'S SECOND OMNIBUS OBJECTION ((A) RECLASSIFY AND REDUCE; (B) RECLASSIFY AND ALLOW; AND (C) NO LIABILITY) TO CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE AND RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (SUBSTANTIVE OBJECTION)**

I, David Dunn, hereby declare under penalty of perjury:

1. I am a Principal of Province Fiduciary Services, LLC, the plan administrator (the "Plan Administrator") for Prime Core Technologies, Inc. and its affiliate debtors (collectively, the "Debtors") in the above-captioned cases (collectively, the "Cases"). In the course and scope of my engagement, I have been personally involved in the processing and reconciliation of claims against the Debtors. I am authorized by the Plan Administrator to make this declaration in support of the *Plan Administrator's Second Omnibus Objection ((A) Reclassify and Reduce; (B) Reclassify and Allow; and (C) No Liability) to Claims Pursuant to Section 502 of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure (Substantive Objection)* (the "Second Omnibus Objection").[2]

2. Pursuant to the Plan, the Plan Administrator is authorized and empowered to,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8346); and Prime Digital, LLC (4528). The Debtors' mailing address is Prime Core Technologies, Inc. Plan Administrator, c/o Province Fiduciary Services, LLC, 2360 Corporate Circle, Suite 340, Henderson, Nevada 89074.

[2] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the corresponding Second Omnibus Objection.

among other things, prosecute and resolve objections to claims filed in the Debtors' Cases.

3. On behalf of the Plan Administrator, I reviewed the Second Omnibus Objection, as well as the Reduce and Reclassify Claims, Reclassify and Allow Claims and No Liability Claims, and I am directly or through other personnel, agents and attorneys, familiar with the information contained therein. To the best of my knowledge, information and belief, and based on the information and records available to me, the information contained in the Second Omnibus Objection and the exhibits attached thereto is true and accurate.

4. If called upon to testify, I could and would competently testify to the facts set forth herein.

5. By the Objection, the Plan Administrator requests that the Court enter an order (a) reducing and reclassifying the claims as set forth on Exhibit A to the Proposed Order; (b) reclassifying and allowing the claims as set forth on Exhibit B to the Proposed Order; and (c) disallowing and expunging the claims as set forth on Exhibit C to the Proposed Order.

6. Based upon my personal knowledge, my familiarity with the processing and reconciliation of the claims listed on Exhibits A through C to the Proposed Order, or my review of relevant documents, I believe that granting the relief requested in the Second Omnibus Objection is in the best interests of the Debtors, their estates, and their creditors.

A. <u>Reduce and Reclassify Claims</u>

7. To the best of my knowledge and belief, and based on the information and records available to me, the Debtors' estates are only liable for a portion of the claims set forth on Exhibit A to the Proposed Order. Specifically, the Debtors are only responsible for the amount of each stated claim reflected in the Debtors' records because the claimants provided no documentation supporting the stated amount of their Reduce and Reclassify Claims nor did

claimants provide supporting documentation as to the asserted secured or administrative priority status of their claims. Each Reduce and Reclassify Claim should therefore be reduced to the amount reflected as owing to such claimants in the Debtors' records. Further, each Reduce and Reclassify Claim should be reclassified to a General Unsecured Claim (against the applicable Debtor) because the Debtors' records indicate that each Reduce and Reclassify Claim is asserted by an Account Holder and the Plan provided that such Account Holders's claims are General Unsecured Claims.

B.  <u>Reclassify and Allow Claims</u>

8.  After reviewing the Reclassify and Allow Claims and supporting materials against the Debtor's books and records, the Plan Administrator has determined that the Reclassify and Allow Claims were improperly filed as administrative, secured, or priority unsecured claims and that such claims should be reclassified in whole as General Unsecured Claims (against the applicable Debtor). The Debtors' records indicate that each claimant is an Account Holder, and the Reclassify and Allow Claims did not include supporting documentation as to the asserted administrative, secured or priority status of their claims. Each Reclassify and Allow Claim should therefore be reclassified to a General Unsecured Claim (against the applicable Debtor) because the Debtors' records indicate that each Reclassify and Allow Claim is asserted by an Account Holder and the Plan provided that such Account Holders' claims are General Unsecured Claims.

C.  <u>No Liability Claims</u>

9.  Based on the Plan Administrator's review and analysis of the Debtors' books and records, the claims register, and the proofs of claim and supporting documentation, the Plan Administrator has determined that the No Liability Claims listed in Exhibit C to the Proposed Order cannot be reconciled with the Debtors' books and records. The Plan Administrator believes

that the No Liability Claims are not valid because either (a) the claim was paid or otherwise satisfied pursuant to a severance agreement, or (b) the claim is not reflected in the Debtors' books and records and the proof of claim fails to provide sufficient information to substantiate the nature or existence of such claim.

10. Specifically, as to claim number 358 filed by [Name Redacted], upon information and belief, [Name Redacted] was employed by Debtor Prime Trust, LLC. [Name Redacted] was hired to be the Chief Trust Officer and started on November 7, 2022 before he was fired on January 1, 2023. [Name Redacted] never acted in that capacity and merely worked as an attorney in the legal department fulfilling minor tasks. After working for 55 days, [Name Redacted] was laid-off from the Debtors as a result of a reduction in force and signed a severance agreement that waived claims under "any other local, state or federal law, rule, or regulation relating to or affecting your employment by the Company," but which did not specifically list the WARN Act.  After his termination, [Name Redacted]' lawyer sent a letter to the Debtors claiming a WARN Act violation. Upon information and belief, Debtors' counsel spoke with [Name Redacted] lawyer on May 31, 2023 and explained that [Name Redacted] should not be counted as an employee for triggering the WARN Act. Even if assuming the WARN Act was triggered, it is the Plan Administrator's understanding that if that employee was employed less than 120 days, then that employee gets the lesser of 60 days' notice or half the number of days that employee was employed. In Mr. [Name Redacted] case, he worked 55 days (November 7, 2022 through January 1, 2023) and so would be entitled to 27.5 days' notice or pay (half of employment days) if the WARN Act was actually triggered. Upon information and belief, [Name Redacted] was given 30 days severance and so, if the WARN Act applied and controlled, he was actually overpaid from what the WARN Act would require by 2.5 days pay.  Therefore,

[Name Redacted] claim should be disallowed because the Debtors' estates have no liability for his claim and it should be disallowed.

11. Specifically, as to claim 1706 filed by [Name Redacted], upon information and belief, [Name Redacted] filed a claim against Debtor Prime Trust for purportedly losing her life savings in a scam that transferred money to Binance and FTX accounts connected to Prime Trust, however, beyond one conclusory sentence in the claim, the claim does not provide any support that Prime Trust's accounts were used in such a scam. The Debtors' records indicate her account associated with Binance was created on February 6, 2023, but no funds were ever transferred into this account. As a result, the Debtors have no liability for this claim and it should be disallowed.

*[Remainder of page intentionally left blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best my knowledge, and belief, and based on the information and records available to me.

Dated:  March 12, 2024

                                                  /s/  David Dunn
                                                  David Dunn, Principal
Province Fiduciary Services, LLC
Solely in its capacity as Plan Administrator
for Prime Core Technologies, Inc. and its
affiliate debtors