# **EXHIBIT 1**

**Dunn Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PRIME CORE TECHNOLOGIES INC., *et al*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF DAVID DUNN IN SUPPORT OF PLAN ADMINISTRATOR'S THIRD OMNIBUS OBJECTION ((A) AMENDED AND SUPERSEDED; AND (B) LATE FILED) TO CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE AND RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (NON-SUBSTANTIVE OBJECTION)**

I, David Dunn, hereby declare under penalty of perjury:

1. I am a Principal of Province Fiduciary Services, LLC, the plan administrator (the "Plan Administrator") for Prime Core Technologies, Inc. and its affiliate debtors (collectively, the "Debtors") in the above-captioned cases (collectively, the "Cases"). In the course and scope of my engagement, I have been personally involved in the processing and reconciliation of claims against the Debtors. I am authorized by the Plan Administrator to make this declaration in support of the *Plan Administrator's Third Omnibus Objection ((A) Amended and Superseded; and (B) Late Filed) to Claims Pursuant to Section 502 of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure (Substantive Objection)* (the "Third Omnibus Objection").[2]

2. Pursuant to the Plan, the Plan Administrator is authorized and empowered to, among other things, prosecute and resolve objections to claims filed in the Debtors' Cases.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8346); and Prime Digital, LLC (4528). The Debtors' mailing address is Prime Core Technologies, Inc. Plan Administrator, c/o Province Fiduciary Services, LLC, 2360 Corporate Circle, Suite 340, Henderson, Nevada 89074.

[2] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the corresponding Third Omnibus Objection.

3. On behalf of the Plan Administrator, I reviewed the Third Omnibus Objection, as well as the Amended and Superseded Claims and Late Filed Claims, and I am directly or through other personnel, agents and attorneys, familiar with the information contained therein. To the best of my knowledge, information and belief, and based on the information and records available to me, the information contained in the Third Omnibus Objection and the exhibits attached thereto is true and accurate.

4. If called upon to testify, I could and would competently testify to the facts set forth herein.

5. By the Objection, the Plan Administrator requests that the Court enter an order disallowing and expunging the Amended and Superseded Claims and Late Filed Claims as set forth on Exhibit A and Exhibit B to the Proposed Order.

6. Based upon my personal knowledge, my familiarity with the processing and reconciliation of the Amended and Superseded Claims and Late Filed Claims, or my review of relevant documents, I believe that granting the relief requested in the Third Omnibus Objection is in the best interests of the Debtors, their estates, and their creditors.

7. To the best of my knowledge and belief, and based on the information and records available to me, each Amended and Superseded Claim listed on Exhibit A to the Proposed Order was amended by a subsequently filed proof of claim by the same claimant on account of the same liability as reflected in each claimant's respective surviving claims (the "Surviving Claims") as identified on Exhibit A to the Proposed Order. Based on a review of the Surviving Claims, each claimant affirmatively checked the box in their Surviving Claim to reflect that such claim amended a previously filed claim. Furthermore, such claimants will not be prejudiced if the Amended and Superseded Claims are disallowed and expunged because the claimants will retain their respective

Surviving Claims.

8.  To the best of my knowledge and belief, and based on the information and records available to me, each Late Filed Claim listed on Exhibit B to the Proposed Order was filed after the applicable General Bar Date established by the Court. The Debtors' records also reflect that each holder of a Late Filed Claim was either (a) timely served with notice of the General Bar Date; or (b) the Debtors did not have a claimant's email or physical address on file and, therefore, such claimant is bound by the General Bar Date as a result of the Publication Notice.

*[Remainder of page intentionally left blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best my knowledge, and belief, and based on the information and records available to me.

Dated:  March 12, 2024

*/s/  David Dunn*
David Dunn, Principal
Province Fiduciary Services, LLC
Solely in its capacity as Plan Administrator
for Prime Core Technologies, Inc. and its
affiliate debtors
