**<u>EXHIBIT 2</u>**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PRIME CORE TECHNOLOGIES INC., *et al*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11161 (JKS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. ____** |

### ORDER SUSTAINING PLAN ADMINISTRATOR'S THIRD OMNIBUS OBJECTION ((A) AMENDED AND SUPERSEDED; AND (B) LATE FILED) TO CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE AND RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (NON-SUBSTANTIVE OBJECTION)

Upon consideration of the *Plan Administrator's Third Omnibus Objection ((A) Amended and Superseded; and (B) Late Filed) to Claims Pursuant to Section 502 of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure* (the "Third Omnibus Objection"),[2] by which the Plan Administrator requests the entry of an order pursuant to Bankruptcy Code sections 105 and 502(b), Bankruptcy Rule 3007, and Local Rule 3007-1 disallowing and expunging the Amended and Superseded Claims and Late Filed Claims identified on **Exhibits A** and **B**; and the Court having considered the Dunn Declaration in support of the Third Omnibus Objection; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and due and adequate notice of the Third Omnibus Objection having been given under the circumstances; and the Court having considered the Third Omnibus

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8346); and Prime Digital, LLC (4528). The Debtors' mailing address is Prime Core Technologies, Inc. Plan Administrator, c/o Province Fiduciary Services, LLC, 2360 Corporate Circle, Suite 340, Henderson, Nevada 89074.

[2] Capitalized terms used but not defined herein are ascribed the definitions given to them in the Third Omnibus Objection.

Objection, any responses thereto, and the claims listed on **Exhibits A** and **B** hereto; and upon the

record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor;

it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.      The Third Omnibus Objection is sustained as set forth herein.

2.      Pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rule 3007, the

Amended and Superseded Claims and Late Filed Claims listed on the attached **Exhibits A** and **B**

are hereby disallowed and expunged in their entirety.

3.      The Plan Administrator may amend, modify, or supplement the Third

Omnibus Objection, and may file additional substantive and non-substantive objections to claims

filed in these chapter 11 Cases.

4.      The Plan Administrator, the Debtors, and the Clerk of this Court are

authorized to take all actions necessary or appropriate to give effect to this Order.

5.      This Court shall retain jurisdiction over any matters related to or arising

from the Third Omnibus Objection or the implementation or interpretation of this Order.

6.      Each of the Amended and Superseded Claims and Late Filed Claims and

the objections by the Plan Administrator to such Amended and Superseded Claims and Late Filed

Claims, as set forth on **Exhibit A** and **B** hereto, constitutes a separate contested matter as

contemplated by Bankruptcy Rule 9014 and Local Rule 3007-1.  This Order shall be deemed a

separate Order with respect to each such Amended and Superseded Claim and Late Filed Claim.

Any stay of this Order pending appeal by any claimants whose Amended and Superseded Claims

and/or Late Filed Claims are subject to this Order shall only apply to the contested matter which

involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Third Omnibus Objection or this Order.

       7.    Notwithstanding any Bankruptcy Rule to the contrary, this Order shall take effect immediately upon entry.

## EXHIBIT A

**Amended and Superseded Claims**

Exhibit A to Proposed Order for Plan Administrator's Third Omnibus Objection to Claims (Amended and Superseded)

| Claimant | Surviving Claim Number | Amended Claim to be Disallowed | Claim Amount | Reasons for Disallowance |
|---|---|---|---|---|
| Name Redacted | 396 | 390 | $3,096.86 | The claimant filed an amended claim. Claim 396 will be retained and is unaffected by this Third Omnibus Claim Objection.  Claim 390, as the amended and superseded claim, should be disallowed in its entirety and expunged. |
| Name Redacted | 1258 | 1255 | $285.42 | The claimant filed an amended claim. Claim 1258 will be retained and is unaffected by this Third Omnibus Claim Objection.  Claim 1255, as the amended and superseded claim, should be disallowed in its entirety and expunged. |
| Name Redacted | 271 | 270 | $1,797.27 | The claimant filed an amended claim. Claim 271 will be retained and is unaffected by this Third Omnibus Claim Objection.  Claim 270, as the amended and superseded claim, should be disallowed in its entirety and expunged. |
| | | | | |
| **\*Claim 1258 is also subject to the Plan Administrator's Second Omnibus Objection (Reclassify and Allow) filed contemporaneously with this Third Omnibus Objection.** | | | | |
| | | | | |
| **Claims for Disallowance:** | **3** | | | |
| **Total Amount** | **$5,179.55** | | | |

# **EXHIBIT B**

**Late Filed Claims**

Exhibit B to Proposed Order for Plan Administrator's Third Omnibus Objection to Claims (Late Filed)

| Claimant | Date Claim Filed | Claim Number | Claim Amount | Claim Priority | Reasons for Disallowance |
|---|---|---|---|---|---|
| Name Redacted | 10/28/2023 | 1561 | $5,261.95 | Secured | The claim was filed after the applicable General Bar Date (10/22/2023).  The claimant was served with notice of the General Bar Date via email prior to the General Bar Date, and the Debtors' books and records do not reflect that such notice was undeliverable. |
| Name Redacted | 11/1/2023 | 1621 | $4,496.30 | Secured | The claim was filed after the applicable General Bar Date (10/22/2023).  The claimant was served with notice of the General Bar Date via email prior to the General Bar Date, and the Debtors' books and records do not reflect that such notice was undeliverable. |
| Name Redacted | 11/2/2023 | 1641 | $1,000.00 | Administrative | The claim was filed after the applicable General Bar Date (10/22/2023).  The claimant was served with notice of the General Bar Date via email prior to the General Bar Date, and the Debtors' books and records do not reflect that such notice was undeliverable. |
| Name Redacted | 10/27/2023 | 1514 | $10,517.48 | Secured | The claim was filed after the applicable General Bar Date (10/22/2023).  The Debtors' records did not have claimant's email or physical address. Because the Debtors did not have claimant's contact information, the claimant should be subject to the General Bar Date pursuant to the Debtors' publication notice of the General Bar Date. |
| Name Redacted | 10/23/2023 | 1464 | Blank | Administrative | The claim was filed after the applicable General Bar Date (10/22/2023).  The claimant was served with notice of the General Bar Date via email prior to the General Bar Date, and the Debtors' books and records do not reflect that such notice was undeliverable. |

Exhibit B to Proposed Order for Plan Administrator's Third Omnibus Objection to Claims (Late Filed)

| Claimant | Date Claim Filed | Claim Number | Claim Amount | Claim Priority | Reasons for Disallowance |
|---|---|---|---|---|---|
| Name Redacted | 10/25/2023 | 1500 | $174.15 | Secured | The claim was filed after the applicable General Bar Date (10/22/2023).  The claimant was served with notice of the General Bar Date via email prior to the General Bar Date, and the Debtors' books and records do not reflect that such notice was undeliverable. |
| | | | | | |
| **Late Filed Claims:** | **6** | | | | |
| **Total Amount** | **$21,449.88** | | | | |