RECEIVED
2024 APR -3  AM 11: 45
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| In re: | )) Case No. 23-11161 (JKS) |
|---|---|
| Prime Core Technologies, Inc., *et al.*,<br><br>Debtor. | )<br>) Chapter 11<br>)<br>)))) |

**RESPONSE TO PLAN ADMINISTRATOR'S SECOND OMNIBUS OBJECTION TO ((A) RECLASSIFY ND REDUCE; (B) RECLASSIFY AND ALLOW; (C) NO LIABILTY) TO CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE AND RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (SUBSTANTIVE OBJECTION)**

William Raines (the "*Claimant*"), by and through undersigned counsel, hereby responds to *Debtors' Plan Administrator's Second Omnibus Objection to ((A) Reclassify and Reduce; (B) Reclassify and Allow; and (C) No Liability) to Claims Pursuant to Section 502 of the Bankruptcy Code and Rule 3007 of the Federal Rules of Procedure (Substantive Objection)* (the "*Objection*") as follows:

**RESPONSE**

On October 6, 2023, the Claimant filed a general unsecured claim in the amount of $24,850.00, which was assigned claim number 358. Part of claimant's claim was asserted as priority on account of wages in the amount of $15,150.00, on account of violations of the Worker Adjustment and Restraining Notification (WARN) Act of 1988.

Pursuant to 11 U.S.C. § 502(a) and Rule 3001(f) of the Federal Rules of Bankruptcy Procedure, a proof of claim is presumed valid unless objected to by a party in interest. The creditor's filing of a proof of claim constitutes *prima facie* evidence of the amount and validity of the claim. The burden then shifts to the debtor to object to the claim. The debtor must introduce evidence to rebut the claim's presumptive validity. If the debtor carries its burden, the creditor has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence. *See e.g. In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992); *Stancill v. Harford Sands Inc. (In re Harford Sands Inc.)*, 372 F.3d 637, 640 (4th Cir. 2004).

In the present case, the original claim contains all of the information required by Rule 3001(c)(3), rendering the claims presumptively valid under Rule 3001(f) and shifting the burden to the Debtors to object to the claims and, most importantly, introduce evidence to rebut the claim's presumptive validity. In the objection, the Debtors assert nothing more than an unsupported declaration of the Plan Administrator stating, inaccurately, and under an "***upon information and belief***" allegation, that Mr. Raines "never acted in [the capacity as the Debtor's Chief Trust Officer." This follows a prior objection where the Debtors also incorrectly alleged that upon review of the Debtors' Books and Records, the Debtors have no information about this claimant, any amount owed to this claimant, or any reason to know who this claimant is." Like the prior objection, this factual assertion that Mr. Raines did not work in his Trust Officer capacity is not only irrelevant to the propriety of his WARN Act claim, but it is also patently false and not supported by any evidence. Thus, the initial issue becomes whether the Objection amounts to a sufficient challenge to the *prima facie* validity of the claim. Only then does the burden shift back to Claimant to prove its claim. If the Court determines that the Debtors have not met their burden, the inquiry ends, and the objection should be overruled. *See e.g., In re Nussman*, 501 B.R. 297, 301 (Bank. E.D. N.C. 2013). The Plan Administrator simply has not

met his burden.

In this latest Objection, the Plan Administrator does not assert any legal argument as a basis for its Objection to Mr. Raines' claim. For this reason alone, the Objection should fail.

Moreover, as a factual matter, the Plan Administrator arguments regarding the capacity in which Mr. Raines was employed does nothing to undercut his qualification for WARN Act protection as it is undisputed that Mr. Raines was employed by the Debtors at the time of the WARN Act violation. Thus, this statement is wholly irrelevant in a WARN Act analysis. Therefore, the objection should be ruled, again, on this basis alone.

Also, as a factual matter, the Plan Administrator wholly admits that Mr. Raines was "laid-off from the Debtors as a result of a reduction in force and signed a severance agreement … which did not specifically list the WARN Act." Despite this admission – that Mr. Raines did not waive any WARN Act rights, the Plan Administrator now claims, without any explanation that, that Debtors' counsel "explained" to Mr. Raines should not be counted as an employee for triggering the WARN Act. It does not appear that the Plan Administrator is actually asserting that Mr. Raines waived the WARN Act claim, or is adopting Debtors' counsel's claim that Mr. Raines should not be counted as an employee for triggering the WARN Act. To be clear, these statements appear to be background information only, offered up to be red herrings to the actual validity of Mr. Raines' claim. Thus, as having asserted no basis for why Mr. Raines should not be counted as an employee under the WARN Act or how the claim could be waived under these circumstances, the Plan Administrator objection should fail to the extent the objection is construed as making these arguments.

Without actually asserting any objection to Mr. Raines' claim, the Plan Administrator attempts to quantify and reduce Mr. Raines claim by asserting his "understanding" that Mr. Raines was entitled to only 27.5 days' notice of pay and that his severance of 30 days was actually overpayment on account of Mr. Raines' WARN Act claim. The Plan Administrator again does not set forth any legal authority (only the "Plan Administrator's understanding") to support that Mr. Raines is only entitled to 27.5 days' notice and does not evidence that Mr. Raines' severance payment should be counted toward a future-arising claim that he never waived or that the entirety of any severance payment should be allocated to such an unknown claim. *See Manti Holdings, LLC v. Authentix Acquisition Co.*, 261 A.3d 1199, 1211 (Del. 2021) ("The contractual waiver of a statutory right must be clear to be enforceable."). Having failed to assert any legal authority for such extraordinary positions, the Objection should fail on these bases, because the Plan Administrator has not asserted any legal basis for objecting to the claim.

## CONCLUSION AND PRAYER

In summary, the Debtors have not carried their burden in objecting to claim number 358. Accordingly, the Debtors' objection to claim number 358 should be overruled.

March 27, 2024

By: __/s William Raines__
William Raines

Case 20-10161-KJS Doc 771 Filed 04/03/24 Page 3 of 3

**PRIORITY MAIL EXPRESS**
FLAT RATE ENVELOPE
ANY WEIGHT

PS10001000006
EP13F July 2022
OD: 12 1/2 x 9 1/2

**UNITED STATES POSTAL SERVICE** | **PRIORITY MAIL EXPRESS**

FOR DOMESTIC AND INTERNATIONAL USE
PLACE MAILING LABEL HERE

U.S. POSTAGE IMI
$34.10
R2305H129720
EXFL
Orig: 33912   RDC 07
Dest: 19801
03/29/24   8W
2000144308   02

EI 956 914 057 US

USPS CPU
AVR-X

FROM: (PLEASE PRINT)   PHONE ( 312-456-0056 )
Wm. Raines
208 W. Washington St. Apt 1408
Chicago ILL 60606

TO: (PLEASE PRINT)   PHONE ( )
U.S. Bankruptcy Court
for the Dist. of Delaware
824 N. Market St.
Wilmington Delaware
19801

ORIGIN (POSTAL SERVICE USE ONLY)
PO ZIP Code: 33912
Date Accepted (MM/DD/YY): 3-29-24
Time Accepted: 3:10 PM
Scheduled Delivery Date: 4-1-24
Postage: $30.45
Insurance Fee: 
Return Receipt Fee: $3.65
Total Postage & Fees: $34.10

LABEL 11-B, NOVEMBER 2023   PSN 7690-02-000-9996