**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Prime Core Technologies Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No: 23-11161 (JKS)<br><br>(Jointly Administered)<br><br>Hr'g Date: February 14, 2025 at 10:00 a.m. ET<br>Re: Docket No. 919 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
TRUSTTOKEN, INC. AND TRUECOIN, LLC TO PLAN ADMINISTRATOR'S
MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE PLAN
ADMINISTRATOR'S DETERMINATION THAT THE DEBTORS' ASSETS ARE
PROPERTY OF THE BANKRUPTCY ESTATES; (II) APPROVING DISTRIBUTIONS
OF ESTATE PROPERTY; (III) ESTABLISHING PROCEDURES FOR SETTING A
<u>DISPUTED CLAIMS RESERVE; AND (IV) GRANTING RELATED RELIEF</u>**

TrustToken, Inc. ("TrustToken") and TrueCoin, LLC ("TrueCoin"), by and through their undersigned counsel, hereby file this limited objection and reservation of rights (the "Limited Objection") to the Plan Administrator's January 15, 2025 Motion for Entry of an Order (I) Approving the Plan Administrator's Determination that the Debtors' Assets are Property of the Bankruptcy Estates; (II) Approving Distributions of Estate Property; (III) Establishing Procedures for Setting a Disputed Claims Reserve; and (IV) Granting Related Relief [ECF No. 919] (the "Cryptocurrency Motion"), and hereby respectfully state as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each debtor's federal tax identification number, are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, Nevada 89135.

{02086971;v1 }    1

## BACKGROUND

1. In 2019, TrueCoin entered into a series of escrow services agreements ("Escrow Agreements") with Prime Trust to facilitate TrueCoin's business with its customers. Pursuant to the Escrow Agreements, Prime Trust was designated as the "Escrow Agent" for TrueCoin customers' fiat currency to effectuate stablecoin token transactions. The Escrow Services Agreements further provided that Prime Trust held funds "for the benefit of holders" and that "no amounts" remitted to the account shall become property of Prime Trust.

2. TrueCoin ultimately facilitated the deposit of millions of dollars of its customers' foreign fiat currency (hereinafter, the "Foreign Currency") with Prime Trust, as Escrow Agent. TrueCoin also facilitated the deposit of its customers United States fiat currency (hereinafter, the "USD Currency") with Prime Trust, as Escrow Agent.

3. On October 20, 2023, TrueCoin filed its proof of claim against Prime Trust seeking at least $8,931,759.98 with respect to fiat currency deposited into seven TrueCoin escrow accounts under the Escrow Agreements.

4. In 2018, TrustToken and Prime Trust entered into a *Self-Directed Custodial Account Agreement* (the "Custodial Agreement") to take custody of Archblock's corporate funds in custodial accounts (the "Custodial Accounts").

5. On October 20, 2023, TrustToken filed a proof of claim against Prime Trust seeking at least $4,931.08 with respect to securities, cash, and other assets custodied into four TrustToken Custodial Accounts with Prime Trust.

**Debtor's Section 363 Motion to Convert TrueCoin Foreign Currency**

6. On November 13, 2023, the Debtors filed their *Motion for Entry of an Order Authorizing the Debtors to Sell Certain Foreign Currency Free and Clear of All Liens, Claims,*

*Interests, and Encumbrances Pursuant to Bankruptcy Code Section 363* [ECF No. 413] (the "363 Motion").

7. Pursuant to the 363 Motion, the Debtors sought Court authorization to sell the Foreign Currency free and clear of any liens, claims, interests, and encumbrances and converting the funds into United States dollars (USD) to be designated as bankruptcy estate property.

8. On November 27, 2023, TrueCoin and TrustToken filed their objection to the 363 Motion [ECF. No. 462], which is incorporated herein by reference. Among other things, the objection explained that the 363 Motion is premised upon a mistaken belief that the Foreign Currency was deposited with Prime Trust by **TrustToken**, pursuant to the TrustToken Custodial Agreement that was purportedly updated in 2022. However, as explained in greater detail in the Objection, the Foreign Currency was deposited by **TrueCoin** into Escrow Accounts governed by the Escrow Agreements which, by their own terms, state that the Foreign Currency is being held "for the benefit of" TrueCoin customers and "no amounts deposited into the Escrow Account shall become the property of . . . Prime Trust." Accordingly, such funds cannot be considered property of the bankruptcy estate.

**The Cryptocurrency Motion**

9. On January 15, 2025, the Plan Administrator filed the Cryptocurrency Motion [ECF No. 919] arguing that cryptocurrency and USD held by Debtors is property of the Debtors' estates and seeking approval to distribute bankruptcy estate property.

10. The Cryptocurrency Motion carves out any determination with respect to TrustToken and TrueCoin. Footnote 2 of the Cryptocurrency Motion states that "foreign currencies are not included and are not the subject of this Motion." Footnote 2 further confirms that the 363 Motion was filed on November 13, 2023, that the 363 Motion and related objections remain pending, and that "the Plan Administrator will seek a resolution regarding distribution of

the Foreign Currency through the litigation of the [363] Motion and/or a separately commenced adversary proceeding."[2]

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

11. Because it appears that TrueCoin and TrustToken are specifically carved out of the Cryptocurrency Motion, they are not specifically objecting to the motion at this time.

12. However, if it is determined that any of TrueCoin's or TrustToken's assets held by Prime Trust are subject to the Cryptocurrency Motion, TrueCoin and TrustToken object to the Cryptocurrency Motion for the reasons set forth in their objection to the 363 Motion, as well as all related filings by TrueCoin and TrustToken concerning the 363 Motion. [ECF Nos. 462, 596] TrueCoin and TrustToken would also join in the arguments raised by other individuals or entities in their response or objection to the Cryptocurrency Motion that may be applicable to TrueCoin or TrustToken, as if fully set forth herein.

13. TrueCoin and TrustToken reserve their rights to amend, supplement, or modify this limited objection and to appear and be heard at any hearing to consider the Cryptocurrency Motion.

---

[2] Footnote 2 of the Cryptocurrency Motion mistakenly references Docket Nos. 460 and 461 as the objections to the 363 Motion. Cryptocurrency Motion at 1. However, whereas docket No. 460 correctly refers to the objection filed by the Bittrex Plan Administrator, Docket No. 461 is the notice of appearance filed by counsel to TrueCoin and TrustToken. TrueCoin and TrustToken's objection to the 363 Motion was filed at Docket Entry No. 462. TrueCoin and TrustToken object to the Cryptocurrency Motion to the extent that the Plan Administrator's error, which appears to have been inadvertent, may be interpreted to make TrustToken or TrueCoin subject to the Cryptocurrency Motion or otherwise affect their rights.

{02086971;v1 }    4

Dated: February 5, 2025
       Wilmington, Delaware

ASHBY & GEDDES, PA

*/s/ Gregory A. Taylor*
Gregory A. Taylor (DE Bar No. 4008)
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19899
Telephone: (302) 504-3710
Facsimile: (302) 654-2067
gtaylor@ashbygeddes.com

    -and-

WOLLMUTH MAHER & DEUTSCH LLP
Fletcher W. Strong (*pro hac vice*)
Nicole M. Clark (*pro hac vice* forthcoming)
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
fsrong@wmd-law.com
nclark@wmd-law.com

*Attorneys for TrueCoin, LLC and TrustToken, Inc.*