## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| PRIME CORE TECHNOLOGIES INC., *et al*,[1] | Case No. 23-11161 (JKS) |
| Debtors. | (Jointly Administered) |

## SUPPLEMENTAL DECLARATION OF DAVID DUNN
## IN SUPPORT OF THE PLAN ADMINISTRATOR'S DISTRIBUTION
## MOTION AND ESTATE PROPERTY DETERMINATION

Under 28 U.S.C. § 1746, I, David Dunn, hereby declare under penalty of perjury:

1.      I am a Principal of Province Fiduciary Services, LLC, the plan administrator

(the "Plan Administrator") for Prime Core Technologies, Inc. and its affiliate debtors (collectively,

the "Debtors") in the above-captioned Chapter 11 Cases.

### a.   The Estate Property Determination Notice and Distribution Motion.

2.      Pursuant to Article 2.5(b)(iii) of the confirmed Plan, on January 15, 2025,

the Plan Administrator filed: (a) the *Plan Administrator's Estate Property Determination Notice*

[Docket No. 918] (the "Estate Property Determination Notice"); and (b) the *Plan Administrator's*

*Motion For Entry of an Order (I) Approving the Plan Administrator's Determination that the*

*Debtors' Assets are Property Of The Bankruptcy Estates; (II) Approving Distributions Of Estate*

*Property; (III) Establishing Procedures For Setting A Disputed Claims Reserve; and (IV)*

*Granting Related Relief* [Docket No. 919] (the "Distribution Motion").[2]

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8346); and Prime Digital, LLC (4528). The Debtors' mailing address is Prime Core Technologies, Inc. Plan Administrator, c/o Province Fiduciary Services, LLC, 2360 Corporate Circle, Suite 340, Henderson, Nevada 89074.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Distribution Motion.

3.      On the same date, I submitted the *Declaration of David Dunn in Support of Plan Administrator's Motion For Entry of an Order (I) Approving the Plan Administrator's Determination that the Debtors' Assets are Property of the Bankruptcy Estates; (II) Approving Distributions of Estate Property; (III) Establishing Procedures For Setting a Disputed Claims Reserve; and (IV) Granting Related Relief* [Docket No. 920] (the "Declaration").

4.      On January 15 and 16, 2025, Stretto, the claims and noticing agent appointed in these Chapter 11 Cases, served the Estate Property Determination Notice, the Distribution Motion and supporting declarations [Docket Nos. 918, 919, 920 and 922], by either first class mail or electronic service, on 46,097 creditors or parties requesting notice of service in these Chapter 11 Cases.  See *Affidavit of Service* [Docket No. 924].

5.      In addition, the Estate Property Determination Notice was also posted on the Wind-Down Trust website, https://primetrustwinddown.com, and emailed by the Plan Administrator to Integrator contacts.

6.      Pursuant to Article 2.5(b)(iii) of the confirmed Plan, the Estate Property Determination Notice provides notice to the Debtors' former customers that the Plan Administrator on behalf of the Wind-Down Debtor determined that Currency[3] held in an Account constitutes property of the Debtors' estates.  The Estate Property Determination Notice further provides that to the extent a customer disagrees with the Estate Property Determination Notice, such customer shall file an objection (an "Estate Property Determination Objection") with the Bankruptcy Court and serve such Estate Property Determination Objection on the Wind-Down Debtor no later than

---

[3] As defined in the Distribution Motion, "Cryptocurrency" is defined as a digital currency or crypto asset in which transactions are verified and records maintained by a decentralized system using cryptography, rather than by a centralized authority, including stablecoins, digital coins and tokens, such as security tokens, utility tokens, and governance tokens.  Further, "Currency" is defined as (i) Cryptocurrency and (ii) the USD (United States Dollar).

the date that is twenty-one (21) days following the filing of the applicable Estate Property Determination Notice by the Wind-Down Debtor.

7. Because the Plan Administrator had received several informal objections to the forthcoming estate property determination prior to filing the Estate Property Determination Notice and Distribution Motion, and because the Plan Administrator desires to efficiently effectuate distributions to the victims of the Debtors' mismanagement and incompetence, the Plan Administrator and scheduled the hearing on the Estate Property Determination Notice and Distribution Motion for Friday, February 14, 2025, with an objection deadline of February 5, 2025. The February 5, 2025 objection deadline is twenty-one (21) days after the filing of the Estate Property Determination Notice and Distribution Motion, while February 14, 2025 is thirty (30) days after the filing date.

8. As noted in the Estate Property Determination Notice and Distribution Motion, after an extensive investigation, and in accordance with Article 2.5(b)(iii) of the Plan, the Plan Administrator determined that Currency held in the Debtors' accounts (that have been subsequently transferred to the Wind-Down Debtor) is property of the Debtors' estates. A full description of the Plan Administrator's investigation that resulted in its determination that such Currency is estate property is set forth in the Distribution Motion and supporting declarations, including my initial Declaration.

9. The Plan Administrator has received several formal and informal comments and objections to the Distribution Motion, as well as a request of a non-creditor to file an *amicus* brief.

10. The Plan Administrator has been able to consensually resolve the majority of informal comments and objections to the Distribution Motion and, as of the filing of this

Supplemental Declaration, I believe less than five (5) objections remain outstanding.

**b.**     **The Confirmed Plan and Account Treatment Procedures.**

11.     On December 14, 2023, the Debtors filed the Plan, which was confirmed on December 21, 2023 with the entry of the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Amended Chapter 11 Plan of Reorganization of Prime Core Technologies Inc. and its Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 644] (the "Confirmation Order"). The Plan became effective on January 5, 2024 (the "Effective Date"). See Docket No. 694.

12.     Article 2.5(b)(iii) of the Plan, entitled "Account Treatment Procedures," applies to the Estate Property Determination Notice before the Court. The Account Treatment Procedures filed by the Debtors with their confirmation brief on December 12, 2023 [Docket No. 557], and referenced in several objections to the Distribution Motion, were not the final "Account Treatment Procedures" approved by the Court as part of the confirmed Plan. Accordingly, I believe an objection's reliance on the draft Account Treatment Procedures filed with the Debtors' confirmation brief at Docket No. 557 is misplaced because the Estate Property Determination Notice is governed by the Account Treatment Procedures of Article 2.5(b)(iii) of the ultimately confirmed Plan. If the operative Account Treatment Procedures included a meet and confer or adversary proceeding requirement with respect to each individual customer creditor, substantially all of the Debtors' estates' value would be lost and it would likely take an additional year or more for distributions, if any, to be made.

**c.**     **The Plan Administrator's Post-Effective Date Efforts.**

13.     Since the Plan's Effective Date, the Plan Administrator, subject to the oversight of the Wind-Down Debtor Oversight Committee, has carefully and diligently evaluated

and exercised its fiduciary duties, including with respect to the Estate Property Determination Notice and Distribution Motion.

14.     Indeed, not only has the Plan Administrator engaged numerous professionals, including four (4) law firms, forensic accounting experts, accountants and Stretto as the claims and noticing agent to assist and aid the Plan Administrator with its analysis of the Account Treatment Issues, culminating in the Estate Property Determination Notice and Distribution Motion, the Plan Administrator and its professionals have also been effectively and efficiently handling other administrative tasks, a claims reconciliation process, government investigations, and extensive review, analysis and investigation of estate claims and causes of action.  The Plan Administrator and its professionals have performed a nearly exhaustive review, analysis and investigation of the facts and issues raised by the Estate Property Determination Notice and Distribution Motion, including but not limited to: the nature, extent and enforceability of the Debtors' contractual and non-contractual relationship with its customers; the applicability of Article 8 of the Uniform Commercial Code to certain of the alleged customer agreements and issues before the Court; the willful and knowing failure of the Debtors to segregate customer Cryptocurrency and other cash currency in separate and segregated accounts for the benefit of the Debtors' customers; the false and misleading recording of alleged deposits and withdrawals to and from customer line items in the Debtors' internal ledger; the willful and wanton commingling of Debtor assets with customer deposits; and the willful and wanton use of commingled assets without the knowledge or consent of the Debtors' customers.  The objections to the Estate Property Determination Notice and Distribution Motion largely raise issues considered by the Plan Administrator and its counsel during its estate property determination investigation, but such positions were rejected in light of the facts and circumstances of these Chapter 11 Cases.

WBD (US) 4901-9377-0009

15.     The Plan Administrator took its obligations related to the estate property determination seriously and committed extensive resources to researching and analyzing the facts and case law related to its determination. The Plan Administrator evaluated a multitude of potential paths forward to making distributions to Holders of Allowed Claims and believes that a determination that Currency is estate property subject to *pro rata* distribution to all allowed creditors is the correct conclusion under the law and facts of these Chapter 11 Cases, as well as maximizes value for estate creditors as a whole, promotes the equitable treatment of creditors and will result in a distribution to Holders of Allowed Claims in the most efficient manner.

*[Signature page follows]*

I declare under penalty of perjury that the foregoing is true and correct.


Dated: February 11, 2025

/s/  David Dunn
David Dunn, Principal
Province Fiduciary Services, LLC
Solely in its capacity as Plan Administrator
for Prime Core Technologies, Inc. and its
affiliate debtors